UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Richmond Division)

| | |
|---|---|
| CAMBRIDGE RETIREMENT SYSTEM, On Behalf of Itself and All Others Similarly Situated,<br><br>               Plaintiff,<br><br>  vs.<br><br>JELD-WEN HOLDING, INC., et al.,<br><br>               Defendants. | Civil Action No. 3:20-cv-00112-JAG<br><br>CLASS ACTION |

MEMORANDUM OF LAW IN SUPPORT OF PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

      Proposed lead plaintiff, Plumbers and Pipefitters National Pension Fund (the "Pension Fund"), respectfully submits this memorandum of law in support of its motion for: (1) appointment as Lead Plaintiff in this action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (2) approval of its selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.  As shown herein, the motion should be granted.

      The PSLRA provides that within 90 days after publication of the statutory notice, the Court "shall consider any motion made by a purported class member" and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, the Pension Fund should be appointed as lead plaintiff because it: (1) timely filed its motion; (2)

has the largest financial interest in this litigation of any proposed lead plaintiff of which it is aware; and (3) will fairly and adequately represent the interests of the class.

## I. STATEMENT OF THE CASE

The above-captioned securities fraud class action was filed on behalf of all persons or entities that purchased or otherwise acquired shares of JELD-WEN Holding, Inc. ("JELD-WEN" or the "Company") common stock between January 26, 2017 and October 15, 2018 (the "Class Period"). This action was brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5. The threshold issue now before the Court is the appointment of lead plaintiff and approval of selection of counsel.

## II. SUMMARY OF THE COMPLAINT (STATEMENT OF FACTS)

JELD-WEN is one of the world's largest door and window manufacturers. JELD-WEN's highest volume products include molded interior doors, which are made from two composite molded door skins joined by a wooden frame and filled with core materials. Door skins are the principal component of interior molded doors, accounting for up to 70% of the cost to manufacture a molded door. The Company's common stock trades on the New York Stock Exchange under the ticker symbol JELD.

The complaint alleges that during the Class Period, JELD-WEN, certain of its officers, and Onex Corporation and its affiliated funds ("Onex"), made false statements and/or failed to disclose adverse information regarding JELD-WEN's business and operations, including that JELD-WEN was engaged in a scheme to fix the prices of interior molded doors and door skins with one of its major competitors, Masonite Corporation. *See* ECF No. 1 at ¶10. According to the complaint, throughout the Class Period, JELD-WEN stated that its products, including doors, competed against those of other manufacturers based on price and described the market in which the

- 3 -

Company sells its doors as "highly competitive." *Id*. The Company also repeatedly attributed its strong margins and anticipated margin growth to legitimate business factors, such as "strategic pricing decisions" and an increased emphasis on "pricing optimization." *Id*. These and similar statements made by defendants during the Class Period were false and misleading because defendants knew that JELD-WEN was engaged in a price-fixing conspiracy to artificially increase or maintain prices of interior molded doors. As a result of defendants' misrepresentations, shares of JELD-WEN's common stock traded at artificially inflated prices of more than $42 per share during the Class Period.

On February 15, 2018, a jury in a lawsuit brought by one of JELD-WEN's customers, Steves and Sons, Inc., found that JELD-WEN violated federal antitrust laws by conspiring with Masonite to manipulate the price of door skins and awarded Steves over $58 million in damages, which, when trebled, totaled approximately $174 million. *Id*. at ¶43. However, defendants continued to conceal the true extent of JELD-WEN's misconduct and the financial impact it was having on the Company's business, including by continuing to assure investors that it participated in a highly competitive market.

Then, on August 7, 2018, J.P. Morgan slashed estimates for JELD-WEN's earnings in 2018 and 2019 and lowered its price target for JELD-WEN's stock based, in part, on liability from the "ongoing Steves and Sons litigation." *Id*. at ¶46. On this news, the price of JELD-WEN stock declined approximately 10%.

