**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| IN RE JELD-WEN HOLDING, INC. SECURITIES LITIGATION | No. 3:20-cv-00112-JAG |

**MEMORANDUM IN SUPPORT OF THE ONEX DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT**

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
Peter L. Simmons (*pro hac vice*)
Michael Keats (*pro hac vice*)
Corey F. Baron (NY Bar only)
One New York Plaza
New York, New York 10004-1980
Telephone: (212) 859-8000
Facsimile:  (212) 859-4000
peter.simmons@friedfrank.com
michael.keats@friedfrank.com
corey.baron@friedfrank.com

CHRISTIAN & BARTON LLP
Warren David Harless (VSB #20816)
Roman Lifson (VSB #43714)
Shannan M. Fitzgerald (VSB #90712)
909 E Main St.
Suite 1200
Richmond, VA 23219
Telephone: (804) 697-4100
Facsimile:  (804) 697-6158
wharless@cblaw.com
rlifson@cblaw.com
sfitzgerald@cblaw.com

*Attorneys for Defendants Onex Corporation,
Onex Partners Manager LP, Onex Partners
III LP, Onex Partners III GP LP, Onex US
Principals LP, Onex Partners III PV LP,
Onex Partners III Select LP, Onex BP Co-
Invest LP, Onex Advisor Subco III LLC,
Onex American Holdings II LLC, OAH Wind
LLC, BP EI LLC, and BP EI II LLC.*

TABLE OF CONTENTS

Table of Authorities ................................................................................................................ ii

Preliminary Statement ...........................................................................................................1

Factual Background ...............................................................................................................2

Argument ................................................................................................................................4

The Complaint Fails to Plead Section 20(a) Control PERSON Liability against the Onex
Defendants ..............................................................................................................................4

      A.      The Complaint Fails to Allege a Primary Violation by Jeld-Wen..........................4

      B.      The Complaint Fails to Allege that Any Onex Defendant Exercised the
              Requisite Control over Jeld-Wen and its Alleged Misstatements .........................4

            1.      "Control" Is a Two-Part Requirement ......................................................4

            2.      The Complaint Fails to Make a Prima Facie Showing That The
                  Onex Defendants Controlled Jeld-Wen's Specific Polices
                  Concerning The Challenged Statements...................................................6

Conclusion ...........................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*ACA Fin. Guar. Corp. v. City of Buena Vista*,
   917 F.3d 206 (4th Cir. 2019) ........................................................................................8

*Aldridge v. A.T. Cross Corp.*,
   284 F.3d 72 (1st Cir. 2002)..........................................................................................5

*Amalgamated Bank v. Maximus, Inc.*,
   771 F. App'x 238 (4th Cir. 2019) .................................................................................4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................6, 7

*Bell Atlantic v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................6, 7

*Carlton v. Cannon*,
   2016 WL 3959164 (S.D. Tex. July 22, 2016)...............................................................9

*Carpenter v. Harris, Upham & Co.*,
   594 F.2d 388 (4th Cir. 1979) ........................................................................................5

*Copland v. Grumet*,
   1998 WL 256654 (D.N.J. Jan. 9, 1998)........................................................................8

*Grupo Verzatec S.A. de C.V. v. RFE Inv. Partners*,
   2019 WL 1437617 (S.D.N.Y. Mar. 29, 2019) ..............................................................5

*In re BearingPoint, Inc. Sec. Litig.*,
   525 F. Supp. 2d 759 (E.D. Va. 2007)............................................................................5

*In re Dig. Island Sec. Litig.*,
   223 F. Supp. 2d 546 (D. Del. 2002) .............................................................................7

*In re Homestore.com Sec. Litig.*,
   347 F. Supp. 2d 790 (C.D. Cal. 2004)..........................................................................7

*In re Mills Corp. Sec. Litig.*,
   257 F.R.D. 101 (E.D. Va. 2009) ...................................................................................6

*Janus Capital Grp., Inc. v. First Derivative Traders*,
   564 U.S. 135 (2011) ......................................................................................................4

*Matrix Capital Mgmt. Fund, L.P. v. BearingPoint, Inc.*,
   576 F.3d 172 (4th Cir. 2009) .....................................................................................4, 6

*McCleary-Evans v. Md. DOT*,
   780 F.3d 582 (4th Cir. 2015) ........................................................................................7

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) ......................................................................................................2

*Wiggins v. Janus Capital Grp., Inc. (In re Mut. Funds Inv. Litig.)*,
   566 F.3d 111 (4th Cir. 2009) ............................................................................4, 5, 6, 8

