# EXHIBIT 24

Case 3:20-cv-00112-JAG Document 79-24 Filed 07/29/20 Page 2 of 6 PageID# 1591

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

STEVES AND SONS, INC.,

    Plaintiff,

v.                         Civil Action No. 3:16-cv-545

JELD-WEN, INC.,

    Defendant.

**VERDICT FORM**

**I. ANTITRUST CLAIM**

1. As to COUNT ONE, we, the jury, find, by a preponderance of the evidence, that JELD-WEN's acquisition of CMI violated Section 7 of the Clayton Act.

Yes __✓__               No_____

If your answer is "No," do not respond to Paragraph 2. If your answer is "Yes," respond to Paragraph 2.

2. As to COUNT ONE, we, the jury, find, by a preponderance of the evidence, that JELD-WEN's violation of Section 7 of the Clayton Act caused an injury to Steves that was of the type that the antitrust laws were intended to prevent.

Yes __✓__               No_____

If your answer is "No," do not respond to Paragraph 3. If your answer is "Yes," respond to Paragraphs 3(a)-(b).

3.    (a) As to COUNT ONE, we, the jury, find, by a preponderance of the evidence, that the plaintiff is entitled to damages for antitrust injuries **already sustained** as a result of the following conduct (if none, write "0"):

(1)    JELD-WEN's overcharging Steves for doorskins (other than Madison or Monroe)

$ 8,630,567.

(2)    JELD-WEN's overcharging Steves for Madison and Monroe doorskins

$ 1,303,035 .

(3)    JELD-WEN's shipping defective doorskins to Steves and failing to reimburse Steves for those doorskins

$ 441,458 .

(4)    JELD-WEN's refusing to reimburse Steves for the cost of doors that incorporated defective doorskins

$ 1,776,813 .

(b) As to COUNT ONE, we, the jury, find, by a preponderance of the evidence, that the plaintiff is entitled to damages in the amount of $ 46,480,581 for **future lost profits**. If none, write "0."

2

## II. BREACH OF CONTRACT CLAIMS

4. As to COUNT TWO, we, the jury, find, by a preponderance of the evidence, that the defendant breached Section 6 of the Supply Agreement by overcharging Steves for doorskins (other than Madison and Monroe doorskins, which are addressed separately in Paragraphs 6 and 7 below.)

Yes ✓____          No_____

If your answer is "No," do not respond to Paragraph 5. If your answer is "Yes," respond to Paragraph 5.

5. As to COUNT TWO, we, the jury, find, by a preponderance of the evidence, that the plaintiff is entitled to damages in the amount of $ _8,630,567_ for the breach of Section 6. If none, write "0."

6. As to COUNT TWO, we, the jury, find, by a preponderance of the evidence, that the defendant breached Section 1 of the Supply Agreement by overcharging Steves for Madison and Monroe doorskins.

Yes ✓____          No_____

If your answer is "No," do not respond to Paragraph 7. If your answer is "Yes," respond to Paragraph 7.

3

7. As to COUNT TWO, we, the jury, find, by a preponderance of the evidence, that the plaintiff is entitled to damages in the amount of $ 1,303,035 for the breach of Section 1 (overcharging Steves for Madison and Monroe doorskins). If none, write "0."

8. As to COUNT TWO, we, the jury, find, by a preponderance of the evidence, that the defendant breached Section 8 of the Supply Agreement by shipping defective doorskins to Steves and by failing to reimburse Steves for those doorskins.

Yes ✓                          No_____

If your answer is "No," do not respond to Paragraph 9. If your answer is "Yes," respond to Paragraph 9.

9. As to COUNT TWO, we, the jury, find, by a preponderance of the evidence, that the plaintiff is entitled to damages in the amount of $ 441,458 for the breach of Section 8 (failing to reimburse Steves for defective doorskins). If none, write "0."

10. As to COUNT TWO, we, the jury, find, by a preponderance of the evidence, that Steves proved that Section 8 of the Supply Agreement requires JELD-WEN to reimburse Steves

4

Case 3:16-cv-00545-REP   Document 1022   Filed 02/15/18   Page 5 of 5 PageID# 27131

for the cost of doors made using defective doorskins, and that JELD-WEN breached Section 8 by refusing to reimburse Steves for the cost of doors that incorporated defective doorskins.

Yes__✓____                    No_____

If your answer is "No," do not respond to Paragraph 11. If your answer is "Yes," respond to Paragraph 11.

11.  As to COUNT TWO, we, the jury, find, by a preponderance of the evidence, that the plaintiff is entitled to damages in the amount of $_1,776,813__ for the breach of Section 8 (refusing to reimburse Steves for the cost of doors that incorporated defective doorskins). If none, write "0."



**SEALED PURSUANT TO E-GOVT ACT**

Date:  February _15_, 2018

