THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Richmond Division)

| | | |
|---|---|---|
| In re JELD-WEN HOLDING, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 3:20-cv-00112-JAG |
| | | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) ) | |

**MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY**

Pursuant to Local Civil Rule 7, Plaintiffs respectfully submit this Motion for Leave to Submit Supplemental Authority in further support of their Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss (the "Omnibus Opposition"; ECF No. 86).[1]

Four days after Plaintiffs filed the Omnibus Opposition, the Honorable Charles R. Norgle denied the motion to dismiss in *Holwill v. AbbVie Inc.*, 2020 WL 5235005 (N.D. Ill. Sept. 1, 2020), attached hereto as Exhibit A.  Like Plaintiffs, the plaintiffs in *AbbVie* asserted claims under §§10(b) and 20(a) of the Exchange Act, alleging that the defendants misleadingly attributed their success to purportedly legal conduct, while failing to acknowledge the indispensable role of an illegal scheme.  As Judge Norgle characterized the plaintiffs' allegations, "Plaintiffs . . . insist that Defendants' alleged statements attributing Humira's success to AbbVie's sales and marketing practices and programs materially omitted the details of AbbVie's unlawful kickback scheme." *Id.* at *3.

These allegations are directly analogous to Plaintiffs' here—that the Jeld-Wen Defendants misled investors by attributing their success to "strategic pricing" and similar concepts, without acknowledging the critical role of their anticompetitive conduct, the illegality of which Judge Payne recognized in the *Steves* litigation.

In sustaining the plaintiffs' claims in *AbbVie*, Judge Norgle held:

- Regarding particularity: "The Court finds that Plaintiffs have sufficiently alleged that AbbVie plausibly provided classic kickbacks to physicians . . . to induce and reward Humira prescriptions." *Id.*

- Regarding falsity: "The Court finds that Defendants' alleged statements attributing [H]umira's success to AbbVie's sales and marketing practices and programs implicated AbbVie's allegedly unlawful kickback scheme, including AbbVie's alleged use of classic kickbacks . . . , and were thus

---

[1]    All capitalized terms herein shall have the meanings ascribed to them in the Omnibus Opposition.

misleading to the extent that they omitted material information regarding the details of the allegedly unlawful kickback scheme." *Id.*

- Regarding materiality: ". . . Defendants' omission was plausibly material because there is a substantial likelihood that disclosure of the omitted facts regarding AbbVie's alleged unlawful kickback scheme would have been viewed by the reasonable investor as having significantly altered the total mix of information available." *Id.*

- Regarding scienter: ". . . Defendants' numerous statements regarding AbbVie's sales and marketing practices and programs, and the importance that Defendants placed on those practices and programs to AbbVie's and Humira's growth and success constitute strong circumstantial evidence that Defendants had detailed information regarding AbbVie's sales and marketing practices and programs . . . ." *Id.* at *5.

- Regarding the defendants' competing inference: "The opposing inference offered by Defendants—that Defendants did not make any alleged misleading statement with deceptive intent because Defendants had no reason to believe AbbVie's Nurse Ambassador program was unlawful and acted as if it was lawful by advertising it to the public—is not more compelling or cogent at this stage of the case, where the allegations of Plaintiffs' complaint must be taken as true and viewed in the light most favorable to Plaintiffs." *Id.*

- Regarding loss causation: "While Defendants may attempt to prove that AbbVie's stock price incorporated the information from information previously available and that the drop in AbbVie's stock price was in fact caused by some factor other than the publicity afforded to the filing of the California Department of Insurance's publicly available complaint, that is a proper subject for discovery and a motion for summary judgment or trial, not a motion to dismiss." *Id.* at*6.

Thus, Plaintiffs respectfully request that the Court consider the attached supplemental authority in further support of their Omnibus Opposition to Defendants' motions to dismiss.

DATED: September 3, 2020          Respectfully submitted,

                                  COHEN MILSTEIN SELLERS & TOLL PLLC
                                  STEVEN J. TOLL (VSB No. 15300)
                                  JOSHUA HANDELSMAN (DC Bar only)


                                  */s/ Steven J. Toll*
                                  ───────────────────────────
                                  STEVEN J. TOLL

- 2 -

1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005
Telephone: 202/408-4600
202/408-4699 (fax)
stoll@cohenmilstein.com
jhandelsman@cohenmilstein.com

*Liaison Counsel for Lead Plaintiffs*

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN (Admitted *pro hac vice*)
MARK T. MILLKEY (Admitted *pro hac vice*)
WILLIAM J. GEDDISH (Admitted *pro hac vice*)
VINCENT M. SERRA (New York Bar only)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
mmillkey@rgrdlaw.com
wgeddish@rgrdlaw.com
vserra@rgrdlaw.com

*Counsel for Co-Lead Plaintiff Plumbers and
Pipefitters National Pension Fund, Additional
Plaintiff Wisconsin Laborers' Pension Fund, and
the Class*

LABATON SUCHAROW LLP
JAMES W. JOHNSON (Admitted *pro hac vice*)
MICHAEL H. ROGERS (Admitted *pro hac vice*)
MARGARET A. SCHMIDT (Admitted *pro hac
vice*)
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
jjohnson@labaton.com
mrogers@labaton.com
mschmidt@labaton.com

*Counsel for Co-Lead Plaintiff Public Employees'
Retirement System of Mississippi and the Class*

- 3 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 3, 2020, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ Steven J. Toll*

STEVEN J. TOLL (VSB No. 15300)

COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005
Telephone: 202/408-4600
202/408-4699 (fax)
stoll@cohenmilstein.com