**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|  |  |
|---|---|
| IN RE JELD-WEN HOLDING, INC. SECURITIES LITIGATION | No. 3:20-cv-00112-JAG |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**THE ONEX DEFENDANTS' MOTION TO DISMISS**
**THE CONSOLIDATED CLASS ACTION COMPLAINT**

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
Peter L. Simmons (*pro hac vice*)
Michael Keats (*pro hac vice*)
Corey F. Baron (NY Bar only)
One New York Plaza
New York, New York 10004-1980
Telephone: (212) 859-8000
Facsimile:  (212) 859-4000
peter.simmons@friedfrank.com
michael.keats@friedfrank.com
corey.baron@friedfrank.com

CHRISTIAN & BARTON LLP
Warren David Harless
Roman Lifson
Shannan Marie Fitzgerald
909 E Main St.
Suite 1200
Richmond, VA 23219
Telephone: (804) 697-4100
Facsimile:  (804) 697-6158
wharless@cblaw.com
rlifson@cblaw.com
sfitzgerald@cblaw.com

*Attorneys for Defendants Onex Corporation, Onex Partners Manager LP, Onex Partners III LP, Onex Partners III GP LP, Onex US Principals LP, Onex Partners III PV LP, Onex Partners III Select LP, Onex BP Co-Invest LP, Onex Advisor Subco III LLC, Onex American Holdings II LLC, OAH Wind LLC, BP EI LLC, and BP EI II LLC.*

**PRELIMINARY STATEMENT**

Plaintiffs' opposition to the Onex Defendants' motion to dismiss does not dispute that none of the statements alleged to be false or misleading were made by any of the Onex Defendants, and that the only claim they have against the Onex Defendants[1] is for secondary, control person liability under section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a).

The Fourth Circuit was clear in *In re Mutual Funds* that there are two distinct requirements to plead control under section 20(a). *See Wiggins v. Janus Capital Grp., Inc. (In re Mut. Funds Inv. Litig.)*, 566 F.3d 111, 129-30 (4th Cir. 2009), *rev'd on other grounds sub nom. Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135 (2011). Plaintiffs' opposition conflates the two in an effort to gloss over a key deficiency in their case: their complaint fails to plead facts sufficient to establish the critical second element—control over the challenged statements. Thus, wholly apart from the Plaintiffs' failure to establish the predicate primary section 10(b) violation for the reasons discussed in Jeld-Wen's briefs, Plaintiffs' control person liability claim against the Onex Defendants independently must be dismissed.[2]

---

[1] Capitalized terms have the same meanings as in the Memorandum of Law in Support of the Onex Defendants' Motion to Dismiss (Dkt. No. 76) ("Onex Mem."). Plaintiffs' Omnibus Brief (Dkt. No. 86) is referred to as "Opposition" or "Opp." Emphasis is added and citations are omitted throughout.

[2] Plaintiffs' suggestion that a primary violation "alone" would mean "Plaintiffs' §20(a) claims should be sustained" (Opp. at 32) fails as a matter of law and logic. Not only would it render the separate requirements of Section 20(a) superfluous, but it would run afoul of the Supreme Court's rejection in *Janus* of the suggestion that Section 20(a) liability is "similar to" Section 10(b) liability. 564 U.S. at 146. The Fourth Circuit is clear that the claims are distinct and that more than the mere underlying violation is required. *See, e.g., Matrix Capital Mgmt. Fund, L.P. v. BearingPoint, Inc.*, 576 F.3d 172, 192 (4th Cir. 2009).

