**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| IN RE: JELD-WEN HOLDING, INC. SECURITIES LITIGATION | Civil Action No. 3:20-cv-112-JAG<br><br>Judge John A. Gibney, Jr.<br><br>CLASS ACTION |

### THE ONEX DEFENDANTS' ANSWER AND DEFENSES TO THE CONSOLIDATED CLASS ACTION COMPLAINT

Defendants Onex Corporation, Onex Partners Manager LP, Onex Partners III LP, Onex Partners III GP LP, Onex US Principals LP, Onex Partners III PV LP, Onex Partners III Select LP, Onex BP Co-Invest LP, Onex Advisor Subco III LLC, Onex American Holdings II LLC, OAH Wind LLC, BP EI LLC, and BP EI II LLC (collectively, the "Onex Defendants"), by counsel, submit this Answer and Defenses to the Amended Consolidated Class Action Complaint (the "Complaint"), filed on June 22, 2020, by Lead Plaintiffs Public Employees' Retirement System of Mississippi ("Mississippi PERS") and the Plumbers and Pipefitters National Pension Fund ("P&P Pension Fund") (collectively, "Lead Plaintiffs").

This Answer is based on the current knowledge of the Onex Defendants, who reserve their right to revise and/or supplement this Answer. Except as otherwise stated, the Onex Defendants deny every allegation in the Complaint, and, to the extent a response is required, deny any allegations or averments in the introductory paragraphs, headings and subheadings of the Complaint. The Onex Defendants further note that any defined terms used in their responses to

the allegations in the Complaint refer to terms specifically defined in their responses and not any defined terms used in the allegations set forth in the Complaint.

In addition, except where affirmatively noted, the Onex Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding companies or individuals other than the Onex Defendants, including but not limited to other companies or individuals' statements, actions and beliefs.

Subject to the above-referenced objections, the Onex Defendants answer the numbered Paragraphs 1 through 325 in the Complaint as follows:

1.      The Onex Defendants deny the allegations contained in Paragraph No. 1, except admit that Paragraph No. 1 purports to describe the nature of this action.

2.      The Onex Defendants deny the allegations contained in Paragraph No. 2, except admit that Jeld-Wen Holding, Inc. ("Jeld-Wen" or the "Company") is headquartered in Charlotte, North Carolina and the Onex Defendants respectfully refer the Court to the Company's 2019 Annual Report for a complete and accurate description of Jeld-Wen's business.

3.      The Onex Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 3.

4.      The Onex Defendants deny the allegations contained in Paragraph No. 4.

5.      The Onex Defendants deny the allegations contained in Paragraph No. 5, except admit that Jen-Weld sought to acquire CMI in October 2012.

6.      The Onex Defendants deny the allegations contained in Paragraph No. 6, and respectfully refer the Court to the August 3, 2001 Complaint filed in *USA v. Premdor Inc., et al*, No. 1:01-cv-01696 (D.D.C.), for a complete and accurate statement of its contents.

7. The Onex Defendants deny the allegations contained in Paragraph No. 7, and respectfully refer the Court to the relevant terms and conditions of the relevant Jeld-Weld contracts for their complete and accurate contents.

8. The Onex Defendants deny the allegations contained in Paragraph No. 8, except deny knowledge or information sufficient to form a belief as to what Steves & Sons or any other door manufacturer "believed".

9. The Onex Defendants deny the allegations contained in Paragraph No. 9, except admit that the Jeld-Wen acquisition of CMI closed on October 24, 2012 without objection from the U.S. Department of Justice.

10. The Onex Defendants deny the allegations contained in Paragraph No. 10.

11. The Onex Defendants deny the allegations contained in Paragraph No. 11.

12. The Onex Defendants deny the allegations contained in Paragraph No. 12, and respectfully refer the Court to the Memorandum Opinion and Order issued on October 5, 2018 by District Judge Robert E. Payne in *Steves and Sons, Inc. v. Jeld-Wen, Inc*., No. 3:16-cv-545 (E.D. Va.), for a complete and accurate statement of its contents.

13. The Onex Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 13.

14. The Onex Defendants deny the allegations contained in Paragraph No. 14, except admit that a Complaint for Injunctive and Declaratory Relief, Damages, and Specific Performance, dated June 29, 2016, was filed in *Steves & Sons, Inc. v. Jeld-Wen, Inc.*, No. 3:16-cv-545 (E.D. Va.), and respectfully refer the Court to said Complaint for a complete and accurate statement of its contents.

15. The Onex Defendants deny the allegations contained in Paragraph No. 15, and respectfully refer the Court to Jeld-Wen's Initial Public Offering Prospectus, filed pursuant to SEC Rule 424B4 on January 30, 2017 (the "IPO Prospectus"), for a complete and accurate statement of its contents.

16. The Onex Defendants deny the allegations contained in Paragraph No. 16, and respectfully refer the Court to the IPO Prospectus for a complete and accurate statement of its contents.

17. The Onex Defendants deny the allegations contained in Paragraph No. 17, except admit that, on February 15, 2018, the jury in *Steves & Sons, Inc. v. Jeld-Wen, Inc.*, No. 3:16-cv-545 (E.D. Va.), returned a verdict in favor of Steves & Sons, Inc., and respectfully refer the Court to the Jeld-Wen press release, dated February 15, 2018, titled "JELD-WEN Announces Jury Verdict in Steves & Sons Lawsuit," for a complete and accurate statement of its contents.

18. The Onex Defendants deny the allegations contained in Paragraph No. 18.

19. The Onex Defendants deny the allegations contained in Paragraph No. 19, and respectfully refer the Court to the analyst report issued by Bank of America, dated February 16, 2018, and the analyst report issued by RBC Capital Markets, dated February 22, 2018, for a complete and accurate statement of their contents.

20. The Onex Defendants deny the allegations contained in Paragraph No. 20, and respectfully refer the Court to the IPO Prospectus for a complete and accurate statement of its contents.

21. The Onex Defendants deny the allegations contained in Paragraph No. 21, and respectfully refer the Court to the Memorandum Opinion and Order issued on October 5, 2018 by

District Judge Robert E. Payne in *Steves and Sons, Inc. v. Jeld-Wen, Inc.*, No. 3:16-cv-545 (E.D. Va.) (the "*Steves* Opinion"), for a complete and accurate statement of its contents.

22. The Onex Defendants deny the allegations contained in Paragraph No. 22, and respectfully refer the Court to the *Steves* Opinion for a complete and accurate statement of its contents.

23. The Onex Defendants deny the allegations contained in Paragraph No. 23, and respectfully refer the Court to the press release, dated October 6, 2018, titled "JELD-WEN Announces Rulings in Steves & Sons Litigation; No Final Judgment on Antitrust Claims," and to the analyst report issued by Bank of America, dated October 8, 2018, for a complete and accurate statement of their contents.

24. The Onex Defendants deny the allegations contained in Paragraph No. 24, and respectfully refer the Court to the Jeld-Wen press releases, dated October 15, 2018, titled "JELD-WEN Announces Preliminary Financial Results for the Third Quarter of Fiscal 2018 and Date of Conference Call," and dated October 15, 2018, titled "JELD-WEN Announces the Departure of Brooks Mallard, CFO and the Promotion of John Linker to CFO," for a complete and accurate statement of their contents.

25. The allegations contained in Paragraph No. 25 are legal conclusions to which no response is required. To the extent a response is required, the Onex Defendants deny the allegations contained in Paragraph No. 25, except admit that Lead Plaintiffs purport to base their claims on the statutory provisions cited in Paragraph No. 25.

26. The allegations contained in Paragraph No. 26 are legal conclusions to which no response is required. To the extent a response is required, the Onex Defendants do not dispute that this Court has subject matter jurisdiction over this matter.

27.    The allegations contained in Paragraph No. 27 are legal conclusions to which no response is required.  To the extent a response is required, the Onex Defendants do not dispute that venue is proper before this Court.

28.    The Onex Defendants deny the allegations contained in Paragraph No. 28, except lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Public Employees' Retirement System of Mississippi and its purchase of Jeld-Wen common stock.

29.    The Onex Defendants deny the allegations contained in Paragraph No. 29, except lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plumbers and Pipefitters National Pension Fund and its purchase of Jeld-Wen common stock.

30.    The Onex Defendants deny the allegations contained in Paragraph No. 30, except lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Wisconsin Laborers' Pension Fund and its purchase of Jeld-Wen common stock.

31.    The Onex Defendants admit the allegations contained in Paragraph No. 31, except deny knowledge or information sufficient to form a belief as to the number of investors who own Jen-Weld common stock.

