UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Richmond Division)

| | | |
|---|---|---|
| In re JELD-WEN HOLDING, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 3:20-cv-00112-JAG <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS. | ) ) ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO EXCLUDE THE TESTIMONY
AND OPINIONS OF DEFENDANTS' EXPERT DANIEL R. FISCHEL**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ....................................................................................................1

II.   LEGAL STANDARD...............................................................................................2

III.  ARGUMENT............................................................................................................2

      A.    Mr. Fischel's Report Does Not Comply with Federal Rule of Civil
           Procedure 26 ................................................................................................2

      B.    Mr. Fischel's Opinions Seek to Usurp the Role of the Jury and Should Be
           Excluded .......................................................................................................6

      C.    Mr. Fischel's Proffered Opinions Are Not Helpful to the Jury and Are Far
           More Prejudicial than Probative .................................................................8

IV.   CONCLUSION.........................................................................................................8

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Adalman v. Baker, Watts & Co.*,
   807 F.2d 359 (4th Cir. 1986), *abrogated on other grounds by*
   *Pinter v. Dahl*,
   486 U.S. 622 (1988)..................................................................................................7

*Adell Plastics, Inc. v. Mt. Hawley Ins. Co.*,
   2019 U.S. Dist. LEXIS 102942
   (D. Md. June 19, 2019) ...........................................................................................8

*Benjamin v. Sparks*,
   2021 U.S. App. LEXIS 1400
   (4th Cir. Jan. 19, 2021) .........................................................................................4, 5

*Bresler v. Wilmington Tr. Co.*,
   855 F.3d 178 (4th Cir. 2017) ...............................................................................3, 4, 5

*Clean Mgmt. Env't Grp. v. Asymmetric Applications Grp.*,
   2020 U.S. Dist. LEXIS 147236
   (D.S.C. June 12, 2020)............................................................................................4

*Collier v. Land & Sea Rest. Co.*,
   2015 WL 13705013
   (W.D. Va. Sept. 18, 2015) .......................................................................................3

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993)............................................................................................1, 2, 8

*Estate of Welsh v. Michaels Stores, Inc.*,
   2020 U.S. Dist. LEXIS 236538
   (D. Md. Dec. 16, 2020) ...........................................................................................3

*Gomez v. Haystax Tech., Inc.*,
   761 Fed. Appx. 220 (4th Cir. 2019)..........................................................................4

*McCarty v. Norfolk S. Ry. Co.*,
   2019 U.S. Dist. LEXIS 231248
   (E.D. Va. Feb. 7, 2019)............................................................................................4

*Peters v. Balt. City Bd. of Sch. Comm'rs*,
   2014 U.S. Dist. LEXIS 116338
   (D. Md. Aug. 21, 2014)............................................................................................8

**Page**

*Russell v. Absolute Collection Servs., Inc.*,
  763 F.3d 385 (4th Cir. 2014) ...................................................................................3

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*,
  318 F.3d 592 (4th Cir. 2003) .............................................................................3, 4, 6

*Sardis v. Overhead Door Corp.*,
  2019 U.S. Dist. LEXIS 22940
  (E.D. Va. Feb. 12, 2019) ......................................................................................1, 2

*Topline Sols., Inc. v. Sandler Sys.*,
  2014 U.S. Dist. LEXIS 199071
  (D. Md. Jan. 24, 2014) ..............................................................................................4

*Trigon Ins. Co. v. United States*,
  204 F.R.D. 277 (E.D. Va. 2001) ...............................................................................4

*United States v. Bilzerian*,
  926 F.2d 1285 (2d Cir. 1991)....................................................................................7

*United States v. Chapman*,
  209 F. App'x 253 (4th Cir. 2006) ..............................................................................7

*United States v. Dorsey*,
  45 F.3d 809 (4th Cir. 1995) .......................................................................................2

*United States v. Offill*,
  666 F.3d 168 (4th Cir. 2011) .....................................................................................7

*Wilkins v. Montgomery*,
  751 F.3d 214 (4th Cir. 2014) .....................................................................................4

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
  78j(b)...........................................................................................................................4

Federal Rules of Civil Procedure
  Rule 26 ............................................................................................... *passim*
  Rule 26(a)...............................................................................................................3, 5
  Rule 26(a)(2)(B)(ii)......................................................................................................2
  Rule 37(c)(1) ...........................................................................................................3, 6

