# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Richmond Division**

|  |  |  |
|---|---|---|
| *IN RE: JELD-WEN HOLDING, INC.* *SECURITIES LITIGATION* | ) ) ) ) ) ) | Civil Action No. 3:20-cv-112-JAG |

**EXPERT REPORT OF DANIEL R. FISCHEL, IN OPPOSITION TO THE REPORT OF PROFESSOR STEVEN P. FEINSTEIN**

February 1, 2021

## I.    QUALIFICATIONS

1.    I am President of Compass Lexecon, a consulting firm that specializes in the application of economics to a variety of legal and regulatory issues.  I am also the Lee and Brena Freeman Professor of Law and Business Emeritus at The University of Chicago Law School.  I have served previously as Dean of The University of Chicago Law School, Director of the Law and Economics Program at The University of Chicago, and as Professor of Law and Business at The University of Chicago Graduate School of Business, the Kellogg School of Management at Northwestern University, and the Northwestern University Law School.

2.    Both my research and my teaching have concerned the economics of corporate law and financial markets.  I have published approximately fifty articles in leading legal and economics journals and am coauthor, with Judge Frank Easterbrook of the Seventh Circuit Court of Appeals, of the book The Economic Structure of Corporate Law (Harvard University Press, 1991).  Courts of all levels, including the Supreme Court of the United States, have cited my articles as authoritative.  My curriculum vitae, which contains a list of my publications, is attached hereto as **Appendix A**.

3.    I have served as a consultant or adviser on economic issues to, among others, the United States Department of Justice, the United States Securities and Exchange Commission, the National Association of Securities Dealers, the New York Stock Exchange, the Chicago Board of Trade, the Chicago Mercantile Exchange, the New York Mercantile Exchange, the United States Department of Labor, the Federal Deposit Insurance Corporation, the Resolution Trust Corporation, and the Federal Trade Commission.

4.      I am a member of the American Economic Association and the American Finance Association. I am also a former member of the Board of Directors of the Center for the Study of the Economy and the State at The University of Chicago, and former Chairman of the American Association of Law Schools' Section on Law and Economics. I have testified as an expert witness in multiple proceedings in federal and state courts across the country, as detailed in **Appendix A**.

## II.    INTRODUCTION

### A.    Background

5.      JELD-WEN Holding, Inc. ("JELD-WEN" or the "Company") is a vertically-integrated global manufacturer and distributor of doors and windows.[1]  Among its products are interior molded doors, which are made from two composite molded doorskins joined by a wooden frame and filled with a hollow honey-cell core or other solid core materials.[2]  JELD-WEN also sells molded doorskins to independent manufacturers that in turn use the molded doorskins to manufacture interior doors.[3]

6.      On January 26, 2017, JELD-WEN announced the pricing of its initial public offering ("IPO").[4]  In its IPO prospectus, the Company disclosed that independent door manufacturer and doorskins customer Steves & Sons, Inc. ("Steves") had sued the Company on antitrust grounds (the "Steves Doorskins Litigation").[5]  After the market closed on February 15, 2018, JELD-WEN issued a press release disclosing that the jury

---

1    JELD-WEN 10-K for year ended December 31, 2016 at F-8.
2    JELD-WEN 10-K for year ended December 31, 2016 at 9.
3    JELD-WEN 10-K for year ended December 31, 2016 at F-45.
4    *Business Wire*, "JELD-WEN Announces Pricing of Initial Public Offering," January 26, 2017, 9:29 PM.
5    JELD-WEN Prospectus, January 26, 2017, at 110.

in the Steves Doorskins Litigation had returned a verdict against the Company (the "Jury Verdict").[6]

7.    After the market closed on Friday, October 5, 2018, Steves issued a press release announcing that it "won an order of divestiture" in which "JELD-WEN will be required to sell its doorskin plant in Towanda, Pennsylvania" (the "Steves Press Release").[7]  Steves further stated that "Judge Robert E. Payne's decision is designed to restore competition in the marketplace."[8]  JELD-WEN discussed the ruling in further detail in a press release issued on October 6, 2018, including the dollar amount that was awarded.[9]  I refer to the judge's ruling as the "Steves Remedy Opinion" and to the potential Towanda plant divestiture as the "Potential Doorskin Plant Divestiture."

8.    After the market closed on October 15, 2018, JELD-WEN announced preliminary third quarter 2018 financial estimates and revised its outlook for full-year 2018 downward (the "3Q18 Pre-Announcement").  *See* Exhibit 1.  JELD-WEN also disclosed a litigation contingency charge for the Steves Doorskins Litigation (the "Steves Litigation Charge").  *See id.*

## B.    Plaintiffs' Allegations

9.    Public Employees' Retirement System of Mississippi, the Plumbers and Pipefitters National Pension Fund, and the Wisconsin Laborers' Pension Fund (collectively, "Plaintiffs"), bring this action on behalf of a class of investors (the "Class")

---

6    *Business Wire*, "Jeld-Wen Announces Jury Verdict in Steves & Sons Lawsuit," February 15, 2018, 6:48 PM.

7    *Business Wire*, "Steves & Sons Wins Antitrust Decision As Federal Judge Orders JELD-WEN to Divest Towanda Plant to Restore Marketplace Competition," October 5, 2018, 10:45 PM.

8    *Business Wire*, "Steves & Sons Wins Antitrust Decision As Federal Judge Orders JELD-WEN to Divest Towanda Plant to Restore Marketplace Competition," October 5, 2018, 10:45 PM.

9    *Business Wire*, "JELD-WEN Announces Rulings in Steves & Sons Litigation; No Final Judgment on Antitrust Claims," October 6, 2018, 7:14 AM.

who purchased the publicly traded common stock of JELD-WEN from January 26, 2017 through October 15, 2018 (the "Class Period"), against the Company, several of its senior executives, and controlling shareholder Onex (collectively, the "Defendants"), under Section 10(b) of the Securities Exchange Act of 1934.[10]

10.     Among other things, Plaintiffs claim that "Defendants failed to disclose that Jeld-Wen was engaged in anticompetitive conduct in violation of Clayton Act Section 7 … and that, therefore, a final ruling against Jeld-Wen [in the Steves Doorskins Litigation] was likely and would likely have a material impact on Jeld-Wen's business."[11] Plaintiffs also allege additional anticompetitive conduct related to price collusion of interior molded doors (as opposed to doorskins) with its primary competitor (the "Alleged Anticompetitive Interior Molded Door Price-Fixing Conduct)."[12]

11.     Plaintiffs allege that three purported corrective disclosures caused JELD-WEN's stock price decline on two dates.  They first claim that the Steves Remedy Opinion caused JELD-WEN's stock price to "decline[] over the course of two days by $1.18 per share, or nearly 5%, to close at $22.91 on October 9, 2018."[13]  Plaintiffs then claim that the Steves Litigation Charge announced on October 15, 2018 "was the first time that Defendants disclosed that Jeld-Wen was likely to face an adverse decision in the Steves & Sons Litigation" and "was the first time that the market was made aware that the Steves & Sons Litigation would have a material impact on Jeld-Wen's business,

---

10  Consolidated Class Action Complaint *In re: Jeld-Wen Holding, Inc. Securities Litigation,* Civil Action No. 3:20-cv-112-JAG, June 22, 2020 ("Complaint") at 1 & ¶ 25.  The senior executive Defendants are JELD-WEN's former President and Chief Executive Officer ("CEO") Mark A. Beck, former Executive Vice President and Chief Financial Officer ("CFO") L. Brooks Mallard, former Interim CEO Kirk S. Hachigian, and current President and CEO Gary S. Michel.  *Id.* at 1.
11  Complaint ¶ 208.
12  Complaint ¶ 97.
13  Complaint ¶¶ 22, 255.

despite Defendants' statements to the contrary."[14]  Plaintiffs allege that as a result of this disclosure, as well as the Company's announcement that "Defendant Mallard was unexpectedly resigning with little other explanation than to 'pursue other career interests,'" JELD-WEN's stock price "plummeted another $4.03 per share, or 19%" on October 16, 2018 "such that there was no longer any artificial inflation in Jeld-Wen's stock price attributable to the fraud."[15]

### C.    Feinstein Report

12.    Plaintiffs retained Steven P. Feinstein to:  (1) determine whether JELD-WEN common stock traded "in an efficient market during the period from 26 January 2017 through 15 October 2018, inclusive;" (2) "determine whether investors who purchased JELD-WEN common stock during the Class Period suffered losses as a result of Defendants' alleged misrepresentations and omissions;" and (3) "quantify compensable damages sustained, if any, on a per-share basis."[16]

13.    Professor Feinstein opines that "JELD-WEN stock traded in an efficient market throughout the Class Period."[17]  He also opines that "[t]he alleged misrepresentations and omissions caused the price of JELD-WEN stock to be artificially inflated over the course of the Class Period" because "Defendants concealed that the Company would encounter adverse legal consequences and that previously achieved levels of profitability were unsustainable absent the illegal anticompetitive behavior."[18] Professor Feinstein further opines that JELD-WEN "stunned the market" by disclosing

---

14    Complaint ¶¶ 136-137.
15    Complaint ¶¶ 24, 245.
16    Report on Market Efficiency, Loss Causation and Damages, Professor Steven P. Feinstein, Ph.D., CFA, January 4, 2021 ("Feinstein Report") ¶¶ 1-2.
17    Feinstein Report ¶ 20.
18    Feinstein Report ¶ 21.

the Steves Litigation Charge, a "corrective disclosure" which "informed" investors and analysts "that the allegations of illegal anticompetitive behavior had merit and that there would be negative repercussions from that behavior."[19]

14.     Professor Feinstein concludes that "the Company's stock price was inflated by at least $1.99 per share at the start of the Class Period, and throughout the Class Period."[20]  He derives this amount as the sum of (1) the entire Steves Litigation Charge of $0.55 per share and (2) the portion of the October 16, 2018 price decline he does not attribute to factors unrelated to Plaintiffs' allegations, which he claims measures the effect of "illegal anticompetitive behavior."[21]  Among other things, Professor Feinstein asserts that this alleged behavior occurred in JELD-WEN's entire North America door business and that he is being "extremely conservative, generous to Defendants" by assuming that the fraud-related price impact is proportional to the approximate contribution of North America door sales to total North America sales.[22]  He also "conservatively" attributes no alleged inflation to JELD-WEN's preliminary financial results for the third quarter and its revised outlook for full-year 2018 results because "it is unclear whether the decelerated profitability in Q3 and Q4 were caused by cost problems or fraud-related pricing resistance."[23]

15.     Notably, contrary to Plaintiffs' claims, Professor Feinstein does not associate any alleged artificial inflation with:  (1) the Steves Litigation Opinion because he finds that after accounting for market and industry effects on JELD-WEN's stock price, the price decline on October 8, 2018 is far from statistically significant and so there

---

19   Feinstein Report ¶¶ 22-23.
20   Feinstein Report ¶ 26.
21   Feinstein Report ¶¶ 314-315 & 329-337.
22   Feinstein Report ¶¶ 329 & 334-336.
23   Feinstein Report ¶¶ 316, 317.

is too high a likelihood that it was caused by random chance;[24] and (2) the news of Defendant Mallard's departure because it "was not due to any disagreement or financial reporting matter" and analysts expected a "'seamless transition.'"[25]  Consequently, the sole alleged corrective disclosure underlying his loss causation and damages opinions is the Steves Litigation Charge reported in the 3Q18 Pre-Announcement.

## III.    ASSIGNMENT AND SUMMARY OF CONCLUSIONS

16.    I have been asked by counsel for the Defendants to analyze the economic evidence as it relates to Professor Feinstein's opinions on loss causation and the amount of alleged artificial inflation in JELD-WEN's stock price during the Class Period.  I have been assisted by Compass Lexecon's professional staff.  **Appendix B** lists the materials I have relied upon in preparing this report.

17.    Based on these materials and our analysis, I have concluded that Professor Feinstein's opinions on loss causation and the amount of alleged artificial inflation are fundamentally flawed and contradicted by the economic evidence.  In particular:

- JELD-WEN's stock price decline on October 16, 2018 was not caused by the Steves Litigation Charge;

    o The 3Q18 Pre-Announcement did not admit guilt or disclose the alleged "illegal anticompetitive behavior;"

    o The economic evidence contradicts Professor Feinstein's claim that market participants were "stunned" by the announcement of the Steves Litigation Charge and its purported consequences;

    o Professor Feinstein's opinion that none of the potential consequences of the Steves Doorskins Litigation was reflected in

---

24  Feinstein Report ¶¶ 293, 296.  Professor Feinstein determines the level of statistical significance using a statistical measure known as a *t*-statistic wherein the minimum critical value is +/- 1.96.  *Id.* ¶ 248 n.279.  His finding of a *t*-statistic on October 8, 2018 of -0.61 is less than one-third of his significance threshold.  *Id.* ¶ 293.

25  Feinstein Report ¶¶ 323-325.

> JELD-WEN's stock price prior to October 16, 2018 is inconsistent with the economic evidence, including his own market efficiency opinion;
>
> o The economic evidence contradicts Professor Feinstein's claim that market participants reduced their 2019 EBITDA forecasts and valuation multiples due to a perceived decline in "pricing power" from "illegal anticompetitive behavior" revealed by the Steves Litigation Charge;
>
> o Professor Feinstein's claim that his loss causation opinion is "compelled" by numerous factors is incorrect; and
>
> • JELD-WEN's stock price decline on October 16, 2018 can be fully attributed to the Company's disclosure of worse-than-expected 2018 financial results.

In sum, Professor Feinstein fails to demonstrate that (1) the Steves Litigation Charge was new, value-relevant information that impacted JELD-WEN's stock price on October 16, 2018, (2) the alleged "illegal antitrust behavior" contributed to the stock price decline on this date, and (3) there is any reliable reason to disregard the most plausible and compelling explanation for the decline, i.e., the timely disclosure of the Company's poor financial performance in the latter half of 2018 – which he does not attribute to the alleged fraud – and its impact on JELD-WEN's future profitability.  Consequently, Professor Feinstein has not established loss causation attributable to the alleged misrepresentations and thus has not established that JELD-WEN's stock price was artificially inflated by the alleged misrepresentations.  I elaborate upon and provide the bases for these conclusions in the remainder of this report.

## IV.    PROFESSOR FEINSTEIN'S OPINIONS ON LOSS CAUSATION AND THE AMOUNT OF ALLEGED ARTIFICIAL INFLATION ARE FUNDAMENTALLY FLAWED AND CONTRADICTED BY THE ECONOMIC EVIDENCE

18.    Professor Feinstein claims that his "[e]vent study analysis, which considers and accounts for potentially confounding information, *proves* that the

corrective disclosures on 15 October 2018 caused the price of JELD-WEN stock to fall *significantly*" and "not only corrected the misinformation in the market, but simultaneously dissipated the artificial inflation caused by the misinformation."[26]  While the statistical significance of a price decline is determined through the use of an event study, the statistical analysis does not establish the cause of the decline when there are multiple explanations.

19.    To understand why, it is important to understand what a statistical event study does and does not do.  An event study takes into account the effect of contemporaneous market and industry factors on a stock price change (or "return") by estimating a firm-specific price change ("residual return" or "abnormal return") net of these factors.[27]  Whether the residual return is of a sufficient magnitude to be considered "statistically significant," i.e., significantly different from zero at conventional levels of significance, is typically assessed by calculating a standardized measure of the size of the residual return known as a "*t*-statistic."[28]  A *t*-statistic with an absolute value of 1.96 or greater denotes statistical significance at the 5 percent level of significance (a conventional level at which assessments of statistical significance are made, also commonly referred to as the 95% confidence interval) in a "two-tailed" test, wherein the

---

26  Feinstein Report ¶ 24 (emphasis added).

27  This is typically done by 1) estimating the historical relationship between changes in a company's stock price and changes in the performance of relevant market and industry indices, 2) using the historical relationship and the actual performance of these indices on the day in question to calculate an expected return, and 3) subtracting the expected return from the actual return to derive the residual return.

28  *See*, e.g., J.Y. Campbell, A.W. Lo, & A.C. MacKinlay, *The Econometrics of Financial Markets*, (Princeton University Press, 1997), at 160-66; A.C. MacKinlay, "Event Studies in Economics and Finance," 35 *J. Economic Literature* (March 1997), 13-39; G.W. Schwert, "Using Financial Data to Measure Effects of Regulation," 24 *J. Law and Economics* (1981) 121-58; D.R. Fischel, "Use of Modern Finance Theory in Securities Fraud Cases Involving Actively Traded Securities," 38 *The Business Lawyer* (1982), 1-20, at 19.

direction of the movement is not considered.[29] If the firm-specific price change cannot be considered statistically significant, the price change cannot be attributed to the information disclosure because there is too high a likelihood that the change is attributable to random chance alone. Accordingly, if a purported corrective disclosure is not associated with a statistically significant firm-specific price decline, then there is no scientific and reliable economic basis to associate the disclosure with material misstatements.[30] However, if the firm-specific price decline is statistically significant, all that the statistical event study has established is that the residual movement was caused by company-specific factors. But it does not tell you which ones.

20. Company-specific factors can impact a security's price following an alleged corrective disclosure for many reasons that do not support allegations of fraud and damages in a securities class action, including the timely disclosure of material information related to those allegations, materialization of known risks regarding the allegations, and information unrelated to those allegations. Moreover, the disclosure of information that was previously understood by market participants would not be expected to affect a security's price in an efficient market because the price would already reflect the value of that information. Consequently, it is a mistake to conclude that a finding of statistical significance by itself "proves" anything other than the totality of the new company-specific information released impacted a security's price.

---

29 *See*, e.g., W. Mendenhall, J.E. Reinmuth & R.J. Beaver, *Statistics for Management and Economics* (Duxbury Press, 1993), at 331 & 346.

30 One example in this case is the price reaction to the Steves Remedy Opinion, which Professor Feinstein's event study found was not statistically significant. *See supra* ¶ 15. Similarly, his event study found that the price reaction to the disclosure of the Jury Verdict on February 16, 2018 also was not statistically significant. Feinstein Report Exhibit-8 at 185.

21.     The results of a statistical event study are merely the starting point of a loss causation analysis from which the background and context need to be analyzed to determine whether the observed price movement is consistent or inconsistent with the allegations in a particular case.  I now turn to Professor Feinstein's analysis of the background and context of the October 16, 2018 price decline.

22.     Professor Feinstein's opinion on loss causation rests on his claim that market participants were "stunned" by the Steves Litigation Charge and learned from it that JELD-WEN was liable for "illegal anticompetitive behavior" that would have "negative repercussions."[31]  His opinion on the amount of alleged artificial inflation rests on his claim that the negative repercussions were the Steves Remedy Opinion, which ruled on the dollar amount of the award ($0.55 per share) and concluded that the Potential Doorskin Plant Divestiture was warranted, as well as an additional anticipated reduction in profitability in 2019 and beyond attributable to the Alleged Anticompetitive Interior Molded Door Price-Fixing Conduct due to a "loss of pricing power" in the Company's North America door business.[32]  Although the Steves Remedy Opinion said nothing about the additional alleged price-fixing conduct, Professor Feinstein continually refers to the conduct underlying the potential divestiture and the additional alleged price-fixing conduct as "illegal anticompetitive behavior" and estimates their combined impact at $1.44 per share.[33]  In other words, he conflates the purported price impact of these two claims, the latter of which is distinct from the Steves Doorskins Litigation, and does not estimate the alleged price impact of the Potential Doorskin Plant Divestiture alone.

---

[31]  Feinstein Report ¶¶ 22-23, 318 & 329.
[32]  Feinstein Report ¶¶ 315, 318 & 329.
[33]  Feinstein Report ¶ 337 and, e.g., ¶¶ 21, 23, 270, 271, 319, 329 & 343.

23.     Professor Feinstein's opinions are fundamentally flawed because JELD-WEN's stock price did not decline on October 16, 2018 for the reasons he claims.  His opinion is based on nothing more than pure speculation about market participants' supposed interpretation of the Steves Litigation Charge that is contradicted by the economic evidence.  Moreover, Professor Feinstein disregards the more plausible and compelling cause of the decline that is inconsistent with Plaintiffs' claims, namely that JELD-WEN disclosed fundamental operational issues in 2018 that reduced the Company's expected future profitability for reasons having nothing to do with alleged "illegal anticompetitive behavior."

**A.     JELD-WEN's Stock Price Decline on October 16, 2018 Was Not Caused by the Steves Litigation Charge**

      i.     The 3Q18 Pre-Announcement Did Not Admit Guilt Or Disclose the Alleged "Illegal Anticompetitive Behavior"

24.     As an initial matter, the 3Q18 Pre-Announcement that reported the Steves Litigation Charge did not disclose what Professor Feinstein claims market participants somehow inferred from it.  Rather than admitting guilt as he opines, this announcement stated that "the company continues to maintain that it has not violated any antitrust laws and intends to appeal any adverse judgment."[34]  *See* Exhibit 1.  It did not even mention the Potential Doorskin Plant Divestiture, anything related to the Alleged Anticompetitive Interior Molded Door Price-Fixing Conduct, or reduced pricing power.  *See id.*  If anything, the inclusion of the Steves Litigation Charge in JELD-WEN's pre-

---

34  Professor Feinstein must opine that market participants learned for the first time on October 15, 2018 that JELD-WEN admitted guilt in the Steves Doorskins Litigation because otherwise his estimate of alleged inflation attributable to the Steves Litigation Charge of the entire $0.55 per-share amount is overstated since it does not reflect the probability that the Company will win its appeal.  I note that Professor Feinstein does not acknowledge the Company's statement in the 3Q18 Pre-Announcement that it "continues to maintain that it has not violated any antitrust laws and intends to appeal any adverse judgment."

- 13 -

announcement of financial results reflects a timely disclosure of an updated accounting decision based on the issuance of the Steves Remedy Opinion ten days earlier that allowed the Company to estimate the probable dollar amount of the award resulting from the jury's verdict.[35]

ii.   The Economic Evidence Contradicts Professor Feinstein's Claim that Market Participants Were "Stunned" by the Announcement of the Steves Litigation Charge and Its Purported Consequences

25.   Nowhere in his report does Professor Feinstein provide any evidence that market participants were surprised, let alone "stunned," by the disclosure of the Steves Litigation Charge. He claims that "[a]nalysts expressed surprise and disappointment over the Company's turnabout regarding the *Steves* litigation," but provides no examples to support his assertion.[36]  In fact, of the thirteen analysts that filed available reports in the days following the 3Q18 Pre-Announcement, only five even mention the litigation charge[37] and none of the thirteen discuss a "turnabout," the consequences of the Potential

---

35   The 3Q18 Pre-Announcement states "recent rulings in the [Steves Doorskin Litigation] have now provided sufficient detail for the company to estimate future liabilities if the appeal process is unsuccessful." *See* Exhibit 1.  The Steves Remedy Opinion ruled on, among other things, the amount of damages that could be collected. *See supra* ¶ 7.

