# EXHIBIT P

## William Geddish

| | |
|---|---|
| **From:** | Harris, Lindsey Weiss <lindsey.harris@kirkland.com> |
| **Sent:** | Friday, March 12, 2021 3:36 PM |
| **To:** | Philip Leggio; Brian Pumphrey; Garrett Hooe; Brian Schmalzbach; Brian Riopelle; Sandra Goldstein; Rachel Fritzler; Jacob Rae; Peter Simmons; Corey Baron; Renee Turner; Warren Harless; Roman Lifson; Shannan Fitzgerald |
| **Cc:** | 'Steven J. Toll'; Joshua Handelsman; Debra Wyman; Robert Rothman; 'mmillkey@rgrdlaw.com'; 'fkaram@rgrdlaw.com'; 'wgeddish@rgrdlaw.com'; Magdalene Economou; James Johnson; Michael Rogers; James Christie; Lou Malone; Rowley, Robert |
| **Subject:** | RE: In re JELD-WEN Holding, Inc. Sec. Litig., No. 3:20-cv-00112-JAG |

Counsel,

We have confirmed JELD-WEN does not have data from Salesforce or Chatter for Tim Kirk during the agreed-upon time period.  We do not have any reason to believe the Company has data from Salesforce or Chatter for the other custodians during this time period, but we are in the process of confirming.  We understand the Salesforce platform is in the middle of a data migration process that makes it impossible to get you a response by the end of the day, but we should have confirmation by Monday.

Best,

**Lindsey Weiss Harris**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3387  **M** +1 917 324 2258
**F** +1 212 446 4900

lindsey.harris@kirkland.com

**From:** Leggio, Philip <PLeggio@labaton.com>
**Sent:** Thursday, March 11, 2021 5:30 PM
**To:** 'Brian Pumphrey' <bpumphrey@mcguirewoods.com>; 'Garrett Hooe' <GHooe@mcguirewoods.com>; 'Brian Schmalzbach' <BSchmalzbach@mcguirewoods.com>; 'Brian Riopelle' <briopelle@mcguirewoods.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Fritzler, Rachel M. <rachel.fritzler@kirkland.com>; Harris, Lindsey Weiss <lindsey.harris@kirkland.com>; Rae, Jacob M. <jacob.rae@kirkland.com>; 'Peter Simmons' <Peter.Simmons@friedfrank.com>; 'Corey Baron' <Corey.Baron@friedfrank.com>; 'Renee Turner' <renee.turner@friedfrank.com>; 'Warren Harless' <wharless@cblaw.com>; 'Roman Lifson' <rlifson@cblaw.com>; 'Shannan Fitzgerald' <sfitzgerald@cblaw.com>
**Cc:** 'Steven J. Toll' <SToll@cohenmilstein.com>; 'Josh Handelsman' <jhandelsman@cohenmilstein.com>; 'Debra Wyman' <DebraW@rgrdlaw.com>; 'Robert Rothman' <rrothman@rgrdlaw.com>; 'mmillkey@rgrdlaw.com'; 'fkaram@rgrdlaw.com'; 'wgeddish@rgrdlaw.com'; 'Magdalene Economou' <MEconomou@rgrdlaw.com>; Johnson, James <JJohnson@labaton.com>; Rogers, Michael H. <MRogers@labaton.com>; Christie, James <JChristie@labaton.com>; 'Lou Malone' <lmalone@odonoghuelaw.com>; Rowley, Robert <RRowley@labaton.com>
**Subject:** RE: In re JELD-WEN Holding, Inc. Sec. Litig., No. 3:20-cv-00112-JAG

Counsel,

We are writing to follow up on our March 9, 2020 email, requesting Defendants produce to Plaintiffs (1) all documents from Jeld-Wen's Salesforce.com and Chatter platforms that are responsive to Plaintiffs' document requests (or, if

documents from those sources were already searched for and produced, to provide us with their bates numbers); and (2) any written agreement reflecting a common interest agreement with Mr. Kuppens.

