# EXHIBIT 1

**THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(RICHMOND DIVISION)**

| | | |
|---|---|---|
| In re JELD-WEN HOLDING, INC. SECURITIES LITIGATION | ) ) ) | Civil Action No. 3:20-cv-00112-JAG |
| | ) ) | CLASS ACTION |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) ) | |

**LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Lead Plaintiffs, the Public Employees' Retirement System of Mississippi and the Plumbers and Pipefitters National Pension Fund (collectively, "Lead Plaintiffs") and additional Plaintiff Wisconsin Laborers' Pension Fund, (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby propounds Lead Plaintiffs' First Set of Requests for Production of Documents ("Document Requests" or "Requests") on Defendants Jeld-Wen Holding Inc.,  ("Jeld-Wen" or the "Company"), Mark A. Beck, L. Brooks Mallard, Kirk S. Hachigian, and Gary S. Michel (collectively, the "Individual Defendants" and together with Jeld-Wen, "Defendants"). Defendants shall produce for inspection and copying the requested documents within fifteen (15) calendar days of service of the Requests at the offices of Labaton Sucharow, 140 Broadway New York, New York 10005, or at such other time and place as the parties mutually agree.

Plaintiffs request that such production be made in accordance with the "DEFINITIONS" and "INSTRUCTIONS" as set forth below.  Plaintiffs reserve the right to amend and/or supplement these Requests.

1

## DEFINITIONS

1.      Except as set forth below, all capitalized terms have the same meaning as set forth in the Complaint.

2.      "Action" refers to the above-captioned securities class action.

3.      "Jeld-Wen" or the "Company" refers to Defendant Jeld-Wen Holding, Inc. and all of its foreign and domestic subsidiaries, divisions, subdivisions, offices, affiliates, predecessors, successors, joint ventures, present and former officers, directors, Employees, representatives, agents, attorneys, accountants, advisors, and all other Persons acting or purporting to act on its behalf.

4.      "Class Period" refers to the time period from January 26, 2017, through October 15, 2018, inclusive, as alleged in the Complaint.

5.      "Communication" or "Communications" refers to any exchange of information, words, numbers, pictures, charts, studies or graphs by any means of transmission, sending, or receipt of information of any kind by or through any means Including personal delivery, speech, writings, documents, language (machine, foreign or otherwise) of any kind, computer electronics or electronically-stored information (as defined herein), sound, radio or video signals, telecommunication, telephone, facsimile, mail, film, photographic film of all types or other media of any kind.  The term "Communication" also includes, without limitation, all inquiries, discussions, conversations, correspondence, negotiations, agreements, presentations, understandings, Meetings, notices, requests, responses, demands, complaints or press, tweets, social media posts, publicity or trade releases.  Unless otherwise specified, Communications shall be interpreted to include both internal Communications undertaken between Company personnel and external Communications made between Company personnel and any third party.

6.     "Complaint" refers to the Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws filed in the Action on June 22, 2020 (ECF No. 73).

7.     "¶ __" refers to paragraphs in the Complaint.

8.     "Concern" or "concerning" or "relating to" means referring to, describing, evidencing, reflecting upon, regarding, or constituting.

9.     "Correspondence" means any letter, memorandum, note, e-mail, Including on company and private e-mail addresses, facsimile, text message, instant message, internet message board posting, Blackberry message or any other writing containing a Communication from one Person or Persons to another or others.  Unless otherwise specified, Correspondence shall be interpreted to include both internal Correspondence undertaken between Company personnel and external Correspondence made between Company personnel and any third party.

10.    "Defendants" means Jeld-Wen and the Individual Defendants.

11.    "Document" is to be interpreted in the broadest possible sense and includes all recorded, renderable, stored or retrievable information on any print or Electronic Media, Including handwriting, photographs, film, recordings, memoranda, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, electronic mail, text messages, SMS messages, Bloomberg messages, LinkedIn messages, LinkedIn posts, Facebook messages, Facebook posts, tweets, Snapchats, Instagram posts and messages, WhatsApp messages, Skype messages, WeChat messages and instant messages on other messaging applications and platforms, compact discs, CD-ROMs, DVD-ROMs, portable or external hard drives or other widely-used electronic or optical storage media, electronic data, magnetic tape, videotape, magnetic or optical disks, floppy disks, Microsoft Office or other spreadsheet, word processing or presentation software files, telegrams, mailgrams, correspondence, resolutions, work papers,

