# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| IN RE: JELD-WEN HOLDING, INC. SECURITIES LITIGATION | Civil Action No. 3:20-cv-00112<br><br>Judge John A. Gibney, Jr. |

**JELD-WEN DEFENDANTS' OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS
<u>FOR THE PRODUCTION OF DOCUMENTS</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants JELD-WEN Holding, Inc., ("JELD-WEN" or the "Company"), Mark A. Beck, L. Brooks Mallard, Kirk S. Hachigian, and Gary S. Michel (collectively, the "Individual Defendants" and together with JELD-WEN, the "JELD-WEN Defendants"), through their undersigned attorneys, hereby respond to Lead Plaintiffs, the Public Employees' Retirement System of Mississippi and the Plumbers and Pipefitters National Pension Fund (collectively, "Lead Plaintiffs") and additional Plaintiff Wisconsin Laborers' Pension Fund, (collectively, "Plaintiffs"), First Set of Requests for Production of Documents (the "Document Requests" or the "Requests") as follows:

**<u>PRELIMINARY STATEMENT</u>**

The following responses and objections are based on the facts and information presently known and available to JELD-WEN Defendants and are given without prejudice to their right to amend, modify or supplement the objections or responses stated herein. JELD-WEN Defendants provide these responses in a good faith attempt to comply with the Requests. In doing so, JELD-WEN Defendants do not admit the responsiveness, admissibility or relevance of any response set forth below. No incidental or implied admissions are intended in or by any of these responses. That JELD-WEN Defendants have responded to all or any part of a Request should not be taken

1

as an admission that it accepts or admits the existence of any fact(s) set forth or assumed by that Request or that its response constitutes admissible evidence.  That JELD-WEN Defendants have responded to all or any part of a Request is also not intended to be, and shall not be, a waiver of all or any part of its objection(s) to that Request.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      JELD-WEN Defendants object to the instruction in the preamble to the Requests to the extent that it purports to require JELD-WEN Defendants to produce documents "within fifteen (15) calendar days of service of the Requests."  JELD-WEN Defendants will make documents available on a reasonable timeframe, consistent with the Federal and Local Rules.

2.      JELD-WEN Defendants object to the definitions of "Jeld-Wen," and the "Company" as overbroad, vague, and ambiguous.  JELD-WEN Defendants will construe the terms "Jeld-Wen," and the "Company" as referring to JELD-WEN Holding, Inc.

3.      JELD-WEN Defendants object to the definition of "Class Period" as referring to the time period from January 26, 2017, through October 15, 2018, inclusive, to the extent it implies the validity of a class.  JELD-WEN Defendants further object on the basis that the scope of a class period, if any, has not yet been determined.

4.      JELD-WEN Defendants object to the definitions of "Communication," "Communications," "Correspondence," and "Electronic Media" to the extent they purport to require JELD-WEN Defendants to produce materials outside the scope of Fed. R. Civ. P. 34(a)(1).

5.      JELD-WEN Defendants object to the definitions of "Document" "ESI" and "Electronically Stored Information" as overbroad to the extent they differ from the usage of those terms in Fed. R. Civ. P. 34(a)(1)(A).  JELD-WEN Defendants will construe those terms to have meanings consistent with their definitions in Fed. R. Civ. P. 34(a)(1)(A).

2

6. JELD-WEN Defendants object to the definition of "Employee" as overbroad, vague, and ambiguous, and because it includes actions taken by former employees outside of their period or scope of employment.

7. JELD-WEN Defendants object to the definition of "You" and "Your" as overbroad, vague, and ambiguous. JELD-WEN Defendants will interpret "You" and "Your" to mean JELD-WEN Defendants, individually and collectively.

8. JELD-WEN Defendants object to Instruction Nos. 1, 2, 4, 6, 8-12, and 17 to the extent they seek to impose upon JELD-WEN Defendants obligations in excess of those required under the Federal Rules, the Local Rules, or any order of the Court.

9. JELD-WEN Defendants object to Instruction No. 3 as overly broad, unduly burdensome, vague and ambiguous to the extent that it purports to enlarge the scope of the Requests to include information or documents that are not within JELD-WEN Defendants' possession, custody, and control. JELD-WEN Defendants will interpret Instruction No. 3 as only applying to non-privileged documents in JELD-WEN Defendants' possession, custody, or control as those terms are defined in Federal Rule of Civil Procedure 34 and the related case law interpreting the meaning of those terms.

