# EXHIBIT 4

**THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(RICHMOND DIVISION)**

| | | |
|---|---|---|
| In re JELD-WEN HOLDING, INC. SECURITIES LITIGATION | ) ) ) | Civil Action No. 3:20-cv-00112-JAG |
| | ) | <u>CLASS ACTION</u> |
| | ) | |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) ) | |

**<u>LEAD PLAINTIFF'S SECOND SET OF REQUESTS</u>**
**<u>FOR THE PRODUCTION OF DOCUMENTS</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Lead Plaintiffs, the Public Employees' Retirement System of Mississippi and the Plumbers and Pipefitters National Pension Fund (collectively, "Lead Plaintiffs" "or Plaintiffs") and additional Plaintiff Wisconsin Laborers' Pension Fund, by and through its undersigned counsel, hereby propounds Lead Plaintiffs' First Set of Requests for Production of Documents ("Document Requests" or "Requests") on Defendants Jeld-Wen Holding Inc.,  ("Jeld-Wen" or the "Company"), Mark A. Beck, L. Brooks Mallard, Kirk S. Hachigian, and Gary S . Michel (collectively, the "Individual Defendants" and together with Jeld-Wen, "Defendants").  Defendants shall produce for inspection and copying the requested documents within thirty (30) calendar days of service of the Requests at the offices of Labaton Sucharow, 140 Broadway New York, New York 10005, or at such other time and place as the parties mutually agree.

Plaintiffs request that such production be made in accordance with the "DEFINITIONS" and "INSTRUCTIONS" as set forth below.  Plaintiffs reserve the right to amend and/or supplement these Requests.

1

**DEFINITIONS**

1.      Except as set forth below, all capitalized terms have the same meaning as set forth in the Complaint.

2.      "Action" refers to the above-captioned securities class action.

3.      "Antitrust Actions" means the following antitrust actions against Jeld-Wen:

- *Steves & Sons, Inc. v. Jeld-Wen, Inc.*, No. 3:16-cv-545 (E.D. Va.);

- *In re: Interior Molded Doors Antitrust Litig.*, No. 3:18-cv-718 (E.D. Va.); and

- *In re: Interior Molded Doors Indirect Purchaser Antitrust Litig.*, No. 3:18-cv-850 (E.D. Va.)

4.      "Jeld-Wen" or the "Company" refers to Defendant Jeld-Wen Holding, Inc. and all of its foreign and domestic subsidiaries, divisions, subdivisions, offices, affiliates, predecessors, successors, joint ventures, present and former officers, directors, Employees, representatives, agents, attorneys, accountants, advisors, and all other Persons acting or purporting to act on its behalf.

5.      "Class Period" refers to the time period from January 26, 2017, through October 15, 2018, inclusive, as alleged in the Complaint.

6.      "CMI" refers to  Craftmaster Manufacturing, Inc.

7.      "CMI Acquisition" or the "Acquisition" refers to Jeld-Wen's acquisition of CMI that closed on or around October 24, 2012.  *See* ¶¶ 68-80.

8.      "Communication" or "Communications" refers to any exchange of information, words, numbers, pictures, charts, studies or graphs by any means of transmission, sending, or receipt of information of any kind by or through any means Including personal delivery, speech, writings, documents, language (machine, foreign or otherwise) of any kind, computer electronics or electronically-stored information (as defined herein), sound, radio or video signals,

2

telecommunication, telephone, facsimile, mail, film, photographic film of all types or other media of any kind.  The term "Communication" also includes, without limitation, all inquiries, discussions, conversations, correspondence, negotiations, agreements, presentations, understandings, Meetings, notices, requests, responses, demands, complaints or press, tweets, social media posts, publicity or trade releases.  Unless otherwise specified, Communications shall be interpreted to include both internal Communications undertaken between Company personnel and external Communications made between Company personnel and any third party.

9.     "Complaint" refers to the Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws filed in the Action on June 22, 2020 (ECF No. 73).

