# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| IN RE: JELD-WEN HOLDING, INC. SECURITIES LITIGATION | Civil Action No. 3:20-cv-00112 <br><br> Judge John A. Gibney, Jr. |

**JELD-WEN DEFENDANTS' OBJECTIONS**
**TO PLAINTIFFS' SECOND SET OF REQUESTS**
**FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants JELD-WEN Holding, Inc., ("JELD-WEN" or the "Company"), Mark A. Beck, L. Brooks Mallard, Kirk S. Hachigian, and Gary S. Michel (collectively, the "Individual Defendants" and together with JELD-WEN, the "JELD-WEN Defendants"), through their undersigned attorneys, hereby respond to Lead Plaintiffs, the Public Employees' Retirement System of Mississippi and the Plumbers and Pipefitters National Pension Fund (collectively, "Lead Plaintiffs") and additional Plaintiff Wisconsin Laborers' Pension Fund, (collectively, "Plaintiffs"), Second Set of Requests for Production of Documents (the "Document Requests" or the "Requests") as follows:

**PRELIMINARY STATEMENT**

The following responses and objections are based on the facts and information presently known and available to JELD-WEN Defendants and are given without prejudice to their right to amend, modify or supplement the objections or responses stated herein. JELD-WEN Defendants provide these responses in a good faith attempt to comply with the Requests. In doing so, JELD-WEN Defendants do not admit the responsiveness, admissibility or relevance of any response set forth below. No incidental or implied admissions are intended in or by any of these responses. That JELD-WEN Defendants have responded to all or any part of a Request should not be taken

1

as an admission that it accepts or admits the existence of any fact(s) set forth or assumed by that Request or that its response constitutes admissible evidence.  That JELD-WEN Defendants have responded to all or any part of a Request is also not intended to be, and shall not be, a waiver of all or any part of its objection(s) to that Request.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      JELD-WEN Defendants object to the instruction in the preamble to the Requests to the extent that it purports to require JELD-WEN Defendants to produce documents "within thirty (30) calendar days of service of the Requests."  JELD-WEN Defendants will make documents available on a reasonable timeframe, consistent with the Federal and Local Rules.

2.      JELD-WEN Defendants object to the definitions of "Jeld-Wen," and the "Company" as overbroad, vague, and ambiguous.  JELD-WEN Defendants will construe the terms "Jeld-Wen," and the "Company" as referring to JELD-WEN Holding, Inc.

3.      JELD-WEN Defendants object to the definition of "Class Period" as referring to the time period from January 26, 2017, through October 15, 2018, inclusive, to the extent it implies the validity of a class.  JELD-WEN Defendants further object on the basis that the scope of a class period, if any, has not yet been determined.

4.      JELD-WEN Defendants object to the definitions of "Communication," "Communications," "Correspondence," and "Electronic Media" to the extent they purport to require JELD-WEN Defendants to produce materials outside the scope of Fed. R. Civ. P. 34(a)(1).

5.      JELD-WEN Defendants object to the definitions of "Document" "ESI" and "Electronically Stored Information" as overbroad to the extent they differ from the usage of those those terms in Fed. R. Civ. P. 34(a)(1)(A).  JELD-WEN Defendants will construe those terms to have meanings consistent with their definitions in Fed. R. Civ. P. 34(a)(1)(A).

6.      JELD-WEN Defendants object to the definition of "Employee" as overbroad, vague, and ambiguous, and because it includes actions taken by former employees outside of their period or scope of employment.

7.      JELD-WEN Defendants object to the definition of "You" and "Your" as overbroad, vague, and ambiguous.  JELD-WEN Defendants will interpret "You" and "Your" to mean JELD-WEN Defendants, individually and collectively.

8.      JELD-WEN Defendants object to Instruction Nos. 1, 2, 6, 8-12, and 17 to the extent they seek to impose upon JELD-WEN Defendants obligations in excess of those required under the Federal Rules, the Local Rules, or any order of the Court.

9.      JELD-WEN Defendants object to Instruction No. 3 as overly broad, unduly burdensome, vague and ambiguous to the extent that it purports to enlarge the scope of the Requests to include information or documents that are not within JELD-WEN Defendants' possession, custody, and control.  JELD-WEN Defendants will interpret Instruction No. 3 as only applying to non-privileged documents in JELD-WEN Defendants' possession, custody, or control as those terms are defined in Federal Rule of Civil Procedure 34 and the related case law interpreting the meaning of those terms.

10.     JELD-WEN Defendants object to Instruction No. 4 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requires production of archived data that may not be reasonably accessible without incurring costs and burdens that are not proportional to the needs of the case.

11.     JELD-WEN Defendants object to Instruction No. 5 to the extent it seeks to impose upon JELD-WEN Defendants obligations in excess of those required under the Federal Rules, the

3

Local Rules, or any order of the Court. To the extent the parties agree to an ESI Protocol, JELD-WEN will produce documents in a manner consistent with its terms.

12.    JELD-WEN Defendants object to Plaintiffs' designation of "Relevant Time Period" as overly broad, unduly burdensome, and not proportional to the needs of the case because Plaintiffs' designation purports to require JELD-WEN Defendants to produce documents that are dated or were prepared many months before, and over two years after, the putative class period. Subject to and without waiving the objections stated herein, and unless otherwise stated, Defendants will interpret the "Relevant Time Period" to be from January 26, 2017 through October 15, 2018, inclusive.

