# EXHIBIT 11

## Rae, Jacob M.

| | |
|---|---|
| **From:** | Harris, Lindsey Weiss |
| **Sent:** | Friday, January 15, 2021 10:14 PM |
| **To:** | Christie, James; 'Pumphrey, Brian E.'; Hooe, Garrett H.; Magdalene Economou; Riopelle, Brian C.; Schmalzbach, Brian D.; Goldstein, Sandra C.; Fritzler, Rachel M.; Rae, Jacob M.; 'Peter.Simmons@friedfrank.com'; 'Corey.Baron@friedfrank.com'; 'renee.turner@friedfrank.com'; 'michael.keats@friedfrank.com'; 'wharless@cblaw.com'; 'rlifson@cblaw.com'; 'sfitzgerald@cblaw.com'; Robert Rothman; Debra Wyman; Rogers, Michael H.; Leggio, Philip; Johnson, James; 'lmalone@odonoghuelaw.com'; Rowley, Robert; Cividini, Derick; 'William Geddish' |
| **Subject:** | RE: JELD-WEN Securities Litigation -- Responses/Objections to Plaintiffs' Second RFP |

Thanks James.  We'll agree to this, and assume that you understand that it will mean you won't get the privilege log as quickly as you otherwise would.  If you'd prefer to get it faster, we are willing to consider the option discussed today wherein defendants would produce privilege log entries for the last-in-time email in an entirely privileged thread, along with metadata for authors, recipients, and date/time information for earlier-in-time emails in the same thread. This would spare defendants the burden of individually logging each privileged email in a thread as a separate log entry so we could get it into your hands faster.

Let us know how you'd like to proceed and we'll finalize the ESI Protocol accordingly.

**Lindsey Weiss Harris**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3387  **M** +1 917 324 2258
**F** +1 212 446 4900

lindsey.harris@kirkland.com

**From:** Christie, James <JChristie@labaton.com>
**Sent:** Friday, January 15, 2021 5:12 PM
**To:** Harris, Lindsey Weiss <lindsey.harris@kirkland.com>; 'Pumphrey, Brian E.' <bpumphrey@mcguirewoods.com>; Hooe, Garrett H. <GHooe@mcguirewoods.com>; Magdalene Economou <MEconomou@rgrdlaw.com>; Riopelle, Brian C. <briopelle@mcguirewoods.com>; Schmalzbach, Brian D. <BSchmalzbach@mcguirewoods.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Fritzler, Rachel M. <rachel.fritzler@kirkland.com>; Rae, Jacob M. <jacob.rae@kirkland.com>; 'Peter.Simmons@friedfrank.com' <Peter.Simmons@friedfrank.com>; 'Corey.Baron@friedfrank.com' <Corey.Baron@friedfrank.com>; 'renee.turner@friedfrank.com' <renee.turner@friedfrank.com>; 'michael.keats@friedfrank.com' <michael.keats@friedfrank.com>; 'wharless@cblaw.com' <wharless@cblaw.com>; 'rlifson@cblaw.com' <rlifson@cblaw.com>; 'sfitzgerald@cblaw.com' <sfitzgerald@cblaw.com>; Robert Rothman <rrothman@rgrdlaw.com>; Debra Wyman <DebraW@rgrdlaw.com>; Rogers, Michael H. <MRogers@labaton.com>; Leggio, Philip <PLeggio@labaton.com>; Johnson, James <JJohnson@labaton.com>; 'lmalone@odonoghuelaw.com' <lmalone@odonoghuelaw.com>; Rowley, Robert <RRowley@labaton.com>; Cividini, Derick <DCividini@labaton.com>; 'William Geddish' <WGeddish@rgrdlaw.com>
**Subject:** RE: JELD-WEN Securities Litigation -- Responses/Objections to Plaintiffs' Second RFP

 > This message is from an EXTERNAL SENDER - be cautious, particularly with links and attachments.

Thanks Lindsey,

Regarding the ESI protocol- we spoke on our end and have arrived at a compromise that we think we can both agree on.  We will agree to your position on the first issue regarding producing the most inclusive threaded email (with us reserving our rights to meet and confer over producing the inclusive emails from a specific chain if necessary) if you agree to disaggregate the email chains and log each as its own entry on the privilege log (second issue).  On the call Defendants represented that such a privilege review already occurs as a matter of course so we do not see this as a significant incremental burden.  Please let us know if this compromise works for Defendants.

Also- Thank you for agreeing to the search terms and custodians despite your objections. Can you please provide us with the hit count report so we can have an equal understanding as you of how our edits to the search terms impacted each term and the overall number?

Have a good weekend,
James

---

**From:** Harris, Lindsey Weiss [mailto:lindsey.harris@kirkland.com]
**Sent:** Friday, January 15, 2021 3:45 PM
**To:** Christie, James; 'Pumphrey, Brian E.'; Hooe, Garrett H.; Magdalene Economou; Riopelle, Brian C.; Schmalzbach, Brian D.; Goldstein, Sandra C.; Fritzler, Rachel M.; Rae, Jacob M.; 'Peter.Simmons@friedfrank.com'; 'Corey.Baron@friedfrank.com'; 'renee.turner@friedfrank.com'; 'michael.keats@friedfrank.com'; 'wharless@cblaw.com'; 'rlifson@cblaw.com'; 'sfitzgerald@cblaw.com'; Robert Rothman; Debra Wyman; Rogers, Michael H.; Leggio, Philip; Johnson, James; 'lmalone@odonoghuelaw.com'; Rowley, Robert; Cividini, Derick; 'William Geddish'
**Subject:** [EXTERNAL] RE: JELD-WEN Securities Litigation -- Responses/Objections to Plaintiffs' Second RFP

Counsel,

As discussed on yesterday's call, attached please find a revised draft motion & stipulation to amend the deposition limits in clean and redline.

Separately, we have confirmed Veritext is available 1/30.  We'll send deposition notices for Dr. Feinstein for that date and 2/22 later today.

We have also confirmed that any expert upon whose report we will rely in our class certification opposition will be available for a deposition on class certification issues 2/4 or 2/5, and for a deposition on merits issues the week of 2/22.

Best,

**Lindsey Weiss Harris**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3387  **M** +1 917 324 2258
**F** +1 212 446 4900

lindsey.harris@kirkland.com

**From:** Christie, James <JChristie@labaton.com>
**Sent:** Thursday, January 14, 2021 8:20 AM
**To:** Harris, Lindsey Weiss <lindsey.harris@kirkland.com>; 'Pumphrey, Brian E.' <bpumphrey@mcguirewoods.com>; Hooe, Garrett H. <GHooe@mcguirewoods.com>; Magdalene Economou <MEconomou@rgrdlaw.com>; Riopelle, Brian C. <briopelle@mcguirewoods.com>; Schmalzbach, Brian D. <BSchmalzbach@mcguirewoods.com>; Goldstein, Sandra C.

