# EXHIBIT 18

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF VIRGINIA**

**(Richmond Division)**

| | |
|---|---|
| In re JELD-WEN HOLDING, INC. SECURITIES LITIGATION | ) Civil Action No. 3:20-cv-00112-JAG ) ) <u>CLASS ACTION</u> ) |
| This Document Relates To:<br><br>ALL ACTIONS. | ) ) ) ) ) |

**LEAD PLAINTIFFS' THIRD SET OF REQUESTS
FOR THE PRODUCTION OF DOCUMENTS TO THE JELD-WEN DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Lead Plaintiffs, the Public Employees' Retirement System of Mississippi and the Plumbers and Pipefitters National Pension Fund (collectively, "Lead Plaintiffs" or "Plaintiffs") and additional Plaintiff Wisconsin Laborers' Pension Fund, by and through its undersigned counsel, hereby propounds Lead Plaintiffs' Third Set of Requests for Production of Documents ("Document Requests" or "Requests") on Defendants Jeld-Wen Holding Inc. ("Jeld-Wen" or the "Company"), Mark A. Beck, L. Brooks Mallard, Kirk S. Hachigian, and Gary S. Michel (collectively, the "Individual Defendants" and together with Jeld-Wen, "Defendants"). Defendants shall produce for inspection and copying the requested documents within thirty (30) calendar days of service of the Requests at the offices of Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Melville, New York 11747, or at such other time and place as the parties mutually agree.

Plaintiffs request that such production be made in accordance with the "DEFINITIONS" and "INSTRUCTIONS" as set forth below. Plaintiffs reserve the right to amend and/or supplement these Requests.

**DEFINITIONS**

1.      Except as set forth below, all capitalized terms have the same meaning as set forth in the Complaint (defined below).

2.      "Action" refers to the above-captioned securities class action.

3.      "Jeld-Wen" or the "Company" refers to Defendant Jeld-Wen Holding, Inc. and all of its foreign and domestic subsidiaries, divisions, subdivisions, offices, affiliates, predecessors, successors, joint ventures, present and former officers, directors, Employees, representatives, agents, attorneys, accountants, advisors, and all other Persons acting or purporting to act on its behalf.

4.      "Complaint" refers to the Consolidated Class Action Complaint filed in the Action on June 22, 2020 (ECF No. 73).

5.      "Concern" or "concerning" or "relating to" means referring to, describing, evidencing, reflecting upon, regarding, or constituting.

6.      "Document" is to be interpreted in the broadest possible sense and includes all recorded, renderable, stored or retrievable information on any print or Electronic Media, Including handwriting, photographs, film, recordings, memoranda, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, electronic mail, text messages, SMS messages, Bloomberg messages, LinkedIn messages, LinkedIn posts, Facebook messages, Facebook posts, tweets, Snapchats, Instagram posts and messages, WhatsApp messages, Skype messages, WeChat messages and instant messages on other messaging applications and platforms, compact discs, CD-ROMs, DVD-ROMs, portable or external hard drives or other widely-used electronic or optical storage media, electronic data, magnetic tape, videotape, magnetic or optical disks, floppy disks, Microsoft Office or other spreadsheet, word processing or presentation software files, telegrams, mailgrams, correspondence, resolutions, work papers,

Reports, projects, tabulations, studies, surveys, legal complaints and other pleadings, affidavits, interrogatories or interrogatory responses, requests for admission or responses to requests for admission, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, telephone records, desk calendars, appointment books, circulars, charts, transcripts, news releases, trade releases, advertisements, press books, teletype messages, licenses, financial statements, stenographers' notebooks, punchcards, computer printouts and data, telecopier and facsimile transmissions and printouts, letters of credit, stock certificates, securities and recordings, notes or minutes of Meetings, conversations or telephone calls. The term "Document" also includes drafts, revisions or copies of any such Document if the draft, revision or copy is in any way different from the original, Including draft Documents, Correspondence and Communications that never resulted in any "final" version of any Document. "Documents" include, but are not limited to, all Correspondence, Communications, and ESI.

7.     "Financial Statements" refers, but is not limited to, the following Documents, whether audited or unaudited and whether restated, final, interim, pro forma, complete or partial: consolidated and non-consolidated balance sheets; statements of operations; statements of comprehensive income or loss; statements of cash flows; statements of changes in shareholders' equity; financial statement footnotes; financial statement projections; and business segments and notes that pertain to Jeld-Wen's past, present or future financial condition or operating results, including, but not limited to general ledgers, trial balances and work papers.

