# EXHIBIT 19

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| IN RE: JELD-WEN HOLDING, INC. SECURITIES LITIGATION | Civil Action No. 3:20-cv-00112 <br><br> Judge John A. Gibney, Jr. |

**JELD-WEN DEFENDANTS' OBJECTIONS**
**TO LEAD PLAINTIFFS' THIRD SET OF REQUESTS**
**FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Civil Local Rules for the United States District Court for the Eastern District of Virginia (the "Local Rules"), Defendants JELD-WEN Holding, Inc. ("JELD-WEN" or the "Company"), Mark A. Beck, L. Brooks Mallard, Kirk S. Hachigian, and Gary S. Michel (collectively, the "Individual Defendants" and together with JELD-WEN, the "JELD-WEN Defendants"), through their undersigned attorneys, hereby respond to Lead Plaintiffs', the Public Employees' Retirement System of Mississippi and the Plumbers and Pipefitters National Pension Fund (collectively, "Lead Plaintiffs") and additional Plaintiff Wisconsin Laborers' Pension Fund (collectively, "Plaintiffs"), Third Set of Requests for the Production of Documents to the JELD-WEN Defendants (the "Document Requests" or the "Requests") as follows:

**PRELIMINARY STATEMENT**

The following responses and objections are based on the facts and information presently known and available to the JELD-WEN Defendants and are given without prejudice to their right to amend, modify or supplement the objections or responses stated herein. The JELD-WEN Defendants provide these responses in a good faith attempt to comply with the Requests. In doing so, the JELD-WEN Defendants do not admit the responsiveness, admissibility or relevance of any

1

response set forth below.  No incidental or implied admissions are intended in or by any of these responses.  That the JELD-WEN Defendants have responded to all or any part of a Request should not be taken as an admission that it accepts or admits the existence of any fact(s) set forth or assumed by that Request or that its response constitutes admissible evidence.  That the JELD-WEN Defendants have responded to all or any part of a Request is also not intended to be, and shall not be, a waiver of all or any part of its objection(s) to that Request.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.    The JELD-WEN Defendants object to the instruction in the preamble to the Requests to the extent that it purports to require the JELD-WEN Defendants to produce documents "within thirty (30) calendar days of service of the Requests."  The JELD-WEN Defendants will make documents available on a reasonable timeframe, consistent with the Federal and Local Rules.

2.    The JELD-WEN Defendants object to the definitions of "Jeld-Wen" and the "Company" as overbroad, vague, and ambiguous.  The JELD-WEN Defendants will construe the terms "Jeld-Wen" and the "Company" as referring to JELD-WEN Holding, Inc.

3.    The JELD-WEN Defendants object to the definition of "Document" as overbroad to the extent it differs from the usage of that term in Fed. R. Civ. P. 34(a)(1)(A).  The JELD-WEN Defendants will construe "Document" to have a meaning consistent with its definition in Fed. R. Civ. P. 34(a)(1)(A).

4.    The JELD-WEN Defendants object to the definition of "Financial Statements" as overbroad, vague, and ambiguous.  The JELD-WEN Defendants will construe "Financial Statements" to mean audited or unaudited financial statements.

5.    The JELD-WEN Defendants object to the definition of "You" and "Your" as overbroad, vague, and ambiguous.  The JELD-WEN Defendants will interpret "You" and "Your" to mean the JELD-WEN Defendants, individually and collectively.

6.      The JELD-WEN Defendants object to Instruction Nos. 1, 2, 6, 8–12, and 17 to the extent they seek to impose upon the JELD-WEN Defendants obligations in excess of those required under the Federal Rules, the Local Rules, or any order of the Court.

7.      The JELD-WEN Defendants object to Instruction No. 3 as overly broad, unduly burdensome, vague and ambiguous to the extent that it purports to enlarge the scope of the Requests to include information or documents that are not within the JELD-WEN Defendants' possession, custody, and control.  The JELD-WEN Defendants will interpret Instruction No. 3 as only applying to non-privileged documents in the JELD-WEN Defendants' possession, custody, or control as those terms are defined in Federal Rule of Civil Procedure 34 and the related case law interpreting the meaning of those terms.

8.      The JELD-WEN Defendants object to Instruction No. 4 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requires production of archived data that may not be reasonably accessible without incurring costs and burdens that are not proportional to the needs of the case.

9.      The JELD-WEN Defendants object to Instruction No. 5 to the extent it seeks to impose upon the JELD-WEN Defendants obligations in excess of those required under the Federal Rules, the Local Rules, or any order of the Court.  To the extent the parties agree to an ESI Protocol, the JELD-WEN Defendants will produce documents in a manner consistent with its terms.

10.     The JELD-WEN Defendants object to Lead Plaintiffs' designation of "Relevant Time Period" as overly broad, unduly burdensome, and not proportional to the needs of the case because Lead Plaintiffs' designation purports to require the JELD-WEN Defendants to produce documents that are dated or were prepared over three years before, and many months after, the putative class period.  Subject to and without waiving the objections stated herein, and unless

3

otherwise stated, the JELD-WEN Defendants will interpret the "Relevant Time Period" to be from January 26, 2017 through October 15, 2018, inclusive.

## SPECIFIC RESPONSES AND OBJECTIONS

The following Specific Objections are subject to the Objections to Definitions and Instructions set forth above.  By setting forth specific objections, the JELD-WEN Defendants do not intend to limit or restrict the Objections to Definitions and Instructions.  The JELD-WEN Defendants expressly incorporate the Objections to Definitions and Instructions into their responses to each Request.  To the extent that the JELD-WEN Defendants respond to any Request, any stated objections are not waived by providing responses.

**DOCUMENT REQUEST NO. 25:**

All Documents supporting the statement that, as of October 2018, Jeld-Wen was "[n]ot realizing forecasted price increase in North America due to lack of price from Retail/National Accounts" and was experiencing "lower sales in Traditional where price realization has been good," as detailed under "Executive Summary-Major Issues" in the October 2018 Board of Directors presentation. *See* JW-SEC-01236806 at 09.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

The JELD-WEN Defendants object to Request No. 25 to the extent it seeks documents duplicative of those sought in Request Nos. 1, 11, and 18.  The JELD-WEN Defendants further object to Request No. 25 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require the JELD-WEN Defendants to duplicate discovery efforts already undertaken in the Prior Litigation or in response to Lead Plaintiffs' Second Set of Requests for Production.  To date in this action, the JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in *Steves & Sons, Inc. v. Jeld-Wen, Inc.*, No. 3:16-cv-545 (E.D. Va.) (the "*Steves* Action"), *In re: Interior Molded Doors Antitrust Litig.*, No. 3:18-cv-718 (E.D. Va.) (the "DPP Action") and *In re: Interior Molded Doors Indirect Purchaser Antitrust Litig.*, No. 3:18-cv-850 (E.D. Va.) (the "IPP Action")

4

(collectively, the "Prior Litigation"), including documents responsive to this Request. JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive: JELD-WEN reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 25.

In addition, the JELD-WEN Defendants and Lead Plaintiffs have held numerous meet-and-confers during the over five-month discovery period in this Action to date. As a result of those meet-and-confers, Lead Plaintiffs identified relevant time limitations, custodians, and search terms applicable to the 24 requests for production served on October 29, 2020 and November 13, 2020. Although the JELD-WEN Defendants disagreed with the relevance of and burden imposed by Lead Plaintiffs' requested custodians and search terms, the JELD-WEN Defendants nonetheless agreed and undertook an extensive document collection, review and production that included the review of over 178,000 documents, collected from 17 custodians, identified using hundreds of search terms agreed by the parties, including terms aimed at targeting the topics identified in Request No. 25. To date, the JELD-WEN Defendants have produced nearly 30,000 additional documents (totaling over 270,000 additional pages) not previously produced in the Prior Litigation. The further collection, review, and production required by Request No. 25 would be unduly burdensome and disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1) in light of the substantial efforts and resources the JELD-WEN Defendants have already expended identifying discovery on these topics.

