IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE: JELD-WEN HOLDING, INC. SECURITIES LITIGATION | Civil Action No. 3:20-cv-112-JAG |

## ORDER

This matter comes before the Court on the plaintiffs'[1] (1) motion for an expedited hearing regarding the Jeld-Wen defendants'[2] privilege assertions and the withholding of relevant documents (the "motion to compel"), (ECF No. 183), and (2) motion to seal, (ECF No. 180). The Court held a hearing on the motion to compel on March 17, 2021. For the reasons stated from the bench, the Court GRANTS IN PART and DENIES IN PART the motion to compel. (ECF No. 183.) Specifically,

(1)    The Jeld-Wen defendants SHALL thoroughly search Jeld-Wen's internal Salesforce.com platform for any information that is responsive to any of the plaintiffs' discovery requests. The Jeld-Wen defendants shall report to the plaintiffs whether they found any responsive information within seven days of this Order. If the plaintiffs do not receive such a report within seven days, they may file a motion seeking to compel the Jeld-Wen defendants' compliance.

(2) The Court FINDS that Exhibits B and C attached to the plaintiffs' motion to compel are not privileged. The Court, therefore, ORDERS the Jeld-Wen defendants to produce those documents to the plaintiffs within three days of this Order. To the extent the Jeld-Wen defendants

---

[1] The "plaintiffs" refers to the Public Employees' Retirement System of Mississippi, the Plumbers & Pipefitters National Pension Fund, and the Wisconsin Laborers' Pension Fund.

[2] The "Jeld-Wen defendants" refers to Jeld-Wen Holding, Inc., Mark A. Beck, L. Brooks Mallard, Kirk S. Hachigian, and Gary S. Michel.

have produced those documents, they may not claw them back. If the Jeld-Wen defendants do not comply with this Order, the plaintiffs may file a motion to compel the Jeld-Wen defendants' compliance.

(3) The Court FINDS that Exhibits D-G attached to the plaintiffs' motion to compel are not privileged, except to the extent they address settlement discussions. Accordingly, the Jeld-Wen defendants SHALL redact the parts of Exhibits D-G that address settlement discussions and produce the redacted version of those exhibits within three days of this Order. The parties shall work together to identify the appropriate redactions. If the parties cannot agree on the appropriate redactions, they SHALL notify the Court. If the a party does not comply with this Order, then the opposing party may file a motion to compel compliance hereto.

(4) The Court ORDERS the Jeld-Wen defendants to produce a privilege log that complies with the Federal Rules of Civil Procedure on or before March 19, 2021, at 5 p.m.

In addition, the Court has considered the plaintiffs' motion to seal their memorandum of law supporting their motion to compel and Exhibits B-G, N-O, and Q-R attached thereto (the "sealed materials"). Upon due consideration, the Court DENIES IN PART and GRANTS IN PART the motion to seal. (ECF No. 180.) Specifically, the Court GRANTS the motion as to the redacted portions of Exhibits D-G discussed above. The Court DENIES the motion in all other respects. The Court DIRECTS the plaintiffs to file public copies of the sealed materials, with appropriate redactions discussed above, within fourteen days of this Order.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 17 March 2021
Richmond, VA

/s/

_____
John A. Gibney, Jr.
United States District Judge

2