**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| IN RE: JELD-WEN HOLDING, INC. SECURITIES LITIGATION | Civil Action No. 3:20-cv-00112<br><br>Judge John A. Gibney, Jr. |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION TO EXCLUDE THE TESTIMONY AND OPINIONS OF
DEFENDANTS' EXPERT DANIEL R. FISCHEL**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ......................................................................................................................... 2

      A.      Professor Fischel's Qualifications ................................................................ 2

      B.      Professor Fischel's Opinions ....................................................................... 3

      C.      Plaintiffs' Failure to Meet and Confer ........................................................ 5

      D.      Plaintiffs' Own Expert Disclosed "Materials Relied Upon" Instead of "Materials Considered" ................................................................................ 6

LEGAL STANDARD ................................................................................................................. 7

ARGUMENT .............................................................................................................................. 8

I.      PROFESSOR FISCHEL'S REPORT COMPLIES WITH RULE 26 ............................... 8

      A.      Plaintiffs' Motion is Barred Because They Failed to Meet and Confer Before Seeking to Exclude Fischel's Testimony Based on a Minor Discovery Dispute ......................................................................................... 8

      B.      Professor Fischel's Report Disclosed All Information Required by the Federal Rules .............................................................................................. 9

      C.      Plaintiffs' Extraordinary Request for Exclusion Is Meritless ............................ 11

II.     PROFESSOR FISCHEL'S OPINIONS AS TO WHAT IS PLAUSIBLE BASED UPON HIS FINANCIAL AND ECONOMIC EXPERTISE IS PROPER EXPERT TESTIMONY ......................................................................................................... 13

      A.      Fischel's Opinions Do Not Usurp the Role of the Jury Because He Does Not Offer Legal Analysis or Conclusions .................................................... 13

      B.      Plaintiffs Agree that the Topics Upon Which Professor Fischel Opines Are Proper for Expert Testimony ................................................................ 15

III.    PROFESSOR FISCHEL'S TESTIMONY AND OPINIONS ARE NOT "UNFAIRLY PREJUDICIAL" UNDER RULE 403 ........................................................ 17

CONCLUSION ......................................................................................................................... 18

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adell Plastics, Inc. v. Mt. Hawley Ins. Co.*,
   2019 WL 2524916 (D. Md. June 19, 2019)..............................................................................13

*Balt. Aircoil Co., Inc. v. SPX Cooling Techs. Inc.*,
   2016 WL 4426681 (D. Md. Aug. 22, 2016),
   *aff'd*, 721 F. App'x 983 (Fed. Cir. 2018)................................................................................16

*Basic Inc. v. Levinson*,
   485 U.S. 224 (1988)....................................................................................................................3

*Benjamin v. Sparks*,
   986 F.3d 332 (4th Cir. 2021) ....................................................................................................12

*Bresler v. Wilmington Trust Co.*,
   855 F.3d 178 (4th Cir. 2017) ....................................................................................................12

*Clean Mgmt. Env't Grp. v. Asymmetric Applications Grp.*,
   2020 WL 4679351 (D.S.C. June 12, 2020)...............................................................................12

*Collier v. Land & Sea Restaurant Co.*,
   2015 WL 13705013 (W.D. Va. Sept. 18, 2015) ........................................................................12

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993)............................................................................................................1, 7, 17

*Finkel v. Docutel/Olivetti Corp.*,
   817 F.2d 356 (5th Cir. 1987) ......................................................................................................3

*Fla. Auto. Joint Underwriting Ass'n v. Milliman, Inc.*,
   2007 WL 9735052 (N.D. Fla. July 3, 2007) ............................................................................10

*Gariety v. Grant Thornton, LLP*,
   368 F.3d 356 (4th Cir. 2004) ......................................................................................................3

*Goldberg v. Household Bank, F.S.B.*,
   890 F.2d 965 (7th Cir. 1989) ......................................................................................................3

*Kolon Indus., Inc. v. E.I. Dupont De Nemours & Co.*,
   2012 WL 12894840 (E.D. Va. Feb. 23, 2012)......................................................................9, 11

*Kumho Tire Co. v. Carmichael,*
    526 U.S. 137 (1999)...................................................................................................................7

*In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. &*
    *Prods. Liab. Litig. (No II) MDL 2502,*
    892 F.3d 624 (4th Cir. 2018) ...................................................................................................8

*Mayor & City Council of Balt. v. Unisys Corp.,*
    2013 WL 4784118 (D. Md. Sept. 5, 2013) .............................................................................11

*McCune v. Xerox Corp.,*
    2000 WL 1012962 (4th Cir. July 24, 2000)...........................................................................17

*McLean v. Branch Banking & Tr. Co.,*
    2020 WL 7010224 (E.D. Va. May 29, 2020),
    *reconsideration denied*, 2020 WL 8361911 (E.D. Va. June 24, 2020) .....................................8

*Morgan v. On Deck Cap., Inc.,*
    2019 WL 4093754 (W.D. Va. Aug. 29, 2019) ......................................................................16

*Ohio Pub. Employees Ret. Sys. v. Fed. Home Loan Mortg. Corp.,*
    2018 WL 3861840 (N.D. Ohio Aug. 14, 2018)......................................................................15

*Peters v. Balt. City Bd. of Sch. Comm'rs,*
    2014 WL 4187307 (D. Md. Aug. 21, 2014) ....................................................................13, 16

*In re Pfizer Inc. Sec. Litig.,*
    819 F.3d 642 (2d Cir. 2016).....................................................................................................3

