# EXHIBIT 1

**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(RICHMOND DIVISION)**

| | |
|---|---|
| IN RE: JELD-WEN HOLDING, INC. SECURITIES LITIGATION | Civil Action No. 3:20-cv-00112-JAG |

**LEAD PLAINTIFF'S RESPONSES TO JELD-WEN DEFENDANTS'**
**FIRST SET OF INTERROGATORIES TO LEAD PLAINTIFF**
**THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Civil Local Rules for the United States District Court for the Eastern District of Virginia (the "Local Rules"), Lead Plaintiff the Public Employees' Retirement System of Mississippi ("Mississippi PERS" or "Lead Plaintiff"), by and through its undersigned counsel, hereby submits the following responses (the "Responses") to the Jeld-Wen Defendants' First Set of Interrogatories to Plaintiffs, dated November 9, 2020 (the "Interrogatories"), by Defendants JELD-WEN Holding, Inc., Mark A. Beck, L. Brooks Mallard, Kirk S. Hachigian, and Gary S. Michel (collectively, "Defendants").

**PRELIMINARY STATEMENT**

The following Responses are the product of Lead Plaintiff's good faith efforts to provide reasonable responses, as appropriate, based on facts and information known to Lead Plaintiff at the time of these Responses. Among other things, fact discovery is in its early stages, neither Defendants nor the relevant non-parties have substantially completed their respective document productions, deposition discovery has not commenced, nor have the parties identified their respective experts. Lead Plaintiff reserves all rights, including the right to supplement, revise, modify, amend, clarify, or correct these Responses. The information set forth herein is true and

1

correct to the best of Lead Plaintiff's knowledge at the time of these Responses and is subject to correction or supplementation due to, among other things, inadvertent errors, omissions, and/or additional information learned through discovery.  Lead Plaintiff provides these Responses without waiving, and while expressly preserving, all objections and the right to raise any other objections not expressly set forth herein.

No admissions of any kind are intended by these Responses.  In responding to the Interrogatories, Lead Plaintiff does not admit or accept the relevance of the information sought by the Interrogatories, the existence of any information, Document, fact, or thing set forth in or assumed by any such Interrogatory, or that any Response constitutes admissible evidence.

## RESPONSES

**Interrogatory No. 1:**

Identify each purchase (including any purchase to cover) or sale (including any short sale) You made of any JELD-WEN Security from January 26, 2017 through the present, and as of the date of any subsequent transactions by You in any JELD-WEN Security. For each transaction, indicate whether such transaction was a purchase or sale, the amount/number of shares of such Security involved in the transaction, the date and time, the net shares held as a result of such transaction, the price paid or received, the net difference between the purchase price and sale price (if applicable), the person or persons from which any purchase was made or to whom any sale was made, and the name of any broker or agent or investment advisor/manager used.

**Response to Interrogatory No. 1:**

Subject to, and without waiver of, Lead Plaintiff's previously stated objections and right to amend or supplement its Response to this Interrogatory, pursuant to Federal Rule 33(d), Lead Plaintiff will produce non-privileged Documents reflecting Lead Plaintiff's Class Period transactions in JELD-WEN common stock for the period from January 1, 2017 to December 31, 2018, including information detailing the date of each transaction, the price per share and number of shares involved in each transaction, and whether the transaction was executed by its External Investment Manager, that can be located after a reasonable search conducted in good

2

faith. By way of further response, Lead Plaintiff directs Defendants to the Certification of Ta'Shia S. Gordon filed as Exhibit A to the Complaint (ECF No. 73-1), which lists Lead Plaintiff's transactions in JELD-WEN common stock during the Class Period. Lead Plaintiff is available to meet and confer regarding this Interrogatory.

**Interrogatory No. 2:**

Identify each entity in which You hold any interest or in which You held any interest at any time from January 26, 2017 through October 15, 2018, and describe whether it was a Substantial Control Interest or Substantial Economic Interest (*e.g.,* Plaintiff Entity).

**Response to Interrogatory No. 2:**

Subject to, and without waiver of, Lead Plaintiff's previously stated objections and right to amend or supplement its Response to this Interrogatory, Lead Plaintiff states that there are no entities in which Lead Plaintiff has a Substantial Control Interest or Substantial Economic Interest. Lead Plaintiff is available to meet and confer regarding this Interrogatory.

**Interrogatory No. 3:**

Identify each member of the Putative Class known to You, and identify each such member with whom you have communicated concerning the subject matter of the Complaint.

