# EXHIBIT 2

| | | |
|---|---|---|
| In re JELD-WEN HOLDING, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 3:20-cv-00112-JAG |
| | ) | CLASS ACTION |
| | ) | |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) | |
| | ) | |

**LEAD PLAINTIFF PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Civil Local Rules for the United States District Court for the Eastern District of Virginia (the "Local Rules"), Lead Plaintiff Plumbers and Pipefitters National Pension Fund ("PPNPF"), by and through its undersigned counsel, hereby submits the following responses and objections (the "Responses") to the First Set of Interrogatories to Lead Plaintiff Plumbers and Pipefitters National Pension Fund, dated November 9, 2020 (the "Interrogatories") by Defendants JELD-WEN Holding, Inc., Mark A. Beck, L. Brooks Mallard, Kirk S. Hachigian, and Gary S. Michel (collectively, "Defendants").

**PRELIMINARY STATEMENT**

The following Responses are the product of PPNPF's good faith efforts to provide reasonable responses, as appropriate, based on facts and information known to PPNPF at the time of these Responses. Among other things, fact discovery is in its early stages, neither Defendants nor the relevant non-parties have begun their respective document productions, deposition discovery has not commenced, nor have the parties identified their respective experts. PPNPF reserves all rights, including the right to supplement, revise, modify, amend, clarify, or correct these Responses. The

information set forth herein is true and correct to the best of PPNPF's knowledge at the time of these Responses and is subject to correction or supplementation due to, among other things, inadvertent errors, omissions, and/or additional information learned through discovery. PPNPF provides these Responses without waiving, and while expressly preserving, all objections and the right to raise any other objections not expressly set forth herein.

No admissions of any kind are intended by these Responses. In responding to the Interrogatories, PPNPF does not admit or accept the relevance of the information sought by the Interrogatories, the existence of any information, document, fact, or thing set forth in or assumed by any such Interrogatory, or that any Response constitutes admissible evidence.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. PPNPF objects to Definition No. 1 concerning the terms "You" and "Your" because it requires the disclosure of information that is in the possession, custody, or control of third parties and not within PPNPF's possession, custody, or control. In particular, PPNPF objects because information in the possession, custody, or control of PPNPF's relevant investment manager or investment consultant as identified in its Initial Disclosures, served on November 20, 2020 (the "Initial Disclosures"), Wellington Management Company, LLP (the "External Investment Manager") and Segal Marco Advisors, (the "External Investment Consultant"), is not in PPNPF's possession, custody, or control. PPNPF further objects to this Definition because it includes its "attorneys, advisors, representatives, [and] agents," which makes compliance with the Interrogatories unduly burdensome and calls for the disclosure of information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege. PPNPF further objects to this Definition as overbroad and as seeking information not relevant to the claims or defenses of any party insofar as it includes "all other Persons acting on [PPNPF's] behalf." For purposes of these Responses, PPNPF interprets the terms

"You" and "Your" to strictly mean PPNPF and its employees during the Class Period, and to seek solely non-privileged or non-work product information.  PPNPF will respond to the Interrogatories based on information currently in its possession, custody, or control.

2.	PPNPF objects to Definition No. 11 concerning the term "JELD-WEN Security" insofar as it requires the disclosure of "any Security or contract referencing…other performance metrics[,]" as vague and overbroad because it is not clear what constitutes "other performance metrics."  PPNPF further objects to the term "JELD-WEN Security" as overbroad and not likely to lead to the discovery of admissible evidence, as this action involves only purchasers or acquirors of JELD-WEN's common stock.

3.	PPNPF objects to Instruction No. 2 concerning waiver of objections not stated because PPNPF reserves the right to amend, supplement, or correct these Responses if and when it discovers other additional information or grounds for further responses and objections as permitted by the Federal Rules and/or other applicable law.

INTERROGATORY NO. 1:

Identify each purchase (including any purchase to cover) or sale (including any short sale) You made of any JELD-WEN Security from January 26, 2017 through the present, and as of the date of any subsequent transactions by You in any JELD-WEN Security.  For each transaction, indicate whether such transaction was a purchase or sale, the amount/number of shares of such Security involved in the transaction, the date and time, the net shares held as a result of such transaction, the price paid or received, the net difference between the purchase price and sale price (if applicable), the Person or Persons from which any purchase was made or to whom any sale was made, and the name of any broker or agent or investment advisor/manager used.

