# EXHIBIT 3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Richmond Division)

| | | |
|---|---|---|
| In re JELD-WEN HOLDING, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 3:20-cv-00112-JAG |
| | ) | CLASS ACTION |
| | ) | |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) ) | |

**ADDITIONAL PLAINTIFF WISCONSIN LABORERS' PENSION FUND'S
RESPONSES AND OBJECTIONS TO DEFENDANTS'
FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules")

and the Civil Local Rules for the United States District Court for the Eastern District of Virginia (the

"Local Rules"), additional Plaintiff Wisconsin Laborers' Pension Fund ("WLPF"), by and through

its undersigned counsel, hereby submits the following responses and objections (the "Responses") to

the First Set of Interrogatories to additional Plaintiff Wisconsin Laborers' Pension Fund, dated

November 9, 2020 (the "Interrogatories") by Defendants JELD-WEN Holding, Inc., Mark A. Beck,

L. Brooks Mallard, Kirk S. Hachigian, and Gary S. Michel (collectively, "Defendants").

**PRELIMINARY STATEMENT**

The following Responses are the product of WLPF's good faith efforts to provide reasonable

responses, as appropriate, based on facts and information known to WLPF at the time of these

Responses.  Among other things, fact discovery is in its early stages, neither Defendants nor the

relevant non-parties have begun their respective document productions, deposition discovery has not

commenced, nor have the parties identified their respective experts.  WLPF reserves all rights,

including the right to supplement, revise, modify, amend, clarify, or correct these Responses.  The

information set forth herein is true and correct to the best of WLPF's knowledge at the time of these

- 1 -

Responses and is subject to correction or supplementation due to, among other things, inadvertent errors, omissions, and/or additional information learned through discovery.  WLPF provides these Responses without waiving, and while expressly preserving, all objections and the right to raise any other objections not expressly set forth herein.

No admissions of any kind are intended by these Responses.  In responding to the Interrogatories, WLPF does not admit or accept the relevance of the information sought by the Interrogatories, the existence of any information, document, fact, or thing set forth in or assumed by any such Interrogatory, or that any Response constitutes admissible evidence.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      WLPF objects to Definition No. 1 concerning the terms "You" and "Your" because it requires the disclosure of information that is in the possession, custody, or control of third parties and not within WLPF's possession, custody, or control.  In particular, WLPF objects because information in the possession, custody, or control of WLPF's relevant investment manager or investment consultant as identified in its Corrected Initial Disclosures, served on December 7, 2020 (the "Initial Disclosures"), Segall Bryant & Hamill (the "External Investment Manager") and Marquette Associates, (the "External Investment Consultant"), is not in WLPF's possession, custody, or control.  WLPF further objects to this Definition because it includes its "attorneys, advisors, representatives, [and] agents," which makes compliance with the Interrogatories unduly burdensome and calls for the disclosure of information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege. WLPF further objects to this Definition as overbroad and as seeking information not relevant to the claims or defenses of any party insofar as it includes "all other Persons acting on [WLPF's] behalf." For purposes of these Responses, WLPF interprets the terms "You" and "Your" to strictly mean WLPF and its employees during the Class Period, and to seek solely non-privileged or non-work

product information.  WLPF will respond to the Interrogatories based on information currently in its possession, custody, or control.

2.      WLPF objects to Definition No. 11 concerning the term "JELD-WEN Security" insofar as it requires the disclosure of "any Security or contract referencing … other performance metrics[,]" as vague and overbroad because it is not clear what constitutes "other performance metrics."  WLPF further objects to the term "JELD-WEN Security" as overbroad and not likely to lead to the discovery of admissible evidence, as this action involves only purchasers or acquiors of JELD-WEN's common stock.

3.      WLPF objects to Instruction No. 2 concerning waiver of objections not stated because WLPF reserves the right to amend, supplement, or correct these Responses if and when it discovers other additional information or grounds for further responses and objections as permitted by the Federal Rules and/or other applicable law.

INTERROGATORY NO. 1:

Identify each purchase (including any purchase to cover) or sale (including any short sale) You made of any JELD-WEN Security from January 26, 2017 through the present, and as of the date of any subsequent transactions by You in any JELD-WEN Security.  For each transaction, indicate whether such transaction was a purchase or sale, the amount/number of shares of such Security involved in the transaction, the date and time, the net shares held as a result of such transaction, the price paid or received, the net difference between the purchase price and sale price (if applicable), the Person or Persons from which any purchase was made or to whom any sale was made, and the name of any broker or agent or investment advisor/manager used.