Months later, on October 5, 2018, the court in the *Steves* litigation ruled that, as part of the resolution of the case, JELD-WEN would be required to divest one of its door skin manufacturing facilities. This disclosure caused several securities analysts to downgrade JELD-WEN stock over the following trading days. On this news, the price of JELD-WEN stock declined nearly 5%.

Then, on October 15, 2018, JELD-WEN announced it would take a $76.5 million charge related to the *Steves* litigation. That same day, the Company announced the sudden resignation of its CFO, defendant L. Brooks Mallard. On this news, the price of JELD-WEN stock declined approximately 19%.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of JELD-WEN common stock, the Pension Fund and other class members have suffered significant losses and damages.

### III.   ARGUMENT

#### A.   The Pension Fund Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *Knurr v. Orbital ATK, Inc.*, 220 F. Supp. 3d 653, 657 (E.D. Va. 2016) (explaining procedure). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Knurr*, 220 F. Supp. 3d at 657. The Pension Fund satisfies these criteria and should therefore be appointed as Lead Plaintiff.

### 1. The Pension Fund Timely Moved for Appointment

The February 19, 2020 notice published in connection with the filing of the complaint in this case advised class members of the pendency of the action, the claims asserted, the relevant time period, and the right to move the Court for appointment as lead plaintiff by April 20, 2020. *See* Declaration of Michael G. Phelan in Support of Plumbers and Pipefitters National Pension Fund's Motion for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel ("Phelan Decl."), Ex. A. Because this motion is being timely filed by the statutory deadline, the Pension Fund is entitled to be considered for appointment as lead plaintiff.

### 2. The Pension Fund Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Pension Fund purchased 142,705 shares of JELD-WEN common stock and suffered almost $1 million in losses due to defendants' alleged misconduct. *See* Phelan Decl., Exs. B, C.[1] To the best of its counsel's knowledge, no other plaintiff claims a larger financial interest than the Pension Fund. Therefore, the Pension Fund satisfies the PSLRA's "largest financial interest" requirement.

### 3. The Pension Fund Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage, the Rule 23 inquiry considers "whether (i) the proposed lead plaintiff's '"claims and defenses . . . are typical of the claims or defenses of the class' and (ii) whether the movant 'will fairly and adequately protect the interests of the class.""" *Knurr*, 220 F. Supp. 3d at 658 (citation omitted).

---

[1] The Pension Fund's losses of $959,520.41 are the same under both the last-in, first-out and first in, first out accounting methodologies.

"'[Typicality] is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted).  The Pension Fund's claims are typical of the class asserted by the named plaintiff because it seeks to represent the same putative class and allege the same claims against the same defendants.  Just like all other class members, the Pension Fund: (1) purchased JELD-WEN common stock during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages thereby.  Therefore, the Pension Fund is typical of the putative class.

"[W]ith respect to 'adequacy,' a person may be an adequate representative of the class where that person (i) does not have interests that are adverse to the interests of the class, (ii) has retained competent counsel, and (iii) is otherwise competent to serve as class representative." *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 435-36 (E.D. Va. 2000) (citation omitted).  The Pension Fund is adequate because its interests are aligned with the putative class and there is no evidence of any antagonism between the Pension Fund's interests and the class's interests.  The Pension Fund's substantial loss provides the requisite interest to ensure vigorous advocacy.  In addition, as shown below, the Pension Fund has retained competent and experienced counsel to prosecute these claims.

Founded in 1968, the Pension Fund is an Alexandria, Virginia-based multiemployer plan that manages the pension assets for its participants and their families.  The Pension Fund is one of the nation's largest Taft-Hartley funds with more than $6 billion in assets under management overseen for the benefit approximately 150,000 participants.[2]  The Pension Fund is a sophisticated and experienced institutional investor that is ready, willing, and able to fulfill its lead plaintiff

---

[2] The Pension Fund's website, https://www.ppnpf.org/, contains additional information about its management, history, and policies.

duties. *See, e.g.*, *Luna v. Marvell Tech. Grp.*, 2018 WL 1900150, at *4 (N.D. Cal. Apr. 20, 2018) (Pension Fund obtaining final approval of $72.5 million settlement as lead plaintiff in PSLRA case). The Pension Fund is precisely the type of institutional investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001).