*Zurich Capital Markets Inc. v. Coglianese*,
   2005 WL 1950653 (N.D. Ill. Aug. 12, 2005) ...............................................................9

**Statutes**

15 U.S.C. § 78t(a) .............................................................................................................1

**Rules**

Federal Rule of Civil Procedure 8 .....................................................................................6

## PRELIMINARY STATEMENT

The Onex Defendants[1] are management entities and investment funds affiliated with Onex Corporation, an investment manager and private equity firm, which collectively owned a majority of the stock of Jeld-Wen Holding, Inc. ("Jeld-Wen" or the "Company") at the time of its initial public offering (IPO) and secondary public offerings (SPOs).  Although *none* of the Onex Defendants is alleged to have made *any* of the statements alleged in the complaint to have been false or misleading—Plaintiffs admit the statements were all made by Jeld-Wen or its executives—Plaintiffs seek to hold the Onex Defendants secondarily liable for Jeld-Wen's actions based on nothing more than their ownership stake in the Company.

While the pleading burden for "control person" claims under Section 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78t(a), is more modest than for the underlying claim of securities fraud against Jeld-Wen, it requires more than just pleading ownership.  Plaintiffs allege only that the Onex Defendants held a controlling stake in Jeld-Wen due to their significant investment, and actually allege (and therefore admit) that the Onex Defendants may not even have seen the challenged Company statements until *after* they were made—when the statements were available to the entire market.

Based on nothing more than conclusory allegations of economic control, Plaintiffs seek to turn the Onex Defendants into guarantors of the accuracy of the Company's statements, even though the Exchange Act is not a strict liability statute.  Plaintiffs' threadbare allegations against the Onex Defendants do not meet the *Twombly/Iqbal* requirement of plausibly pleading that the Onex Defendants had not only a controlling economic stake in Jeld-Wen but also, as the Fourth

---

[1]    The "Onex Defendants" are Onex Corporation, Onex Partners Manager LP, Onex Partners III LP, Onex Partners III GP LP, Onex US Principals LP, Onex Partners III PV LP, Onex Partners III Select LP, Onex BP Co-Invest LP, Onex Advisor Subco III LLC, Onex American Holdings II LLC, OAH Wind LLC, BP EI LLC, and BP EI II LLC.

Circuit has mandated, the power to control the specific conduct or statements at issue. On this latter requirement, Plaintiffs offer nothing.

Thus, not only does the Complaint fail to plead, as it must, a primary violation of the Exchange Act by Jeld-Wen (*see* Jeld-Wen Br.), but it fails to plead the independent elements of control person liability against the Onex Defendants. Accordingly, the claims against the Onex Defendants should be dismissed.

### FACTUAL BACKGROUND[2]

The Onex Defendants incorporate the Factual Background in Jeld-Wen's brief, and set forth below just the additional facts pertinent to the Onex Defendants.

Onex Corporation is an investment manager that invests capital on behalf of its shareholders and fund participants. It operates multiple investment platforms, including large-cap and mid-market private equity and private credit strategies, and seeks high-quality businesses and corporate debt securities in which to put that capital to work. Ex. A at 12; Compl. ¶ 37.[3] As of January 30, 2017, at the beginning of the claimed class period (*see* Complaint at p.1), Onex Corporation managed approximately $23 billion of assets for investors who invest in various Onex-affiliated funds. Ex. A at 12. The Onex Defendants are thirteen separate Onex entities (Compl. ¶ 37) that owned Jeld-Wen stock and were sellers in the IPO and SPOs (*e.g.*, Ex. A. at 146 & n.1). Notwithstanding its 325 paragraphs spanning 88 pages, the

---

[2]    The facts are drawn from documents that can be considered on this motion, including: (i) the operative complaint [ECF No. 73] and documents referenced in it, (ii) Jeld-Wen's SEC filings, and (iii) other published, historical information of which the Court may take judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322-23 (2007). Citation to the complaint are not an endorsement of the accuracy of its allegations. Unless otherwise noted, all emphases are added and all citations are omitted.

[3]    Exhibit A is the Jeld-Wen IPO Prospectus filed with the SEC on Form 424B4 and referenced in the Complaint at ¶ 142.

2

complaint devotes only a handful of conclusory paragraphs to explaining why the Onex Defendants are named in this lawsuit.