1

**A.** **The Complaint Fails to Allege that Any Onex Defendant Had The Requisite Control Not Just Over Jeld-Wen But Over Its Alleged Misstatements**

*In re Mutual Funds* states unequivocally that control for section 20(a) purposes is pled only if the plaintiffs allege facts showing **both** that the Onex Defendants *first*, "had the power to control the general affairs of [Jeld-Wen] at the time [it allegedly] violated the securities laws" and *second*, "had the requisite power to directly or indirectly control or influence the specific corporate policy which resulted in [Jeld-Wen's supposed] primary liability." 566 F.3d at 130 (internal alterations omitted). Plaintiffs are correct that for purposes of this motion, the Onex Defendants are not contesting that the first requirement has been pled because of their aggregate voting power, as a result of which Jeld-Wen disclosed that it was a "controlled company" within the meaning of the New York Stock Exchange Rules. *See* Opp. at 32. But their arguments with respect to the second requirement—control over the specific matter giving rise to the claimed primary violation—fall flat.

1.      *Plaintiffs Impermissibly Rely On The Onex Defendants' Stock Ownership To Satisfy Both Prongs Of The Control Test*

Plaintiffs impermissibly rely on the Onex Defendants' ownership of Jeld-Wen stock to try to demonstrate both the first and second prongs of the control test. *See* Opp. at 32-33. But if mere stock ownership could satisfy both elements of the control test, then the second prong would be meaningless. *See McGhee v. Dir., Dep't of Mental Health & Hygiene*, 153 F.3d 721 (table), 1998 WL 403329 at *3 (4th Cir. 1998) (unpublished; rejecting interpretation that would render a "prong of the ripeness test ... meaningless"); *Griffin v. Daniel*, 768 F. Supp. 532, 536 (W.D. Va. 1991) (rejecting interpretation that would render "the ... prong" of a test "meaningless"); *James v. Pratt & Whitney*, 2005 WL 3440868, at *4 (D.S.C. Dec. 14, 2005) (accepting plaintiff's failure to satisfy an element "would render the element meaningless").

2

Plaintiffs also seek to distinguish the cases cited by the Onex Defendants on the theory that those cases supposedly "rest[] largely on the failure to prove *actual control*." Opp. at 33 & n.32. But that is just not what the cases say. To the contrary, like the Fourth Circuit in *In re Mutual Funds*, many of those cases look to the "power" or "ability" to exercise control.[3] In any event, the Onex Defendants do not cite those cases for their control standards. The Onex Defendants cited them because they demonstrate what is factually missing from the complaint here to show the control over the specific issues giving rise to the 10b-5 liability, as required by the second prong of the Fourth Circuit's control test. *See* Onex Mem. at 6-9.[4]

2.      *The Facts of* In re Mutual Funds *Do Not Help Plaintiffs*

Plaintiffs urge that *In re Mutual Funds* is analogous because, as Plaintiffs put it, the Fourth Circuit "relied on circumstances similar to those present here" in sustaining the complaint in that case. Opp. at 33. But that argument ignores key facts of that case which simply are not alleged here.

---

[3]    *See Grupo Verzatec S.A. de C.V. v. RFE Inv. Partners*, 2019 WL 1437617, at *6 (S.D.N.Y. Mar. 29, 2019) ("Control over a primary violator may be established by showing that a defendant, directly or indirectly, *possessed* the *power* to direct or cause the direction of the management and policies of a person."); *Carlton v. Cannon*, 2016 WL 3959164, at *7 (S.D. Tex. July 22, 2016) ("[T]he plaintiffs must still plead facts sufficient to allege that Karnes had an *ability* to control the specific transaction or activity upon which the primary violation is based"); *Copland v. Grumet*, 1998 WL 256654, at *14 (D.N.J. Jan. 9, 1998) ("[T]o plead control person liability, the Class Complaint must allege facts which demonstrate that the defendant had the *power* or *potential* power to influence and control the activities during the class period").

[4]    Indeed, as reflected in the Onex Defendants' Memorandum, those cases dealt with concepts relevant to Plaintiffs' insufficient arguments. *See e.g.*, *Aldridge v. A.T. Cross Corp.*, 284 F.3d 72, 85 (1st Cir. 2002) ("[C]ontrolling shareholders ... like any other shareholders, should have the ability to be passive."); *Grupo Verzatec*, 2019 WL 1437617, at *7 ("The Court cannot 'reasonably infer' that [controlling shareholders] could exert day-to-day control of [the company] ... simply due to their status as controlling shareholders."); *Carlton v. Cannon*, 2016 WL 3959164, at *8 (explaining why a person's fiduciary duties do not confer control person liability); *In re Dig. Island Sec. Litig.*, 223 F. Supp. 2d 546, 562 (D. Del. 2002) ("Mere access to information cannot ... sustain an allegation of a Section 20(a) violation.").