32.    The Onex Defendants deny the allegations contained in Paragraph No. 32, except admit that (a) Defendant Mark A. Beck was the former President and Chief Executive Officer of Jeld-Wen from November 2015 to February 2018; (b) Defendant Beck served as a member of the Company's Board of Directors from May 2016 to February 2018; and (c) Defendant Beck signed Jeld-Wen's Annual Report for the year ended December 31, 2016, filed with the SEC on Form 10-K on March 3, 2017.

33.     The Onex Defendants deny the allegations contained in Paragraph No. 33, except admit that (a) Defendant L. Brooks Mallard was the former Executive Vice President and Chief Financial Officer of Jeld-Wen from November 2014 to November 2018; and (b) Defendant Mallard, in his capacity as CFO, signed each Form 10-K and Form 10-Q filed by Jeld-Wen with the SEC throughout his tenure at Jeld-Wen.  The Onex Defendants respectfully refer the Court to the Jeld-Wen press release, dated October 15, 2018, titled "JELD-WEN Announces Preliminary Financial Results for the Third Quarter of Fiscal 2018 and Date of Conference Call" and the Jeld-Wen press release, dated October 15, 2018, titled "JELD-WEN Announces the Departure of Brooks Mallard, CFO and the Promotion of John Linker to CFO," for a complete and accurate statement of their contents.

34.     The Onex Defendants deny the allegations contained in Paragraph No. 34, except admit that (a) Defendant Kirk S. Hachigian was the former Interim CEO of Jeld-Wen from February 2018 to June 2018; (b) Defendant Hachigian served as President and CEO of Jeld-Wen from March 2014 to November 2015; (c) Defendant Hachigian served on Jeld-Wen's Board of Directors from November 2015 to December 2016; (d) Defendant Hachigian served as Chairman of Jeld-Wen's Board of Directors from December 2016 to May 2019; and (d) Defendant Hachigian signed Jeld-Wen's Annual Report for the year ended December 31, 2017, filed with the SEC on Form 10-K on March 6, 2018.

35.     The Onex Defendants deny the allegations contained in Paragraph No. 35, except admit that, on June 18, 2018, Defendant Gary S. Michel joined Jeld-Wen as the current President and Chief Executive Officer of Jeld-Wen and member of the Jeld-Wen Board of Directors.

7

36. The Onex Defendants deny the allegations contained in Paragraph No. 36, except deny knowledge or information sufficient to form a belief as to the second sentence of Paragraph No. 36.

37. The Onex Defendants deny the allegations contained in Paragraph No. 37, except admit that (i) Onex Corporation maintains its headquarters in Toronto, Canada; (ii) certain of the Onex Defendants are investments funds or investment vehicles; and (iii) certain of the Onex Defendants owned a majority of the stock of Jeld-Wen at the time of its initial public offering (IPO) and secondary public offerings (SPOs).

38. The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 38.

39. The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 39.

40. The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 40.

41. The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 41.

42. The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 42.

43. The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 43.

44. The Onex Defendants admit the allegations contained in Paragraph No. 44.

45. The Onex Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations contained in Paragraph No. 45.

46.    The Onex Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 46.

47.    The Onex Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 47.

48.    The Onex Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 48.

49.    The Onex Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 49.

50.    The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 50.

51.    The Onex Defendants deny the allegations contained in in the first sentence of Paragraph No. 51.  The Onex Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of Paragraph No. 51.

52.    The Onex Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 52, and respectfully refer the Court to the August 3, 2001 Complaint filed in *USA v. Premdor Inc., et al*, No. 1:01-cv-01696 (D.D.C.), for a complete and accurate statement of its contents.

53.    The Onex Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 53.

54.    The Onex Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 54, and respectfully refer the Court to the Complaint dated August 3, 2001, filed in *USA v. Premdor Inc., et al*, No. 1:01-cv-01696-GK (D.D.C.), for its complete and accurate contents.

55. The Onex Defendants deny knowledge and information sufficient to form a belief as to truth of the allegations contained in Paragraph No. 55, and respectfully refer the Court to the August 3, 2001 Complaint filed in *USA v. Premdor Inc., et al*, No. 1:01-cv-01696 (D.D.C.) (the "Premdor Complaint"), for its complete and accurate contents.

56. The Onex Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 56, and respectfully refer the Court to the Premdor Complaint for its complete and accurate contents.

57. The Onex Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 57, and respectfully refer the Court to the Premdor Complaint for its complete and accurate contents.

58. The Onex Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 58, and respectfully refer the Court to the [Proposed] Final Judgment, dated August 3, 2001, filed by the United States of America in *USA v. Premdor Inc., et al*, No. 1:01-cv-01696 (D.D.C.), and the Final Judgment entered by the District Court on April 5, 2002, for their complete and accurate contents.

59. The Onex Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 59.

60. The Onex Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 60.

61. The Onex Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 61, except admit that Jeld-Wen acquired CMI in 2012, Karona, Inc. in 2015, Milliken Millwork, Inc. in 2017 and American Building Supply, Inc. in 2018.

62.     The Onex Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 62.

63.     The Onex Defendants deny the allegations contained in Paragraph No. 63, except admit that Jeld-Wen purchased CMI following clearance by the U.S. Department of Justice.

64.     The Onex Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 64, and respectfully refer the Court to the Supply Agreement referenced in Paragraph No. 64 for its complete and accurate contents.

65.     The Onex Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 65, and respectfully refer the Court to the Supply Agreement for its complete and accurate contents.

66.     The Onex Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 66, and respectfully refer the Court to the Supply Agreement for its complete and accurate contents.

67.     The Onex Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 67, and respectfully refer the Court to the Supply Agreement and other supply agreements for their complete and accurate contents.

68.     The Onex Defendants admit the allegations contained in Paragraph No. 68, except deny knowledge or information about the date on which the Supply Agreement was executed.

69.     The Onex Defendants deny the allegations contained in Paragraph No. 69, and respectfully refer the Court to the *Steves* Opinion for its complete and accurate contents.

70.     The Onex Defendants deny the allegations contained in the first sentence of Paragraph No. 70, except admit that the Antitrust Division of the U.S. Department of Justice reviewed and cleared the merger of Jeld-Wen and CMI.

11

71.     The Onex Defendants deny the allegations contained in Paragraph No. 71, and respectfully refer the Court to the *Steves* Opinion for its complete and accurate contents.

72.     The Onex Defendants deny the allegations contained in Paragraph No. 72.

73.     The Onex Defendants deny the allegations contained in Paragraph No. 73, and respectfully refer the Court to the *Steves* Opinion for its complete and accurate contents.

74.     The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 74, except admit that the Antitrust Division of the U.S. Department of Justice reviewed and cleared the merger of Jeld-Wen and CMI.

75.     The Onex Defendants deny the allegations contained in Paragraph No. 75, except admit that Lead Plaintiffs purport to characterize and selectively quote the *Steves* Opinion, and respectfully refer the Court to the *Steves* Opinion for its complete and accurate contents.

76.     The Onex Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 76.

77.     The Onex Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 77, and respectfully refer the Court to the Complaint for Injunctive and Declaratory Relief, Damages, and Specific Performance, dated June 29, 2016, filed in *Steves & Sons, Inc. v. Jeld-Wen, Inc.*, No. 3:16-cv-545 (E.D. Va.) (the "*Steves* Complaint"), for its complete and accurate contents.

78.     The Onex Defendants admit the allegations contained in Paragraph No. 78.

79.     The Onex Defendants deny the allegations contained in Paragraph No. 79.

80.     The Onex Defendants deny the allegations contained in Paragraph No. 80.

81.     The Onex Defendants deny the allegations contained in Paragraph No. 81.

82.     The Onex Defendants deny the allegations contained in Paragraph No. 82.

12

83.     The Onex Defendants deny the allegations contained in Paragraph No. 83, and respectfully refer the Court to the June 25, 2014, transcript of a Masonite International Corporation investor conference call for its complete and accurate contents.

84.     The Onex Defendants deny the allegations contained in the first and second sentences of Paragraph No. 84, except deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of Paragraph No. 84 regarding what was said or believed by CW 3 or CW 2.

85.     The Onex Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 85, and respectfully refer the Court to the Masonite Presentation for its complete and accurate contents.

86.     The Onex Defendants deny the allegations contained in Paragraph No. 86, and state that the allegations contained in Paragraph No. 86 regarding whether Jeld-Wen breached the Supply Agreement call for legal conclusions as to which no responses are required.