**Page**

Federal Rule of Evidence
    Rule 403 .............................................................................................................1, 2, 8
    Rule 702 .............................................................................................................1, 2, 6
    Rule 704(a)................................................................................................................6

## I.    INTRODUCTION[1]

When evaluating the admissibility of expert witness evidence, "[d]istrict courts act as 'gatekeeper[s]' to ensure that proffered testimony is reliable, relevant, and will assist the trier of fact." *Sardis v. Overhead Door Corp.*, 2019 U.S. Dist. LEXIS 22940, at *4 (E.D. Va. Feb. 12, 2019) (Gibney, J.) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589-93 (1993)). Defendants intend to offer expert witness evidence through Daniel R. Fischel.[2]   However, Mr. Fischel's written report fails to disclose all the materials "considered" in forming his opinions on loss causation and damages in violation of Rule 26 of the Federal Rules of Civil Procedure.  This violation of Rule 26 is to Plaintiffs' prejudice and cannot be cured, and under the rubric set forth by the Fourth Circuit, Defendants should not be permitted to offer Mr. Fischel's opinions or testimony in this matter.  Even if the Court does permit Defendants to offer Mr. Fischel's opinions and testimony in this case, certain opinions should be stricken as they invade the province of the jury as the ultimate arbiter of the facts, and thus are not "helpful" to the jury and inadmissible under Federal Rule of Evidence 702.  Finally, as a result of the above, the Court should exercise its discretion to exclude Mr. Fischel's opinions and testimony under Rule 403 of the Federal Rules of Evidence as they are not helpful to the jury, and are more prejudicial than probative.  For these reasons, the Court should exclude Mr. Fischel's opinions and testimony.

---

[1]  "Plaintiffs" shall refer to Lead Plaintiffs Public Employees' Retirement System of Mississippi and Plumbers and Pipefitters National Pension Fund, and additional Plaintiff Wisconsin Laborers' Pension Fund.  "Defendants" shall refer to Jeld-Wen Holding, Inc. ("Jeld-Wen"), Mark A. Beck, L. Brooks Mallard, Kirk S. Hachigian, Gary S. Michel, Onex Corporation, Onex Partners Manager LP, Onex Partners III LP, Onex Partners III GP LP, Onex US Principals LP, Onex Partners III PV LP, Onex Partners III Select LP, Onex BP Co-Invest LP, Onex Advisor Subco III LLC, Onex American Holdings II LLC, OAH Wind LLC, BP EI LLC, and BP EI II LLC.

[2]  "Fischel Rpt." or the "Report" shall refer to the Expert Report of Daniel R. Fischel, in Opposition to the Report of Professor Steven P. Feinstein, dated February 1, 2021.  Attached hereto as Ex. A. "Fischel Tr." shall refer to the Deposition transcript of Daniel R. Fischel, taken on February 26, 2021.  Attached hereto as Ex. B.

## II.   LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony, requiring that it be "not only relevant, but reliable." *Daubert*, 509 U.S. at 589.  In order to be admissible, expert evidence must satisfy the following two conditions:

> (1) the expert testimony must consist of 'scientific knowledge' – that is, the testimony must be supported by appropriate validation; and (2) the evidence or testimony must 'assist the trier of fact to understand the evidence or to determine a fact in issue.'

*Sardis*, 2019 U.S. Dist. LEXIS 22940, at *4 (quoting *United States v. Dorsey*, 45 F.3d 809, 813 (4th Cir. 1995)).  "[T]he proponent of the expert testimony bears the burden of proving that both prongs are met by a preponderance of the evidence." *Sardis*, 2019 U.S. Dist. LEXIS 22940, at *4.

The court should also exclude an expert's proffered testimony under Rule 403 if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  "'Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it.  Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses.'" *Daubert*, 509 U.S. at 595.