36   Feinstein Report ¶ 142.

37   The entirety of the analysts' discussion regarding the Steves Litigation Charge follows:
   - Bank of America Merrill Lynch, "JELD announces challenging preliminary 3Q; John Linker to replace CFO Mallard," October 16, 2018 ("In addition, JELD provided an update regarding the ongoing Steve & Sons litigation and now expects a litigation contingency related charge of $76.5mm in 3Q18.");
   - Citi, "Alert: More Bad News: CFO Leaving; Preliminary 3Q18 Results Soft; Guidance Cut," October 15, 2018 ("The company expects 3Q18 results to include $76.5M for litigation contingency related to the Steves litigation.");
   - Deutsche Bank, "17% reduction to 2H18 guidance may not be the end of JELD-WEN's troubles," October 16, 2018 ("Following the October 5th ruling in which the District Court ruled that divestiture  of the company's Towanda, PA facility is an appropriate remedy in the antitrust litigation with Steves & Sons, the company took a charge of $76.5 mm, which includes $12.2 mm of past damages to Steves under the Clayton Act, trebled for a total of $36.6 mm and legal fees of roughly $40 mm.  A final ruling is still scheduled for later in the year and the company still believes in the merit of its case, but if Steves were to win, the company assumes Steves would opt for the divestiture based on its press release following the Oct 5th ruling.");
   - Gabelli, "Pre-Release Q3 and FY Guide- Buy," October 17, 2018 ("Third Quarter pre-release, CFO change and $76 million litigation related charge…. In retrospect, we underestimated the

- 14 -

Doorskin Plant Divestiture that were not previously understood, or the existence or consequences of the Alleged Anticompetitive Interior Molded Door Price-Fixing Conduct.

26.     This lack of discussion regarding the charge is not surprising because market participants had previously examined and understood the likelihood and magnitude of JELD-WEN's potential liability for the Steves Doorskins Litigation prior to October 16, 2018, including the consequences of the Potential Doorskin Plant Divestiture.  For the reasons explained below, market participants understood that, among other things, the charge was an accounting matter reflecting the impact of the Steves Remedy Opinion on the dollar amount that could be awarded, not new, material information.  Consequently, in the efficient market in which Professor Feinstein opines JELD-WEN's stock traded, the stock price reflected the risk that the Steves Doorskin Litigation Court would enter a judgment for an adverse remedy after the Company's initial appeals, which risk was realized by the Steves Remedy Opinion.  In addition, because the Steves Remedy Opinion represents a third party's decision regarding the appropriate remedy in the Steves Doorskin Litigation, the Defendants could not have disclosed the specifics of that decision with certainty before it was made.

27.     First, JELD-WEN informed the market about developments in the Steves Doorskins Litigation throughout the Class Period, including the amount of damages

challenges JELD faced in 2018 from litigation to raw material inflation and general operational issues.  As we think about end market demand and begin to work through our thoughts from a potential third entrant in doorskins our normalized outlook does not change dramatically.") (As noted *infra* ¶ 28, the Gabelli analysts examined the implications of the Potential Doorskin Plant Divestiture prior to October 16, 2018); and

- JPMorgan, "2018 EBITDA Guidance Lowered 9%; CFO Mallard To Exit, Succeeded By SVP-Corp. Dvlpmt, IR Linker," October 16, 2018 ("… the company also noted it expects 3Q results to include a charge of $76.5 million for a litigation contingency related to the recent court ruling as part of its litigation with Steves & Sons.").

- 15 -

estimated by Steves' expert witnesses even before the trial began.[38]  In particular, market

participants were aware of the Jury Verdict and, after its disclosure, analysts commented

on the Company's potential liability.  For example:

- Analysts at Credit Suisse stated:  "On February 16, the company announced an unfavorable verdict in the case with Steves & Sons, increasing the likelihood of a future payout."[39]

- Analysts at Gabelli stated:  "As we think about our valuation, we … assume a $75 million cash outlay related to ongoing litigation. While our estimate of litigation costs in 2019 are a bit arbitrary, we do believe it is worth considering some monetary impact related to this item and as such make this adjustment until further clarity arises."[40]

- Analysts at Baird stated:  "[W]e estimate that should JELD not succeed in any appeals process, JELD could ultimately be responsible for making a $140-175m cash payment to Steves & Sons should treble damages be awarded.  While a number of alternative scenarios could occur (and an appeals process would take time), such a payment would amount to 3-4% of JELD's market cap."[41]

- Analysts at Barclays stated:  "JELD last night announced an unfavorable verdict in the Steves & Sons lawsuit in which a judge could award Steves damages of $176 mn + attorney fees … we calculate a probability-weighted outcome is still less than the $176 mn….$176 mn would appear to be the worst likely outcome at this point."[42]

28.    Second, market participants also analyzed the likelihood and

consequences of the Potential Doorskin Plant Divestiture prior to the disclosure of the

---

38  *See*, e.g., *supra* ¶¶ 6-7, Form S-1 Registration Statement, October 10, 2017, at 112 ("Steves' expert witnesses have opined that the damages suffered by Steves range from $36 million to $60 million, a portion of which Steves asserts is subject to trebling in the event Steves prevails on its antitrust claims. Steves also seeks recovery of its attorneys' fees incurred in pursuing its claims, which amounts have not yet been quantified.").

39  Credit Suisse, "Downgrading to Neutral," February 28, 2018.

40  Gabelli, "Q4 Results - Buy," February 22, 2018.

41  Baird, "Thoughts on Steves & Sons Lawsuit Verdict," February 16, 2018.

42  Barclays, "Our Initial Take on the Steves Verdict," February 16, 2018.

Steves Litigation Charge.  Professor Feinstein quotes from a June 4, 2018 report by analysts at Gabelli in which they noted "'a worst case scenario would lead to a divestment of one of their door skin plants (due to current litigation issues)'" and that "the divestiture would 'allow for the immediate entrance of a 3rd competitor,' and would reduce the Company's valuation by $13.60 per share."[43]  A week later, the same analysts commented:  "Our view is that the stock fully discounts the potential for divestment."[44] Professor Feinstein claims that the earlier comment demonstrates "the economic materiality of the allegation-related information" but ignores that those same analysts, only one week later, clarified that they believed the risk of divestiture was fully priced into the stock.[45]

29.     In addition to the early commentary by analysts at Gabelli, many analysts issued reports in response to the Steves Remedy Opinion announced on October 5, 2018 and considered the possible consequences of the Potential Doorskin Plant Divestiture, including the lengthy appeals process and the possible effects on JELD-WEN's business in the future.  For example:

- Analysts at Barclays stated:  "While management remains confident that the appeals process (est. 9-36 months after final judgment) will reverse the divestiture ruling, we anticipate an overhang on JELD's stock to persist throughout the process.  … Divestiture impact would be far from dire: … Importantly, Jeld will retain control of the facility throughout the appeals process with subsequent access to a court-mandated supply agreement with any new owner.  Should the appeals process fail, we believe JELD could replace lost capacity through a combination of retooling existing facilities and potentially re-starting its mothballed Marion, NC plant before the expiration of any transition supply agreement.  On the overall industry, we recognize concerns around introducing

---

43   Feinstein Report ¶ 285.
44   Gabelli, "Update on Litigation - Buy," June 11, 2018.
45   Feinstein Report ¶ 285.

a third player to the industry, but we're also not sure why a new owner would necessarily act in a disruptive manner beyond initial transitions and supply agreements. In addition, we anticipate Jeld would use any forced sale proceeds to repurchase shares or pursue growth investments."[46]

- Analysts at Jefferies stated: "With other internal domestic and international sources of supply, the right to purchase from the new buyer, and proceeds from the asset sale to potentially build a greenfield facility, we would expect limited operational disruptions from divestiture."[47]

- Analysts at J.P. Morgan stated: "Net net, while any negative ruling later this year regarding a divestiture would trigger an appeals process that could last 15-36 months, we believe a potential required sale of the Towanda facility to, as JELD would expect, an independent third-party buyer, could result in a more competitive backdrop for the door industry, and in turn could negatively impact both JELD's and DOOR's margins. However, we do not view a more competitive backdrop as a foregone conclusion in the event of a required divestiture, given still positive industry demand, a pricing environment that has been stable and constructive for several years – which, while arguably beginning with and in part due to JELD's CraftMaster acquisition, nonetheless benefits all owners of doorskin assets going forward – and the need for any acquirer to make a profitable return on investment (and hence possibly balance volume and price)."[48]

- Analysts at Goldman Sachs stated: "[S]everal unknowns remain: a) the final ruling and any appeals process, b) a prospective buyer of the facility and a transaction price, c) the time and investment required for JELD to shift production to alternative facilities, and d) the reaction of other (non-Steves) door skin customers. Net, we continue to see a very favorable risk/reward for JELD shares, reiterate our Buy rating, and think the EBIT impact of a potential divestiture of Towanda would be relatively contained."[49]

30.     Several analysts quickly revised their price targets in response to the

Steves Remedy Opinion, while others did not revise their models until the 3Q18 Pre-

---

46   Barclays, "Overhang Doesn't Derail OW Thesis," October 8, 2018.
47   Jefferies, "Unfavorable Steves Ruling, But Manageable," October 7, 2018.
48   J.P. Morgan, "CraftMaster Divestiture Ruled As an Appropriate Remedy; Potential Negative for Both JELD and DOOR – ALERT," October 7, 2018.
49   Goldman Sachs, "Court rules in favor of divestiture of Towanda; final judgment expected by year end," October 8, 2018.

- 18 -

Announcement.  Professor Feinstein attempts to support his loss causation opinion by conflating analysts' reaction to the Steves Remedy Opinion with their reaction to the Steves Litigation Charge, thereby incorrectly attributing analyst reaction to the charge. For example, he states that following the 3Q18 Pre-Announcement, "RBC reduced its price target by 17.9%, from $28 to $23" quoting the report stating:  "'Our PT of $23 is based on FY'19E EBITDA of $525 MM and a '19E EV/EBITDA multiple of 6.5x …. Our multiple anticipates that the unfavorable litigation ruling will remain an overhang on JELD's valuation.'"[50]  However, RBC actually lowered its multiple to 6.5x in a prior report titled "Lowering PT on Negative Litigation Outcome" issued on October 8, 2018, *before* the 3Q18 Pre-Announcement, and gave the exact same rationale:  "Our multiple anticipates that the unfavorable litigation ruling will remain an overhang on JELD's valuation."[51]  Because RBC had already lowered its multiple before the disclosure of the Steves Litigation Charge, that multiple reduction could not have been caused by the announcement of the charge.  Consequently, Professor Feinstein incorrectly attributes RBC's multiple reduction to the Steves Litigation Charge.[52]

31.    As another example, Professor Feinstein claims that after the 3Q18 Pre-Announcement, "Deutsche Bank now viewed divestiture of the Towanda plant as likely and assessed that the divestiture would disrupt JELD-WEN's business," but ignores that, rather than revising their view based on the Steves Litigation Charge, the Deutsche Bank analysts stated that "the forced divestiture of the Towanda plant [is] a likely outcome *given Steves recent press release*."[53]  The referenced press release is the Steves Press

---

50   Feinstein Report ¶ 142.
51   RBC, "Lowering PT on Negative Litigation Outcome," October 8, 2018.
52   The cause of RBC's further reduction in its price target on October 16, 2018 was a reduction in its forecast of 2019 EBITDA for reasons unrelated to Plaintiffs' claims as explained *infra* ¶ 44.
53   Feinstein Report ¶ 144 (emphasis added).

- 19 -

Release disclosing the Potential Doorskin Plant Divestiture that was issued on October 5, 2018, not the 3Q18 Pre-Announcement.  Accordingly, Professor Feinstein again incorrectly attributes analysts' negative views to the Steves Litigation Charge.

      iii.      Professor Feinstein's Opinion that None of the Potential Consequences of the Steves Doorskins Litigation Was Reflected in JELD-WEN's Stock Price Prior to October 16, 2018 Is Inconsistent with the Economic Evidence, Including His Own Market Efficiency Opinion

32.      Because Professor Feinstein measures a portion of alleged artificial inflation throughout the Class Period using the $0.55 per share amount of the charge, he opines that the *entire* amount is new information and none of it was reflected in JELD-WEN's stock price any earlier.  This opinion is inconsistent with his opinion that the Company's stock traded in an efficient market because known risks, such as the likelihood of a future payout described by analysts *supra* ¶ 27 and the findings of the Steves Remedy Opinion, would have been quickly reflected in the stock price in an efficient market before the related accounting charge could be booked.[54]  To justify his use of the entire amount of the Steves Litigation Charge to measure alleged artificial inflation throughout the Class Period, Professor Feinstein claims that "[n]otwithstanding the verdict, the Company's denials and insistence that the antitrust allegations had no merit influenced market participants," but his own supporting analyst quotes discuss the *likelihood* of certain outcomes, not certainty that JELD-WEN would win on appeal.[55]

---

[54]  Professor Feinstein states:  "An efficient market, as defined and discussed by *Cammer*, *Basic*, *Amgen*, *Halliburton II*, Bromberg and Lowenfels, Professor Fama, and other leading scholars, is a market in which available information is incorporated into the price of a security such that the trading price reflects available information with reasonable promptness."  Feinstein Report ¶ 158.  He quotes Bromberg and Lowenfels as stating:  "'An efficient market is one which rapidly reflects new information in price.'"  *Id.* ¶ 152.  Professor Feinstein also quotes from "a group of preeminent economists" as stating:  "'… economists do *not* generally disagree about whether market prices respond to material new information.'"  *Id*. ¶ 154 (emphasis in original text).

[55]  Feinstein Report ¶ 93.

33.     Moreover, Professor Feinstein acknowledges that on November 6, 2018, after the Steves Litigation Charge was disclosed, JELD-WEN's CEO "said that management 'remain[s] steadfast in our opposition to the jury's original verdict as well as the remedies being considered' and 'believe[s] that we have a strong basis for appeal,'" but does not cite any analysts who state that the appeal will fail.[56]  Instead, he quotes a Cabot Wealth Network analyst report issued on October 31, 2018, again after the Steves Litigation Charge was disclosed, recognizing that "a financial penalty" (along with divestiture) was "threaten[ed]" by an ultimately unfavorable legal verdict in the Steves Doorskins Litigation, not that it was a foregone conclusion as Professor Feinstein opines, and a JPMorgan report issued on November 6, 2018 discussing "continued uncertainty regarding the Steves litigation."[57]  Accordingly, the full $0.55 would not be reflected in the Company's stock price *after* it was disclosed because it was still viewed as a possibility, not a certainty.

34.     Further, because Professor Feinstein opines that none of the Steves Litigation Charge was reflected in JELD-WEN's stock price throughout the Class Period, he also opines that none of the consequences of the Potential Doorskin Plant Divestiture were reflected in the stock price.  Any other position would be contrary to his opinion that the stock traded in an efficient market.  Since the charge and potential divestiture were both remedies stemming from the same Jury Verdict in the Steves Doorskins Litigation, it would make no economic sense for the stock price in an efficient market to simultaneously reflect some discount for the potential divestiture but none for the charge.

---

56  Feinstein Report ¶ 148.

57  Feinstein Report ¶ 150.  Professor Feinstein further quotes the Cabot analyst report as stating:  "The company makes a reasonable case that divestiture isn't an appropriate legal remedy, and so a favorable outcome could provide a lift."  *Id.*

- 21 -

35.     However, due to the substantial coverage of the potential consequences of the Potential Doorskin Plant Divestiture by stock analysts prior to the disclosure of the Steves Litigation Charge, the expected value of these consequences also would have been reflected in JELD-WEN's stock price before October 16, 2018 in the efficient market in which Professor Feinstein opines the stock traded.  Indeed, contrary to his opinion, several analysts commented that the stock price already reflected the risk of divestiture before October 15, 2018.  For example:

- Analysts at Gabelli stated:  "Our view is that the stock fully discounts the potential for divestment."[58]

- Analysts at Barclays stated:  "While management remains confident that the appeals process (est. 9-36 months after final judgement) will reverse the divestiture ruling, we anticipate an overhang on JELD's stock to persist throughout the process.  Our new price target reflects a 0.5x multiple reduction vs. our prior target, with our view that valuation already embeds some discount related to this outcome and that this discount will remain for some time."[59]

- Analysts at Goldman Sachs stated on October 2, 2018 that:  "An unfavorable verdict in the Steves & Sons litigation would likely be an incremental negative for shares even though we believe some of this risk has already been priced into the stock."[60]  The same analysts also stated on October 8, 2018:  "Based on our conversations with investors over the past week …, we believe this outcome was largely expected but may still be somewhat disappointing."[61]

- Analysts at Wells Fargo stated:  "… we believe a significant portion of the risk of an adverse judge's ruling such as we saw Friday (10/5), has been built into the equity."[62]

---

58   Gabelli, "Update on Litigation - Buy," June 11, 2018.
59   Barclays, "Overhang Doesn't Derail OW Thesis," October 8, 2018.
60   Goldman Sachs, "Initiate Building Products at Neutral; Buy OC, MAS, SITE, JELD; Sell WHR, AOS," October 2, 2018.
61   Goldman Sachs, "Court rules in favor of divestiture of Towanda; final judgment expected by year end," October 8, 2018.
62   Wells Fargo, "JELD: The Steves Saga Continues," October 7, 2018.

- 22 -

36.    Professor Feinstein speculates that his finding that the price decline on October 8, 2018, the first trading day after the disclosure of the Steves Remedy Opinion, was not statistically significant "may have been due to the countervailing impact of the Company's denials."[63]  However, he ignores other reasonable and more plausible explanations supported by the economic evidence discussed above, i.e., the price already reflected a substantial portion, if not all, of the negative information, and many analysts believed that the consequences of a Potential Doorskin Plant Divestiture would not necessarily be severe, both of which are based on analysts' independent assessments, not Defendants' denials of alleged misconduct and liability.[64]

> iv.    The Economic Evidence Contradicts Professor Feinstein's Claim that Market Participants Reduced Their 2019 EBITDA Forecasts and Valuation Multiples Due to a Perceived Decline in "Pricing Power" from "Illegal Anticompetitive Behavior" Revealed by the Steves Litigation Charge

37.    Although the Steves Litigation Charge only regarded the Steves Doorskin Litigation, Professor Feinstein's estimate of alleged artificial inflation incorporates purported reduced expectations in JELD-WEN's profitability for its *entire* North America door business because it is "the segment where the illegal anticompetitive behavior allegedly took place."[65]  He claims:  "the Company would have to cope with consequences from the antitrust litigation and face a more competitive environment going forward.  This oncoming adversity is precisely what the alleged misrepresentations and omissions had concealed.  …  Analysts responded, reducing forecasts for 2019

---

63  Feinstein Report ¶¶ 293 & 296.

64  Professor Feinstein also claims that after the Steves Remedy Opinion was issued, "[s]ome analysts deemed divestiture to be unlikely" due to Defendants' denials of alleged misconduct and liability in the Steves Doorskins Litigation, but he fails to establish that these analysts changed their view to likely because JELD-WEN announced the Steves Litigation Charge (and not because of the Steves Remedy Opinion).  Feinstein Report ¶ 136.

65  Feinstein Report ¶ 329.

- 23 -

EBITDA."[66]  Professor Feinstein further claims that "[a]ny negative forecast for 2019 and beyond would have to be attributed to a persistent problem, and loss of pricing power was the persistent problem now facing the Company on account of the adverse outcome in the *Steves* litigation."[67]  He also asserts that "[p]ricing power and profitability, which are reflected in EBITDA margin and were factors cited as the keys to JELD-WEN's success since even before the IPO, were now widely viewed as unsustainable" after the disclosure of the Steves Litigation Charge.[68]

38.    Professor Feinstein estimates alleged artificial inflation attributable to the "illegal anticompetitive behavior" by:  (1) subtracting the per-share amount of the Steves Litigation Charge from the residual stock price decline on October 16, 2018; (2) estimating and further subtracting the impact of certain factors he concludes were unrelated to the alleged fraud (such as poor financial performance in the latter half of 2018) on the October 16, 2018 price decline; and (3) assuming the remainder was solely attributable to JELD-WEN's North America door business and thus measures alleged artificial inflation.[69]  In other words, he estimates the portion of the decline he claims is not fraud-related and then assumes everything else is fraud-related.  Professor Feinstein's opinion that analysts' reductions in 2019 forecasts and valuation multiples relate to JELD-WEN's alleged "illegal anticompetitive behavior" in the Company's North America door business is contradicted by the economic evidence for at least three reasons.

---

66   Feinstein Report ¶ 326-327.
67   Feinstein Report ¶ 318.
68   Feinstein Report ¶ 145.
69   Feinstein Report ¶¶ 329-337.

- 24 -

39.     First, he provides no evidence that the Alleged Anticompetitive Interior Molded Door Price-Fixing Conduct in JELD-WEN's North America door business was disclosed in the 3Q18 Pre-Announcement or that any market participants concluded that the Company was engaged in that conduct based on the Steves Litigation Charge (or otherwise).  As a result, his opinion that the market expected this additional alleged anticompetitive conduct to end beginning in the first quarter of 2019[70] has no factual basis.

40.     Second, contrary to his claim that pricing power in North America was "widely viewed as unsustainable" following the disclosure of the Steves Litigation Charge, analysts commented that pricing power was the main bright spot in 2019 after JELD-WEN clarified the reasons for the disappointing financial results in the latter half of 2018 on November 6, 2018, when the Company formally announced its 3Q18 financial results.  For example:

- Analysts at Goldman Sachs stated:  "North America pricing was stronger than our estimate in the quarter, and *we reflect better NA pricing in our model than we expected previously*."[71]

- Analysts at Wells Fargo stated:  "We like that the industry's pricing structure continues improving, highlighted by JELD's ability to push 3Q pricing +2% sequentially, as competitors also remain disciplined.  By 2019, JELD suggested pricing should act as a tailwind, more than offsetting RM/freight/labor inflation, as well $15M in Chinese Tariffs."[72]

---

70  Professor Feinstein's "attribution of the 2018 performance issues to potential non-fraud cost-side problems does not carry over into the Company's or analysts' forecasts for 2019 and beyond," hence he opines that the alleged fraud-related impact began in the first quarter of 2019.  Feinstein Report ¶ 318.