Since sending that email, Plaintiffs have deposed two additional fact witnesses and will be deposing another tomorrow. Defendants' continuing failure to produce these documents compounds the prejudice to Plaintiffs. In light of these additional upcoming—and fast approaching—fact depositions, we again demand that you provide us with the information sought in our March 9, 2020 email. Please provide this information by 6 pm eastern Friday March 12, 2021 or we will have no choice but to seek immediate court intervention.

Best,

Phil

**From:** Leggio, Philip
**Sent:** Tuesday, March 9, 2021 8:33 PM
**To:** 'Brian Pumphrey' <bpumphrey@mcguirewoods.com>; 'Garrett Hooe' <GHooe@mcguirewoods.com>; 'Brian Schmalzbach' <BSchmalzbach@mcguirewoods.com>; 'Brian Riopelle' <briopelle@mcguirewoods.com>; 'Sandra Goldstein' <sandra.goldstein@kirkland.com>; 'Rachel Fritzler' <rachel.fritzler@kirkland.com>; 'Lindsey Harris' <lindsey.harris@kirkland.com>; 'Jacob Rae' <jacob.rae@kirkland.com>; 'Peter Simmons' <Peter.Simmons@friedfrank.com>; 'Corey Baron' <Corey.Baron@friedfrank.com>; 'Renee Turner' <renee.turner@friedfrank.com>; 'Warren Harless' <wharless@cblaw.com>; 'Roman Lifson' <rlifson@cblaw.com>; 'Shannan Fitzgerald' <sfitzgerald@cblaw.com>
**Cc:** 'Steven J. Toll' <SToll@cohenmilstein.com>; 'Josh Handelsman' <jhandelsman@cohenmilstein.com>; 'Debra Wyman' <DebraW@rgrdlaw.com>; 'Robert Rothman' <rrothman@rgrdlaw.com>; 'mmillkey@rgrdlaw.com'; 'fkaram@rgrdlaw.com'; 'wgeddish@rgrdlaw.com'; 'Magdalene Economou' <MEconomou@rgrdlaw.com>; Johnson, James <JJohnson@labaton.com>; Rogers, Michael H. <MRogers@labaton.com>; Christie, James <JChristie@labaton.com>; 'Lou Malone' <lmalone@odonoghuelaw.com>; Rowley, Robert <RRowley@labaton.com>
**Subject:** In re JELD-WEN Holding, Inc. Sec. Litig., No. 3:20-cv-00112-JAG

Counsel,

During today's deposition of Tim Kirk, we learned of the existence of documents from Jeld-Wen's Salesforce.com ("SFDC") platform and Chatter, which is a function of SFDC. Mr. Kirk testified that Chatter served as an internal social media-type platform where Jeld-Wen employees would post, share, and communicate certain information with one another, including about price increases, competitive intelligence and interior doors. These documents are plainly responsive to Requests for Production, including but not necessarily limited to, Request Nos. 6 and 11. A search of the documents that Defendants have produced indicates that they have not produced these SFDC and Chatter materials.

If Defendants have searched for and produced all relevant Salesforce and Chatter documents in response to Plaintiffs' document requests, including Request Nos. 6 and 11, please provide their bates numbers. If not, we demand that you produce them immediately, as Plaintiffs will continue to be prejudiced in upcoming depositions due to Defendants' discovery failure. Additionally, it should go without saying that Plaintiffs reserve all rights, including re-opening any deposition that has occurred or will occur before Defendants complete production of all documents responsive to Request Nos. 6 and 11.

Additionally, during Mr. Kirk's deposition today, Mr. Kuppens and Mr. Pumphrey instructed Mr. Kirk to not answer any questions relating to conversations that took place in a meeting where both Mr. Kuppens (Mr. Kirk's counsel) and Mr. Pumphrey (an individual not serving as Mr. Kirk's counsel) were in attendance. Taking their advice, Mr. Kirk did not answer any questions relating to such communications. At the deposition, Mr. Pumphrey raised for the first time that Defense Counsel had executed a common interest agreement with Mr. Kuppens. Plaintiffs request that Defendants produce any written agreement reflecting this arrangement.

Best,

Phil

***Privilege and Confidentiality Notice*** This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.