3

Reports, projects, tabulations, studies, surveys, legal complaints and other pleadings, affidavits, interrogatories or interrogatory responses, requests for admission or responses to requests for admission, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, telephone records, desk calendars, appointment books, circulars, charts, transcripts, news releases, trade releases, advertisements, press books, teletype messages, licenses, financial statements, stenographers' notebooks, punchcards, computer printouts and data, telecopier and facsimile transmissions and printouts, letters of credit, stock certificates, securities and recordings, notes or minutes of Meetings, conversations or telephone calls.  The term "Document" also includes drafts, revisions or copies of any such Document if the draft, revision or copy is in any way different from the original, Including draft Documents, Correspondence and Communications that never resulted in any "final" version of any Document.  "Documents" include, but are not limited to, all Correspondence, Communications, and ESI.

12.    "ESI" or "Electronically Stored Information" means information or data that is generated, received, processed and recorded by computers and other electronic devices, and includes, without limitation, system metadata and user-generated metadata.  "ESI" further includes, without limitation, the following: (a) output resulting from the use of any software program, such as word processing documents, spreadsheets, database files, charts, graphs and outlines; (b) electronic mail; (c) message logs, Including group chat logs, from AOL Instant Messenger or other instant messaging applications or platforms, Facebook postings, Facebook messenger, LinkedIn, Twitter, Skype, WhatsApp, WeChat and other text applications or platforms, SMS message logs, and similar social media message logs; (d) audio and video files; (e) internal (intranet) or external websites; and (f) activity listings of electronic mail receipts

and/or transmittals. "ESI" includes electronic information or data wherever it resides, Including, without limitation; (a) in an active file on a computer network or individual computer hard drive; (b) in a deleted file or file fragment; (c) on backup/storage media, Including cloud storage; (d) on removable media, such as a floppy disk, memory stick, portable hard drive, or zip drive; or (e) on a smart phone or personal digital assistant. "ESI" also includes documents, containers and labels appended to or concerning any physical storage device associated with responsive electronic information or data.

13.    "Electronic Media" means any magnetic or other storage media device used to record ESI. Electronic Media devices may include computer memories, hard disks, floppy disks, memory sticks, thumb drives, CD, CD-ROM, DVD, personal digital assistant devices (e.g., Palm Pilot, Blackberry, iPad, iPhone, or "smart phone" devices), magnetic tapes of all types, microfiche, or any other vehicle for digital storage or transmittal, Including any containers or labels appended to, or relating to, any physical original or copy of such storage device.

14.    "Employee" means any Person who at any time during the Relevant Period acted or purported to act on behalf of an entity, You, or another Person or Persons, Including all present and former officers, directors, executives, partners, principals, managers, staff personnel, accountants, agents, representatives, in-house attorneys, independent contractors, advisors, and consultants of such entity, Person or Persons.

15.    "Including" means including without limitation.

16.    "Individual Defendants" refers to Beck, Mallard, Hachigian and Michel, individually and collectively.

5

17.    "Person" or "Persons" refers to natural persons, proprietorships, governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations, organizations, and all other entities.

18.    "Refer" means comprise, explicitly or implicitly refer to, reflect, record, memorialize, embody, discuss, evaluate, consider, review, report on, be reviewed in conjunction with, or be created, generated, or maintained as a result of the subject matter of the Request.

19.    "Antitrust Actions" means the following antitrust actions against Jeld-Wen:

- *Steves & Sons, Inc. v. Jeld-Wen, Inc.*, No. 3:16-cv-545 (E.D. Va.);

- *In re: Interior Molded Doors Antitrust Litig.*, No. 3:18-cv-718 (E.D. Va.); and

- *In re: Interior Molded Doors Indirect Purchaser Antitrust Litig.*, No. 3:18-cv-850 (E.D. Va.)

20.    "You" and "Your" means each of the Defendants, and, as applied to Jeld-Wen, means each of its affiliates, subsidiaries, divisions, subdivisions, practice groups, departments, predecessors, successors, or joint ventures.  Additionally, as applied to all Defendants, "You" and "Your" also means present and former partners, principals, officers, directors, Employees, representatives, agents, attorneys, advisors, and all other individuals acting or purporting to act on their respective behalves.