10. JELD-WEN Defendants object to Instruction No. 4 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requires production of archived data that may not be reasonably accessible without incurring costs and burdens that are not proportional to the needs of the case.

11. JELD-WEN Defendants object to Instruction No. 5 to the extent it seeks to impose upon JELD-WEN Defendants obligations in excess of those required under the Federal Rules, the

3

Local Rules, or any order of the Court.  To the extent the parties agree to an ESI Protocol, JELD-WEN will produce documents in a manner consistent with its terms.

12.    JELD-WEN Defendants object to Plaintiffs' designation of "Relevant Time Period" as overly broad, unduly burdensome, and not proportional to the needs of the case because Plaintiffs' designation purports to require JELD-WEN Defendants to produce documents that are dated or were prepared many months before, and over two years after, the putative class period. Subject to and without waiving the objections stated herein, and unless otherwise stated, Defendants will interpret the "Relevant Time Period" to be from January 26, 2017 through October 15, 2018, inclusive.

**SPECIFIC RESPONSES AND OBJECTIONS**

**DOCUMENT REQUEST NO. 1:**

All Documents and information produced by Jeld-Wen or the Individual Defendants in the Antitrust Actions Including Documents produced in response to requests for production of documents; responses to interrogatories; responses to requests for admissions; and deposition transcripts, including exhibits thereto, of any Jeld-Wen Employee or expert.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

JELD-WEN Defendants object to Request No. 1 because it is overbroad in seeking documents produced by JELD-WEN Defendants in unrelated cases that concern different factual allegations and legal issues.  *In re: Interior Molded Doors Antitrust Litig.*, No. 3:18-cv-718 (E.D. Va.) (the "DPP Action") and *In re: Interior Molded Doors Indirect Purchaser Antitrust Litig.*, No. 3:18-cv-850 (E.D. Va.) (the "IPP Action") concerned allegations that JELD-WEN, Inc. and Masonite Corporation had engaged in a purported conspiracy to "artificially raise, fix, maintain, or stabilize the prices of interior molded doors in the United States in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1."  DPP Action, Dkt. No. 71 ¶ 138; *see also* IPP Action, Dkt. No. 1 ¶ 112.  In the IPP Action, there were also five additional state law claims brought that related to

4

the same alleged conduct.  *See* IPP Action, Dkt. No. 1 ¶¶ 117-156.  None of the claims from either the DPP or IPP Actions are at issue in or indeed relevant to this case.  To the contrary, here Plaintiffs bring claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, alleging that JELD-WEN Defendants made allegedly false and misleading statements related to the competitive impact of JELD-WEN's merger with Craftmaster Manufacturing Inc. ("CMI") as well as its pricing of *doorskins*, not *interior molded doors*.

Under the Federal Rules, Plaintiffs are entitled only to "discovery regarding any nonprivileged matter that is **relevant** to any party's claim or defense."  Fed. R. Civ. P. 26(b) (emphasis added); Fed. R. Evid. 401.  Because Plaintiffs' claims are premised on plaintiff's antitrust claims in *Steves and Sons, Inc. v. JELD-WEN, Inc.,* No. 3:16-cv-545-REP (E.D. Va.) (the "*Steves* Action"), and not on the DPP or IPP Actions, the DPP and IPP Actions are not relevant to this action.

JELD-WEN Defendants further object to Request No. 1 because it is overbroad to the extent it seeks discovery from the *Steves* Action that relates to the seven counterclaims JELD-WEN brought against Steves and Sons, Inc.'s ("Steves") for its misappropriation of JELD-WEN's trade secrets, which are wholly irrelevant to this action.  *See Steves* Action, Dkt. No. 102-1.  JELD-WEN Defendants further object that the reproduction of this discovery would burden JELD-WEN by risking exposure of JELD-WEN's confidential information.  *See In re Domestic Airline Travel Antitrust Litig.*, 174 F. Supp. 3d 375, 377 (D.D.C. 2016) ("Defendants' privacy interests militate against providing the materials now when they, possibly, may *never* have to be provided in this case.") (emphasis in original).