10.     "¶ __" refers to paragraphs in the Complaint.

11.     "Concern" or "concerning" or "relating to" means referring to, describing, evidencing, reflecting upon, regarding, or constituting.

12.     "Correspondence" means any letter, memorandum, note, e-mail, Including on company and private e-mail addresses, facsimile, text message, instant message, internet message board posting, Blackberry message or any other writing containing a Communication from one Person or Persons to another or others.  Unless otherwise specified, Correspondence shall be interpreted to include both internal Correspondence undertaken between Company personnel and external Correspondence made between Company personnel and any third party.

13.     "Defendants" means Jeld-Wen and the Individual Defendants.

14.     "Document" is to be interpreted in the broadest possible sense and includes all recorded, renderable, stored or retrievable information on any print or Electronic Media, Including handwriting, photographs, film, recordings, memoranda, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, electronic mail, text messages,

3

SMS messages, Bloomberg messages, LinkedIn messages, LinkedIn posts, Facebook messages, Facebook posts, tweets, Snapchats, Instagram posts and messages, WhatsApp messages, Skype messages, WeChat messages and instant messages on other messaging applications and platforms, compact discs, CD-ROMs, DVD-ROMs, portable or external hard drives or other widely-used electronic or optical storage media, electronic data, magnetic tape, videotape, magnetic or optical disks, floppy disks, Microsoft Office or other spreadsheet, word processing or presentation software files, telegrams, mailgrams, correspondence, resolutions, work papers, Reports, projects, tabulations, studies, surveys, legal complaints and other pleadings, affidavits, interrogatories or interrogatory responses, requests for admission or responses to requests for admission, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, telephone records, desk calendars, appointment books, circulars, charts, transcripts, news releases, trade releases, advertisements, press books, teletype messages, licenses, financial statements, stenographers' notebooks, punchcards, computer printouts and data, telecopier and facsimile transmissions and printouts, letters of credit, stock certificates, securities and recordings, notes or minutes of Meetings, conversations or telephone calls.  The term "Document" also includes drafts, revisions or copies of any such Document if the draft, revision or copy is in any way different from the original, Including draft Documents, Correspondence and Communications that never resulted in any "final" version of any Document.  "Documents" include, but are not limited to, all Correspondence, Communications, and ESI.

15.    "ESI" or "Electronically Stored Information" means information or data that is generated, received, processed and recorded by computers and other electronic devices, and includes, without limitation, system metadata and user-generated metadata.  "ESI" further

includes, without limitation, the following: (a) output resulting from the use of any software program, such as word processing documents, spreadsheets, database files, charts, graphs and outlines; (b) electronic mail; (c) message logs, Including group chat logs, from AOL Instant Messenger or other instant messaging applications or platforms, Facebook postings, Facebook messenger, LinkedIn, Twitter, Skype, WhatsApp, WeChat and other text applications or platforms, SMS message logs, and similar social media message logs; (d) audio and video files; (e) internal (intranet) or external websites; and (f) activity listings of electronic mail receipts and/or transmittals. "ESI" includes electronic information or data wherever it resides, Including, without limitation; (a) in an active file on a computer network or individual computer hard drive; (b) in a deleted file or file fragment; (c) on backup/storage media, Including cloud storage; (d) on removable media, such as a floppy disk, memory stick, portable hard drive, or zip drive; or (e) on a smart phone or personal digital assistant. "ESI" also includes documents, containers and labels appended to or concerning any physical storage device associated with responsive electronic information or data.

16. "Electronic Media" means any magnetic or other storage media device used to record ESI. Electronic Media devices may include computer memories, hard disks, floppy disks, memory sticks, thumb drives, CD, CD-ROM, DVD, personal digital assistant devices (e.g., Palm Pilot, Blackberry, iPad, iPhone, or "smart phone" devices), magnetic tapes of all types, microfiche, or any other vehicle for digital storage or transmittal, Including any containers or labels appended to, or relating to, any physical original or copy of such storage device.