**SPECIFIC RESPONSES AND OBJECTIONS**

**DOCUMENT REQUEST NO. 4:**

All Documents setting forth Jeld-Wen's corporate structure, ownership and management, Including organizational charts, and any other Documents: (a) identifying reporting structures within Jeld-Wen; (b) describing senior Jeld-Wen officers' roles and responsibilities; and (c) demonstrating the reporting structures of Jeld-Wen's pricing analytics group or any other group, team, department, or Employees responsible for developing and implementing pricing strategy for doorskins and interior molded doors.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

JELD-WEN Defendants object to Request No. 4 to the extent it seeks documents duplicative of those sought in Request No. 1. JELD-WEN Defendants further object to Request No. 4 as unduly burdensome and disproportionate to the needs of the case to the extent it seeks documents beyond those requested in Request No. 1. To date in this action, JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in *Steves & Sons, Inc. v. Jeld-Wen, Inc.*, No. 3:16-cv-545 (E.D. Va.) (the "*Steves* Action"), *In re: Interior Molded Doors Antitrust Litig.*, No. 3:18-cv-718 (E.D. Va.) (the "DPP Action") and *In re: Interior Molded Doors Indirect Purchaser Antitrust Litig.*, No. 3:18-

4

cv-850 (E.D. Va.) (the "IPP Action") (collectively, the "Prior Litigation"), including documents responsive to this Request.   JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive:  JELD-WEN reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 4.  Any further collection, review, or production would be unduly burdensome and disproportionate to the needs of this case in light of the substantial efforts and resources JELD-WEN Defendants have already expended identifying discovery on these topics.

JELD-WEN Defendants object to Request No. 4 to the extent it seeks documents that are publicly available.  JELD-WEN Defendants further object to Request No. 4 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

JELD-WEN Defendants object to Request No. 4 as overbroad and unduly burdensome to the extent it seeks "All Documents setting forth Jeld-Wen's corporate structure, ownership and management, Including organizational charts, and any other Documents: (a) identifying reporting structures within Jeld-Wen" without limitation.  JELD-WEN is a global corporation with 142 manufacturing and distribution facilities around the world and over 23,300 dedicated employees and the organizational roles and reporting structures of the vast majority of those employees have no possible relation to the claims asserted in this action.

JELD-WEN Defendants object to Request No. 4 as irrelevant to the extent it seeks "Documents . . . demonstrating the reporting structures of Jeld-Wen's pricing analytics group or any other group, team, department, or Employees responsible for developing and implementing

5

pricing strategy for . . . interior molded doors." In this action, Plaintiffs bring claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, alleging that JELD-WEN Defendants made allegedly false and misleading statements related to the competitive impact of JELD-WEN's merger with Craftmaster Manufacturing Inc. ("CMI") as well as its pricing of *doorskins*, not *interior molded doors*. Under the Federal Rules, Plaintiffs are entitled only to "discovery regarding any nonprivileged matter that is ***relevant*** to any party's claim or defense." Fed. R. Civ. P. 26(b) (emphasis added); Fed. R. Evid. 401.

**DOCUMENT REQUEST NO. 5:**

All Documents concerning Jeld-Wen's Long-term Supply Agreements with its customers and Independent Door Manufacturers, Including: (a) any copies of the Long-term Supply Agreements; (b) any Documents relating to the negotiation of those agreements and Jeld-Wen's decision to enter into those agreements; (c) any Documents concerning those agreements as they relate to Jeld-Wen's pricing strategy; and (d) any Documents reflecting any complaints or concerns raised by its customers and Independent Door Manufacturers and received by Jeld-Wen related to the pricing terms of those agreements. This Request is not limited to the Relevant Time Period.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

JELD-WEN Defendants object to Request No. 5 to the extent it seeks documents duplicative of those sought in Request No. 1. JELD-WEN Defendants further object to Request No. 5 as unduly burdensome and disproportionate to the needs of the case to the extent it seeks documents beyond those requested in Request No. 1. To date in this action, JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request. JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive: JELD-WEN reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 5. Any further collection, review, or production would be unduly burdensome and disproportionate to the needs of this case in light of the substantial efforts

6

and resources JELD-WEN Defendants have already expended identifying discovery on these topics.

JELD-WEN Defendants object to Request No. 5 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

JELD-WEN Defendants object to Request No. 5 as vague and ambiguous to the extent it refers to "Long-term Supply Agreements" without defining what constitutes such an agreement. JELD-WEN Defendants further object to Request No. 5 as overbroad, unduly burdensome, and not relevant to any claim or defense in this action, to the extent it seeks any "Long-term Supply Agreements" entered into by JELD-WEN *at any time* in its 60 year history, without any time limitation.

JELD-WEN Defendants object to Request No. 5 to the extent it seeks documents that are not in JELD-WEN Defendants' possession, custody, or control, or which are more easily obtained by third parties. JELD-WEN Defendants further object to Request No. 5 to the extent it purports to require JELD-WEN Defendants to produce documents subject to the protective orders in the Prior Litigation, which limit how JELD-WEN can use and share documents produced by plaintiffs, co-defendants and third parties in those litigations. To the extent Plaintiffs seek discovery originally produced by anyone other than JELD-WEN Defendants (regardless of whether that discovery was reproduced in the IPP and DPP Actions), Plaintiffs should seek that discovery directly from those third parties.