2

<sandra.goldstein@kirkland.com>; Fritzler, Rachel M. <rachel.fritzler@kirkland.com>; Rae, Jacob M. <jacob.rae@kirkland.com>; 'Peter.Simmons@friedfrank.com' <Peter.Simmons@friedfrank.com>; 'Corey.Baron@friedfrank.com' <Corey.Baron@friedfrank.com>; 'renee.turner@friedfrank.com' <renee.turner@friedfrank.com>; 'michael.keats@friedfrank.com' <michael.keats@friedfrank.com>; 'wharless@cblaw.com' <wharless@cblaw.com>; 'rlifson@cblaw.com' <rlifson@cblaw.com>; 'sfitzgerald@cblaw.com' <sfitzgerald@cblaw.com>; Robert Rothman <rrothman@rgrdlaw.com>; Debra Wyman <DebraW@rgrdlaw.com>; Rogers, Michael H. <MRogers@labaton.com>; Leggio, Philip <PLeggio@labaton.com>; Johnson, James <JJohnson@labaton.com>; 'lmalone@odonoghuelaw.com' <lmalone@odonoghuelaw.com>; Rowley, Robert <RRowley@labaton.com>; Cividini, Derick <DCividini@labaton.com>; 'William Geddish' <WGeddish@rgrdlaw.com>
**Subject:** Re: JELD-WEN Securities Litigation -- Responses/Objections to Plaintiffs' Second RFP

Thanks Lindsey.  We can use this dial in.  646-978-5927.

We can provide further answers to your questions on the call.

-James

---

**From:** Harris, Lindsey Weiss <lindsey.harris@kirkland.com>
**Sent:** Wednesday, January 13, 2021 10:34 PM
**To:** Christie, James <JChristie@labaton.com>; 'Pumphrey, Brian E.' <bpumphrey@mcguirewoods.com>; Hooe, Garrett H. <GHooe@mcguirewoods.com>; Magdalene Economou <MEconomou@rgrdlaw.com>; Riopelle, Brian C. <briopelle@mcguirewoods.com>; Schmalzbach, Brian D. <BSchmalzbach@mcguirewoods.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Fritzler, Rachel M. <rachel.fritzler@kirkland.com>; Rae, Jacob M. <jacob.rae@kirkland.com>; 'Peter.Simmons@friedfrank.com' <Peter.Simmons@friedfrank.com>; 'Corey.Baron@friedfrank.com' <Corey.Baron@friedfrank.com>; 'renee.turner@friedfrank.com' <renee.turner@friedfrank.com>; 'michael.keats@friedfrank.com' <michael.keats@friedfrank.com>; 'wharless@cblaw.com' <wharless@cblaw.com>; 'rlifson@cblaw.com' <rlifson@cblaw.com>; 'sfitzgerald@cblaw.com' <sfitzgerald@cblaw.com>; Robert Rothman <rrothman@rgrdlaw.com>; Debra Wyman <DebraW@rgrdlaw.com>; Rogers, Michael H. <MRogers@labaton.com>; Leggio, Philip <PLeggio@labaton.com>; Johnson, James <JJohnson@labaton.com>; 'lmalone@odonoghuelaw.com' <lmalone@odonoghuelaw.com>; Rowley, Robert <RRowley@labaton.com>; Cividini, Derick <DCividini@labaton.com>; 'William Geddish' <WGeddish@rgrdlaw.com>
**Subject:** [EXTERNAL] RE: JELD-WEN Securities Litigation -- Responses/Objections to Plaintiffs' Second RFP

5:30 works.

On (1), I'm still confused what you're referencing.  The attached is our list of proposed custodians.  Other than the individual defendants, who are parties, all of our proposed custodians are current employees.

On (2), when did you inform Dr. Feinstein of the Court's scheduling order in this case?

**Lindsey Weiss Harris**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3387  **M** +1 917 324 2258
**F** +1 212 446 4900

lindsey.harris@kirkland.com

**From:** Christie, James <JChristie@labaton.com>
**Sent:** Wednesday, January 13, 2021 10:16 PM
**To:** Harris, Lindsey Weiss <lindsey.harris@kirkland.com>; 'Pumphrey, Brian E.' <bpumphrey@mcguirewoods.com>;

Hooe, Garrett H. <GHooe@mcguirewoods.com>; Magdalene Economou <MEconomou@rgrdlaw.com>; Riopelle, Brian C. <briopelle@mcguirewoods.com>; Schmalzbach, Brian D. <BSchmalzbach@mcguirewoods.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Fritzler, Rachel M. <rachel.fritzler@kirkland.com>; Rae, Jacob M. <jacob.rae@kirkland.com>; 'Peter.Simmons@friedfrank.com' <Peter.Simmons@friedfrank.com>; 'Corey.Baron@friedfrank.com' <Corey.Baron@friedfrank.com>; 'renee.turner@friedfrank.com' <renee.turner@friedfrank.com>; 'michael.keats@friedfrank.com' <michael.keats@friedfrank.com>; 'wharless@cblaw.com' <wharless@cblaw.com>; 'rlifson@cblaw.com' <rlifson@cblaw.com>; 'sfitzgerald@cblaw.com' <sfitzgerald@cblaw.com>; Robert Rothman <rrothman@rgrdlaw.com>; Debra Wyman <DebraW@rgrdlaw.com>; Rogers, Michael H. <MRogers@labaton.com>; Leggio, Philip <PLeggio@labaton.com>; Johnson, James <JJohnson@labaton.com>; 'lmalone@odonoghuelaw.com' <lmalone@odonoghuelaw.com>; Rowley, Robert <RRowley@labaton.com>; Cividini, Derick <DCividini@labaton.com>; 'William Geddish' <WGeddish@rgrdlaw.com>
**Subject:** Re: JELD-WEN Securities Litigation -- Responses/Objections to Plaintiffs' Second RFP

Lindsey,

We are available tomorrow after 5:30 pm. Please let us know if that works for you.

As to your questions: (1) We are referring to the custodians from the antitrust actions and the proposed custodians identified by Defendants in response to the second RFP; (2) We were not aware of Dr. Feinstein's unavailability until after you requested his deposition. Dr. Feinstein has had another deposition scheduled since we retained him and he has teaching commitments which limit his availability.

With respect to the ESI protocol, please let us know what time would work on Friday.  We will be available.

Best,
James

---

**From:** Harris, Lindsey Weiss <lindsey.harris@kirkland.com>
**Sent:** Wednesday, January 13, 2021 8:44 PM
**To:** Christie, James <JChristie@labaton.com>; 'Pumphrey, Brian E.' <bpumphrey@mcguirewoods.com>; Hooe, Garrett H. <GHooe@mcguirewoods.com>; Magdalene Economou <MEconomou@rgrdlaw.com>; Riopelle, Brian C. <briopelle@mcguirewoods.com>; Schmalzbach, Brian D. <BSchmalzbach@mcguirewoods.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Fritzler, Rachel M. <rachel.fritzler@kirkland.com>; Rae, Jacob M. <jacob.rae@kirkland.com>; 'Peter.Simmons@friedfrank.com' <Peter.Simmons@friedfrank.com>; 'Corey.Baron@friedfrank.com' <Corey.Baron@friedfrank.com>; 'renee.turner@friedfrank.com' <renee.turner@friedfrank.com>; 'michael.keats@friedfrank.com' <michael.keats@friedfrank.com>; 'wharless@cblaw.com' <wharless@cblaw.com>; 'rlifson@cblaw.com' <rlifson@cblaw.com>; 'sfitzgerald@cblaw.com' <sfitzgerald@cblaw.com>; Robert Rothman <rrothman@rgrdlaw.com>; Debra Wyman <DebraW@rgrdlaw.com>; Rogers, Michael H. <MRogers@labaton.com>; Leggio, Philip <PLeggio@labaton.com>; Johnson, James <JJohnson@labaton.com>; 'lmalone@odonoghuelaw.com' <lmalone@odonoghuelaw.com>; Rowley, Robert <RRowley@labaton.com>; Cividini, Derick <DCividini@labaton.com>; 'William Geddish' <WGeddish@rgrdlaw.com>
**Subject:** [EXTERNAL] RE: JELD-WEN Securities Litigation -- Responses/Objections to Plaintiffs' Second RFP