8.     "Including" means including without limitation.

9.      "Refer" means comprise, explicitly or implicitly refer to, reflect, record, memorialize, embody, discuss, evaluate, consider, review, report on, be reviewed in conjunction with, or be created, generated, or maintained as a result of the subject matter of the Request.

10.     "You" and "Your" means each of the Defendants, and, as applied to Jeld-Wen, means each of its affiliates, subsidiaries, divisions, subdivisions, practice groups, departments, predecessors, successors, or joint ventures.  Additionally, as applied to all Defendants, "You" and "Your" also means present and former partners, principals, officers, directors, Employees, representatives, agents, attorneys, advisors, and all other individuals acting or purporting to act on their respective behalves.

11.     "Interrogatory" refers to Lead Plaintiffs' First Set of Interrogatories to the Jeld-Wen Defendants, dated February 26, 2021.

### INSTRUCTIONS

1.      If You claim any form of privilege or any other objection, whether based on statute, common law, or otherwise as a ground for not producing any requested Document, please furnish a log identifying to the extent reasonably known each Document for which the privilege or other objection is claimed together with the following:

      (a)      the privilege being asserted;

      (b)      the Person on whose behalf the privilege is asserted;

      (c)      a precise statement of the facts upon which the claim of privilege is based; and

      (d)      the following information describing each purportedly privileged Document:

           (i)      a brief description sufficient to identify its nature (*e.g.*, agreement, letter, memorandum, tape, etc.);

- 4 -

(ii)     the subject matter and purpose of the Document;

(iii)    the date it was prepared;

(iv)    the date the Document bears;

(v)     the date the Document was sent;

(vi)    the date it was received;

(vii)   the identity of the Person preparing it;

(viii)  the identity of the Person sending it;

(ix)    the names of the Persons who received the Document;

(x)     the identity of each Person to whom it was sent or was intended to have been sent, Including all addressees and all recipients of copies;

(xi)    all Persons to whom its contents have been disclosed;

(xii)   a precise description of the place where each copy of that Document is kept, Including the title or description of the file in which said Document may be found and the location of such a file; and

(xiii)  a statement as to whom each identified lawyer represented or purported to represent at all relevant times.

2.      If a portion of any Document responsive to these Requests is withheld under claim of privilege, any non-privileged portion of such Document must be produced with the portion You claim to be privileged redacted.  Whenever a Document is not produced in full or is produced in redacted form, so indicate on the Document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of Your knowledge, information, and belief, and with as much particularity as possible, those portions of the Document which are not being produced, as set forth above in paragraph 1.

3.      In responding to these Requests, You shall produce all responsive Documents which are in Your possession, custody, or control, or in the possession, custody, or control of Your subsidiaries, affiliates, agents, Employees, attorneys, accountants, or other representatives.

4.      All Documents responsive to the Requests herein that are stored on Your electronic backup tapes or hard drives shall be produced.

5.      With respect to ESI formatting and production, You shall follow the Instructions set forth herein or, if entered by the Court prior to Your production of documents in response to these Requests, the instructions set forth in the Stipulation and Order Governing Discovery Matters and the Production of Electronically Stored Information ("ESI Protocol") for this Action. To the extent these Instructions for these Requests are inconsistent with the ESI Protocol, the ESI Protocol shall control.

6.      Pursuant to the Federal Rules of Civil Procedure, You are to produce for inspection and copying by Plaintiffs original Documents as they are kept in the usual course of business in their original folders, binders, covers, and containers or facsimile thereof, or, with respect to ESI, in either TIFF or TIFF along with native format, as explained in more detail below.  You shall produce the Documents as they are kept in the usual course of business or organize and label the Documents to correspond with the categories in these requests.  If the original is not in Your custody, then You are to produce a copy thereof, and all non-identical copies which differ from the original or from the other copies produced for any reason, Including copies that bear handwritten, electronic, or other notations.

7.      These Requests are specifically intended to encompass any data or information maintained in any form of computer memory or on computer hard drives or diskettes, Including any word processing or spread sheet programs or electronic mail systems, or in any form of

electronic or computer-related storage, whether or not You currently have "hard copy" printouts of the same.

8.      All Documents responsive to these Document Requests shall be produced with all metadata contained within such Documents in the usual course of business, Including as follows:

(a)      ESI should not be produced in a form that removes or degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

(b)      ESI should not be produced without first discussing production formatting issues with Plaintiffs' Counsel.  If You decline to search or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information regarding the burden or cost You claim is associated with the search or production of such ESI.