The JELD-WEN Defendants object to Request No. 25 because it is unduly burdensome to the extent Lead Plaintiffs served 16 additional document requests 4 months after Judge Gibney's decision denying Defendants' motions to dismiss and only 31 days before the close of discovery.

These requests call for information outside of the previously agreed-upon time limitations, custodians, and search terms, effectively asking the JELD-WEN Defendants to restart the entire document collection, review, and production process less than 31 days before the end of discovery. The burden on the JELD-WEN Defendants vastly outweighs Lead Plaintiffs' need for these documents, given that they waited 4 months to even ask for them.

The JELD-WEN Defendants object to Request No. 25 to the extent it seeks documents that are publicly available. The JELD-WEN Defendants further object to Request No. 25 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

The JELD-WEN Defendants object to Request No. 25 as irrelevant to the extent it seeks "All Documents supporting the statement that, as of October 2018, Jeld-Wen was '[n]ot realizing forecasted price increase in North America due to lack of price from Retail/National Accounts' and was experiencing 'lower sales in Traditional where price realization has been good,' as detailed under 'Executive Summary-Major Issues' in the October 2018 Board of Directors presentation." In this action, Plaintiffs bring claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, alleging that the JELD-WEN Defendants made allegedly false and misleading statements related to the competitive impact of JELD-WEN's merger with CraftMaster Manufacturing Inc. ("CMI") as well as its pricing of *doorskins*, an ancillary product—not its North American doors business *generally*, which includes separate and distinct doors products, such as interior molded, skins, stile and rail, flush, solid wood, and so on, and certainly not its entire North American business overall. Under the Federal Rules, Plaintiffs are entitled only to "discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense." Fed. R. Civ.

6

P. 26(b) (emphasis added); Fed. R. Evid. 401. Thus, Request No. 25 is irrelevant to the extent it seeks "All Documents" relating broadly to JELD-WEN's North American business and includes products and business segments outside the scope of this litigation.

**DOCUMENT REQUEST NO. 26:**

All Documents, Financial Statements, and analyses concerning Jeld-Wen's Q3 2018 adjusted EBITDA outlook of $143 million to $153 million, as disclosed in August 2018, Including, but not limited to, the expected EBITDA contribution from each of the following: North American (i) doors, (ii) doorskins, and (iii) interior molded doors.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

The JELD-WEN Defendants object to Request No. 26 to the extent it seeks documents duplicative of those sought in Request Nos. 1, 16, and 17. The JELD-WEN Defendants further object to Request No. 26 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require the JELD-WEN Defendants to duplicate discovery efforts already undertaken in the Prior Litigation or in response to Lead Plaintiffs' Second Set of Requests for Production. To date in this action, the JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request. JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive: JELD-WEN reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 26.

In addition, the JELD-WEN Defendants and Lead Plaintiffs have held numerous meet-and-confers during the over five-month discovery period in this Action to date. As a result of those meet-and-confers, Lead Plaintiffs identified relevant time limitations, custodians, and search terms applicable to the 24 requests for production served on October 29, 2020 and November 13, 2020.

7

Although the JELD-WEN Defendants disagreed with the relevance of and burden imposed by Lead Plaintiffs' requested custodians and search terms, the JELD-WEN Defendants nonetheless agreed and undertook an extensive document collection, review and production that included the review of over 178,000 documents, collected from 17 custodians, identified using hundreds of search terms agreed by the parties, including terms aimed at targeting the topics identified in Request No. 26. To date, the JELD-WEN Defendants have produced nearly 30,000 additional documents (totaling over 270,000 additional pages) not previously produced in the Prior Litigation. The further collection, review, and production required by Request No. 26 would be unduly burdensome and disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1) in light of the substantial efforts and resources the JELD-WEN Defendants have already expended identifying discovery on these topics.

The JELD-WEN Defendants object to Request No. 26 because it is unduly burdensome to the extent Lead Plaintiffs served 16 additional document requests 4 months after Judge Gibney's decision denying Defendants' motions to dismiss and only 31 days before the close of discovery. These requests call for information outside of the previously agreed-upon time limitations, custodians, and search terms, effectively asking the JELD-WEN Defendants to restart the entire document collection, review, and production process less than 31 days before the end of discovery. The burden on the JELD-WEN Defendants vastly outweighs Lead Plaintiffs' need for these documents, given that they waited 4 months to even ask for them.

The JELD-WEN Defendants object to Request No. 26 to the extent it seeks documents that are publicly available. The JELD-WEN Defendants object to Request No. 26 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint

8

defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

The JELD-WEN Defendants object to Request No. 26 as irrelevant to the extent it seeks "All Documents, Financial Statements, and analyses concerning . . . the expected EBITDA contribution from each of the following: North American (i) doors . . . and (iii) interior molded doors." In this action, Plaintiffs bring claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, alleging that the JELD-WEN Defendants made allegedly false and misleading statements related to the competitive impact of JELD-WEN's merger with CraftMaster Manufacturing Inc. ("CMI") as well as its pricing of *doorskins*, an ancillary product—not its North American doors business *generally*, which includes separate and distinct doors products, such as interior molded, skins, stile and rail, flush, solid wood, and so on. Under the Federal Rules, Plaintiffs are entitled only to "discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense." Fed. R. Civ. P. 26(b) (emphasis added); Fed. R. Evid. 401. Thus, Request No. 26 is irrelevant to the extent it seeks "All Documents" relating broadly to JELD-WEN's North American business and includes products and business segments outside the scope of this litigation.

**DOCUMENT REQUEST NO. 27:**

All Documents, Financial Statements, and analyses concerning Jeld-Wen's adjusted EBITDA shortfall in Q3 2018 of $132.9 million compared to its Q3 2018 adjusted EBITDA outlook provided in August 2018 of $143 million to $153 million, Including, but not limited to, the amount by which each of the following contributed to the shortfall: North American (i) doors, (ii) doorskins, and (iii) interior molded doors.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

The JELD-WEN Defendants object to Request No. 27 to the extent it seeks documents duplicative of those sought in Request Nos. 1, 16, and 17. The JELD-WEN Defendants further object to Request No. 27 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require the JELD-WEN Defendants to duplicate discovery efforts

9

already undertaken in the Prior Litigation or in response to Lead Plaintiffs' Second Set of Requests for Production. To date in this action, the JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request. JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive: JELD-WEN reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 27.

In addition, the JELD-WEN Defendants and Lead Plaintiffs have held numerous meet-and-confers during the over five-month discovery period in this Action to date. As a result of those meet-and-confers, Lead Plaintiffs identified relevant time limitations, custodians, and search terms applicable to the 24 requests for production served on October 29, 2020 and November 13, 2020. Although the JELD-WEN Defendants disagreed with the relevance of and burden imposed by Lead Plaintiffs' requested custodians and search terms, the JELD-WEN Defendants nonetheless agreed and undertook an extensive document collection, review and production that included the review of over 178,000 documents, collected from 17 custodians, identified using hundreds of search terms agreed by the parties, including terms aimed at targeting the topics identified in Request No. 27. To date, the JELD-WEN Defendants have produced nearly 30,000 additional documents (totaling over 270,000 additional pages) not previously produced in the Prior Litigation. The further collection, review, and production required by Request No. 27 would be unduly burdensome and disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1) in light of the substantial efforts and resources the JELD-WEN Defendants have already expended identifying discovery on these topics.