*Russell v. Absolute Collection Servs., Inc.,*
    763 F.3d 385 (4th Cir. 2014) .................................................................................................12

*S. States Rack and Fixture, Inc. v. Sherwin-Williams Co.,*
    318 F.3d 592 (4th Cir. 2003) ...................................................................................................7

*Scurmont LLC v. Firehouse Rest. Grp., Inc.,*
    2011 WL 2670575 (D.S.C. July 8, 2011) ........................................................................15, 16

*United States v. Chapman,*
    209 F. App'x 253 (4th Cir. 2006) ...................................................................................7, 13, 15

*United States v. McIver,*
    470 F.3d 550 (4th Cir. 2006) .................................................................................................15

*United States v. Mohr,*
    318 F.3d 613 (4th Cir. 2003) .................................................................................................17

*United States v. Offill*,
666 F.3d 168 (4th Cir. 2011) ..............................................................................................13

*United States v. Wallace*,
124 F. App'x 165 (4th Cir. 2005) .......................................................................................17

*In re Walterman Implement, Inc.*,
2007 WL 2935451 (Bankr. N.D. Iowa Oct. 4, 2007) ..........................................................10

*Watkins v. Cook Inc.*,
2015 WL 1395773 (S.D. W. Va. Mar. 25, 2015) ..................................................................8

*Wilkins v. Montgomery*,
751 F.3d 214 (4th Cir. 2014) ..............................................................................................12

**Rules**

E.D. Va. L. Civ. R. 37(E) .....................................................................................................8

Fed. R. Civ. P. 26(a)(2)(B) ...................................................................................................9

Fed. R. Civ. P. 37(c)(1) .........................................................................................................7

Fed. R. Evid. 702 .............................................................................................................7, 8

iv

## PRELIMINARY STATEMENT

Plaintiffs do not move to exclude the opinions and testimony of Professor Daniel R. Fischel by challenging his qualifications, his methodology, the application of his methodology to the facts of the case, or the relevance of his testimony.  Instead, Plaintiffs seek the extraordinary remedy of exclusion based on a manufactured discovery dispute and a quibble with Fischel's use of the word "plausible."  The Court should recognize and reject these arguments for what they are:  Plaintiffs' attempt to exclude an expert because his reliable and relevant testimony is deeply damaging to their case.  Because Fischel's opinions "rest[] on a reliable foundation and [are] relevant to the task at hand," *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993), Plaintiffs' motion should be denied.

*First*, Plaintiffs attempt to manufacture a discovery dispute by arguing Fischel violated Federal Rule of Evidence 26 when he listed "Materials Relied Upon" instead of "Materials Considered" in his report.  This pedantic argument does not provide a basis for exclusion.  Notably, Plaintiffs' own antitrust expert also listed "Materials Relied Upon" rather than "Materials Considered" in both of his reports.  And prior to moving to *exclude* Fischel on this basis, Plaintiffs *never raised this issue with the JELD-WEN Defendants*.  Had they met and conferred on this discovery issue, as required by the local rules, the JELD-WEN Defendants would have informed Plaintiffs that Fischel confirmed that all documents he considered are listed in his report.  This quarrel is therefore nothing more than nitpicking over nomenclature (which Plaintiffs' own expert also used).  Moreover, even if Fischel had failed to disclose some ancillary document he considered, but did not rely upon, in forming his opinions—which he did not—the proper remedy would be to require the disclosure of that document, not exclusion.

*Second*, Plaintiffs quibble with Fischel's use of the word "plausible" in articulating his expert opinions regarding the cause of the decrease in JELD-WEN's stock price on October 16,

2018. Plaintiffs concede this is an appropriate subject of expert testimony and do not explain why Fischel's use of the word "plausible" usurps the role of the judge or the jury. The case law they cite is easily distinguishable—those cases involve experts who improperly offer opinions on **both** the law and its application to the facts, thereby usurping the role of the jury. Unlike Plaintiffs' own expert, Dr. Steven Feinstein, that is not what Fischel did.

*Third*, based on their first two arguments, Plaintiffs claim Fischel should be excluded under Federal Rule of Evidence 403 because his testimony would be more prejudicial than probative. This argument runs contrary to the purpose of that rule, which does not apply in these circumstances. Rule 403 is not concerned with alleged process violations but with prejudice associated with the evidence itself. Plaintiffs have not identified any way in which Fischel's opinions or testimony are prejudicial within the meaning of Rule 403.

For these reasons, and those discussed further below, the Court should deny Plaintiffs' motion to exclude Fischel's opinions and testimony.

## BACKGROUND

### A.    Professor Fischel's Qualifications

Professor Daniel R. Fischel is the President and Chairman of Compass Lexecon, a global consulting firm specializing in applying economic principles to legal and regulatory issues. Dkt. No. 170-4, Feb. 1, 2021 Expert Report of Daniel R. Fischel, in Opposition to the Report of Professor Steven P. Feinstein ("Fischel Rpt.") ¶ 1. Fischel has held numerous academic positions, including his current position as the Lee and Brena Freeman Professor of Law and Business Emeritus at the University of Chicago Law School. *Id.* Fischel has published extensively in leading legal and economic journals, *id.* ¶ 2 (counting approximately fifty published articles), and both his research and teaching has focused on the economics of corporate law and financial markets, *id.* He also coauthored the book, "The Economic Structure of Corporate Law," with