**Response to Interrogatory No. 3:**

Subject to, and without waiver of, Lead Plaintiff's previously stated objections and right to amend or supplement its Response to this Interrogatory, Lead Plaintiff is available to meet and confer regarding this Interrogatory.

**Interrogatory No. 4:**

Identify the name, current employer, current position, and current address of each Person with knowledge or information relevant to Your claims in the Complaint, and state the relevant subjects on which such Person is knowledgeable.

**Response to Interrogatory No. 4:**

Subject to, and without waiver of, Lead Plaintiff's previously stated objections and right to amend or supplement its Response to this Interrogatory, Lead Plaintiff refers Defendants to its

3

Initial Disclosures, served on November 20, 2020 (the "Initial Disclosures), which identify the names, addresses and telephone numbers of the individuals that likely have discoverable information, and whom Lead Plaintiff may use to support its claims.

**Interrogatory No. 5:**

Identify each Person (including, but not limited to, You; any Person, group, or committee affiliated with You in any way; and/or investment advisor, investment manager, analyst, consultant, broker, agent, or custodian) or group of Persons who had any involvement—whether evaluating, consulting, discussing, advising, deliberating, deciding, directing, reviewing, or otherwise, and all whether orally or in writing—in Your (and/or in any Plaintiff Entity's) consideration or decision of whether or not to purchase, sell, or hold JELD-WEN Securities, from January 1, 2017 through October 15, 2018, regardless of whether any purchase or sale ever occurred, including each such Person's role and responsibilities in relation thereto, and any Communications with each such Person, including, but not limited to, when each such Communication occurred, the method of such Communication, and the content of such Communications.

**Response to Interrogatory No. 5:**

Subject to, and without waiver of, Lead Plaintiff's previously stated objections and right to amend or supplement its Response to this Interrogatory, Lead Plaintiff directs Defendants to its Initial Disclosures, which identify individuals and entities likely to possess relevant information concerning Lead Plaintiff's transactions in JELD-WEN common stock, including Wellington Management Company LLP, its External Investment Manager and Callan LLC, its External Investment Consultant.  By way of further response, Lead Plaintiff states that its External Investment Manager, Wellington Management Company LLP, transacted in JELD-WEN common stock on Lead Plaintiff's behalf during the Class Period and had full discretionary authority for such investment decisions.  Because Lead Plaintiff at all relevant times delegated discretionary authority as to its investments in individual securities to its External Investment Manager, no Person at Mississippi PERS was involved in investment decisions for any individual securities, including JELD-WEN common stock.

4

**Interrogatory No. 6:**

Identify each Document and/or Communication that You have reviewed, and each Person that You consulted, concerning the allegations in the Complaint, the cases captioned *Steves & Sons, Inc. v. Jeld-Wen, Inc*., No. 3:16-cv-545 (E.D. Va.), *In re: Interior Molded Doors Antitrust Litigation*, No. 3:18-cv-718 (E.D. Va.), *In re Interior Molded Doors Indirect Purchaser Antitrust Litig.*, No. 3:18-cv-850 (E.D. Va.), or any other litigation or other proceeding to which any defendant in this case is a party. For each Person identified in response to this Interrogatory, Identify any Communications with such Person, including, but not limited to, the date each such Communication occurred, the method of such Communication, and the content of such Communication.

**Response to Interrogatory No. 6:**

Subject to, and without waiver of, Lead Plaintiff's previously stated objections and right to amend or supplement its Response to this Interrogatory, Lead Plaintiff refers Defendants to its Initial Disclosures, served on November 20, 2020, which identifies Documents, ESI, and other tangible things that Lead Plaintiff has in its possession, custody, or control and that it may use to support its claims as well as Persons who are likely to have discoverable information.

**Interrogatory No. 7:**

Identify each disclosure that Plaintiffs claim represented a corrective disclosure and/or the materialization of an undisclosed risk, whether complete or partial, related to any JELD-WEN Security and for which Plaintiffs are seeking, or intends to seek, any monetary recovery in this Action.

**Response to Interrogatory No. 7:**

Subject to, and without waiver of, Lead Plaintiff's previously stated objections and right to amend or supplement its Response to this Interrogatory, Lead Plaintiff refers Defendants to the Complaint, which lists the relevant corrective disclosures in this Action.

**Interrogatory No. 8:**

Identify all Persons supplying Documents or information used or consulted by You or Your counsel in answering these Interrogatories, and Describe the information or Documents each Person supplied.