RESPONSE TO INTERROGATORY NO. 1:

PPNPF objects to this Interrogatory as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information not relevant to the claims or defenses of any party in that it seeks information regarding PPNPF's transactions in JELD-WEN Securities "from January 26, 2017 through the present" as only PPNPF's transactions in JELD-WEN common stock during the Class Period are relevant to the parties' claims and defenses in this Action. PPNPF further objects to this Interrogatory as overbroad to the extent that it, particularly Defendants' Definition of "You," which includes PPNPF's "attorneys, advisors, representatives, [and] agents," and "all other Persons acting on [PPNPF's] behalf[,]" seeks information that is not within PPNPF's possession, custody, or control. Further, PPNPF has delegated its authority to make investment decisions regarding individual securities, including JELD-WEN Securities, to its External Investment Manager and External Investment Consultant, who had full discretionary authority to transact in JELD-WEN Securities during the Class Period and thus made all the related investment decisions. PPNPF further objects to this Interrogatory to the extent it seeks information already in Defendants' possession, custody, or control, or which Defendants may obtain from sources that are more convenient, less burdensome, less expensive, or more readily available, or which may be obtained through other or less burdensome means of discovery, including through document requests seeking the same information, which Defendants have already propounded on PPNPF.

Subject to, and without waiver of, these objections and PPNPF's right to amend or supplement its Response to this Interrogatory, pursuant to Federal Rule 33(d), PPNPF will produce non-privileged documents reflecting PPNPF's Class Period transactions in JELD-WEN common stock for the period from January 1, 2017 to December 31, 2018, including information detailing the date of each transaction, the price per share and number of shares involved in each transaction, and whether the transaction was executed by its External Investment Manager, that can be located after a

reasonable search conducted in good faith. By way of further response, PPNPF directs Defendants to the Certification of Toni C. Inscoe, filed as Exhibit B to the Complaint (ECF No. 73-2), which lists PPNPF's transactions in JELD-WEN Securities during the Class Period.

INTERROGATORY NO. 2:

Identify each entity in which You hold any interest or in which You held any interest at any time from January 26, 2017 through October 15, 2018, and describe whether it was a Substantial Control Interest or Substantial Economic Interest (e.g., Plaintiff Entity).

RESPONSE TO INTERROGATORY NO. 2:

PPNPF objects to the terms "each entity" and "any interest" as vague and ambiguous. PPNPF further objects to this Interrogatory as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information not relevant to the claims or defenses of any party in that it seeks information regarding "any interest" that PPNPF has or held in any "entity" regardless of the connection or relevance to this Action. PPNPF further objects to this Interrogatory as overbroad to the extent that it, particularly Defendants' Definition of "You," which includes PPNPF's "attorneys, advisors, representatives, [and] agents," and "all other Persons acting on [PPNPF's] behalf[,]" seeks information that is not within PPNPF's possession, custody, or control. Further, PPNPF has delegated its authority to make investment decisions regarding individual securities, to its External Investment Manager and External Investment Consultant, who had full discretionary authority to transact in all Securities during the Class Period and thus made all the related investment decisions.

Subject to, and without waiver of, these objections and PPNPF's right to amend or supplement its Response to this Interrogatory, PPNPF states that there are no entities in which PPNPF has a Substantial Control Interest or Substantial Economic Interest.

<u>INTERROGATORY NO. 3</u>:

Identify each member of the Putative Class known to You, and identify each such member with whom you have communicated concerning the subject matter of the Complaint.

<u>RESPONSE TO INTERROGATORY NO. 3</u>:

PPNPF objects to this Interrogatory on the ground that Defendants' Definition of "You" includes PPNPF's "attorneys," and accordingly, seeks Communications protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, including any Communications that Lead Counsel had with PPNPF or any other members of the Putative Class. PPNPF further objects to this Interrogatory as overbroad to the extent that it, particularly Defendants' Definition of "You," which includes PPNPF's "attorneys, advisors, representatives, [and] agents," and "all other Persons acting on [PPNPF's] behalf[,]" seeks information that is not within PPNPF's possession, custody, or control, including any Communications with one of the above parties and a member of the Putative Class. PPNPF further objects to this Interrogatory as overbroad, disproportionate to the needs of this case, and seeking information not relevant to the claims or defenses of any party to the extent that it calls for the disclosure of Communications with any member of the Putative Class regardless of the content of those Communications or their relevance to this Action.

Subject to, and without waiver of, these objections and PPNPF's right to amend or supplement its Response to this Interrogatory, PPNPF states that it is aware that Lead Plaintiff Public Employees' Retirement System of Mississippi and Additional Plaintiff Wisconsin Laborers' Pension Fund are members of the Putative Class. PPNPF is currently unaware of the identities of any other Putative Class members, nor has PPNPF had direct communication, to its knowledge, with any Putative Class member concerning the subject matter of the Complaint.