RESPONSE TO INTERROGATORY NO. 1:

WLPF objects to this Interrogatory as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information not relevant to the claims or defenses of any party in that

it seeks information regarding WLPF's transactions in JELD-WEN Securities "from January 26, 2017 through the present" as only WLPF's transactions in JELD-WEN common stock during the Class Period are relevant to the parties' claims and defenses in this Action.  WLPF further objects to this Interrogatory as overbroad to the extent that it, particularly Defendants' Definition of "You," which includes WLPF's "attorneys, advisors, representatives, [and] agents," and "all other Persons acting on [WLPF's] behalf[,]" seeks information that is not within WLPF's possession, custody, or control.   Further, WLPF has delegated its authority to make investment decisions regarding individual securities, including JELD-WEN Securities, to its External Investment Manager and External Investment Consultant, who had full discretionary authority to transact in JELD-WEN Securities during the Class Period and thus made all the related investment decisions.  WLPF further objects to this Interrogatory to the extent it seeks information already in Defendants' possession, custody, or control, or which Defendants may obtain from sources that are more convenient, less burdensome, less expensive, or more readily available, or which may be obtained through other or less burdensome means of discovery, including through document requests seeking the same information, which Defendants have already propounded on WLPF.

Subject to, and without waiver of, these objections and WLPF's right to amend or supplement its Response to this Interrogatory, pursuant to Federal Rule 33(d), WLPF will produce non-privileged documents reflecting WLPF's Class Period transactions in JELD-WEN common stock for the period from January 1, 2017 to December 31, 2018, including information detailing the date of each transaction, the price per share and number of shares involved in each transaction, and whether the transaction was executed by its External Investment Manager, that can be located after a reasonable search conducted in good faith.  By way of further response, WLPF directs Defendants to the Certification of John J. Schmitt, filed as Exhibit C to the Complaint (ECF No. 73-3), which lists WLPF's transactions in JELD-WEN Securities during the Class Period.

- 4 -

INTERROGATORY NO. 2:

Identify each entity in which You hold any interest or in which You held any interest at any time from January 26, 2017 through October 15, 2018, and describe whether it was a Substantial Control Interest or Substantial Economic Interest (e.g., Plaintiff Entity).

RESPONSE TO INTERROGATORY NO. 2:

WLPF objects to the terms "each entity" and "any interest" as vague and ambiguous. WLPF further objects to this Interrogatory as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information not relevant to the claims or defenses of any party in that it seeks information regarding "any interest" that WLPF has or held in any "entity" regardless of the connection or relevance to this Action. WLPF further objects to this Interrogatory as overbroad to the extent that it, particularly Defendants' Definition of "You," which includes WLPF's "attorneys, advisors, representatives, [and] agents," and "all other Persons acting on [WLPF's] behalf[,]" seeks information that is not within WLPF's possession, custody, or control. Further, WLPF has delegated its authority to make investment decisions regarding individual securities, to its External Investment Manager and External Investment Consultant, who had full discretionary authority to transact in all Securities during the Class Period and thus made all the related investment decisions.

Subject to, and without waiver of, these objections and WLPF's right to amend or supplement its Response to this Interrogatory, WLPF states that there are no entities in which WLPF has a Substantial Control Interest or Substantial Economic Interest.

INTERROGATORY NO. 3:

Identify each member of the Putative Class known to You, and identify each such member with whom you have communicated concerning the subject matter of the Complaint.

RESPONSE TO INTERROGATORY NO. 3:

WLPF objects to this Interrogatory on the ground that Defendants' Definition of "You" includes WLPF's "attorneys," and accordingly, seeks Communications protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, including any Communications that Lead Counsel had with WLPF or any other members of the Putative Class. WLPF further objects to this Interrogatory as overbroad to the extent that it, particularly Defendants' Definition of "You," which includes WLPF's "attorneys, advisors, representatives, [and] agents," and "all other Persons acting on [WLPF's] behalf[,]" seeks information that is not within WLPF's possession, custody, or control, including any Communications with one of the above parties and a member of the Putative Class. WLPF further objects to this Interrogatory as overbroad, disproportionate to the needs of this case, and seeking information not relevant to the claims or defenses of any party to the extent that it calls for the disclosure of Communications with any member of the Putative Class regardless of the content of those Communications or their relevance to this Action.

Subject to, and without waiver of, these objections and WLPF's right to amend or supplement its Response to this Interrogatory, WLPF states that it is aware that Lead Plaintiff Public Employees' Retirement System of Mississippi and Lead Plaintiff Plumbers and Pipefitters National Pension Fund are members of the Putative Class. WLPF is currently unaware of the identities of any other Putative Class members, nor has WLPF had direct communication, to its knowledge, with any Putative Class member concerning the subject matter of the Complaint.