The Pension Fund has made the *prima facie* showing of typicality and adequacy under Rule 23 for the purposes of this motion.

  **B.**  **The Pension Fund's Selection of Lead Counsel Should Be Approved**

Pursuant to the PSLRA, the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class. 15 U.S.C. §78u-4(a)(3)(B)(v).

The Pension Fund has selected Robbins Geller, a 200-attorney firm with offices nationwide that regularly represents clients in complex class action litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[3] District courts throughout the nation have noted Robbins Geller's reputation for excellence, including Judge T.S. Ellis, who recognized Robbins Geller's "long record of success in these types of cases." *Knurr*, 220 F. Supp. 3d at 663; *see also, e.g. In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, Transcript at 55 (S.D.N.Y. Jan. 21, 2020)

---

[3] For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com/. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

(concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous.").

On June 7, 2019, the Honorable T.S. Ellis III granted final approval of a $108 million settlement in *Knurr*.  *Knurr v. Orbital ATK, Inc*, 2019 WL 3317976, at *1 (E.D. Va. June 7, 2019). Believed to be the fourth-largest securities class action settlement ever in the Eastern District of Virginia, the settlement provides a recovery for investors that is more than 10 times larger than the reported median recovery of estimated damages for all securities class action settlements in 2018. Notably, in the first few months of 2020 alone, Robbins Geller has recovered more than $2.5 billion on behalf of investors in securities class action cases, including $1.02 billion *in Am. Realty*, $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig*., No. 3:15-cv-07658-MAS-LHG (D.N.J.) (pending final approval), and $350 million in *Smilovits v. First Solar, Inc.*, No. No. 2:12-cv-00555-DGC (D. Ariz.) (pending final approval).

The Pension Fund notes that the counsel proposed to lead this case has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[4]  Thus, the Court can be assured that by approving the Pension Fund's choice of Robbins Geller as lead counsel the putative class will receive the highest caliber of representation.

---

[4]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc*., No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class

## IV.     CONCLUSION

The Pension Fund has satisfied each of the PSLRA's criteria for appointment as lead plaintiff and approval of its selection of counsel.  Accordingly, the Pension Fund respectfully requests that the Court grant its motion.

| | |
|---|---|
| DATED:  April, 20, 2020 | Respectfully submitted, |

PHELAN PETTY PLC
MICHAEL G. PHELAN (VSB No. 29725)
JONATHAN M. PETTY (VSB No. 43100)
BRIELLE M. HUNT (VSB No. 87652)


*/s/ Brielle M. Hunt*
BRIELLE M. HUNT

6641 West Broad Street, Suite 406
Richmond, VA  23230
Telephone:  804/980-7100
804/767-4601 (fax)
mphelan@phelanpetty.com
jpetty@phelanpetty.com
bhunt@phelanpetty.com

Local Counsel for [Proposed] Lead Plaintiff

ROBBINS GELLER RUDMAN
  & DOWD LLP
JACK REISE
SABRINA E. TIRABASSI
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
jreise@rgrdlaw.com
stirabassi@rgrdlaw.com

---

action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

ROBBINS GELLER RUDMAN
  &amp; DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

O'DONOGHUE &amp; O'DONOGHUE LLP
LOUIS P. MALONE III
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC 20015
Telephone: 202/362-0041
202/362-2640 (fax)
lmalone@odonoghuelaw.com

Additional Counsel for [Proposed] Lead Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of April 2020, I filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ Brielle M. Hunt*
Michael G. Phelan (VSB No. 29725)
Jonathan M. Petty (VSB No. 43100)
Brielle M. Hunt (VSB No. 87652)
PHELAN PETTY PLC
6641 West Broad Street, Suite 406
Richmond, VA 23230
Telephone: 804-980-7100
Fax: 804-767-4601
mphelan@phelanpetty.com
jpetty@phelanpetty.com
bhunt@phelanpetty.com

4836-5184-1210.v1