Plaintiffs allege that by reason of their aggregate ownership of more than a majority of Jeld-Wen's stock, the Onex Defendants "had the power to control, and did control, Jeld-Wen" (Compl. ¶ 37); and that the Onex Defendants were the "controlling shareholder of Jeld-Wen." *Id.* ¶ 294. They also allege that "[b]y virtue of their voting power, ownership, rights as against Jeld-Wen and/or [unspecified] specific acts … the Onex Defendants had the power to influence and control, and did, directly or indirectly, influence and control the decision making of the Company, including the content and dissemination of the various statements which Lead Plaintiffs contend were false and misleading." *Id.* ¶ 324.

But despite this *theoretical* "power to influence and control" Jeld-Wen's public statements, Plaintiffs do not allege any facts to show that any of the Onex defendants (much less which ones) were *actually* involved in any way with any of the challenged statements. Quite the opposite, in their only attempt at specificity, Plaintiffs concede that at most, the Onex Defendants "were provided with *or had unlimited access to* the Company's internal reports, press releases, public filings, and other statements … prior to or *shortly after* these statements were issued, and had the ability to prevent the issuance of the statements or cause them to be corrected." *Id.* ¶ 324. *Accord id.* ¶ 295.

Based on these allegations of access upon request and after the fact, when the whole market had the same access, the complaint alleges that the Onex Defendants are "control persons" under Section 20(a), jointly responsible for Jeld-Wen's challenged statements. *See id.* ¶¶ 324-25.

**ARGUMENT**

**THE COMPLAINT FAILS TO PLEAD SECTION 20(A) CONTROL PERSON LIABILITY AGAINST THE ONEX DEFENDANTS**

To plead a violation of Section 20(a), Plaintiffs "must allege: (1) a predicate violation of § 10(b) and (2) control by the defendant over the primary violator." *Wiggins v. Janus Capital Grp., Inc. (In re Mut. Funds Inv. Litig.)*, 566 F.3d 111, 129-30 (4th Cir. 2009), *rev'd on other grounds sub nom. Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135 (2011). The complaint fails to satisfy either of these requirements.

**A.    The Complaint Fails to Allege a Primary Violation by Jeld-Wen**

For the reasons described in Jeld-Wen's brief, the complaint fails to allege a primary violation of the Exchange Act.  Without such a predicate violation, there is no secondary control person liability. *See Matrix Capital Mgmt. Fund, L.P. v. BearingPoint, Inc.*, 576 F.3d 172, 192 (4th Cir. 2009) (affirming dismissal of a Section 20(a) claim because "the complaint fails to withstand a Rule 12(b)(6) motion with respect to the predicate violation of § 10(b)"); *Amalgamated Bank v. Maximus, Inc.*, 771 F. App'x 238, 239 (4th Cir. 2019) (similar).

**B.    The Complaint Fails to Allege that Any Onex Defendant Exercised the Requisite Control over Jeld-Wen and its Alleged Misstatements**

Even if the complaint adequately set forth a primary violation of Section 10(b) by Jeld-Wen (which it does not), it still fails to state a claim under Section 20(a) because it fails to allege sufficiently the essential element of control.

    1.  *"Control" Is a Two-Part Requirement*

Control for Section 20(a) purposes is a term of art involving two distinct requirements. To plead the control element of a Section 20(a) claim, Plaintiffs must first "plead facts showing that the [Onex Defendants] had the power to control the general affairs of [Jeld-Wen] at the time [Jeld-Wen] violated the securities laws" and second, plead facts showing that the Onex

4

Defendants "had the requisite power to directly or indirectly control or influence the specific corporate policy which resulted in the primary liability" of Jeld Wen. *In re Mut. Funds*, 566 F.3d at 130 (internal quotations and alterations omitted).

While the Onex Defendants' aggregate economic and voting power might be sufficient to establish the first part of the control test—the ability to control the general affairs of Jeld-Wen— that fact alone does not establish the second requirement of control over the specific policy or statement resulting in the primary liability. *See Grupo Verzatec S.A. de C.V. v. RFE Inv. Partners*, 2019 WL 1437617, at *7 (S.D.N.Y. Mar. 29, 2019) ("The Court cannot 'reasonably infer' that [controlling shareholders] could exert day-to-day control of [the company] ... simply due to their status as controlling shareholders."). Indeed, "[u]nless there are facts that indicate that the controlling shareholders were actively participating in the decision making processes of the corporation, no controlling person liability can be imposed" because "controlling shareholders ... like any other shareholders ... [might] be passive, leaving the management to the directors and officers." *Aldridge v. A.T. Cross Corp.*, 284 F.3d 72, 85 (1st Cir. 2002). *Accord Grupo Verzatec*, 2019 WL 1437617 at *7 (complaint also failed to plead facts showing majority stockholder's control over the challenged misrepresentations).