- The *In re Mutual Funds* complaint pointed to statements by employees of Janus Capital Group (the "Controlling Company") that referred to their employer as influencing Janus Capital Management's (the "Controlled Company") market timing issues—the very issues upon which the underlying Section 10(b) claim was based. *See In re Mutual Funds*, 566 F.3d at 131. By contrast, the complaint here contains no testimonials regarding the Onex Defendants' control, actual or potential, over Jeld-Wen with respect to the pricing issues at the core of the Complaint or the company's disclosures about it.

- In *In re Mutual Funds*, unlike here, the complaint contained detailed factual allegations about the roles and actions that a Controlling Company director (Hayes) and a Controlling Company senior executive (Whiston) took with respect to the specific market timing issues in dispute while they were also *officers at the Controlled Company*.[5] *See id.* Through those roles, Hayes allegedly "served in a day-to-day supervisory position" and "had the power to control its operations," and Whiston supposedly "had and exercised the power to control the activities of [the Controlled Company]." *Id.* Most importantly, Whiston had stated in a press release that the Controlling Company "will help resolve" the timing issues that the Controlled Company was facing. *See id.* Nothing even close to this is pled with respect to the Onex Defendants' role at Jeld-Wen.

The disparity between the factual detail pled in *In re Mutual Funds* and what the

Plaintiffs alleged here just drives home the deficiency of their pleading.

> 3.  *Messrs. Munk and Ross' Status as Directors Does Not Establish Control Person Liability*

Plaintiffs are also mistaken when they argue that because two Onex executives—

Matthew Ross and Anthony Munk—sat on Jeld-Wen's eleven-person board of directors and

signed the company's 10-Ks, that alone should suffice to establish control. *See* Opp. at 33-34.

Two directors out of eleven is hardly control, and SEC rules require the 10-K to be signed by at

least a majority of the board. *See* 45 Fed. Reg. 63630, 63634 (1980). No inference of control for

section 20(a) purposes can be drawn from such routine director activities without making every

---

[5]   The complaint alleged that Hayes was both (a) a director at the Controlling Company and (b) Managing Director of Investments and a portfolio manager at the Controlled Company. Similarly, Whiston had been both (a) CEO and President of the Controlling Company and (b) President of Retail and Institutional Services at the Controlled Company. *See id.*

4

corporate director by default a control person with section 20(a) liability—which is not the law. *See In re Constellation Energy Grp., Inc.*, 738 F. Supp. 2d 614, 639 (D. Md. 2010) (board membership "does not establish control person liability"); *accord Adams v. Kinder-Morgan Inc.*, 340 F.3d 1083, 1108 (10th Cir. 2003) ("The assertion that a person was a member of a corporation's board of directors, without any allegation that the person individually exerted control or influence over the day-to-day operations of the company, does not suffice"; collecting cases saying the same).

Indeed, the two cases plaintiffs cite where control person claims against directors were allowed to proceed involved far more direct activity and control over the specific matter alleged to give rise to liability than is alleged against the Onex Defendants here.  In *Masterson v. Commonwealth Bankshares, Inc.*, 2 F. Supp. 3d 824 (E.D. Va. 2014), the board members were control persons not just because they signed "financial statements alleged to have been fraudulent," but because they were "responsible for, and thus [had] control over, the accuracy of the [challenged] financial statements" due to their roles as CFO, members of the audit committee, and members of the investment committee.  *Id*. at 832-33 & n.5.  Similarly, in *In re Willis Towers Watson PLC Proxy Litig.*, 439 F. Supp. 3d 704 (E.D. Va. 2020), one director defendant (Ubben) was a control person not just because he signed SEC filings that omitted the material "undisclosed compensation plan at the center of this case," but because he "*directly negotiated*" that compensation plan and a material undisclosed dividend plan.  *Id*. at 718.  Both cases involve far more direct participation with the specific disputed items than is alleged against the Onex Defendants here.  Indeed, it is precisely that type of far more detailed allegation in support of the specific control required by the second prong of *In re Mutual Funds* that is noticeably absent from the complaint here.