87.     The Onex Defendants deny the allegations contained in Paragraph No. 87.

88.     The Onex Defendants deny the allegations contained in Paragraph No. 88, except state that the second sentence of Paragraph No. 88 purports to state legal conclusions as to which no response is required.

89.     The Onex Defendants deny the allegations contained in Paragraph No. 89.

90.     The Onex Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 90.

91.     The Onex Defendants deny the allegations contained in Paragraph No. 91, and state that the second sentence of Paragraph No. 91 purports to state legal conclusions as to which no response is required.

92.    The Onex Defendants deny the allegations contained in Paragraph No. 92, and state that Paragraph No. 92 purports to state legal conclusions as to which no response is required.

93.    The Onex Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 93.

94.    The Onex Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 94.

95.    The Onex Defendants deny the allegations contained in Paragraph No. 95, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 95 regarding the referenced pricing structure, and respectfully refer the Court to the complaints filed in the *DPP and IPP Litigations* for their complete and accurate contents.

96.    The Onex Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 96, and respectfully refer the Court to the Consumer Price Index levels to the extent such information is deemed relevant.

97.    The Onex Defendants deny the allegations contained in the first, second, third and fifth sentences of Paragraph No. 97, and deny knowledge or information sufficient to form a belief as to whether the referenced statements were actually made by CW1 and CW 4 in the fourth sentence of Paragraph No. 97.

98.    The Onex Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 98, including whether the referenced statements were made by CW1 and CW 6 in Paragraph No. 98.

99.    The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 99, except state that the Antitrust Division of the U.S. Department of Justice reviewed and cleared the merger of Jeld-Wen and CMI.

100. The Onex Defendants deny the allegations contained in Paragraph No. 100, and respectfully refer the Court to the *Steves* Complaint for its complete and accurate contents.

101. The Onex Defendants deny the allegations contained in Paragraph No. 101, and respectfully refer the Court to Jeld-Wen's public disclosures and statements as filed with the U.S. Securities and Exchange Commission (the "SEC") for their complete and accurate contents.

102. The Onex Defendants deny the allegations contained in Paragraph No. 102, and respectfully refer the Court to the Company's Registration Statement, filed with the SEC on Form S-1 on January 26, 2017 (the "IPO Registration Statement"), and Jeld-Wen's Initial Public Offering Prospectus, filed pursuant to SEC Rule 424B4 on January 30, 2017 (the "IPO Prospectus", and together with the IPO Registration Statement, the "IPO Offering Materials"), for their complete and accurate contents.

103. The Onex Defendants deny the allegations contained in Paragraph No. 103, and respectfully refer the Court to the IPO Offering Materials for their complete and accurate contents.

104. The Onex Defendants deny the allegations contained in Paragraph No. 104, and respectfully refer the Court to the IPO Offering Materials for their complete and accurate contents.

105. The Onex Defendants deny the allegations contained in Paragraph No. 105, and respectfully refer the Court to the transcript of Jeld-Wen's Fourth Quarter 2016 Earnings Conference Call, which took place on February 22, 2017, for its complete and accurate contents.

106. The Onex Defendants deny the allegations contained in Paragraph No. 106, and respectfully refer the Court to Jeld-Wen's Fourth Quarter and Full Year 2016 Investor Presentation, dated February 22, 2017, for its complete and accurate contents.

107. The Onex Defendants deny the allegations contained in the second sentence of Paragraph No. 107, and respectfully refer to the transcript of Jeld-Wen's First Quarter 2017

15

Earnings Conference Call, which took place on May 9, 2017, for its complete and accurate contents.

108. The Onex Defendants deny the allegations contained in Paragraph No. 108, and respectfully refer the Court to the transcript of the Royal Bank of Canada Global Industries Conference for its complete and accurate contents.

109. The Onex Defendants deny the allegations contained in Paragraph No. 109, and respectfully refer the Court to the transcript of the Robert W. Baird Global Industries Conference, for its complete and accurate contents.

110. The Onex Defendants deny the allegations contained in Paragraph No. 110, and respectfully refer the Court to Jeld-Wen's public statements and disclosures, including as filed with the SEC, for their complete contents.

111. The Onex Defendants deny the allegations contained in Paragraph No. 111, and respectfully refer the Court to the Memorandum Opinion and Order issued on October 5, 2018 by District Judge Robert E. Payne in *Steves and Sons, Inc. v. Jeld-Wen, Inc.*, No. 3:16-cv-545 (E.D. Va.), for its complete and accurate contents.

112. The Onex Defendants deny the allegations contained in Paragraph No. 112, and state that Paragraph No. 112 purports to state legal conclusions as to which no response is required.

113. The Onex Defendants deny the allegations contained in Paragraph No. 113, and respectfully refer the Court to Jeldn-Wen's public statements and disclosures, including with the SEC, for their complete and accurate contents.

114. The Onex Defendants deny the allegations contained in Paragraph No. 114, except admit that, on February 15, 2018, the jury in *Steves & Sons, Inc. v. Jeld-Wen, Inc.*, No. 3:16-cv-545 (E.D. Va.), returned a verdict in favor of Steves and Sons, Inc., and respectfully refer the Court

to Jeld-Wen's press release, dated February 15, 2018, titled "JELD-WEN Announces Jury Verdict in Steves & Sons Lawsuit," for its complete and accurate contents.

115.    The Onex Defendants deny the allegations contained in Paragraph No. 115, and respectfully refer the Court to Jeld-Wen's press release, dated February 15, 2018, titled "JELD-WEN Announces Jury Verdict in Steves & Sons Lawsuit," for its complete and accurate contents.

116.    The Onex Defendants deny the allegations contained in Paragraph No. 116, and respectfully refer the Court to Jeld-Wen's press release, dated February 15, 2018, titled "JELD-WEN Announces Jury Verdict in Steves & Sons Lawsuit," for its complete and accurate contents.

117.    The Onex Defendants deny the allegations contained in Paragraph No. 117.

118.    The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 118, and respectfully refer the Court to the analyst report issued by Bank of America, dated February 16, 2018, for its complete and accurate contents.

119.    The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 119, and respectfully refer the Court to the analyst report issued by Bank of America, dated February 16, 2018, and the analyst report issued by Gabelli, dated February 20, 2018, for their complete and accurate contents.

120.    The Onex Defendants deny the allegations contained in Paragraph No. 120, and respectfully refer the Court to the transcript of Jeld-Wen's Fourth Quarter 2017 Earnings Conference Call, for its complete and accurate contents.

121.    The Onex Defendants deny the allegations contained in Paragraph No. 121, and respectfully refer the Court to the analyst report issued by RBC Capital Markets, dated February 22, 2018, for its complete and accurate contents.

122.    The Onex Defendants deny the allegations contained in Paragraph No. 122, and respectfully refer the Court to Jeld-Wen's press release, dated February 28, 2018, titled "JELD-WEN Holding, Inc. Announces CEO Leadership Transition, Announces Two Acquisitions, and Updates 2018 Outlook for the Impact of Closed Acquisition," for its complete and accurate contents.

123.    The Onex Defendants deny the allegations contained in Paragraph No. 123, and respectfully refer the Court to Jeld-Wen's Annual Report for the year ended December 31, 2017, filed with the SEC on Form 10-K on March 6, 2018, for its complete and accurate contents.

124.    The Onex Defendants deny the allegations contained in Paragraph No. 124, and respectfully refer the Court to the transcript of Jeld-Wen's First Quarter 2018 Earnings Conference Call, which took place on May 8, 2018, and the Company's Quarterly Report for the quarterly period ended March 31, 2018, filed with the SEC on Form 10-Q on May 9, 2018, for their complete and accurate contents.

125.    The Onex Defendants deny the allegations contained in Paragraph No. 125, and respectfully refer the Court to Jeld-Wen's Quarterly Report for the quarterly period ended June 30, 2018, filed with the SEC on Form 10-Q on August 7, 2018, and the transcript of Jeld-Wen's Second Quarter 2018 Earnings Conference Call, for their complete and accurate contents.

126.    The Onex Defendants deny the allegations contained in Paragraph No. 126, and respectfully refer the Court to the transcript of Jeld-Wen's Second Quarter 2018 Earnings Conference Call, for its complete and accurate contents.

127.    The Onex Defendants deny the allegations contained in Paragraph No. 127, and respectfully refer the Court to the *Steves* Opinion for its complete and accurate contents.

18

128.    The Onex Defendants lack deny the allegations contained in Paragraph No. 128, and respectfully refer the Court to the *Steves* Opinion for its complete and accurate contents.