## III.   ARGUMENT

### A.   Mr. Fischel's Report Does Not Comply with Federal Rule of Civil Procedure 26

Rule 26 requires that an expert who provides a written report "must" include in that report "the facts or data considered by the witness in forming [the opinions]."  Fed. R. Civ. P. 26(a)(2)(B)(ii).  "The requirement is to be 'interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients.  The

- 2 -

disclosure obligation extends to any facts or data "considered" by the expert in forming the opinions to be expressed, not only those relied upon by the expert.'" *Estate of Welsh v. Michaels Stores, Inc.*, 2020 U.S. Dist. LEXIS 236538, at *13 (D. Md. Dec. 16, 2020) (quoting Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment). *See also Collier v. Land & Sea Rest. Co.*, 2015 WL 13705013, at *2 (W.D. Va. Sept. 18, 2015) ("The words 'considered by' in Rule 26 require parties to produce more than the information that its experts 'relied on' in forming their opinions."). Mr. Fischel's Report does not meet the disclosure obligations required by Rule 26 as he fails to disclose the materials he "considered" in his Report, and only discloses the materials "relied upon" in formulating his opinions in this case. *See* Fischel Rpt., Appendix B; Fischel Tr. at 33:15-34:18. *See also Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 193 (4th Cir. 2017) (affirming district court's finding that expert witness violated Rule 26(a) disclosure requirement by failing to disclose a document "considered" in forming opinions).

Because Mr. Fischel has not met his disclosure obligations under Rule 26(a), Defendants are "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis," the Fourth Circuit advises "a district court should be guided by the following factors":

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 397 (4th Cir. 2014) (citing *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)). The first four factors primarily relate to the harmlessness exception, while the fifth factor primarily relates to whether the

- 3 -

violation was substantially justified. *Benjamin v. Sparks*, 2021 U.S. App. LEXIS 1400, at \*16 (4th Cir. Jan. 19, 2021) (citing *Bresler*, 855 F.3d at 190). Notably, a district court is "not required to tick through each of the *Southern States* factors," *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014), and retains "'broad discretion' in determining whether a party's nondisclosure or untimely disclosure of evidence is substantially justified or harmless." *Bresler*, 855 F.3d at 190. And "[t]he burden of establishing these factors lies with the nondisclosing party." *Wilkins*, 751 F.3d at 222; *see also McCarty v. Norfolk S. Ry. Co.*, 2019 U.S. Dist. LEXIS 231248, at \*10 (E.D. Va. Feb. 7, 2019). Defendants cannot meet their burden.

Mr. Fischel's failure to disclose the materials "considered" in forming his opinions was not "harmless." The "rules of expert disclosure are designed to allow an opponent to examine an expert opinion for flaws and to develop counter-testimony through that party's own experts." *S. States*, 318 F.3d at 598; *Gomez v. Haystax Tech., Inc.*, 761 Fed. Appx. 220, 232-33 (4th Cir. 2019) (same). An important "purpose of expert discovery is to discover not just the information the expert used in reaching his conclusions, but also what information he ignored or failed to properly incorporate into his analysis." *Clean Mgmt. Env't Grp. v. Asymmetric Applications Grp.*, 2020 U.S. Dist. LEXIS 147236, at \*11-\*12 (D.S.C. June 12, 2020). This is because "an expert's decision to disregard a piece of data may be helpful in 'understanding and testing the validity of an expert's opinion.'" *Topline Sols., Inc. v. Sandler Sys.*, 2014 U.S. Dist. LEXIS 199071, at \*7 (D. Md. Jan. 24, 2014) (quoting *Trigon Ins. Co. v. United States*, 204 F.R.D. 277, 282 (E.D. Va. 2001)).

Mr. Fischel has been retained by Defendants to provide expert opinions and testimony on loss causation and damages, two elements of the Section 10(b) claim that Plaintiffs have brought. Fischel Rpt., ¶16. He has been specifically retained to respond to the opinions of Plaintiffs' loss

- 4 -

causation and damages expert, Dr. Steven P. Feinstein.[3]  *Id.*  Expert evidence relating to issues of loss causation and damages are indisputably central to Plaintiffs' proof of their claim, and indeed, will serve as the chief evidence in proof of these elements.  However, Mr. Fischel's failure to abide by Rule 26's requirement to disclose all the materials he considered in forming his opinions has hamstrung Plaintiffs' efforts to fully analyze Mr. Fischel's opinions and properly prepare a cross-examination of the bases for those opinions, prejudicing Plaintiffs' preparation for trial.  *Bresler*, 855 F.3d at 218 ("the more 'important' the evidence, the more important it is for the proponent to 'disclose [the evidence] in a timely manner' because it is more likely to prejudice the opposing party"); *Benjamin*, 2021 U.S. App. LEXIS 1400, at *18 (same).  Importantly, neither Plaintiffs, nor Defendants, can cure this failure – Mr. Fischel testified he has no list of all the materials he considered in forming his opinions in this matter.  Fischel Tr. at 126:22-127:2.  Defendants, however, have the benefit of a listing of all materials that Dr. Feinstein considered, as required by Rule 26.  Consequently, Plaintiffs are prejudiced in their efforts to fully understand Mr. Fischel's opinions, with no ability to obtain the missing information and effectively cross-examine Mr. Fischel concerning his opinions being offered by Defendants to dispute Plaintiffs' proof of two elements of their claim.  Mr. Fischel's failure to disclose the materials he "considered" is therefore not "harmless."