71  Goldman Sachs, "Footprint rationalization a key first step in driving margin improvement," November 6, 2018 (emphasis added).

72  Wells Fargo, "JELD:  Light Ahead, But Guideposts Needed," November 6, 2018.

- Analysts at Barclays stated: "Our '19 margin is unchanged as we forecast persistent cost inflation, inclusive of tariffs, offsets incremental pricing success."[73]

Moreover, because analysts focused their attribution of the shortfall disclosed in the 3Q18 Pre-Announcement on issues such as windows and costs rather than sales and pricing in JELD-WEN's North America door business (*see infra* ¶ 44), there is no reason to believe that the purported price impact from the North America door business is proportional to its contribution to total North America sales as he claims.[74]

41.    Third, Professor Feinstein claims that JELD-WEN's stock price declined following the disclosure of the Steves Litigation Charge not only because of the charge itself, but also because the market concluded that the charge meant there was a "now greater assessed probability of severe business impacts – more competition, lower margins, less profit," including from the Potential Doorskin Plant Divestiture.[75] However, analysts recognized that the uncertainty regarding the potential divestiture and its consequent potential effects on competition, margins, and profit likely would not be resolved until late in 2019, at the earliest.  For example, analysts at RBC noted that "there should be no major financial impact before 2020"[76] and analysts at SunTrust Robinson Humphrey stated "we believe this could take as much as three years to resolve."[77] Consequently, the effects of increased competition from the potential divestiture would not be reflected substantially, if at all, in analysts' revised 2019 EBITDA forecasts.

---

73   Barclays, "Footprint Consolidation Encouraging; Supports 2019 Margin Inflection," November 7, 2018.
74   *See supra* ¶ 14.
75   Feinstein Report ¶¶ 297 & 313.
76   RBC, "Lowering PT on Negative Litigation Outcome," October 8, 2018.
77   SunTrust Robinson Humphrey, "Latest Ruling in Steves Litigation," October 8, 2018.

v.          Professor Feinstein's Claim that his Loss Causation Opinion Is "Compelled" by Numerous Factors Is Incorrect

42.     Professor Feinstein claims that "[t]he conclusion that the alleged misrepresentations and omissions caused investor losses is compelled by generally accepted principles of valuation, Defendants' own statements, news analysis, analyst reports, documents produced in this litigation to date, and the event study described in §0 [*sic*] below."[78]  However, he fails to explain which "documents produced in this litigation to date" and what "news analysis" he performed "compel" his conclusion, let alone how they do so.  Moreover, I explain above how Professor Feinstein's claim regarding support from analyst reports is unreliable and contradicted by the face of the reports.

43.     The remaining categories of purported evidence that "compel" his finding of loss causation on October 16, 2018 are *non sequiturs* because they do not demonstrate that the cause of the price decline on this date was the alleged misrepresentations and omissions.  Instead, Professor Feinstein describes generic "financial principles" regarding the effects of antitrust behavior and importance of profitability, Company statements made earlier in the Class Period about the Steves Doorskin Litigation and the importance of pricing and profitability, and the fact that his event study finds that the decline in JELD-WEN's stock price on October 16, 2018 was statistically significant, which by itself demonstrates nothing more than the fact that the stock reacted to negative information on this date.[79]

---

78  Feinstein Report ¶ 273.
79  Feinstein Report ¶¶ 274-300.

**B.    JELD-WEN's Stock Price Decline on October 16, 2018 Can Be Fully Attributed to the Company's Disclosure of Worse-than-Expected 2018 Financial Results**

44.    The reductions in analysts' 2019 EBITDA forecasts following the 3Q18 Pre-Announcement were in reaction to JELD-WEN's disclosure of poor financial performance in the latter half of 2018 – which Professor Feinstein does not attribute to the alleged fraud[80] – further contradicting his claim that the reductions were caused by pricing power in the Company's North America door business that was "widely viewed as unsustainable" beginning in 2019.  For instance, the RBC analysts discussed *supra* ¶ 30 attributed their 2019 EBITDA forecast reduction to "continued market share challenges in windows, cost pressures, and channel mix."[81]  Additional examples are:

- Analysts at Credit Suisse stated:  "[A]dj. EBITDA margin of ~11.7% ($130-$135mn) was ~120bps below our expectations as executional missteps and lack of discipline continue to take their toll.  The company also noted channel mix impacted pricing realization, as inflation pressures persist.  As such, it reduced its 2018 EBITDA guidance to $455-470 from $500-520mn. … Given preliminary 3Q results and updated guidance, our 2018 EPS est. goes to $1.65 from $1.95.  Our 2019 est. goes to $2.05 from $2.40.  In turn, our target price is $23 (from $30)."[82]

- Analysts at Goldman Sachs reduced 2018 (2019) EPS from $1.94 ($2.53) to $1.65 ($2.10) and reduced its target price from $31 to $27, stating: "JELD-WEN pre-announced 3Q sales/EBITDA 3%/12% below our expectations; implied 4Q guidance is also well below.  The company attributed the shortfall to share loss in its windows business (24% of total company sales), European challenges, and unfavorable channel mix (weaker traditional distribution [stemming from the above mentioned windows issues]).  The magnitude of the miss is disappointing, in particular the lingering impact from previous execution challenges.  … Operational/execution issues continue to hamper results: …  We believe these headwinds are largely self-inflicted and will require a concerted operational effort and time to recover."[83]

---

80    Feinstein Report ¶¶ 316-17.

81    RBC, "Walking on Broken Glass; Lowering PT on Guidance Cut," October 16, 2018.

82    Credit Suisse, "Shattered Glass, October 15, 2018.

83    Goldman Sachs, "Negative pre-announcement to reset expectations under new CEO," October 15,

- Analysts at Baird stated:  "JELD announced preliminary Q3 revenue/adjusted EBITDA results that were below expectations, citing lower-than-expected revenue and related operational inefficiencies in North America and Europe, along with unfavorable channel mix (impacted price realization)….  JELD also updated 2018 guidance, lowering its sales, adjusted EBITDA, and capex outlooks….  Larger restructuring forthcoming….  We're reducing our 2018 adjusted EBITDA to $460m (from $501m; -8% vs. prior) to reflect the revised outlook.  We also reduced 2019 adjusted EBITDA to $500m (previously $559m; -11% from prior; Street $573m) to reflect the lower 2019 [*sic*] base."[84]

45.    Professor Feinstein asserts that analysts' 2019 forecast reductions were unrelated to the 2018 performance issues disclosed in the 3Q18 Pre-Announcement because he opines that "[g]iven that CEO Michel expected the 2018 cost problems to be temporary in nature, valuation principles dictate that the Q3 results and FY 2018 guidance would have a limited impact on the Company's valuation" and "[a]ny negative forecast for 2019 and beyond would have to be attributed to a persistent problem, and loss of pricing power was the persistent problem now facing the Company on account of the adverse outcome in the Steves litigation."[85]  However, contrary to what he claims "valuation principles dictate," pricing power was not seen as a problem at all as explained *supra* ¶ 40 and the analyst commentary regarding JELD-WEN's issues above belies his assertion.

46.    For all of the reasons explained above, Professor Feinstein fails to demonstrate that (1) the Steves Litigation Charge was new, value-relevant information that impacted JELD-WEN's stock price on October 16, 2018, (2) the alleged "illegal

---

2018.

84   Baird, "Negative Q3 Preannouncement; 2018 Guide Reduced; CFO Change," October 15, 2018.

85   Feinstein Report ¶ 318.

- 29 -

antitrust behavior" contributed to the stock price decline on this date, and (3) there is any reliable reason to disregard the most plausible and compelling explanation for the decline, i.e., the timely disclosure of the Company's poor financial performance in the latter half of 2018 – which he does not attribute to the alleged fraud – and its impact on JELD-WEN's future profitability.  Consequently, Professor Feinstein has not established loss causation attributable to the alleged misrepresentations and thus has not established that JELD-WEN's stock price was artificially inflated by the alleged misrepresentations.

_____

Daniel R. Fischel

February 1, 2021

# Exhibit 1

**DOW JONES**



| **HD** | **JELD-WEN Announces Preliminary Financial Results for the Third Quarter of Fiscal 2018 and Date of Conference Call** |
|---|---|
| **WC** | 1,892 words |
| **PD** | 15 October 2018 |
| **ET** | 04:20 PM |
| **SN** | Business Wire |
| **SC** | BWR |
| **LA** | English |
| **CY** | (c) 2018 Business Wire. All Rights Reserved. |

**LP**

CHARLOTTE, N.C.--(BUSINESS WIRE)--October 15, 2018--
JELD-WEN Holding, Inc. (NYSE: JELD) today announced preliminary third quarter 2018 revenue and adjusted EBITDA estimates and revised its outlook for full-year 2018 results. Additionally, the company announced the date of its third quarter 2018 earnings conference call.

**TD**

Preliminary Third Quarter Summary

-- Net revenues of $1.130 billion to $1.140 billion, an increase of 14.0% to 15.0% compared to the same period last year

-- Adjusted EBITDA of $130 million to $135 million, improved compared to $128.2 million in the same period a year ago, but below the company's previous outlook of $143 million to $153 million

-- Third quarter results were negatively affected by lower than expected revenues and related operational inefficiencies in North America and Europe, as well as from unfavorable channel mix impacting price realization

-- Repurchased 1.4 million shares during the quarter for $36.6 million, bringing year-to-date repurchases to 3.1 million shares for $83.6 million

"While disappointed in our preliminary third quarter results, I am encouraged with the progress we are making across all aspects of the business," said Gary S. Michel, president and chief executive officer. "With our service issues behind us, we are working diligently to strengthen relationships with our key customers, while establishing new opportunities for our products, and increasing the speed with which we are deploying the tools of our business operating system, the JELD-WEN Excellence Model or JEM."

Additionally, the company expects third quarter results to include a charge of $76.5 million for a litigation contingency related to a recent court ruling in its ongoing antitrust and trade secrets litigation with Steves & Sons, Inc. The charge reflects the judgment anticipated to be entered against the company, including the trebling of $12.2 million of past damages under the Clayton Act and estimated legal fees. While the company continues to maintain that it has not violated any antitrust laws and intends to appeal any adverse judgment, recent rulings in the case have now provided sufficient detail for the company to estimate future liabilities if the

appeal process is unsuccessful. Further details on this litigation contingency will be disclosed in the company's next quarterly report on Form 10-Q.

Updated Full-Year 2018 Guidance

The company also revised its outlook for full year 2018:

```
-- Consolidated net revenue growth of 15% to 17%, compared to prior
   expectations of 16% to 18%

-- Adjusted EBITDA of $455 million to $470 million, compared to prior
   outlook of $500 million to $520 million

-- Capital expenditures of $100 million to $110 million, compared to
   previous expectations of $100 million to $120 million
```

Mr. Michel added, "Now that I have been in my role as CEO for a full quarter, I have identified more areas of our operations that need process improvement and improved execution. While I continue to have confidence in the long-term growth and margin potential of the business, as a result of my ongoing assessment of our capabilities and taking into account our preliminary third quarter results, we have lowered our expectations for our 2018 financial results. I believe that our inconsistent financial performance in 2018 is due to a lack of focus on execution and process discipline in parts of our organization, which are capabilities we can fix. We have a great set of assets, a strong portfolio of brands, and an experienced team of leaders. I view our 2018 financial performance headwinds as temporary in nature, and I am encouraged about our future. As we look to grow core revenues and improve margins, I believe we will exit 2018 as a stronger company, with a more diversified revenue base and greater focus on the customer. Furthermore, our third quarter results and revised guidance underscore the need to permanently reduce the fixed cost structure of our business. As such, within the next month we expect to provide details of a global initiative to rationalize our manufacturing facilities, which will simplify operational complexity, improve service levels, reduce our fixed overhead costs and position the company for sustained growth."

Conference Call Information

JELD-WEN management will host a conference call at 8:00 am EST on Tuesday, November 6, 2018 to discuss the company's third quarter 2018 financial results. The conference call can be accessed by dialing 1-877-407-9208 (domestic) or 1-201-493-6784 (International). A telephone replay will be available approximately two hours after the call by dialing 1-844-512-2921 or for international callers, 1-412-317-6671. The passcode for the replay is 13683842. The replay will be available until 11:59 pm EST, November 20, 2018.

Interested investors and other parties can also listen to a webcast of the live conference call by logging onto the Investor Relations section of the company's website at http://investors.jeld-wen.com. The online replay will be available for 30 days on the same website immediately following the call.

To learn more about JELD-WEN, please visit the company's website at http://investors.jeld-wen.com.

About JELD-WEN

JELD-WEN, founded in 1960, is one of the world's largest door and window manufacturers, operating manufacturing facilities in 20 countries located primarily in North America, Europe and Australia. Headquartered in Charlotte, N.C., JELD-WEN designs, produces and distributes an extensive range of interior and exterior doors, wood, vinyl and aluminum windows and related products for use in the new construction and repair and remodeling of residential homes and non-residential buildings. JELD-WEN is a recognized leader in manufacturing energy-efficient products and has been an ENERGY STAR(R) Partner since 1998. Our products are marketed globally under the JELD-WEN(R) brand, along with several market-leading regional brands such as Swedoor(R) and DANA(R) in Europe and Corinthian(R) , Stegbar(R) , and Trend(R) in Australia.

Forward-Looking Statements

This press release contains certain "forward-looking statements" regarding business strategies, market potential, future financial performance, the potential of our categories and brands, our outlook for the third quarter and full year 2018, and our expectations, beliefs, plans, objectives, prospects, assumptions, or other

Page 2 of 4 © 2021 Factiva, Inc. All rights reserved.

future events. Forward-looking statements are generally identified by our use of forward-looking terminology such as "anticipate," "believe," "continue," "could," "estimate," "expect," "intend," "may," "might," "plan," "potential," "predict," "seek," or "should," or the negative thereof or other variations thereon or comparable terminology. Where, in any forward-looking statement, we express an expectation or belief as to future results or events, such expectation or belief is based on the current plans, expectations, assumptions, estimates, and projections of our management. Although we believe that these statements are based on reasonable expectations, assumptions, estimates and projections, they are only predictions and involve known and unknown risks, many of which are beyond our control that could cause actual outcomes and results to be materially different from those indicated in such statements.

Our actual results could differ materially from the results contemplated by these forward-looking statements due to a number of factors, including the factors discussed in our Annual Reports on Form 10-K, and our Quarterly Reports on Form 10-Q, both filed with the Securities and Exchange Commission.

The assumptions underlying the guidance provided for the third quarter and full year 2018 include the achievement of anticipated improvements in end markets, competitive position, and product portfolio; stable macroeconomic factors; continued inflation in materials and freight costs; no further changes in foreign currency exchange and tax rates; successful integration of recent acquisitions; and our future business plans. The forward-looking statements included in this release are made as of the date hereof, and except as required by law, we undertake no obligation to update, amend or clarify any forward-looking statements to reflect events, new information or circumstances occurring after the date of this release.

Non-GAAP Financial Information

This press release presents certain "non-GAAP" financial measures. The components of these non-GAAP measures are computed by using amounts that are determined in accordance with accounting principles generally accepted in the United States of America ("GAAP"). A reconciliation of non-GAAP financial measures used in this press release to their nearest comparable GAAP financial measures is included in the tables at the end of this press release. The company provides certain guidance solely on a non-GAAP basis because the company cannot predict certain elements that are included in certain reported GAAP results, including the variables and individual adjustments necessary for a reconciliation to GAAP. While management is not able to specifically quantify the reconciliation items for forward-looking non-GAAP measures without unreasonable effort, management bases the estimated ranges of non-GAAP measures for future periods on its reasonable estimates of such factors as assumed effective tax rate, assumed interest expense, and other assumptions about capital requirements for future periods.

(MORE TO FOLLOW)

JELD-WEN Announces Preliminary Financial Results -2-

We use Adjusted EBITDA, Adjusted EBITDA margin, Adjusted net income, and Adjusted EPS because we believe they assist investors and analysts in comparing our operating performance across reporting periods on a consistent basis by excluding items that we do not believe are indicative of our core operating performance. Management believes Adjusted EBITDA and Adjusted EBITDA margin are helpful in highlighting trends because they exclude the results of decisions that are outside the control of management, while other measures can differ significantly depending on long-term strategic decisions regarding capital structure, the tax jurisdictions in which we operate, and capital investments. We use Adjusted EBITDA and Adjusted EBITDA margin to measure our financial performance and also to report our results to our board of directors. Further, our executive incentive compensation is based in part on Adjusted EBITDA. In addition, we use Adjusted EBITDA as calculated herein for purposes of calculating compliance with our debt covenants in certain of our debt facilities. Adjusted EBITDA should not be considered as an alternative to net income as a measure of financial performance or to cash flows from operations as a liquidity measure.

We define Adjusted EBITDA as net income (loss), eliminating the impact of the following items: loss from discontinued operations, net of tax; (gain) loss on sale of discontinued operations, net of tax; equity (earnings) loss of non-consolidated entities; income tax; depreciation and amortization; interest expense, net; impairment and restructuring charges; (gain) loss on sale of property and equipment; share-based compensation expense; non-cash foreign exchange transaction/translation (income) loss; other non-cash items; non-recurring, extraordinary items; other items; and costs related to debt restructuring, debt refinancing, and the Onex investment. Adjusted EBITDA margin is defined as Adjusted EBITDA divided by net revenues.

Other companies may compute these measures differently. No non-GAAP metric should be considered as an alternative to any other measure derived in accordance with GAAP.

Page 3 of 4 © 2021 Factiva, Inc. All rights reserved.

Due to rounding, numbers presented throughout this document may not sum precisely to the totals provided and percentages may not precisely reflect the absolute figures.

View source version on businesswire.com: https://www.businesswire.com/news/home/20181015005907/en/

```
    CONTACT:
JELD-WEN Holding, Inc.
```
Christopher Teachout, 704-378-7007

Investor Relations Manager

investors@jeldwen.com

```
    SOURCE:
JELD-WEN Holding, Inc.
Copyright Business Wire 2018
```

(END)

| | |
|---|---|
| **CO** | jldw : JELD-WEN Holding Inc. \| onexc : Onex Corp. |
| **IN** | ibuildpr : Building Materials/Products \| icre : Real Estate/Construction |
| **NS** | c151 : Earnings \| npress : Press Releases \| c15 : Financial Performance \| ccat : Corporate/Industrial News \| ncat : Content Types \| nfact : Factiva Filters \| nfcpin : C&E Industry News Filter |
| **RE** | usa : United States \| namz : North America |
| **PUB** | Business Wire, Inc. |
| **AN** | Document BWR0000020181015eeaf000ex |

**Page 4 of 4 © 2021 Factiva, Inc. All rights reserved.**

# Appendix A

**DANIEL R. FISCHEL**                                                                                          **February 2021**
Business Address:

Compass Lexecon
332 South Michigan Avenue
Chicago, Illinois 60604
Tel: 312-322-0209
dfischel@compasslexecon.com

## PROFESSIONAL EXPERIENCE

Lee and Brena Freeman Professor of Law and Business, University of Chicago Law School (1/84 – 12/2005, chair awarded in 7/89, emeritus as of 1/1/2006); Dean of Law School (1/99 – 2/01); Visiting Professor of Law, University of Chicago Law School (7/82 - 6/83).

Professor of Law and Business, Northwestern University School of Law (1/1/2006 – 5/2011). Professor, Kellogg

School of Management (courtesy appointment, 1/1/2006 – 5/2011).

Jack N. Pritzker Distinguished Visiting Professor of Law, Northwestern University School of Law (6/02-6/03).

Professor of Law and Business, University of Chicago Graduate School of Business (7/87 - 6/90).

Director, Law and Economics Program, University of Chicago (1/84 - 6/91).

Assistant Professor of Law, Northwestern University School of Law (6/80 - 6/81); Associate Professor of Law, Northwestern University School of Law (6/81 - 6/82); promoted to full professor in 6/82.

Attorney with Levy and Erens, Chicago, Illinois (7/79 - 6/80).

Law Clerk for Associate Justice Potter Stewart of the United States Supreme Court (1978 - 1979).

Law Clerk for Judge Thomas E. Fairchild, Chief Judge of the Seventh Circuit Court of Appeals (1977 - 1978).

## CONSULTING EXPERIENCE

President and Chairman, Compass Lexecon (formerly Lexecon).

## AREAS OF SPECIALIZATION

Securities and Financial Markets, Valuation and Financial Analysis, Bankruptcy and Financial Distress Litigation, ERISA Litigation, Class Certification, Damages, Corporate Governance.

## PUBLICATIONS

Payback: The Conspiracy to Destroy Michael Milken and His Financial Revolution, Harper Business (1995).

The Economic Structure of Corporate Law, Harvard University Press (1991) (with Frank H. Easterbrook).

## ARTICLES

The Use of Trading Models to Estimate Aggregate Damages in Securities Fraud Litigation: An Update, Briefly… Perspectives on Legislation, Regulation, and Litigation, Vol. 10, No. 3 (National Legal Center for the Public Interest, 2006) (with David J. Ross and Michael A. Keable).

The Hewlett-Packard Merger: A Case Study, in The New Investor Relations, Expert Perspectives on The State Of The Art (Bloomberg Press Princeton, 2004) (with Kenneth R. Cone, Gregory J. Pelnar and David J. Ross).

Market Evidence in Corporate Law, 69 U. Chi. L. Rev. 941 (2002).

Multidisciplinary Practice, The Business Lawyer, Vol. 55, (May 2000).

Government Liability for Breach of Contract, American L. & Econ. Rev. V1 N1/2 313 (1999) (with Alan Sykes).

Lawyers and Confidentiality, 65 U. Chi. L. Rev. 1 (1998).

The Law and Economics of Vanishing Premium Life Insurance, 22 Del. J. Corp. Law 1 (1997) (with Robert S. Stillman).

Clustering and Competition in Asset Markets, 20 J. Law & Econ. 23 (1997) (with Sanford J. Grossman, Merton H. Miller, Kenneth R. Cone and David J. Ross).

Corporate Crime, 25 J. Legal Studies 319 (1996) (with Alan O. Sykes).

The Use of Trading Models to Estimate Aggregate Damages in Securities Fraud Litigation: A Proposal for Change, in Securities Class Actions: Abuses and Remedies (The National Legal Center for the Public Interest, 1994) (with David J. Ross).

Civil Rico After Reves: An Economic Commentary, 1993 Sup. Ct. Rev. 157 (with Alan O. Sykes).

Contract and Fiduciary Duty, 36 J. Law & Econ. 425 (1993) (with Frank H. Easterbrook).

Should the Law Prohibit "Manipulation" in Financial Markets?, 105 Harv. L. Rev. 503 (1991) (with David J. Ross).