## INSTRUCTIONS

1.    If You claim any form of privilege or any other objection, whether based on statute, common law, or otherwise as a ground for not producing any requested Document, please furnish a log identifying to the extent reasonably known each Document for which the privilege or other objection is claimed together with the following:

(a)    the privilege being asserted;

(b)    the Person on whose behalf the privilege is asserted;

6

(c)    a precise statement of the facts upon which the claim of privilege is based; and

(d)    the following information describing each purportedly privileged Document:

    (i)    a brief description sufficient to identify its nature (*e.g.*, agreement, letter, memorandum, tape, etc.);

    (ii)    the subject matter and purpose of the Document;

    (iii)    the date it was prepared;

    (iv)    the date the Document bears;

    (v)    the date the Document was sent;

    (vi)    the date it was received;

    (vii)    the identity of the Person preparing it;

    (viii)    the identity of the Person sending it;

    (ix)    the names of the Persons who received the Document;

    (x)    the identity of each Person to whom it was sent or was intended to have been sent, Including all addressees and all recipients of copies;

    (xi)    all Persons to whom its contents have been disclosed;

    (xii)    a precise description of the place where each copy of that Document is kept, Including the title or description of the file in which said Document may be found and the location of such a file; and

7

(xiii)    a statement as to whom each identified lawyer represented or purported to represent at all relevant times.

2.        If a portion of any Document responsive to these Requests is withheld under claim of privilege, any non-privileged portion of such Document must be produced with the portion You claim to be privileged redacted.  Whenever a Document is not produced in full or is produced in redacted form, so indicate on the Document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of Your knowledge, information, and belief, and with as much particularity as possible, those portions of the Document which are not being produced, as set forth above in paragraph 1.

3.        In responding to these Requests, You shall produce all responsive Documents which are in Your possession, custody, or control, or in the possession, custody, or control of Your subsidiaries, affiliates, agents, Employees, attorneys, accountants, or other representatives.

4.        All Documents responsive to the Requests herein that are stored on Your electronic backup tapes or hard drives shall be produced.

5.        With respect to ESI formatting and production, You shall follow the Instructions set forth herein or, if entered by the Court prior to Your production of documents in response to these Requests, the instructions set forth in the Stipulation and Order Governing Discovery Matters and the Production of Electronically Stored Information ("ESI Protocol") for this Action. To the extent these Instructions for these Requests are inconsistent with the ESI Protocol, the ESI Protocol shall control.

6.        Pursuant to the Federal Rules of Civil Procedure, You are to produce for inspection and copying by Plaintiff original Documents as they are kept in the usual course of business in their original folders, binders, covers, and containers or facsimile thereof, or, with

8

respect to ESI, in either TIFF or TIFF along with native format, as explained in more detail below.  You shall produce the Documents as they are kept in the usual course of business or organize and label the Documents to correspond with the categories in these requests.  If the original is not in Your custody, then You are to produce a copy thereof, and all non-identical copies which differ from the original or from the other copies produced for any reason, Including copies that bear handwritten, electronic, or other notations.

7.      These Requests are specifically intended to encompass any data or information maintained in any form of computer memory or on computer hard drives or diskettes, Including any word processing or spread sheet programs or electronic mail systems, or in any form of electronic or computer-related storage, whether or not You currently have "hard copy" printouts of the same.

8.      All Documents responsive to these Document Requests shall be produced with all metadata contained within such Documents in the usual course of business, Including as follows:

> (a)    ESI should not be produced in a form that removes or degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

> (b)    ESI should not be produced without first discussing production formatting issues with Plaintiff's' Counsel.  If You decline to search or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information regarding the burden or cost You claim is associated with the search or production of such ESI.

9

9.      You are to produce each Document requested herein in its entirety, with attachments and enclosures and without deletion or excision (except as qualified above) regardless of whether You consider the entire Document to be relevant or responsive to the Requests.  Each document that You cannot legibly copy should be produced in its original form. Documents not otherwise responsive to any of the Requests herein must be produced if such Documents are attached to a Document that is responsive to these Requests.  Whenever a Document or group of Documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, the Document or group of Documents must be produced with information identifying the cover or container.