JELD-WEN Defendants further object to Request No. 1 to the extent it purports to require JELD-WEN Defendants to produce the depositions of former JELD-WEN employees who were

not employed by JELD-WEN at the time of their depositions and who designated their testimony as confidential.  To the extent Plaintiffs seek discovery of confidential material where a third party has asserted a claim to confidentiality over that material, Plaintiffs should seek discovery directly from those third parties.

JELD-WEN Defendants further object to Request No. 1 to the extent it purports to require JELD-WEN Defendants to produce documents subject to the protective orders in the *Steves*, IPP or DPP Actions, which limit how JELD-WEN can use and share documents produced by plaintiffs, co-defendants and third parties in those litigations.  To the extent Plaintiffs seek discovery originally produced by anyone other than JELD-WEN Defendants (regardless of whether that discovery was reproduced in the IPP and DPP Actions), Plaintiffs should seek that discovery directly from those third parties.

JELD-WEN Defendants further object to Request No. 1 as duplicative and unduly burdensome to the extent it purports to require JELD-WEN Defendants to identify deposition exhibits.  Plaintiffs can use the deposition transcripts to identify those documents themselves.

Subject to and without waiving the foregoing objections, JELD-WEN Defendants will reproduce the documents it produced in the DPP and IPP Actions, which include certain documents JELD-WEN produced first in the *Steves* Action.  JELD-WEN Defendants will also produce JELD-WEN's responses to interrogatories and requests for admissions in the DPP, IPP and *Steves* Actions, except for those that relate solely to JELD-WEN's trade secret counterclaims in the *Steves* Action.  JELD-WEN Defendants will also produce deposition transcripts from the DPP, IPP and *Steves* Actions of:  (i) present and former JELD-WEN employees who were represented by JELD-WEN counsel at their depositions and did not assert separate confidentiality claims; and (ii) experts who testified on behalf of JELD-WEN.  JELD-WEN Defendants will not produce discovery from

the *Steves* Action that relates solely to JELD-WEN's trade secrets counterclaims, nor will it produce discovery originally produced by anyone other than JELD-WEN Defendants. JELD-WEN Defendants reserve their right to object to the competency, relevance, materiality, privileged status, or admissibility of any document produced by JELD-WEN Defendants. To the extent that JELD-WEN Defendants produce documents in Response to Request No. 1, such production is without waiver of, or prejudice to, any objection or right of JELD-WEN Defendants.

**DOCUMENT REQUEST NO. 2:**

All Documents, transcripts and information admitted as evidence in the trial held in the *Steves & Sons, Inc. v. Jeld-Wen, Inc.*, No. 3:16-cv-545 (E.D. Va.) matter.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

JELD-WEN Defendants object to Request No. 2 to the extent it seeks documents duplicative of those sought in Request No. 1 and to the extent it seeks publicly-available documents. JELD-WEN Defendants further object that Request No. 2 is vague and ambiguous. JELD-WEN Defendants will interpret "the trial" in Request No. 2 to mean the jury trial held from January 29, 2018 through February 15, 2018 in the *Steves* Action (the "*Steves* Jury Trial") and will interpret "Documents . . . and information admitted as evidence" to refer to those documents admitted as exhibits at the *Steves* Jury Trial.

JELD-WEN Defendants further object to Request No. 2 as unduly burdensome to the extent it purports to require JELD-WEN Defendants to identify portions of deposition transcripts admitted as testimony, if any, as well as documents admitted as exhibits, in the *Steves* Jury Trial. A record of the *Steves* Jury Trial is publicly-available on PACER.

JELD-WEN Defendants further object to Request No. 2 to the extent it purports to require JELD-WEN Defendants to produce documents produced by Steves and third parties in the *Steves*

7

Action.   To the extent Plaintiffs seek discovery originally produced by anyone other than JELD-WEN Defendants, they should seek that discovery directly from those third parties.