17. "Employee" means any Person who at any time during the Relevant Period acted or purported to act on behalf of an entity, You, or another Person or Persons, Including all present and former officers, directors, executives, partners, principals, managers, staff personnel,

accountants, agents, representatives, in-house attorneys, independent contractors, advisors, and consultants of such entity, Person or Persons.

18.    "Including" means including without limitation.

19.    "Independent Door Manufacturers" refers to door manufacturing entities that Jeld-Wen sold doorskins to.

20.    "Individual Defendants" refers to Beck, Mallard, Hachigian and Michel, individually and collectively.

21.    "Onex" refers to Onex Corporation and its affiliated funds, including Onex Partners Manager LP, Onex Partners III LP, Onex Partners III GP LP, Onex US Principals LP, Onex Partners III PV LP, Onex Partners III Select LP, Onex BP Co-Invest LP, Onex Advisor Subco III LLC, Onex American Holdings II LLC, OAH Wind LLC, BP EI LLC, and BP EI II LLC.

22.    "Person" or "Persons" refers to natural persons, proprietorships, governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations, organizations, and all other entities.

23.    "Refer" means comprise, explicitly or implicitly refer to, reflect, record, memorialize, embody, discuss, evaluate, consider, review, report on, be reviewed in conjunction with, or be created, generated, or maintained as a result of the subject matter of the Request.

24.    "You" and "Your" means each of the Defendants, and, as applied to Jeld-Wen, means each of its affiliates, subsidiaries, divisions, subdivisions, practice groups, departments, predecessors, successors, or joint ventures.  Additionally, as applied to all Defendants, "You" and "Your" also means present and former partners, principals, officers, directors, Employees,

representatives, agents, attorneys, advisors, and all other individuals acting or purporting to act on their respective behalves.

## INSTRUCTIONS

1.      If You claim any form of privilege or any other objection, whether based on statute, common law, or otherwise as a ground for not producing any requested Document, please furnish a log identifying to the extent reasonably known each Document for which the privilege or other objection is claimed together with the following:

(a)      the privilege being asserted;

(b)      the Person on whose behalf the privilege is asserted;

(c)      a precise statement of the facts upon which the claim of privilege is based; and

(d)      the following information describing each purportedly privileged Document:

(i)      a brief description sufficient to identify its nature (*e.g.*, agreement, letter, memorandum, tape, etc.);

(ii)      the subject matter and purpose of the Document;

(iii)      the date it was prepared;

(iv)      the date the Document bears;

(v)      the date the Document was sent;

(vi)      the date it was received;

(vii)      the identity of the Person preparing it;

(viii)      the identity of the Person sending it;

(ix)      the names of the Persons who received the Document;

7

(x)      the identity of each Person to whom it was sent or was intended to have been sent, Including all addressees and all recipients of copies;

(xi)      all Persons to whom its contents have been disclosed;

(xii)      a precise description of the place where each copy of that Document is kept, Including the title or description of the file in which said Document may be found and the location of such a file; and

(xiii)      a statement as to whom each identified lawyer represented or purported to represent at all relevant times.

2.      If a portion of any Document responsive to these Requests is withheld under claim of privilege, any non-privileged portion of such Document must be produced with the portion You claim to be privileged redacted.  Whenever a Document is not produced in full or is produced in redacted form, so indicate on the Document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of Your knowledge, information, and belief, and with as much particularity as possible, those portions of the Document which are not being produced, as set forth above in paragraph 1.

3.      In responding to these Requests, You shall produce all responsive Documents which are in Your possession, custody, or control, or in the possession, custody, or control of Your subsidiaries, affiliates, agents, Employees, attorneys, accountants, or other representatives.

4.      All Documents responsive to the Requests herein that are stored on Your electronic backup tapes or hard drives shall be produced.

5.      With respect to ESI formatting and production, You shall follow the Instructions set forth herein or, if entered by the Court prior to Your production of documents in response to these Requests, the instructions set forth in the Stipulation and Order Governing Discovery

Matters and the Production of Electronically Stored Information ("ESI Protocol") for this Action. To the extent these Instructions for these Requests are inconsistent with the ESI Protocol, the ESI Protocol shall control.