**DOCUMENT REQUEST NO. 6:**

All Documents concerning any price increases for interior molded doors or doorskins implemented by Jeld-Wen, whether or not pursuant to the Long-term Supply Agreements,

Including: (a) any Documents relating to Jeld-Wen's decision to add a "capital charge" to doorskin prices, as referenced in ¶88 of the Complaint (Including any correspondence between Jeld-Wen and its customers and Independent Door Manufacturers regarding this increase); (b) any Documents relating to Jeld-Wen's decision to change its reimbursement policy for defective doorskins, as referenced in ¶¶90–91 of the Complaint; (c) any Documents reflecting any complaints or concerns raised by its customers and Independent Door Manufacturers and received by Jeld-Wen related to price increases of interior molded doors or doorskins; and (d) any of the price increases indicated in ¶95 of the Complaint. This Request is not limited to the Relevant Time Period.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

JELD-WEN Defendants object to Request No. 6 to the extent it seeks documents duplicative of those sought in Request No. 1. JELD-WEN Defendants further object to Request No. 6 as unduly burdensome and disproportionate to the needs of the case to the extent that it seeks documents beyond those requested in Request No. 1. To date in this action, JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request. JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive: JELD-WEN reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 6. Any further collection, review, or production would be unduly burdensome and disproportionate to the needs of this case in light of the substantial efforts and resources JELD-WEN Defendants have already expended identifying discovery on these topics.

JELD-WEN Defendants object to Request No. 6 to the extent it seeks documents that are publicly available. JELD-WEN Defendants further object to Request No. 6 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

8

JELD-WEN Defendants object to Request No. 6 as overbroad to the extent it seeks "any Documents relating to Jeld-Wen's decision to add a 'capital charge' to doorskin prices, as referenced in ¶88 of the Complaint (Including any correspondence between Jeld-Wen and its customers and Independent Door Manufacturers regarding this increase)" that are not limited to JELD-WEN's alleged attempt to add a "capital charge" to the prices charged to Steves under the Supply Agreement as alleged in Paragraph 88 of the Complaint.

JELD-WEN Defendants object to Request No. 6 as overbroad, unduly burdensome, and not relevant to any claim or defense in this action, to the extent it seeks "All Documents concerning any price increases for interior molded doors or doorskins implemented by Jeld-Wen" *at any time* in its 60 year history, without any time limitation.

JELD-WEN Defendants object to Request No. 6 as irrelevant to the extent it seeks "Documents concerning any price increases for interior molded doors . . . implemented by Jeld-Wen." In this action, Plaintiffs bring claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, alleging that JELD-WEN Defendants made allegedly false and misleading statements related to the competitive impact of JELD-WEN's merger with CMI as well as its pricing of *doorskins*, not *interior molded doors*. Under the Federal Rules, Plaintiffs are entitled only to "discovery regarding any nonprivileged matter that is ***relevant*** to any party's claim or defense." Fed. R. Civ. P. 26(b) (emphasis added); Fed. R. Evid. 401.

JELD-WEN Defendants object to Request No. 6 to the extent it seeks documents that are not in JELD-WEN Defendants' possession, custody, or control, or which are more easily obtained by third parties. JELD-WEN Defendants further object to Request No. 6 to the extent it purports to require JELD-WEN Defendants to produce documents subject to the protective orders in the Prior Litigation, which limit how JELD-WEN can use and share documents produced by plaintiffs,

9

co-defendants and third parties in those litigations. To the extent Plaintiffs seek discovery originally produced by anyone other than JELD-WEN Defendants (regardless of whether that discovery was reproduced in the IPP and DPP Actions), Plaintiffs should seek that discovery directly from those third parties.

**DOCUMENT REQUEST NO. 7:**

All Documents concerning Jeld-Wen's decision to acquire CMI, Including: (a) any Communications concerning the DOJ's previous decision requiring that Masonite divest the Towanda facility; (b) any analyses of the likelihood that the DOJ would approve the CMI Acquisition; (c) any Communications concerning potential anticompetitive effects stemming from the CMI Acquisition; (d) any Communications concerning the likelihood that the DOJ would require divestiture of the Towanda facility; and (e) any Communications between Jeld-Wen and CMI or between Jeld-Wen and Masonite about the CMI Acquisition. This Request includes any and all studies, surveys, analyses, and reports which were prepared by or for You, Onex, or CMI for the purpose of evaluating or analyzing the CMI Acquisition with respect to market shares, competition, competitors, markets, potential for sales growth or expansion into product or geographic markets, the business rationale, future profitability, or the effect on output, prices, or quality for door skins or doors. This Request is not limited to the Relevant Time Period.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

JELD-WEN Defendants object to Request No. 7 to the extent it seeks documents duplicative of those sought in Request No. 1. JELD-WEN Defendants further object to Request No. 7 as unduly burdensome and disproportionate to the needs of the case to the extent that it seeks documents beyond those requested in Request No. 1. To date in this action, JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request. JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive: JELD-WEN reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 7. Any further collection, review, or production would be unduly burdensome and disproportionate to the needs of this case in light of the substantial efforts

10

and resources JELD-WEN Defendants have already expended identifying discovery on these topics.

JELD-WEN Defendants object to Request No. 7 to the extent it seeks documents that are publicly available.  JELD-WEN Defendants further object to Request No. 7 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

JELD-WEN Defendants object to Request No. 7 as overbroad, unduly burdensome, and not relevant to any claim or defense in this action, to the extent it seeks documents without any time period limitation.

JELD-WEN Defendants object to Request No. 7 to the extent it seeks documents that are not in JELD-WEN Defendants' possession, custody, or control, or which are more easily obtained by third parties.  JELD-WEN Defendants further object to Request No. 7 to the extent it purports to require JELD-WEN Defendants to produce documents subject to the protective orders in the Prior Litigation, which limit how JELD-WEN can use and share documents produced by plaintiffs, co-defendants and third parties in those litigations.  To the extent Plaintiffs seek discovery originally produced by anyone other than JELD-WEN Defendants (regardless of whether that discovery was reproduced in the IPP and DPP Actions), Plaintiffs should seek that discovery directly from those third parties.