James - please let us know your availability for a meet and confer on these issues tomorrow afternoon.  It would be helpful if you could clarify a couple of items in advance:

(1) We are confused by the language you added in the proposed joint motion to amend and stipulation that indicates *Defendants* have identified former Jeld-Wen employees who have information relevant to this action (E.g. "WHEREAS, a substantial number of the individuals that Defendants suggest are likely to possess relevant information in the action and were proposed as custodians are former employees which the parties interpret as being non-parties under the local rules and case law;" "A substantial number of the individuals that Defendants have informed Plaintiffs are likely possess

relevant information in the action and were proposed as document custodians, are former employees"). Aside from the individual defendants, who are obviously parties, **none** of JELD-WEN Defendants' proposed custodians or individuals with relevant information identified in our initial disclosures are former employees. It would be helpful if you could clarify what you are referring to.

(2) Regarding Dr. Feinstein's unavailability for a virtual deposition prior to our class certification briefing, please confirm whether you were aware of his unavailability for a deposition prior to February 2 when you retained him, and when you informed him of the Court's scheduling order. It would substantially prejudice Defendants if we are unable to depose him on his opinions related to class certification until after that briefing is complete. We are considering our options.

I believe the Deposition Protocol is all set (see correspondence between Brian Pumphrey and Deb Wyman), if you would like to finalize for execution. On the ESI Protocol, as I explained in my email last week Thursday, our position depends in part on the total review universe of documents (which we are still assessing based on Plaintiffs' latest set of proposed search terms we received this week). Nonetheless, our tech people can be available Friday to discuss further. Please let us know if that would also work for your team.

Best,

**Lindsey Weiss Harris**

---

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3387  **M** +1 917 324 2258
**F** +1 212 446 4900

---

lindsey.harris@kirkland.com

**From:** Christie, James <JChristie@labaton.com>
**Sent:** Tuesday, January 12, 2021 6:53 PM
**To:** Harris, Lindsey Weiss <lindsey.harris@kirkland.com>; 'Pumphrey, Brian E.' <bpumphrey@mcguirewoods.com>; Hooe, Garrett H. <GHooe@mcguirewoods.com>; Magdalene Economou <MEconomou@rgrdlaw.com>; Riopelle, Brian C. <briopelle@mcguirewoods.com>; Schmalzbach, Brian D. <BSchmalzbach@mcguirewoods.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Fritzler, Rachel M. <rachel.fritzler@kirkland.com>; Rae, Jacob M. <jacob.rae@kirkland.com>; 'Peter.Simmons@friedfrank.com' <Peter.Simmons@friedfrank.com>; 'Corey.Baron@friedfrank.com' <Corey.Baron@friedfrank.com>; 'renee.turner@friedfrank.com' <renee.turner@friedfrank.com>; 'michael.keats@friedfrank.com' <michael.keats@friedfrank.com>; 'wharless@cblaw.com' <wharless@cblaw.com>; 'rlifson@cblaw.com' <rlifson@cblaw.com>; 'sfitzgerald@cblaw.com' <sfitzgerald@cblaw.com>; Robert Rothman <rrothman@rgrdlaw.com>; Debra Wyman <DebraW@rgrdlaw.com>; Rogers, Michael H. <MRogers@labaton.com>; Leggio, Philip <PLeggio@labaton.com>; Johnson, James <JJohnson@labaton.com>; 'lmalone@odonoghuelaw.com' <lmalone@odonoghuelaw.com>; Rowley, Robert <RRowley@labaton.com>; Cividini, Derick <DCividini@labaton.com>; 'William Geddish' <WGeddish@rgrdlaw.com>
**Subject:** RE: JELD-WEN Securities Litigation -- Responses/Objections to Plaintiffs' Second RFP

Lindsey,

We write to follow up on numerous outstanding discovery-related issues (including the expert and non-party depositions), and, to the extent that there remains any disagreement or there is a need to further discuss, to request a meet and confer tomorrow to discuss those issues further. Please let us know what times would work for Defendants.

First, with respect to deposition limits, we have reviewed the lists of both preexisting and proposed new custodians, and would first propose slightly increasing the number of party depositions from 10 to 12. With respect to non-parties, we believe that the deposition limit should be raised to 17 for Plaintiffs, as opposed to the 12 Defendants have suggested (email from Lindsey Weiss Harris dated 1/5/21), to account for depositions of the various former Jeld-Wen employees and related third-party entities. We believe that these modest increases are proportional to the needs of this action. Attached please find our edits to the Motion to Amend the Initial Pretrial Order and the Proposed Witness Deposition Stipulation.

Next, with respect to expert depositions, Defendants have requested that plaintiffs make Dr. Feinstein available twice – once for class certification issues and once for merits issues (email from Lindsey Weiss Harris dated 1/7/21). Based on Dr. Feinstein's current schedule, he will be unable to sit for a deposition prior to completion of Plaintiffs' class certification briefing. As a result, plaintiffs withdraw their request to depose the defendants' rebuttal experts twice, and instead, suggest that all expert depositions occur following the briefing of Plaintiffs' class certification motion, but prior to the opening *Daubert* motions. Accordingly, Dr. Feinstein is available on February 22, 2021.

Next, during our last meet and confer on January 6, 2021, we had raised the possibility of discussing the remaining issues with respect to the ESI protocol – specifically, the email threading and privilege log issues. These topics were previously discussed during the December 23, 2020 meet and confer. On that call, Plaintiffs provided their updated position, which was that defendants would only need to produce the most complete thread of a redacted email, rather than each email redacted individually. The parties were supposed to set up a call for the following day (January 7), but that call was never scheduled. Please let us know the Defendants' position on these issues, especially in light of the fact that these issues are currently delaying production of defendants' privilege log, and whether further meet and confer is required. Similarly, we had discussed finalizing the deposition protocol, by amending it provide: (1) that if a witness is joined by counsel in the same room, both the lawyer and the witness must be on screen; and (2) that planet depo would be added as an alternative deposition source. Please let us know the defendants' position on these additions, and whether further meet and confer is required.

Next, we request a status update on the production of relevant transcripts, exhibits and documents from third-parties who have provided Defendants the authority to do so, including Masonite (email from Ben Waldin dated 12/21/20) and Excel Interior Door (email from William Geddish dated 12/31/20 with attachment).