9.      You are to produce each Document requested herein in its entirety, with attachments and enclosures and without deletion or excision (except as qualified above) regardless of whether You consider the entire Document to be relevant or responsive to the Requests.  Each document that You cannot legibly copy should be produced in its original form. Documents not otherwise responsive to any of the Requests herein must be produced if such Documents are attached to a Document that is responsive to these Requests.  Whenever a Document or group of Documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, the Document or group of Documents must be produced with information identifying the cover or container.

10.     If a Document responsive to these Requests was at any time in Your possession, custody, or control, but is no longer available for production, as to each such Document, state the following information:

(a)     whether the Document is missing or lost;

(b)     whether it has been destroyed;

(c)     whether the Document has been transferred or delivered to another Person, and, if so, at whose request; and

(d)     whether the Document has been otherwise disposed of, and, if so, a precise statement of the circumstances (Including date) surrounding the disposition of the Document.

11.     If in responding to these Requests, You claim any ambiguity in interpreting a Request or a Definition or Instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to produce responsive Documents, but there shall be set forth as part of Your response the language You claim to be ambiguous and the interpretation chosen or used in responding to the Request.

12.     With respect to any category of Documents as to which You contend production is in some way "burdensome" or "oppressive," please state the specific reason for that objection.

13.     "All," "any," and "each" shall each be construed as encompassing any and all.

14.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request all Documents that might otherwise be construed to be outside of its scope.

15.     The singular shall include the plural, and the disjunctive shall include the conjunctive, and vice versa.

- 8 -

16. The past tense shall include the present tense and vice versa.

17. These Requests are continuing requests, and You are required to supplement Your productions with any new or newly discovered materials responsive to these Requests in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## RELEVANT TIME PERIOD

The Requests herein refer to the period from January 1, 2014 to April 1, 2019 (the "Relevant Period"), unless otherwise specifically indicated, and include all Documents that relate to such period, even though prepared or published outside of the Relevant Period.

## DOCUMENTS REQUESTED

**REQUEST NO. 25:**

All Documents supporting the statement that, as of October 2018, Jeld-Wen was "[n]ot realizing forecasted price increase in North America due to lack of price from Retail/National Accounts" and was experiencing "lower sales in Traditional where price realization has been good," as detailed under "Executive Summary-Major Issues" in the October 2018 Board of Directors presentation. *See* JW-SEC-01236806 at 09.

**REQUEST NO. 26:**

All Documents, Financial Statements, and analyses concerning Jeld-Wen's Q3 2018 adjusted EBITDA outlook of $143 million to $153 million, as disclosed in August 2018, Including, but not limited to, the expected EBITDA contribution from each of the following: North American (i) doors, (ii) doorskins, and (iii) interior molded doors.

**REQUEST NO. 27:**

All Documents, Financial Statements, and analyses concerning Jeld-Wen's adjusted EBITDA shortfall in Q3 2018 of $132.9 million compared to its Q3 2018 adjusted EBITDA outlook provided in August 2018 of $143 million to $153 million, Including, but not limited to,

- 9 -

the amount by which each of the following contributed to the shortfall: North American (i) doors, (ii) doorskins, and (iii) interior molded doors.

**REQUEST NO. 28:**

All Documents, Financial Statements, and analyses concerning Jeld-Wen's full-year 2018 Adjusted EBITDA guidance of $500 million to $520 million, as disclosed in August 2018, Including, but not limited to, the expected EBITDA contribution from each of the following on a monthly, quarterly and annual basis: North American (i) doors, (ii) doorskins, and (iii) interior molded doors.

**REQUEST NO. 29:**

All Documents, Financial Statements, and analyses concerning Jeld-Wen's lowering of its full-year 2018 Adjusted EBITDA guidance, as announced on or about October 15, 2018, to $455 million to $470 million compared to its 2018 adjusted EBITDA outlook provided in August 2018 of $500 million to $520 million.

**REQUEST NO. 30:**

All Documents, Financial Statements, and analyses concerning Jeld-Wen's $8.6 million revenue variance (vs. prior forecast) in the North American Doors business in Q3 2018 (*see* JW-SEC-01236806 at 17), Including, but not limited to, all Documents concerning the revenue variances associated with (i) doorskins and (ii) interior molded doors.

**REQUEST NO. 31:**

All Documents, Financial Statements, and analyses concerning Jeld-Wen's $11.7 million EBITDA variance (vs. prior forecast) in the North American Doors business in Q3 2018 (*see* JW-SEC-01236806 at 17), Including, but not limited to, all Documents concerning the EBITDA variances associated with (i) doorskins and (ii) interior molded doors.