The JELD-WEN Defendants object to Request No. 27 because it is unduly burdensome to the extent Lead Plaintiffs served 16 additional document requests 4 months after Judge Gibney's decision denying Defendants' motions to dismiss and only 31 days before the close of discovery. These requests call for information outside of the previously agreed-upon time limitations, custodians, and search terms, effectively asking the JELD-WEN Defendants to restart the entire document collection, review, and production process less than 31 days before the end of discovery. The burden on the JELD-WEN Defendants vastly outweighs Lead Plaintiffs' need for these documents, given that they waited 4 months to even ask for them.

The JELD-WEN Defendants object to Request No. 27 to the extent it seeks documents that are publicly available.  The JELD-WEN Defendants further object to Request No. 27 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

The JELD-WEN Defendants object to Request No. 27 as irrelevant to the extent it seeks "All Documents, Financial Statements, and analyses concerning Jeld-Wen's adjusted EBITDA shortfall in Q3 2018 . . . Including, but not limited to, the amount by which each of the following contributed to the shortfall: North American (i) doors . . . and (iii) interior molded doors."  In this action, Plaintiffs bring claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, alleging that the JELD-WEN Defendants made allegedly false and misleading statements related to the competitive impact of JELD-WEN's merger with CraftMaster Manufacturing Inc. ("CMI") as well as its pricing of ***doorskins***, an ancillary product—not its North American doors business ***generally***, which includes separate and distinct doors products, such as interior molded, skins, stile and rail, flush, solid wood, and so on.  Under the Federal Rules, Plaintiffs are entitled only to "discovery

regarding any nonprivileged matter that is ***relevant*** to any party's claim or defense." Fed. R. Civ. P. 26(b) (emphasis added); Fed. R. Evid. 401. Thus, Request No. 27 is irrelevant to the extent it seeks "All Documents" relating broadly to JELD-WEN's North American business and includes products and business segments outside the scope of this litigation.

**DOCUMENT REQUEST NO. 28:**

All Documents, Financial Statements, and analyses concerning Jeld-Wen's full-year 2018 Adjusted EBITDA guidance of $500 million to $520 million, as disclosed in August 2018, Including, but not limited to, the expected EBITDA contribution from each of the following on a monthly, quarterly and annual basis: North American (i) doors, (ii) doorskins, and (iii) interior molded doors.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

The JELD-WEN Defendants object to Request No. 28 to the extent it seeks documents duplicative of those sought in Request Nos. 1, 16, and 17. The JELD-WEN Defendants further object to Request No. 28 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require the JELD-WEN Defendants to duplicate discovery efforts already undertaken in the Prior Litigation or in response to Lead Plaintiffs' Second Set of Requests for Production. To date in this action, the JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request. JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive: JELD-WEN reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 28.

In addition, the JELD-WEN Defendants and Lead Plaintiffs have held numerous meet-and-confers during the over five-month discovery period in this Action to date. As a result of those meet-and-confers, Lead Plaintiffs identified relevant time limitations, custodians, and search terms

12

applicable to the 24 requests for production served on October 29, 2020 and November 13, 2020. Although the JELD-WEN Defendants disagreed with the relevance of and burden imposed by Lead Plaintiffs' requested custodians and search terms, the JELD-WEN Defendants nonetheless agreed and undertook an extensive document collection, review and production that included the review of over 178,000 documents, collected from 17 custodians, identified using hundreds of search terms agreed by the parties, including terms aimed at targeting the topics identified in Request No. 28. To date, the JELD-WEN Defendants have produced nearly 30,000 additional documents (totaling over 270,000 additional pages) not previously produced in the Prior Litigation. The further collection, review, and production required by Request No. 28 would be unduly burdensome and disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1) in light of the substantial efforts and resources the JELD-WEN Defendants have already expended identifying discovery on these topics.

The JELD-WEN Defendants object to Request No. 28 because it is unduly burdensome to the extent Lead Plaintiffs served 16 additional document requests 4 months after Judge Gibney's decision denying Defendants' motions to dismiss and only 31 days before the close of discovery. These requests call for information outside of the previously agreed-upon time limitations, custodians, and search terms, effectively asking the JELD-WEN Defendants to restart the entire document collection, review, and production process less than 31 days before the end of discovery. The burden on the JELD-WEN Defendants vastly outweighs Lead Plaintiffs' need for these documents, given that they waited 4 months to even ask for them.

The JELD-WEN Defendants object to Request No. 28 to the extent it seeks documents that are publicly available. The JELD-WEN Defendants object to Request No. 28 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint

defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

The JELD-WEN Defendants object to Request No. 28 as irrelevant to the extent it seeks "All Documents, Financial Statements, and analyses concerning Jeld-Wen's full-year 2018 Adjusted EBITDA guidance . . . Including, but not limited to, the expected EBITDA contribution from each of the following on a monthly, quarterly and annual basis: North American (i) doors . . . and (iii) interior molded doors." In this action, Plaintiffs bring claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, alleging that the JELD-WEN Defendants made allegedly false and misleading statements related to the competitive impact of JELD-WEN's merger with CraftMaster Manufacturing Inc. ("CMI") as well as its pricing of ***doorskins***, an ancillary product—not its North American doors business ***generally***, which includes separate and distinct doors products, such as interior molded, skins, stile and rail, flush, solid wood, and so on. Under the Federal Rules, Plaintiffs are entitled only to "discovery regarding any nonprivileged matter that is ***relevant*** to any party's claim or defense." Fed. R. Civ. P. 26(b) (emphasis added); Fed. R. Evid. 401. Thus, Request No. 28 is irrelevant to the extent it seeks "All Documents" relating broadly to JELD-WEN's North American business and includes products and business segments outside the scope of this litigation.

**DOCUMENT REQUEST NO. 29:**

All Documents, Financial Statements, and analyses concerning Jeld-Wen's lowering of its full-year 2018 Adjusted EBITDA guidance, as announced on or about October 15, 2018, to $455 million to $470 million compared to its 2018 adjusted EBITDA outlook provided in August 2018 of $500 million to $520 million.

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

The JELD-WEN Defendants object to Request No. 29 to the extent it seeks documents duplicative of those sought in Request Nos. 1 and 16. The JELD-WEN Defendants further object

to Request No. 29 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require the JELD-WEN Defendants to duplicate discovery efforts already undertaken in the Prior Litigation or in response to Lead Plaintiffs' Second Set of Requests for Production. To date in this action, the JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request. JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive: JELD-WEN reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 29.

In addition, the JELD-WEN Defendants and Lead Plaintiffs have held numerous meet-and-confers during the over five-month discovery period in this Action to date. As a result of those meet-and-confers, Lead Plaintiffs identified relevant time limitations, custodians, and search terms applicable to the 24 requests for production served on October 29, 2020 and November 13, 2020. Although the JELD-WEN Defendants disagreed with the relevance of and burden imposed by Lead Plaintiffs' requested custodians and search terms, the JELD-WEN Defendants nonetheless agreed and undertook an extensive document collection, review and production that included the review of over 178,000 documents, collected from 17 custodians, identified using hundreds of search terms agreed by the parties, including terms aimed at targeting the topics identified in Request No. 29. To date, the JELD-WEN Defendants have produced nearly 30,000 additional documents (totaling over 270,000 additional pages) not previously produced in the Prior Litigation. The further collection, review, and production required by Request No. 29 would be unduly burdensome and disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1)

15

in light of the substantial efforts and resources the JELD-WEN Defendants have already expended identifying discovery on these topics.