2

Judge Frank H. Easterbrook. *Id.* Courts of all levels, including the Supreme Court, have relied on his opinions and cited to his articles in their opinions. *Id.* The Supreme Court cited to and adopted the suggestions Fischel made in his article titled, "Use of Modern Finance Theory in Securities Fraud Cases Involving Actively Traded Securities," 38 Bus. L. 1 (1982), when it embraced the fraud-on-the-market theory in *Basic Inc. v. Levinson*, 485 U.S. 224, 247 n.24 (1988). The Fourth Circuit, and numerous other federal courts of appeals, have also relied upon Fischel's academic work in securities cases. *See Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 367 (4th Cir. 2004); *see also, e.g.*, *In re Pfizer Inc. Sec. Litig.*, 819 F.3d 642, 649 (2d Cir. 2016); *Goldberg v. Household Bank, F.S.B.*, 890 F.2d 965, 967 (7th Cir. 1989); *Finkel v. Docutel/Olivetti Corp.*, 817 F.2d 356, 360 nn.8–9 (5th Cir. 1987).

### B.    Professor Fischel's Opinions

Although his credentials are unassailable, it is understandable why Plaintiffs wish to exclude Fischel's testimony:  it is deeply damaging to their case.  In his report, Fischel explained the many flaws in Feinstein's report, which concluded JELD-WEN's stock price dropped by $1.99 on October 16, 2018 due to the announcement of the Steves Litigation Contingency.  Fischel Rpt. ¶¶ 14, 17, 22–23.  Specifically, Fischel concluded that Feinstein "fail[ed] to demonstrate that (1) the Steves Litigation Charge was new, value-relevant information that impacted JELD-WEN's stock price on October 16, 2018, (2) the alleged 'illegal antitrust behavior' contributed to the stock price decline on this date, and (3) there is any reliable reason to disregard the most plausible and compelling explanation for the decline, i.e., the timely disclosure of the Company's poor financial performance in the latter half of 2018—which he does not attribute to the alleged fraud—and its impact on JELD-WEN's future profitability." *Id.* ¶ 17.  Fischel explained that "[t]he economic evidence contradicts Professor Feinstein's claim that market participants were 'stunned' by the announcement of the Steves Litigation Charge and its purported consequences," and "Professor

3

Feinstein's opinion that none of the potential consequences of the Steves Doorskins Litigation was reflected in JELD-WEN's stock price prior to October 16, 2018 is inconsistent with the economic evidence, including his own market efficiency opinion." *Id.*

In addition to pointing out the flaws in Feinstein's analysis, Fischel opined that (1) "JELD-WEN's stock price decline on October 16, 2018 was not caused by the Steves Litigation Charge"; and (2) "JELD-WEN's stock price decline on October 16, 2018 can be fully attributed to the Company's disclosure of worse-than-expected 2018 financial results." *Id.* Fischel reached these conclusions because the October 15, 2018 Pre-Earnings Release did not admit guilt or disclose any alleged "illegal anticompetitive behavior," and instead, the "inclusion of the Steves Litigation Charge . . . reflect[ed] a timely disclosure of an updated accounting decision based on the issuance of the Steves Remedy Opinion ten days earlier that allowed the Company to estimate the probable dollar amount of the award resulting from the jury's verdict." *Id.* ¶ 24.

Fischel also explained that—contrary to Feinstein's claim that market participants were "stunned," which Feinstein could not cite any evidence for—"market participants had previously examined and understood the likelihood and magnitude of JELD-WEN's potential liability for the Steves Doorskins Litigation prior to October 16, 2018, including the consequences of the Potential Doorskin Plant Divestiture," *id.* ¶¶ 25–26, and the analyst commentary reflected that, *id.* ¶¶ 27–31. Thus, Feinstein's conclusion that the "*entire*" "$0.55 per share amount of the charge . . . is new information and none of it was reflected in JELD-WEN's stock price any earlier . . . is inconsistent with his opinion that the Company's stock traded in an efficient market because known risks . . . would have been quickly reflected in the stock price in an efficient market before the related accounting charge could be booked." *Id.* ¶ 32. Fischel also explained the "reductions in analysts' 2019 EBITDA forecasts following the 3Q18 Pre-Announcement were in reaction to

4

JELD-WEN's disclosure of poor financial performance in the latter half of 2018," contradicting Feinstein's claim the price decline was related to the alleged misstatements. *Id.* ¶¶ 44–45.

### C.     Plaintiffs' Failure to Meet and Confer

Before filing their motion to exclude Fischel's testimony ***in its entirety*** for listing "Materials Relied Upon" rather than "Materials Considered" in his report, Plaintiffs ***never*** raised this issue with the JELD-WEN Defendants.  Plaintiffs' failure to meet and confer is particularly glaring because the parties met and conferred on a number of expert disclosure issues, and the JELD-WEN Defendants promptly complied with all of Plaintiffs' requests for discovery materials related to Fischel's reports.  *See* Ex. 1, Feb. 5, 2021 JELD-WEN Defs. Prod. Ltr. to Pls. (providing requested materials to Plaintiffs); Ex. 2, Mar. 1, 2021 J. Rae Email to D. Wyman (providing requested materials to Plaintiffs as follow-up to a February 26, 2021 email where materials that Plaintiffs requested during Fischel's deposition were provided by the JELD-WEN Defendants); Ex. 3, Mar. 5, 2021 JELD-WEN Defs. Prod. Ltr. to Pls. (providing Bates stamped versions of the data provided on February 26, 2021 and March 1, 2021).[1]  Prior to Fischel's deposition, Plaintiffs did not ask the JELD-WEN Defendants to clarify the scope of "Materials Relied Upon," or whether Fischel considered, but did not rely upon, additional materials that were not disclosed.  Nor did they follow up after his deposition to ask the JELD-WEN Defendants to produce any additional materials Fischel may have considered but did not rely upon.