**Response to Interrogatory No. 8:**

Subject to, and without waiver of, Lead Plaintiff's previously stated objections and right

5

to amend or supplement its Response to this Interrogatory, Lead Plaintiff states that S. Martin

Millette, III (Special Assistant Attorney General, Mississippi PERS) and Ta' Shia S. Gordon

(Special Assistant Attorney General, Office of the Attorney General of the State of Mississippi)

assisted in answering these Interrogatories.  With respect to the portion of the Interrogatory

asking Lead Plaintiff to "Describe the information or Documents each Person supplied[,]" Lead

Plaintiff directs Defendants to the Documents cited in its Responses above, including the Initial

Disclosures, Complaint, and the Scheduling Order, as well as Documents that Lead Plaintiff has

produced in response to Defendants' document requests propounded on Lead Plaintiff.  Based on

the foregoing specific objections to this Interrogatory, Lead Plaintiff will not search for, produce,

identify, or describe Documents or information reflecting: (1) Lead Plaintiff's privileged

Communications with its counsel; and (2) Communications by and between Lead Plaintiff's

counsel, including discussions of Lead Plaintiff's Responses to these Interrogatories, or the work

product or mental impressions of Lead Counsel with respect to any aspect of this litigation.  Lead

Plaintiff is available to meet and confer regarding this Interrogatory.

**Interrogatory No. 9:**

Identify all Confidential Witnesses referred to in the Complaint; all Contacts and Communications between Confidential Witnesses and Plaintiffs or Plaintiffs' Counsel; who initiated the Contact; and how many meetings, conversations, or other Communications each Confidential Witness has had with Plaintiffs or Plaintiffs' Counsel. To the extent that You contend that You are not permitted to disclose the identities of the Confidential Witnesses, identify the legal basis for that contention.

**Response to Interrogatory No. 9:**

Subject to, and without waiver of, Lead Plaintiff's previously stated objections and right

to amend or supplement its Response to this Interrogatory, Lead Plaintiff states that it relied on

its undersigned counsel's factual investigation in connection with the Complaint filed by Lead

Plaintiff in this Action, and that Lead Plaintiff did not Communicate with any Confidential

6

Witness described in the Complaint.  Based on the foregoing specific objections to this

Interrogatory, Lead Plaintiff will not search for, produce, or identify Documents or information

reflecting the work product or mental impressions of Lead Counsel with respect to any aspect of

this litigation, including any Communications that Lead Counsel had with, or about, Confidential

Witnesses in the Complaint.  Lead Plaintiff further states that all such Documents responsive to

this Interrogatory are not in Lead Plaintiff's control, do not exist, or are subject to privilege

and/or work product protections.  By further way of response, Lead Plaintiff refers Defendants to

its Initial Disclosures, served on November 20, 2020.  Lead Plaintiff is available to meet and

confer regarding this Interrogatory.

**Interrogatory No. 10:**

Describe your relationship with Plaintiffs' Counsel, including all actions in which You have retained any of Plaintiffs' Counsel and all financial relationships, arrangements, and/or business dealings between Plaintiffs or any Plaintiff Entity, on the one hand, and Plaintiffs' Counsel, or any entity Plaintiffs know or suspect to be affiliated with or controlled by Plaintiffs' Counsel, on the other hand.

**Response to Interrogatory No. 10:**

Subject to, and without waiver of, Lead Plaintiff's previously stated objections and right

to amend or supplement its Response to this Interrogatory, Lead Plaintiff states that Lead

Counsel has an agreement in place with Lead Plaintiff pursuant to which Lead Counsel monitors

Lead Plaintiff's investment portfolio and identifies potentially fraudulent activity that impacts

Lead Plaintiff's investments.  Thereafter, the Mississippi Attorney General in her sole discretion

makes the determination to proceed with a lawsuit, retaining outside counsel, including Lead

Counsel, pursuant to an engagement letter and any applicable Mississippi state statute governing

the retention of outside counsel for the purposes of proceeding in such an action.  By way of

further response, Lead Plaintiff directs Defendants to the Mississippi AG Website, at the

following link, which describes the policies for retaining outside legal counsel to assist in

7

litigation, including this lawsuit, involving Mississippi state entities, including Lead Plaintiff,

and which also provides the applicable retention agreement with Lead Counsel for this lawsuit:

https://www.ago.state.ms.us/divisions/consumer-protection/.

**Interrogatory No. 11:**

Describe any referral, whether formal or informal, including any payments of money or any other consideration or thing of value, or arrangements or understandings with respect to any such payments, made between You or any of Your attorneys, agents, representatives, or other persons acting on Your behalf, on the one hand, and any other Person or entity, on the other hand, relating to the Action, including identifying any parties to such arrangements.