<u>INTERROGATORY NO. 4:</u>

Identify the name, current employer, current position, and current address of each Person with knowledge or information relevant to Your claims in the Complaint, and state the relevant subjects on which such Person is knowledgeable.

<u>RESPONSE TO INTERROGATORY NO. 4</u>:

PPNPF objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case, in that it seeks the disclosure of information relating to "each Person with knowledge or information relevant to [PPNPF's] claims in the Complaint" regardless of whether PPNPF relied on them in forming the Complaint. PPNPF further objects to this Interrogatory as overbroad to the extent that it, particularly Defendants' Definition of "You," which includes PPNPF's "attorneys, advisors, representatives, [and] agents," and "all other Persons acting on [PPNPF's] behalf[,]" seeks information that is not within PPNPF's possession, custody, or control. PPNPF further objects to this Interrogatory because it seeks certain information that is in Defendants' possession, custody, or control, including the identities of JELD-WEN's employees during the Class Period, and thus more convenient, less burdensome, less expensive, or more readily available to Defendants.

Subject to, and without waiver of, these objections and PPNPF's right to amend or supplement its Response to this Interrogatory, PPNPF refers Defendants to its Initial Disclosures, served on November 20, 2020, which identifies the names, addresses and telephone numbers of the individuals that likely have discoverable information, and whom PPNPF may use to support its claims.

<u>INTERROGATORY NO. 5:</u>

Identify each Person (including, but not limited to, You; any Person, group, or committee affiliated with You in any way; and/or investment advisor, investment manager, analyst, consultant,

broker, agent, or custodian) or group of Persons who had any involvement—whether evaluating, consulting, discussing, advising, deliberating, deciding, directing, reviewing, or otherwise, and all whether orally or in writing—in Your (and/or in any Plaintiff Entity's) consideration or decision of whether or not to purchase, sell, or hold JELD-WEN Securities, from January 1, 2017 through October 15, 2018, regardless of whether any purchase or sale ever occurred, including each such Person's role and responsibilities in relation thereto, and any Communications with each such Person, including, but not limited to, when each such Communication occurred, the method of such Communication, and the content of such Communications.

RESPONSE TO INTERROGATORY NO. 5:

PPNPF objects to phrases "affiliated with You in any way" and "any involvement" as vague and ambiguous. PPNPF further objects to this Interrogatory on that ground that Defendants' Definition of "You" includes PPNPF's "attorneys," and accordingly, seeks Documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, particularly in that it seeks the disclosure of the contents of any Communications that PPNPF had in connection with these transactions, including with outside counsel. PPNPF further objects to this Interrogatory as overbroad to the extent that it, particularly Defendants' Definition of "You," which includes PPNPF's "attorneys, advisors, representatives, [and] agents," and "all other Persons acting on [PPNPF's] behalf[,]" seeks information that is not within PPNPF's possession, custody, or control, including the identities of any Person consulted with by PPNPF's External Investment Manager when considering or deciding whether to buy or sell JELD-WEN Securities. PPNPF further objects to this Interrogatory as overbroad, disproportionate to the needs of this case, and seeking information not relevant to the claims or defenses of any party to the extent that it calls for the disclosure of Communications with any Person relating to the purchase or sale of JELD-WEN Securities, regardless of whether PPNPF thereafter purchased or sold JELD-WEN Securities, as only PPNPF's

actual transactions (as opposed to the hypothetical transactions referred to in the Interrogatory) in JELD-WEN Securities during the Class Period are relevant to this Action. PPNPF further objects to this Interrogatory to the extent it seeks information already in Defendants' possession, custody, or control, that is publicly available (including, for example, the identities of PPNPF's External Investment Manager and External Investment Consultant), to which Defendants have equal access and may obtain by equal effort, or which Defendants may obtain from sources that are more convenient, less burdensome, less expensive, or more readily available, or which may be obtained through other or less burdensome means of discovery, including through document requests seeking the same information, which Defendants have already propounded on PPNPF, and PPNPF's Initial Disclosures, served on November 20, 2020.

Subject to, and without waiver of, these objections and PPNPF's right to amend or supplement its Response to this Interrogatory, PPNPF directs Defendants to its Initial Disclosures, which identify individuals and entities likely to possess relevant information concerning PPNPF's transactions in JELD-WEN common stock, its External Investment Manager and its External Investment Consultant. By way of further response, PPNPF states that its External Investment Manager, transacted in JELD-WEN common stock on PPNPF's behalf during the Class Period and had full discretionary authority for such investment decisions. Because PPNPF at all relevant times delegated discretionary authority as to its investments in individual securities to its External Investment Manager, no Person at PPNPF was involved in investment decisions for any individual securities, including JELD-WEN common stock.