INTERROGATORY NO. 4:

Identify the name, current employer, current position, and current address of each Person with knowledge or information relevant to Your claims in the Complaint, and state the relevant subjects on which such Person is knowledgeable.

RESPONSE TO INTERROGATORY NO. 4:

WLPF objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case, in that it seeks the disclosure of information relating to "each Person with knowledge or information relevant to [WLPF's] claims in the Complaint" regardless of whether WLPF relied on them in forming the Complaint. WLPF further objects to this Interrogatory as overbroad to the extent that it, particularly Defendants' Definition of "You," which includes WLPF's "attorneys, advisors, representatives, [and] agents," and "all other Persons acting on [WLPF's] behalf[,]" seeks information that is not within WLPF's possession, custody, or control. WLPF further objects to this Interrogatory because it seeks certain information that is in Defendants' possession, custody, or control, including the identities of JELD-WEN's employees during the Class Period, and thus more convenient, less burdensome, less expensive, or more readily available to Defendants.

Subject to, and without waiver of, these objections and WLPF's right to amend or supplement its Response to this Interrogatory, WLPF refers Defendants to its Initial Disclosures, served on December 7, 2020, which identifies the names, addresses and telephone numbers of the individuals that likely have discoverable information, and whom WLPF may use to support its claims.

INTERROGATORY NO. 5:

Identify each Person (including, but not limited to, You; any Person, group, or committee affiliated with You in any way; and/or investment advisor, investment manager, analyst, consultant, broker, agent, or custodian) or group of Persons who had any involvement—whether evaluating, consulting, discussing, advising, deliberating, deciding, directing, reviewing, or otherwise, and all whether orally or in writing—in Your (and/or in any Plaintiff Entity's) consideration or decision of whether or not to purchase, sell, or hold JELD-WEN Securities, from January 1, 2017 through

October 15, 2018, regardless of whether any purchase or sale ever occurred, including each such Person's role and responsibilities in relation thereto, and any Communications with each such Person, including, but not limited to, when each such Communication occurred, the method of such Communication, and the content of such Communications.

RESPONSE TO INTERROGATORY NO. 5:

WLPF objects to phrases "affiliated with You in any way" and "any involvement" as vague and ambiguous.  WLPF further objects to this Interrogatory on that ground that Defendants' Definition of "You" includes WLPF's "attorneys," and accordingly, seeks Documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, particularly in that it seeks the disclosure of the contents of any Communications that WLPF had in connection with these transactions, including with outside counsel.  WLPF further objects to this Interrogatory as overbroad to the extent that it, particularly Defendants' Definition of "You," which includes WLPF's "attorneys, advisors, representatives, [and] agents," and "all other Persons acting on [WLPF's] behalf[,]" seeks information that is not within WLPF's possession, custody, or control, including the identities of any Person consulted with by WLPF's External Investment Manager when considering or deciding whether to buy or sell JELD-WEN Securities.  WLPF further objects to this Interrogatory as overbroad, disproportionate to the needs of this case, and seeking information not relevant to the claims or defenses of any party to the extent that it calls for the disclosure of Communications with any Person relating to the purchase or sale of JELD-WEN Securities, regardless of whether WLPF thereafter purchased or sold JELD-WEN Securities, as only WLPF's actual transactions (as opposed to the hypothetical transactions referred to in the Interrogatory) in JELD-WEN Securities during the Class Period are relevant to this Action.  WLPF further objects to this Interrogatory to the extent it seeks information already in Defendants' possession, custody, or control, that is publicly available (including, for example, the identities of WLPF's External

- 8 -

Investment Manager and External Investment Consultant), to which Defendants have equal access and may obtain by equal effort, or which Defendants may obtain from sources that are more convenient, less burdensome, less expensive, or more readily available, or which may be obtained through other or less burdensome means of discovery, including through document requests seeking the same information, which Defendants have already propounded on WLPF, and WLPF's Initial Disclosures, served on December 7, 2020.

Subject to, and without waiver of, these objections and WLPF's right to amend or supplement its Response to this Interrogatory, WLPF directs Defendants to its Initial Disclosures, which identify individuals and entities likely to possess relevant information concerning WLPF's transactions in JELD-WEN common stock, its External Investment Manager and its External Investment Consultant.  By way of further response, WLPF states that its External Investment Manager, transacted in JELD-WEN common stock on WLPF's behalf during the Class Period and had full discretionary authority for such investment decisions.  Because WLPF at all relevant times delegated discretionary authority as to its investments in individual securities to its External Investment Manager, no Person at WLPF was involved in investment decisions for any individual securities, including JELD-WEN common stock.