The required control over "the specific corporate policy which resulted in the primary liability," *In re Mut. Funds*, 566 F.3d at 130, is essential because at the end of the day, Section 20(a) "impose[s] liability only on those who ... are in some meaningful sense culpable participants in the acts perpetrated by the controlled person." *Carpenter v. Harris, Upham & Co.*, 594 F.2d 388, 394 (4th Cir. 1979). *Accord In re BearingPoint, Inc. Sec. Litig.*, 525 F. Supp. 2d 759, 780-81 (E.D. Va. 2007) ("In order to state a claim under Section 20(a) a plaintiff must show ... that the controlling person was in some meaningful sense a culpable participant in the

primary violation."), *aff'd in relevant part, Matrix Capital Mgmt. Fund*, 576 F.3d at 192; *In re Mills Corp. Sec. Litig.*, 257 F.R.D. 101, 105 (E.D. Va. 2009) (same).

The Fourth Circuit's decision in *In re Mutual Funds* teaches that there is a shifting burden of proof under Section 20(a)—first the plaintiff must establish a prima facie case of control, and then the burden shifts to the defendant to show lack of culpable participation or knowledge. 566 F.3d at 130. But it is on that first prong—where Plaintiffs must make the prima facie showing (consistent with *Twombly/Iqbal*) of control over the specific policy or statement giving rise to the underlying liability—that the complaint here fails.

> 2.   *The Complaint Fails to Make a Prima Facie Showing That The Onex Defendants Controlled Jeld-Wen's Specific Polices Concerning The Challenged Statements*

The complaint fails to plead, as it must, sufficient factual allegations for Plaintiffs to meet their hurldle of making even a prima showing that the Onex Defendants had the power to "control or influence [Jeld-Wen's] specific corporate polic[ies]" concerning the challenged statements in SEC filings, earnings calls, press releases, and conferences. *See In re Mut. Funds*, 566 F.3d at 130.

Under *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Iqbal*, 556 U.S. at 678; *see Twombly*, 550 U.S. at 555. The plausibility requirement, while less than a probability, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. And a complaint that "pleads facts that are 'merely consistent with' a defendant's liability" fails the plausibility test. *Id.* at 679 (quoting *Twombly*, 550 U.S. at 557). Thus, even under the more forgiving Rule 8 pleading standard, "[t]hreadbare recitals of the elements of a cause of action,

6

supported by mere conclusory statements, do not suffice." *Id.* at 678; *see Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do.").

Yet that is all the complaint offers here. It includes the elements of a Section 20(a) claim and conclusory allegations of control. Compl. ¶¶ 322-24. It includes no facts showing any involvement by any of the Onex Defendants—much less all of them—in drafting, supervising or reviewing even one of Jeld-Wen's challenged statements, and certainly not all of them. Indeed, according to the Plaintiffs, Onex merely had access upon request to the statements, and may not even have seen them until after they were issued. *Id.*[4] And "[m]ere access to information cannot then sustain an allegation of a Section 20(a) violation." *In re Dig. Island Sec. Litig.*, 223 F. Supp. 2d 546, 562 (D. Del. 2002); *In re Homestore.com Sec. Litig.*, 347 F. Supp. 2d 790, 810 (C.D. Cal. 2004) (rejecting argument that access to company documents "implies control" sufficient to sustain a Section 20(a) claim).

To drive home the deficiency of Plaintiffs' complaint here, one need look no further than *In re Mutual Funds* itself, where the Fourth Circuit allowed a Section 20(a) claim to survive a motion to dismiss. But in *In re Mutual Funds*, unlike here, the complaint contained detailed factual allegations about the activities of two senior executives of Janus (Hayes and Whitson) specifically regarding the market timing issues alleged to give rise to the underlying Section 10(b) liability claim, and further referenced statements by other Janus employees, identified by

---

[4]     Some of Plaintiffs' allegations are facially speculative about the Onex Defendants' control over Jeld-Wen. For example, Plaintiffs allege that the Onex Defendants "*would have* had the ability to prevent the[] issuance" of, or to correct, Jeld-Wen's SEC filings and "*would have* been provided with copies of the statements made in SEC filings at issue in this action." Compl. ¶ 295. These allegations "leave[] open to speculation" whether the Onex Defendant's actually, as opposed to "would have" had sufficient control over Jeld-Wen to prevent the issuance of or to correct the challenged statements. *See McCleary-Evans v. Md. DOT*, 780 F.3d 582, 587-88 (4th Cir. 2015) (affirming dismissal of complaint that "relies on speculation"); *see Twombly*, 550 U.S. at 555 ("Factual allegations must be ... above the speculative level").

the New York Attorney General, and those employees also referred to Janus (the alleged control person) as making decisions regarding the market timing issues. *See* 566 F.3d at 131. By contrast, the complaint here contains nothing even close to that level of factual specificity with respect to any direct involvement by the Onex Defendants.