Plaintiffs cannot salvage their control person claim with their generic allegation that Messrs. Munk and Ross have "extensive knowledge of Jeld-Wen's business" (Opp. at 34). The same could be said of corporate directors generally, but as noted above, performing the role of a director—including being informed about the company on whose board one sits—is insufficient, standing alone, to establish control for section 20(a) purposes.

## B.   Plaintiffs' Remaining Justifications Fail

In a last ditch effort to salvage their section 20(a) claim, plaintiffs ask this Court to rely on a "liberal pleading standard" to excuse their failure to plead the required control over the specific items alleged to give rise to the 10b-5 liability. Opp. at 34 n.34. But a Rule 8(a) "liberal pleading standard" is not a justification for failing to plead the elements required by *In re Mutual Funds* or the facts required by *Ashcroft v. Iqbal* , 556 U.S. 662 (2009), and *Bell Atl. v. Twombly*, 550 U.S. 544 (2007), to support a plausible inference of culpability. *See* Onex Mem. at 6-7.

Plaintiffs also did not respond to three of the Onex Defendants' arguments concerning the Plaintiffs' failure to meet the second prong of the control test. The Opposition ignores that (1) Plaintiffs' allegations are impermissibly conclusory or speculative;[6] (2) fiduciary duties do not establish control under Section 20(a); and (3) access to information does not establish control under Section 20(a). *See* Onex Mem. at 6-9. "By failing to address these ... in their opposition, Plaintiffs have effectively abandoned these claims." *William v. AES Corp.*, 28 F. Supp. 3d 553, 560 (E.D. Va. 2014); *accord Stenlund v. Marriott Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md.

---

[6]   Plaintiffs merely repeat the language from Jeld-Wen's IPO registration statement that "[b]ecause Onex controls the majority of our common stock, it ***may*** control all major corporate decisions." Opp. at 34. But they offer no facts to establish that this *potential* control over *major* decisions also translated to the power to affect the specific statements challenged here.

2016) (in failing to respond to an argument, the "Plaintiff concedes the point"); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (similar).

## CONCLUSION

For the foregoing reasons and the reasons set forth in the opening memorandum, the Onex Defendants' motion to dismiss should be granted and the claims against them should be dismissed.

Dated:  September 11, 2020

Respectfully submitted,

CHRISTIAN & BARTON LLP
By: _____*/s/ Roman Lifson*_____
Warren David Harless (VSB #20816)
Roman Lifson (VSB #43714)
Shannan M. Fitzgerald (VSB #90712)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
wharless@cblaw.com
rlifson@cblaw.com
sfitzgerald@cblaw.com

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
Peter L. Simmons (*pro hac vice*)
Michael Keats (*pro hac vice*)
Corey F. Baron (NY Bar only)
One New York Plaza
New York, New York 10004-1980
Telephone: (212) 859-8000
Facsimile:  (212) 859-4000
peter.simmons@friedfrank.com
michael.keats@friedfrank.com
corey.baron@friedfrank.com

*Attorneys for Defendants Onex Corporation, Onex Partners Manager LP, Onex Partners III LP, Onex Partners III GP LP, Onex US Principals LP, Onex Partners III PV LP, Onex Partners III Select LP, Onex BP Co-Invest LP, Onex Advisor Subco III LLC, Onex American Holdings II LLC, OAH Wind LLC, BP EI LLC, and BP EI II LLC.*

7

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2020, I will electronically file a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the registered participants as identified on the NEF to receive electronic service.

/s/ Roman Lifson
Roman Lifson (VSB #43714)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia  23219
(804) 697-4164
rlifson@cblaw.com

2661389

8