129.    The Onex Defendants deny the allegations contained in Paragraph No. 129, and respectfully refer the Court to the *Steves* Opinion for its complete and accurate contents.

130.    The Onex Defendants deny the allegations contained in Paragraph No. 130, and respectfully refer the Court to the *Steves* Opinion for its complete and accurate contents.

131.    The Onex Defendants deny the allegations contained in Paragraph No. 131, and respectfully refer the Court to the *Steves* Opinion for its complete and accurate contents.

132.    The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 132, and respectfully refer the Court to the analyst report issued by RBC Capital Markets, dated October 8, 2018, and the analyst report issued by Bank of America, dated October 8, 2018, for their complete and accurate contents.

133.    The Onex Defendants deny the allegations contained in Paragraph No. 133, and respectfully refer the Court to Jeld-Wen's press release, dated October 6, 2018, titled "JELD-WEN Announces Rulings in Steves & Sons Litigation; No Final Judgment on Antitrust Claims," for its complete and accurate contents.

134.    The Onex Defendants admit that the U.S. Department of Justice reviewed and cleared Jeld-Wen's acquisition of CMI, and respectfully refer the Court to Jeld-Wen's press release dated October 6, 2018, titled "JELD-WEN Announces Rulings in Steves & Sons Litigation; No Final Judgment on Antitrust Claims," for its complete and accurate contents.

135.    The Onex Defendants deny the allegations contained in Paragraph No. 135, and respectfully refer the Court to the analyst report issued by Bank of America, dated October 8, 2018, for its complete and accurate contents.

19

136.    The Onex Defendants deny the allegations contained in Paragraph No. 136, and respectfully refer the Court to Jeld-Wen's press release, dated October 15, 2018, titled "JELD-WEN Announces Preliminary Financial Results for the Third Quarter of Fiscal 2018 and Date of Conference Call," for its complete and accurate contents.

137.    The Onex Defendants deny the allegations contained in Paragraph No. 137, and respectfully refer the Court Jeld-Wen's press release, dated October 6, 2018, titled "JELD-WEN Announces Rulings in Steves & Sons Litigation; No Final Judgment on Antitrust Claims" and Jeld-Wen's press release, dated October 15, 2018, titled "JELD-WEN Announces Preliminary Financial Results for the Third Quarter of Fiscal 2018 and Date of Conference Call," for their complete and accurate contents.

138.    The Onex Defendants deny the allegations contained in Paragraph No. 138, and respectfully refer the Court to Jeld-Wen's press release, dated October 15, 2018, titled "JELD-WEN Announces the Departure of Brooks Mallard, CFO and the Promotion of John Linker to CFO," for its complete and accurate contents.

139.    Defendants deny the allegations contained in Paragraph No. 139, and respectfully refer the Court to the analyst report issued by Gabelli, dated October 17, 2018, and the analyst report issued by RBC Capital Markets, dated November 7, 2018, for their complete and accurate contents.

140.    The Onex Defendants deny the allegations contained in Paragraph No. 140.

141.    The Onex Defendants deny the allegations contained in Paragraph No. 141.

142.    The Onex Defendants deny the allegations contained in  Paragraph No. 142, except admit that Jeld-Wen filed a Registration Statement with the SEC on Form S-1 on January 26, 2017, and that the SEC declared the Registration Statement effective that same day (the "IPO

20

Registration Statement") and the Company filed an Initial Public Offering Prospectus, pursuant to SEC Rule 424B4 on January 30, 2017 (the "IPO Prospectus", and together with the IPO Registration Statement, the "IPO Offering Materials").

143. The Onex Defendants deny the allegations contained in Paragraph No. 143, and respectfully refer the Court to the IPO Offering Materials for a complete and accurate statement of their contents.

144. The Onex Defendants deny the allegations contained in Paragraph No. 144, and respectfully refer the Court to the IPO Offering Materials for a complete and accurate statement of their contents.

145. The Onex Defendants deny the allegations contained in Paragraph No. 145, and respectfully refer the Court to the IPO Offering Materials for a complete and accurate statement of their contents.

146. The Onex Defendants deny the allegations contained in Paragraph No. 146, and respectfully refer the Court to the IPO Offering Materials for a complete and accurate statement of their contents.

147. The Onex Defendants deny the allegations contained in Paragraph No. 147.

148. The Onex Defendants deny the allegations contained in Paragraph No. 148.

149. The Onex Defendants deny the allegations contained in Paragraph No. 149.

150. The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 150, and respectfully refer the Court to the analyst report issued by Wedbush, dated February 2, 2017, for a complete and accurate statement of its contents.

151.   The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 151, and respectfully refer the Court to the analyst report issued by Barclays, dated February 21, 2017, for a complete and accurate statement of its contents.

152.   The Onex Defendants deny the allegations contained in Paragraph No. 152, and respectfully refer the Court to the transcript of Jeld-Wen's Fourth Quarter 2016 Earnings Conference Call, which took place on February 22, 2017, for a complete and accurate statement of its contents.

153.   The Onex Defendants deny the allegations contained in Paragraph No. 153, and respectfully refer the Court to Jeld-Wen's Fourth Quarter and Full Year 2016 Investor Presentation, dated February 22, 2017, for a complete and accurate statement of its contents.

154.   The Onex Defendants deny the allegations contained in Paragraph No. 154.

155.   The Onex Defendants deny the allegations contained in Paragraph No. 155, and respectfully refer the Court to the transcript of Jeld-Wen's Fourth Quarter 2016 Earnings Conference Call, which took place on February 22, 2017, for a complete and accurate statement of its contents.

156.   The Onex Defendants deny the allegations contained in Paragraph No. 156.

157.   The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 157, and respectfully refer the Court to the analyst report issued by Wells Fargo & Co., dated February 22, 2017, for a complete and accurate statement of its contents.

158.   The Onex Defendants deny the allegations contained in Paragraph No. 158, and respectfully refer the Court Jeld-Wen's Annual Report for the year ended December 31, 2016,

filed with the SEC on Form 10-K on March 3, 2017, for a complete and accurate statement of its contents.

159.    The Onex Defendants deny the allegations contained in Paragraph No. 159, and respectfully refer the Court to Jeld-Wen's Annual Report for the year ended December 31, 2016, filed with the SEC on Form 10-K on March 3, 2017, for a complete and accurate statement of its contents.

160.    The Onex Defendants deny the allegations contained in Paragraph No. 160, and respectfully refer the Court to Jeld-Wen's Annual Report for the year ended December 31, 2016, filed with the SEC on Form 10-K on March 3, 2017, for a complete and accurate statement of its contents.

161.    The Onex Defendants deny the allegations contained in Paragraph No. 161.

162.    The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 162, and respectfully refer the Court to the analyst report issued by Wedbush, dated March 31, 2017, for a complete and accurate statement of its contents.

163.    The Onex Defendants deny the allegations contained in Paragraph No. 163 and its footnote 5, and respectfully refer the Court to the Jeld-Wen press release, dated May 9, 2017, titled "JELD-WEN Announces First Quarter Results; Raises 2017 Adjusted EBITDA Outlook," for a complete and accurate statement of its contents.

164.    The Onex Defendants deny the allegations contained in Paragraph No. 164, and respectfully refer the Court to the transcript of Jeld-Wen's First Quarter 2017 Earnings Conference Call, which took place on May 9, 2017, for a complete and accurate statement of its contents.

165.    The Onex Defendants deny the allegations contained in Paragraph No. 165, and respectfully refer the Court to the transcript of Jeld-Wen's First Quarter 2017 Earnings Conference Call, which took place on May 9, 2017, for a complete and accurate statement of its contents.

166.    The Onex Defendants deny the allegations contained in Paragraph No. 166, and respectfully refer the Court to Jeld-Wen's "Q1 2017 Results Presentation," dated May 9, 2017, for a complete and accurate statement of its contents.

167.    The Onex Defendants deny the allegations contained in Paragraph No. 167.

168.    The Onex Defendants deny the allegations contained in Paragraph No. 168, and respectfully refer the Court to the transcript of Jeld-Wen's First Quarter 2017 Earnings Conference Call, which took place on May 9, 2017, for a complete and accurate statement of its contents.

169.    The Onex Defendants deny the allegations contained in Paragraph No. 169.

170.    The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 170, and respectfully refer the Court to the analyst report issued by J.P. Morgan, dated May 10, 2017, and the analyst report issued by Barclays, dated May 10, 2017, for a complete and accurate statement of their contents.