Moreover, there is simply no "substantial justification" for Mr. Fischel's failure to comply with Rule 26(a). Mr. Fischel is a professional expert witness, able to command $1,600 per hour for his time.  Fischel Tr. at 30:9-31:13.  He has provided expert reports and testimony in more than three dozen federal cases since Rule 26 was amended in 2010 to require the disclosure of materials considered, and should be well aware of his obligations under Rule 26.  Fischel Rpt., Appendix A.

---

[3]  Report on Market Efficiency, Loss Causation and Damages, by Professor Steven P. Feinstein, PhD., CFA, dated January 4, 2021.  Attached hereto as Ex. C.

That Mr. Fischel has not kept a list of the materials he considered, despite his long history of providing expert reports and evidence in matters in which Rule 26 applies, suggests a failure to disclose these materials was not a mere oversight. Even if it were an oversight, however, the Court need not determine that Mr. Fischel acted in "bad faith" to warrant a finding that his failure to disclose the materials considered required by Rule 26 was not substantially justified. *S. States*, 318 F.3d at 596 ("Rule 37(c)(1) does not require a finding of bad faith or callous disregard of the discovery rules.").

Mr. Fischel's failure to meet the disclosure requirements of Rule 26 have inflicted a great prejudice on Plaintiffs that cannot be cured. The balance of the factors outlined in *Southern States* tips in favor of excluding Mr. Fischel's opinions and testimony under Rule 37(c)(1).

**B.    Mr. Fischel's Opinions Seek to Usurp the Role of the Jury and Should Be Excluded**

If this Court permits Defendants to offer expert opinions and testimony through Mr. Fischel, those opinions should to be excluded to the extent they usurp the jury's fact finding role. Here, Mr. Fischel, like Plaintiffs' expert Dr. Feinstein, is being offered by Defendants to provide expert evidence on two ultimate issues – loss causation and damages. This is a permissible use of expert witness testimony. Federal Rule of Evidence 704(a) allows the admission of expert testimony that "embraces an ultimate issue" to be decided by "the trier of fact" so long as that expert testimony is admissible under Rule 702. Here, certain of Mr. Fischel's opinions and testimony are not admissible under Rule 702, as they will not "help the trier of fact to understand the evidence or to determine a fact in issue."

While Plaintiffs, and their expert, disagree with Mr. Fischel's opinions and testimony concerning loss causation and damages in this matter and believe his analysis is flawed, it is not those opinions and testimony Plaintiffs claim are inadmissible. The Fourth Circuit has held that

"when the legal regime is complex and the judge determines that the witness' testimony would be helpful in explaining it to the jury, the testimony may be admitted." *United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011). The concepts of loss causation and damages involve questions of economics and finance, and the application of statistical analysis, undoubtedly putting this case in the category where expert testimony on "highly technical legal issues" will be helpful to the jury. *Id.* (citing *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991)) ("Particularly in complex cases involving the securities industry, expert testimony may help a jury understand unfamiliar terms and concepts."). But Mr. Fischel goes too far by proclaiming that his conclusions concerning loss causation and damages are "the most" or "more plausible." Fischel Rpt., ¶¶17, 23, 36, 46; Fischel Tr. at 72:4-20, 74:9-25, 84:6-23, 98:9-14, 116:14-118:16, 140:20-141:19. Those conclusions should be excluded.