Efficient Capital Markets, the Crash, and the Fraud on the Market Theory, 74 Cornell L. Rev. 907 (1989).

The Corporate Contract, 89 Colum. L. Rev. 1416 (1989) (with Frank H. Easterbrook); also published in Corporate Law and Economic Analysis (Cambridge University Press 1990) (Lucian Bebchuk ed.).

The Economics of Lender Liability, 99 Yale L. J. 131 (1989).

Should One Agency Regulate Financial Markets, in Black Monday and the Future of Financial Markets (R. Kormendi, R. Kamphuis & J. W. H. Watson, ed.) (Dow Jones-Irwin Inc., 1988).

ERISA's Fundamental Contradiction: The Exclusive Benefit Rule, 55 U. Chi. L. Rev. 1105 (1988) (with John H. Langbein).

From MITE to CTS: Takeovers, the Williams Act and the Commerce Clause, 1987 Sup. Ct. Rev. 47.

The Regulation of Banks and Bank Holding Companies, 73 Va. L. Rev. 301 (1987) (with Andrew M. Rosenfield and Robert S. Stillman).

The Regulation of Accounting: Some Economic Issues, 52 Brooklyn L. Rev. 1051 (1987).

Organized Exchanges and the Regulation of Dual Class Common Stock, 54 U. Chi. L. Rev. 119 (1987).

Comparable Worth and Discrimination in Labor Markets, 53 U. Chi. L. Rev. 891 (1986) (with Edward P. Lazear).

Comparable Worth: A Rejoinder, 53 U. Chi. L. Rev. 950 (1986) (with Edward P. Lazear).

Close Corporations and Agency Costs, 38 Stan. L. Rev. 271 (1986) (with Frank H. Easterbrook).

The Role of Liability Rules and the Derivative Suit in Corporate Law: A Theoretical and Empirical Analysis, 71 Corn. L. Rev. 261 (1986) (with Michael Bradley).

Regulatory Conflict and Entry Regulation of New Futures Contracts, 59 J. Bus. S85 (1985).

Optimal Damages in Securities Cases, 52 U. Chi. L. Rev. 611 (1985) (with Frank H. Easterbrook).The Business Judgment Rule and the Trans Union Case, 40 Bus. Law. 1437 (1985).

Insider Trading and Investment Analysts: An Economic Analysis of Dirks v. SEC, 13 Hofstra L. Rev. 127 (1984).

Limited Liability and the Corporation, 52 U. Chi. L. Rev. 89 (1985) (with Frank H. Easterbrook).

Labor Markets and Labor Law Compared with Capital Markets and Corporate Law, 51 U. Chi. L. Rev. 1061 (1984).

Customer Protection in Futures and Securities Markets, 4 J. Futures Markets 273 (1984) (with Sanford J. Grossman).

Mandatory Disclosure and the Protection of Investors, 70 Va. L. Rev. 669 (1984) (with Frank H. Easterbrook).

The Appraisal Remedy In Corporate Law, 1983 Am. Bar Found. Res. J. 875.

The Regulation of Insider Trading, 35 Stan. L. Rev. 857 (1983) (with Dennis W. Carlton).

Voting in Corporate Law, 26 J. Law & Econ. 395 (1983) (with Frank H. Easterbrook).

Auctions and Sunk Costs in Tender Offers, 35 Stan. L. Rev. 1 (1982) (with Frank H. Easterbrook).

The Corporate Governance Movement, 35 Vand. L. Rev. 1259 (1982).

Use of Modern Finance Theory in Securities Fraud Cases Involving Actively Traded Securities, 38 Bus. Law 1 (1982).

Antitrust Suits By Targets of Tender Offers, 80 Mich. L. Rev. 1155 (May 1982) (with Frank H. Easterbrook).

Corporate Control Transactions, 91 Yale L. J. 698 (1982) (with Frank H. Easterbrook).

The "Race to the Bottom" Revisited: Reflections on Recent Developments in Delaware Corporation Law, 76 Nw. Univ. L. Rev. 913 (1982).

Takeover Bids, Defensive Tactics and Shareholders' Welfare, 36 Bus. Law 1733 (1981) (with Frank H. Easterbrook).

The Law and Economics of Dividend Policy, 67 Va. L. Rev. 699 (1981).

The Proper Role of a Target's Management in Responding to a Tender Offer, 94 Harv. L. Rev. 1161 (1981) (with Frank H. Easterbrook) (awarded prize by Emory University for best paper written in law and economics for the year 1981).

Secondary Liability Under Section 10(b) of the Securities Act of 1934, 69 California L. Rev. 80 (1981).

Efficient Capital Market Theory, the Market for Corporation Control, and the Regulation of Cash Tender Offers, 57 Tex. L. Rev. 1 (1978); reprinted in K. Scott and R. Posner ed., Economic Perspectives on Corporation Law and Securities Regulation (Little Brown 1980).

Antitrust Liability for Attempts to Influence Government Action: The Basis and Limits of the Noerr-Pennington Doctrine, 45 U. Chi. L. Rev. 80 (1977).

Comment, The Demand and Standing Requirements in Stockholder Derivation Actions, 44 U. Chi. L. Rev. 168 (1977).

Comment, The Use of Government Judgments in Private Antitrust Litigation: Clayton Act Section 5(a), Collateral Estoppel, and Jury Trial, 43 U. Chi. L. Rev. 338 (1976).

### EDUCATION

<u>University of Chicago Law School</u>, Chicago, Illinois; J.D. 1977, cum laude; Order of the Coif; Comment Editor, Vol. 44, <u>University of Chicago Law Review</u>; Approximately top 1% of the Class. Awarded Casper Platt Award for best paper written by a student of the University of Chicago Law School; awarded Jerome N. Frank Prize for excellence in legal writing while a member of the University of Chicago Law Review, 1975 - 1977. Studied law and economics with Richard Posner and other members of the faculty.

<u>Brown University</u>, Providence, Rhode Island; M.A. 1974 in American History.

<u>Cornell University</u>, Ithaca, New York; major-American History; minor-Economics; B.A. 1972

### TESTIMONY

Testimony of Daniel R. Fischel <u>In Re: PG&E Corporation and Pacific Gas and Electric Company, Debtors</u> In the United States Bankruptcy Court of Northern District of California, San Francisco Division, Case No. 19-30088 DM, (December 15, 2020).

Deposition of Daniel R. Fischel <u>In Re: Resolution Life L.P. and Resolution Life (Parallel) Partnership vs. GBIG Holdings, Inc. f/k/a Southland National Holdings, Inc.; SNH Acquisition, LLC and Greg Lindberg</u>, In the Supreme Court of the State of New York, Index No. 650575/2019, (November 24, 2020).

Deposition of Daniel R. Fischel <u>In Re: SH 130 Concession Company, LLC, Zachry Toll Road – 56 LP Cintra Texas 56 LLC et al. vs. Central Texas Highway Constructors, LLC, et al.</u>, In the United States Bankruptcy Court, Western District of Texas, Austin Division, Case No. 16-10262-TMD, Adversary No. 18-01030, (November 5, 2020).

Deposition of Daniel R. <u>Fischel In Re: Ahmed D. Hussein versus Sheldon Razin, Steven Plochocki, Quality Systems, Inc., et al.</u>, In the Superior Court of the State of California, County of Orange, Case No. 302013-00679600 CUNPCJC, (October 22, 2020).

Deposition of Daniel R. Fischel <u>In Re: Deutsche Bank National Trust Company, Solely in its Capacity as Trustee of the Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2006-9</u>, In the Supreme Court of the State of New York County of New York, Index No. 654208/2018 (September 25, 2020).

Testimony of Daniel R. Fischel <u>In Re: Fairstone Financial Holdings Inc., J.C. Flowers IV L.P. and VP Canada Acquisition, L.P. vs. Duo Bank of Canada,</u> Court File No. CV-20-00641857-00CL and <u>Duo Bank of Canada vs. Fairstone Financial Holdings Inc., J.C. Flowers IV L.P. and VP Canada Acquisition, L.P.</u>, Court File No. CV-20-00643629-00CL, In the Ontario Superior Court of Justice, (September 11, 2020).

Testimony of Daniel R. Fischel <u>In Re: AB Stable VIII LLC vs. Maps Hotels and Resorts One LLC, et al.</u>, In the Court of Chancery of the State of Delaware, C. A. No. 2020-0310-JTL (August 28, 2020).

Deposition of Daniel R. Fischel <u>In Re: AB Stable VIII LLC vs. Maps Hotels and Resorts One LLC, et al.</u>, In the Court of Chancery of the State of Delaware, Case No. 2020-0130-JTL (August 14, 2020).

Deposition of Daniel R. Fischel <u>In Re: Willis Towers Watson PLC Proxy Litigation</u>, In the United States District Court for the Eastern District of Virginia, Alexandria Division, Master File No. 1:17-cv-1338-AJT-JFA (August 12, 2020).

Deposition of Daniel R. Fischel <u>In Re: Forescout Technologies, Inc. et al. vs. Ferrari Group Holdings, LP, and Ferrari Merger Sub, Inc., et al.</u>, In the Court of Chancery of the State of Delaware, Civil Action No. 2020-0385-SG (July 13, 2020).

Deposition of Daniel R. Fischel <u>In Re: Brigade Leveraged Capital Structures Fund Ltd. et al. vs. Kindred Healthcare, Inc., et al.</u>, In the Circuit Court of Chancery of the State of Delaware, Case No. 2018 0165 (February 5, 2020).

Deposition of Daniel R. Fischel In Re: Forescout Technologies, Inc. et al. vs. Ferrari Group Holdings, LP, and Ferrari Merger Sub, Inc., et al., In the Court of Chancery of the State of Delaware, Civil Action No. 2020-0385-SG (July 13, 2020).

Deposition of Daniel R. Fischel In Re: Brigade Leveraged Capital Structures Fund Ltd. et al. vs. Kindred Healthcare, Inc., et al., In the Circuit Court of Chancery of the State of Delaware, Case No. 2018 0165 (February 5, 2020).

Testimony of Daniel R. Fischel In Re: Gannaway Entertainment, Inc. et al vs. Frankly Inc. et al., In the United States District Court, Northern District of California, San Francisco Division, Case No. 3:17-cv-04169-RS (December 17, 2019).

Deposition of Daniel R. Fischel In Re: The Official Committee of Unsecured Creditors of Allied Systems Holdings, Inc. and its affiliated debtors et al. v. Yucaipa, et al., In the U.S. Bankruptcy Court for the District of Delaware, Bankr., D. Del., Proc. Nos. 13-50530-KBO, 14-50971-KBO (December 16, 2019).

Testimony of Daniel R. Fischel In Re: Nord Anglia Education, Inc., In the Grand Court of The Cayman Islands, Financial Services Division, Cause No. FSD 235 of 2017 (IKJ). (December 6, 9, 10 and 11, 2019).

Deposition of Daniel R. Fischel In Re: Lindie L. Banks and Erica LeBlanc, individually and on behalf of all others similarly situated vs. Northern Trust Corporation and Northern Trust Company, In the United States District Court, Central District of California, Case No. 2: 16-cv-09141-JFK (JCx) (November 22, 2019).

Deposition of Daniel R. Fischel In Re: Tesla Motors, Inc. Stockholder Litigation, In the Court of Chancery of the State of Delaware, C.A. No. 12711-VCS (November 19, 2019).

Deposition of Daniel R. Fischel In Re: Melina N. Jacobs, On Behalf of Herself and All Others Similarly Situated vs. Verizon Communications, Inc., et al., In the United States District Court for the Southern District of New York, Civil Action No. 1:16-cv-01082 (August 28, 2019).

Deposition of Daniel R. Fischel In Re: American Realty Capital Properties, Inc. Litigation, In the United States District Court, Southern District of New York, Civil Action No. 1:15-mc-00040-AKH Class Action (July 25, 2019).

Deposition of Daniel R. Fischel In Rajesh M. Shah, et al vs. Zimmer Biomet Holdings, Inc., et al, In the United States District Court, Northern District of Indiana, South Bend Division, Case No. 3:16-cv-815-PPS-MGG (May 17, 2019).

Testimony of Daniel R. Fischel In Colonial Chevrolet Co., Inc., et al., Alley's of Kingsport, Inc., et al., and Union Dodge, Inc., et al. vs. The United States (Nos. 10-647C, 11-100C, and 12-900L – Consolidated), In the United States Court of Federal Claims (May 8, 2019).

Testimony of Daniel R. Fischel In Anthem, Inc. vs. Cigna Corporation, In the Court of Chancery of the State of Delaware, C.A. No. 2017-0114-JTL (March 8, 2019).

Deposition of Daniel R. Fischel In Re: Nine West holdings, Inc., et al., Debtors, United States Bankruptcy Court, Southern District of New York, Chapter 11 Case No. 18-10947 (SCC) (January 16, 2019).

Deposition of Daniel R. Fischel In Re: Sandisk LLC Securities Litigation, United States District Court, Northern District of California, San Francisco Division, Case No. 3:15-cv-01455-VC (November 16, 2018).

Deposition of Daniel R. Fischel In Re: Colonial Chevrolet Co., Inc., Alley's of Kingsport, Inc. and Union Dodge, Inc., et al vs. The United States, In the United States Court of Federal Claims, Nos. 10-647C, 11-100C and 12-900L (Consolidated) (November 15, 2018).

Testimony of Daniel R. Fischel In Re: United States of America, et al., vs. J-M Manufacturing Co., Inc., United States District Court, Central District of California – Western Division, No. CV 6-55 GW (November 5, 2018).

Deposition of Daniel R. Fischel In Re: Appraisal of Air Methods Corp., In the Court of Chancery of the State of Delaware, C.A. No.: 2017-0317-JRS (September 27 and 28, 2018).

Testimony of Daniel R. Fischel In Re: Akorn, Inc., v. Fresenius Kabi, AG, et al., In the Court of Chancery of the State of Delaware, C.A. No. 2018-0300-JTL (July 13, 2018).

Deposition of Daniel R. Fischel In Re: Starz Stockholder Litigation, In the Court of Chancery of the State of Delaware, Consolidated C.A. No. 12584-VCG (July 12, 2018).

Deposition of Daniel R. Fischel In Re: Akorn, Inc. vs. Fresenius Kabi AG, Quercus Acquisition, Inc. and Fresenius SE & Co. KGaA, In the Court of Chancery of the State of Delaware, Index No. 2018-0300 (June 30, 2018).

Deposition of Daniel R. Fischel In Re: Physiotherapy Holdings, Inc., et al., Debtors; PAH Litigation Trust v. Water Street Healthcare Partners, L.P., et al., In the United States Bankruptcy Court for the District of Delaware, Case No. 13-12965 (KG) (Jointly Administered) (June 5, 2018).

Deposition of Daniel R. Fischel In Re: Facebook, Inc. Class C Reclassification Litigation, In the Court of Chancery of the State of Delaware, Consolidated C.A. No. 12286-VCL (May 18, 2018).

Testimony of Daniel R. Fischel In Re: Dr. Alan Sacerdote, et al. vs. New York University, In the United States District Court for the Southern District of New York, Civil Action No. 1:16-cv-6284-KBF (April 24, 25 and 26).

Deposition of Daniel R. Fischel In Re: Daniel Turocy, et al. vs. El Pollo Loco Holdings, Inc., et al., In the United States District Court, Central District of California, Southern Division, Case No. 8:15-cv-01343-DOC-KES (April 12, 2018).

Deposition of Daniel R. Fischel In Re: United States of America v. AT&T Inc., Directv Group Holdings, LLC, and Time Warner Inc., In the United States District Court for the District of Columbia, Case No. 1:17-cv-02511-RJL (March 9, 2018).

Deposition of Daniel R. Fischel In Re: Dr. Alan Sacerdote, et al. vs. New York University, In the United States District Court for the Southern District of New York, Civil Action No. 1:16-cv-6284-KBF (March 1, 2018).

Testimony of Daniel R. Fischel In Re: Lehman Brothers Holdings Inc., et al., In the United States Bankruptcy Court, Southern District of New York, Chapter 11, Case No. 08-13555 (SCC) (December 4, 2017).

Deposition of Daniel R. Fischel In Re: Lehman Brothers Holdings Inc., et al., In the United States Bankruptcy Court, Southern District of New York, Chapter 11, Case No. 08-13555 (SCC) (October 17, 2017).

Testimony of Daniel R. Fischel In Re: Genon Energy, Inc., et al, Debtors, In the United States Bankruptcy Court for the Southern District of Texas Houston Division, Chapter 11, Case No. 17-33695 (DRJ) (October 6, 2017).

Deposition of Daniel R. Fischel In Re: Genon Energy, Inc., et al, Debtors, In the United States Bankruptcy Court for the Southern District of Texas Houston Division, Chapter 11, Case No. 17-33695 (DRJ) (August 25, 2017).

Deposition of Daniel R. Fischel In Re: United States ex re. Hendrix et al., vs. JM Manufacturing Company, Inc., et al., In the United States District Court, Central District of California, Case No. ED CV 06-00055-GW (July 20, 2017).

Testimony of Daniel R. Fischel In Re: Saguaro Power Co. v. Pioneer Americas LLC d/b/a Olin Chlor Alkali Products, In AAA Case No. 01-16-0005-1073 (June 30, 2017).

Testimony of Daniel R. Fischel In Re: Syngenta AG MIR 162 Corn Litigation, In the United States District Court for the District of Kansas, Master File No. 2:14-MD-02591-JWL-JPO (June 19, 2017).

Testimony of Daniel R. Fischel In Re: Motors Liquidation Company, f/k/a General Motors Corporation, et al., Debtors, United States Bankruptcy Court, Southern District of New York, Chapter 11, Case No.:09-50026 (MG) and Motors Liquidation Company Avoidance Action Trust, et al vs. JPMorgan Chase Bank, N.A., et al., United States Bankruptcy Court, Southern District of New York, Case No.: 09-00504 (MG) (May 2 and 3, 2017).

Deposition of Daniel R. Fischel In Re: Alere-Abbott Merger Litigation, In the Court of Chancery of the State of Delaware, Consolidated C.A. No. 12963-VCG (April 4, 2017).

6

Testimony of Daniel R. Fischel In Re: Appraisal of AOL Inc., In the Court of Chancery of the State of Delaware, Consol C.A. No. 11204-VCG (March 20, 2017).

Deposition of Daniel R. Fischel In Re: City of Daytona Beach Policy and Fire Pension Fund, et al vs. Examworks Group, Inc., et al., In the Court of Chancery of the State of Delaware, C.A. No. 12481-VCL (February 22, 2017).

Deposition of Daniel R. Fischel In Re: Appraisal of AOL Inc., In the Court of Chancery of the State of Delaware, Consol C.A. No. 11204-VCG (February 14 and 15, 2017).

Deposition of Daniel R. Fischel In Re: Motors Liquidation Company, f/k/a General Motors Corporation, et al., Debtors, United States Bankruptcy Court, Southern District of New York, Chapter 11, Case No.:09-50026 (MG) and Motors Liquidation Company Avoidance Action Trust, et al vs. JPMorgan Chase Bank, N.A., et al., United States Bankruptcy Court, Southern District of New York, Case No.: 09-00504 (MG) (January 31, 2017).

Deposition of Daniel R. Fischel In Re: Syngenta Litigation, In the State of Minnesota District Court, County of Hennepin Fourth Judicial District, Court File No. 27-CV-15-3785 and In Re: Syngenta AG MIR 162 Corn Litigation, In the United States District Court for the District of Kansas, Case No. 2:14-md-2591-JWL-JPO (January 20, 2017).

Testimony of Daniel R. Fischel In the Matter of Motiva Enterprises LLC vs. Bechtel Corporation, Jacobs Engineering Group, Inc. and Bechtel-Jacobs CEP Port Arthur Joint Venture, International Institute for Conflict Prevention and Resolution (October 20, 2016).

Deposition of Daniel R. Fischel in Beaver County Employees Retirement Fund, et al., vs. Cyan, Inc., et al., Superior Court of the State of California, County of San Francisco, Lead Case No. CGC-14-538355 (Consolidated with No. CGC-14-539008) (October 11, 2016).

Testimony of Daniel R. Fischel In Re: Paragon Offshore PLC, et al, Debtors, In the United States Bankruptcy Court, District of Delaware, Case No. 16-10386 (September 23, 2016).

Deposition of Daniel R. Fischel In the Matter of Motiva Enterprises LLC vs. Bechtel Corporation, Jacobs Engineering Group, Inc. and Bechtel-Jacobs CEP Port Arthur Joint Venture, International Institute for Conflict Prevention and Resolution (August 25, 2016)

Deposition of Daniel R. Fischel In Re: Syngenta AG MIR162 Corn Litigation, In the United States District Court for the District of Kansas; Case No. 2;14-MD-02591-JWL-JPO and In Re: Syngenta Litigation, In the State of Minnesota District Court, County of Hennepin, Fourth Judicial District, Case No. 27-CV-15-385 (August 11, 2016).

Deposition of Daniel R. Fischel in The Western and Southern Life Insurance Company vs. The Bank of New York Mellon, Court of Common Pleas, Hamilton County, Ohio, Case No. A 1302490 (July 27, 2016).

Testimony of Daniel R. Fischel in Herbalife, Ltd., vs. KPMG LLP, Non-Administered Arbitration of the International Institute for Conflict Prevention and Resolution, CPR Case No. 1100076998 (May 19, 2016).

Testimony of Daniel R. Fischel in iHeart Communications, Inc., f/k/a Clear Channel Communications, Inc. vs. Benefit Street Partners, et al., In the District Court of Bexar County, Texas, Cause No. 2016 CI 04006 (May 17, 2016).

Deposition of Daniel R. Fischel in iHeart Communications, Inc., f/k/a Clear Channel Communications, Inc. vs. Benefit Street Partners, et al., In the District Court of Bexar County, Texas, Cause No. 2016 CI 04006 (May 12, 2016).

Testimony of Daniel R. Fischel in U.S. Commodity Futures Trading Commission v. Igor B. Oystacher and 3 Red Trading, LLC, In the United States District Court for the Northern District of Illinois, Eastern Division, Docket No. 15 C 9196 (May 6, 2016).

Testimony of Daniel R. Fischel in Merion Capital LP and Merion Capital II, LP vs. Lender Processing Services, Inc., In the Court of Chancery of the State of Delaware, C.A. No. 9320-VCL (May 4 and 5, 2016).

7

Testimony of Daniel R. Fischel in iHeart Communications, Inc., f/k/a Clear Channel Communications, Inc. v. Benefit Street Partners LLC, et al., In the District Court of Bexar County, Texas, 285th Judicial District, Cause No. 2016-CI 04006 (April 5, 2016).