10.      If a Document responsive to these Requests was at any time in Your possession, custody, or control, but is no longer available for production, as to each such Document, state the following information:

      (a)      whether the Document is missing or lost;

      (b)      whether it has been destroyed;

      (c)      whether the Document has been transferred or delivered to another Person, and, if so, at whose request; and

      (d)      whether the Document has been otherwise disposed of, and, if so, a precise statement of the circumstances (Including date) surrounding the disposition of the Document.

11.      If in responding to these Requests, You claim any ambiguity in interpreting a Request or a Definition or Instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to produce responsive Documents, but there shall be set forth as part of

10

Your response the language You claim to be ambiguous and the interpretation chosen or used in responding to the Request.

12.    With respect to any category of Documents as to which You contend production is in some way "burdensome" or "oppressive," please state the specific reason for that objection.

13.    "All," "any," and "each" shall each be construed as encompassing any and all.

14.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request all Documents that might otherwise be construed to be outside of its scope.

15.    The singular shall include the plural, and the disjunctive shall include the conjunctive, and vice versa.

16.    The past tense shall include the present tense and vice versa.

17.    These Requests are continuing requests, and You are required to supplement Your productions with any new or newly discovered materials responsive to these Requests in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**RELEVANT TIME PERIOD**

The Requests herein refer to the period from June 29, 2016 to present (the "Relevant Period"), unless otherwise specifically indicated, and include all Documents that relate to such period, even though prepared or published outside of the Relevant Period.

## DOCUMENTS REQUESTED

**DOCUMENT REQUEST NO. 1:**

All Documents and information produced by Jeld-Wen or the Individual Defendants in the Antitrust Actions Including Documents produced in response to requests for production of documents; responses to interrogatories; responses to requests for admissions; and deposition transcripts, Including exhibits thereto, of any Jeld-Wen Employee or expert.

**DOCUMENT REQUEST NO. 2:**

All Documents, transcripts and information admitted as evidence in the trial held in the *Steves & Sons, Inc. v. Jeld-Wen, Inc*., No. 3:16-cv-545 (E.D. Va.) matter.

**DOCUMENT REQUEST NO. 3:**

All Documents, transcripts and information used by Defendants in Connection with the divestiture hearing held in April, 2018 in the *Steves & Sons, Inc. v. Jeld-Wen, Inc*., No. 3:16-cv-545 (E.D. Va.) matter.  *See* Complaint ¶¶ 71, 127, 229, 235, 270.

DATED: October 29, 2020                    Respectfully submitted,

LABATON SUCHAROW LLP

*s/ Michael H. Rogers*

12

JAMES W. JOHNSON (ADMITTED *PRO HAC VICE*)
MICHAEL H. ROGERS (ADMITTED *PRO HAC VICE*)
JAMES T. CHRISTIE (ADMITTED *PRO HAC VICE*)
PHILIP J. LEGGIO (ADMITTED *PRO HAC VICE*)
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
jjohnson@labaton.com
mrogers@labaton.com
jchristie@labton.com
pleggio@labaton.com

*Counsel for Co-Lead Plaintiff Public Employees' Retirement System of Mississippi and the Class*

ROBBINS GELLER RUDMAN
  & DOWD LLP

ROBERT M. ROTHMAN (ADMITTED *PRO HAC VICE*)
MARK T. MILLKEY (ADMITTED *PRO HAC VICE*)
WILLIAM J. GEDDISH (ADMITTED *PRO HAC VICE*)
VINCENT M. SERRA (NEW YORK BAR ONLY)
58 SOUTH SERVICE ROAD, SUITE 200
MELVILLE, NY  11747
TELEPHONE:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
mmillkey@rgrdlaw.com
wgeddish@rgrdlaw.com
vserra@rgrdlaw.com

13

ROBBINS GELLER RUDMAN
& DOWD LLP

DEBRA J. WYMAN
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
dwyman@rgrdlaw.com

*Counsel for Co-Lead Plaintiff Plumbers and
Pipefitters National Pension Fund, Additional
Plaintiff Wisconsin Laborers' Pension Fund, and
the Class*

COHEN MILSTEIN SELLERS & TOLL PLLC
STEVEN J. TOLL (VSB No. 15300)
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005
Telephone: 202/408-4600
202/408-4699 (fax)
stoll@cohenmilstien.com


*Liaison Counsel for Lead Plaintiffs*

14