Subject to and without waiving the foregoing objections, JELD-WEN Defendants will produce responsive, non-public, non-privileged documents to the extent JELD-WEN is not limited from disclosing them pursuant to the *Steves* protective order.   JELD-WEN Defendants reserve their right to object to the competency, relevance, materiality, privileged status, or admissibility of any document produced by JELD-WEN Defendants.   To the extent that JELD-WEN Defendants produce documents in Response to Request No. 2, such production is without waiver of, or prejudice to, any objection or right of JELD-WEN Defendants.

**DOCUMENT REQUEST NO. 3:**

All Documents, transcripts and information used by Defendants in Connection with the divestiture hearing held in April, 2018 in the *Steves & Sons, Inc. v. Jeld-Wen, Inc.*, No. 3:16-cv-545 (E.D. Va.) matter.  See Complaint ¶¶ 71, 127, 229, 235, 270.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

JELD-WEN Defendants object to Request No. 3 to the extent it seeks documents duplicative of those sought in Requests Nos. 1 and 2, and to the extent it seeks publicly-available documents.   JELD-WEN Defendants also object to Request No. 3 because "used" is vague and overly broad.   JELD-WEN Defendants object to the extent that Request No. 3 seeks information protected by the attorney-client or work product privileges.

JELD-WEN Defendants further object to Request No. 3 as unduly burdensome to the extent it purports to require JELD-WEN Defendants to identify portions of deposition transcripts admitted as testimony, if any, and documents admitted as exhibits, in the divestiture hearing held from April 12, 2018 through April 14, 2018 in the *Steves* Action (the *Steves* Divestiture Hearing"). A record of the *Steves* Divestiture Hearing is publicly-available on PACER.

8

JELD-WEN Defendants further object to Request No. 3 to the extent it purports to require JELD-WEN Defendants to produce documents produced by Steves and third parties in the *Steves* Action.   To the extent Plaintiffs seek discovery originally produced by anyone other than JELD-WEN Defendants, they should seek that discovery directly from those third parties.

Subject to and without waiving the foregoing objections, JELD-WEN Defendants will produce responsive, non-public, non-privileged documents to the extent JELD-WEN is not limited from disclosing them pursuant to the *Steves* protective order.   JELD-WEN Defendants reserve their right to object to the competency, relevance, materiality, privileged status, or admissibility of any document produced by JELD-WEN Defendants.   To the extent that JELD-WEN Defendants produce documents in Response to Request No. 3, such production is without waiver of, or prejudice to, any objection or right of JELD-WEN Defendants.

DATED:  November 13, 2020          Respectfully submitted,

          */s/ Brian C. Riopelle*
          Brian C. Riopelle (Va. Bar No. 36454)
          Brian E. Pumphrey (Va. Bar No. 47312)
          Brian D. Schmalzbach (Va. Bar No. 88544)
          Garrett H. Hooe (Va. Bar No. 83983)
          **MCGUIREWOODS LLP**
          Gateway Plaza
          800 East Canal Street
          Richmond, VA 23219
          Tel.: (804) 775-1084
          Fax.: (804) 698-2150
          briopelle@mcguirewoods.com
          bpumphrey@mcguirewoods.com
          bschmalzbach@mcguirewoods.com
          ghooe@mcguirewoods.com

          Sandra C. Goldstein, P.C. (*pro hac vice*)
          Rachel M. Fritzler (*pro hac vice*)
          Lindsey Weiss Harris (*pro hac vice*)
          Jacob M. Rae (*pro hac vice*)
          **KIRKLAND & ELLIS LLP**
          601 Lexington Avenue
          New York, New York 10022
          (212) 446-4800
          sandra.goldstein@kirkland.com
          rachel.fritzler@kirkland.com
          lindsey.harris@kirkland.com
          jacob.rae@kirkland.com

          *Attorneys for Defendants JELD-WEN*
          *Holding, Inc., Mark A. Beck, L. Brooks*
          *Mallard, Kirk S. Hachigian, and Gary S.*
          *Michel*

## **CERTIFICATE OF SERVICE**

I certify that on the 13th day of November, 2020, I caused a copy of the foregoing to be

served on counsel for Plaintiffs.

*/s/ Brian C. Riopelle*
Brian C. Riopelle (Va. Bar No. 36454)
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel.: (804) 775-1084
Fax.: (804) 698-2150
briopelle@mcguirewoods.com

11