6.      Pursuant to the Federal Rules of Civil Procedure, You are to produce for inspection and copying by Plaintiff original Documents as they are kept in the usual course of business in their original folders, binders, covers, and containers or facsimile thereof, or, with respect to ESI, in either TIFF or TIFF along with native format, as explained in more detail below.  You shall produce the Documents as they are kept in the usual course of business or organize and label the Documents to correspond with the categories in these requests.  If the original is not in Your custody, then You are to produce a copy thereof, and all non-identical copies which differ from the original or from the other copies produced for any reason, Including copies that bear handwritten, electronic, or other notations.

7.      These Requests are specifically intended to encompass any data or information maintained in any form of computer memory or on computer hard drives or diskettes, Including any word processing or spread sheet programs or electronic mail systems, or in any form of electronic or computer-related storage, whether or not You currently have "hard copy" printouts of the same.

8.      All Documents responsive to these Document Requests shall be produced with all metadata contained within such Documents in the usual course of business, Including as follows:

        (a)     ESI should not be produced in a form that removes or degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

9

(b)      ESI should not be produced without first discussing production formatting issues with Plaintiff's Counsel.  If You decline to search or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information regarding the burden or cost You claim is associated with the search or production of such ESI.

9.      You are to produce each Document requested herein in its entirety, with attachments and enclosures and without deletion or excision (except as qualified above) regardless of whether You consider the entire Document to be relevant or responsive to the Requests.  Each document that You cannot legibly copy should be produced in its original form. Documents not otherwise responsive to any of the Requests herein must be produced if such Documents are attached to a Document that is responsive to these Requests.  Whenever a Document or group of Documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, the Document or group of Documents must be produced with information identifying the cover or container.

10.      If a Document responsive to these Requests was at any time in Your possession, custody, or control, but is no longer available for production, as to each such Document, state the following information:

(a)      whether the Document is missing or lost;

(b)      whether it has been destroyed;

(c)      whether the Document has been transferred or delivered to another Person, and, if so, at whose request; and

10

(d)    whether the Document has been otherwise disposed of, and, if so, a precise statement of the circumstances (Including date) surrounding the disposition of the Document.

11.    If in responding to these Requests, You claim any ambiguity in interpreting a Request or a Definition or Instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to produce responsive Documents, but there shall be set forth as part of Your response the language You claim to be ambiguous and the interpretation chosen or used in responding to the Request.

12.    With respect to any category of Documents as to which You contend production is in some way "burdensome" or "oppressive," please state the specific reason for that objection.

13.    "All," "any," and "each" shall each be construed as encompassing any and all.

14.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request all Documents that might otherwise be construed to be outside of its scope.

15.    The singular shall include the plural, and the disjunctive shall include the conjunctive, and vice versa.

16.    The past tense shall include the present tense and vice versa.

17.    These Requests are continuing requests, and You are required to supplement Your productions with any new or newly discovered materials responsive to these Requests in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**RELEVANT TIME PERIOD**

The Requests herein refer to the period from January 1, 2014 to April 1, 2019 (the "Relevant Period"), unless otherwise specifically indicated, and include all Documents that relate to such period, even though prepared or published outside of the Relevant Period.

**DOCUMENTS REQUESTED**

**DOCUMENT REQUEST NO. 4:**

All Documents setting forth Jeld-Wen's corporate structure, ownership and management, Including organizational charts, and any other Documents: (a) identifying reporting structures within Jeld-Wen; (b) describing senior Jeld-Wen officers' roles and responsibilities; and (c) demonstrating the reporting structures of Jeld-Wen's pricing analytics group or any other group, team, department, or Employees responsible for developing and implementing pricing strategy for doorskins and interior molded doors.