**DOCUMENT REQUEST NO. 8:**

All Documents provided to or received from the DOJ regarding Jeld-Wen's compliance with federal antitrust laws, Including (a) any Documents provided to or received by the DOJ in connection with any of the DOJ's investigations into the CMI Acquisition; (b) any Documents relating to Jeld-Wen's April 7, 2016 presentation to the DOJ, as referenced in ¶99 of the Complaint, Including the presentation itself and any Documents Jeld-Wen relied upon in creating

the presentation; and (c) any Communications between Jeld-Wen and the DOJ related to the DOJ's investigations and Jeld-Wen's presentation.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

JELD-WEN Defendants object to Request No. 8 to the extent it seeks documents duplicative of those sought in Request No. 1.  JELD-WEN Defendants further object to Request No. 8 as unduly burdensome and disproportionate to the needs of the case to the extent that it seeks documents beyond those requested in Request No. 1.   To date in this action, JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request. JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive:   JELD-WEN reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 8.  Any further collection, review, or production would be unduly burdensome and disproportionate to the needs of this case in light of the substantial efforts and resources JELD-WEN Defendants have already expended identifying discovery on these topics.

JELD-WEN Defendants object to Request No. 8 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

JELD-WEN Defendants object to Request No. 8 as overbroad to the extent it seeks "All Documents provided to or received from the DOJ regarding Jeld-Wen's compliance with federal antitrust laws" without limitation.  In this action, Plaintiffs bring claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, alleging that JELD-WEN Defendants made allegedly false and

12

misleading statements related to the competitive impact of JELD-WEN's merger with CMI as well as its pricing of *doorskins*. To the extent Request No. 8 seeks documents regarding other aspects of JELD-WEN's compliance with federal antitrust laws, any such documents are not relevant to any claim or defense in this action.

JELD-WEN Defendants object to Request No. 8 to the extent to it seeks documents that are not in JELD-WEN Defendants' possession, custody, or control, or which are more easily obtained by third parties. JELD-WEN Defendants further object to Request No. 8 to the extent it purports to require JELD-WEN Defendants to produce documents subject to the protective orders in the Prior Litigation, which limit how JELD-WEN can use and share documents produced by plaintiffs, co-defendants and third parties in those litigations. To the extent Plaintiffs seek discovery originally produced by anyone other than JELD-WEN Defendants (regardless of whether that discovery was reproduced in the IPP and DPP Actions), Plaintiffs should seek that discovery directly from those third parties.

**DOCUMENT REQUEST NO. 9:**

All Documents concerning the DOJ investigation into Jeld-Wen's compliance with federal antitrust laws, Including (a) any internal Communications concerning the DOJ investigations; and (b) any internal analyses performed by Jeld-Wen concerning any potential impact an adverse decision by the DOJ would have on Jeld-Wen's operations and financial position.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

JELD-WEN Defendants object to Request No. 9 to the extent it seeks documents duplicative of those sought in Request No. 1. JELD-WEN Defendants further object to Request No. 9 as unduly burdensome and disproportionate to the needs of the case to the extent that it seeks documents beyond those requested in Request No. 1. To date in this action, JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request.

13

JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive:  JELD-WEN reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 9.  Any further collection, review, or production would be unduly burdensome and disproportionate to the needs of this case in light of the substantial efforts and resources JELD-WEN Defendants have already expended identifying discovery on these topics.

JELD-WEN Defendants object to Request No. 9 to the extent it seeks documents that are publicly available.  JELD-WEN Defendants further object to Request No. 9 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

JELD-WEN Defendants object to Request No. 9 as vague and ambiguous to the extent it refers to "the DOJ investigation into Jeld-Wen's compliance with federal antitrust laws."  JELD-WEN Defendants will interpret Request No. 9 to refer to the DOJ's investigations into the competitive impact, if any, of JELD-WEN's merger with CMI that were conducted in 2012, before the merger closed, and from 2015-16 at the request of Steves.

**DOCUMENT REQUEST NO. 10:**

All Documents concerning competition in the doorskin market, Including any analyses of: (a) market trends; (b) Jeld-Wen's or its Competitors' market share (Including any analyses of the market share Jeld-Wen would likely possess after acquiring the Towanda facility and after Masonite withdrew from the doorskins market); (c) the prices that Jeld-Wen and its Competitors charged for doorskins; (d) the performance of Jeld-Wen's Competitors; (e) the impact of decreased competition in the Doorskins market on Jeld-Wen's sales and financial performance and market share; (f) competition in the Doorksin or interior molded door markets generated by, exchanged with, or related to any other third-party consultant; and (g) all Communications or Reports concerning (a)-(f) to Jeld-Wen's senior management or the Individual Defendants.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

JELD-WEN Defendants object to Request No. 10 to the extent it seeks documents duplicative of those sought in Request No. 1. JELD-WEN Defendants further object to Request No. 10 as unduly burdensome and disproportionate to the needs of the case to the extent that it seeks documents beyond those requested in Request No. 1. To date in this action, JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request. JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive: JELD-WEN reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 10. Any further collection, review, or production would be unduly burdensome and disproportionate to the needs of this case in light of the substantial efforts and resources JELD-WEN Defendants have already expended identifying discovery on these topics.