Finally, in reviewing Jeld-Wen's Answer, filed with the Court on November 5, 2020, we noticed that in the Fifth Affirmative Defense, Defendants' assert that "Defendants are not liable because they acted in good faith and in reasonable reliance upon the work, opinions, information, representations, and advice of others, upon whom JELD-WEN Defendants were entitled to rely." We would like to know whether this defense encompasses the "advice of counsel" defense.

Best,
James

---

**From:** Harris, Lindsey Weiss [mailto:lindsey.harris@kirkland.com]
**Sent:** Tuesday, January 12, 2021 4:25 PM
**To:** Christie, James; 'Pumphrey, Brian E.'; Hooe, Garrett H.; Magdalene Economou; Riopelle, Brian C.; Schmalzbach, Brian D.; Goldstein, Sandra C.; Fritzler, Rachel M.; Rae, Jacob M.; 'Peter.Simmons@friedfrank.com'; 'Corey.Baron@friedfrank.com'; 'renee.turner@friedfrank.com'; 'michael.keats@friedfrank.com'; 'wharless@cblaw.com';

'rlifson@cblaw.com'; 'sfitzgerald@cblaw.com'; Robert Rothman; Debra Wyman; Rogers, Michael H.; Leggio, Philip; Johnson, James; 'lmalone@odonoghuelaw.com'; Rowley, Robert; Cividini, Derick
**Subject:** [EXTERNAL] RE: JELD-WEN Securities Litigation -- Responses/Objections to Plaintiffs' Second RFP

James,

Given the complexity of the revised search terms our vendor estimates we will not have STR results until tomorrow, but I wanted to update you on the other issues raised below and also follow up regarding expert & non-party depositions.

We have confirmed neither Anthony Munk nor Matthew Ross have or had JELD-WEN email addresses, and JELD-WEN does not otherwise have possession, custody or control of their documents.  If you would like to refer us to the document you reference below, we would be happy to have a look.

We have also confirmed that all emails and other shared drive documents are automatically deleted after 30 days of the employees' separation from the company (absent a litigation hold).  Once they are deleted, the company has another 30 days to retrieve them, and after that they are permanently deleted.  As I alluded to below, there was no litigation hold for these employees' documents during the agreed-upon time period, because neither this litigation nor the IMD litigations had been brought at the time of their separation (or sixty days thereafter).

I'm reattaching the email I sent you last Thursday regarding expert and non-party depositions.  We would greatly appreciate a response today in light of our many fast-approaching deadlines.

Best,


**Lindsey Weiss Harris**

------------------------------------

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3387  **M** +1 917 324 2258
**F** +1 212 446 4900

------------------------------------

lindsey.harris@kirkland.com


**From:** Christie, James <JChristie@labaton.com>
**Sent:** Monday, January 11, 2021 2:06 PM
**To:** Harris, Lindsey Weiss <lindsey.harris@kirkland.com>; 'Pumphrey, Brian E.' <bpumphrey@mcguirewoods.com>; Hooe, Garrett H. <GHooe@mcguirewoods.com>; Magdalene Economou <MEconomou@rgrdlaw.com>; Riopelle, Brian C. <briopelle@mcguirewoods.com>; Schmalzbach, Brian D. <BSchmalzbach@mcguirewoods.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Fritzler, Rachel M. <rachel.fritzler@kirkland.com>; Rae, Jacob M. <jacob.rae@kirkland.com>; 'Peter.Simmons@friedfrank.com' <Peter.Simmons@friedfrank.com>; 'Corey.Baron@friedfrank.com' <Corey.Baron@friedfrank.com>; 'renee.turner@friedfrank.com' <renee.turner@friedfrank.com>; 'michael.keats@friedfrank.com' <michael.keats@friedfrank.com>; 'wharless@cblaw.com' <wharless@cblaw.com>; 'rlifson@cblaw.com' <rlifson@cblaw.com>; 'sfitzgerald@cblaw.com' <sfitzgerald@cblaw.com>; Robert Rothman <rrothman@rgrdlaw.com>; Debra Wyman <DebraW@rgrdlaw.com>; Rogers, Michael H. <MRogers@labaton.com>; Leggio, Philip <PLeggio@labaton.com>; Johnson, James <JJohnson@labaton.com>; 'lmalone@odonoghuelaw.com' <lmalone@odonoghuelaw.com>; Rowley, Robert <RRowley@labaton.com>; Cividini, Derick <DCividini@labaton.com>
**Subject:** RE: JELD-WEN Securities Litigation -- Responses/Objections to Plaintiffs' Second RFP


Lindsey,

7

With respect to the search terms, we continue to disagree with Defendants' position that search terms need to be connected to the misstatements in the action.   Nonetheless, in the spirit of compromise attached are revised terms that address Defendants' concerns.  Please let us know what the revised hit counts are for these terms.

With respect to the custodians- Can you please confirm that Messrs. Munk and Ross did not have Jeld Wen email addresses (during the relevant period) and that Defendants do not otherwise have possession, custody and control over documents or information from these two individuals?  For example, we know Mr. Ross had a Jeld-Wen email at one point in 2014 based on the documents produced to date.  One would not expect Onex to be in possession, custody or control of such documents.

For Messrs. Mercier and Dinger, were those custodians files destroyed/deleted according to the normal destruction/preservation policy or schedule? If so, what is Jeld-Wen's document retention policy or schedule that the documents were destroyed pursuant to?

For Messrs. Bender, Kirk and Merrill we believe these were key individuals who were in a position to know about Jeld-Wen and Masonite's anticompetitive conduct and communicate with management about said conduct.  For example, according to Mr. Mercier's deposition in the price fixing litigation, Mr. Kirk was responsible for providing pricing and sales analyses and asked Mr. Mercier to provide him with Masonite pricing information.  Mr. Merrill and Bender were  similarly in management positions with access to and responsibility for information related to price increases and North American sales.  While we recognize that Mr. Merrill and Mr. Kirk were custodians in the price fixing litigation, their custodial files were not searched using the securities-specific terms that are intended to locate documents that are responsive to issues in our action.  Accordingly, we believe each of these custodians are necessary.

Best,
James

---

**From:** Harris, Lindsey Weiss [mailto:lindsey.harris@kirkland.com]
**Sent:** Saturday, January 9, 2021 9:54 AM
**To:** Christie, James; 'Pumphrey, Brian E.'; Hooe, Garrett H.; Magdalene Economou; Riopelle, Brian C.; Schmalzbach, Brian D.; Goldstein, Sandra C.; Fritzler, Rachel M.; Rae, Jacob M.; 'Peter.Simmons@friedfrank.com'; 'Corey.Baron@friedfrank.com'; 'renee.turner@friedfrank.com'; 'michael.keats@friedfrank.com'; 'wharless@cblaw.com'; 'rlifson@cblaw.com'; 'sfitzgerald@cblaw.com'; Robert Rothman; Debra Wyman; Rogers, Michael H.; Leggio, Philip; Johnson, James; 'lmalone@odonoghuelaw.com'; Rowley, Robert; Cividini, Derick
**Subject:** [EXTERNAL] RE: JELD-WEN Securities Litigation -- Responses/Objections to Plaintiffs' Second RFP

Thanks James.  Your proposed revisions decreased the total hit count by less than 2,000 documents.  With these minor revisions, Plaintiffs' proposed terms 1-12 would require JELD-WEN Defendants to review an extra ~150,000 documents-- the vast majority of which will be irrelevant for the reasons discussed on our meet and confer and in my email below.