- 10 -

**REQUEST NO. 32**:

All Documents, Financial Statements, and analyses concerning Jeld-Wen's $13.2 million revenue variance (vs. prior forecast) in the North American Doors business for Q4 2018, as of October 2018 (*see* JW-SEC-01236806 at 23), Including, but not limited to, all Documents concerning the revenue variances for (i) doorskins and (ii) interior molded doors.

**REQUEST NO. 33**:

All Documents, Financial Statements, and analyses concerning Jeld-Wen's $11.7 million EBITDA variance (vs. prior forecast) in the North American Doors business for Q4 2018, as of October 2018 (*see* JW-SEC-01236806 at 23), Including, but not limited to, all Documents concerning revenue variances for (i) doorskins and (ii) interior molded doors.

**REQUEST NO. 34**:

All Documents and Financial Statements sufficient to identify Jeld-Wen's quarterly revenues, gross margins, and EBITDA from doorskins and interior molded doors in North America on a monthly, quarterly and annual basis during the Relevant Period.

**REQUEST NO. 35**:

All Documents and Financial Statements analyzing Jeld-Wen's monthly, quarterly and annual revenues, gross margins, and EBITDA from doorskins and interior molded doors in North America during the Relevant Period, Including, but not limited to, all Documents concerning:

(a)     internal revenue, gross margin, and EBITDA forecasts and/or analyses of the variance of forecasted revenue, gross margin, and EBITDA to actual results;

(b)     forecasted price increases on doorskins and interior molded doors and/or analyses of the variance of forecasted price increases to actual result.

- 11 -

**REQUEST NO. 36:**

All Documents sufficient to show Jeld-Wen's revenues, gross margins, net margins and EBITDA for North American interior molded doors and doorskins for each month, quarter and year January 1, 2010 through the present.

**REQUEST NO. 37:**

For each customer listed in response to Interrogatory No. 1, provide all supply agreements or contracts.

**REQUEST NO. 38:**

All invoices issued to each of the customers identified in response to Interrogatory No. 1 sufficient to show itemized charges, fees, surcharges, and capital charges, as well as any rebates or pricing incentives from January 1, 2010 through October 15, 2018.

**REQUEST NO. 39:**

Any and all communications concerning any percentage increases and percentage changes, referenced in Interrogatory No. 3, sent to Steves and Sons from 2010 through 2018.

**REQUEST NO. 40:**

All invoices issued to each of the customers identified in response to Interrogatory No. 4 sufficient to show itemized charges, fees, surcharges, and capital charges, as well as any rebates or pricing incentives from January 1, 2014 through October 15, 2018.

DATED: February 26, 2021                Respectfully submitted,

                                      LABATON SUCHAROW LLP

                                          *s/ Michael H. Rogers*

- 12 -

JAMES W. JOHNSON (admitted *pro hac vice*)
MICHAEL H. ROGERS (admitted *pro hac vice*)
JAMES T. CHRISTIE (admitted *pro hac vice*)
PHILIP J. LEGGIO (admitted *pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
jjohnson@labaton.com
mrogers@labaton.com
jchristie@labaton.com
pleggio@labaton.com

*Counsel for Co-Lead Plaintiff Public Employees'*
*Retirement System of Mississippi and the Class*


ROBBINS GELLER RUDMAN
   & DOWD LLP
ROBERT M. ROTHMAN (Admitted *pro hac vice*)
WILLIAM J. GEDDISH (Admitted *pro hac vice*)
FRANCIS P. KARAM (Admitted *pro hac vice*)
MAGDALENE ECONOMOU
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
wgeddish@rgrdlaw.com
fkaram@rgrdlaw.com
meconomou@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
DEBRA J. WYMAN (Admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com

*Co-Lead Counsel for Plaintiff Plumbers and*
*Pipefitters National Pension Fund, Additional*
*Plaintiff Wisconsin Laborers' Pension Fund, and*
*the Class*

- 13 -

COHEN MILSTEIN SELLERS
  & TOLL PLLC
STEVEN J. TOLL (VSB No. 15300)
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005
Telephone: 202/408-4600
202/408-4699 (fax)
stoll@cohenmilstien.com

*Liaison Counsel for Lead Plaintiffs*

- 14 -

## CERTIFICATE OF SERVICE

I certify that on February 26, 2021, I caused a copy of the foregoing to be served on counsel for Defendants.


Dated:  February 26, 2021                    */s/ James T. Christie*
                                                James T. Christie