The JELD-WEN Defendants object to Request No. 29 because it is unduly burdensome to the extent Lead Plaintiffs served 16 additional document requests 4 months after Judge Gibney's decision denying Defendants' motions to dismiss and only 31 days before the close of discovery. These requests call for information outside of the previously agreed-upon time limitations, custodians, and search terms, effectively asking the JELD-WEN Defendants to restart the entire document collection, review, and production process less than 31 days before the end of discovery. The burden on the JELD-WEN Defendants vastly outweighs Lead Plaintiffs' need for these documents, given that they waited 4 months to even ask for them.

The JELD-WEN Defendants object to Request No. 29 to the extent it seeks documents that are publicly available. The JELD-WEN Defendants further object to Request No. 29 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

**DOCUMENT REQUEST NO. 30:**

All Documents, Financial Statements, and analyses concerning Jeld-Wen's $8.6 million revenue variance (vs. prior forecast) in the North American Doors business in Q3 2018 (*see* JW-SEC-01236806 at 17), Including, but not limited to, all Documents concerning the revenue variances associated with (i) doorskins and (ii) interior molded doors.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

The JELD-WEN Defendants object to Request No. 30 to the extent it seeks documents duplicative of those sought in Request Nos. 1, 17, and 18. The JELD-WEN Defendants further object to Request No. 30 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require the JELD-WEN Defendants to duplicate discovery efforts

16

already undertaken in the Prior Litigation or in response to Lead Plaintiffs' Second Set of Requests for Production. To date in this action, the JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request. JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive: JELD-WEN reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 30.

In addition, the JELD-WEN Defendants and Lead Plaintiffs have held numerous meet-and-confers during the over five-month discovery period in this Action to date. As a result of those meet-and-confers, Lead Plaintiffs identified relevant time limitations, custodians, and search terms applicable to the 24 requests for production served on October 29, 2020 and November 13, 2020. Although the JELD-WEN Defendants disagreed with the relevance of and burden imposed by Lead Plaintiffs' requested custodians and search terms, the JELD-WEN Defendants nonetheless agreed and undertook an extensive document collection, review and production that included the review of over 178,000 documents, collected from 17 custodians, identified using hundreds of search terms agreed by the parties, including terms aimed at targeting the topics identified in Request No. 30. To date, the JELD-WEN Defendants have produced nearly 30,000 additional documents (totaling over 270,000 additional pages) not previously produced in the Prior Litigation. The further collection, review, and production required by Request No. 30 would be unduly burdensome and disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1) in light of the substantial efforts and resources the JELD-WEN Defendants have already expended identifying discovery on these topics.

The JELD-WEN Defendants object to Request No. 30 because it is unduly burdensome to the extent Lead Plaintiffs served 16 additional document requests 4 months after Judge Gibney's decision denying Defendants' motions to dismiss and only 31 days before the close of discovery. These requests call for information outside of the previously agreed-upon time limitations, custodians, and search terms, effectively asking the JELD-WEN Defendants to restart the entire document collection, review, and production process less than 31 days before the end of discovery. The burden on the JELD-WEN Defendants vastly outweighs Lead Plaintiffs' need for these documents, given that they waited 4 months to even ask for them.

The JELD-WEN Defendants object to Request No. 30 to the extent it seeks documents that are publicly available.  The JELD-WEN Defendants further object to Request No. 30 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

The JELD-WEN Defendants object to Request No. 30 as irrelevant to the extent it seeks "All Documents, Financial Statements, and analyses concerning Jeld-Wen's $8.6 million revenue variance (vs. prior forecast) in the North American Doors business in Q3 2018 (*see* JW-SEC-01236806 at 17), Including, but not limited to, all Documents concerning the revenue variances associated with . . . interior molded doors."  In this action, Plaintiffs bring claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, alleging that the JELD-WEN Defendants made allegedly false and misleading statements related to the competitive impact of JELD-WEN's merger with CraftMaster Manufacturing Inc. ("CMI") as well as its pricing of ***doorskins***, an ancillary product—not its North American doors business ***generally***, which includes separate and distinct doors products, such as interior molded, skins, stile and rail, flush, solid wood, and so on.

18

Under the Federal Rules, Plaintiffs are entitled only to "discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense." Fed. R. Civ. P. 26(b) (emphasis added); Fed. R. Evid. 401. Thus, Request No. 30 is irrelevant to the extent it seeks "All Documents" relating broadly to JELD-WEN's North American business and includes products and business segments outside the scope of this litigation.

**DOCUMENT REQUEST NO. 31:**

All Documents, Financial Statements, and analyses concerning Jeld-Wen's $11.7 million EBITDA variance (vs. prior forecast) in the North American Doors business in Q3 2018 (*see* JW-SEC-01236806 at 17), Including, but not limited to, all Documents concerning the EBITDA variances associated with (i) doorskins and (ii) interior molded doors.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

The JELD-WEN Defendants object to Request No. 31 to the extent it seeks documents duplicative of those sought in Request Nos. 1, 17, and 18. The JELD-WEN Defendants further object to Request No. 31 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require the JELD-WEN Defendants to duplicate discovery efforts already undertaken in the Prior Litigation or in response to Lead Plaintiffs' Second Set of Requests for Production. To date in this action, the JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request. JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive: JELD-WEN reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 31.

In addition, the JELD-WEN Defendants and Lead Plaintiffs have held numerous meet-and-confers during the over five-month discovery period in this Action to date. As a result of those

19

meet-and-confers, Lead Plaintiffs identified relevant time limitations, custodians, and search terms applicable to the 24 requests for production served on October 29, 2020 and November 13, 2020. Although the JELD-WEN Defendants disagreed with the relevance of and burden imposed by Lead Plaintiffs' requested custodians and search terms, the JELD-WEN Defendants nonetheless agreed and undertook an extensive document collection, review and production that included the review of over 178,000 documents, collected from 17 custodians, identified using hundreds of search terms agreed by the parties, including terms aimed at targeting the topics identified in Request No. 31.  To date, the JELD-WEN Defendants have produced nearly 30,000 additional documents (totaling over 270,000 additional pages) not previously produced in the Prior Litigation.  The further collection, review, and production required by Request No. 31 would be unduly burdensome and disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1) in light of the substantial efforts and resources the JELD-WEN Defendants have already expended identifying discovery on these topics.

The JELD-WEN Defendants object to Request No. 31 because it is unduly burdensome to the extent Lead Plaintiffs served 16 additional document requests 4 months after Judge Gibney's decision denying Defendants' motions to dismiss and only 31 days before the close of discovery. These requests call for information outside of the previously agreed-upon time limitations, custodians, and search terms, effectively asking the JELD-WEN Defendants to restart the entire document collection, review, and production process less than 31 days before the end of discovery. The burden on the JELD-WEN Defendants vastly outweighs Lead Plaintiffs' need for these documents, given that they waited 4 months to even ask for them.