Had they asked, they would have learned that Fischel's report includes all the materials he considered.  Mar. 18, 2021 Declaration of Daniel R. Fischel ("Fischel Decl.") ¶ 3.  Although Fischel did not recall at his deposition whether there were any materials that he considered but did not rely upon that were not listed in his report, *see* Ex. 4, Fischel Dep. 34:16–22, subsequently

---

[1]  References to "Ex. _" are to exhibits accompanying the declaration of Jacob M. Rae.

Fischel reviewed his files and discussed with his support staff, who provided him all of the materials he considered, Fischel Decl. ¶ 3; *see* Fischel Dep. 11:2–11:12 (noting that "research assistants and lower level personnel" were the ones "involved in gathering data, gathering articles"). Fischel and his team confirmed every document he reviewed is included in the list of materials he relied upon in Appendix B of his report, Fischel Decl. ¶ 3. But instead of meeting and conferring on this issue—either before or after Fischel's deposition—Plaintiffs *first raised* this minor discovery dispute by filing a motion to exclude Fischel's testimony in its entirety.

### D. Plaintiffs' Own Expert Disclosed "Materials Relied Upon" Instead of "Materials Considered"

The JELD-WEN Defendants had no reason to believe Plaintiffs objected to Fischel's use of the title "Materials Relied Upon" in his report submitted on February 1, 2021 *because Plaintiffs' own expert did the exact same thing*. Plaintiffs' antitrust expert, Dr. Russell Lamb, submitted a declaration providing his opinions in this case on January 4, 2021, as well as a reply declaration on February 15, 2021 responding to the JELD-WEN Defendants' antitrust expert. Dkt. No. 174-1, Lamb Rpt.; Dkt. No. 174-3, Lamb Reply Rpt. Lamb attached as Appendix B to both declarations a list of "Materials Relied Upon." Dkt. No. 174-1 at App'x B; Dkt. No. 174-3 at App'x B. Neither declaration provided a list titled "Materials Considered." Dkt. No. 174-1 at App'x B; Dkt. No. 174-3 at App'x B.

Similarly, the JELD-WEN Defendants' antitrust expert, Dr. John Johnson, listed "Materials Relied Upon" in his report. Dkt. No. 174-2 at App'x B. Plaintiffs have not raised any objection to Johnson's use of that title, have not asked him for a full list of materials considered, nor moved to exclude him on that basis. Dkt. No. 167 at 1–2.

6

<strong>LEGAL STANDARD</strong>[2]

Under Federal Rule of Evidence 702, an expert must base his testimony on sufficient facts, use reliable principles and methods, and reliably apply the principles and methods to the facts of the case.  Fed. R. Evid. 702; *see Daubert*, 509 U.S. at 594–97.  This standard places a "special obligation upon a trial judge to ensure that any and all [expert] testimony . . . is not only relevant, but reliable."  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).  Plaintiffs do not challenge Fischel's testimony on any of these bases.  Instead, Plaintiffs seek the extraordinary remedy of exclusion for a moot discovery dispute **which they raised for the first time in this motion**.

Where a party seeks exclusion of evidence based on a discovery dispute, exclusion is an extraordinary remedy, justified only where failure to disclose is not "substantially justified" or "harmless."  Fed. R. Civ. P. 37(c)(1); *see S. States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596–97 (4th Cir. 2003).  Plaintiffs do not cite a single case where an expert was excluded for listing "Materials Relied Upon" rather than "Materials Considered."  *See* Dkt. No. 160, Mem. in Supp. Pls. Mot. to Exclude Fischel ("Pls. Br.") at 2–6.

Similarly, while an expert opinion may be excluded where the proffered testimony "will usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it," that rule applies only where experts offer legal opinions or opinions on the application of law to facts.  *United States v. Chapman*, 209 F. App'x 253, 269 (4th Cir. 2006).  Experts are permitted to offer opinions on the proper understanding of facts where those opinions are "'based on sufficient facts or data,' '[are] the product of reliable

---

[2]   Unless otherwise noted, all internal quotations and citations are omitted and all emphasis is added.

7

principles and methods,' and the expert 'has reliably applied the principles and methods to the facts of the case.'" *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig. (No II) MDL 2502*, 892 F.3d 624, 631 (4th Cir. 2018) (quoting Fed. R. Evid. 702).

ARGUMENT

Plaintiffs seek to exclude Fischel by nitpicking his choice of words in his report. The Court should reject Plaintiffs' attempt to exclude expert testimony for the sole reason that it is damaging to their case.