**Response to Interrogatory No. 11:**

Subject to, and without waiver of, Lead Plaintiff's previously stated objections and right

to amend or supplement its Response to this Interrogatory, Lead Plaintiff states that are no

referrals or any agreements regarding "payments of money or any other consideration or thing of

value" for this Action.

**Interrogatory No. 12:**

For each alleged misstatement(s) or omission(s) of material fact, Identify and Describe with specificity all facts and Identify all Documents without regard to time period that You allege support the claim that the alleged statement was false, or that the alleged omission was misleading, and Identify which corrective disclosure purportedly revealed the truth of the alleged misstatement or omission, including Identification of Documents by Bates number or otherwise.

**Response to Interrogatory No. 12:**

Subject to, and without waiver of, Lead Plaintiff's previously stated objections and right

to amend or supplement its Response to this Interrogatory, Lead Plaintiff refers Defendants to

the Complaint, which lists the relevant corrective disclosures in this Action.  Lead Plaintiff is

available to meet and confer regarding this Interrogatory.

**Interrogatory No. 13:**

For each alleged misstatement(s) or omission(s) of material fact, Identify and Describe with specificity all facts and Identify all Documents without regard to time period that You allege support the claim that the alleged statement was made with scienter, or that the speaker

8

intended to defraud investors in failing to speak, including Identification of Documents by Bates number or otherwise.

**Response to Interrogatory No. 13:**

Subject to, and without waiver of, Lead Plaintiff's previously stated objections and right to amend or supplement its Response to this Interrogatory, Lead Plaintiff refers Defendants to the Complaint, which lists the relevant allegations concerning scienter and falsity in this Action. Lead Plaintiff is available to meet and confer regarding this Interrogatory.

**Interrogatory No. 14:**

State the type and amount of damages that You claim to have individually suffered and the Class as a whole suffered as a result of the alleged misstatements or omissions of material fact identified in the Complaint an Describe in detail the computation of each category of such damages, including Identifying the Securities that You allege declined in value and separately Describing the computation of damages purportedly suffered in connection with each public disclosure in which or during which there was an alleged misstatement or omission of material fact, along with all data, assumptions and hypotheses on which each computation is based.

**Response to Interrogatory No. 14:**

Subject to, and without waiver of, Lead Plaintiff's previously stated objections and right to amend or supplement its Response to this Interrogatory, Lead Plaintiff refers Defendants to the Complaint, which contains Lead Plaintiff's prayer for relief. Lead Plaintiff is available to meet and confer regarding this Interrogatory.

DATED: December 9, 2020                Respectfully submitted,

                                       LABATON SUCHAROW LLP


                                            *s/ Michael H. Rogers*
                                       JAMES W. JOHNSON (admitted *pro hac vice*)
                                       MICHAEL H. ROGERS (admitted *pro hac vice*)
                                       JAMES T. CHRISTIE (admitted *pro hac vice*)
                                       PHILIP J. LEGGIO (admitted *pro hac vice*)

9

140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
jjohnson@labaton.com
mrogers@labaton.com
jchristie@labton.com
pleggio@labaton.com

*Counsel for Co-Lead Plaintiff Public Employees'*
*Retirement System of Mississippi and the Class*


COHEN MILSTEIN SELLERS & TOLL PLLC
STEVEN J. TOLL (VSB No. 15300)
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005
Telephone: 202/408-4600
202/408-4699 (fax)
stoll@cohenmilstien.com


*Liaison Counsel for the Class*

10

## **VERIFICATION**

I, Ta' Shia S. Gordon, certify under penalty of perjury that the information reflected in Lead Plaintiff's Responses to Defendants' First Set of Interrogatories to Lead Plaintiff the Public Employees' Retirement System of Mississippi, dated December 9, 2020, is true and correct, except as to those matters as to which I lack personal knowledge.

Executed on: December 8th 2020

Ta' Shia S. Gordon
*Special Assistant Attorney General*
*Office of the Attorney General of the*
*State of Mississippi on behalf of the*
*Public Employees' Retirement*
*System of Mississippi*

11

## CERTIFICATE OF SERVICE

I certify that on December 9, 2020, I caused a copy of the foregoing to be served on

counsel for Defendants.

Dated:  December 9, 2020                  Respectfully Submitted,


                                          */s/ James T. Christie*
                                          James T. Christie

12