INTERROGATORY NO. 6:

Identify each Document and/or Communication that You have reviewed, and each Person that You consulted, concerning the allegations in the Complaint, the cases captioned *Steves & Sons, Inc. v. Jeld-Wen, Inc.*, No. 3:16-cv-545 (E.D. Va.), *In re: Interior Molded Doors Antitrust Litigation*,

No. 3:18-cv-718 (E.D. Va.), *In re Interior Molded Doors Indirect Purchaser Antitrust Litig.*, No. 3:18-cv-850 (E.D. Va.), or any other litigation or other proceeding to which any defendant in this case is a party. For each Person identified in response to this Interrogatory, Identify any Communications with such Person, including, but not limited to, the date each such Communication occurred, the method of such Communication, and the content of such Communication.

RESPONSE TO INTERROGATORY NO. 6:

PPNPF objects to the phrase "any other litigation or other proceeding to which any defendant in this case is a party" as vague and ambiguous. To the extent this requires the disclosure of information concerning lawsuits not relevant to this Action, PPNPF further objects to this Interrogatory as overbroad, disproportionate to the needs of this case, and seeking information not relevant to the claims or defenses of any party. PPNPF further objects to this Interrogatory on that ground that Defendants' Definition of "You" includes PPNPF's "attorneys," and accordingly, seeks Communications protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, including any Communications that Lead Counsel had in connection with its investigation into this Action. PPNPF further objects to this Interrogatory as overbroad to the extent that it, particularly Defendants' Definition of "You," which includes PPNPF's "attorneys, advisors, representatives, [and] agents," and "all other Persons acting on [PPNPF's] behalf[,]" seeks information that is not within PPNPF's possession, custody, or control, including the identities of any Person consulted with by Lead Counsel in connection with its investigation into this Action. PPNPF further objects to this Interrogatory because it seeks certain information that is in Defendants' possession, custody, or control, including Documents produced by and to Defendants in the cases mentioned above, and thus more convenient, less burdensome, less expensive, or more readily available to Defendants. PPNPF further objects to this Interrogatory to the extent it seeks Documents that are publicly available as many Documents relied upon in PPNPF's investigation into

this Action are public, or that are available from other sources that are less burdensome, more convenient, and/or less expensive, and equally accessible to the Defendants (including, for example, JELD-WEN's SEC filings, Documents produced by Defendants to PPNPF, public news and analyst reports, and PPNPF's public court filings such as the Complaint).

Subject to, and without waiver of, these objections and PPNPF's right to amend or supplement its Response to this Interrogatory, PPNPF refers Defendants to its Initial Disclosures, served on November 20, 2020, which identifies Documents, ESI, and other tangible things that PPNPF has in its possession, custody, or control and that it may use to support its claims as well as Persons who are likely to have discoverable information. PPNPF further states that it has not participated in any Communications concerning the identified litigations.

INTERROGATORY NO. 7:

Identify each disclosure that Plaintiffs claim represented a corrective disclosure and/or the materialization of an undisclosed risk, whether complete or partial, related to any JELD-WEN Security and for which Plaintiffs are seeking, or intends to seek, any monetary recovery in this Action.

RESPONSE TO INTERROGATORY NO. 7:

PPNPF objects to this Interrogatory as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to the claims or defenses of any party because it seeks identification of "each disclosure that … represented a corrective disclosure and/or the materialization of an undisclosed risk," as the particularized allegations attributable to each theory of loss causation are set forth in the Complaint. PPNPF further objects to this Interrogatory to the extent it seeks Documents that are publicly available as many Documents relied upon in PPNPF's investigation into this Action are public, are in Defendants control, or are available from other sources that are less burdensome, more convenient, and/or less expensive, and equally

accessible to the Defendants, including Defendants' public disclosures and press releases, third-party disclosures and other information concerning declines in the price of JELD-WEN Securities, and related analyst and news reports. PPNPF further objects to this Interrogatory because it is premature insofar as it relates to loss causation, which will be a subject of expert analysis, reports and discovery, well before the time for such expert discovery that is set forth in the Scheduling Order.

Subject to, and without waiver of, these objections and PPNPF's right to amend or supplement its Response to this Interrogatory, PPNPF refers Defendants to the Complaint, which lists the relevant corrective disclosures in this Action known to PPNPF at this time.

INTERROGATORY NO. 8:

Identify all Persons supplying Documents or information used or consulted by You or Your counsel in answering these Interrogatories, and Describe the information or Documents each Person supplied.

RESPONSE TO INTERROGATORY NO. 8:

PPNPF objects to this Interrogatory as overbroad, unduly burdensome, disproportionate to the needs of the case, and as seeking to impose obligations on PPNPF in excess of those imposed by the Federal Rules, the Local Rules, and any other applicable provisions of law. PPNPF further objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other applicable privileges, protections, or immunities. PPNPF further objects to this Interrogatory because the phrase "used or consulted" is vague and ambiguous.