INTERROGATORY NO. 6:

Identify each Document and/or Communication that You have reviewed, and each Person that You consulted, concerning the allegations in the Complaint, the cases captioned *Steves & Sons, Inc. v. Jeld-Wen, Inc.*, No. 3:16-cv-545 (E.D. Va.), *In re: Interior Molded Doors Antitrust Litigation*, No. 3:18-cv-718 (E.D. Va.), *In re Interior Molded Doors Indirect Purchaser Antitrust Litig.*, No. 3:18-cv-850 (E.D. Va.), or any other litigation or other proceeding to which any defendant in this case is a party.  For each Person identified in response to this Interrogatory, Identify any

Communications with such Person, including, but not limited to, the date each such Communication occurred, the method of such Communication, and the content of such Communication.

RESPONSE TO INTERROGATORY NO. 6:

WLPF objects to the phrase "any other litigation or other proceeding to which any defendant in this case is a party" as vague and ambiguous. To the extent this requires the disclosure of information concerning lawsuits not relevant to this Action, WLPF further objects to this Interrogatory as overbroad, disproportionate to the needs of this case, and seeking information not relevant to the claims or defenses of any party. WLPF further objects to this Interrogatory on that ground that Defendants' Definition of "You" includes WLPF's "attorneys," and accordingly, seeks Communications protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, including any Communications that Lead Counsel had in connection with its investigation into this Action. WLPF further objects to this Interrogatory as overbroad to the extent that it, particularly Defendants' Definition of "You," which includes WLPF's "attorneys, advisors, representatives, [and] agents," and "all other Persons acting on [WLPF's] behalf[,]" seeks information that is not within WLPF's possession, custody, or control, including the identities of any Person consulted with by Lead Counsel in connection with its investigation into this Action. WLPF further objects to this Interrogatory because it seeks certain information that is in Defendants' possession, custody, or control, including Documents produced by and to Defendants in the cases mentioned above, and thus more convenient, less burdensome, less expensive, or more readily available to Defendants. WLPF further objects to this Interrogatory to the extent it seeks Documents that are publicly available as many Documents relied upon in WLPF's investigation into this Action are public, or that are available from other sources that are less burdensome, more convenient, and/or less expensive, and equally accessible to the Defendants (including, for example, JELD-WEN's SEC

- 10 -

filings, Documents produced by Defendants to WLPF, public news and analyst reports, and WLPF's public court filings such as the Complaint).

Subject to, and without waiver of, these objections and WLPF's right to amend or supplement its Response to this Interrogatory, WLPF refers Defendants to its Initial Disclosures, served on December 7, 2020, which identifies Documents, ESI, and other tangible things that WLPF has in its possession, custody, or control and that it may use to support its claims as well as Persons who are likely to have discoverable information.  WLPF further states that it has not participated in any communications concerning the identified litigations.

INTERROGATORY NO. 7:

Identify each disclosure that Plaintiffs claim represented a corrective disclosure and/or the materialization of an undisclosed risk, whether complete or partial, related to any JELD-WEN Security and for which Plaintiffs are seeking, or intends to seek, any monetary recovery in this Action.

RESPONSE TO INTERROGATORY NO. 7:

WLPF objects to this Interrogatory as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to the claims or defenses of any party because it seeks identification of "each disclosure that … represented a corrective disclosure and/or the materialization of an undisclosed risk," as the particularized allegations attributable to each theory of loss causation are set forth in the Complaint.  WLPF further objects to this Interrogatory to the extent it seeks Documents that are publicly available as many Documents relied upon in WLPF's investigation into this Action are public, are in Defendants control, or are available from other sources that are less burdensome, more convenient, and/or less expensive, and equally accessible to the Defendants, including Defendants' public disclosures and press releases, third-party disclosures and other information concerning declines in the price of JELD-WEN Securities, and related analyst

- 11 -

and news reports.  WLPF further objects to this Interrogatory because it is premature insofar as it relates to loss causation, which will be a subject of expert analysis, reports and discovery, well before the time for such expert discovery that is set forth in the Scheduling Order.

Subject to, and without waiver of, these objections and WLPF's right to amend or supplement its Response to this Interrogatory, WLPF refers Defendants to the Complaint, which lists the relevant corrective disclosures in this Action known to WLPF at this time.

INTERROGATORY NO. 8:

Identify all Persons supplying Documents or information used or consulted by You or Your counsel in answering these Interrogatories, and Describe the information or Documents each Person supplied.