Because Plaintiffs' generic allegation of control "do[] nothing more than restate the legal standard for control person liability[, they] do[] not provide adequate facts to support these allegations." *Copland v. Grumet*, 1998 WL 256654, at *15 (D.N.J. Jan. 9, 1998) (rejecting allegation that "by virtue of their positions of power and influence, the [Section 20(a)] defendants controlled all aspects of [the company]'s operations, including the dissemination of information"); *see also ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 215 (4th Cir. 2019) (affirming dismissal where the complaint "is in direct conflict with *Twombly* and *Iqbal*" because its "[c]onclusory allegations ... do not contain sufficient facts to properly state a claim").[5]

Finally, Plaintiffs' reliance on a supposed duty on the part of the Onex Defendants to ensure Jeld-Wen disseminated truthful information and "to correct any previously issued statements that had become materially misleading or untrue" (Compl. ¶ 294) is a "Hail Mary" attempt to impose liability that also fails as a matter of law. "Generally, the existence of a ... duty to make sure that an underlying [statement or] transaction complies with the law is insufficient alone to prove that a party actually had the power and control over that underlying

---

[5]     Even if it were true that the Onex Defendants "directly participated in the management of the Company" (Compl. ¶ 293) and "had the power to influence and control ... the decision making of the company" (*id.* ¶ 295), these allegations still do not establish Section 20(a) liability because "[g]eneral allegations about day-to-day participation in corporate affairs are insufficient to allege the ability to control the 'specific' [statement or] transaction identified as the basis for primary liability." *Carlton v. Cannon*, 2016 WL 3959164, at *7 (S.D. Tex. July 22, 2016).

[statement or] transaction." *Zurich Capital Markets Inc. v. Coglianese*, 2005 WL 1950653, at *6 (N.D. Ill. Aug. 12, 2005) (dismissing Section 20(a) claim).  Indeed, Plaintiffs' argument is "circular" because "it is using that [duty]," applicable to persons in control, "to prove that these Defendants were in positions of power and control." *Id*. at *6 n.7.  Put differently, "Section 20(a) liability is based on the power to control, not on a duty to correct.  Even if [the Onex Defendants] had this duty, and breached it, that does not show that [they] had the ability to control [Jeld-Wen]'s statements." *Carlton*, 2016 WL 3959164, at *8.  Accordingly, Plaintiffs' "argument that these [Onex] Defendants' ... duties gave them specific control over the underlying [statements] fails." *Zurich*, 2005 WL 1950653, at *6 (N.D. Ill. Aug. 12, 2005).

9

## CONCLUSION

For the foregoing reasons, the Onex Defendants' Motion to Dismiss should be granted and the claims against the Onex Defendants should be dismissed.

Dated:      July 29, 2020

Respectfully submitted,

CHRISTIAN & BARTON LLP


By:  _____ */s/ Roman Lifson*_____
Warren David Harless (VSB #20816)
Roman Lifson (VSB #43714)
Shannan M. Fitzgerald (VSB #90712)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
wharless@cblaw.com
rlifson@cblaw.com
sfitzgerald@cblaw.com

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
Peter L. Simmons (*pro hac vice*)
Michael Keats (*pro hac vice*)
Corey F. Baron (NY Bar only)
One New York Plaza
New York, New York 10004-1980
Telephone: (212) 859-8000
Facsimile:  (212) 859-4000
peter.simmons@friedfrank.com
michael.keats@friedfrank.com
corey.baron@friedfrank.com

*Attorneys for Defendants Onex Corporation,
Onex Partners Manager LP, Onex Partners
III LP, Onex Partners III GP LP, Onex US
Principals LP, Onex Partners III PV LP,
Onex Partners III Select LP, Onex BP Co-
Invest LP, Onex Advisor Subco III LLC,
Onex American Holdings II LLC, OAH
Wind LLC, BP EI LLC, and BP EI II LLC.*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 29, 2020, I will electronically file a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the registered participants as identified on the NEF to receive electronic service.

*/s/ Roman Lifson*
Roman Lifson (VSB #43714)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia  23219
(804) 697-4164
rlifson@cblaw.com

2642859

11

12