171.    The Onex Defendants admit the allegations contained in the first sentence of Paragraph No. 171.  The Onex Defendants deny the allegations contained in the second sentence of Paragraph No. 171, and respectfully refer the Court to Jeld-Wen's Quarterly Report for the quarterly period ended April 1, 2017, filed with the SEC on Form 10-Q on May 12, 2017, for a complete and accurate statement of its contents.

172.    The Onex Defendants deny the allegations contained in Paragraph No. 172.

24

173.    The Onex Defendants admit the allegations contained in Paragraph No. 173.

174.    The Onex Defendants deny the allegations contained in Paragraph No. 174, and respectfully refer the Court to Jeld-Wen's First SPO Registration Statement, filed with the SEC on Form S-1 on May 15, 2017, amended on May 22, 2017 (the "First IPO Registration Statement") and Jeld-Wen's Secondary Public Offering Prospectus, filed pursuant to SEC Rule 424B4 on May 26, 2017 (the "First SPO Prospectus", and together with the First IPO Registration Statement, the "First SPO Offering Materials") for a complete and accurate statement of their contents.

175.    The Onex Defendants deny the allegations contained in Paragraph No. 175, and respectfully refer the Court to the First SPO Offering Materials.

176.    The Onex Defendants deny the allegations contained in Paragraph No. 176, and respectfully refer the Court to the First SPO Offering Materials.

177.    The Onex Defendants deny the allegations contained in Paragraph No. 177, and respectfully refer the Court to the First SPO Offering Materials.

178.    The Onex Defendants deny the allegations contained in Paragraph No. 178.

179.    The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 179, and respectfully refer the Court to the analyst report issued by Credit Suisse, dated June 22, 2017, for a complete and accurate statement of its contents.

180.    The Onex Defendants admit the allegations contained in the first sentence of Paragraph No. 180.  The Onex Defendants deny the allegations contained in the second sentence of Paragraph No. 180, and respectfully refer the Court to Jeld-Wen's Quarterly Report for the quarterly period ended July 1, 2017, filed with the SEC on Form 10-Q on August 8, 2017, for a complete and accurate statement of its contents.

181.     The Onex Defendants deny the allegations contained in Paragraph No. 181.

182.     The Onex Defendants deny the allegations contained in Paragraph No. 182, and respectfully refer the Court to the transcript of Jeld-Wen's Second Quarter 2017 Earnings Conference Call, which took place on August 8, 2017, for a complete and accurate statement of its contents.

183.     The Onex Defendants deny the allegations contained in Paragraph No. 183, and respectfully refer the Court to Jeld-Wen's Second Quarter 2017 Investor Presentation, dated August 8, 2017, for a complete and accurate statement of its contents.

184.     The Onex Defendants deny the allegations contained in Paragraph No. 184.

185.     The Onex Defendants deny the allegations contained in Paragraph No. 185, and respectfully refer the Court to the transcript of Jeld-Wen's Second Quarter 2017 Earnings Conference Call, which took place on August 8, 2017, for a complete and accurate statement of its contents.

186.     The Onex Defendants deny the allegations contained in Paragraph No. 186.

187.     The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 187, and respectfully refer the Court to the analyst report issued by Wells Fargo & Co., dated August 8, 2017, for a complete and accurate statement of their contents.

188.     The Onex Defendants admit the allegations contained in the first and second sentences of Paragraph No. 188.  The Onex Defendants deny the allegations contained in the third sentence of Paragraph No. 188, and respectfully refer the Court to the transcript of the Royal Bank of Canada Global Industries Conference, which took place on September 14, 2017, for a complete and accurate statement of its contents.

189.    The Onex Defendants deny the allegations contained in Paragraph No. 189.

190.    The Onex Defendants deny the allegations contained in Paragraph No. 190, and respectfully refer the Court to the Jeld-Wen press release, dated November 7, 2017, and filed with the SEC on Form 8-K that same day, titled "JELD-WEN Announces Third Quarter Results; Updates Outlook for 2017 Revenue and Adjusted EBITDA," for a complete and accurate statement of its contents.

191.    The Onex Defendants deny the allegations contained in Paragraph No. 191, and respectfully refer the Court to the transcript of Jeld-Wen's Third Quarter 2017 Earnings Conference Call, which took place on November 7, 2017, for a complete and accurate statement of its contents.

192.    The Onex Defendants deny the allegations contained in Paragraph No. 192, and respectfully refer the Court to the transcript of Jeld-Wen's Third Quarter 2017 Earnings Conference Call, which took place on November 7, 2017, for a complete and accurate statement of its contents.

193.    The Onex Defendants deny the allegations contained in Paragraph No. 193, and respectfully refer the Court to Jeld-Wen's Third Quarter 2017 Investor Presentation, dated November 7, 2017, for a complete and accurate statement of its contents.

194.    The Onex Defendants deny the allegations contained in Paragraph No. 194.

195.    The Onex Defendants admit the allegations contained in the first sentence of Paragraph No. 195.  The Onex Defendants deny the allegations contained in the second sentence of Paragraph No. 195, and respectfully refer the Court to Jeld-Wen's Quarterly Report for the quarterly period ended September 30, 2017, filed with the SEC on Form 10-Q on November 8, 2017, for a complete and accurate statement of its contents.

27

196.    The Onex Defendants deny the allegations contained in Paragraph No. 196.

197.    The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 197, and respectfully refer the Court to the analyst report issued by Credit Suisse, dated November 7, 2017, and the analyst report issued by RBC Capital Markets, dated November 8, 2017, for a complete and accurate statement of their contents.

198.    The Onex Defendants admit the allegations contained in the first and second sentences of Paragraph No. 198.  The Onex Defendants deny the allegations contained in the third sentence of Paragraph No. 198, and respectfully refer the Court to the transcript of the Robert W. Baird Global Industries Conference, which took place on November 8, 2017, for a complete and accurate statement of its contents.

199.    The Onex Defendants deny the allegations contained in Paragraph No. 199.

200.    The Onex Defendants admit the allegations contained in Paragraph No. 200.

201.    The Onex Defendants deny the allegations contained in Paragraph No. 201, and respectfully refer the Court to Jeld-Wen's Second SPO Registration Statement, filed with the SEC on Form S-1 on November 13, 2017 (the "Second IPO Registration Statement") and Jeld-Wen's Secondary Public Offering Prospectus, filed pursuant to SEC Rule 424B4 on November 17, 2017 (the "Second SPO Prospectus", and together with the Second IPO Registration Statement, the "Second SPO Offering Materials")  for a complete and accurate statement of their contents.

202.    The Onex Defendants deny the allegations contained in Paragraph No. 202, and respectfully refer the Court to the Second SPO Offering Materials.

203.    The Onex Defendants deny the allegations contained in Paragraph No. 203, and respectfully refer the Court to the Second SPO Offering Materials.

204.   The Onex Defendants deny the allegations contained in Paragraph No. 204, and respectfully refer the Court to the Second SPO Offering Materials.

205.   The Onex Defendants deny the allegations contained in Paragraph No. 205.

206.   The Onex Defendants deny the allegations contained in Paragraph No. 206, except admit that, on February 15, 2018, the jury in *Steves & Sons, Inc. v. Jeld-Wen, Inc.*, No. 3:16-cv-545 (E.D. Va.), returned a verdict in favor of Steves & Sons, Inc., and respectfully refer the Court to the Jeld-Wen press release, dated February 15, 2018, titled "JELD-WEN Announces Jury Verdict in Steves & Sons Lawsuit," for a complete and accurate statement of its contents.

207.   The Onex Defendants deny the allegations contained in Paragraph No. 207, and respectfully refer the Court to the Jeld-Wen press release, dated February 15, 2018, titled "JELD-WEN Announces Jury Verdict in Steves & Sons Lawsuit," for a complete and accurate statement of its contents.

208.   The Onex Defendants deny the allegations contained in Paragraph No. 208.

209.   The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 209, and respectfully refer the Court to the analyst report issued by Bank of America, dated February 16, 2018, for a complete and accurate statement of its contents.

210.   The Onex Defendants deny the allegations contained in Paragraph No. 210, and respectfully refer the Court to analyst reports issued by Bank of America, dated February 16, 2018, and Gabelli & Company, dated February 20, 2018, for a complete and accurate statement of their contents.

211.   The Onex Defendants deny the allegations contained in Paragraph No. 211, and respectfully refer the Court to the transcript of Jeld-Wen's Fourth Quarter 2017 Earnings

29

Conference Call, which took place on February 21, 2018, for a complete and accurate statement of its contents.