It is the jury's role to determine whether Dr. Feinstein or Mr. Fischel's analysis and conclusions on loss causation and damages are "the most" or "more plausible." Indeed, juries are tasked with resolving questions of fact concerning competing expert evidence all the time, so that it can apply those facts to the law the court instructs them to use. And the Fourth Circuit has warned that while "***an expert may testify to an ultimate fact, and to the practices and usages of a trade, we think care must be taken lest, in the field of securities law, he be allowed to usurp the function of the judge***." *Offill*, 666 F.3d at 174 (quoting *Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 368 (4th Cir. 1986), *abrogated on other grounds by Pinter v. Dahl*, 486 U.S. 622 (1988)). Mr. Fischel's opinion that his loss causation and damages conclusions are "the most" or "more plausible," is not helpful to the jury "because it 'supplies the jury with no information other than the witness's view of how the verdict should read.'" *Id.* at 175. *See also United States v. Chapman*, 209 F. App'x 253, 269 (4th Cir. 2006) ("When an expert undertakes to tell the jury what result to reach, this does not

- 7 -

*aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's."). As such, Mr. Fischel should not be permitted to opine or testify that his loss causation and damages conclusions are "the most" or "more plausible." *Adell Plastics, Inc. v. Mt. Hawley Ins. Co.*, 2019 U.S. Dist. LEXIS 102942, at *9-*11 (D. Md. June 19, 2019) (excluding expert opinion that "tells the jury what result to reach"); *Peters v. Balt. City Bd. of Sch. Comm'rs*, 2014 U.S. Dist. LEXIS 116338, at *20 (D. Md. Aug. 21, 2014) (same).

> ### C. Mr. Fischel's Proffered Opinions Are Not Helpful to the Jury and Are Far More Prejudicial than Probative

Because of the fact that "'[e]xpert evidence can be both powerful and quite misleading,'" the Court should exercise its authority under Rule 403 of the Federal Rules of Evidence to exclude it. *Daubert*, 509 U.S. at 595. For the reasons set for above, any probative value of Mr. Fischel's opinions and testimony is substantially outweighed by the danger of: (1) confusing and misleading the jury about their job in deciding fact, and credibility issues, as it relates to the expert evidence concerning loss causation and damages proffered by the parties' respective expert witnesses; and (2) unfair prejudice to Plaintiffs' ability to fully and effectively cross-examine Mr. Fischel about the bases for his opinions. Mr. Fischel's opinions and testimony should be excluded under Federal Rule of Evidence 403.

## IV.    CONCLUSION

For all the discussed above, Mr. Fischel's opinions and testimony should be excluded.

DATED: March 5, 2021                COHEN MILSTEIN SELLERS & TOLL PLLC
                                    STEVEN J. TOLL (VSB No. 15300)
                                    JOSHUA HANDELSMAN (Admitted *pro hac vice*)


                                    */s/ Steven J. Toll*
                                    STEVEN J. TOLL

- 8 -

1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005
Telephone: 202/408-4600
202/408-4699 (fax)
stoll@cohenmilstein.com
jhandelsman@cohenmilstein.com

*Liaison Counsel for Lead Plaintiffs*

ROBBINS GELLER RUDMAN
   & DOWD LLP
DEBRA J. WYMAN (Admitted *pro hac vice*)
JOHN R. RIGBY (Admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
jrigby@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
ROBERT M. ROTHMAN (Admitted *pro hac vice*)
WILLIAM J. GEDDISH (Admitted *pro hac vice*)
FRANCIS P. KARAM (Admitted *pro hac vice*)
MAGDALENE ECONOMOU (Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
wgeddish@rgrdlaw.com
fkaram@rgrdlaw.com
meconomou@rgrdlaw.com

*Co-Lead Counsel for Plaintiff Plumbers and Pipefitters
National Pension Fund, Additional Plaintiff Wisconsin
Laborers' Pension Fund,
and the Class*

- 9 -

LABATON SUCHAROW LLP
JAMES W. JOHNSON (Admitted *pro hac vice*)
MICHAEL H. ROGERS (Admitted *pro hac vice*)
JAMES T. CHRISTIE (Admitted *pro hac vice*)
PHILIP J. LEGGIO (Admitted *pro hac vice*)
140 Broadway
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)
jjohnson@labaton.com
mrogers@labaton.com
jchristie@labaton.com
pleggio@labaton.com

*Co-Lead Counsel for Plaintiff Public Employees'*
*Retirement System of Mississippi and the Class*

- 10 -

<u>CERTIFICATE OF SERVICE</u>

I, Steven J. Toll, hereby certify that on March 5, 2021, I authorized a true and correct copy

of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF

system, which will send notification of such public filing to all counsel registered to receive such

notice.



*/s/ Steven J. Toll*
STEVEN J. TOLL