Deposition of Daniel R. Fischel in iHeart Communications, Inc., f/k/a Clear Channel Communications, Inc. v. Benefit Street Partners LLC, et al., In the District Court of Bexar County, Texas, 285th Judicial District, Cause No. 2016-CI 04006 (April 2, 2016).

Deposition of Daniel R. Fischel in Herbalife Ltd. vs. KPMG LLP, Non-Administered Arbitration of the International Institute for Conflict Prevention and Resolution, CPR Case No.1100076998 (March 31, 2016).

Deposition of Daniel R. Fischel in U.S. Commodity Futures Trading Commission v. Igor B. Oystacher and 3 Red Trading, LLC, In the United States District Court, Northern District of Illinois, Eastern Division, No. 15-cv-09196 (March 25, 2016).

Deposition of Daniel R. Fischel in Merion Capital LP and Merion Capital II, LP vs. Lender Processing Services, Inc., In the Court of Chancery of the State of Delaware, C.A. No. 9320-VCL (March 15, 2016).

Deposition of Daniel R. Fischel in Lawrence E. Jaffe Pension Plan, On Behalf of Itself and All Others Similarly Situated v. Household International, Inc., et al., In the United States District Court, Northern District of Illinois Eastern Division, Lead Case No. 02-C-5893 (February 24, 2016).

Deposition of Daniel R. Fischel in Robert E. Morley, Jr. and REM Holdings 3, LLC vs. Square, Inc., Jack Dorsey, and James McKelvey, Jr., United States District Court for the Eastern District of Missouri, Eastern Division, Civil Action No. 14-CV-00172-SNLJ (February 19, 2016).

Testimony of Daniel R. Fischel In the Matter of the Application of U.S. Bank National Association, The Bank of New York Mellon, et al., Supreme Court of the State of New York, County of New York, Index No. 652382/2014 (January 20 and 21, 2016).

Testimony of Daniel R. Fischel in Sangeeth Peruri v. Ameriprise Financial, Inc., et al, American Arbitration Association Case No. 01-15-0002-3991 (December 7, 2015).

Deposition of Daniel R. Fischel In the Matter of the Application of U.S. Bank National Association, The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A., et al, In the Supreme Court of the State of New York, County of New York, Index No. 652382/2014 (December 3, 2015).

Testimony of Daniel R. Fischel in Securities and Exchange Commission v. Arkadiy Dubovoy, et al, In the United States District Court for the District of New Jersey, Civil Case No. 15-cv- 6076-MCA (October 8, 2015).

Deposition of Daniel R. Fischel in Steven A. Stender, Harold Silver and Infinity Clark Street Operating, L.L.C., on behalf of themselves and all others similarly situated v. Archstone- Smith Operating Trust, et al., in the United States District Court for the District of Colorado, Case No. 07-CV-02503-WJM-MJW (July 24, 2015).

Testimony of Daniel R. Fischel In Re: Determination of Royalty Rates and Terms for Ephemeral Recording and Digital Performance of Sound Recordings (Web IV), in the United States Copyright Royalty Judges, The Library of Congress, Docket No. 14-CRB-0001-WR (2016-2020) (May 21 and 22, 2015).

Deposition of Daniel R. Fischel In Re: Determination of Royalty Rates and Terms for Ephemeral Recording and Digital Performance of Sound Recordings (Web IV), in the United States Copyright Royalty Judges, The Library of Congress, Docket No. 14-CRB-0001-WR (2016-2020) (April 1, 2015).

Deposition of Daniel R. Fischel in MacDermid, Incorporated vs. Cookson Group, PLC, Cookson Electronics and Enthone, Inc., in the Superior Court, Judicial District of Waterbury, Docket No. UWY-CV-12-6016356-S (January 21, 2015)

Testimony of Daniel R. Fischel in the Securities and Exchange Commission vs. Samuel E. Wyly and Donald R. Miller, Jr., in his capacity as the Independent Executor of the Will and Estate of Charles J. Wyly, Jr., in the United States District Court, Southern District of New York, 10 Civ. 5760 (SAS) (November 17, 2014).

Deposition of Daniel R. Fischel In Re: Activision Blizzard, Inc. Stockholder Litigation, In the Court of Chancery of the State of Delaware, Consolidated C.A. No. 8885-VCL (October 17, 2014).

Testimony of Daniel R. Fischel in Hugh M. Caperton, Harman Development Corporation, Harman Mining Corporation, and Sovereign Coal Sales, Inc. v. A.T. Massey Coal Company, Inc., In the Circuit Court for Buchanan County, Case No. 027CL10000771-00 (May 20 and 21, 2014).

Deposition of Daniel R. Fischel in Center Partners, Ltd., et al v. Urban Shopping Centers, L.P., et al., In the Circuit Court of Cook County, Illinois, County Department, Law Division, Case No. 04 L 012194 (April 24, 2014).

Deposition of Daniel R. Fischel in Third Point LLC v. William F. Ruprecht, et al and Sotheby's, In the Court of Chancery of the State of Delaware, C.A. No. 9469-VCP (April 19, 2014).

Deposition of Daniel R. Fischel in Hugh M. Caperton, Harman Development Corporation, Harman Mining Corporation, and Sovereign Coal Sales, Inc. v. A.T. Massey Coal Company, Inc., In the Circuit Court for Buchanan County, Case No. 027CL10000771-00 (March 14, 2014).

Deposition of Daniel R. Fischel in Corre Opportunities Fund, LP, Zazove Associates LLC, DJD Group LLLP, First Derivative Traders LP, and Kevan A. Fight vs. Emmis Communications Corporation, United States District Court, Southern District of Indiana, Indianapolis Division, Case No. 1:12-cv-0491-SEB-TAB (October 4, 2013).

Testimony of Daniel R. Fischel In the Matter of the Application of The Bank of New York Mellon, (As Trustee Under Various Pooling and Servicing Agreements and Indenture Trustee under various indentures), Petitioner, for an order, pursuant to CPLR §7701, seeking judicial instructions and approval of a proposed settlement, Index No. 651786/11, Supreme Court of the State of New York, County of New York: Trial Term Part 39 (September 9 and 10, 2013).

Testimony of Daniel R. Fischel In Re: September 11 Litigation, Case No. 21 MC 97 (AKH), United States District Court for the Southern District of New York, (July 16, 2013).

Deposition of Daniel R. Fischel in Cantor Fitzgerald & Co., et al v. American Airlines, Inc., et al, Case No. 21 MC 101 (AKH), 04 CV 7318 (AKH), United States District Court, Southern District of New York (July 1, 2013).

Deposition of Daniel R. Fischel In Re: Pfizer Inc. Securities Litigation, Case No. 04 Civ. 9866 (RO) in The United States District Court for the Southern District of New York (June 28, 2013).

Testimony of Daniel R. Fischel in William T. Esrey, Julie C. Esrey, Ronald T. LeMay and Casondra C. Lemay v. Ernst & Young LLP Arbitration, Case No. 13 107 Y 02332 11 (May 29, 2013).

Deposition of Daniel R. Fischel in Christine Bauer-Ramazani and Carolyn B. Duffy, on behalf of themselves and all other similarly situated v. Teachers Insurance and Annuity Association of America – College Retirement and Equities Fund (TIAA-CREF), et al, in the United States District Court, District of Vermont, Docket No. 1:09-cv-190 (May 21, 2013).

Deposition of Daniel R. Fischel In Re: Google Inc. Class C Shareholder Litigation, In the Court of Chancery of the State of Delaware, Case No. 7469CS (May 17, 2013).

Deposition of Daniel R. Fischel In the Matter of the application of The Bank of New York Mellon (as Trustee under various Pooling and Servicing Agreements and Indenture Trustee under various Indentures), et al., Supreme Court of the State of New York, County of New York, Index No. 651786/2011 (May 9, 2013).

Deposition of Daniel R. Fischel in William T. Esrey, Julie C. Esrey, Ronald T. Lemay, and Casondra C. Lemay v. Ernst & Young, L.L.P., Before the American Arbitration Association, Case No. 1234 (May 7, 2013).

Deposition of Daniel R. Fischel in Archer Well Company, Inc. v. GW Holdings LLC and Wexford Capital LP, in the United States District Court, Southern District of New York, ECF Case No. 1 1:12-cv-06762-JSR (April 5, 2013).

9

Testimony of Daniel R. Fischel in Meso Scale Diagnostics, LLC , Meso Scale Technologies, LLC v. Roche Diagnostics GmbH, et al., In the Court of Chancery of the State of Delaware, Civil Action No. 5589-VCP (February 27, 2013).

Deposition of Daniel R. Fischel in Center Partners, Ltd. et al v. Urban Shopping Centers, L.P., et al, Circuit Court of Cook County, Illinois, No. 04 L 012194 (February 6 and 7, 2013).

Deposition of Daniel R. Fischel In Re: September 11 Litigation, United States District Court, Southern District of New York, Civil Action No. 21 MC 101 (AKH) (January 11, 2013).

Deposition of Daniel R. Fischel in Meso Scale Diagnostics, LLC, Meso Scale Technologies, LLC v. Roche Diagnostics GmbH, et al., In the Court of Chancery of the State of Delaware, Case No: 5589-VCP (November 12, 2012).

Testimony of Daniel R. Fischel in Stuart Bederman, et al. v. Archstone, f/k/a Archstone-Smith Operating Trust, Arbitration before the Honorable Bruce W. Kauffman (October 17, 2012).

Deposition of Daniel R. Fischel in David E. Brown, et al. v. Authentec, Inc. et al., In the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, Civil Division, Case No. 05-2012-CA-57589 (September 18, 2012).

Deposition of Daniel R. Fischel in Stuart Bederman, et al. v. Archstone, f/k/a Archstone-Smith Operating Trust, Arbitration before the Honorable Bruce W. Kauffman (September 14, 2012).

Testimony of Daniel R. Fischel in Tronox, Incorporated, et al., v. Kerr-McGee Corporation, et al., United States Bankruptcy Court, Southern District of New York, Adversary Proceeding No. 09-10098(ALG) (August 7, 8 and 9, 2012).

Deposition of Daniel R. Fischel In re McAfee, Inc. Shareholder Litigation, Superior Court of the State of California, County of Santa Clara, Lead Case No. 1:10-cv-180413 (August 2, 2012).

Testimony of Daniel R. Fischel in Kraft Foods Global, Inc., v. Starbucks Corporation, Arbitration Before JAMS, Arbitration No. 1340008345 (July 31, 2012).

Deposition of Daniel R. Fischel in Altana Pharma AG, and Wyeth v. Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries, Ltd., In the United States District Court, District of New Jersey, Consolidated Civil Action Nos. 04-2355 (JLL)(CCC), 05-1966 (JLL)(CCC), 05-3920 (JLL)(CCC) and 05-3672 (JLL)(CCC) (June 1, 2012).

Deposition of Daniel R. Fischel in Kraft Foods Global, Inc. v. Starbucks Corporation, Arbitration before JAMS, Arbitration No. 1340008345 (May 15, 2012).

Deposition of Daniel R. Fischel in Capital One Financial Corporation v. John A. Kanas and John Bohlsen, In the United States District Court for the Eastern District of Virginia, Alexandria Division, Civil Action No. 1:11-cv-750 (LO/TRJ) (May 10, 2012).

Deposition of Daniel R. Fischel In Re: Pfizer Inc. Securities Litigation, In the United States District Court, Southern District of New York, Case 1:04-cv-09866-LTS-HBP (May 3, 2012).

Deposition of Daniel R. Fischel in Willie R. Pittman, Susan B. Seales and Stephen T. Selzer vs. J. Coley Clark, Moneygram International, Inc., et al., In the Court of Chancery of the State of Delaware, C.A. No. 6387-VCL (April 26, 2012).

Deposition of Daniel R. Fischel in Chona Allison, et al v. CRC Insurance Services, Inc., In the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 10-3313 (March 14 and 15, 2012).

Deposition of Daniel R. Fischel In Re: Tronox Incorporated, et al., Debtors, In the United States Bankruptcy Court, Southern District of New York, Chapter 11, Case No. 09-10156 (ALG) (February 24, 2012).

Testimony of Daniel R. Fischel In Re: BankAtlantic Bancorp, Inc. Litigation, In the Court of Chancery of the State of Delaware, Consolidated Civil Action No. 7068-VCL (January 27 and 30, 2012).

Deposition of Daniel R. Fischel in <u>Hildene Capital Management, LLC et al v. BankAtlantic</u> <u>Bancorp, Inc., et al</u>, In the Court of Chancery of the State of Delaware, C.A. No. 7068- VCL (January 19, 2012).

Deposition of Daniel R. Fischel in <u>Advanced Analogic Technologies, Incorporated v. Skyworks</u> <u>Solutions, Inc.</u> <u>and Powerco Acquisition Corp.</u>, In the Court of Chancery of the State of Delaware, Arbitration No. 005-A-CS (November 18, 2011).

Testimony of Daniel R. Fischel in <u>Prudential Retirement Insurance and Annuity Company v.</u> <u>State Street</u> <u>Bank and Trust Company and State Street Global Advisors, Inc.</u>, United States District Court, Southern District of New York, Case No. 07-CV-8488 (October 13, 2011).

Deposition of Daniel R. Fischel <u>In Re: Inkeepers USA Trust, et al v. Cerberus Series Four</u> <u>Holdings, LLC.</u>, et al, United States Bankruptcy Court, Southern District of New York, Case No. 10-13800 (SCC) (October 5, 2011).

Deposition of Daniel R. Fischel in <u>Mary K. Jones, et al v. Pfizer, Inc., et al</u>, United States District Court, Southern District of New York, Civil Action No. 10-cv-03864 (AKH) ECF (October 4, 2011).

Testimony of Daniel R. Fischel in <u>Marina Del Rey Country Club Apartments, et al. vs. Archstone</u> <u>and Archstone</u> <u>Multifamily Series I Trust</u>, Ruby/Archstone Arbitration (August 30, 2011).

Deposition of Daniel R. Fischel in <u>Maher Terminals, LLC v. The Port Authority of New York and</u> <u>New Jersey</u>, Before the Federal Maritime Commission, FMC Docket No. 08-03 (August 25, 2011).

Testimony of Daniel R. Fischel in <u>Securities and Exchange Commission v. Joseph P. Nacchio,</u> <u>Robert S.</u> <u>Woodruff, Afshin Mohebbi, James J. Kozlowski and Frank T. Noyes</u>, United States District Court for the District of Colorado, Civil Action No. 05-cv-480-MSK-CBS (August 16, 2011).

Affidavit of Daniel R. Fischel in <u>Glenhill Capital LP, et al v. Porsche Automobil Holding, SE, f/k/a</u> <u>Dr. Ing. h.c. F.</u> <u>Porsche AG</u>, Supreme Court of the State of New York, County of New York, Index Number 650678/2011 (August 15, 2011).

Deposition of Daniel R. Fischel in <u>Fairfax Financial Holdings Limited and Crum & Forster</u> <u>Holdings Corp. v.</u> <u>S.A.C. Capital Management, LLC, et al.</u>, Superior Court of New Jersey, Law Division: Morris County, Docket No. MRS-L-2032-06 (July 27, 2011).

Deposition of Daniel R. Fischel <u>In Re: Lyondell Chemical Company, et al v. Leonard Blavatnik</u>, et al., United States Bankruptcy Court, Southern District of New York, Chapter 11 Case No. 09-10023 – (REG) (Jointly Administered) (July 25, 2011).

Deposition of Daniel R. Fischel <u>In Re: Constar Int'l Inc. Securities Litigation</u>, United States District Court, Eastern District of Pennsylvania, Master File No. 03cv05020 (June 28, 2011).

Affidavit of Daniel R. Fischel <u>In Re: Massey Energy Co. Derivative and Class Action Litigation</u>, in The Court of Chancery of the State of Delaware, C.A. No. 5430-VCS (May 20, 2011).

Deposition of Daniel R. Fischel in <u>Marina Del Rey Country Club, et al v. Archstone and</u> <u>Archstone Multifamily</u> <u>Series I Trust</u>, Ruby/Archstone Arbitration (May 9, 2011).

Testimony of Daniel R. Fischel in <u>The Dow Chemical Company v. Petrochemical Industries</u> <u>Company</u> <u>(K.S.C.)</u>, International Chamber of Commerce, International Court of Arbitration, ICC Case No. 16127/JEM/MLK (April 7, 2011).

Testimony of Daniel R. Fischel <u>In Re: Tribune Company, et al., Debtors</u>, In the United States Bankruptcy Court for the District of Delaware, Chapter 11, Case No. 08-13141 (KJC) (March 10, 2011).

Deposition of Daniel R. Fischel <u>In Re: Tribune Company, et al., Debtors</u>, In the United States Bankruptcy Court for the District of Delaware, Chapter 11, Case No. 08-13141 (KJC) (March 2, 2011).

Deposition of Daniel F. Fischel <u>In Re: Genetically Modified Rice Litigation</u>, In the United States District Court for the Eastern District of Missouri, Eastern Division, Case No. 4:06 MD 1811 CDP (February 15, 2011).

11

Deposition of Daniel R. Fischel in Riceland Food, Inc. v. Bayer Cropscience LP, et al, In the United States District Court, Eastern District of Missouri, Eastern Division, Case No. 4:09- cv-00433 CDP (January 18, 2011).

Deposition of Daniel R. Fischel In Re: Genetically-Modified Rice Litigation, In the United States District Court for the Eastern District of Missouri, Case No. 4:06-MD-1811 (November 11, 12, 2010).

Deposition of Daniel R. Fischel in Coleen Witmer, Individually, and on Behalf of All Others Similarly Situated v. Dynegy Inc., In the District Court of Harris County, Texas, 234th Judicial District (November 6, 2010).

Testimony of Daniel R. Fischel in Terra Firma (GP) 2 Investments Limited v. Citigroup Inc., United States District Court for the Southern District of New York, No. 1:09-CV-10459 (JSR) (November 2, 2010).

Testimony of Daniel R. Fischel in Terra Firma (GP) 2 Investments Limited v. Citigroup Inc., United States District Court for the Southern District of New York, No. 1:09-CV-10459 (JSR) (October 22, 2010).

Testimony of Daniel R. Fischel in Air Products and Chemicals, Inc. v. Airgas, Inc., Peter McCausland, et al, In the Court of Chancery of the State of Delaware, C.A. No. 5249-CC (October 5, 2010).

Deposition of Daniel R. Fischel in Air Products and Chemicals, Inc. v. Airgas, Inc., Peter McCausland, et al, In the Court of Chancery of the State of Delaware, C.A. No. 5249-CC (September 8, 2010).

Deposition of Daniel R. Fischel in Terra Firma (GP) 2 Investments Limited v. Citigroup Inc., United States District Court for the Southern District of New York, No. 1:09-CV-10459 (JSR) (July 28, 2010).

Deposition of Daniel R. Fischel in Citadel Investment Group, L.L.C. et al v. Mikhail Malyshev and Jace Kohlmeier, In the American Arbitration Association, Case No.AAA No. 51 166 00969 09 (July 13, 2010).

Testimony of Daniel R. Fischel In Re: United States of America v. Joseph P. Nacchio, in the United States District Court for the District of Colorado, Case No. 05-CR-00545-EWN (June 23, 2010).

Deposition of Daniel R. Fischel in Cantor Fitzgerald Securities, Cantor Fitzgerald & Co., Cantor Fitzgerald Partners v. The Port Authority of New York and New Jersey, in the Supreme Court of the State of New York, County of New York, Case No. 105447/94 (June 4, 2010).

Deposition of Daniel R. Fischel in Alaska Retirement Management Board on behalf of State of Alaska Public Employees' Retirement System and State of Alaska Teachers' Retirement System v. Mercer (US), Inc., Mercer Human Resources Consulting, Inc., and William M. Mercer, Inc., in The Superior Court for the State of Alaska, First Judicial District at Juneau, Case No. 1JU-07-974CI (April 29, 2010).

Deposition of Daniel R. Fischel In Re: ACS Shareholders Litigation, in The Court of Chancery of the State of Delaware, Consolidated Case No. 4940-VCP (April 26, 2010).

Testimony of Daniel R. Fischel in Securities and Exchange Commission v. Carl W. Jasper, in the United States District Court for the Northern District of California, San Jose Division, Case No. C-07-06122-JW (April 16, 2010).

Deposition of Daniel R. Fischel in Prudential Retirement Insurance and Annuity Company v. State Street Bank and Trust Company and State Street Global Advisors, Inc., in the United States District Court, Southern District of New York, Case No. 07 CIV 8488 (April 9, 2010).

Deposition of Daniel R. Fischel In re: Lyondell Chemical Company, et al., Debtors. Official Committee of Unsecured Creditors, on behalf of the Debtors' Estates v. Citibank, N.A., et al., in the United States Bankruptcy Court, Southern District of New York, Chapter 11 Case No. 09-10023 – (RED) (December 2, 2009).

Deposition of Daniel R. Fischel in Securities and Exchange Commission v. Carl W. Jasper, In the United States District Court, Northern District of California, San Jose Division, Case No. CV 07-6122 (HRL) (October 22, 2009).

Testimony of Daniel R. Fischel in Ventas, Inc. v. HCP, Inc., In the United States District Court of the Western District of Kentucky at Louisville, Civil Action No. 3:07-cv-00238-JGH (September 2, 2009).

Deposition of Daniel R. Fischel in Frank K. Cooper Real Estate #1, Inc., et al vs. Cendant Corporation f/k/a Hospitality Franchise Systems and Century 21 Real Estate Corporation, Superior Court of New Jersey, Law Division: Morris County, Docket No. MRS-L-377-02 (August 10, 2009).

Deposition of Daniel R. Fischel in Ventas, Inc. v. HCP, Inc., In the United States District Court of the Western District of Kentucky at Louisville, Civil Action No. 3:07-cv-00238-JGH (August 3, 2009).

Deposition of Daniel R. Fischel in U.S. Commodity Futures Trading Commission v. Amaranth Advisors, L.L.C., Amaranth Advisors (Calgary) and Brian Hunter, in the United States District Court, Southern District of New York, Case No. 07 CIV 6682 (July 8, 2009).

Declaration and Expert Surrebutal Report of Daniel R. Fischel in Ventas, Inc. v. HCP, Inc., In The United States District Court for the Western District of Kentucky at Louisville, Case No. 3:07-CV-00238-JGH (June 22, 2009).

Testimony of Daniel R. Fischel in NRG Energy, Inc. v. Exelon Corporation and Exelon Exchange Corporation, in the United States District Court, Southern District of New York, Case No. 09-CV-2448 (JGK) (DFE), (June 3, 2009).