**DOCUMENT REQUEST NO. 5:**

All Documents concerning Jeld-Wen's Long-term Supply Agreements with its customers and Independent Door Manufacturers, Including: (a) any copies of the Long-term Supply Agreements; (b) any Documents relating to the negotiation of those agreements and Jeld-Wen's decision to enter into those agreements; (c) any Documents concerning those agreements as they relate to Jeld-Wen's pricing strategy; and (d) any Documents reflecting any complaints or concerns raised by its customers and Independent Door Manufacturers and received by Jeld-Wen related to the pricing terms of those agreements.  This Request is not limited to the Relevant Time Period.

**DOCUMENT REQUEST NO. 6:**

All Documents concerning any price increases for interior molded doors or doorskins implemented by Jeld-Wen, whether or not pursuant to the Long-term Supply Agreements, Including: (a) any Documents relating to Jeld-Wen's decision to add a "capital charge" to doorskin prices, as referenced in ¶88 of the Complaint (Including any correspondence between Jeld-Wen and its customers and Independent Door Manufacturers regarding this increase); (b) any Documents relating to Jeld-Wen's decision to change its reimbursement policy for defective

12

doorskins, as referenced in ¶¶90–91 of the Complaint; (c) any Documents reflecting any complaints or concerns raised by its customers and Independent Door Manufacturers and received by Jeld-Wen related to price increases of interior molded doors or doorskins; and (d) any of the price increases indicated in ¶95 of the Complaint.  This Request is not limited to the Relevant Time Period.

**DOCUMENT REQUEST NO. 7:**

All Documents concerning Jeld-Wen's decision to acquire CMI, Including: (a) any Communications concerning the DOJ's previous decision requiring that Masonite divest the Towanda facility; (b) any analyses of the likelihood that the DOJ would approve the CMI Acquisition; (c) any Communications concerning potential anticompetitive effects stemming from the CMI Acquisition; (d) any Communications concerning the likelihood that the DOJ would require divestiture of the Towanda facility; and (e) any Communications between Jeld-Wen and CMI or between Jeld-Wen and Masonite about the CMI Acquisition.  This Request includes any and all studies, surveys, analyses, and reports which were prepared by or for You, Onex, or CMI for the purpose of evaluating or analyzing the CMI Acquisition with respect to market shares, competition, competitors, markets, potential for sales growth or expansion into product or geographic markets, the business rationale, future profitability, or the effect on output, prices, or quality for doorskins or doors.  This Request is not limited to the Relevant Time Period.

**DOCUMENT REQUEST NO. 8:**

All Documents provided to or received from the DOJ regarding Jeld-Wen's compliance with federal antitrust laws, Including (a) any Documents provided to or received by the DOJ in connection with any of the DOJ's investigations into the CMI Acquisition; (b) any Documents relating to Jeld-Wen's April 7, 2016 presentation to the DOJ, as referenced in ¶99 of the

13

Complaint, Including the presentation itself and any Documents Jeld-Wen relied upon in creating the presentation; and (c) any Communications between Jeld-Wen and the DOJ related to the DOJ's investigations and Jeld-Wen's presentation.

**DOCUMENT REQUEST NO. 9:**

All Documents concerning the DOJ investigation into Jeld-Wen's compliance with federal antitrust laws, Including (a) any internal Communications concerning the DOJ investigations; and (b) any internal analyses performed by Jeld-Wen concerning any potential impact an adverse decision by the DOJ would have on Jeld-Wen's operations and financial position.

**DOCUMENT REQUEST NO. 10:**

All Documents concerning competition in the doorskin market, Including any analyses of: (a) market trends; (b) Jeld-Wen's or its Competitors' market share (Including any analyses of the market share Jeld-Wen would likely possess after acquiring the Towanda facility and after Masonite withdrew from the doorskins market); (c) the prices that Jeld-Wen and its Competitors charged for doorskins; (d) the performance of Jeld-Wen's Competitors; (e) the impact of decreased competition in the Doorkskins market on Jeld-Wen's sales and financial performance and market share; (f) competition in the Doorksin or interior molded door markets  generated by, exchanged with, or related to any other third-party consultant; and (g) all Communications or Reports concerning (a)-(f) to Jeld-Wen's senior management or the Individual Defendants.