JELD-WEN Defendants object to Request No. 10 to the extent it seeks documents that are publicly available. JELD-WEN Defendants further object to Request No. 10 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

JELD-WEN Defendants object to Request No. 10 as irrelevant to the extent it requests "Documents concerning . . . competition in the . . . interior molded door markets generated by, exchanged with, or related to any other third-party consultant." In this action, Plaintiffs bring claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, alleging that JELD-WEN

15

Defendants made allegedly false and misleading statements related to the competitive impact of JELD-WEN's merger with CMI as well as its pricing of *doorskins*, not *interior molded doors*. Under the Federal Rules, Plaintiffs are entitled only to "discovery regarding any nonprivileged matter that is **relevant** to any party's claim or defense."  Fed. R. Civ. P. 26(b) (emphasis added); Fed. R. Evid. 401.

JELD-WEN Defendants object to Request No. 10 to the extent it seeks documents that are not in JELD-WEN Defendants' possession, custody, or control, or which are more easily obtained by third parties.  JELD-WEN Defendants further object to Request No. 10 to the extent it purports to require JELD-WEN Defendants to produce documents subject to the protective orders in the Prior Litigation, which limit how JELD-WEN can use and share documents produced by plaintiffs, co-defendants and third parties in those litigations.  To the extent Plaintiffs seek discovery originally produced by anyone other than JELD-WEN Defendants (regardless of whether that discovery was reproduced in the IPP and DPP Actions), Plaintiffs should seek that discovery directly from those third parties.

**DOCUMENT REQUEST NO. 11:**

All Documents concerning Jeld-Wen's pricing strategies related to interior molded doors and doorskins, Including: (a) Jeld-Wen returning to pre-recession price points (see, e.g., ¶124 of the Complaint); (b) increases in net revenue resulting from "favorable pricing," "strategic pricing," "cost saving initiatives," "contribution[s] from recent acquisitions," and "pricing discipline" (see, e.g., ¶¶103, 105, 123-124 of the Complaint); (c) "customer and product level profitability" (see, e.g., ¶145 of the Complaint); (d) key input costs (see, e.g., ¶¶66, 86, 97 of the Complaint); (e) Jeld-Wen's pricing analytics group; and (f) all Communications or Reports concerning (a)-(e).

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

JELD-WEN Defendants object to Request No. 11 to the extent it seeks documents duplicative of those sought in Request No. 1.  JELD-WEN Defendants further object to Request No. 11 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require JELD-WEN Defendants to duplicate discovery efforts already undertaken in

16

the Prior Litigation.  To date in this action, JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request.

JELD-WEN Defendants object to Request No. 11 to the extent it seeks documents that are publicly available.  JELD-WEN Defendants further object to Request No. 11 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

JELD-WEN Defendants object to Request No. 11 as irrelevant to the extent it requests "Documents concerning Jeld-Wen's pricing strategies related to interior molded doors."  In this action, Plaintiffs bring claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, alleging that JELD-WEN Defendants made allegedly false and misleading statements related to the competitive impact of JELD-WEN's merger with CMI as well as its pricing of *doorskins*, not *interior molded doors*.  Under the Federal Rules, Plaintiffs are entitled only to "discovery regarding any nonprivileged matter that is ***relevant*** to any party's claim or defense."  Fed. R. Civ. P. 26(b) (emphasis added); Fed. R. Evid. 401.

**DOCUMENT REQUEST NO. 12:**

All Documents Defendants considered or relied upon to support their assertions that the Steves litigation lacked merit, Including that (a) divestiture of the Towanda facility was unlikely; and (b) the jury verdict in the Steves litigation was erroneous and the product of "multiple flawed rulings during the trial process."

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

JELD-WEN Defendants object to Request No. 12 to the extent it seeks documents duplicative of those sought in Request No. 1.  JELD-WEN Defendants further object to Request No. 12 as unduly burdensome and disproportionate to the needs of the case to the extent that it

17

purports to require JELD-WEN Defendants to duplicate discovery efforts already undertaken in the Prior Litigation. To date in this action, JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request.

JELD-WEN Defendants object to Request No. 12 to the extent it implies that JELD-WEN Defendants "assert[ed] that . . . divestiture of the Towanda facility was unlikely."

JELD-WEN Defendants object to Request No. 12 to the extent it seeks documents that are publicly available. JELD-WEN Defendants further object to Request No. 12 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

**DOCUMENT REQUEST NO. 13:**

All Documents reviewed in connection with Jeld-Wen's January 26, 2017 initial public offering and any Jeld-Wen secondary public offering, Including any Documents used to support any prospectus, registration statement, or investor presentation in connection with such initial public offering or secondary public offering.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

JELD-WEN Defendants object to Request No. 13 to the extent it seeks documents duplicative of those sought in Request No. 1. JELD-WEN Defendants further object to Request No. 13 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require JELD-WEN Defendants to duplicate discovery efforts already undertaken in the Prior Litigation. To date in this action, JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request.

18

JELD-WEN Defendants object to Request No. 13 to the extent it seeks documents that are publicly available. JELD-WEN Defendants further object to Request No. 13 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

JELD-WEN Defendants object to Request No. 13 as overbroad and unduly burdensome to the extent it requests "All Documents reviewed in connection with Jeld-Wen's January 26, 2017 initial public offering and any Jeld-Wen secondary public offering" without regard to whether such documents are relevant to any claim or defense in this action.

JELD-WEN Defendants object to Request No. 13 as vague and ambiguous to the extent it asks for "All documents reviewed" by an unidentified person or persons and overbroad to the extent that it purports to request "documents reviewed" by anyone other than JELD-WEN Defendants.