The above numbers include Bob Bender, Tim Kirk and Bob Merrill as custodians.  We have confirmed that JELD-WEN does not have custodial records for Plaintiffs' other additional proposed custodians during the agreed-upon time period.

- Anthony Munk and Matt Ross are Onex employees and we understand Onex has already agreed to search their records (as they did in *Steves*).
  - We realize we erroneously included them in the custodian list for *Steves* we provided on December 14, 2020.  In attempting to reconstruct the *Steves* discovery process with our vendor, it appears we inadvertently included certain Onex custodians.  The list also erroneously included Tate Abols, Adam Cobourn, and Onex itself.  After doing some additional work to understand this error, we also discovered that Globe Machine Manufacturing was also incorrectly listed as a JELD-WEN custodian and Dwayne Arino and Dale Williams were only custodians for the trade secrets portion of the *Steves* litigation.  We have confirmed all other JELD-WEN custodians on the *Steves* list we provided on December 14, 2020 are correct.

8

- JELD-WEN does not have emails preserved for Chris Mercier or John Dinger during the agreed-upon time period.
  - As you know, both are former employees who left during the class period (in October and November 2017, respectively), well before this litigation, or the Interior Molded Doors litigations, were brought.

Please propose adjustments and limitations by Monday morning that will connect these terms to the alleged misrepresentations and omissions at issue and reflect the exhaustive prior discovery.  We also reiterate our request that Plaintiffs explain why they believe Bender, Kirk and Merrill are necessary in light of the prior exhaustive discovery.

Best,


**Lindsey Weiss Harris**
_____

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3387  **M** +1 917 324 2258
**F** +1 212 446 4900
_____

lindsey.harris@kirkland.com

**From:** Christie, James <JChristie@labaton.com>
**Sent:** Friday, January 8, 2021 6:35 PM
**To:** Harris, Lindsey Weiss <lindsey.harris@kirkland.com>; 'Pumphrey, Brian E.' <bpumphrey@mcguirewoods.com>; Hooe, Garrett H. <GHooe@mcguirewoods.com>; Magdalene Economou <MEconomou@rgrdlaw.com>; Riopelle, Brian C. <briopelle@mcguirewoods.com>; Schmalzbach, Brian D. <BSchmalzbach@mcguirewoods.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Fritzler, Rachel M. <rachel.fritzler@kirkland.com>; Rae, Jacob M. <jacob.rae@kirkland.com>; 'Peter.Simmons@friedfrank.com' <Peter.Simmons@friedfrank.com>; 'Corey.Baron@friedfrank.com' <Corey.Baron@friedfrank.com>; 'renee.turner@friedfrank.com' <renee.turner@friedfrank.com>; 'michael.keats@friedfrank.com' <michael.keats@friedfrank.com>; 'wharless@cblaw.com' <wharless@cblaw.com>; 'rlifson@cblaw.com' <rlifson@cblaw.com>; 'sfitzgerald@cblaw.com' <sfitzgerald@cblaw.com>; Robert Rothman <rrothman@rgrdlaw.com>; Debra Wyman <DebraW@rgrdlaw.com>; Rogers, Michael H. <MRogers@labaton.com>; Leggio, Philip <PLeggio@labaton.com>; Johnson, James <JJohnson@labaton.com>; 'lmalone@odonoghuelaw.com' <lmalone@odonoghuelaw.com>; Rowley, Robert <RRowley@labaton.com>; Cividini, Derick <DCividini@labaton.com>
**Subject:** RE: JELD-WEN Securities Litigation -- Responses/Objections to Plaintiffs' Second RFP

Lindsey,

Thank you for your response.  Plaintiffs are willing to reach a compromise regarding Defendants' burden objections.  However, we cannot agree to any compromise absent you telling us what the hit count results of our revised terms are.  Once we see those results, we are willing to continue negotiating with Defendants in reaching a resolution on this issue including by, if necessary, adding additional AND and OR limiters to certain terms.

Best,
James


**From:** Harris, Lindsey Weiss [mailto:lindsey.harris@kirkland.com]
**Sent:** Thursday, January 7, 2021 5:16 PM
**To:** Christie, James; 'Pumphrey, Brian E.'; Hooe, Garrett H.; Magdalene Economou; Riopelle, Brian C.; Schmalzbach, Brian D.; Goldstein, Sandra C.; Fritzler, Rachel M.; Rae, Jacob M.; 'Peter.Simmons@friedfrank.com'; 'Corey.Baron@friedfrank.com'; 'renee.turner@friedfrank.com'; 'michael.keats@friedfrank.com'; 'wharless@cblaw.com'; 'rlifson@cblaw.com'; 'sfitzgerald@cblaw.com'; Robert Rothman; Debra Wyman; Rogers, Michael H.; Leggio, Philip;

Johnson, James; 'lmalone@odonoghuelaw.com'; Rowley, Robert; Cividini, Derick
**Subject:** [EXTERNAL] RE: JELD-WEN Securities Litigation -- Responses/Objections to Plaintiffs' Second RFP

Counsel,

I write to follow up on yesterday's meet & confer.  JELD-WEN Defendants have made every effort to cooperate with Plaintiffs in providing expansive and voluminous document discovery.  To date, JELD-WEN has produced over 800,000 documents and over 2.5 million pages of material.  That includes over 367,000 documents totaling over 1.09 million pages of discovery JELD-WEN originally produced in the *Steves* and Interior Molded Doors litigations (over our ongoing objection that the Interior Molded Doors litigation is irrelevant to your claims).  It also includes almost half a million documents and over 1.5 million pages of discovery originally produced by third parties in the *Steves* and Interior Molded Doors litigations.  We believe that this discovery regarding the allegations in the prior litigation (presided over by Judges Payne and Gibney) is more than adequate.  We also provided Plaintiffs with the search terms, custodians and other parameters used in the prior litigations, and Plaintiffs have not identified any deficiency in the search terms or explained why this discovery is insufficient in any way (other than arguing it did not render a high percentage of documents from the class period, which is unsurprising, given Plaintiffs claim the vast majority of alleged underlying misconduct occurred prior to the class period).

In addition, JELD-WEN Defendants proactively proposed reasonable search parameters to target additional discovery regarding the alleged misstatements and omissions at issue in this litigation.  Our proposal included searching the custodial files of thirteen individuals (including the individual defendants and those involved in preparing JELD-WEN's public statements), as well as four centralized data locations where documents related to financial reporting, internal audit, investor relations and board materials are located. We also proposed a broad set of 113 search terms designed to target categories of information relevant to Plaintiffs' claims in this litigation.  We strongly believe our proposal is reasonable, and proportionate to the needs of this case, particularly given Judge Gibney's expedited discovery schedule, which clearly reflects his judgment that the prior discovery is sufficient on the issues raised in the prior litigations.