The JELD-WEN Defendants object to Request No. 31 to the extent it seeks documents that are publicly available.  The JELD-WEN Defendants further object to Request No. 31 to the extent

20

it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

The JELD-WEN Defendants object to Request No. 31 as irrelevant to the extent it seeks "All Documents, Financial Statements, and analyses concerning Jeld-Wen's $11.7 million EBITDA variance (vs. prior forecast) in the North American Doors business in Q3 2018 (*see* JW-SEC-01236806 at 17), Including, but not limited to, all Documents concerning the EBITDA variances associated with . . . interior molded doors."  In this action, Plaintiffs bring claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, alleging that the JELD-WEN Defendants made allegedly false and misleading statements related to the competitive impact of JELD-WEN's merger with CraftMaster Manufacturing Inc. ("CMI") as well as its pricing of ***doorskins***, an ancillary product—not its North American doors business ***generally***, which includes separate and distinct doors products, such as interior molded, skins, stile and rail, flush, solid wood, and so on.  Under the Federal Rules, Plaintiffs are entitled only to "discovery regarding any nonprivileged matter that is ***relevant*** to any party's claim or defense."  Fed. R. Civ. P. 26(b) (emphasis added); Fed. R. Evid. 401.  Thus, Request No. 31 is irrelevant to the extent it seeks "All Documents" relating broadly to JELD-WEN's North American business and includes products and business segments outside the scope of this litigation.

**DOCUMENT REQUEST NO. 32:**

All Documents, Financial Statements, and analyses concerning Jeld-Wen's $13.2 million revenue variance (vs. prior forecast) in the North American Doors business for Q4 2018, as of October 2018 (*see* JW-SEC-01236806 at 23), Including, but not limited to, all Documents concerning the revenue variances for (i) doorskins and (ii) interior molded doors.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

The JELD-WEN Defendants object to Request No. 32 to the extent it seeks documents duplicative of those sought in Request Nos. 1, 17, and 18. The JELD-WEN Defendants further object to Request No. 32 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require the JELD-WEN Defendants to duplicate discovery efforts already undertaken in the Prior Litigation or in response to Lead Plaintiffs' Second Set of Requests for Production. To date in this action, the JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request. JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive: JELD-WEN reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 32.

In addition, the JELD-WEN Defendants and Lead Plaintiffs have held numerous meet-and-confers during the over five-month discovery period in this Action to date. As a result of those meet-and-confers, Lead Plaintiffs identified relevant time limitations, custodians, and search terms applicable to the 24 requests for production served on October 29, 2020 and November 13, 2020. Although the JELD-WEN Defendants disagreed with the relevance of and burden imposed by Lead Plaintiffs' requested custodians and search terms, the JELD-WEN Defendants nonetheless agreed and undertook an extensive document collection, review and production that included the review of over 178,000 documents, collected from 17 custodians, identified using hundreds of search terms agreed by the parties, including terms aimed at targeting the topics identified in Request No. 32. To date, the JELD-WEN Defendants have produced nearly 30,000 additional

22

documents (totaling over 270,000 additional pages) not previously produced in the Prior Litigation. The further collection, review, and production required by Request No. 32 would be unduly burdensome and disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1) in light of the substantial efforts and resources the JELD-WEN Defendants have already expended identifying discovery on these topics.

The JELD-WEN Defendants object to Request No. 32 because it is unduly burdensome to the extent Lead Plaintiffs served 16 additional document requests 4 months after Judge Gibney's decision denying Defendants' motions to dismiss and only 31 days before the close of discovery. These requests call for information outside of the previously agreed-upon time limitations, custodians, and search terms, effectively asking the JELD-WEN Defendants to restart the entire document collection, review, and production process less than 31 days before the end of discovery. The burden on the JELD-WEN Defendants vastly outweighs Lead Plaintiffs' need for these documents, given that they waited 4 months to even ask for them.

The JELD-WEN Defendants object to Request No. 32 to the extent it seeks documents that are publicly available. The JELD-WEN Defendants further object to Request No. 32 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

The JELD-WEN Defendants object to Request No. 32 as irrelevant to the extent it seeks "All Documents, Financial Statements, and analyses concerning Jeld-Wen's $13.2 million revenue variance (vs. prior forecast) in the North American Doors business for Q4 2018, as of October 2018 (see JW-SEC-01236806 at 23), Including, but not limited to, all Documents concerning the revenue variances for . . . interior molded doors." In this action, Plaintiffs bring claims pursuant

23

to Sections 10(b) and 20(a) of the Exchange Act, alleging that the JELD-WEN Defendants made allegedly false and misleading statements related to the competitive impact of JELD-WEN's merger with CraftMaster Manufacturing Inc. ("CMI") as well as its pricing of ***doorskins***, an ancillary product—not its North American doors business ***generally***, which includes separate and distinct doors products, such as interior molded, skins, stile and rail, flush, solid wood, and so on. Under the Federal Rules, Plaintiffs are entitled only to "discovery regarding any nonprivileged matter that is ***relevant*** to any party's claim or defense." Fed. R. Civ. P. 26(b) (emphasis added); Fed. R. Evid. 401. Thus, Request No. 32 is irrelevant to the extent it seeks "All Documents" relating broadly to JELD-WEN's North American business and includes products and business segments outside the scope of this litigation.

**DOCUMENT REQUEST NO. 33:**

All Documents, Financial Statements, and analyses concerning Jeld-Wen's $11.7 million EBITDA variance (vs. prior forecast) in the North American Doors business for Q4 2018, as of October 2018 (*see* JW-SEC-01236806 at 23), Including, but not limited to, all Documents concerning revenue variances for (i) doorskins and (ii) interior molded doors.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

The JELD-WEN Defendants object to Request No. 33 to the extent it seeks documents duplicative of those sought in Request Nos. 1, 17, and 18. The JELD-WEN Defendants further object to Request No. 33 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require the JELD-WEN Defendants to duplicate discovery efforts already undertaken in the Prior Litigation or in response to Lead Plaintiffs' Second Set of Requests for Production. To date in this action, the JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request. JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive: JELD-WEN

24

reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 33.

In addition, the JELD-WEN Defendants and Lead Plaintiffs have held numerous meet-and-confers during the over five-month discovery period in this Action to date.  As a result of those meet-and-confers, Lead Plaintiffs identified relevant time limitations, custodians, and search terms applicable to the 24 requests for production served on October 29, 2020 and November 13, 2020.  Although the JELD-WEN Defendants disagreed with the relevance of and burden imposed by Lead Plaintiffs' requested custodians and search terms, the JELD-WEN Defendants nonetheless agreed and undertook an extensive document collection, review and production that included the review of over 178,000 documents, collected from 17 custodians, identified using hundreds of search terms agreed by the parties, including terms aimed at targeting the topics identified in Request No. 33.  To date, the JELD-WEN Defendants have produced nearly 30,000 additional documents (totaling over 270,000 additional pages) not previously produced in the Prior Litigation.  The further collection, review, and production required by Request No. 33 would be unduly burdensome and disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1) in light of the substantial efforts and resources the JELD-WEN Defendants have already expended identifying discovery on these topics.

The JELD-WEN Defendants object to Request No. 33 because it is unduly burdensome to the extent Lead Plaintiffs served 16 additional document requests 4 months after Judge Gibney's decision denying Defendants' motions to dismiss and only 31 days before the close of discovery.  These requests call for information outside of the previously agreed-upon time limitations, custodians, and search terms, effectively asking the JELD-WEN Defendants to restart the entire

25

document collection, review, and production process less than 31 days before the end of discovery. The burden on the JELD-WEN Defendants vastly outweighs Lead Plaintiffs' need for these documents, given that they waited 4 months to even ask for them.