## I.   PROFESSOR FISCHEL'S REPORT COMPLIES WITH RULE 26

### A.   Plaintiffs' Motion is Barred Because They Failed to Meet and Confer Before Seeking to Exclude Fischel's Testimony Based on a Minor Discovery Dispute

Plaintiffs argue Fischel violated Rule 26, which is "a discovery requirement." *Watkins v. Cook Inc.*, 2015 WL 1395773, at *12 (S.D. W. Va. Mar. 25, 2015). But Plaintiffs did not meet and confer prior to bringing this discovery dispute before the Court, which bars their motion. E.D. Va. L. Civ. R. 37(E) ("No motion concerning discovery matters may be filed until counsel shall have conferred . . . to explore . . . the possibility of resolving the discovery matters in controversy."). As a result, Plaintiffs' motion to exclude also lacks the required "statement of counsel that a good faith effort has been made between counsel to resolve the discovery matters at issue." *Id.*

These are not minor procedural errors. This Court has repeatedly emphasized the importance of the meet and confer requirement. *McLean v. Branch Banking & Tr. Co.*, 2020 WL 7010224, at *1–2 (E.D. Va. May 29, 2020), *reconsideration denied*, 2020 WL 8361911 (E.D. Va. June 24, 2020) (denying plaintiff's motion to compel discovery responses and for Rule 37 sanctions, and stating that "[t]he Federal Rules of Civil Procedure and this Court's Local Civil Rules require parties, through counsel, to meaningfully meet and confer before filing a discovery

8

motion in an effort to resolve disputes without judicial intervention"); *Kolon Indus., Inc. v. E.I. Dupont De Nemours & Co.*, 2012 WL 12894840, at *3–4 (E.D. Va. Feb. 23, 2012) ("[T]he meet and confer obligation is important and person-to-person dialogue most often leads to the resolution, or at least the limitation, of dispute.  Had the parties actually conferred about this issue earlier, there would have likely been no need to file this motion.").

Here, Plaintiffs have always had a full and complete list of all materials considered by Fischel—had they asked the JELD-WEN Defendants, they would have learned that, regardless of the title used, there were no materials omitted from Fischel's list.  Fischel Decl. ¶ 3.  Yet, despite the fact that the JELD-WEN Defendants had promptly responded to and addressed each of Plaintiffs' other requests for materials related to Fischel's reports, *see* Ex. 1, (providing requested materials to Plaintiffs); Ex. 2, (same); Ex. 3, (same), Plaintiffs ignored their meet and confer obligations in favor of bringing a nonexistent dispute before the Court.  Had Plaintiffs met and conferred on this issue, they could have avoided wasting this Court's resources on a manufactured and purely hypothetical discovery dispute.

**B.     Professor Fischel's Report Disclosed All Information Required by the Federal Rules**

Fischel's disclosure satisfies Rule 26, which requires an expert witness to provide a written report containing, among other things, "the facts or data considered by the witness in forming" the "opinions the [expert] witness will express."  Fed. R. Civ. P. 26(a)(2)(B).  After reviewing his records and conferring with his team, Fischel confirmed that every document he considered is listed in Appendix B to his report.  Fischel Decl. ¶ 3.  He therefore has complied with Rule 26, and Plaintiffs' motion is moot.

Plaintiffs have attempted to manufacture a discovery dispute by arguing Fischel did not meet his disclosure obligations under Rule 26 because of how he styled the title of Appendix B to

9

his report.  Pls. Br. at 3.  For this purported disclosure violation, Plaintiffs seek the extraordinary remedy of exclusion.  *Id*.  Plaintiffs' argument (1) misconstrues the disclosures required under Rule 26; (2) is inconsistent with their own expert's disclosures; and (3) misstates Fischel's deposition testimony.  Because Fischel has disclosed all information required by the Federal Rules, Plaintiffs' motion should be denied.

*First*, Rule 26 focuses on the substance of disclosure, not whether an expert uses the words "Materials Relied Upon" or "Materials Considered."  *See Fla. Auto. Joint Underwriting Ass'n v. Milliman, Inc.*, 2007 WL 9735052, at *4 (N.D. Fla. July 3, 2007) (noting that the expert's report which "provided a list of the documents he *relied upon* in forming his opinions" "complie[d] with Rule 26(a)(2)(B) that he provide 'the dat[a] or other information considered by the witness in forming the opinions'"); *In re Walterman Implement, Inc.*, 2007 WL 2935451, at *2 (Bankr. N.D. Iowa Oct. 4, 2007) (denying motion to exclude expert because his report and affidavit containing his "overall opinion and a list of document types he *relied on* to form his opinion" "satisfy the intent and purpose of Rule 26(a)(2)(B)," and the report "satisfie[d] the Rule's structural requirements").  Fischel's use of the title "Materials Relied Upon" does not automatically violate Rule 26, just as a list titled "Materials Considered" does not necessarily indicate full compliance with Rule 26.  Fischel's Appendix B, which is three pages long, includes all of the materials he considered in forming his opinions, satisfying Rule 26.  Fischel Rpt. at App'x B; Fischel Decl. ¶ 3.

*Second*, according to Plaintiffs' argument, *their own antitrust expert violated Rule 26* as well.  Dkt. No. 174-1 at App'x B (listing "Materials Relied Upon"); Dkt. No. 174-3 at App'x B (same).  To this day, Plaintiffs have not offered the JELD-WEN Defendants additional disclosure from Lamb, to supplement what they characterize as deficient disclosure under Rule 26.  Nor, curiously, have they sought additional disclosure from (or exclusion of) the JELD-WEN

10

Defendants' antitrust expert, who also provided a list of "Materials Relied Upon." Dkt. No. 174-2 at App'x B. Plaintiffs' selective decision to challenge only Fischel's use of the title "Materials Relied Upon" highlights their inability to find any valid basis to challenge his opinions and testimony. Plaintiffs' effort to manufacture a basis to exclude Fischel's opinions and testimony—which are deeply damaging to their case—should be rejected.