Subject to, and without waiver of, these objections and PPNPF's right to amend or supplement its Response to this Interrogatory, PPNPF states that Toni C. Inscoe (Administrator) assisted in answering these Interrogatories. With respect to the portion of the Interrogatory asking PPNPF to "Describe the information or Documents each Person supplied," PPNPF directs

Defendants to the Documents cited in its Responses above, including the Initial Disclosures, Complaint, and the Scheduling Order, as well as Documents that PPNPF has produced in response to Defendants' document requests propounded on PPNPF.

INTERROGATORY NO. 9:

Identify all Confidential Witnesses referred to in the Complaint; all Contacts and Communications between Confidential Witnesses and Plaintiffs or Plaintiffs' Counsel; who initiated the Contact; and how many meetings, conversations, or other Communications each Confidential Witness has had with Plaintiffs or Plaintiffs' Counsel. To the extent that You contend that You are not permitted to disclose the identities of the Confidential Witnesses, identify the legal basis for that contention.

RESPONSE TO INTERROGATORY NO. 9:

PPNPF objects to this Interrogatory on the grounds that Defendants' Definition of "You," includes PPNPF's "attorneys," and accordingly, seeks Documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, because it calls for the disclosure of Lead Counsel's Communications with the Confidential Witnesses described in the Complaint. PPNPF further objects to this Interrogatory as overbroad to the extent that it, particularly Defendants' Definition of "You," which includes PPNPF's "attorneys, advisors, representatives, [and] agents," and "all other Persons acting on [PPNPF's] behalf[,]" seeks information that is not within PPNPF's possession, custody, or control, including Communications by and between Lead Counsel and any Confidential Witness.

Subject to, and without waiver of, these objections and PPNPF's right to amend or supplement its Response to this Interrogatory, PPNPF states that it relied on its undersigned counsel's factual investigation in connection with the Complaint filed by PPNPF in this Action, and that PPNPF did not Communicate with any Confidential Witness described in the Complaint. By

further way of response, PPNPF refers Defendants to its Initial Disclosures, served on November 20, 2020, which identifies the names, addresses and telephone numbers of the individuals that likely have discoverable information, and whom PPNPF may use to support its claims.

INTERROGATORY NO. 10:

Describe your relationship with Plaintiffs' Counsel, including all actions in which You have retained any of Plaintiffs' Counsel and all financial relationships, arrangements, and/or business dealings between Plaintiffs or any Plaintiff Entity, on the one hand, and Plaintiffs' Counsel, or any entity Plaintiffs know or suspect to be affiliated with or controlled by Plaintiffs' Counsel, on the other hand.

RESPONSE TO INTERROGATORY NO. 10:

PPNPF objects to the phrases "financial relationships," "arrangements," "business dealings[,]" and "any entity" as vague and ambiguous. PPNPF further objects to this Interrogatory to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, including Lead Counsel's Communications with PPNPF or Communications between Lead Counsel and any other Person or entity in the course of its investigation into this Action. PPNPF further objects to this Interrogatory as unduly burdensome, disproportionate to the needs of the case, and as seeking information not relevant to the parties' claims and defenses in this Action in that this Interrogatory seeks information about cases where PPNPF has retained Lead Counsel other than this Action. PPNPF further objects to this Interrogatory because it seeks to impose obligations that are not imposed by law, in particular, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which only requires PPNPF to disclose the class actions filed under the federal securities laws in the last three years in which it sought to act as a lead plaintiff. PPNPF further objects to this Interrogatory as overbroad to the extent that it, particularly Defendants' Definition of "You," which includes PPNPF's "attorneys,

advisors, representatives, [and] agents," and "all other Persons acting on [PPNPF's] behalf[,]" seeks the disclosure of information that is not within PPNPF's possession, custody, or control. PPNPF further objects to this Interrogatory because it seeks the disclosure of information that is publicly available as Documents concerning other lawsuits to which PPNPF has been a party are publicly available and thus equally accessible to Defendants. PPNPF further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of the case in that Defendants have already propounded document requests seeking the same information.

Subject to, and without waiver of, these objections and PPNPF's right to amend or supplement its Response to this Interrogatory, PPNPF states that, in accordance with their fiduciary duties to the PPNPF and its participants, the Trustees of PPNPF have caused PPNPF to retain Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as well as Cohen Milstein Sellers & Toll to monitor PPNPF's investment portfolio to identify potentially fraudulent activity that impacts PPNPF's investments. PPNPF then determines, in consultation with its Fund Counsel, O'Donoghue & O'Donoghue LLP ("O'Donoghue") if undertaking legal action is warranted. PPNPF has separately entered into a Retainer Agreement with Robbins Geller and O'Donoghue that outlines the terms of the relationship concerning their representation of PPNPF in this matter.