RESPONSE TO INTERROGATORY NO. 8:

WLPF objects to this Interrogatory as overbroad, unduly burdensome, disproportionate to the needs of the case, and as seeking to impose obligations on WLPF in excess of those imposed by the Federal Rules, the Local Rules, and any other applicable provisions of law.  WLPF further objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other applicable privileges, protections, or immunities. WLPF further objects to this Interrogatory because the phrase "used or consulted" is vague and ambiguous.

Subject to, and without waiver of, these objections and WLPF's right to amend or supplement its Response to this Interrogatory, WLPF states that John J. Schmitt (President and Business Manager) assisted in answering these Interrogatories.  With respect to the portion of the Interrogatory asking WLPF to "Describe the information or Documents each Person supplied," WLPF directs Defendants to the Documents cited in its Responses above, including the Initial

Disclosures, Complaint, and the Scheduling Order, as well as Documents that WLPF has produced in response to Defendants' document requests propounded on WLPF.

INTERROGATORY NO. 9:

Identify all Confidential Witnesses referred to in the Complaint; all Contacts and Communications between Confidential Witnesses and Plaintiffs or Plaintiffs' Counsel; who initiated the Contact; and how many meetings, conversations, or other Communications each Confidential Witness has had with Plaintiffs or Plaintiffs' Counsel. To the extent that You contend that You are not permitted to disclose the identities of the Confidential Witnesses, identify the legal basis for that contention.

RESPONSE TO INTERROGATORY NO. 9:

WLPF objects to this Interrogatory on the grounds that Defendants' Definition of "You," includes WLPF's "attorneys," and accordingly, seeks Documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, because it calls for the disclosure of Lead Counsel's Communications with the Confidential Witnesses described in the Complaint. WLPF further objects to this Interrogatory as overbroad to the extent that it, particularly Defendants' Definition of "You," which includes WLPF's "attorneys, advisors, representatives, [and] agents," and "all other Persons acting on [WLPF's] behalf[,]" seeks information that is not within WLPF's possession, custody, or control, including Communications by and between Lead Counsel and any Confidential Witness.

Subject to, and without waiver of, these objections and WLPF's right to amend or supplement its Response to this Interrogatory, WLPF states that it relied on its undersigned counsel's factual investigation in connection with the Complaint filed by WLPF in this Action, and that WLPF did not Communicate with any Confidential Witness described in the Complaint. By further way of response, WLPF refers Defendants to its Initial Disclosures, served on December 7, 2020, which

- 13 -

identifies the names, addresses and telephone numbers of the individuals that likely have discoverable information, and whom WLPF may use to support its claims.

INTERROGATORY NO. 10:

Describe your relationship with Plaintiffs' Counsel, including all actions in which You have retained any of Plaintiffs' Counsel and all financial relationships, arrangements, and/or business dealings between Plaintiffs or any Plaintiff Entity, on the one hand, and Plaintiffs' Counsel, or any entity Plaintiffs know or suspect to be affiliated with or controlled by Plaintiffs' Counsel, on the other hand.

RESPONSE TO INTERROGATORY NO. 10:

WLPF objects to the phrases "financial relationships," "arrangements," "business dealings[,]" and "any entity" as vague and ambiguous. WLPF further objects to this Interrogatory to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, including Lead Counsel's Communications with WLPF or Communications between Lead Counsel and any other Person or entity in the course of its investigation into this Action. WLPF further objects to this Interrogatory as unduly burdensome, disproportionate to the needs of the case, and as seeking information not relevant to the parties' claims and defenses in this Action in that this Interrogatory seeks information about cases where WLPF has retained Lead Counsel other than this Action. WLPF further objects to this Interrogatory because it seeks to impose obligations that are not imposed by law, in particular, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which only requires WLPF to disclose the class actions filed under the federal securities laws in the last three years in which it sought to act as a lead plaintiff. WLPF further objects to this Interrogatory as overbroad to the extent that it, particularly Defendants' Definition of "You," which includes WLPF's "attorneys, advisors, representatives, [and] agents," and "all other Persons acting on [WLPF's] behalf[,]" seeks the

- 14 -

disclosure of information that is not within WLPF's possession, custody, or control.  WLPF further objects to this Interrogatory because it seeks the disclosure of information that is publicly available as Documents concerning other lawsuits to which WLPF has been a party are publicly available and thus equally accessible to Defendants.  WLPF further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of the case in that Defendants have already propounded document requests seeking the same information.

Subject to, and without waiver of, these objections and WLPF's right to amend or supplement its Response to this Interrogatory, WLPF states that, in accordance with their fiduciary duties to the WLPF and its participants, the Trustees of WLPF have caused WLPF to retain Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to monitor WLPF's investment portfolio to identify potentially fraudulent activity that impacts WLPF's investments.  WLPF then determines if undertaking legal action is warranted.  WLPF has separately entered into a Retainer Agreement with counsel that outlines the terms of the relationship concerning their representation of WLPF in this matter.