212.    The Onex Defendants deny the allegations contained in Paragraph No. 212.

213.    The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 213, and respectfully refer the Court to the analyst report issued by RBC Capital Markets, dated February 22, 2018, for a complete and accurate statement of its contents.

214.    The Onex Defendants admit the allegations contained in the first sentence of Paragraph No. 214.  The Onex Defendants deny the allegations contained in the second sentence of Paragraph No. 214, and respectfully refer the Court to Jeld-Wen's Annual Report for the year ended December 31, 2017, filed with the SEC on Form 10-K on March 6, 2018, for a complete and accurate statement of its contents.

215.    The Onex Defendants deny the allegations contained in Paragraph No. 215, and respectfully refer the Court to Jeld-Wen's Annual Report for the year ended December 31, 2017, filed with the SEC on Form 10-K on March 6, 2018, for a complete and accurate statement of its contents.

216.    The Onex Defendants deny the allegations contained in Paragraph No. 216, and respectfully refer the Court to Jeld-Wen's Annual Report for the year ended December 31, 2017, filed with the SEC on Form 10-K on March 6, 2018, for a complete and accurate statement of its contents.

217.    The Onex Defendants deny the allegations contained in Paragraph No. 217, and respectfully refer the Court to ex Jeld-Wen's Annual Report for the year ended December 31,

2017, filed with the SEC on Form 10-K on March 6, 2018, for a complete and accurate statement of its contents.

218. The Onex Defendants deny the allegations contained in Paragraph No. 218.

219. The Onex Defendants deny the allegations contained in Paragraph No. 219, and respectfully refer the Court to the transcript of Jeld-Wen's First Quarter 2018 Earnings Conference Call, which took place on May 8, 2018, for a complete and accurate statement of its contents.

220. The Onex Defendants deny the allegations contained in Paragraph No. 220.

221. The Onex Defendants admit the allegations contained in the first sentence of paragraph No. 221. The Onex Defendants deny the allegations contained in the second sentence of Paragraph No. 221, and respectfully refer the Court to Jeld-Wen's Quarterly Report for the quarterly period ended March 31, 2018, filed with the SEC on Form 10-Q on May 9, 2018, for a complete and accurate statement of its contents.

222. The Onex Defendants deny the allegations contained in Paragraph No. 222.

223. The Onex Defendants admit the allegations contained in the first sentence of Paragraph No. 223. The Onex Defendants deny the allegations contained in the second sentence of Paragraph No. 223, and respectfully refer the Court to Jeld-Wen's Quarterly Report for the quarterly period ended June 30, 2018, filed with the SEC on Form 10-Q on August 7, 2018, for a complete and accurate statement of its contents.

224. The Onex Defendants deny the allegations contained in Paragraph No. 224.

225. The Onex Defendants deny the allegations contained in Paragraph No. 225, and respectfully refer the Court to the transcript of Jeld-Wen's Second Quarter 2018 Earnings Conference Call, which took place on August 7, 2018, for a complete and accurate statement of its contents.

226.    The Onex Defendants deny the allegations contained in Paragraph No. 226.

227.    The Onex Defendants deny the allegations contained in Paragraph No. 227, and respectfully refer the Court to the transcript of Jeld-Wen's Second Quarter 2018 Earnings Conference Call, which took place on August 7, 2018, for a complete and accurate statement of its contents.

228.    The Onex Defendants deny the allegations contained in Paragraph No. 228.

229.    The Onex Defendants deny the allegations contained in Paragraph No. 229, and respectfully refer the Court to the *Steves* Opinion for a complete and accurate statement of its contents.

230.    The Onex Defendants deny the allegations contained in Paragraph No. 230.

231.    The Onex Defendants deny the allegations contained in Paragraph No. 231, and respectfully refer the Court to the Jeld-Wen press release, dated October 6, 2018, titled "JELD-WEN Announces Rulings in Steves & Sons Litigation; No Final Judgment on Antitrust Claims," and filed with the SEC on Form 8-K on October 9, 2018, for a complete and accurate statement of its contents.

232.    The Onex Defendants deny the allegations contained in Paragraph No. 232, and respectfully refer the Court to the Jeld-Wen press release, dated October 6, 2018, titled "JELD-WEN Announces Rulings in Steves & Sons Litigation; No Final Judgment on Antitrust Claims," for a complete and accurate statement of its contents.

233.    The Onex Defendants deny the allegations contained in Paragraph No. 233.

234.    The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 234, and respectfully refer the Court

to the analyst report issued by Bank of America, dated February 16, 2018, for a complete and accurate statement of its contents.

235. The Onex Defendants deny the allegations contained in Paragraph No. 235, and respectfully refer the Court to the *Steves* Opinion for a complete and accurate statement of its contents.

236. The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 236, except admit that Lead Plaintiffs purport to characterize statements made by analysts at RBC Capital Markets, and respectfully refer the Court to the analyst report issued by Bank of America, dated October 8, 2018 for a complete and accurate statement of its contents.

237. The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 237, except that, insofar as Paragraph No. 237 purports to characterize trading prices for Jeld-Wen stock, the Onex Defendants respectfully refer the Court to the actual trading records for a complete and accurate statement of their contents.

238. The Onex Defendants deny the allegations contained in Paragraph No. 238, and respectfully refer the Court to the Jeld-Wen press release, dated October 6, 2018, titled "JELD-WEN Announces Rulings in Steves & Sons Litigation; No Final Judgment on Antitrust Claims," for a complete and accurate statement of its contents.

239. The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 239, and respectfully refer the Court to the analyst report issued by Bank of America, dated October 8, 2018, for a complete and accurate statement of its contents.

240.    The Onex Defendants deny the allegations contained in Paragraph No. 240, and respectfully refer the Court to the Jeld-Wen press release, dated October 15, 2018, titled "JELD-WEN Announces Preliminary Financial Results for the Third Quarter of Fiscal 2018 and Date of Conference Call" and the Jeld-Wen press release, dated October 15, 2018, titled "JELD-WEN Announces the Departure of Brooks Mallard, CFO and the Promotion of John Linker to CFO," for a complete and accurate statement of their contents.

241.    The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 241, and respectfully refer the Court to the analyst report issued by J.P. Morgan, dated October 16, 2018, and the analyst report issued by Gabelli, dated October 17, 2018, for a complete and accurate statement of their contents.

242.    The Onex Defendants deny the allegations contained in Paragraph No. 242, except that, insofar as Paragraph No. 242 purports to characterize trading prices for Jeld-Wen stock, the Onex Defendants respectfully refer the Court to the actual trading records for a complete and accurate statement of their contents.

243.    The Onex Defendants deny the allegations contained in Paragraph No. 243.

244.    The Onex Defendants deny the allegations contained in Paragraph No. 244.

245.    The Onex Defendants deny the allegations contained in Paragraph No. 245, except that, insofar as the second sentence of Paragraph No. 245 purports to characterize trading prices for Jeld-Wen stock, the Onex Defendants respectfully refer the Court to the actual trading records for a complete and accurate statement of their contents.

246.    The Onex Defendants deny the allegations contained in Paragraph No. 246.

247.    The Onex Defendants deny the allegations contained in Paragraph No. 247, except that, insofar as the second sentence of Paragraph No. 247 purports to characterize trading prices

34

for Jeld-Wen stock, the Onex Defendants respectfully refer the Court to the actual trading records for a complete and accurate statement of their contents.

248. The Onex Defendants deny the allegations contained in Paragraph No. 248, except that, insofar as the second sentence of Paragraph No. 248 purports to characterize trading prices for Jeld-Wen stock, the Onex Defendants respectfully refer the Court to the actual trading records for a complete and accurate statement of their contents.

249. The Onex Defendants deny the allegations contained in Paragraph No. 249, and respectfully refer the Court to the *Steves* Opinion for a complete and accurate statement of its contents.

250. The Onex Defendants deny the allegations contained in Paragraph No. 250, and respectfully refer the Court to the *Steves* Opinion for a complete and accurate statement of its contents.

251. The Onex Defendants deny the allegations contained in Paragraph No. 251, and respectfully refer the Court to the *Steves* Opinion for a complete and accurate statement of its contents.

252. The Onex Defendants deny the allegations contained in Paragraph No. 252, and respectfully refer the Court to the *Steves* Opinion for a complete and accurate statement of its contents.

253. The Onex Defendants deny the allegations contained in Paragraph No. 253, and respectfully refer the Court to the *Steves* Opinion for a complete and accurate statement of its contents.