Deposition of Daniel R. Fischel In Re: Delphi Corporation v. Appaloosa Management L.P., et al., In the United States Bankruptcy Court, Southern District of New York; Chapter 11, Case No. 05-44481(RDD) (Jointly administered), (June 2, 2009).

Deposition of Daniel R. Fischel in NRG Energy, Inc. v. Exelon Corporation and Exelon Exchange Corporation, in the United States District Court, Southern District of New York, Case No. 09-CV-2448 (JGK) (DFE), (May 31, 2009).

Deposition of Daniel R. Fischel in e-Bay Domestic Holdings, Inc. v. Craig Newmark and James Buckmaster and Craigslist, Inc., in the Court of Chancery of the State of Delaware, Case No. 3705-CC (May 29, 2009)

Testimony of Daniel R. Fischel In Re: Lawrence E. Jaffe Pension Plan, et al v. Household International, Inc., et al, in the United States District Court for the Northern District of Illinois, Eastern Division, No. 02-C-5893 (April 16, 20, 28 and 29, 2009).

Deposition of Daniel R. Fischel In Re: Rohm and Haas Company v. The Dow Chemical Company and Ramses Acquisition Corp., In the Court of Chancery of the State of Delaware, C.A. No. 4309-CC (March 4, 2009).

Deposition of Daniel R. Fischel In the Matter of Hoffman, et al. v. American Express Travel Related Services Company, Inc., et al., in the Superior Court of the State of California, in and for the County of Alameda, Case No. 2001-022881 (January 15, 2009).

Deposition of Daniel R. Fischel In Re: TyCom Ltd. Securities Litigation, in the United States District Court, District of New Hampshire, Docket No. 03-CV-1352 (September 22, 2008).

Deposition of Daniel R. Fischel In Re: Hexion Specialty Chemicals, Inc., et al v. Huntsman Corp., in the Court of Chancery of the State of Delaware, Civil Action No. 3841-VCL (September 4, 2008).

Deposition of Daniel R. Fischel In Re: Stone Energy Corp. Securities Litigation, in the United States District Court, Western District of Louisiana, Lafayette-Opelousas Division, Civil Action No. 6:05CV2088 (LEAD) (July 16, 2008).

Deposition of Daniel R. Fischel In Re: Initial Public Offering Securities Litigation, in the United States District Court, Southern District of New York, Master File No. 21 MC 92 (SAS) (April 3 and 4, 2008).

Deposition of Daniel R. Fischel In Re: Lawrence E. Jaffe Pension Plan, et al v. Household International, Inc., et al, in the United States District Court for the Northern District of Illinois, Eastern Division, No. 02-C-5893 (March 21, 2008).

Deposition of Daniel R. Fischel In Re: IAC/InteractiveCorp and Barry Diller v. Liberty Media Corporation, in the Court of Chancery of the State of Delaware in and for New Castle County, Consolidated Case Number 3486-VCL (February 29, 2008).

Testimony of Daniel R. Fischel In Re: Immunicon Corporation v. Veridex LLC, before the American Arbitration Association (Commercial Arbitration Rules), Case Number 50 180T 00192 07 (January 17, 2008).

Deposition of Daniel R. Fischel In Re: Unitedglobalcom Shareholders Litigation, in the Court of Chancery of the State of Delaware in and for New Castle County, Consolidated C.A. No. 1012-N (November 19, 2007).

Deposition of Daniel R. Fischel In Re: Cendant Corporation Litigation, in the United States District Court for the District of New Jersey, Master File No. 98-1664 (WHW) (November 15, 2007).

Deposition of Daniel R. Fischel In Re: Cendant Corporation Litigation, in the United States District Court for the District of New Jersey, Master File No. 98-1664 (WHW) (October 16, 2007).

Deposition of Daniel R. Fischel In Re: Schering-Plough Corporation Securities Litigation, in the United States District Court for the District of New Jersey, Master File No. 01-CV-0829 (KSH/RJH) (October 12, 2007).

Deposition of Daniel R. Fischel In Re: Carpenters Health & Welfare Fund, et al. vs. The Coca- Cola Company, in the United States District Court, Northern District of Georgia, Atlanta Division, File No. 1:00-CV-2838-WBH (Consolidated) (September 26, 2007).

Deposition of Daniel R. Fischel In Re: Parker Freeland, et al., vs. Iridium World Communications, Ltd., et al., in the United States District Court for the District of Columbia, Civil Action No. 99-1002 (August 7, 2007)

Deposition of Daniel R. Fischel In Re: Chuck Ginsburg v. Philadelphia Stock Exchange, Inc., et al., In the Court of Chancery of the State of Delaware in and for New Castle County, C.A. No. 2202-N (June 12, 2007).

Testimony of Daniel R. Fischel In Re: Holcombe T. Green and HTG Corp. v. McKesson, Inc., et al, In the Superior Court for the County of Fulton, State of Georgia, Civil Action File No. 2002-CV-48407 (June 5, 2007).

Affidavit of Daniel R. Fischel In Re: Lear Corporation Shareholders Litigation, In the Court of Chancery of the State of Delaware, Consolidated C.A. No. 2728-VCS (May 30, 2007).

Affidavit of Daniel R. Fischel In Re: Aeroflex, Inc. Shareholder Litigation, in the Supreme Court of the State of New York, County of Nassau: Commercial Division, Index No. 07-003943 (May 23, 2007).

Deposition of Daniel R. Fischel In Re: Holcombe T. Green and HTG Corp. v. McKesson, Inc., HBO & Company, Albert Bergonzi, and Jay Gilbertson, in the Superior Court for the County of Fulton, State of Georgia, Civil Action File No. 2002W48407 (May 21, 2007).

Deposition of Daniel R. Fischel In Re: Adelphia Communications Corp. v. Deloitte & Touche LLP, et al, in the Court of Common Pleas, Philadelphia County, Pennsylvania, Case No. 000598 (May 3 and 4, 2007).

Testimony of Daniel R. Fischel In Re: United States of America v. Joseph P. Nacchio, in the United States District Court for the District of Colorado, Case No. 05-CR-00545-EWN (April 9, 2007).

Deposition of Daniel R. Fischel In Re: MK Resources Company Shareholders Litigation, in the Court of Chancery for the State of Delaware in and for New Castle County, C.A. No. 1692- N (February 22, 2007).

Deposition of Daniel R. Fischel In Re: Starr International Company, Inc. v. American International Group, Inc., In the United States District Court, Southern District of New York, Case No. 05 CV 6283 (January 26, 2007).

Written testimony of Daniel R. Fischel In Re: Verizon Communications Inc. and Verizon Services Corp. v. Christopher G. Pizzirani, In the United States District Court for the Eastern District of Pennsylvania, Case No. 2:06-cv-04645-MK (November 6, 2006).

Testimony of Daniel R. Fischel In Re: Northeast Savings, F.A. v. United States of America, In the United States Claims Court, Case No. 92-550 C (November 2 and 9, 2006).

Testimony of Daniel R. Fischel In Re: United States of America v. Sanjay Kumar and Stephen Richards, United States District Court, Eastern District of New York, 04 Civ. 4104 (ILG) (October 25, 2006).

14

Affidavit of Daniel R. Fischel In Re: Lionel I. Brazen and Nancy Hammerslough, et al v. Tyco International Ltd., et al, In the Circuit Court of Cook County, Illinois County Department, Chancery Division, No. 02 CH 11837 (September 18, 2006).

Deposition of Daniel R. Fischel In Re: Tele-Communications, Inc. Shareholders Litigation, in the Court of Chancery of the State of Delaware in and for New Castle County, Consolidated C.A. No. 16470 (September 15, 2006).

Affidavit of Daniel R. Fischel In Re: United States of America v. Sanjay Kumar and Stephen Richards, United States District Court, Eastern District of New York, 04 Civ. 4104 (ILG) (September 8, 2006).

Deposition of Daniel R. Fischel In Re: James Gilbert v. McKesson Corporation, et al., in the State Court of Fulton County, State of Georgia, Civil Action File No. 02VS032502C (September 7, 2006).

Supplemental Declaration of Daniel R. Fischel In Re: United States of America v. Jeffrey K. Skilling, in the United States District Court, Southern District of Texas, Houston Division, Crim. No. H-04-25 (Lake, J.) (August 25, 2006).

Affidavit of Daniel R. Fischel In Re: United States of America v. Sanjay Kumar and Stephen Richards, United States District Court, Eastern District of New York, 04 Civ. 4104 (ILG) (August 22, 2006).

Declaration of Daniel R. Fischel In Re: United States of America v. Jeffrey K. Skilling, in the United States District Court, Southern District of Texas, Houston Division, Crim. No. H-04- 25 (Lake, J.) (August 3, 2006).

Deposition of Daniel R. Fischel In Re: Enron Corporation Securities Litigation, in the United States District Court, Southern District of Texas, Houston Division, Case Number: H-01- 3624 (May 24, 2006).

Testimony of Daniel R. Fischel In Re: Guidant Corporation Shareholders Derivative Litigation, in the United States District Court, Southern District of Indiana, Indianapolis Division, Master Derivative Docket No. 1:03-CV-955-SEB-WTL (January 20, 2006).

Testimony of Daniel R. Fischel In Re. Hideji Jumbo Tanaka v. Cerberus Far East Management, L.L.C., et al., AAA Case No. 50 T 116 00284 03, (December 15, 2005).

Deposition of Daniel R. Fischel In Re: McKesson HBOC, Inc. Securities Litigation, in the United States District Court for the Northern District of California, No. C-99-20743-RMW (August 16, 2005).

Testimony of Daniel R. Fischel In the Matter of Visconsi Companies Ltd., et al. and Lehman Brothers, et al., National Association of Securities Dealers Department of Arbitration, Grievance No. 03-07606 (July 26, 2005).

Testimony of Daniel R. Fischel In Re: John P. Crowley, as Receiver of Ambassador Insurance Company v. Doris June Chait, et al., in the United States District Court for the District of New Jersey, Case No. 85-2441 (HAA) (July 21 and 22, 2005).

Deposition of Daniel R. Fischel In Re: Electronic Data Systems Corporation Securities Litigation, in the United States District Court for the Eastern District of Texas, Tyler Division, Case No. 6:03-MD-1512 (July 20, 2005).

Testimony of Daniel R. Fischel In Re: United States of America v. Philip Morris, Inc., et al, in the United States District Court for the District of Columbia, Case No. 1:99CV02496 (May 26 and 27, 2005).

Deposition of Daniel R. Fischel In Re: Cordis Corporation v. Boston Scientific Corporation, et ano, in the United States District Court for the District of Delaware, Case No. 03-027-SLR (May 25, 2005).

Deposition of Daniel R. Fischel In Re: United States of America v. Philip Morris, Inc., et al, in the United States District Court for the District of Columbia, Case No. 1:99CV02496 (May 16, 2005).

Testimony of Daniel R. Fischel In Re: Drury Industries, Inc. v. Drury Properties, Inc., in the First Judicial District Court of the State of Nevada in and for Carson City, Nevada (April 6 and 7, 2005).

15

Deposition of Daniel R. Fischel In Re: Jerry R. Summers and George T. Lenormand, et al v. UAL Corporation ESOP Committee, Marty Torres, Barry Wilson, Doug Walsh, Ira Levy, Don Clements, Craig Musa, and State Street Bank and Trust Company, in the United States District Court for the North District of Illinois, Eastern Division, No. 03 C 1537 (March 9, 2005).

Deposition of Daniel R. Fischel In Re: Drury Industries, Inc. v. Drury Properties, Inc., in the First Judicial District Court of the State of Nevada in and for Carson City, Nevada (March 7 and 10, 2005).

Testimony of Daniel R. Fischel In the Matter of Fyffes PLC v. DCC PLC, S&L Investments Limited, James Flavin and Lotus Green Limited, in The High Court, Dublin, Ireland (2002 No. 1183P) (February 1 and 2, 2005).

Deposition of Daniel R. Fischel In the Matter of the Arbitration between The Canada Life Assurance Company and The Guardian Life Insurance Company of America (January 12, 2005).

Deposition of Daniel R. Fischel In Re: IDT Corporation vs. Telefonica, S.A., et al, in the United States District Court, District of New Jersey, Civil Action No. 01-CV 471 (December 14, 2004).

Deposition of Daniel R. Fischel In Re: DQE, Inc. Securities Litigation, in the United States District Court, Western District of Pennsylvania, Master File No. 01-1851 (December 7, 2004)

Testimony of Daniel R. Fischel In Re: United States of America v. Daniel Bayly, James A Brown, Robert S. Furst, Daniel O. Boyle, William R. Fuhs and Sheila K. Kahanek, in the United States District Court of Southern Texas Houston Division, Case No. H-CR-03-363 (November 4, 2004).

Testimony of Daniel R. Fischel In the Matter of the Arbitration Between the Canada Life Assurance Company, Petitioner v. Caisse Centrale De Reassurance, Respondent, (November 2, 2004).

Testimony of Daniel R. Fischel In Re: Yankee Atomic Electric Company, Connecticut Yankee Atomic Power Company, and Maine Yankee Atomic Power Company v. The United States, in the United States Court of Federal Claims, Case Nos. 98-126C, 98-154C and 98-474C (August 9, 2004).

Affidavit of Daniel R. Fischel In Re: Oracle Corp. Derivative Litigation, in the Court of the Chancery of the State of Delaware In and For New Castle County, Consolidated Civil Action No. 18751 (June 8, 2004).

Deposition of Daniel R. Fischel In Re: Reading International, Inc., et al v. Regal Entertainment Group, et al, (Delaware Chancery Court) (May 30, 2004).

Affidavit of Daniel R. Fischel In Re: Reading International, Inc., et al v. Regal Entertainment Group, et al, (Delaware Chancery Court) (May 28, 2004).

Deposition of Daniel R. Fischel In Re: Northeast Savings, F.A. v. United States of America, in the United States Claims Court, Case No. 92-550-C (May 4, 5 and 6, 2004).

Deposition of Daniel R. Fischel In Re: Tyson Foods, Inc. Securities Litigation, in the United States District Court for the District of Delaware, Civil Action No. 01-425-SLR (March 18, 2004).

Testimony of Daniel R. Fischel In the Matter of Coram Healthcare Corp. and Coram, Inc., Debtors, In the United States Bankruptcy Court for the District of Delaware, Case No. 00- 3299 Through 00-3300 (MFW) (March 4, 2004).

Testimony of Daniel R. Fischel In Re: Tracinda Corporation v. DaimlerChrysler AG, et al, in the United States District Court for the District of Delaware, Civil Action No. 00-984 (February 11, 2004).

Deposition of Daniel R. Fischel In Re: Gerald K. Smith, as Plan Trustee for and on behalf of the Estates of Boston Chicken, Inc., et al. v. Arthur Anderson LLP, et al., in the United States District Court for the Northern District of Illinois, Case Nos. CIV-01-218-PHX-PGR, CIV-01- 246-PHX-EHC, CIV-02-1162-PHX-PGR, CIV-02-1248-PHX-PGR (Consolidated) (October 29 and 30, 2003).

16

Deposition of Daniel R. Fischel <u>In Re: Irene Abrams, on behalf of herself and all others similarly</u> <u>situated v. Van</u> <u>Kampen Funds, Inc., Van</u> <u>Kampen Investment Advisory Corp., Van</u> <u>Kampen Prime Rate Income Trust,</u> <u>Howard Tiffen, Richard F. Powers III, Stephen L. Boyd,</u> <u>Dennis J. McDonnell and Jeffrey W. Maillet</u>, in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 01-C-7538 (October 21, 2003).

Deposition of Daniel R. Fischel <u>In the Matter of Coram Healthcare Corp. and Coram, Inc.,</u> <u>Debtors</u>, In the United States Bankruptcy Court for the District of Delaware, Case No. 00- 3299 Through 00-3300 (MFW) (October 13, 2003).

Testimony of Daniel R. Fischel <u>In Re: Transcore Holdings, Inc. v. Rocky Mountain Mezzanine Fund II, LP;</u> <u>Hanifen Imhoff Mezzanine Fund, LP; Moramerica Capital Corporation; and</u> <u>NDSBIC, LP and W. Trent</u> <u>Ates and Fred H. Rayner, In Re: Jams Arbitration</u>, Case No. 1410003193 (September 24, 2003).

Deposition of Daniel R. Fischel <u>In Re: Transcore Holdings, Inc. v. Rocky Mountain Mezzanine Fund</u> <u>II, LP;</u> <u>Hanifen Imhoff Mezzanine Fund, LP; Moramerica Capital Corporation; and</u> <u>NDSBIC, LP and W. Trent</u> <u>Ates and Fred H. Rayner, In Re: Jams Arbitration</u>, Case No. 1410003193 (May 13, 2003).

Deposition of Daniel R. Fischel <u>In Re: AT&T Broadband Management Corporation v. CSG Systems,</u> <u>Inc.</u>, American Arbitration Association No. 77 181 00159 02 VSS (April 9, 2003).

Deposition of Daniel R. Fischel <u>In Re: DaimlerChrysler AG Securities Litigation</u>, in the United States District Court for the District of Delaware, Civil Action No. 00-993-JJF (February 11 and 12, 2003).

Deposition of Daniel R. Fischel <u>In Re: David T. Bard, Commissioner of Banking and Insurance for the State of</u> <u>Vermont, as Receiver for Ambassador Insurance Company v. Arnold Chait, et al</u>, in the United States District Court for the District of New Jersey, Civil Action No. 85- 2441 (December 12, 2002).

Testimony of Daniel R. Fischel <u>In Re: MHC Financing Limited Partnership, et al vs. City of San Rafael, et al</u>, in the United States District Court, Northern District of California, Case No. C 00-3785 VRW (November 6, 2002).

Deposition of Daniel R. Fischel <u>In Re:  MHC Financing Limited Partnership, et al vs. City of San</u> <u>Rafael, et al</u>, in the United States District Court, Northern District of California, Case No. C 00-3785 VRW (October 16, 2002).

Deposition of Daniel R. Fischel <u>In Re: Maine Yankee Atomic Power Company v. United States of</u> <u>America</u>, In the United States Court of Federal Claims, Case No. 98-474 C (October 8 and 9, 2002).

Testimony of Daniel R. Fischel <u>In Re: California Federal Bank, FSB v. The United States of America</u>, In the United States Court of Federal Claims, Case No. 92-138C (September 20 and 23, 2002).

Deposition of Daniel R. Fischel <u>In Re: Maine Yankee Atomic Power Company v. United States of</u> <u>America</u>, In the United States Court of Federal Claims, Case No. 98-474 C (September 4 and 6, 2002).

Deposition of Daniel R. Fischel <u>In the Matter of RDM Sports Group, Inc., et al v. Smith,</u> <u>Gambrell, Russell,</u> <u>L.L.P.; et al</u>, In the United States Bankruptcy Court for the Northern District of Georgia, Newnan Division, Case No. 00-1065 (May 14 and 15, 2002).

Deposition of Daniel R. Fischel <u>In Re: Walter B. Hewlett, individually and as Trustee of the William</u> <u>R. Hewlett</u> <u>Revocable Trust, and Edwin E. van Bronkhorst as Co-Trustee of the William R.</u> <u>Hewlett Revocable Trust</u> <u>v. Hewlett-Packard Company</u>, in the Court of the Chancery of the State of Delaware in and for New Castle County (April 24, 2002).

Deposition of Daniel R. Fischel <u>In Re: California Federal Bank, FSB, v. The United States of</u> <u>America</u>, in the United States District Court of Federal Claims, Case No. 92-138C (April 16 and 17, 2002).

Deposition of Daniel R. Fischel <u>In Re: Computer Associates Class Action Securities Litigation</u>, in the United States District Court, Eastern District of New York, File No. 98-CV-4839 (TPC) (MLO) (March 19 and 20, 2002).

17

Deposition of Daniel R. Fischel In Re: United States of America v. David Blech, In the United States District Court, Southern District of New York, Case No. S1 97 Cr. 402 (KTD) (February 13, 2002).

Testimony of Daniel R. Fischel In the Matter of Coram Healthcare Corp. and Coram, Inc., Debtors, In the United States Bankruptcy Court for the District of Delaware, Case No. 00- 3299 Through 00-3300 (MFW) (December 14, 2001).

Deposition of Daniel R. Fischel In Re: Sunbeam Securities Litigation, In the United States District Court, Southern District of Florida, Miami Division, Case No. 98-8258-CIV – Middlebrooks (December 4, 5 and 6, 2001).

Affidavit of Daniel R. Fischel In Re: Jack M. Webb, Special Deputy Receiver for American Eagle Insurance Company v. Elvis Mason, Mason Best Company, L.P., Don D. Hutson, American Eagle Group, Inc., Marion Phillip Guthrie, Frederick G. Anderson, George F. Cass, Richard M. Kurz, Patricia S. Pickard, Arthur Andersen & Co., L.L.P., and Towers, Perrin Forester & Crosby, Inc., D/B/A Tillinghast, In the District Court of Travis County, Texas, 201st Judicial District, Cause No. 99-08253 (September 7, 2001).

Declaration of Daniel R. Fischel In the Matter of Inquiry Concerning High-Speed Access to the Internet Over Cable and Other Facilities: Before the Federal Communications Commission, Washington DC, GN Docket No. 00-185, (Declaration with K. Arrow, G. Becker, D. Carlton, R. Gertner, J. Kalt, H. Sider, and Gustavo Bamberger) (July 24, 2001).

Declaration of Daniel R. Fischel In Re: Walter Green, on behalf of himself and all others similarly situated v. Merck-Medco Managed Care, L.L.C., United States District Court, Southern District of New York, Civil Action No. 99 CIV 0847 (CLB) (June 18, 2001).

Testimony of Daniel R. Fischel In Re:Tyson Foods, Inc. and Lasso Acquisition Corporation v. IBP, Inc., Delaware Chancery Court, (May 25, 2001).

Deposition of Daniel R. Fischel In Re:Tyson Foods, Inc. and Lasso Acquisition Corporation v. IBP, Inc., Delaware Chancery Court, (May 10, 2001).

Deposition of Daniel R. Fischel In Re: Myron Weiner, Nicholas Sitnycky, Ronald Anderson and Robert Furman on behalf of themselves and all others similarly situated v. The Quaker Oats Company and William D. Smithburg, United States District Court, Northern District of Illinois, Case No. 98 C 3123, (January 24, 2001).

Deposition of Daniel R. Fischel In Re: Retsky Family Limited Partnership v. Price Waterhouse, LLP, United States District Court, Northern District of Illinois, Eastern Division, No. 97 C 7694, (October 31, 2000).