**DOCUMENT REQUEST NO. 11:**

All Documents concerning Jeld-Wen's pricing strategies related to interior molded doors and doorskins, Including: (a) Jeld-Wen returning to pre-recession price points (*see, e.g.*, ¶124 of the Complaint); (b) increases in net revenue resulting from "favorable pricing," "strategic pricing," "cost saving initiatives," "contribution[s] from recent acquisitions," and "pricing

discipline" (*see, e.g.*, ¶¶103, 105, 123-124 of the Complaint); (c) "customer and product level profitability" (*see, e.g.*, ¶145 of the Complaint); (d) key input costs (*see, e.g.*, ¶¶66, 86, 97 of the Complaint); (e) Jeld-Wen's pricing analytics group; and (f) all Communications or Reports concerning (a)-(e).

**DOCUMENT REQUEST NO. 12:**

All Documents Defendants considered or relied upon to support their assertions that the *Steves* litigation lacked merit, Including that (a) divestiture of the Towanda facility was unlikely; and (b) the jury verdict in the *Steves* litigation was erroneous and the product of "multiple flawed rulings during the trial process."

**DOCUMENT REQUEST NO. 13:**

All Documents reviewed in connection with Jeld-Wen's January 26, 2017 initial public offering and any Jeld-Wen secondary public offering, Including any Documents used to support any prospectus, registration statement, or investor presentation in connection with such initial public offering or secondary public offering.

**DOCUMENT REQUEST NO. 14:**

All Documents concerning Onex's participation in the management of Jeld-Wen, Including any Documents relating to: (a) price increases on doorskins or interior molded doors; (b) the doorskin or interior molded door markets; (c) the CMI Acquisition; or (d) any Communications between Onex or any of its representatives and the Jeld-Wen Board of Directors, the Individual Defendants, or the pricing analytics group.

**DOCUMENT REQUEST NO. 15:**

All Documents concerning the preparation, review, editing, approval, modification, and distribution of the Company's press releases, SEC filings, and materials prepared in connection

with any call or Meeting with securities analysts, investors, or the media (Including any scripts, opening statements, talking points, presentations, questions and answers, or other remarks).

**DOCUMENT REQUEST NO. 16:**

All Documents concerning any public statements made by Jeld-Wen or any of the Individual Defendants on behalf of the Company during the Class Period concerning the source of Jeld-Wen's revenues and the existence of competition in the market for doorskins and interior molded doors, Jeld-Wen's anticompetitive conduct, Jeld-Wen's pricing strategy, and Jeld-Wen's motivations and intentions with regard to the CMI Acquisition and subsequent conduct, Including Documents concerning the preparation, review, editing, approval, modification, and/or distribution of such statements and Documents that supported or formed the basis for such statements. This Request Includes All Documents and Communications concerning the preparation, review, editing, approval, modification, and/or distribution of Defendants' public statements referenced in ¶¶140-234 of the Complaint (Including any scripts, opening statements, talking points, presentations, questions and answers, or other remarks), as well as All Documents that supported or formed the basis for such statements.

**DOCUMENT REQUEST NO. 17:**

All Documents sufficient to identify Jeld-Wen's monthly, quarterly, and annual sales of doorskins and interior molded doors, Including any Documents concerning internal sales and financial forecasts and/or targets concerning Jeld-Wen's doorskins and interior molded doors.

**DOCUMENT REQUEST NO. 18:**

All Documents concerning all Meetings and conference calls (whether formal or informal) of the Jeld-Wen Board of Directors and any committees thereof, Including agendas, presentations, notes, e-mails, minutes, recordings, and any other materials generated in connection with such Board and committee Meetings.