JELD-WEN Defendants object to Request No. 13 to the extent it requests documents that are not in JELD-WEN Defendants' possession, custody, or control, or which are more easily obtained by third parties.

**DOCUMENT REQUEST NO. 14:**

All Documents concerning Onex's participation in the management of Jeld-Wen, Including any Documents relating to: (a) price increases on doorskins or interior molded doors; (b) the doorskin or interior molded door markets; (c) the CMI Acquisition; or (d) any Communications between Onex or any of its representatives and the Jeld-Wen Board of Directors, the Individual Defendants, or the pricing analytics group.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

JELD-WEN Defendants object to Request No. 14 as vague and ambiguous to the extent it seeks documents "concerning Onex's participation in the management of Jeld-Wen" without defining what it means to participate in the management of JELD-WEN. JELD-WEN Defendants

19

further object to Request No. 14 to the extent that it implies that Onex "participat[ed] in the management of Jeld-Wen."

JELD-WEN Defendants object to Request No. 14 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

JELD-WEN Defendants object to Request No. 14 as irrelevant to the extent it requests "Documents relating to: (a) price increases on . . . interior molded doors; (b) the . . . interior molded door markets." In this action, Plaintiffs bring claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, alleging that JELD-WEN Defendants made allegedly false and misleading statements related to the competitive impact of JELD-WEN's merger with CMI as well as its pricing of *doorskins*, not *interior molded doors*. Under the Federal Rules, Plaintiffs are entitled only to "discovery regarding any nonprivileged matter that is ***relevant*** to any party's claim or defense." Fed. R. Civ. P. 26(b) (emphasis added); Fed. R. Evid. 401.

JELD-WEN Defendants object to Request No. 14 to the extent it requests documents that are not in JELD-WEN Defendants' possession, custody, or control, or which are more easily obtained from Onex, a party to this action. JELD-WEN Defendants further object to Request No. 14 to the extent it seeks documents subject to the protective orders in the Prior Litigation, which limit how JELD-WEN can use and share documents produced by plaintiffs, co-defendants and third parties in those litigations. To the extent Plaintiffs seek discovery originally produced by Onex, Plaintiffs should seek that discovery directly from Onex.

**DOCUMENT REQUEST NO. 15:**

All Documents concerning the preparation, review, editing, approval, modification, and distribution of the Company's press releases, SEC filings, and materials prepared in connection

20

with any call or Meeting with securities analysts, investors, or the media (Including any scripts, opening statements, talking points, presentations, questions and answers, or other remarks).

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

JELD-WEN Defendants object to Request No. 15 to the extent it seeks documents duplicative of those sought in Request No. 1.  JELD-WEN Defendants further object to Request No. 15 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require JELD-WEN Defendants to duplicate discovery efforts already undertaken in the Prior Litigation.  To date in this action, JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request.

JELD-WEN Defendants object to Request No. 15 to the extent it seeks documents that are publicly available.  JELD-WEN Defendants further object to Request No. 15 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

JELD-WEN Defendants object to Request No. 15 as overbroad and unduly burdensome to the extent it requests "All Documents concerning the preparation, review, editing, approval, modification, and distribution of the Company's press releases, SEC filings, and materials prepared in connection with any call or Meeting with securities analysts, investors, or the media (Including any scripts, opening statements, talking points, presentations, questions and answers, or other remarks)" without regard to whether such documents are relevant to any claim or defense in this action.

**DOCUMENT REQUEST NO. 16:**

All Documents concerning any public statements made by Jeld-Wen or any of the Individual Defendants on behalf of the Company during the Class Period concerning the source of

21

Jeld-Wen's revenues and the existence of competition in the market for doorskins and interior molded doors, Jeld-Wen's anticompetitive conduct, Jeld-Wen's pricing strategy, and Jeld-Wen's motivations and intentions with regard to the CMI Acquisition and subsequent conduct, Including Documents concerning the preparation, review, editing, approval, modification, and/or distribution of such statements and Documents that supported or formed the basis for such statements. This Request Includes All Documents and Communications concerning the preparation, review, editing, approval, modification, and/or distribution of Defendants' public statements referenced in ¶¶140-234 of the Complaint (Including any scripts, opening statements, talking points, presentations, questions and answers, or other remarks), as well as All Documents that supported or formed the basis for such statements.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

JELD-WEN Defendants object to Request No. 16 to the extent it seeks documents duplicative of those sought in Request No. 1. JELD-WEN Defendants further object to Request No. 16 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require JELD-WEN Defendants to duplicate discovery efforts already undertaken in the Prior Litigation. To date in this action, JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request.

JELD-WEN Defendants object to Request No. 16 to the extent it seeks documents that are publicly available. JELD-WEN Defendants further object to Request No. 16 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

JELD-WEN Defendants object to Request No. 16 as irrelevant to the extent it requests "Documents concerning any public statements made by Jeld-Wen or any of the Individual Defendants on behalf of the Company during the Class Period concerning the source of Jeld-Wen's revenues and the existence of competition in the market for . . . interior molded doors." In this action, Plaintiffs bring claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, alleging

22

that JELD-WEN Defendants made allegedly false and misleading statements related to the competitive impact of JELD-WEN's merger with CMI as well as its pricing of *doorskins*, not *interior molded doors*. Under the Federal Rules, Plaintiffs are entitled only to "discovery regarding any nonprivileged matter that is **relevant** to any party's claim or defense." Fed. R. Civ. P. 26(b) (emphasis added); Fed. R. Evid. 401.