Nonetheless, JELD-WEN Defendants have also sought to engage with Plaintiffs in good faith with respect to their proposed additional search parameters.  For example, JELD-WEN Defendants agreed to broaden the proposed time period we would search beyond the purported class period, and agreed to 8 additional search terms proposed by Plaintiffs (over our objection that they are unlikely to target responsive documents).  With respect to the remaining 12 additional terms you proposed, we explained the reasons they are overly broad and disproportionate to the needs of this case and the Court's discovery schedule.  Although you purported to "take a hatchet" to those requests, your adjustments were minimal, at best--your primary change was to change w/10 to w/7**.**

In our call yesterday, we asked Plaintiffs to propose further modifications that would tie their broad proposed search terms seeking all documents regarding investor relations and financials to the alleged statements and omissions at issue in this litigation.  It is our understanding that you do not believe asking us to review *all* documents on these broad topics is burdensome or disproportionate to the needs or timing of this litigation and are not willing to propose or consider further limitations on these broad terms.  With regards to the proposed requests which seek discovery on the same topics as the prior litigation, you refused to explain why you believe the discovery we produced from the prior litigations is insufficient, or to identify any deficiency in the search parameters from those litigations.  You instead demanded we run your revised search terms within 48 hours, or you would seek relief from the Court.

We also asked Plaintiffs to explain why the additional proposed custodians (who are predominantly sales people who would have had no role in the alleged misstatements and omissions at issue in this case) were necessary, in light of the exhaustive prior discovery.  We understand your position is that you need not articulate any connection between the custodians you seek and the alleged statements and omissions at issue, nor consider the discovery we already produced from the prior litigations**,** because "this is a different case."

We disagree with, and are disappointed by, Plaintiffs' positions (though please correct us if we misunderstood any of your positions).  JELD-WEN Defendants are making every effort to make sure that Plaintiffs receive the discovery they

10

need, as quickly as possible, and are trying very hard to cooperate with Plaintiffs so as to avoid the need to waste Judge Gibney's time on unnecessary discovery disputes. The positions Plaintiffs took on yesterday's call make that very difficult.

Nonetheless, we will take your demands under consideration with our client and will take the next few days to conduct additional work internally so that we can better understand the full burden of your requests. We are also conferring further with our tech team and vendor regarding threading to determine the burden of accepting your current ESI proposal in light of your search term proposal. We ask that you likewise confer among yourselves and let us know by the end of the day tomorrow whether you can agree to limit your proposed search parameters further, for the reasons we discussed. We remain hopeful we can come to a compromise.

Best,


**Lindsey Weiss Harris**
────────────────────────────
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3387  **M** +1 917 324 2258
**F** +1 212 446 4900
────────────────────────────
lindsey.harris@kirkland.com


**From:** Christie, James <JChristie@labaton.com>
**Sent:** Wednesday, January 6, 2021 3:47 PM
**To:** Harris, Lindsey Weiss <lindsey.harris@kirkland.com>; 'Pumphrey, Brian E.' <bpumphrey@mcguirewoods.com>; Hooe, Garrett H. <GHooe@mcguirewoods.com>; Magdalene Economou <MEconomou@rgrdlaw.com>; Riopelle, Brian C. <briopelle@mcguirewoods.com>; Schmalzbach, Brian D. <BSchmalzbach@mcguirewoods.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Fritzler, Rachel M. <rachel.fritzler@kirkland.com>; Rae, Jacob M. <jacob.rae@kirkland.com>; 'Peter.Simmons@friedfrank.com' <Peter.Simmons@friedfrank.com>; 'Corey.Baron@friedfrank.com' <Corey.Baron@friedfrank.com>; 'renee.turner@friedfrank.com' <renee.turner@friedfrank.com>; 'michael.keats@friedfrank.com' <michael.keats@friedfrank.com>; 'wharless@cblaw.com' <wharless@cblaw.com>; 'rlifson@cblaw.com' <rlifson@cblaw.com>; 'sfitzgerald@cblaw.com' <sfitzgerald@cblaw.com>; Robert Rothman <rrothman@rgrdlaw.com>; Debra Wyman <DebraW@rgrdlaw.com>; Rogers, Michael H. <MRogers@labaton.com>; Leggio, Philip <PLeggio@labaton.com>; Johnson, James <JJohnson@labaton.com>; 'lmalone@odonoghuelaw.com' <lmalone@odonoghuelaw.com>; Rowley, Robert <RRowley@labaton.com>; Cividini, Derick <DCividini@labaton.com>
**Subject:** RE: JELD-WEN Securities Litigation -- Responses/Objections to Plaintiffs' Second RFP


Lindsey-  In advance of the call, attached are our proposed revisions to the search terms based on the hit report you provided last night. Subject to Defendants sending us revised hit count numbers, we think these revisions should address the concerns you raised below.


Best,
James

───────────────────────────────────────────────

**From:** Harris, Lindsey Weiss [mailto:lindsey.harris@kirkland.com]
**Sent:** Tuesday, January 5, 2021 10:37 PM
**To:** Christie, James; 'Pumphrey, Brian E.'; Hooe, Garrett H.; Magdalene Economou; Riopelle, Brian C.; Schmalzbach, Brian D.; Goldstein, Sandra C.; Fritzler, Rachel M.; Rae, Jacob M.; 'Peter.Simmons@friedfrank.com'; 'Corey.Baron@friedfrank.com'; 'renee.turner@friedfrank.com'; 'michael.keats@friedfrank.com'; 'wharless@cblaw.com'; 'rlifson@cblaw.com'; 'sfitzgerald@cblaw.com'; Robert Rothman; Debra Wyman; Rogers, Michael H.; Leggio, Philip; Johnson, James; 'lmalone@odonoghuelaw.com'; Rowley, Robert; Cividini, Derick
**Subject:** [EXTERNAL] RE: JELD-WEN Securities Litigation -- Responses/Objections to Plaintiffs' Second RFP

Please see attached the hit report for terms 1-12.  This does not include the custodians you proposed who we had not previously collected in the prior litigation.

Let's use this dial in at 4 pm tomorrow:  +18663311856,,88923213#

**Lindsey Weiss Harris**
_____

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3387  **M** +1 917 324 2258
**F** +1 212 446 4900
_____

lindsey.harris@kirkland.com

**From:** Christie, James <JChristie@labaton.com>
**Sent:** Tuesday, January 5, 2021 2:02 PM
**To:** Harris, Lindsey Weiss <lindsey.harris@kirkland.com>; 'Pumphrey, Brian E.' <bpumphrey@mcguirewoods.com>; Hooe, Garrett H. <GHooe@mcguirewoods.com>; Magdalene Economou <MEconomou@rgrdlaw.com>; Riopelle, Brian C. <briopelle@mcguirewoods.com>; Schmalzbach, Brian D. <BSchmalzbach@mcguirewoods.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Fritzler, Rachel M. <rachel.fritzler@kirkland.com>; Rae, Jacob M. <jacob.rae@kirkland.com>; 'Peter.Simmons@friedfrank.com' <Peter.Simmons@friedfrank.com>; 'Corey.Baron@friedfrank.com' <Corey.Baron@friedfrank.com>; 'renee.turner@friedfrank.com' <renee.turner@friedfrank.com>; 'michael.keats@friedfrank.com' <michael.keats@friedfrank.com>; 'wharless@cblaw.com' <wharless@cblaw.com>; 'rlifson@cblaw.com' <rlifson@cblaw.com>; 'sfitzgerald@cblaw.com' <sfitzgerald@cblaw.com>; Robert Rothman <rrothman@rgrdlaw.com>; Debra Wyman <DebraW@rgrdlaw.com>; Rogers, Michael H. <MRogers@labaton.com>; Leggio, Philip <PLeggio@labaton.com>; Johnson, James <JJohnson@labaton.com>; 'lmalone@odonoghuelaw.com' <lmalone@odonoghuelaw.com>; Rowley, Robert <RRowley@labaton.com>; Cividini, Derick <DCividini@labaton.com>
**Subject:** RE: JELD-WEN Securities Litigation -- Responses/Objections to Plaintiffs' Second RFP

Lindsey,

We are available to discuss tomorrow anytime after 11:30.  In order to facilitate our discussion, we request that you send us a hit count report for the additional proposed terms so we can better understand your position and hopefully reach a mutually agreeable compromise.