The JELD-WEN Defendants object to Request No. 33 to the extent it seeks documents that are publicly available. The JELD-WEN Defendants further object to Request No. 33 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

The JELD-WEN Defendants object to Request No. 33 as irrelevant to the extent it seeks "All Documents, Financial Statements, and analyses concerning Jeld-Wen's $11.7 million EBITDA variance (vs. prior forecast) in the North American Doors business for Q4 2018, as of October 2018 (*see* JW-SEC-01236806 at 23), Including, but not limited to, all Documents concerning revenue variances for . . . interior molded doors." In this action, Plaintiffs bring claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, alleging that the JELD-WEN Defendants made allegedly false and misleading statements related to the competitive impact of JELD-WEN's merger with CraftMaster Manufacturing Inc. ("CMI") as well as its pricing of ***doorskins***, an ancillary product—not its North American doors business ***generally***, which includes separate and distinct doors products, such as interior molded, skins, stile and rail, flush, solid wood, and so on. Under the Federal Rules, Plaintiffs are entitled only to "discovery regarding any nonprivileged matter that is ***relevant*** to any party's claim or defense." Fed. R. Civ. P. 26(b) (emphasis added); Fed. R. Evid. 401. Thus, Request No. 33 is irrelevant to the extent it seeks "All Documents" relating broadly to JELD-WEN's North American business and includes products and business segments outside the scope of this litigation.

**DOCUMENT REQUEST NO. 34:**

All Documents and Financial Statements sufficient to identify Jeld-Wen's quarterly revenues, gross margins, and EBITDA from doorskins and interior molded doors in North America on a monthly, quarterly and annual basis during the Relevant Period.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

The JELD-WEN Defendants object to Request No. 34 to the extent it seeks documents duplicative of those sought in Request Nos. 1 and 17. The JELD-WEN Defendants further object to Request No. 34 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require the JELD-WEN Defendants to duplicate discovery efforts already undertaken in the Prior Litigation or in response to Lead Plaintiffs' Second Set of Requests for Production. To date in this action, the JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request. JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive: JELD-WEN reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 34.

In addition, the JELD-WEN Defendants and Lead Plaintiffs have held numerous meet-and-confers during the over five-month discovery period in this Action to date. As a result of those meet-and-confers, Lead Plaintiffs identified relevant time limitations, custodians, and search terms applicable to the 24 requests for production served on October 29, 2020 and November 13, 2020. Although the JELD-WEN Defendants disagreed with the relevance of and burden imposed by Lead Plaintiffs' requested custodians and search terms, the JELD-WEN Defendants nonetheless agreed and undertook an extensive document collection, review and production that included the review of over 178,000 documents, collected from 17 custodians, identified using hundreds of

27

search terms agreed by the parties, including terms aimed at targeting the topics identified in Request No. 34.  To date, the JELD-WEN Defendants have produced nearly 30,000 additional documents (totaling over 270,000 additional pages) not previously produced in the Prior Litigation.  The further collection, review, and production required by Request No. 34 would be unduly burdensome and disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1) in light of the substantial efforts and resources the JELD-WEN Defendants have already expended identifying discovery on these topics.

The JELD-WEN Defendants object to Request No. 34 because it is unduly burdensome to the extent Lead Plaintiffs served 16 additional document requests 4 months after Judge Gibney's decision denying Defendants' motions to dismiss and only 31 days before the close of discovery. These requests call for information outside of the previously agreed-upon time limitations, custodians, and search terms, effectively asking the JELD-WEN Defendants to restart the entire document collection, review, and production process less than 31 days before the end of discovery. The burden on the JELD-WEN Defendants vastly outweighs Lead Plaintiffs' need for these documents, given that they waited 4 months to even ask for them.

The JELD-WEN Defendants object to Request No. 34 to the extent it seeks documents that are publicly available.  The JELD-WEN Defendants object to Request No. 34 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

**DOCUMENT REQUEST NO. 35:**

All Documents and Financial Statements analyzing Jeld-Wen's monthly, quarterly and annual revenues, gross margins, and EBITDA from doorskins and interior molded doors in North America during the Relevant Period, Including, but not limited to, all Documents concerning:

(a) internal revenue, gross margin, and EBITDA forecasts and/or analyses of the variance of forecasted revenue, gross margin, and EBITDA to actual results;

(b) forecasted price increases on doorskins and interior molded doors and/or analyses of the variance of forecasted price increases to actual result.

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

The JELD-WEN Defendants object to Request No. 35 to the extent it seeks documents duplicative of those sought in Request Nos. 1, 6, 11, and 17. The JELD-WEN Defendants further object to Request No. 35 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require the JELD-WEN Defendants to duplicate discovery efforts already undertaken in the Prior Litigation or in response to Lead Plaintiffs' Second Set of Requests for Production. To date in this action, the JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request. JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive: JELD-WEN reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 35.

In addition, the JELD-WEN Defendants and Lead Plaintiffs have held numerous meet-and-confers during the over five-month discovery period in this Action to date. As a result of those meet-and-confers, Lead Plaintiffs identified relevant time limitations, custodians, and search terms applicable to the 24 requests for production served on October 29, 2020 and November 13, 2020. Although the JELD-WEN Defendants disagreed with the relevance of and burden imposed by Lead Plaintiffs' requested custodians and search terms, the JELD-WEN Defendants nonetheless agreed and undertook an extensive document collection, review and production that included the review of over 178,000 documents, collected from 17 custodians, identified using hundreds of

29

search terms agreed by the parties, including terms aimed at targeting the topics identified in Request No. 35. To date, the JELD-WEN Defendants have produced nearly 30,000 additional documents (totaling over 270,000 additional pages) not previously produced in the Prior Litigation. The further collection, review, and production required by Request No. 35 would be unduly burdensome and disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1) in light of the substantial efforts and resources the JELD-WEN Defendants have already expended identifying discovery on these topics.

The JELD-WEN Defendants object to Request No. 35 because it is unduly burdensome to the extent Lead Plaintiffs served 16 additional document requests 4 months after Judge Gibney's decision denying Defendants' motions to dismiss and only 31 days before the close of discovery. These requests call for information outside of the previously agreed-upon time limitations, custodians, and search terms, effectively asking the JELD-WEN Defendants to restart the entire document collection, review, and production process less than 31 days before the end of discovery. The burden on the JELD-WEN Defendants vastly outweighs Lead Plaintiffs' need for these documents, given that they waited 4 months to even ask for them.

The JELD-WEN Defendants object to Request No. 35 to the extent it seeks documents that are publicly available. The JELD-WEN Defendants further object to Request No. 35 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

**DOCUMENT REQUEST NO. 36:**

All Documents sufficient to show Jeld-Wen's revenues, gross margins, net margins and EBITDA for North American interior molded doors and doorskins for each month, quarter and year January 1, 2010 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

The JELD-WEN Defendants object to Request No. 36 to the extent it seeks documents duplicative of those sought in Request Nos. 1 and 17.  The JELD-WEN Defendants further object to Request No. 36 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require the JELD-WEN Defendants to duplicate discovery efforts already undertaken in the Prior Litigation or in response to Lead Plaintiffs' Second Set of Requests for Production.  To date in this action, the JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request.  JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive:  JELD-WEN reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 36.