*Third*, Plaintiffs misstate Fischel's testimony. Fischel did not testify that he "fail[ed] to disclose the materials he 'considered' in his Report." Pls. Br. at 3. Fischel instead testified that it was "very possible" he considered other materials, Fischel Dep. 34:4–7, but that he could not "think of anything specific" that was omitted, *id.* at 34:16–22. Because Plaintiffs failed to raise this disclosure dispute before Fischel's deposition, he had not specifically reviewed his records or discussed the issue with his team. After doing so, he confirmed all of the materials he considered are listed in his report. *See* Fischel Decl. ¶¶ 2–3. Had Plaintiffs simply requested all the materials considered by Fischel prior to or after his deposition, the JELD-WEN Defendants would have promptly confirmed that all of the materials Fischel considered are listed in Appendix B to his report. *Id.*; *see also Kolon*, 2012 WL 12894840, at *4 ("Had the parties actually conferred about this issue earlier, there would have likely been no need to file this motion.").

## C.    Plaintiffs' Extraordinary Request for Exclusion Is Meritless

Plaintiffs have no basis to exclude Fischel because he complied with Rule 26. Even if he had not, exclusion is not an appropriate remedy for a minor disclosure foot fault. *See Mayor & City Council of Balt. v. Unisys Corp.*, 2013 WL 4784118, at *4–5 (D. Md. Sept. 5, 2013) (noting that exclusion is a "severe" sanction, and given that "[d]istrict courts have broad discretion in determining whether a nondisclosure is substantially justified or harmless," holding that "the appropriate resolution in this case is to treat the [party's] disclosure of its damages expert as an untimely Rule 26(a)(2) disclosure that can be rendered harmless by a modification of the

11

schedule"). Notably, Plaintiffs do not cite a single case to support exclusion of an expert for listing "Materials Relied Upon" rather than "Materials Considered," nor are the JELD-WEN Defendants aware of any authority to support Plaintiffs' argument.

Even the cases Plaintiffs do cite show that exclusion is inappropriate for violations of Rule 26, which are typically harmless. *See Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 193 (4th Cir. 2017) (concluding "that the district court did not abuse its discretion in admitting [the expert's] testimony, because the . . . noncompliance with Rule 26 was harmless"). Instead, the proper remedy for such a disclosure violation is to order the noncompliant party to make the disputed disclosure. *See Collier v. Land & Sea Restaurant Co.*, 2015 WL 13705013, at *1 (W.D. Va. Sept. 18, 2015) (requiring production of withheld documents); *Clean Mgmt. Env't Grp. v. Asymmetric Applications Grp.*, 2020 WL 4679351, at *4, 6 (D.S.C. June 12, 2020) (requiring disclosure after an expert identified specific documents he reviewed but failed to produce).[3] Here, of course, there is no additional disclosure to be made. Fischel's use of the phrase "Materials Relied Upon" rather than "Materials Considered" does not violate Rule 26, and even if it did, it would be harmless and substantially justified because all of the materials Fischel considered in forming his opinions are listed in his report. Fischel Decl. ¶ 3.

---

[3] Plaintiffs cite a number of cases where evidence was excluded, but none of those cases relate to disclosure of an expert's materials considered. *See Benjamin v. Sparks*, 986 F.3d 332, 341 (4th Cir. 2021) (excluding fact witness testimony because the plaintiff "did not disclose his intention to rely on [the] deposition testimony until he circulated a draft Pretrial Order . . . thirty days before the start of trial"); *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–98 (4th Cir. 2014) (excluding evidence relevant to the defendant debt collector's bona-fide-error defense because the defendant "failed to identify . . . its own employee . . . as a potential witness or disclose . . . payment reports" until "just two months before trial"); *Wilkins v. Montgomery*, 751 F.3d 214, 220–23 (4th Cir. 2014) (excluding expert's testimony because the plaintiff was "way late in naming an expert" and did not provide explanations of the expert's potential testimony).

12

For all of the above reasons, the Court should deny Plaintiffs' motion to exclude Fischel based on his use of the title "Materials Relied Upon" instead of "Materials Considered."

## II.    PROFESSOR FISCHEL'S OPINIONS AS TO WHAT IS PLAUSIBLE BASED UPON HIS FINANCIAL AND ECONOMIC EXPERTISE IS PROPER EXPERT TESTIMONY

### A.    Fischel's Opinions Do Not Usurp the Role of the Jury Because He Does Not Offer Legal Analysis or Conclusions

Fischel's opinions do not usurp the role of the jury.  The cases Plaintiffs cite show that exclusion of an expert's opinion for usurping the role of the jury is appropriate only where an expert either offers legal opinions or offers an opinion on the proper application of the law to the facts of the case.  *See United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011) ("[I]t does not help the jury for an expert to give testimony that states a legal standard or draws a legal conclusion by applying law to the facts."); *Chapman*, 209 F. App'x at 269 ("Generally, the use of expert testimony is not permitted if it will usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it."); *Adell Plastics, Inc. v. Mt. Hawley Ins. Co.*, 2019 WL 2524916, at *3 (D. Md. June 19, 2019) (excluding expert who "describe[d] the law and ma[de] various legal conclusions" and then "proceed[ed] to apply the law to the facts in this case and reach[] the conclusion that Mt. Hawley did not act with a lack of good faith"); *Peters v. Balt. City Bd. of Sch. Comm'rs*, 2014 WL 4187307, at *8 (D. Md. Aug. 21, 2014) (holding "expert testimony impermissibly invade[d] the province of both the judge and the jury" where it "expressly t[old] the jury what result to reach, in [the expert's] capacity as an attorney and human resources professional, and as a result of her purported expertise in applying the aforementioned statutes").  Fischel's report does not state legal standards or draw legal conclusions, nor does he offer any opinion on the proper application of law to the facts of the case. Nor do Plaintiffs allege that Fischel did any of these things.  Pls. Br. at 6–8.  And in his deposition,

13

Fischel made clear that he was not offering legal opinions. *See, e.g.*, Fischel Dep. 78:22–79:12; *id.* at 82:10–83:7. The cases Plaintiffs cite therefore do not support the exclusion of Fischel's opinions or testimony.