INTERROGATORY NO. 11:

Describe any referral, whether formal or informal, including any payments of money or any other consideration or thing of value, or arrangements or understandings with respect to any such payments, made between You or any of Your attorneys, agents, representatives, or other Persons acting on Your behalf, on the one hand, and any other Person or entity, on the other hand, relating to the Action, including identifying any parties to such arrangements.

RESPONSE TO INTERROGATORY NO. 11:

PPNPF objects to the phrases "formal or informal," "any other consideration or thing value," "arrangements or understandings[,]" "other Persons acting on Your behalf[,]" and "any other Person or entity relating to the Action" as vague and ambiguous. In particular, PPNPF objects to this Interrogatory and the term "payments of money or any other consideration or thing of value" as vague and ambiguous. To the extent it includes information concerning PPNPF's pro rata share of any recovery in this lawsuit and any reasonable costs and expenses (including lost wages, if any) directly related to PPNPF's representation of the class in this lawsuit (the "class representatives costs and expenses"), as permitted by the PSLRA, and as ordered or approved by the Court, PPNPF further objects to this Interrogatory on the ground that it seeks information protected by attorney-client privilege and attorney work product doctrine in that it potentially seeks Communications between PPNPF and its counsel concerning, for example, the merits of PPNPF's claims and the amount of its pro rata share of recovery in this lawsuit or the award of the class representative costs and expenses that it may receive from a judgment entered by the Court in the lawsuit. Accordingly, based on these objections, and for purposes of responding to this Interrogatory, PPNPF interprets the term "payments of money or any other consideration or thing of value" to mean a payment in addition to its pro rata share of any recovery in this lawsuit or award of class representative costs and expenses that PPNPF may receive from a judgment entered by the Court. PPNPF further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and disproportionate to the needs of the case in that Defendants have already propounded document requests seeking the same information.

Subject to, and without waiver of, these objections and PPNPF's right to amend or supplement its Response to this Interrogatory, PPNPF states that are no referrals or any agreements regarding it or its attorneys, experts, representatives or other Persons acting on its behalf paying or

receiving any "money or any other consideration or thing of value" for this Action other than PPNPF's expectation is that it will receive the same pro-rata share of any recovery, be it through settlement or judgment after trial, as every other member of the Putative Class, plus any costs or expense payment, as permitted by the PSLRA, and as ordered or approved by the Court.

INTERROGATORY NO. 12:

For each alleged misstatement(s) or omission(s) of material fact, Identify and Describe with specificity all facts and Identify all Documents without regard to time period that You allege support the claim that the alleged statement was false, or that the alleged omission was misleading, and Identify which corrective disclosure purportedly revealed the truth of the alleged misstatement or omission, including Identification of Documents by Bates number or otherwise.

RESPONSE TO INTERROGATORY NO. 12:

PPNPF objects to this Interrogatory as a premature contention interrogatory for which no response is required at this stage in the litigation. PPNPF also objects to this Interrogatory on the grounds that it is compound and should count as multiple separate interrogatories. *See* Federal Rule 33(b)(3). PPNPF further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and seeking information not relevant to the claims or defenses of any party in that it seeks Documents "without regard to time period" as only Documents relating to the Class Period are relevant to this Action. PPNPF further objects to this Interrogatory on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and premature at this stage of the litigation as it calls for the disclosure of Documents and information concerning factual and legal contentions in this Action when discovery is ongoing. Further, the particularized allegations attributable to each theory of loss causation are clearly set forth in the Complaint. PPNPF further objects to this Interrogatory on the grounds that Defendants' Definition of "You," includes PPNPF's "attorneys," and accordingly, seeks Documents protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine, because many of the Documents called for by this Interrogatory involve privileged Communications with PPNPF's attorneys or otherwise reflect its attorneys' mental impressions and work product concerning this lawsuit, including that it calls for a legal conclusion. PPNPF further objects to this Interrogatory to the extent it seeks Documents that are publicly available, as many Documents relied upon in PPNPF's investigation into this Action are public, or that are available from other sources that are less burdensome, more convenient, and/or less expensive, and equally accessible to the Defendants or in Defendants' control (including, for example, JELD-WEN's SEC filings, Documents produced by Defendants to PPNPF, public news and analyst reports, and PPNPF's public court filings such as the Complaint). PPNPF further objects to this Interrogatory because it is premature insofar as it relates to loss causation, which will be a subject of expert analysis, reports and discovery, well before the time for such expert discovery that is set forth in the Scheduling Order.