INTERROGATORY NO. 11:

Describe any referral, whether formal or informal, including any payments of money or any other consideration or thing of value, or arrangements or understandings with respect to any such payments, made between You or any of Your attorneys, agents, representatives, or other Persons acting on Your behalf, on the one hand, and any other Person or entity, on the other hand, relating to the Action, including identifying any parties to such arrangements.

RESPONSE TO INTERROGATORY NO. 11:

WLPF objects to the phrases "formal or informal," "any other consideration or thing value," "arrangements or understandings[,]" "other Persons acting on Your behalf[,]" and "any other Person or entity relating to the Action" as vague and ambiguous.  In particular, WLPF objects to this

Interrogatory and the term "payments of money or any other consideration or thing of value" as vague and ambiguous.  To the extent it includes information concerning WLPF's pro rata share of any recovery in this lawsuit and any reasonable costs and expenses (including lost wages, if any) directly related to WLPF's representation of the class in this lawsuit (the "class representatives costs and expenses"), as permitted by the PSLRA, and as ordered or approved by the Court, WLPF further objects to this Interrogatory on the ground that it seeks information protected by attorney-client privilege and attorney work product doctrine in that it potentially seeks Communications between WLPF and its counsel concerning, for example, the merits of WLPF's claims and the amount of its pro rata share of recovery in this lawsuit or the award of the class representative costs and expenses that it may receive from a judgment entered by the Court in the lawsuit.  Accordingly, based on these objections, and for purposes of responding to this Interrogatory, WLPF interprets the term "payments of money or any other consideration or thing of value" to mean a payment in addition to its pro rata share of any recovery in this lawsuit or award of class representative costs and expenses that WLPF may receive from a judgment entered by the Court.  WLPF further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and disproportionate to the needs of the case in that Defendants have already propounded document requests seeking the same information.

Subject to, and without waiver of, these objections and WLPF's right to amend or supplement its Response to this Interrogatory, WLPF states that are no referrals or any agreements regarding it or its attorneys, experts, representatives or other Persons acting on its behalf paying or receiving any "money or any other consideration or thing of value" for this Action other than WLPF's expectation is that it will receive the same pro-rata share of any recovery, be it through settlement or judgment after trial, as every other member of the Putative Class, plus any costs or expense payment, as permitted by the PSLRA, and as ordered or approved by the Court.

INTERROGATORY NO. 12:

For each alleged misstatement(s) or omission(s) of material fact, Identify and Describe with specificity all facts and Identify all Documents without regard to time period that You allege support the claim that the alleged statement was false, or that the alleged omission was misleading, and Identify which corrective disclosure purportedly revealed the truth of the alleged misstatement or omission, including Identification of Documents by Bates number or otherwise.

RESPONSE TO INTERROGATORY NO. 12:

WLPF objects to this Interrogatory as a premature contention interrogatory for which no response is required at this stage in the litigation. WLPF also objects to this Interrogatory on the grounds that it is compound and should count as multiple separate interrogatories. *See* Federal Rule 33(b)(3). WLPF further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and seeking information not relevant to the claims or defenses of any party in that it seeks Documents "without regard to time period" as only Documents relating to the Class Period are relevant to this Action. WLPF further objects to this Interrogatory on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and premature at this stage of the litigation as it calls for the disclosure of Documents and information concerning factual and legal contentions in this Action when discovery is ongoing. Further, the particularized allegations attributable to each theory of loss causation are clearly set forth in the Complaint. WLPF further objects to this Interrogatory on the grounds that Defendants' Definition of "You," includes WLPF's "attorneys," and accordingly, seeks Documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, because many of the Documents called for by this Interrogatory involve privileged Communications with WLPF's attorneys or otherwise reflect its attorneys' mental impressions and work product concerning this lawsuit, including that it calls for a legal conclusion. WLPF further objects to this Interrogatory to the extent it seeks Documents that are publicly

- 17 -

available, as many Documents relied upon in WLPF's investigation into this Action are public, or that are available from other sources that are less burdensome, more convenient, and/or less expensive, and equally accessible to the Defendants or in Defendants' control (including, for example, JELD-WEN's SEC filings, Documents produced by Defendants to WLPF, public news and analyst reports, and WLPF's public court filings such as the Complaint). WLPF further objects to this Interrogatory because it is premature insofar as it relates to loss causation, which will be a subject of expert analysis, reports and discovery, well before the time for such expert discovery that is set forth in the Scheduling Order.