254.    The Onex Defendants deny the allegations contained in Paragraph No. 254, and respectfully refer the Court to the *Steves* Opinion and the IPO Prospectus for a complete and accurate statement of their contents.

255.    The Onex Defendants deny the allegations contained in Paragraph No. 255, except that, insofar as Paragraph No. 255 purports to characterize trading prices for Jeld-Wen stock, the Onex Defendants respectfully refer the Court to the actual trading records for a complete and accurate statement of their contents.

256.    The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 256, and respectfully refer the Court to the analyst report issued by Bank of America, dated October 8, 2018, for a complete and accurate statement of its contents.

257.    The Onex Defendants deny the allegations contained in Paragraph No. 257, and respectfully refer the Court to the Jeld-Wen press release, dated October 6, 2018, titled "JELD-WEN Announces Rulings in Steves & Sons Litigation; No Final Judgment on Antitrust Claims," for a complete and accurate statement of its contents.

258.    The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 258, and respectfully refer the Court to the analyst report issued by Bank of America, dated February 16, 2018, for a complete and accurate statement of its contents.

259.    The Onex Defendants deny the allegations contained in Paragraph No. 259, and respectfully refer the Court to the Jeld-Wen press release, dated October 15, 2018, titled "JELD-WEN Announces Preliminary Financial Results for the Third Quarter of Fiscal 2018 and Date of Conference Call," for a complete and accurate statement of its contents.

260.    The Onex Defendants deny the allegations contained in Paragraph No. 260.

261.    The Onex Defendants deny the allegations contained in Paragraph No. 261, and respectfully refer the IPO Prospectus for a complete and accurate statement of its contents.

262.    The Onex Defendants deny the allegations contained in the first sentence of Paragraph No. 262, except that, insofar as the first sentence of Paragraph No. 262 purports to characterize trading prices for Jeld-Wen stock, the Onex Defendants respectfully refer the Court to the actual trading records for a complete and accurate statement of their contents.  The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the second and third sentences of Paragraph No. 262, and respectfully refer the Court to the analyst report issued by Gabelli, dated October 17, 2018, and the analyst report issued by RBC Capital Markets, dated November 7, 2018, for a complete and accurate statement of their contents.

263.    The Onex Defendants deny the allegations contained Paragraph No. 263.

264.    The Onex Defendants deny the allegations contained Paragraph No. 264.

265.    The Onex Defendants deny the allegations contained in Paragraph No. 265, except that, insofar as the first sentence of Paragraph No. 265 purports to characterize the trading volume of Jeld-Wen stock, the Onex Defendants respectfully refer the Court to the actual trading records for a complete and accurate statement of their contents.

266.    The Onex Defendants deny the allegations contained in Paragraph No. 266, except that, insofar as the first sentence of Paragraph No. 266 purports to characterize the trading price for Jeld-Wen stock, the Onex Defendants respectfully refer the Court to the actual trading records for a complete and accurate statement of their contents.

267.    The Onex Defendants deny the allegations contained in Paragraph No. 267.

268.    The Onex Defendants deny the allegations contained in the first sentence of Paragraph No. 268.  The Onex Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in the second, third and fourth sentences of Paragraph No. 268, except admit that, on August 3, 2001, the Antitrust Division of the U.S. Department of Justice filed a Complaint in *USA v. Premdor Inc., et al*, No. 1:01-cv-01696 (D.D.C.).

269.    The Onex Defendants deny the allegations contained in the first sentence of Paragraph No. 269.

270.    The Onex Defendants deny the allegations contained in Paragraph No. 270, and respectfully refer the Court to the *Steves* Opinion for a complete and accurate statements of its contents.

271.    The Onex Defendants deny the allegations contained in Paragraph No. 271, and respectfully refer the Court to the *Steves* Opinion for a complete and accurate statements of its contents.

272.    The Onex Defendants deny the allegations contained in Paragraph No. 272, and respectfully refer the Court to the *Steves* Opinion for a complete and accurate statements of its contents.

273.    The Onex Defendants deny the allegations contained in Paragraph No. 273, and respectfully refer the Court to the *Steves* Opinion for a complete and accurate statements of its contents.

274.    The Onex Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 274.

275.    The Onex Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 275, and respectfully refer the Court to the *Steves* Complaint for a complete and accurate statement of its contents.

276.    The Onex Defendants deny the allegations contained in Paragraph No. 276.

277.    The Onex Defendants deny the allegations contained in Paragraph No. 277.

278.    The Onex Defendants deny the allegations contained in the first sentence of Paragraph No. 278, and respectfully refer the Court to the *Steves* Complaint for a complete and accurate statement of its contents. The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the second sentence of Paragraph No. 278, and respectfully refer the Court to the analyst report issued by Bank of America, dated October 8, 2018, for a complete and accurate statement of its contents.

279.    The Onex Defendants deny the allegations contained in the first sentence of Paragraph No. 279.

280.    The Onex Defendants deny the allegations contained in Paragraph No. 280, and respectfully refer the Court to the transcripts of Jeld-Wen earnings calls for a complete and accurate statement of their contents.

281.    The Onex Defendants deny the allegations contained in Paragraph No. 281.

282.    The Onex Defendants deny the allegations contained in Paragraph No. 282, and respectfully refer the Court to the transcript of Jeld-Wen's Fourth Quarter 2016 Earnings Conference Call, which took place on February 22, 2017, for a complete and accurate statement of its contents.

283.    The Onex Defendants deny the allegations contained in Paragraph No. 283, and respectfully refer the Court to the transcript of Jeld-Wen's First Quarter 2018 Earnings Conference

Call, which took place on May 8, 2018, and the transcript of Jeld-Wen's Second Quarter 2018 Earnings Conference Call, which took place on August 7, 2018, for a complete and accurate statement of their contents.

284.    The Onex Defendants deny the allegations contained in Paragraph No. 284, and respectfully refer the Court to the transcript of Jeld-Wen's Fourth Quarter 2017 Earnings Conference Call, which took place on February 21, 2018, and the transcript of Jeld-Wen's Second Quarter 2018 Earnings Conference Call, which took place on August 7, 2018, for a complete and accurate statement of their contents.

285.    The Onex Defendants deny the allegations contained in Paragraph No. 285.

286.    The Onex Defendants deny the allegations contained in Paragraph No. 286.

287.    The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 287 and as to whether the referenced statements were made by the unidentified confidential witnesses in Paragraph No. 287.

288.    The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 288 and as to whether the referenced statements were made by the unidentified confidential witness in Paragraph No. 288.

289.    The Onex Defendants deny knowledge or information sufficient to form a belief about the truth of deny the allegations contained in Paragraph No. 289.

290.    The Onex Defendants deny the allegations contained in Paragraph No. 290.

291.    The Onex Defendants deny the allegations contained in Paragraph No. 291.

292.    The Onex Defendants deny the allegations contained in Paragraph No. 292, except admit that Defendant Mallard, in his capacity as CFO, signed each Form 10-K and Form 10-Q filed by Jeld-Wen with the SEC throughout his tenure at Jeld-Wen, and respectfully refer the Court

40

to the IPO Prospectus and the Jeld-Wen press release, dated October 15, 2018, titled "JELD-WEN Announces Preliminary Financial Results for the Third Quarter of Fiscal 2018 and Date of Conference Call" and the Jeld-Wen press release, dated October 15, 2018, titled "JELD-WEN Announces the Departure of Brooks Mallard, CFO and the Promotion of John Linker to CFO," for a complete and accurate statement of their contents.

293. The Onex Defendants deny the allegations contained in Paragraph No. 293.

294. The Onex Defendants deny the allegations contained in Paragraph No. 294.

295. The Onex Defendants deny the allegations contained in Paragraph No. 295.

296. The Onex Defendants deny the allegations contained in Paragraph No. 296.

297. The allegations contained in Paragraph No. 297 are legal conclusions to which no response is required. To the extent a response is required, the Onex Defendants deny the allegations contained in Paragraph No. 297, except admit that Lead Plaintiffs purport to bring the action as a class action.

298. The allegations contained in Paragraph No. 298 are legal conclusions to which no response is required. To the extent a response is required, the Onex Defendants deny the allegations contained in Paragraph No. 298, except admit that Jeld-Wen common stock trades on the NYSE under the symbol "JELD".

299. The allegations contained in Paragraph No. 299 are legal conclusions to which no response is required. To the extent a response is required, the Onex Defendants deny the allegations contained Paragraph No. 299.

300. The Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 300.

301.    The allegations contained in Paragraph No. 301 are legal conclusions to which no response is required. To the extent a response is required, the Onex Defendants deny the allegations contained in Paragraph No. 301.