Joint Affidavit of Daniel R. Fischel and David J. Ross In Re: Floyd D. Wilson, for himself and all others similarly situated v. Massachusetts Mutual Life Insurance Company, in the First Judicial District Court, County of Santa Fe, State of New Mexico, No. D0101 CV-98-02814 (August 4, 2000).

Affidavit of Daniel R. Fischel In Re: T. Rowe Price Recovery Fund, L.P., and Carl Marks Management Co., L.P., individually and derivatively on behalf of Seaman Furniture Co., Inc. v. James Rubin, M.D. Sass Associates, Inc., Resurgence Asset Management, L.L.C., M.D. Sass Corporation Resurgence Partners, L.P. , M.D. Sass Corporate Resurgence International, Ltd., Robert Symington, Byron Haney, Alan Rosenberg, Steven H. Halper, and Peter McGeough and Seaman Furniture Co., Inc., In the Court of Chancery of the State of Delaware in and for New Castle County, C.A. No. 18013, (June 7, 2000).

Testimony of Daniel R. Fischel In Re: Bank United of Texas, FSB, et al., v. United States of America, United States Court of Federal Claims, Case Number 95-437C, (October 12 and 14, 1999).

Deposition of Daniel R. Fischel In Re: Bank United of Texas, FSB, et al., v. United States of America, United States Court of Federal Claims, Case Number 95-437C, (September 26, 1999; July 10, 1999; and June 16, 17, 1999).

Testimony of Daniel R. Fischel In Re: C. Robert Suess, et al., v. The United States, United States Court of Federal Claims, No. 90- 981C (May 17, 1999).

Testimony of Daniel R. Fischel In Re: Lexecon, Inc. v. Milberg Weiss Bershad Specthrie & Lerach, et al., in the United States District Court, Northern District of Illinois Eastern Division, Case No. 92 C 7768 (March 8, 9, 10 and 15, 1999).

Testimony of Daniel R. Fischel In Re: California Federal Bank v. United States, in the United States Court of Federal Claims, Case Number 92-138C, (February 4 and 11, 1999).

Deposition of Daniel R. Fischel In Re: California Federal Bank v. United States, in the United States Court of Federal Claims, Case Number 92-138C, (February 6, 1999; January 27 and 30, 1999).

Deposition of Daniel R. Fischel In Re: C. Robert Suess, et al., v. The United States, United States Court of Federal Claims, No. 90- 981C (October 27 and 28, 1998).

Deposition of Daniel R. Fischel In Re: Connector Service Corporation v. Jeffrey Briggs, United States District Court, Northern District of Illinois, Eastern Division, No. 97-C-7088 (August 28, 1998).

Deposition of Daniel R. Fischel In Re: Statesman Savings Holding Corp., et al. v. United States of America, United States Court of Federal Claims, Case No. 90-773C, (May 4, 1998 and February 12, 1998).

Testimony of Daniel R. Fischel In Re: Glendale Federal Bank FSB v. United States of America, United States Court of Federal Claims, No. 90-772C, (March 24, 25 and 26, 1998; September 2, 3, 4, 5, 8, 9, 10, 11, 12, 24, 25, 26 and 27, 1997; October 7, 9, 16, 17, 30 and 31, 1997; December 8, 9 and 10, 1997).

Affidavit of Daniel R. Fischel and David J. Ross In Re: Publicis Communication v. True North Communications Inc., et al., United States District Court, Northern District of Illinois, Eastern Division, Case No. 97-C-8263, (December 7, 1997).

Deposition of Daniel R. Fischel In Re: Glendale Federal Bank FSB v. United States of America, United States Court of Federal Claims, No. 90-772C, (August 27 and 28, 1997).

Testimony of Daniel R. Fischel In Re: AUSA Life Insurance Company, et al. v. Ernst & Young, in the United States District Court, Southern District of New York, Master File No. 94 CIV. 3116 (CLB) (July 7 and 8, 1997).

Deposition of Daniel R. Fischel In Re: Santa's Best, f/k/a National Rennoc, an Illinois general partnership, and Tinsel/Ruff Group Limited Partnership, an Illinois limited partnership v. Rennoc Limited Partnership, a New Jersey limited parternship, v. Tinsel/Ruff Group Limited Parternship, an Illinois limited partnership, in the Circuit Court of Cook, Illinois County Department - Chancery Division, No. 95 CH 12160, (June 17, 1997).

Arbitration of Daniel R. Fischel In Re: Lerner v. Goldman Sachs, et. al., Before the American Arbitration Association, 75-136-00090-94 (April 10, 1997).

Affidavit of Daniel R. Fischel In Re: Hilton Hotels Corporation and HLT Corporation v. ITT Corporation, United States District Court, District of Nevada, CV-S-97-00095-PMP (RLH) (March 24, 1997).

Deposition of Daniel R. Fischel In Re: Glendale Federal Bank, FSB v. United States of America, Washington, D.C., Case No. 90-772C, (March 19, 1997; January 30 and 31, 1997).

Deposition of Daniel R. Fischel In Re: Statesman Savings Holding Corporation v. United States of America, Washington, D.C., Case No. 90-773-C, (February 19 and 20, 1997).

Testimony of Daniel R. Fischel In Re: Westcap Enterprises, Inc. and Westcap Corporation, Debtor; in the United States Bankruptcy Court, for the Southern District of Texas, Houston Division, Houston, Texas; Case No. 96-43191-H2-11, (November 1996).

Testimony of Daniel R. Fischel In Re: United States of America v. Robert R. Krilich, in the United States District Court, Northern District of Illinois, Eastern Division, No. 94 CR 419, (August 20, 1996 and July 15, 1996)

19

Deposition of Daniel R. Fischel In Re: McMahan & Company, Froley, Revy Investment Co., Inc. and Wechsler & Krumholz, Inc. v. Wherehouse Entertainment, Inc., Louis A. Kwiker, George A. Smith, Michael T. O'Kane, Lawrence K. Harris, et al., United States District Court, Southern District of New York, Index No. 88 Civ. 0321 (SS) (AJP), (July 16, 1996 and June 10, 1996).

Deposition of Daniel R. Fischel In Re: Joseph W. and Helen B. Teague, Steven Allen Barker, Rita Strahowski, Swannee Beck, and Lifetime Partners of PTL, as representatives of a nationwide class consisting of 150,129 Lifetime Partners and of 27,839 persons who have partially paid for Lifetime Partnerships v. James O. Bakker, in the United States District Court for the Western District of North Carolina, Civil Action No. 3:87CV514, (June 28, 1996).

Deposition of Daniel R. Fischel In Re: Snapple Beverage Corporation Securities Litigation, in the United States District Court, Eastern District of New York, Master File No. CV 94-3647 (May 30, 1996).

Testimony of Daniel R. Fischel In Re: Chuck Quackenbush, Insurance Commissioner of the State of California, in his capacity as Trustee of Mission Insurance Company Trust, et al. v.Borg-Warner Corporation, Borg Warner Equities Corporation, Borg-Warner Insurance Service, Inc., et al., for the Superior Court of the State of California, for the County of Los Angeles, No. C688487 (April 18, 1996).

Deposition of Daniel R. Fischel In Re: Chuck Quackenbush, Insurance commissioner of the State of California, in his capacity as Trustee of Mission Insurance Company Trust, et al. v.Borg-Warner Corporation, Borg Warner Equities Corporation, Borg-Warner Insurance Service, Inc., et al., for the Superior Court of the State of California, for the County of Los Angeles, No. C688487 (April 17, 1996).

Deposition of Daniel R. Fischel In Re: Household Commercial Financial Services, Inc. a citizen of the states of Delaware and Illinois v. Julius Trump, a citizen of the State of Florida, Edmond Trump, a citizen of the state of Florida, James M. Jacobson, a citizen of the State of New York, and Parker, Chapin, Flattau & Klimpl, a citizen of the states of New York and New Jersey, in the United States District Court, for the Northern District of Illinois Eastern Division, 92 C 5010 (February 1, 1996).

Deposition of Daniel R. Fischel In Re: JWP, Inc. Securities Litigation, in the United States District Court, Southern District of New York, Master File No. 92 Civ. 5815 (CLB); AUSA Life Insurance Company, et al. v. Ernst & Young, in the United States District Court, Southern District of New York, Master File No. 94 Civ. 3116 (CLB) (November 30, 1995; November 9, 1995; October 18 and 19, 1995; September 28, 1995).

Deposition of Daniel R. Fischel In Re: City of Houston Municipal Employees Pension System, a Texas association v. PaineWebber Group Inc., et al., in the United States District Court, Eastern District of Missouri, Eastern Division, No. 4:94CV0073CAS (November 15 and 16, 1995).

Testimony of Daniel R. Fischel In Re: American Continental Corporation/Lincoln Savings & Loan Securities Litigation - Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach and Kevin P. Roddy, in the United States District Court, District of Arizona, Civ-93-1087-PHX-JMR (July 25 and 26, 1995).

Deposition of Daniel R. Fischel In Re: Keith C. Bogard, et al., v. National Community Bank Inc., et al., in the United States District Court, District of New Jersey, No. 90-5-32 (HAA) (December 20, 1994).

Deposition of Daniel R. Fischel In Re: Harvey Rosen, Ben Rogers and Julie Rogers v. Deloitte & Touche, Elias Zinn, Julius Zinn, Dennis Lamm, and Ronald Begnaud, in the 268th Judicial District Court, of Fort Bend County, Texas, Cause No. 84-482 (November 9, 1994).

Testimony of Daniel R. Fischel In Re: PPM America, Inc., et al. v. Marriott Corporation et al., in the United States District Court, for the District of Maryland, Civil Docket No. H-92-3068 (October 12, 1994).

Deposition of Daniel R. Fischel In Re: Browning-Ferris Industries, Inc., Securities Litigation, United States District Court, for the Southern District of Texas, Houston Division, Civil Action H-903477 (September 1, 1994).

Testimony of Daniel R. Fischel In Re: Computer Associates International Inc. Securities Litigation, United States District Court, Eastern District of New York, CV-90-2398 (JBW) (May 26 and 27, 1994).

Deposition of Daniel R. Fischel In Re: PPM America, Inc., et al. v. Marriott Corporation et al., United States District, for the District of Maryland, H-92-3068 (May 10, 1994 and March 8, 1994).

Deposition of Daniel R. Fischel In Re: Securities and Exchange Commission v. Shared Medical Systems Corporation, R. James Macaleer, James C. Kelly and Clyde M. Hyde, United States District Court, for the Eastern District of Pennsylvania, Civil Action - Law: No. 91- CV-6549 (February 22, 1994).

Testimony of Daniel R. Fischel In Re: Peter M. Schultz and Pamela A. Schultz v. Rhode Island Hospital Trust National Bank, N.A., et al., United States District Court, District of Massachusetts, Civil Action No. 88-2870-T (February 16, 1994).

Deposition of Daniel R. Fischel In Re: Henry T. Endo, et al. v. John M. Albertine, et al., United States District Court, Northern District of Illinois, Eastern Division, No. 88 C 1815 (November 11 and 12, 1993; October 28, 1993).

Deposition of Daniel R. Fischel In Re: Computer Associates International Inc. Securities Litigation, United States District Court, Eastern District of New York, CV 90-2398 (JBW) (November 2, 1993 and February 4, 1993).

Affidavit of Daniel R. Fischel In Re: Peter M. Schultz and Pamela A. Schultz v. Rhode Island Hospital Trust National Bank, N.A. et al., United States District Court, District of Massachusetts, Civil Action No. SS-2870-T (October 28, 1993).

Deposition of Daniel R. Fischel In Re: Alpheus John Goddard, III, etc. v. Continental Bank N.A., etc., State of Illinois, County of Cook, Circuit Court of Cook County, County Department- Chancery Division, No. 89 CH 1081 (September 10, 1993).

Deposition of Daniel R. Fischel In Re: Taxable Municipal Bond Section "G" Securities Litigation, United States District Court, Eastern District of Louisiana, MDL No. 863 (September 2, 1993).

Reply Affidavit of Daniel R. Fischel In Re: Columbia Securities Litigation, United States District Court Southern District of New York, 89 Civ. 6821 (LBS) (August 30, 1993).

Affidavit of Daniel R. Fischel In Re: Consumers Gas & Oil, Inc. v. Farmland Industries, Inc., et al., United States District Court, for the District of Colorado, Civil Action No. 92-F-1394 (August 26, 1993).

Declaration of Daniel R. Fischel In Re: Equitec Rollup Litigation, United States District Court for the Northern District of California, Master file No. C90 2064 CAL (July 28, 1993).

Deposition of Daniel R. Fischel In Re: United Telecommunications, Inc. Securities Litigation, United States District Court for the District of Kansas, No. 90-2251-0 (July 22, 1993, April 21 and 22, 1993).

Deposition of Daniel R. Fischel In Re: Consumers Gas & Oil, Inc., a Colorado farm cooperative in liquidation, on behalf of itself and others similarly situated v. Farmland Industries, Inc., a Kansas farm cooperative, et al., United States District Court, District of Colorado, 92-F- 1394 (June 18, 1993).

Deposition of Daniel R. Fischel In Re.  Rosalind Wells v. HBO & Company, United States District Court, Northern District of Georgia, Atlanta Division, 8-87-CV-657A (JTC) (June 10, 1993 and May 24, 1993).

Deposition of Daniel R. Fischel In Re: Equitec Rollup Litigation, United States District Court, Northern District of California, No. C-90-2064 CAL (June 2 and 3, 1993).

Supplemental Declaration of Daniel R. Fischel In Re: Oracle Securities Litigation, United States District Court, Northern District of California, Master File No. C 90 0931 VRW (May 20, 1993).

Affidavit of Daniel R. Fischel and Kenneth R. Cone In Re: Raymond P. Hayden, et al. v. Jeffrey L. Feldman, et al., United States District Court, Southern District of New York No. 88 Civ. 8048 (JES) (May 12, 1993).

Testimony of Daniel R. Fischel In Re: Melridge, Inc., Securities Litigation, United States District Court for the District of Oregon, CV No. 87-1426-FR (May 4 and 5, 1993).

Declaration of Daniel R. Fischel In Re: Oracle Securities Litigation, United States District Court, Northern District of California, Master File No. C 90 0931 VRW (April 20, 1993).

21

Deposition of Daniel R. Fischel In Re: Gillette Securities Litigation, United States District Court, District of Massachusetts, No. 88-1858-K (April 1, 1993).

Affidavit of Daniel R. Fischel In Re: Columbia Securities Litigation, United States District Court, Southern District of New York, 89 Civ. 6821 (LBS) (March 25, 1993).

Deposition of Daniel R. Fischel In Re: Westinghouse Securities Litigation, United States District Court, Western District of Pennsylvania, CV No. 91 354 (March 23, 1993).

Declaration of Daniel R. Fischel In Re: Oracle Securities Litigation, United States District Court, Northern District of California, Master File No. C 90-0931 VRW (March 22, 1993).

Deposition of Daniel R. Fischel In Re: Kroy, Inc., a Minnesota corporation et al. v. Bankers Trust New York Corporation, et al., Superior Court of the State of Arizona in and for the County of Maricopa, No. CV 89-35680 (March 18, 1993).

Deposition of Daniel R. Fischel In Re: Amos M. Ames, Helen M. Ames, Robert F. Bourke, Louise L. Bourke, Leo E. Corr, April C. Corr, Wence M. Horak, Ruth Horak, Robert T. Freas, Maurita Freas, Bruce Fink, Jr., William H. Jones, Candace A. Jones, Richard Paul, William L. Paul, Carole Paul, Steven J. Paul, Best Power Technology, Incorporated, and Best Power Technology Sales Corporation, in the State of Wisconsin, Circuit Court, Juneau County, Consolidated Case Nos. 92-CV-31, 92-CV-32 (January 26, 1993).

Deposition of Daniel R. Fischel In Re: Federal Express Corporation Shareholder Litigation, in the United States District Court, Western District of Tennessee, Master File No. 90-2359- 4B (December 3, 1992).

Deposition of Daniel R. Fischel In Re: Raymond Snyder, Individually and on behalf of all those similarly situated v. Oneok, Inc., et al., in the United States District Court, Northern District of Oklahoma, Civil Action No. 88 C 1500 E (October 15 and 16, 1992).

Deposition of Daniel R. Fischel In Re: Melridge, Inc. Securities Litigation, Consolidated Actions, United States District Court, District of Oregon, Master File No. CV87-1426-JU and Nos. 387-06589-P11, 88-05-JU, 88-221-JU, 88-0699-PA, 88-1266-JU (September 17, 1992; July 25 and 26, 1991).

Deposition of Daniel R. Fischel In Re: Maxus Corporate Company v. Kidder, Peabody & Co. Incorporated, Martin A. Siegel and Ivan F. Boesky, in the District Court Dallas County, Texas, 298th Judicial District, No. 87-15583-M (September 11, 1992; August 18 and 19, 1992).

Deposition of Daniel R. Fischel In Re: Jennifer A. Florin and Alan L. Mundt, on behalf of themselves and all others similarly situated v. Wesray Capital Corp., Citizens and Southern Trust Company, a subsidiary of Citizens and Southern Corporation, Robert K. Barton, Leonard S. Gaby, Allen G. Lacoe, Robert A. Magnusson, Anthony A. Saliture, Harlan B. Smith, Thomas F. Stutzman, Raymond G. Chambers, Frank E. Richardson, E. Burke Ross, Jr., William E. Simon and Frank W. Walsh, Jr., in the United States District Court, Western District of Wisconsin, Civil Action No. 91C-0948 (August 12, 1992).

Deposition of Daniel R. Fischel In Re: Pearl Newman, Shanna Lehmann & Athanasios Tsivelekidis, on their own behalf and on behalf of all other persons similarly situated v. On- Line Software International, Inc. Jack M. Berdy, John C. Crocker, Richard A. Granger, Richard R. Holtmeier, Michael S. Juceam, Edward J. Siegel, Howard P. Sorgen and Richard Ward, United States District Court, District of New Jersey, Consolidated Civil Action Nos. 88-3247, 88-3411 (July 28 and 29, 1992).

Deposition of Daniel R. Fischel In Re: Crazy Eddie Securities Litigation, Oppenheimer-Palmieri Fund, I.P., et al. v. Peat Marwick Main & Co., et al., United States District Court for the Eastern District of New York, 87 Civ. 0033 (EHN), 88 Civ. 3481 (EHN) (June 11, 1992; March 26 and 27, 1992).

Testimony of Daniel R. Fischel In Re: American Continental Corporation/Lincoln Savings and Loan Securities Litigation, in the United States District Court, for the District of Arizona MDL Docket No. 834 (June 4, 1992; May 26, 27 and 28, 1992).

Testimony of Daniel R. Fischel In Re: State of West Virginia v. Morgan Stanley & Co. Incorporated, in the Circuit Court of Kanawha County, State of West Virginia, Civil Action No. 89-C-3700 (April 27, 1992).

Affidavit of Daniel R. Fischel In Re: William Steiner, on behalf of himself and all others similarly situated v. Tektronix, Inc., et al., in the United States District Court, District Court of Oregon, Civil No. 90-587-JO (March 23, 1992).

Deposition of Daniel R. Fischel In Re: Martin Kaplan and Selma Kaplan, on Behalf of Themselves and All Others Similarly Situated v. VICORP Restaurants, Inc., Charles R. Frederickson, Robert S. Benson, Emerson B. Kendall, Robert T. Marto and Johyn C. Hoyt, United States District Court, District of Colorado, Civil Action No. 90-C-2182 (February 11, 1992).

Deposition of Daniel R. Fischel In Re: Interco Incorporated v. Wasserstein, Perella & Co., Inc., United States District Court, Eastern District of Missouri, Eastern Division, No. 91-0151-C- 6 (February 3, 1992 and December 12, 1991).

Statement of Daniel R. Fischel In Re: Far West Federal Bank, S.B., et al. v. Director, Office of Thrift Supervision, et al., United States District Court for the District of Oregon, Civil Action No. 90-103 PA (February 3, 1992).

Deposition of Daniel R. Fischel In Re: Capital Bank of California v. Morgan Stanley & Co., Incorporated, United States District Court, Central District of California, No. 91-1650-R (January 24, 1992).

Deposition of Daniel R. Fischel In Re: Trinity Ventures, et al. v. Federal Deposit Insurance Corporation, in its own capacity and as successor to the Federal Savings and Loan Insurance Corporation, United States District Court, for the District of Oregon, No. 90-103- PA (January 6, 1992).

Deposition of Daniel R. Fischel In Re: First Republicbank Securities Litigation, United States District Court, Northern District of Texas, Dallas Division, Civil Action No. 3-88-0641-H (January 2, and 3, 1992; November 26, 1991).

Deposition of Daniel R. Fischel In Re: State of West Virginia v. Morgan Stanley & Co. Incorporated; Salomon Brothers Inc.; and Goldman Sachs & Co., in the Circuit Court of Kanawha County, State of West Virginia, Civil Action No. 89-C-3700 (December 19 and 20, 1991).

Deposition of Daniel R. Fischel In Re: The Regina Company, Inc. Securities Litigation, United States District Court, District of New Jersey, Civil Action No. 88-4149 (HAA) (October 31, 1991).

Affidavit of Daniel R. Fischel In Re: Gillette Securities Litigation, United States District Court, District of Massachusetts, Civil Action No. 88-1858-K (October 7, 1991).

Deposition of Daniel R. Fischel In Re: Capital Maritime Corporation v. Amfels, Inc., Far East Levingston Shipbuilding Ltd., John B. Allison and Patrick A. McDermid, United States District Court for the Southern District of Texas Houston Division, C.A. No. H-90-3417 (September 12, 1991).

Deposition of Daniel R. Fischel In Re: Thomas J. Caldarone, Jr. v. Isidore Brown, et al., and John E. Washburn, et al. v. Isidore Brown, et al., United States District Court, Northern District of Illinois, Eastern Division, Docket Nos. 80 C 6251 and 81 C 1475 (August 28, 29, and 30, 1991).

Testimony of Daniel R. Fischel In Re: Apple Securities Litigation, United States District Court, Northern District of California, Northern Division, Docket No. C-84-20148 (May 20 and 21, 1991).

Testimony of Daniel R. Fischel In Re: The Stuart-James Co., Inc., et al. Litigation, United States of America before the Securities & Exchange Commission, in Denver, Colorado, Administrative Proceeding File No. 3-7164 (May 6, 1991).

Deposition of Daniel R. Fischel In Re: Jennie Farber on behalf of herself and all others similarily situated v. Public Service Company of New Mexico; Jerry D. Geist; John P. Bundrant and Albert J. Robison, United States District Court for the District of New Mexico, CIV 89-456 JB WWD (April 17 and 18, 1991).