16

**DOCUMENT REQUEST NO. 19:**

All Documents contained in internal compliance, investigatory, regulatory, compliance, whistleblower files or internal complaints concerning Jeld-Wen's pricing strategies, sales practices, accounting, financial reporting, or the impact of competition on Jeld-Wen's sales or financial performance or Jeld-Wen's relationship with its customers, Including any e-mails, affidavits, severance agreements, non-disclosure agreements, Reports, memoranda, or other such documents discussing any alleged wrongdoing, as well as any action Jeld-Wen took, or is currently taking, to address such concerns.

**DOCUMENT REQUEST NO. 20:**

All Documents related to insurance contracts, Policies, or agreements that may provide coverage for any Defendant in connection with this Action, Including a possible judgment in this Action or indemnification or reimbursement for payments made to satisfy any such judgment, Including any payments made or amounts incurred on those contracts, Policies or agreements.

**DOCUMENT REQUEST NO. 21:**

All Documents concerning Your preservation, search for, collection, maintenance, destruction, or alteration of Your Documents, files, ESI, and Electronic Media that were undertaken with respect to this Action. This Request includes Documents sufficient to describe any efforts You undertook to preserve Documents related to allegations in the Complaint, Including the date, general subject matter, and recipients of any litigation holds or requests to preserve Documents (whether or not related to this Action) and all Documents regarding Document preservation sent to or received from any non-party to this Action.

**DOCUMENT REQUEST NO. 22:**

All Documents You intend to rely upon in opposing Lead Plaintiffs' motion for class certification in this Action, Including all Documents that You contend demonstrate that either

17

Lead Plaintiffs or Lead Counsel are inadequate or atypical within the meaning of Rule 23 of the Federal Rules of Civil Procedure, as well as any documents relied upon or considered by Your class certification expert. This Request is not limited to the Relevant Period.

**DOCUMENT REQUEST NO. 23:**

All Documents upon which Defendants intend to rely for their defense of the claims asserted in the Complaint, Including any defense stated in Defendants answer. This Request is not limited to the Relevant Period.

**DOCUMENT REQUEST NO. 24:**

All Documents and information produced by any party in the Antitrust Actions Including Documents produced in response to requests for production of documents; responses to interrogatories; responses to requests for admissions; and deposition transcripts, Including exhibits thereto.

DATED: November 13, 2020      Respectfully submitted,

LABATON SUCHAROW LLP

*s/ James W. Johnson*

JAMES W. JOHNSON (admitted *pro hac vice*)
MICHAEL H. ROGERS (admitted *pro hac vice*)
JAMES T. CHRISTIE (admitted *pro hac vice*)
PHILIP J. LEGGIO (admitted *pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
jjohnson@labaton.com
mrogers@labaton.com
jchristie@labton.com
pleggio@labaton.com

*Counsel for Co-Lead Plaintiff Public Employees'*
*Retirement System of Mississippi and the Class*

18

ROBBINS GELLER RUDMAN
 & DOWD LLP

ROBERT M. ROTHMAN (admitted *pro hac vice*)
MARK T. MILLKEY (admitted *pro hac vice*)
WILLIAM J. GEDDISH (admitted *pro hac vice*)
VINCENT M. SERRA (New York bar only)
58 SOUTH SERVICE ROAD, SUITE 200
MELVILLE, NY 11747
TELEPHONE:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
mmillkey@rgrdlaw.com
wgeddish@rgrdlaw.com
vserra@rgrdlaw.com


ROBBINS GELLER RUDMAN
& DOWD LLP

DEBRA J. WYMAN (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
dwyman@rgrdlaw.com

*Counsel for Co-Lead Plaintiff Plumbers and
Pipefitters National Pension Fund, Additional
Plaintiff Wisconsin Laborers' Pension Fund, and
the Class*

COHEN MILSTEIN SELLERS & TOLL PLLC
STEVEN J. TOLL (VSB No. 15300)
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005
Telephone: 202/408-4600
202/408-4699 (fax)
stoll@cohenmilstien.com


*Liaison Counsel for the Class*

19