**DOCUMENT REQUEST NO. 17:**

All Documents sufficient to identify Jeld-Wen's monthly, quarterly, and annual sales of doorskins and interior molded doors, Including any Documents concerning internal sales and financial forecasts and/or targets concerning Jeld-Wen's doorskins and interior molded doors.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

JELD-WEN Defendants object to Request No. 17 to the extent it seeks documents duplicative of those sought in Request No. 1. JELD-WEN Defendants further object to Request No. 17 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require JELD-WEN Defendants to duplicate discovery efforts already undertaken in the Prior Litigation. To date in this action, JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request.

JELD-WEN Defendants object to Request No. 17 as irrelevant to the extent it requests "Documents sufficient to identify Jeld-Wen's monthly, quarterly, and annual sales of . . . interior molded doors, Including any Documents concerning internal sales and financial forecasts and/or targets concerning Jeld-Wen's . . . interior molded doors." In this action, Plaintiffs bring claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, alleging that JELD-WEN Defendants made allegedly false and misleading statements related to the competitive impact of JELD-WEN's merger with CMI as well as its pricing of *doorskins*, not *interior molded doors*. Under the Federal

23

Rules, Plaintiffs are entitled only to "discovery regarding any nonprivileged matter that is ***relevant*** to any party's claim or defense."  Fed. R. Civ. P. 26(b) (emphasis added); Fed. R. Evid. 401.

**DOCUMENT REQUEST NO. 18:**

All Documents concerning all Meetings and conference calls (whether formal or informal) of the Jeld-Wen Board of Directors and any committees thereof, Including agendas, presentations, notes, e-mails, minutes, recordings, and any other materials generated in connection with such Board and committee Meetings.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

JELD-WEN Defendants object to Request No. 18 to the extent it seeks documents duplicative of those sought in Request No. 1.  JELD-WEN Defendants further object to Request No. 18 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require JELD-WEN Defendants to duplicate discovery efforts already undertaken in the Prior Litigation.  To date in this action, JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request.

JELD-WEN Defendants object to Request No. 18 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

JELD-WEN Defendants object to Request No. 18 as overbroad and unduly burdensome to the extent it requests "All Documents concerning all Meetings and conference calls (whether formal or informal) of the Jeld-Wen Board of Directors and any committees thereof" without regard to whether such documents are relevant to any claim or defense in this action.

**DOCUMENT REQUEST NO. 19:**

All Documents contained in internal compliance, investigatory, regulatory, compliance, whistleblower files or internal complaints concerning Jeld-Wen's pricing strategies, sales

24

practices, accounting, financial reporting, or the impact of competition on Jeld-Wen's sales or financial performance or Jeld-Wen's relationship with its customers, Including any e-mails, affidavits, severance agreements, non-disclosure agreements, Reports, memoranda, or other such documents discussing any alleged wrongdoing, as well as any action Jeld-Wen took, or is currently taking, to address such concerns.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

JELD-WEN Defendants object to Request No. 19 to the extent it seeks documents duplicative of those sought in Request No. 1. JELD-WEN Defendants further object to Request No. 19 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require JELD-WEN Defendants to duplicate discovery efforts already undertaken in the Prior Litigation. To date in this action, JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request.

JELD-WEN Defendants object to Request No. 19 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

JELD-WEN Defendants object to Request No. 19 as overbroad and unduly burdensome to the extent it requests "All Documents contained in internal compliance, investigatory, regulatory, compliance, whistleblower files or internal complaints concerning Jeld-Wen's pricing strategies, sales practices, accounting, financial reporting, or the impact of competition on Jeld-Wen's sales or financial performance or Jeld-Wen's relationship with its customers, . . . as well as any action Jeld-Wen took, or is currently taking, to address such concerns" without regard to whether such documents are relevant to any claim or defense in this action.

25

**DOCUMENT REQUEST NO. 20:**

All Documents related to insurance contracts, Policies, or agreements that may provide coverage for any Defendant in connection with this Action, Including a possible judgment in this Action or indemnification or reimbursement for payments made to satisfy any such judgment, Including any payments made or amounts incurred on those contracts, Policies or agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

JELD-WEN Defendants object to Request No. 20 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

**DOCUMENT REQUEST NO. 21:**

All Documents concerning Your preservation, search for, collection, maintenance, destruction, or alteration of Your Documents, files, ESI, and Electronic Media that were undertaken with respect to this Action. This Request includes Documents sufficient to describe any efforts You undertook to preserve Documents related to allegations in the Complaint, Including the date, general subject matter, and recipients of any litigation holds or requests to preserve Documents (whether or not related to this Action) and all Documents regarding Document preservation sent to or received from any non-party to this Action.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

JELD-WEN Defendants object to Request No. 21 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

JELD-WEN Defendants object to Request No. 21 to the extent it purports to impose upon JELD-WEN Defendants obligations in excess of, or different from, those imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States Court for the Eastern District of Virginia.