Best,
James

**From:** Harris, Lindsey Weiss [mailto:lindsey.harris@kirkland.com]
**Sent:** Monday, January 4, 2021 6:02 PM
**To:** Christie, James; 'Pumphrey, Brian E.'; Hooe, Garrett H.; Magdalene Economou; Riopelle, Brian C.; Schmalzbach, Brian D.; Goldstein, Sandra C.; Fritzler, Rachel M.; Rae, Jacob M.; 'Peter.Simmons@friedfrank.com'; 'Corey.Baron@friedfrank.com'; 'renee.turner@friedfrank.com'; 'michael.keats@friedfrank.com'; 'wharless@cblaw.com'; 'rlifson@cblaw.com'; 'sfitzgerald@cblaw.com'; Robert Rothman; Debra Wyman; Rogers, Michael H.; Leggio, Philip; Johnson, James; 'lmalone@odonoghuelaw.com'; Rowley, Robert; Cividini, Derick
**Subject:** [EXTERNAL] RE: JELD-WEN Securities Litigation -- Responses/Objections to Plaintiffs' Second RFP

Thanks James, we hope you enjoyed the holidays as well.

Unfortunately, the "modest" additions you propose would require JELD-WEN to review over a hundred thousand additional documents--the majority of which have little or no connection to this litigation (see, for example, terms 1 and

2, which would require JELD-WEN to review every document regarding investor relations or financials during the relevant time period).

Moreover, the schedule entered by Judge Gibney reflects an obvious assessment that the millions of pages of discovery in *Steves* and the IMD Litigation are sufficient with respect to those issues.  To the extent your search terms have any connection to this litigation, they seek to revisit discovery on those same issues.  As you know, JELD-WEN has reproduced every document it produced in both *Steves* (other than those related to the trade secrets counterclaims) and the IMD litigations, totaling over 367,000 documents and over 1,089,000 pages.  In addition, JELD-WEN has reproduced over 467,000 documents and 1,458,000 pages of material that was originally produced by Masonite, and over 10,000 documents and 119,000 pages of material that was originally produced by Onex in those litigations.   It is unsurprising that the majority of these documents are not dated within the class period here, because the majority of the alleged underlying misconduct (for example, surrounding the acquisition of CMI in 2012) did not occur during the class period.  Nonetheless, JELD-WEN has still produced (or reproduced) over 76,000 documents and over 346,000 pages of material dated within the putative class period.

In the spirit of cooperation, however, JELD-WEN will agree to accept your proposed expansion of the relevant time period to include documents generated between November 1, 2018 through November 15, 2018, and will agree to include your proposed search terms numbered 13-20, subject to our continuing objection that these terms are not likely to identify responsive documents.  As to the remaining search terms (1-12), we are willing to meet and confer if you would like to discuss limitations on those terms that might make them proportional to the needs of this litigation.  We are also willing to meet and confer regarding the additional custodians you propose.  We would like to understand Plaintiffs' basis for believing these custodians will have documents relevant to Plaintiffs' allegations here that are not duplicative of the prior productions.  Please let us know if you are available tomorrow or Wednesday to discuss.

Finally, please let us know when you are available to discuss the outstanding issues regarding the ESI Protocol.  Specifically, there seems to be a disconnect regarding the burden of the threading modifications you have proposed, so we think it makes sense to get on the phone with our respective tech people to hopefully hammer those out.

Best,


**Lindsey Weiss Harris**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3387  **M** +1 917 324 2258
**F** +1 212 446 4900

lindsey.harris@kirkland.com

**From:** Christie, James <JChristie@labaton.com>
**Sent:** Monday, December 28, 2020 4:10 PM
**To:** Harris, Lindsey Weiss <lindsey.harris@kirkland.com>; 'Pumphrey, Brian E.' <bpumphrey@mcguirewoods.com>; Hooe, Garrett H. <GHooe@mcguirewoods.com>; Magdalene Economou <MEconomou@rgrdlaw.com>; Riopelle, Brian C. <briopelle@mcguirewoods.com>; Schmalzbach, Brian D. <BSchmalzbach@mcguirewoods.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Fritzler, Rachel M. <rachel.fritzler@kirkland.com>; Rae, Jacob M. <jacob.rae@kirkland.com>; 'Peter.Simmons@friedfrank.com' <Peter.Simmons@friedfrank.com>; 'Corey.Baron@friedfrank.com' <Corey.Baron@friedfrank.com>; 'renee.turner@friedfrank.com' <renee.turner@friedfrank.com>; 'michael.keats@friedfrank.com' <michael.keats@friedfrank.com>; 'wharless@cblaw.com' <wharless@cblaw.com>; 'rlifson@cblaw.com' <rlifson@cblaw.com>; 'sfitzgerald@cblaw.com' <sfitzgerald@cblaw.com>; Robert Rothman <rrothman@rgrdlaw.com>; Debra Wyman <DebraW@rgrdlaw.com>; Rogers, Michael H. <MRogers@labaton.com>; Leggio, Philip <PLeggio@labaton.com>; Johnson, James

<JJohnson@labaton.com>; 'lmalone@odonoghuelaw.com' <lmalone@odonoghuelaw.com>; Rowley, Robert <RRowley@labaton.com>; Cividini, Derick <DCividini@labaton.com>
**Subject:** Re: JELD-WEN Securities Litigation -- Responses/Objections to Plaintiffs' Second RFP

Lindsey,

I hope you enjoyed the holiday weekend.  As I mentioned on the call, attached are our additions to Defendants' proposed search terms, custodians, and relevant time-period.  As you will see, we only added a modest number of additional custodians and terms and only extended the relevant time-period by a few months.  While we understand Defendants produced a large number of documents form the antirust actions, we note that only a small portion (less than 5%) appear to be from the Class Period.  Accordingly, we believe these additions are reasonable and proportional to the needs of the case.  We are available this week if you would like to discuss.