In addition, the JELD-WEN Defendants and Lead Plaintiffs have held numerous meet-and-confers during the over five-month discovery period in this Action to date.  As a result of those meet-and-confers, Lead Plaintiffs identified relevant time limitations, custodians, and search terms applicable to the 24 requests for production served on October 29, 2020 and November 13, 2020.  Although the JELD-WEN Defendants disagreed with the relevance of and burden imposed by Lead Plaintiffs' requested custodians and search terms, the JELD-WEN Defendants nonetheless agreed and undertook an extensive document collection, review and production that included the review of over 178,000 documents, collected from 17 custodians, identified using hundreds of search terms agreed by the parties, including terms aimed at targeting the topics identified in Request No. 36.  To date, the JELD-WEN Defendants have produced nearly 30,000 additional

31

documents (totaling over 270,000 additional pages) not previously produced in the Prior Litigation. The further collection, review, and production required by Request No. 36 would be unduly burdensome and disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1) in light of the substantial efforts and resources the JELD-WEN Defendants have already expended identifying discovery on these topics.

The JELD-WEN Defendants object to Request No. 36 because it is unduly burdensome to the extent Lead Plaintiffs served 16 additional document requests 4 months after Judge Gibney's decision denying Defendants' motions to dismiss and only 31 days before the close of discovery. These requests call for information outside of the previously agreed-upon time limitations, custodians, and search terms, effectively asking the JELD-WEN Defendants to restart the entire document collection, review, and production process less than 31 days before the end of discovery. The burden on the JELD-WEN Defendants vastly outweighs Lead Plaintiffs' need for these documents, given that they waited 4 months to even ask for them.

The JELD-WEN Defendants object to Request No. 36 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "Documents sufficient to show Jeld-Wen's revenues, gross margins, net margins and EBITDA for North American interior molded doors and doorskins for each month, quarter and year January 1, 2010 through the present," which purports to require the JELD-WEN Defendants to produce documents that are dated or were prepared over seven years before, and over two years after, the putative class period.

The JELD-WEN Defendants object to Request No. 36 to the extent it seeks documents that are publicly available. The JELD-WEN Defendants further object to Request No. 36 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the

32

joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

**DOCUMENT REQUEST NO. 37:**

For each customer listed in response to Interrogatory No. 1, provide all supply agreements or contracts.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

The JELD-WEN Defendants object to Request No. 37 to the extent it seeks documents duplicative of those sought in Request Nos. 1 and 5.  The JELD-WEN Defendants further object to Request No. 37 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require the JELD-WEN Defendants to duplicate discovery efforts already undertaken in the Prior Litigation or in response to Lead Plaintiffs' Second Set of Requests for Production.  To date in this action, the JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request.  JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive:  JELD-WEN reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 37.

In addition, the JELD-WEN Defendants and Lead Plaintiffs have held numerous meet-and-confers during the over five-month discovery period in this Action to date.  As a result of those meet-and-confers, Lead Plaintiffs identified relevant time limitations, custodians, and search terms applicable to the 24 requests for production served on October 29, 2020 and November 13, 2020. Although the JELD-WEN Defendants disagreed with the relevance of and burden imposed by Lead Plaintiffs' requested custodians and search terms, the JELD-WEN Defendants nonetheless

agreed and undertook an extensive document collection, review and production that included the review of over 178,000 documents, collected from 17 custodians, identified using hundreds of search terms agreed by the parties, including terms aimed at targeting the topics identified in Request No. 37. To date, the JELD-WEN Defendants have produced nearly 30,000 additional documents (totaling over 270,000 additional pages) not previously produced in the Prior Litigation. The further collection, review, and production required by Request No. 37 would be unduly burdensome and disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1) in light of the substantial efforts and resources the JELD-WEN Defendants have already expended identifying discovery on these topics.

The JELD-WEN Defendants object to Request No. 37 because it is unduly burdensome to the extent Lead Plaintiffs served 16 additional document requests 4 months after Judge Gibney's decision denying Defendants' motions to dismiss and only 31 days before the close of discovery. These requests call for information outside of the previously agreed-upon time limitations, custodians, and search terms, effectively asking the JELD-WEN Defendants to restart the entire document collection, review, and production process less than 31 days before the end of discovery. The burden on the JELD-WEN Defendants vastly outweighs Lead Plaintiffs' need for these documents, given that they waited 4 months to even ask for them.

The JELD-WEN Defendants further object to Request No. 37 to the extent it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, the joint defense and/or common interest privilege, any other privilege against disclosure, and any third-party confidentiality or non-disclosure obligations.

34

The JELD-WEN Defendants further object to Request No. 37 as unduly burdensome and duplicative to the extent it seeks documents containing the same information referenced in Interrogatory No. 2.

**DOCUMENT REQUEST NO. 38:**

All invoices issued to each of the customers identified in response to Interrogatory No. 1 sufficient to show itemized charges, fees, surcharges, and capital charges, as well as any rebates or pricing incentives from January 1, 2010 through October 15, 2018.

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

The JELD-WEN Defendants object to Request No. 38 to the extent it seeks documents duplicative of those sought in Request Nos. 1, 5, and 6.  The JELD-WEN Defendants further object to Request No. 38 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require the JELD-WEN Defendants to duplicate discovery efforts already undertaken in the Prior Litigation or in response to Lead Plaintiffs' Second Set of Requests for Production.  To date in this action, the JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request.  JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive:  JELD-WEN reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 38.

In addition, the JELD-WEN Defendants and Lead Plaintiffs have held numerous meet-and-confers during the over five-month discovery period in this Action to date.  As a result of those meet-and-confers, Lead Plaintiffs identified relevant time limitations, custodians, and search terms applicable to the 24 requests for production served on October 29, 2020 and November 13, 2020. Although the JELD-WEN Defendants disagreed with the relevance of and burden imposed by

35

Lead Plaintiffs' requested custodians and search terms, the JELD-WEN Defendants nonetheless agreed and undertook an extensive document collection, review and production that included the review of over 178,000 documents, collected from 17 custodians, identified using hundreds of search terms agreed by the parties, including terms aimed at targeting the topics identified in Request No. 38. To date, the JELD-WEN Defendants have produced nearly 30,000 additional documents (totaling over 270,000 additional pages) not previously produced in the Prior Litigation. The further collection, review, and production required by Request No. 38 would be unduly burdensome and disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1) in light of the substantial efforts and resources the JELD-WEN Defendants have already expended identifying discovery on these topics.

The JELD-WEN Defendants object to Request No. 38 because it is unduly burdensome to the extent Lead Plaintiffs served 16 additional document requests 4 months after Judge Gibney's decision denying Defendants' motions to dismiss and only 31 days before the close of discovery. These requests call for information outside of the previously agreed-upon time limitations, custodians, and search terms, effectively asking the JELD-WEN Defendants to restart the entire document collection, review, and production process less than 31 days before the end of discovery. The burden on the JELD-WEN Defendants vastly outweighs Lead Plaintiffs' need for these documents, given that they waited 4 months to even ask for them.

The JELD-WEN Defendants object to Request No. 38 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "invoices issued to each of the customers identified in response to Interrogatory No. 1 sufficient to show itemized charges, fees, surcharges, and capital charges, as well as any rebates or pricing incentives from January 1, 2010 through October 15, 2018," which purports to require the JELD-WEN

36

Defendants to produce documents that are dated or were prepared over seven years before the putative class period. The JELD-WEN Defendants further object to this Request as duplicative to the extent it seeks documents containing the same information referenced in Interrogatory No. 2.

**DOCUMENT REQUEST NO. 39:**

Any and all communications concerning any percentage increases and percentage changes, referenced in Interrogatory No. 3, sent to Steves and Sons from 2010 through 2018.

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

The JELD-WEN Defendants object to Request No. 39 to the extent it seeks documents duplicative of those sought in Request Nos. 1, 5, and 6. The JELD-WEN Defendants further object to Request No. 39 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require the JELD-WEN Defendants to duplicate discovery efforts already undertaken in the Prior Litigation or in response to Lead Plaintiffs' Second Set of Requests for Production. To date in this action, the JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request. JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive: JELD-WEN reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 39.