By contrast, Plaintiffs' own expert *repeatedly* interpreted case law and purported to apply the law to the facts to reach conclusions about the correct outcome of the case. Feinstein extensively discussed and analyzed case law to define an efficient market, Dkt. No. 122-1, Feinstein Rpt. ¶¶ 151, 154–57, and laid out applicable legal factors courts consider, *id*. ¶¶ 163–66. He then applied those factors and quoted extensively from case law in discussing the role of empirical analysis in assessing market efficiency. *See id*. ¶¶ 218–21. Feinstein also interpreted and applied the Private Securities Litigation Reform Act. *See id.* ¶ 303 n.302 ("The Private Securities Litigation Reform Act damages limitation can be applied formulaically to the calculation of per share damages set forth below."). In his reply report, Feinstein again interpreted and applied case law. *See* Dkt. No. 170-12, Feinstein Reply Rpt. ¶ 38 & nn.60–63 ("It is my understanding that disclosures do not need to explicitly acknowledge guilt to be corrective of Plaintiffs' allegations. For example, the court in *In re Signet Jewelers Ltd. Sec. Litig*., No. 16-CIV-6728 (CM)(RWL), 2019 WL 3001084 (S.D.N.Y. July 10, 2019) said . . . ."). Feinstein further provided impermissible legal opinions in his Declaration, using the Declaration to respond directly to arguments in Defendants' class certification opposition brief, *see, e.g.*, Dkt. No. 142-2, Feinstein Decl. ¶¶ 6, 11–12, and even arguing the burden of proof with respect to price impact, contending that Defendants have not met it, *id*. ¶ 17. And Feinstein admitted to offering legal opinions. *See* Ex. 5, Feinstein Dep. 19:20–20:8 ("[S]omeone might characterize some of [my opinions] as being both, both economics opinions and legal opinion.").

14

Feinstein's opinions and testimony are therefore a clear attempt to "usurp . . . the role of the jury in applying th[e] law to the facts before it." *Chapman*, 209 F. App'x at 269. Indeed, his opinions have been excluded for precisely this issue in the past. *See Ohio Pub. Employees Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, 2018 WL 3861840, at *6 (N.D. Ohio Aug. 14, 2018) ("Dr. Feinstein impermissibly offers legal opinions."). Fischel's opinions do not usurp the role of the jury, and Plaintiffs can cite no portion of his report or testimony to the contrary. Based on Plaintiffs' own arguments and citations, Pls. Br. at 6–8, if any expert's opinions should be excluded for usurping the role of the judge or jury, it is Feinstein's.[4]

**B.      Plaintiffs Agree that the Topics Upon Which Professor Fischel Opines Are Proper for Expert Testimony**

Plaintiffs recognize that Fischel's opinions on loss causation and damages are a "permissible use of expert witness testimony" which are "helpful to the jury." *See* Pls. Br. at 6–7. "[Q]uestions of fact that are committed to resolution by the jury are the proper subject of opinion testimony." *United States v. McIver*, 470 F.3d 550, 561 (4th Cir. 2006). This is ***not*** a case where "lay jurors are fully able to understand and appreciate the implications of the evidence admitted," or where "proffered expert testimony will not assist the jury in determining a factual issue." *Scurmont LLC v. Firehouse Rest. Grp., Inc.*, 2011 WL 2670575, at *11 (D.S.C. July 8, 2011). Accordingly, as Plaintiffs admit, expert guidance is helpful, *see* Pls. Br. at 7, and Fischel's opinions regarding whether certain causes of the October 16, 2018 stock drop were "more plausible" than others is an integral part of that guidance.

---

[4]  Although the JELD-WEN Defendants could have moved to exclude Feinstein's opinions on this basis, the JELD-WEN Defendants' motion to exclude instead focused on the glaring methodological and analytical flaws in Feinstein's reports and testimony. *See generally* Dkt. No. 170.

Confronted with that reality, but seeking any thread—no matter how thin—upon which to hang their exclusion arguments, Plaintiffs argue it was improper for Fischel to opine that his conclusions regarding the reason for JELD-WEN's stock drop were "the most plausible," or "more plausible" than Feinstein's. Pls. Br. at 7. But Plaintiffs' quibble with Fischel's word choice is not a basis for exclusion.[5] To the contrary, Fischel's "in-depth analysis . . . will assist the jury in reaching its own conclusion"—the proper role for expert testimony. *Scurmont*, 2011 WL 2670575, at *8.