INTERROGATORY NO. 13:

For each alleged misstatement(s) or omission(s) of material fact, Identify and Describe with specificity all facts and Identify all Documents without regard to time period that You allege support the claim that the alleged statement was made with scienter, or that the speaker intended to defraud investors in failing to speak, including Identification of Documents by Bates number or otherwise.

RESPONSE TO INTERROGATORY NO. 13:

PPNPF objects to this Interrogatory as a premature contention interrogatory for which no response is required at this stage in the litigation. PPNPF also objects to this Interrogatory on the grounds that it is compound and should count as multiple interrogatories. *See* Federal Rule 33(b)(3). PPNPF further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and seeking information not relevant to the claims or defenses of any party in that it seeks Documents "without regard to time period" as only Documents relating to the Class Period are

relevant to this Action.  PPNPF further objects to this Interrogatory on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and premature at this stage of the litigation as it calls for the disclosure of Documents and information concerning factual and legal contentions in this Action when discovery is ongoing.  Further, the particularized allegations attributable to each theory of scienter and falsity are clearly set forth in the Complaint.  PPNPF further objects to this Interrogatory on the grounds that Defendants' Definition of "You," includes PPNPF's "attorneys," and accordingly, seeks Documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, because many of the Documents called for by this Interrogatory involve privileged Communications with PPNPF's attorneys or otherwise reflect its attorneys' mental impressions and work product concerning this lawsuit, including that it calls for a legal conclusion.  PPNPF further objects to this Interrogatory to the extent it seeks Documents that are publicly available, as many Documents relied upon in PPNPF's investigation into this Action are public, or that are available from other sources that are less burdensome, more convenient, and/or less expensive, and equally accessible to the Defendants or in Defendants' control (including, for example, JELD-WEN's SEC filings, Documents produced by Defendants to PPNPF, public news and analyst reports, and PPNPF's public court filings such as the Complaint).  PPNPF further objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that Defendants have already sought this information through document requests seeking the same Documents

INTERROGATORY NO. 14:

State the type and amount of damages that You claim to have individually suffered and the Class as a whole suffered as a result of the alleged misstatements or omissions of material fact identified in the Complaint an Describe in detail the computation of each category of such damages, including Identifying the Securities that You allege declined in value and separately Describing the

computation of damages purportedly suffered in connection with each public disclosure in which or during which there was an alleged misstatement or omission of material fact, along with all data, assumptions and hypotheses on which each computation is based.

<u>RESPONSE TO INTERROGATORY NO. 14</u>:

PPNPF objects to this Interrogatory on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and premature at this stage of the litigation as it calls for the disclosure of Documents and information concerning factual and legal contentions in this Action when discovery is ongoing. Further, the allegations attributable to PPNPF's theories of damages are clearly set forth in the Complaint. PPNPF further objects to this Interrogatory on the grounds that Defendants' Definition of "You," includes PPNPF's "attorneys," and accordingly, seeks Documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, because many of the Documents called for by this Interrogatory involve privileged Communications with PPNPF's attorneys or otherwise reflect its attorneys' mental impressions and work product concerning this lawsuit. PPNPF further objects to this Interrogatory to the extent it seeks Documents that are publicly available, as many Documents relied upon in PPNPF's investigation into this Action are public, or that are available from other sources that are less burdensome, more convenient, and/or less expensive, and equally accessible to the Defendants or in Defendants' control (including, for example, JELD-WEN's SEC filings, Documents produced by Defendants to PPNPF, public news and analyst reports, and PPNPF's public court filings such as the Complaint). PPNPF further objects to this Interrogatory because it is premature insofar as it relates to damages, which will be a subject of expert analysis, reports and discovery, well before the time for such expert discovery that is set forth in the Scheduling Order.

DATED: December 9, 2020        ROBBINS GELLER RUDMAN
                                      & DOWD LLP
                               ROBERT M. ROTHMAN (admitted *pro hac vice*)

_/s/ Robert M. Rothman_
ROBERT M. ROTHMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com

ROBBINS GELLER RUDMAN
    & DOWD LLP
DEBRA J. WYMAN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com

_Co-Lead Counsel for Co-Lead Plaintiff Plumbers and Pipefitters National Pension Fund and additional Plaintiff Wisconsin Laborers' Pension Fund_

COHEN MILSTEIN SELLERS & TOLL PLLC
STEVEN J. TOLL (VSB No. 15300)
JOSHUA HANDELSMAN (DC Bar only)
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005
Telephone: 202/408-4600
202/408-4699 (fax)
stoll@cohenmilstien.com
jhandelsman@cohenmilstein.com