INTERROGATORY NO. 13:

For each alleged misstatement(s) or omission(s) of material fact, Identify and Describe with specificity all facts and Identify all Documents without regard to time period that You allege support the claim that the alleged statement was made with scienter, or that the speaker intended to defraud investors in failing to speak, including Identification of Documents by Bates number or otherwise.

RESPONSE TO INTERROGATORY NO. 13:

WLPF objects to this Interrogatory as a premature contention interrogatory for which no response is required at this stage in the litigation. WLPF also objects to this Interrogatory on the grounds that it is compound and should count as multiple interrogatories. *See* Federal Rule 33(b)(3). WLPF further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and seeking information not relevant to the claims or defenses of any party in that it seeks Documents "without regard to time period" as only Documents relating to the Class Period are relevant to this Action. WLPF further objects to this Interrogatory on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and premature at this stage of the litigation as it calls for the disclosure of Documents and information concerning factual and legal contentions in this Action when discovery is ongoing. Further, the particularized allegations attributable to each

- 18 -

theory of scienter and falsity are clearly set forth in the Complaint. WLPF further objects to this Interrogatory on the grounds that Defendants' Definition of "You," includes WLPF's "attorneys," and accordingly, seeks Documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, because many of the Documents called for by this Interrogatory involve privileged Communications with WLPF's attorneys or otherwise reflect its attorneys' mental impressions and work product concerning this lawsuit, including that it calls for a legal conclusion. WLPF further objects to this Interrogatory to the extent it seeks Documents that are publicly available, as many Documents relied upon in WLPF's investigation into this Action are public, or that are available from other sources that are less burdensome, more convenient, and/or less expensive, and equally accessible to the Defendants or in Defendants' control (including, for example, JELD-WEN's SEC filings, Documents produced by Defendants to WLPF, public news and analyst reports, and WLPF's public court filings such as the Complaint). WLPF further objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that Defendants have already sought this information through document requests seeking the same Documents.

INTERROGATORY NO. 14:

State the type and amount of damages that You claim to have individually suffered and the Class as a whole suffered as a result of the alleged misstatements or omissions of material fact identified in the Complaint an Describe in detail the computation of each category of such damages, including Identifying the Securities that You allege declined in value and separately Describing the computation of damages purportedly suffered in connection with each public disclosure in which or during which there was an alleged misstatement or omission of material fact, along with all data, assumptions and hypotheses on which each computation is based.

RESPONSE TO INTERROGATORY NO. 14:

WLPF objects to this Interrogatory on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and premature at this stage of the litigation as it calls for the disclosure of Documents and information concerning factual and legal contentions in this Action when discovery is ongoing.  Further, the allegations attributable to WLPF's theories of damages are clearly set forth in the Complaint.  WLPF further objects to this Interrogatory on the grounds that Defendants' Definition of "You," includes WLPF's "attorneys," and accordingly, seeks Documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, because many of the Documents called for by this Interrogatory involve privileged Communications with WLPF's attorneys or otherwise reflect its attorneys' mental impressions and work product concerning this lawsuit.  WLPF further objects to this Interrogatory to the extent it seeks Documents that are publicly available, as many Documents relied upon in WLPF's investigation into this Action are public, or that are available from other sources that are less burdensome, more convenient, and/or less expensive, and equally accessible to the Defendants or in Defendants' control (including, for example, JELD-WEN's SEC filings, Documents produced by Defendants to WLPF, public news and analyst reports, and WLPF's public court filings such as the Complaint).  WLPF further objects to this Interrogatory because it is premature insofar as it relates to damages, which will be a subject of expert analysis, reports and discovery, well before the time for such expert discovery that is set forth in the Scheduling Order.

DATED:  December 9, 2020                    ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                            ROBERT M. ROTHMAN (admitted *pro hac vice*)


                                            _____
                                                 */s/ Robert M. Rothman*
                                            ROBERT M. ROTHMAN


- 20 -

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com

ROBBINS GELLER RUDMAN
    & DOWD LLP
DEBRA J. WYMAN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com

*Co-Lead Counsel for Co-Lead Plaintiff Plumbers and
Pipefitters National Pension Fund and additional
Plaintiff Wisconsin Laborers' Pension Fund*

COHEN MILSTEIN SELLERS & TOLL PLLC
STEVEN J. TOLL (VSB No. 15300)
JOSHUA HANDELSMAN (DC Bar only)
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005
Telephone: 202/408-4600
202/408-4699 (fax)
stoll@cohenmilstien.com
jhandelsman@cohenmilstein.com