302.    The Onex Defendants deny the allegations contained in Paragraph No. 302.

303.    The Onex Defendants deny the allegations contained in Paragraph No. 303, except admit that Lead Plaintiffs purport that they will rely upon the presumption of reliance provided by the fraud-on-the-market doctrine.

304.    The Onex Defendants deny the allegations contained in Paragraph No. 304.

305.    The Onex Defendants deny the allegations contained in Paragraph No. 305.

306.    The Onex Defendants deny the allegations contained in Paragraph No. 306 except the Onex Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Lead Plaintiffs and other members of the Class' purchase of Jeld-Wen common stock.

307.    The allegations contained in Paragraph No. 307 are legal conclusions to which no response is required.  To the extent a response is required, the Onex Defendants deny the allegations contained in Paragraph No. 307.

308.    The allegations contained in Paragraph No. 308 are legal conclusions to which no response is required.  To the extent a response is required, the Onex Defendants deny the allegations contained in Paragraph No. 308.

309.    The allegations contained in Paragraph No. 309 are legal conclusions to which no response is required.  To the extent a response is required, the Onex Defendants deny the allegations contained in Paragraph No. 309.

310.    The allegations contained in Paragraph No. 310 are legal conclusions to which no response is required.  To the extent a response is required, the Onex Defendants deny the allegations contained in Paragraph No. 310.

311.    The Onex Defendants deny the allegations contained in Paragraph No. 311.

312.    The Onex Defendants deny the allegations contained in Paragraph No. 312.

## COUNT I
### Violation of Section 10(b) of the Exchange Act and Rule 10b-5
### Against Jeld-Wen and the Individual Defendants

313.    The Onex Defendants repeat and re-respond to each and every allegation contained above as if fully set forth herein.

314.    The allegations contained in Paragraph No. 314 are legal conclusions to which no response is required.  To the extent a response is required, the Onex Defendants deny the allegations contained in Paragraph No. 314, except admit that Lead Plaintiffs purport to base their claims on the statutory provisions cited in Paragraph No. 314.

315.    The allegations contained in Paragraph No. 315 are legal conclusions to which no response is required.  To the extent a response is required, the Onex Defendants deny the allegations contained in Paragraph No. 315.

316.    The Onex Defendants deny the allegations contained in Paragraph No. 316.

317.    The Onex Defendants deny the allegations contained in Paragraph No. 317.

318.    The Onex Defendants deny the allegations contained in Paragraph No. 318.

319.    The allegations contained in Paragraph No. 319 are legal conclusions to which no response is required.  To the extent a response is required, the Onex Defendants deny the allegations contained in Paragraph No. 319.

43

<u>*COUNT II*</u>
*Violation of Section 20(a) of the Exchange Act*
*Against All Individual Defendants and Onex Defendants*

320.    The Onex Defendants repeat and re-respond to each and every allegation contained above as if fully set forth herein.

321.    The allegations contained in Paragraph No. 321 are legal conclusions to which no response is required.  To the extent a response is required, the Onex Defendants deny the allegations contained in Paragraph No. 321, except admit that Lead Plaintiffs purport to base their claims on the statutory provision cited in Paragraph No. 321.

322.    The allegations contained in Paragraph No. 322 are legal conclusions to which no response is required.  To the extent a response is required, the Onex Defendants deny the allegations contained in Paragraph No. 322.

323.    The Onex Defendants deny the allegations contained in Paragraph No. 323.

324.    The allegations contained in Paragraph No. 324 are legal conclusions to which no response is required.  To the extent a response is required, the Onex Defendants deny the allegations contained in Paragraph No. 324.

325.    The allegations contained in Paragraph No. 325 are legal conclusions to which no response is required.  To the extent a response is required, the Onex Defendants deny the allegations contained in Paragraph No. 325.

**PRAYER FOR RELIEF**

The Onex Defendants deny that Lead Plaintiffs are entitled to relief, seek all equitable or other relief against Lead Plaintiffs as a consequence of defending this action including attorneys' fees and costs if warranted, and seek such further relief as the Court deems just and proper.  The Onex Defendants further deny that this action is appropriate for class action treatment.

44

## JURY DEMAND

The Onex Defendants deny the allegation of Lead Plaintiffs' demand for jury trial, except admit that Plaintiffs purport to demand a jury trial.

\*   \*   \*

## DEFENSES

The Onex Defendants assert the following defenses, without assuming the burden of proof on such defenses that would otherwise rest with Lead Plaintiffs, and reserve the right to assert other defenses and claims if and when they become appropriate and/or available.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Lead Plaintiffs' claims are barred in whole or in part because the alleged misstatements are non-actionable forward-looking statements that are accompanied by meaningful cautionary language and protected by the bespeaks caution doctrine and/or the Safe Harbor provisions for forward-looking statements in the Private Securities Litigation Reform Act of 1995, including without limitation 15 U.S.C. §§ 77z-2.

## THIRD DEFENSE

Lead Plaintiffs' claims are barred because they are predicated on statements of opinion or belief, which were neither objectively false when made nor misrepresented the speaker's subjective opinion or belief.

## FOURTH DEFENSE

Lead Plaintiffs and the purported class cannot recover all or part of the amounts claimed because such amounts represent losses caused by factors other than the diminution in value of securities at issue resulting from alleged misstatements.

## FIFTH DEFENSE

The Onex Defendants are not liable to Lead Plaintiffs or the purported class because they did not make any material misstatements or material omissions, and the Onex Defendants are not responsible in law or fact for any material misstatements or material omissions by others.

## SIXTH DEFENSE

Lead Plaintiffs' claims are barred, in whole or in part, because the Onex Defendants acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations or causes of action.

## SEVENTH DEFENSE

No act or omission attributed to the Onex Defendants in the Complaint was the actual or proximate cause of any alleged injury suffered by Lead Plaintiffs or the purported class. Moreover, the Onex Defendants are not liable for any alleged damages suffered by Lead Plaintiffs or the purported class to the extent that Lead Plaintiffs' or the class' purported injuries and damages, if any, were caused or contributed, in whole or in part, by the policies, practices, acts, or omissions of independent persons or entities other than the Onex Defendants over which the Onex Defendants had no control.

## EIGHTH DEFENSE

Lead Plaintiffs' and the purported class' claims are barred, in whole or in part, to the extent that Lead Plaintiffs cannot establish primary liability under the Securities Act, which is a prerequisite for control person liability under Section 15 of the statute.

46

## NINTH DEFENSE

Lead Plaintiffs are not entitled to recover attorneys' fees.

## TENTH DEFENSE

The Onex Defendants adopt and incorporate any other defense asserted or to be asserted by any of the other Defendants to the extent the Onex Defendants may share in such a defense.

**WHEREFORE,** the Onex Defendants respectfully request that the Court:

1. Deny all claims for relief asserted by Lead Plaintiffs against the Onex Defendants in the Complaint and dismiss the Complaint;

2. Grant the Onex Defendants all equitable or other relief against Lead Plaintiffs as a consequence of defending this action including attorneys' fees and costs; and

3. Grant the Onex Defendants such other and further relief as the Court deems just and proper.

Dated: November 5, 2020                    Respectfully submitted,

CHRISTIAN & BARTON LLP
By: _____ */s/ Roman Lifson* _____
Warren David Harless (VSB #20816)
Roman Lifson (VSB #43714)
Shannan M. Fitzgerald (VSB #90712)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
wharless@cblaw.com
rlifson@cblaw.com
sfitzgerald@cblaw.com

47

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
Peter L. Simmons (*pro hac vice*)
Michael Keats (*pro hac vice*)
Corey F. Baron (NY Bar only)
One New York Plaza
New York, New York 10004-1980
Telephone: (212) 859-8000
Facsimile:  (212) 859-4000
peter.simmons@friedfrank.com
michael.keats@friedfrank.com
corey.baron@friedfrank.com

*Attorneys for Defendants Onex Corporation,
Onex Partners Manager LP, Onex Partners
III LP, Onex Partners III GP LP, Onex US
Principals LP, Onex Partners III PV LP,
Onex Partners III Select LP, Onex BP Co-
Invest LP, Onex Advisor Subco III LLC,
Onex American Holdings II LLC, OAH
Wind LLC, BP EI LLC, and BP EI II LLC.*

48

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2020, I will electronically file a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the registered participants as identified on the NEF to receive electronic service.

/s/ Roman Lifson
Roman Lifson (VSB #43714)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219
(804) 697-4164

49