23

Affidavit of Daniel R. Fischel In Re: Moise Katz, Frederick Rand, Elias Weissman, Richard D. Morgan, Marion R. Morgan and Mortimer Schulman v. Raymond A. Hay, United States District Court, Southern District of New York, No. 86 Civ. 5640 (JES) (March 29, 1991).

Deposition of Daniel R. Fischel In Re: Standard Chartered PLC., a United Kingdom corporation, et al. v. Price Waterhouse, a general partnership, Superior Court of the State of Arizona, in and for the County of Maricopa, CV 88-34414 (March 13 and 14, 1991).

Affidavit of Daniel R. Fischel In Re: United States of America v. AVX Corporation, and Commonwealth of Massachusetts v. AVX Corporation, United States District Court, District of Massachusetts, Civil Action Nos. 83-3882-Y and 83-3899-Y (January 29, 1991).

Deposition of Daniel R. Fischel In Re: Apple Computer Securities, United States District Court Northern District of California, San Jose Division, No. C-84-20148 (a) JW (December 13 and 14, 1990).

Deposition of Daniel R. Fischel In Re: Polycast Technology Corporation, and Uniroyal Plastics Acquisition Corp. v. Uniroyal, Inc., et al., United States District Court Southern District of New York, No. 87 Civ. 3297 (December 6, 1990 and November 28, 1990).

Deposition of Daniel R. Fischel In Re: Ellen Rudd, on behalf of herself and all others similarly situated, and Mayer Corporation on behalf of themselves, and all others similarly situated, and Louis Brandt, and Israel Baker, Jay R. Kuhne, Pininfarina Corp., and American Transfer Co., on behalf of themselves and all others similarly situated v. Kirk Kerkorian, et al., Superior Court of the State of California, County of Los Angeles, Nos. CA 000980, CA 000981, CA 001017, CA 620279 (June 21, 1990).

Testimony of Daniel R. Fischel In Re: City of San Jose v. Paine, Webber, Jackson & Curtis, Incorporated, et al., and related counter- and Third-Party Claims, United States District Court, Northern District, No. C-84-20601 RPA (May 23 and 24, 1990).

Deposition of Daniel R. Fischel In Re: City of San Jose v. Paine, Webber, Jackson & Curtis, Incorporated, et al., and related counter- and Third-Party Claims, United States District Court, Northern District, No. C-84-20601 RPA (May 22, 1990), No. RPA 84-20601 (November 16, 1989 and September 8, 1989).

Testimony of Daniel R. Fischel In Re: Kulicke and Soffa Industries, Inc. Securities Litigation, United States District Court for the Eastern District of Pennsylvania, No. 86-1656 (March 20 and 21, 1990).

Deposition of Daniel R. Fischel In Re: Kulicke and Soffa Industries, Inc. Securities Litigation, United States District Court for the Eastern District of Pennsylvania, No. 86-1656 (March 9, 1990; December 19 and 21, 1989).

Affidavit of Daniel R. Fischel In Re: Viacom International Inc. v. Carl C. Icahn, et al., v. Ralph M. Baruch, et al., United States District Court, Southern District of New York, No. 86 Civ. 4215 (RPP) (March 8, 1990).

Deposition of Daniel R. Fischel In Re: Technical Equities Coordination Litigation, Superior Court of the State of California for the County of Santa Clara, Master File No. 1991, Santa Clara County Superior No. 600306 (March 1, 1990).

Deposition of Daniel R. Fischel In Re: Amalgamated Clothing and Textile Workers Union, AFL- CIO, et al. v. David A. Murdock, et al., United States District court for the Central District of California, No. CV-86-6410 IH (February 8, 1990).

Deposition of Daniel R. Fischel In Re: Connecticut National Life Insurance Company, et al. v. Peter A. Sprecher and Laventhol & Horwath, United States District Court, Central District of California, No. CV 87-1945 WJR (Tx) (January 30, 1990).

Deposition of Daniel R. Fischel In Re: Consolidated Capital Securities Litigation, United States District Court, Northern District of California, No. C-85-7332 AJZ (January 22, 1990).

Declaration of Daniel R. Fischel In Re Plaintiffs' Damages in Re: Liquidity Fund, et al. v. Southmark Corporation, et al. in the Superior Court of the State of California for the County of San Mateo, No. 332435 (January 18, 1990).

Deposition of Daniel R. Fischel In Re: Norman Kamerman, Shirley Brown, Edward Rosen, Lexim Investors Corp., and Dohsa Anstalt, on behalf of themselves and all others similarly situated, and Barnett Stepak v. Saul Steinberg, Reliance Group Holdings, Inc., Reliance Group, Inc., Reliance Financial Services corp., and Reliance Insurance Company, United States District Court, Southern District of New York, No. 84 Civ. 4440 (September 13, 1989).

Affidavit of Daniel R. Fischel In Re: Edward A. Taylor, et al. v. A. O. Smith Corporation et al., Circuit Court for Lincoln County, Tennessee, No. 098-84 (August 11, 1989).

Deposition of Daniel R. Fischel In Re: Container Products Inc. v. Pace Industries, United States District Court, Southern District of New York, No. 88-CIV. 3549 (KMW) (July 19, 1989).

Deposition of Daniel R. Fischel In Re: Joseph B. Moorman, et al. v. Southmark Corporation, et al., Liquidity Fund, et al. v. Southmark Corporation, et al., Superior Court of the State of California for the County of San Mateo, Nos. 322135 and 332435 (July 11, 1989).

Testimony of Daniel R. Fischel In Re: Tessie Wolfson, et al. v. Frederick S. Hammer, and Meritor Financial Group, United States District Court for the Eastern District of Pennsylvania, Civil Action No. 87-8471 (June 20, 1989).

Deposition of Daniel R. Fischel In Re: Richard J. Heckmann, et al. v. C. L. Ahmanson, et al., and Consolidated Cases, Superior Court of the State of California for the County of Los Angeles, Nos. CA000851 and C642081 (June 8, 1989).

Deposition of Daniel R. Fischel In Re: Tessie Wolfson, et al. v. Frederick S. Hammer, United States District Court for the Eastern District of Pennsylvania, Civil Action No. 87-8472 (May 11, 1989).

Testimony of Daniel R. Fischel In Re: Tessie Wolfson, et al. v. Frederick S. Hammer, United States District Court for the Eastern District of Pennsylvania, Civil Action No. 87-8472 (April 13, 1989).

Deposition of Daniel R. Fischel In Re: National Union Fire Insurance Company of Pittsburgh, PA v. Wells Fargo Bank, N.A., District Court of Harris County, Texas, 125th Judicial District, No. 88-49246 (April 10 and 11, 1989).

Deposition of Daniel R. Fischel In Re: Susan Rothenberg, as Custodian for Stephen J. Rothenberg v. Charles E. Hurwitz, United Financial Corporation, United Savings Association of Texas, et al., United States District Court for the Southern District of Texas, Houston Division, Civil Action No. H-86-1435 (March 30, 1989).

Deposition of Daniel R. Fischel In Re: Jose Nodar, et al. v. William Weksel, Albert Bromberg, Henry B. Turner, IV, Frank L. Bryant, Leo Kuperschmid, Bennett S. Lebow, Ernst & Whinney and Oppenheimer & Co., Inc., United States District Court, Southern District of New York, No. 84 Civ. 3870 (VLB) and consolidation case No. 84 Civ. 5132 (VLB) (December 15 and 16, 1988).

Deposition of Daniel R. Fischel In Re: William Steiner, et al. v. Whittaker Corporation, et al., Superior Court of the State of California for the County of Los Angeles, No.CA000817 (December 7, 1988).

Deposition of Daniel R. Fischel In Re: Arnold I. Laven, et al. v. Western Union Corporation, et al., United States District Court for the District, Western District of Washington, MDL No. 551 (August 30 and 31, 1988).

Deposition of Daniel R. Fischel In Re: Washington Public Power Supply System Securities Litigation, United States District Court, Western District of Washington, MDL No. 551 (August 16 and 22, 1988).

Affidavit of Daniel R. Fischel In Re: District Business Conduct Committee for District No. 3 v. Blinder, Robinson & Company Inc., et al., National Association of Securities Dealers, Inc. National Business Conduct Committee, Complaint No. DEN-666 (July 21, 1988).

Deposition of Daniel R. Fischel In Re: Joseph Seidman, et al. v. Stauffer Chemical Company, et al, United States District Court for the District of Connecticut, No. B 84-543 (TFGD) (June 10, 1988 and May 5, 1987).

Deposition of Daniel R. Fischel In Re: Edlin Cattle Co., Inc., and James Edlin v. A. O. Smith Harvestore Products, Inc., et al., United States District Court for the Northern District of Texas, Amarillo Division, No. CA-2-86-0122 (May 12, 1988).

Deposition of Daniel R. Fischel In Re: MicroPro Securities Litigation, United States District Court for the Northern District of California, No. C-85-7428-EFL (A) (May 2, 1988).

Affidavit of Daniel R. Fischel In Re: Pizza Time Theatre Securities Litigation, United States District Court for the Northern District of California, Civil File No. 84-20048-(A)-RPA (March 25, 1988).

Affidavit of Daniel R. Fischel and Robert A. Sherwin In Re: First National Bank of Louisville v. Brooks Farms, and George C. Brooks, et al., Third-Party Plaintiffs v. A. O. Smith Corporation, et al., Circuit Court for Maury County, Tennessee, No. 2058 (March 3, 1988).

Testimony of Daniel R. Fischel In Re: Nucorp Energy Securities Litigation, United States District Court for the Southern District of California, M.D.L. 514 (March 15, 16, 17, and 18, 1988).

Deposition of Daniel R. Fischel In Re: Nucorp Energy Securities Litigation, United States District Court for the Southern District of California, M.D.L. 514 (January 27, 1988).

Deposition of Daniel R Fischel In Re: Anheuser-Busch Companies, Inc. v. W. Paul Thayer, et al., United States District Court for the Northern District of Texas, Dallas Division, No. CA- 3-85-0794-R (January 21, 1988; December 4, 1987; and November 5, 1987).

Testimony of Daniel R. Fischel In Re:  Securities and Exchange Commission v. First City Finance Corporation Ltd., and Marc Belzberg, United States District Court for the District of Columbia, Civil Action No. 86-2240 (December 18, 1987).

Testimony of Daniel R. Fischel In Re: The Irvine Company v. Athalie Irvine Smith and Athalie R. Clarke, Trustee, State of Michigan Circuit Court for the county of Oakland, Civil Action No. 8327011-CZ (December 14, 15, and 16, 1987).

Deposition of Daniel R. Fischel In Re: Securities and Exchange Commission v. First City Finance Corporation, Ltd. and Marc Belzberg, United States District Court for the District of Columbia, Civil Action No. 86-2240 (December 11, 1987).

Affidavit of Daniel R. Fischel In Re: Gerald D. Broder and Constance D. Broder v. Alphonse H. Bellac and William B. Weinberger v. Combustion Equipment Associates, Inc., et al., and William B. Weinberger v. Coopers & Lybrand, United States District Court for the Southern District of New York, 80 CIV 6175 (CES) 80 CIV 6839 (CES) 84 CIV 8217 (CES) (July 22, 1987).

Deposition of Daniel R. Fischel In Re: The Irvine Company v. Athalie Irvine Smith and Athalie R. Clarke, Trustee, State of Michigan, Circuit Court for the County of Oakland, Civil Action No. 83270011-CZ (June 1, 1987).

Deposition of Daniel R. Fischel In Re: Fortune Systems Securities Litigation, United States District for the Northern District of California, Master File No. 83-3348A-WHO (May 7, 1987).

Deposition of Daniel R. Fischel In Re: Victor Technologies Securities Litigation, United States District Court for the Northern District of California, Master File No. C-83-3906(A)-RFP (FW) (January 8, 1987 and October 30, 1986).

Reply Declaration of Daniel R. Fischel in Support of the Motion by the Activision Defendants for Summary Judgment In Re: Activision Securities Litigation, United States District Court for the Northern District of California, Master File No. C-83-4639(A)-MHP (October 27, 1986).

Testimony of Daniel R. Fischel In Re: NVHomes, L.P. v. Ryan Homes, Inc.; and Ryan Homes, Inc. v. NVHomes, L.P., et al., United States District Court for the Western District of Pennsylvania, Civil Action No. 86-2139 (October 24, 1986).

Supplemental Affidavit of Daniel R. Fischel In Re: NVHomes, L.P. v. Ryan Homes, Inc.; and Ryan Homes, Inc. v. NVHomes, L.P. and NVAcquisition L.P., et al., United States District Court the Western District of Pennsylvania, Civil Action No. 86-2139 (October 24, 1986).

26

Affidavit of Daniel R. Fischel in Support of the Motion by the Activision Defendants for Summary Judgment In Re: Activision Securities Litigation, United States District Court for the Northern District of California, Master File No. C-86-2139 (October 20, 1986).

Declaration of Daniel R. Fischel in Support of the Motion by the Activision Defendants for Summary Judgment In Re: Activision Securities Litigation, United States District Court for the Northern District of California, Master File No. C-83-4639(A)-MHP (October 2, 1986).

Affidavit in Support of Defendants Motion for Summary Judgment In Re: MCorp Securities Litigation, United States Court for the Southern District of Texas, Civil Action No. H-85- 5894 (September 25, 1986).

Deposition of Daniel R. Fischel In Re: Activision Securities Litigation, United States District Court for the Northern District of California, No. C 83 4639 (August 18 and 19, 1986).

Deposition of Daniel R. Fischel In Re: John Mancino v. James A. McMaghan, et al., United States District Court for the Northern District of California, Civil No. C-84-0407-TEH (August 14, 1986).

Testimony of Daniel R. Fischel In Re: Charles W. Leigh, et al. and George Johnson, et al. v. Clyde William Engle, et al., United States District Court for the Northern District of Illinois, Eastern Division, Case No. 78 C 3799 (August 1, 1986).

Reply Affidavit of Daniel R. Fischel In Re: The Amalgamated Sugar Company v. NL Industries, United States District Court for the Southern District of New York, 86 Civ. 5010 (VLB) (July 28, 1986).

Affidavit of Daniel R. Fischel In Re: The Amalgamated Sugar Company v. NL Industries, United States District Court for the Southern District of New York, 86 Civ. 5010 (VLB) (July 18, 1986).

Deposition of Daniel R. Fischel In Re: Charles W. Leigh, et al. and George Johnson, et al. v. Clyde William Engle, et al., United States District Court for the Northern District of Illinois, Eastern Division, Case No. 78 C 3799 (July 1, 1986).

Deposition of Daniel R. Fischel In Re: Seafirst Corporation v. William M. Jenkins, et al.; and Seafirst Corporation v. John R. Boyd, et al., United States District Court for the Western District of Washington at Seattle, Case No. C83-771R (February 27, 1986).

Deposition of Daniel R. Fischel In Re: Kreindler v. Sambo's Restaurants, Inc., United States District Court for the Southern District of New York, Case No. 79 Civ. 4538 (December 17, 1985).

Affidavit of Daniel R. Fischel In Re: United States of America v. S. Richmond Dole and Clark J. Matthews II (March 19, 1985).

Deposition of Daniel R. Fischel In Re: Craig T. McFarland, et al. v. Memorex Corporation, United States District Court for the Northern District of California, No. C 79-2926-WAI, C 79-2007-WAI, C 79-241-WAI (February 26, 1985; January 29 and 30, 1985).

Testimony of Daniel R. Fischel In Re: Robert J. Lawrence v. Grumman Corp. Pension Plan, et al., United States District Court for the Eastern District of New York, No. CV-81-3530 (December 19, 1983).

Testimony of Daniel R. Fishel In Re: Telvest, Inc. v. Junie L. Bradshaw, et al. and American Furniture Company, United States District Court, for the Eastern District of Virginia Richmond Division, No. CA-79-0722-R (December 4, 1981).

## OTHER ACTIVITIES

Member, American Economic Association, American Finance Association.

Former Member of the Board of Overseers of the Becker-Friedman Institute at the University of Chicago.

Former Advisor to the Harvard Program on Corporate Governance at Harvard University. Former

Member, Board of Directors, Center for the Study of the Economy and the State. Former Member, Mid-

America Institute Task Force on Stock Market Collapse.

Have acted as a consultant and/or advisor to the New York Stock Exchange, the National Association of Securities Dealers, the Chicago Board of Trade, the Chicago Board Options Exchange, the Chicago Mercantile Exchange, the New York Mercantile Exchange, the Federal Trade Commission, the Department of Labor, the Securities and Exchange Commission, the Canadian Securities and Exchange Commission, the United States Department of Justice, the Federal Deposit Insurance Corporation, the Resolution Trust Corporation, the Federal Housing Finance Agency, and the Office of Thrift Supervision.

Referee, Journal of Financial Economics, Journal of Law and Economics, Journal of Legal Studies.

Participant and speaker at multiple conferences on the Economics of Corporate, Securities and Commodities Law and the Regulation of Financial Markets.

Former Chairman, American Association of Law Schools' Section on Law and Economics.

# Appendix B

**Materials Relied Upon**

**Court Documents**

Steves and Sons, Inc., v. JELD-WEN opinion, Civil Action No. 3:16cv545, October 5, 2018

Consolidated Class Action Complaint *In re: Jeld-Wen Holding, Inc. Securities Litigation,* Civil Action No. 3:20-cv-112-JAG, June 22, 2020.

**Expert Report**

Report on Market Efficiency, Loss Causation and Damages, Professor Steven P. Feinstein, Ph.D., CFA, January 4, 2021.

**Academic Literature, News Articles & Press Releases**

*Business Wire*, "JELD-WEN Announces Pricing of Initial Public Offering," January 26, 2017, 9:29 PM.

*Business Wire*, "JELD-WEN Announces Jury Verdict in Steves & Sons Lawsuit," *Business Wire*, February 15, 2018, 6:48 PM.

*Business Wire*, "Steves & Sons Wins Antitrust Decision As Federal Judge Orders JELD-WEN to Divest Towanda Plant to Restore Marketplace Competition," October 5, 2018, 10:45pm.

*Business Wire*, "JELD-WEN Announces Rulings in Steves & Sons Litigation; No Final Judgment on Antitrust Claims," October 6, 2018, 7:14 AM.

*Business Wire*, "JELD-WEN Announces Preliminary Financial Results for the Third Quarter of Fiscal 2018 and Date of Conference Call," October 15, 2018, 4:20 PM

Campbell, J.Y., A.W. Lo, & A.C. MacKinlay, *The Econometrics of Financial Markets*, Princeton University Press, (1997)

Fischel, D.R., "Use of Modern Finance Theory in Securities Fraud Cases Involving Actively Traded Securities," 38 *The Business Lawyer*, (1982)

MacKinlay, A.C., "Event Studies in Economics and Finance," 35 *J. Economic Literature*, (March 1997)

Mendenhall, W., J.E. Reinmuth & R.J. Beaver, *Statistics for Management and Economics* (Duxbury Press, 1993)

Schwert, G.W., "Using Financial Data to Measure Effects of Regulation," 24 *J. Law and Economics*, (1981)

**Analyst Reports**

Baird, "Thoughts on Steves & Sons Lawsuit Verdict," February 16, 2018.

1

Barclays, "Our Initial Take on the Steves Verdict," February 16, 2018.

Gabelli, "Q4 Results - Buy," February 22, 2018.

Credit Suisse, "Downgrading to Neutral," February 28, 2018.

Gabelli, "JELD-WEN Holding, Inc. (JELD - $29.76 – NYSE), Update on Litigation - Buy," June 11, 2018.

Goldman Sachs, "Initiate Building Products at Neutral; Buy OC, MAS, SITE, JELD; Sell WHR, AOS," October 2, 2018.

Jefferies, "Unfavorable Steves Ruling, But Manageable," October 7, 2018.

J.P. Morgan, "CraftMaster Divestiture Ruled As an Appropriate Remedy; Potential Negative for Both JELD and DOOR – Alert," October 7, 2018.

Wells Fargo, "JELD: The Steves Saga Continues," October 7, 2018.

Barclays, "Overhang Doesn't Derail OW Thesis," October 8, 2018.

Goldman Sachs, "Court rules in favor of divestiture of Towanda; final judgment expected by year end," October 8, 2018.

RBC, "Lowering PT on Negative Litigation Outcome," October 8, 2018.

SunTrust Robinson Humphrey, "Latest Ruling in Steves Litigation," October 8, 2018.

Baird, "Negative Q3 Preannouncement; 2018 Guide Reduced; CFO Change," October 15, 2018.

Barclays, "Windows Reset; Remain OW," October 15, 2018.

Citi, "Alert: More Bad News: CFO Leaving; Preliminary 3Q18 Results Soft; Guidance Cut," October 15, 2018.

Credit Suisse, "Shattered Glass," October 15, 2018.

Goldman Sachs, "Negative pre-announcement to reset expectations under new CEO," October 15, 2018.

Jefferies, "JELD-WEN Pre-Announces 3Q, Cuts FY Guidance, and CFO Departing," October 15, 2018.

SunTrust Robinson Humphrey, "Severe Earnings Warning On Modest Volume Miss," October 15, 2018.

Bank of America Merrill Lynch, "JELD announces challenging preliminary 3Q; John Linker to replace CFO Mallard," October 16, 2018.

Deutsche Bank, "17% reduction to 2H18 guidance may not be the end of JELD-WEN's troubles," October 16, 2018.

JPMorgan, "2018 EBITDA Guidance Lowered 9%; CFO Mallard To Exit, Succeeded By SVP-Corp. Dvlpmt, IR Linker," October 16, 2018.

RBC, "Walking on Broken Glass; Lowering PT on Guidance Cut," October 16, 2018.

Wells Fargo, "JELD: Still Battling Return To Normal. Another Executive Change., October 16, 2018.

Bank of America Merrill Lynch, "Preliminary 3Q results highlight operating challenges; lower estimates & PO, October 17, 2018.

Gabelli, "Jeld-Wen Holding, Inc. (JELD - $17.28 - NYSE) Pre-Release Q3 and FY Guide- Buy," October 17, 2018.

Goldman Sachs, "Footprint rationalization a key first step in driving margin improvement," November 6, 2018.

Wells Fargo, "JELD:  Light Ahead, But Guideposts Needed," November 6, 2018.

Barclays, "Footprint Consolidation Encouraging; Supports 2019 Margin Inflection," November 7, 2018.

**SEC Filings**

JELD-WEN 10-K for year ended December 31, 2016.

JELD-WEN Prospectus, January 26, 2017.

Form S-1 Registration Statement, October 10, 2017.

All other documents cited in this report.