**DOCUMENT REQUEST NO. 22:**

All Documents You intend to rely upon in opposing Lead Plaintiffs' motion for class certification in this Action, Including all Documents that You contend demonstrate that either Lead Plaintiffs or Lead Counsel are inadequate or atypical within the meaning of Rule 23 of the Federal Rules of Civil Procedure, as well as any documents relied upon or considered by Your class certification expert. This Request is not limited to the Relevant Period.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

JELD-WEN Defendants object to Request 22 to the extent it is duplicative of Plaintiffs' other Requests. JELD-WEN Defendants object to Request No. 22 as premature given that discovery in this action is just beginning and Plaintiffs' have not yet produced any documents. JELD-WEN Defendants object to Request No. 22 to the extent it seeks documents that are publicly available. JELD-WEN Defendants further object to Request No. 22 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

**DOCUMENT REQUEST NO. 23:**

All Documents upon which Defendants intend to rely for their defense of the claims asserted in the Complaint, Including any defense stated in Defendants answer. This Request is not limited to the Relevant Period.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

JELD-WEN Defendants object to Request 23 to the extent it is duplicative of Plaintiffs' other Requests. JELD-WEN Defendants object to Request No. 23 as premature given that discovery in this action is just beginning and Plaintiffs' have not yet produced any documents. JELD-WEN Defendants object to Request No. 23 to the extent it seeks documents that are publicly available. JELD-WEN Defendants further object to Request No. 23 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint

27

defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

**DOCUMENT REQUEST NO. 24:**

All Documents and information produced by any party in the Antitrust Actions Including Documents produced in response to requests for production of documents; responses to interrogatories; responses to requests for admissions; and deposition transcripts, Including exhibits thereto.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

JELD-WEN Defendants object to Request No. 24 as duplicative of Request No. 1. JELD-WEN Defendants object to Request No. 24 because it is overbroad in seeking documents produced in unrelated cases that concern different factual allegations and legal issues. The DPP and IPP Actions concerned allegations that JELD-WEN, Inc. and Masonite Corporation had engaged in a purported conspiracy to "artificially raise, fix, maintain, or stabilize the prices of interior molded doors in the United States in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1." DPP Action, Dkt. No. 71 ¶ 138; *see also* IPP Action, Dkt. No. 1 ¶ 112. In the IPP Action, there were also five additional state law claims brought that related to the same alleged conduct. *See* IPP Action, Dkt. No. 1 ¶¶ 117-156. None of the claims from either the DPP or IPP Actions are at issue in or indeed relevant to this case. To the contrary, here Plaintiffs bring claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, alleging that JELD-WEN Defendants made allegedly false and misleading statements related to the competitive impact of JELD-WEN's merger with CMI as well as its pricing of *doorskins*, not *interior molded doors*.

Under the Federal Rules, Plaintiffs are entitled only to "discovery regarding any nonprivileged matter that is ***relevant*** to any party's claim or defense." Fed. R. Civ. P. 26(b) (emphasis added); Fed. R. Evid. 401. Because Plaintiffs' claims are premised on plaintiff's

28

antitrust claims in the *Steves* Action, and not on the DPP or IPP Actions, the DPP and IPP Actions are not relevant to this action.

JELD-WEN Defendants object to Request No. 24 because it is overbroad to the extent it seeks discovery from the *Steves* Action that relates to the seven counterclaims JELD-WEN brought against Steves and Sons, Inc.'s for its misappropriation of JELD-WEN's trade secrets, which are wholly irrelevant to this action. *See Steves* Action, Dkt. No. 102-1. JELD-WEN Defendants further object that the reproduction of this discovery would burden JELD-WEN by risking exposure of JELD-WEN's confidential information. *See In re Domestic Airline Travel Antitrust Litig.*, 174 F. Supp. 3d 375, 377 (D.D.C. 2016) ("Defendants' privacy interests militate against providing the materials now when they, possibly, may *never* have to be provided in this case.") (emphasis in original).

JELD-WEN Defendants object to Request No. 24 to the extent it purports to require JELD-WEN Defendants to produce documents subject to the protective orders in the Prior Litigation, which limit how JELD-WEN can use and share documents produced by plaintiffs, co-defendants and third parties in those litigations. To the extent Plaintiffs seek discovery originally produced by anyone other than JELD-WEN Defendants (regardless of whether that discovery was reproduced in the IPP and DPP Actions), Plaintiffs should seek that discovery directly from those third parties.

JELD-WEN Defendants object to Request No. 24 as duplicative and unduly burdensome to the extent it purports to require JELD-WEN Defendants to identify deposition exhibits. Plaintiffs can use the deposition transcripts to identify those documents themselves.

DATED:  November 30, 2020                    Respectfully submitted,


   */s/ Brian C. Riopelle*
Brian C. Riopelle (Va. Bar No. 36454)
Brian E. Pumphrey (Va. Bar No. 47312)
Brian D. Schmalzbach (Va. Bar No. 88544)
Garrett H. Hooe (Va. Bar No. 83983)
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel.: (804) 775-1084
Fax.: (804) 698-2150
briopelle@mcguirewoods.com
bpumphrey@mcguirewoods.com
bschmalzbach@mcguirewoods.com
ghooe@mcguirewoods.com


Sandra C. Goldstein, P.C. (*pro hac vice*)
Rachel M. Fritzler (*pro hac vice*)
Lindsey Weiss Harris (*pro hac vice*)
Jacob M. Rae (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
sandra.goldstein@kirkland.com
rachel.fritzler@kirkland.com
lindsey.harris@kirkland.com
jacob.rae@kirkland.com

*Attorneys for Defendants JELD-WEN
Holding, Inc., Mark A. Beck, L. Brooks
Mallard, Kirk S. Hachigian, and Gary S.
Michel*

## CERTIFICATE OF SERVICE

I certify that on the 30 day of November, 2020, I caused a copy of the foregoing to be served on counsel for Plaintiffs.

 */s/ Brian C. Riopelle*
Brian C. Riopelle (Va. Bar No. 36454)
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel.: (804) 775-1084
Fax.: (804) 698-2150
briopelle@mcguirewoods.com

31