Best,
James

---

**From:** Harris, Lindsey Weiss <lindsey.harris@kirkland.com>
**Sent:** Wednesday, December 23, 2020 10:02 AM
**To:** Christie, James <JChristie@labaton.com>; 'Pumphrey, Brian E.' <bpumphrey@mcguirewoods.com>; Hooe, Garrett H. <GHooe@mcguirewoods.com>; Magdalene Economou <MEconomou@rgrdlaw.com>; Riopelle, Brian C. <briopelle@mcguirewoods.com>; Schmalzbach, Brian D. <BSchmalzbach@mcguirewoods.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Fritzler, Rachel M. <rachel.fritzler@kirkland.com>; Rae, Jacob M. <jacob.rae@kirkland.com>; 'Peter.Simmons@friedfrank.com' <Peter.Simmons@friedfrank.com>; 'Corey.Baron@friedfrank.com' <Corey.Baron@friedfrank.com>; 'renee.turner@friedfrank.com' <renee.turner@friedfrank.com>; 'michael.keats@friedfrank.com' <michael.keats@friedfrank.com>; 'wharless@cblaw.com' <wharless@cblaw.com>; 'rlifson@cblaw.com' <rlifson@cblaw.com>; 'sfitzgerald@cblaw.com' <sfitzgerald@cblaw.com>; Robert Rothman <rrothman@rgrdlaw.com>; Debra Wyman <DebraW@rgrdlaw.com>; Rogers, Michael H. <MRogers@labaton.com>; Leggio, Philip <PLeggio@labaton.com>; Johnson, James <JJohnson@labaton.com>; 'lmalone@odonoghuelaw.com' <lmalone@odonoghuelaw.com>
**Subject:** [EXTERNAL] RE: JELD-WEN Securities Litigation -- Responses/Objections to Plaintiffs' Second RFP

Hi James - how is noon today?

**Lindsey Weiss Harris**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3387  **M** +1 917 324 2258
**F** +1 212 446 4900

lindsey.harris@kirkland.com

**From:** Christie, James <JChristie@labaton.com>
**Sent:** Wednesday, December 23, 2020 9:44 AM
**To:** 'Pumphrey, Brian E.' <bpumphrey@mcguirewoods.com>; Hooe, Garrett H. <GHooe@mcguirewoods.com>; Harris, Lindsey Weiss <lindsey.harris@kirkland.com>; Magdalene Economou <MEconomou@rgrdlaw.com>; Riopelle, Brian C. <briopelle@mcguirewoods.com>; Schmalzbach, Brian D. <BSchmalzbach@mcguirewoods.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Fritzler, Rachel M. <rachel.fritzler@kirkland.com>; Rae, Jacob M. <jacob.rae@kirkland.com>; 'Peter.Simmons@friedfrank.com' <Peter.Simmons@friedfrank.com>; 'Corey.Baron@friedfrank.com' <Corey.Baron@friedfrank.com>; 'renee.turner@friedfrank.com'

14

<renee.turner@friedfrank.com>; 'michael.keats@friedfrank.com' <michael.keats@friedfrank.com>; 'wharless@cblaw.com' <wharless@cblaw.com>; 'rlifson@cblaw.com' <rlifson@cblaw.com>; 'sfitzgerald@cblaw.com' <sfitzgerald@cblaw.com>; Robert Rothman <rrothman@rgrdlaw.com>; Debra Wyman <DebraW@rgrdlaw.com>; Rogers, Michael H. <MRogers@labaton.com>; Leggio, Philip <PLeggio@labaton.com>; Johnson, James <JJohnson@labaton.com>; 'lmalone@odonoghuelaw.com' <lmalone@odonoghuelaw.com>
**Subject:** Re: JELD-WEN Securities Litigation -- Responses/Objections to Plaintiffs' Second RFP

Brian- Following up on my email below.  Please let us know when Defendants are available to discuss.

Best,
James

---

**From:** Christie, James
**Sent:** Friday, December 18, 2020 4:54 PM
**To:** 'Pumphrey, Brian E.' <bpumphrey@mcguirewoods.com>; Hooe, Garrett H. <GHooe@mcguirewoods.com>; 'Harris, Lindsey Weiss' <lindsey.harris@kirkland.com>; Magdalene Economou <MEconomou@rgrdlaw.com>; Riopelle, Brian C. <briopelle@mcguirewoods.com>; Schmalzbach, Brian D. <BSchmalzbach@mcguirewoods.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Fritzler, Rachel M. <rachel.fritzler@kirkland.com>; Rae, Jacob M. <jacob.rae@kirkland.com>; 'Peter.Simmons@friedfrank.com' <Peter.Simmons@friedfrank.com>; 'Corey.Baron@friedfrank.com' <Corey.Baron@friedfrank.com>; 'renee.turner@friedfrank.com' <renee.turner@friedfrank.com>; 'michael.keats@friedfrank.com' <michael.keats@friedfrank.com>; 'wharless@cblaw.com' <wharless@cblaw.com>; 'rlifson@cblaw.com' <rlifson@cblaw.com>; 'sfitzgerald@cblaw.com' <sfitzgerald@cblaw.com>; Robert Rothman <rrothman@rgrdlaw.com>; Debra Wyman <DebraW@rgrdlaw.com>; Rogers, Michael H. <MRogers@labaton.com>; Leggio, Philip <PLeggio@labaton.com>; Johnson, James <JJohnson@labaton.com>; 'lmalone@odonoghuelaw.com' <lmalone@odonoghuelaw.com>
**Subject:** RE: JELD-WEN Securities Litigation -- Responses/Objections to Plaintiffs' Second RFP

Brian,

Are defendants available to discuss the R&Os and search terms sometime early next week?  We are available Monday anytime after 11 am if that works on your end.

Have a good weekend,
James

---

**From:** Pumphrey, Brian E. [mailto:bpumphrey@mcguirewoods.com]
**Sent:** Monday, December 14, 2020 5:57 PM
**To:** Hooe, Garrett H.; 'Harris, Lindsey Weiss'; Magdalene Economou; Riopelle, Brian C.; Schmalzbach, Brian D.; Goldstein, Sandra C.; Fritzler, Rachel M.; Rae, Jacob M.; 'Peter.Simmons@friedfrank.com'; 'Corey.Baron@friedfrank.com'; 'renee.turner@friedfrank.com'; 'michael.keats@friedfrank.com'; 'wharless@cblaw.com'; 'rlifson@cblaw.com'; 'sfitzgerald@cblaw.com'; Robert Rothman; Debra Wyman; Christie, James; Rogers, Michael H.; Leggio, Philip; Johnson, James; 'lmalone@odonoghuelaw.com'
**Subject:** [EXTERNAL] JELD-WEN Securities Litigation -- Responses/Objections to Plaintiffs' Second RFP

Good evening counsel:

Please see the attached.

Thanks,
Brian

**Brian E. Pumphrey**
Partner
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
T:   +1 804 775 7745
M: +1 804 647 5126
F:   +1 804 698 2018
bpumphrey@mcguirewoods.com
Bio | VCard | LinkedIn | www.mcguirewoods.com

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*

***Privilege and Confidentiality Notice*** This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

***Privilege and Confidentiality Notice*** This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

***Privilege and Confidentiality Notice*** This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

***Privilege and Confidentiality Notice*** This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

***Privilege and Confidentiality Notice*** This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

***Privilege and Confidentiality Notice*** This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

***Privilege and Confidentiality Notice*** This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

***Privilege and Confidentiality Notice*** This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in

17

error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

***Privilege and Confidentiality Notice*** This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

***Privilege and Confidentiality Notice*** This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.