In addition, the JELD-WEN Defendants and Lead Plaintiffs have held numerous meet-and-confers during the over five-month discovery period in this Action to date. As a result of those meet-and-confers, Lead Plaintiffs identified relevant time limitations, custodians, and search terms applicable to the 24 requests for production served on October 29, 2020 and November 13, 2020. Although the JELD-WEN Defendants disagreed with the relevance of and burden imposed by

Lead Plaintiffs' requested custodians and search terms, the JELD-WEN Defendants nonetheless agreed and undertook an extensive document collection, review and production that included the review of over 178,000 documents, collected from 17 custodians, identified using hundreds of search terms agreed by the parties, including terms aimed at targeting the topics identified in Request No. 39. To date, the JELD-WEN Defendants have produced nearly 30,000 additional documents (totaling over 270,000 additional pages) not previously produced in the Prior Litigation. The further collection, review, and production required by Request No. 39 would be unduly burdensome and disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1) in light of the substantial efforts and resources the JELD-WEN Defendants have already expended identifying discovery on these topics.

The JELD-WEN Defendants object to Request No. 39 because it is unduly burdensome to the extent Lead Plaintiffs served 16 additional document requests 4 months after Judge Gibney's decision denying Defendants' motions to dismiss and only 31 days before the close of discovery. These requests call for information outside of the previously agreed-upon time limitations, custodians, and search terms, effectively asking the JELD-WEN Defendants to restart the entire document collection, review, and production process less than 31 days before the end of discovery. The burden on the JELD-WEN Defendants vastly outweighs Lead Plaintiffs' need for these documents, given that they waited 4 months to even ask for them.

The JELD-WEN Defendants object to Request No. 39 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "communications concerning any percentage increases and percentage changes, referenced in Interrogatory No. 3, sent to Steves and Sons from 2010 through 2018" which purports to require the JELD-WEN Defendants to produce documents that are dated or were prepared over seven

38

years before the putative class period.  The JELD-WEN Defendants further object to this Request as duplicative to the extent it seeks documents containing the same information referenced in Interrogatory No. 3.

**DOCUMENT REQUEST NO. 40:**

All invoices issued to each of the customers identified in response to Interrogatory No. 4 sufficient to show itemized charges, fees, surcharges, and capital charges, as well as any rebates or pricing incentives from January 1, 2014 through October 15, 2018.

**RESPONSE TO DOCUMENT REQUEST NO. 40:**

The JELD-WEN Defendants object to Request No. 40 to the extent it seeks documents duplicative of those sought in Request Nos. 1, 5, and 6.  The JELD-WEN Defendants further object to Request No. 40 as unduly burdensome and disproportionate to the needs of the case to the extent that it purports to require the JELD-WEN Defendants to duplicate discovery efforts already undertaken in the Prior Litigation or in response to Lead Plaintiffs' Second Set of Requests for Production.  To date in this action, the JELD-WEN Defendants have produced over 367,000 documents (totaling over 1,089,000 pages), which JELD-WEN previously produced in the Prior Litigation, including documents responsive to this Request.  JELD-WEN's prior collections, reviews, and productions of documents in the Prior Litigation were expansive:  JELD-WEN reviewed over 900,000 documents, collected from over 40 custodians, which it identified using hundreds of search terms, including terms aimed at targeting the topics identified in Request No. 40.

In addition, the JELD-WEN Defendants and Lead Plaintiffs have held numerous meet-and-confers during the over five-month discovery period in this Action to date.  As a result of those meet-and-confers, Lead Plaintiffs identified relevant time limitations, custodians, and search terms applicable to the 24 requests for production served on October 29, 2020 and November 13, 2020. Although the JELD-WEN Defendants disagreed with the relevance of and burden imposed by

Lead Plaintiffs' requested custodians and search terms, the JELD-WEN Defendants nonetheless agreed and undertook an extensive document collection, review and production that included the review of over 178,000 documents, collected from 17 custodians, identified using hundreds of search terms agreed by the parties, including terms aimed at targeting the topics identified in Request No. 40. To date, the JELD-WEN Defendants have produced nearly 30,000 additional documents (totaling over 270,000 additional pages) not previously produced in the Prior Litigation. The further collection, review, and production required by Request No. 40 would be unduly burdensome and disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1) in light of the substantial efforts and resources the JELD-WEN Defendants have already expended identifying discovery on these topics.

The JELD-WEN Defendants object to Request No. 40 because it is unduly burdensome to the extent Lead Plaintiffs served 16 additional document requests 4 months after Judge Gibney's decision denying Defendants' motions to dismiss and only 31 days before the close of discovery. These requests call for information outside of the previously agreed-upon time limitations, custodians, and search terms, effectively asking the JELD-WEN Defendants to restart the entire document collection, review, and production process less than 31 days before the end of discovery. The burden on the JELD-WEN Defendants vastly outweighs Lead Plaintiffs' need for these documents, given that they waited 4 months to even ask for them.

The JELD-WEN Defendants object to Request No. 40 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "invoices issued to each of the customers identified in response to Interrogatory No. 4 sufficient to show itemized charges, fees, surcharges, and capital charges, as well as any rebates or pricing incentives from January 1, 2014 through October 15, 2018" which purports to require the JELD-WEN

40

Defendants to produce documents that are dated or were prepared over three years before the putative class period.  The JELD-WEN Defendants further object to this Request as duplicative to the extent it seeks documents containing the same information referenced in Interrogatory No. 5.

DATED: March 15, 2021                              Respectfully submitted,


                                                    */s/ Brian C. Riopelle*
                                                   Brian C. Riopelle (Va. Bar No. 36454)
                                                   Brian E. Pumphrey (Va. Bar No. 47312)
                                                   Brian D. Schmalzbach (Va. Bar No. 88544)
                                                   Garrett H. Hooe (Va. Bar No. 83983)
                                                   **MCGUIREWOODS LLP**
                                                   Gateway Plaza
                                                   800 East Canal Street
                                                   Richmond, VA 23219
                                                   Tel.: (804) 775-1084
                                                   Fax.: (804) 698-2150
                                                   briopelle@mcguirewoods.com
                                                   bpumphrey@mcguirewoods.com
                                                   bschmalzbach@mcguirewoods.com
                                                   ghooe@mcguirewoods.com


                                                   Sandra C. Goldstein, P.C. (*pro hac vice*)
                                                   Rachel M. Fritzler (*pro hac vice*)
                                                   Lindsey Weiss Harris (*pro hac vice*)
                                                   Jacob M. Rae (*pro hac vice*)
                                                   **KIRKLAND & ELLIS LLP**
                                                   601 Lexington Avenue
                                                   New York, New York 10022
                                                   (212) 446-4800
                                                   sandra.goldstein@kirkland.com
                                                   rachel.fritzler@kirkland.com
                                                   lindsey.harris@kirkland.com
                                                   jacob.rae@kirkland.com

                                                   *Attorneys for Defendants JELD-WEN
                                                   Holding, Inc., Mark A. Beck, L. Brooks
                                                   Mallard, Kirk S. Hachigian, and Gary S.
                                                   Michel*

42

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 15th day of March, 2021, I caused a copy of the foregoing to be served on counsel for Plaintiffs.

/s/ Brian C. Riopelle
Brian C. Riopelle (Va. Bar No. 36454)
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel.: (804) 775-1084
Fax.: (804) 698-2150
briopelle@mcguirewoods.com

43