Again, if any expert seeks to usurp the role of the jury here, it is Feinstein and his false pronouncement of absolute certainty. Feinstein asserted his conclusions as uncontestable facts (even where they are contradicted by the evidence, *see* Dkt. No. 170 at 16–20), rather than taking Fischel's more intellectually honest approach that explains the economic plausibility of various explanations for the decline in JELD-WEN's stock price. For example, Feinstein opined that the Litigation Contingency "***caused***" JELD-WEN's stock price to drop on October 16, 2018 by $1.99, Feinstein Rpt. ¶ 339, whereas Fischel opined that the "***more plausible***" explanation for the entire stock price decline was JELD-WEN's disclosure of disappointing Q3 FY18 results and downgraded FY18 guidance, Fischel Rpt. ¶¶ 17, 23, 46. In essence, Plaintiffs criticize Fischel for caveating his opinions, rather than presenting them (as Feinstein does) as ironclad facts. Fischel's articulation of his expert opinions using the word "plausible" is not a basis for exclusion. *See, e.g.,*

---

[5] Even if the Court determined it was inappropriate for Fischel to opine on the most "plausible" reason for the stock drop, the proper remedy would be to strike the term "plausible" from Fischel's opinions, not exclude his opinions in their entirety. *See Morgan v. On Deck Cap., Inc.*, 2019 WL 4093754, at *8 (W.D. Va. Aug. 29, 2019) (striking testimony only to the extent an expert testified on an impermissible topic); *Balt. Aircoil Co., Inc. v. SPX Cooling Techs. Inc.,* 2016 WL 4426681, at *27 (D. Md. Aug. 22, 2016) (striking portions of expert report opining on a certain topic, but preserving the remainder), *aff'd*, 721 F. App'x 983 (Fed. Cir. 2018); *Peters*, 2014 WL 4187307, at *8 (striking legal conclusions but preserving "[m]ore generalized testimony regarding factual - not legal - conclusions").

16

*McCune v. Xerox Corp.*, 2000 WL 1012962, at *4 (4th Cir. July 24, 2000) (relying on testimony given "to a reasonable degree of economic certainty").

### III.   PROFESSOR FISCHEL'S TESTIMONY AND OPINIONS ARE NOT "UNFAIRLY PREJUDICIAL" UNDER RULE 403

Finally, Plaintiffs' argument that Fischel's testimony should be excluded because it is more prejudicial than probative misinterprets the meaning of "prejudicial" under Federal Rule of Evidence 403.[6]  Plaintiffs seek exclusion under Rule 403 because they claim Fischel's opinion is "prejudicial" based on their first two arguments, which are meritless for the reasons discussed above.  Even if Plaintiffs had correctly identified a discovery dispute or improper use of word choice, unfair prejudice under Rule 403 "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."  *United States v. Wallace*, 124 F. App'x 165, 167 (4th Cir. 2005).  "Rule 403 only requires suppression of evidence that results in ***unfair*** prejudice—prejudice that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion."  *United States v. Mohr*, 318 F.3d 613, 619–20 (4th Cir. 2003).  In other words, Rule 403 is not concerned with alleged process violations but with prejudice associated with the evidence itself.

Plaintiffs have not identified any way in which Fischel's report or testimony is prejudicial within the meaning of Rule 403 (or otherwise).  Plaintiffs do not argue Fischel's testimony risks triggering an emotional response from the jury or is otherwise likely to incite responses from the jury that are unrelated to the probative value of the evidence.  To the contrary, they concede Fischel's opinions are properly the subject of expert testimony.  *See* Pls. Br. at 6–7.  To the extent Plaintiffs think Fischel's opinions are prejudicial to their case, that belief is grounded in the merits

---

[6]   Plaintiffs cite *Daubert*, 509 U.S. at 595, in support of this argument, which only mentions Rule 403 in dicta, noting generally that judges should "be mindful of other applicable rules."

17

of his opinions and their case, not irrelevant but emotionally charged issues. There is no rule of evidence that permits a party to seek exclusion of evidence because it is harmful to their case. Plaintiffs' effort to exclude Fischel's opinions and testimony on that basis should be denied.

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' motion to exclude the testimony and opinions of Professor Daniel R. Fischel.

Dated: March 19, 2021

Respectfully submitted,

 /s/ Brian C. Riopelle
Brian C. Riopelle (Va. Bar No. 36454)
Brian E. Pumphrey (Va. Bar No. 47312)
Brian D. Schmalzbach (Va. Bar No. 88544)
Garrett H. Hooe (Va. Bar No. 83983)
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel.: (804) 775-1084
Fax.: (804) 698-2150
briopelle@mcguirewoods.com
bpumphrey@mcguirewoods.com
bschmalzbach@mcguirewoods.com
ghooe@mcguirewoods.com

Sandra C. Goldstein, P.C. (*pro hac vice*)
Rachel M. Fritzler (*pro hac vice*)
Lindsey Weiss Harris (*pro hac vice*)
Jeehyeon Jenny Lee (*pro hac vice*)
Jacob M. Rae (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
sandra.goldstein@kirkland.com
rachel.fritzler@kirkland.com
lindsey.harris@kirkland.com
jenny.lee@kirkland.com
jacob.rae@kirkland.com

Matthew S. Owen (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Phone: (202) 389-5000
Fax: (202) 389-5200
matt.owen@kirkland.com

*Attorneys for Defendants JELD-WEN Holding, Inc., Mark A. Beck, L. Brooks Mallard, Kirk S. Hachigian, and Gary S. Michel*

19

## CERTIFICATE OF SERVICE

I certify that on the 19th day of March, 2021, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which sends an electronic copy of the foregoing to all

counsel of record in this case.

 */s/ Brian C. Riopelle*
Brian C. Riopelle (Va. Bar No. 36454)
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel.: (804) 775-1084
Fax.: (804) 698-2150
briopelle@mcguirewoods.com

20