_Liaison Counsel for Lead Plaintiffs_

LABATON SUCHAROW LLP
JAMES W. JOHNSON (admitted *pro hac vice*)
MICHAEL H. ROGERS (admitted *pro hac vice*)
JAMES T. CHRISTIE (admitted *pro hac vice*)
PHILIP J. LEGGIO (admitted *pro hac vice*)
140 Broadway
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)
jjohnson@labaton.com
mrogers@labaton.com
jchristie@labaton.com
pleggio@labaton.com

*Co-Lead Counsel for Co-Lead Plaintiff Public Employees' Retirement System of Mississippi*

- 22 -

I, _Toni C. Inscoe_, hereby state that I am _Fund Administrator_ Plumbers and Pipefitters National Pension Fund. I am authorized in that capacity to execute this Verification. The foregoing Responses and Objections to Defendants JELD-WEN Holding, Inc., Mark A. Beck, L. Brooks Mallard, Kirk S. Hachigian, and Gary S. Michel's First Set of Interrogatories were prepared with the assistance of counsel for the Fund and with the assistance of others who supplied information which is the source of a substantial portion of the information contained therein. I relied on this information in making the Verification. Based upon and subject to the foregoing, I am informed and believe that the Responses are true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this _9_ day of December 2020, at _Alexandria, VA_ .

_[signature]_

## DECLARATION OF SERVICE BY EMAIL

I, Magdalene Economou, not a party to the within action, hereby declare that on December 9, 2020, I served the attached Responses and Objections to Defendants' First Set of Interrogatories on the parties in the within action by email addressed as follows:

## COUNSEL FOR PLAINTIFFS:

| NAME | FIRM | EMAIL |
|---|---|---|
| Steven J. Toll<br>Joshua Handelsman | Cohen Milstein Sellers & Toll PLLC<br>1100 New York Avenue, N.W.<br>West Tower, Suite 500<br>Washington, DC  20005 | stoll@cohenmilstein.com<br>jhandelsman@cohenmilstein.com |
| Debra J. Wyman | Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101 | debraw@rgrdlaw.com |
| Robert M. Rothman | Robbins Geller Rudman & Dowd LLP<br>58 South Service Road, Suite 200<br>Melville, NY  11747 | rrothman@rgrdlaw.com |
| James W. Johnson<br>Michael H. Rogers<br>James T. Christie<br>Margaret A. Schmidt<br>Philip Leggio | Labaton Sucharow LLP<br>140 Broadway<br>New York, NY  10005 | jjohnson@labaton.com<br>mrogers@labaton.com<br>jchristie@labaton.com<br>mschmidt@labaton.com<br>pleggio@labaton.com |
| Louis P. Malone III | O'Donoghue & O'Donoghue LLP<br>5301 Wisconsin Avenue, NW<br>Suite 800<br>Washington, DC 20015 | lmalone@odonoghuelaw.com |

## COUNSEL FOR DEFENDANTS:

| NAME | FIRM | EMAIL |
|---|---|---|
| Brian E. Pumphrey<br>Garrett H. Hooe<br>Brian D. Schmalzbach<br>Brian C. Riopelle | McGuire Woods<br>Gateway Plaza<br>800 East Canal Street<br>Richmond, VA  23219 | bpumphrey@mcguirewoods.com<br>ghooe@mcguirewoods.com<br>bschmalzbach@mcguirewoods.com<br>briopelle@mcguirewoods.com |
| Sandra C. Goldstein<br>Rachel M. Fritzler<br>Lindsey W. Harris<br>Jacob M. Rae | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, NY  10022 | sandra.goldstein@kirkland.com<br>rachel.fritzler@kirkland.com<br>lindsey.harris@kirkland.com<br>jacob.rae@kirkland.com |

| Peter Simmons<br>Corey Baron<br>Renee E. Turner<br>Michael C. Keats | Fried, Frank, Harris, Shriver<br>  & Jacobson LLP<br>One New York Plaza<br>New York, NY  10004 | peter.simmons@friedfrank.com<br>corey.baron@friedfrank.com<br>renee.turner@friedfrank.com |
|---|---|---|
| Warren D. Harless<br>Roman Lifson<br>Shannan M. Fitzgerald | Christian & Barton, LLP<br>909 East Main Street<br>Suite 1200<br>Richmond, VA  23219 | wharless@cblaw.com<br>rlifson@cblaw.com<br>sfitzgerald@cblaw.com |

I declare under penalty of perjury that the foregoing is true and correct.  Executed on December 9, 2020, at Melville, New York.



*/s/ Magdalene Economou*

MAGDALENE ECONOMOU