*Liaison Counsel for Lead Plaintiffs*

LABATON SUCHAROW LLP
JAMES W. JOHNSON (admitted *pro hac vice*)
MICHAEL H. ROGERS (admitted *pro hac vice*)
JAMES T. CHRISTIE (admitted *pro hac vice*)
PHILIP J. LEGGIO (admitted *pro hac vice*)
140 Broadway
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)
jjohnson@labaton.com
mrogers@labaton.com
jchristie@labaton.com
pleggio@labaton.com

*Co-Lead Counsel for Co-Lead Plaintiff Public
Employees' Retirement System of Mississippi*

- 21 -

I, _Tracy Suber_, hereby state that I am _Administrator of the_ Wisconsin Laborers' Pension Fund. I am authorized in that capacity to execute this Verification. The foregoing Responses and Objections to Defendants JELD-WEN Holding, Inc., Mark A. Beck, L. Brooks Mallard, Kirk S. Hachigian, and Gary S. Michel's First Set of Interrogatories were prepared with the assistance of counsel for the Fund and with the assistance of others who supplied information which is the source of a substantial portion of the information contained therein. I relied on this information in making the Verification. Based upon and subject to the foregoing, I am informed and believe that the Responses are true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this _9th_ day of December 2020, at _Johnson Creek, WI_.

_Tracy Suber_

- 1 -

## DECLARATION OF SERVICE BY EMAIL

I, Magdalene Economou, not a party to the within action, hereby declare that on December 9, 2020, I served the attached Responses and Objections to Defendants' First Set of Interrogatories on the parties in the within action by email addressed as follows:

### COUNSEL FOR PLAINTIFFS:

| NAME | FIRM | EMAIL |
| --- | --- | --- |
| Steven J. Toll<br>Joshua Handelsman | Cohen Milstein Sellers & Toll PLLC<br>1100 New York Avenue, N.W.<br>West Tower, Suite 500<br>Washington, DC  20005 | stoll@cohenmilstein.com<br>jhandelsman@cohenmilstein.com |
| Debra J. Wyman | Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101 | debraw@rgrdlaw.com |
| Robert M. Rothman | Robbins Geller Rudman & Dowd LLP<br>58 South Service Road, Suite 200<br>Melville, NY  11747 | rrothman@rgrdlaw.com |
| James W. Johnson<br>Michael H. Rogers<br>James T. Christie<br>Margaret A. Schmidt<br>Philip Leggio | Labaton Sucharow LLP<br>140 Broadway<br>New York, NY  10005 | jjohnson@labaton.com<br>mrogers@labaton.com<br>jchristie@labaton.com<br>mschmidt@labaton.com<br>pleggio@labaton.com |
| Louis P. Malone III | O'Donoghue & O'Donoghue LLP<br>5301 Wisconsin Avenue, NW<br>Suite 800<br>Washington, DC 20015 | lmalone@odonoghuelaw.com |

### COUNSEL FOR DEFENDANTS:

| NAME | FIRM | EMAIL |
| --- | --- | --- |
| Brian E. Pumphrey<br>Garrett H. Hooe<br>Brian D. Schmalzbach<br>Brian C. Riopelle | McGuire Woods<br>Gateway Plaza<br>800 East Canal Street<br>Richmond, VA  23219 | bpumphrey@mcguirewoods.com<br>ghooe@mcguirewoods.com<br>bschmalzbach@mcguirewoods.com<br>briopelle@mcguirewoods.com |
| Sandra C. Goldstein<br>Rachel M. Fritzler<br>Lindsey W. Harris<br>Jacob M. Rae | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, NY  10022 | sandra.goldstein@kirkland.com<br>rachel.fritzler@kirkland.com<br>lindsey.harris@kirkland.com<br>jacob.rae@kirkland.com |

| Peter Simmons<br>Corey Baron<br>Renee E. Turner<br>Michael C. Keats | Fried, Frank, Harris, Shriver<br>  & Jacobson LLP<br>One New York Plaza<br>New York, NY  10004 | peter.simmons@friedfrank.com<br>corey.baron@friedfrank.com<br>renee.turner@friedfrank.com |
| --- | --- | --- |
| Warren D. Harless<br>Roman Lifson<br>Shannan M. Fitzgerald | Christian & Barton, LLP<br>909 East Main Street<br>Suite 1200<br>Richmond, VA  23219 | wharless@cblaw.com<br>rlifson@cblaw.com<br>sfitzgerald@cblaw.com |

I declare under penalty of perjury that the foregoing is true and correct.  Executed on December 9, 2020, at Melville, New York.

*/s/ Magdalene Economou*

MAGDALENE ECONOMOU