UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Richmond Division)

| | | |
|---|---|---|
| In re JELD-WEN HOLDING, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 3:20-cv-00112-JAG |
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) ) | |
| ALL ACTIONS. | ) ) | |

REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION TO EXCLUDE THE TESTIMONY AND OPINIONS
OF DEFENDANTS' EXPERT DANIEL R. FISCHEL

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ...........................................................................................................1

II.  ARGUMENT..................................................................................................................2

    A.   Mr. Fischel's Failure to Comply with Rule 26 Is Not A "Minor Discovery Dispute" ..........................................................................................................2

    B.   Mr. Fischel's "Most" or "More" Plausible Opinions Usurp the Jury's Fact Finding Role.......................................................................................................6

    C.   Mr. Fischel's Opinions and Testimony Violate Rule 403 .....................................10

III. CONCLUSION..............................................................................................................12

# TABLE OF AUTHORITIES

**Page**

## CASES

*Abrams v. Van Kampen Funds, Inc.*,
   2005 WL 88973
   (N.D. Ill. Jan. 13, 2005) ............................................................................................8

*Adell Plastics, Inc. v. Mt. Hawley Ins. Co.*,
   2019 WL 2524916
   (D. Md. June 19, 2019) ...........................................................................................10

*Benjamin v. Sparks*,
   986 F.3d 332, (4th Cir. 2021) ...................................................................................6

*Bresler v. Wilmington Tr. Co.*,
   855 F.3d 178 (4th Cir. 2017) ..............................................................................4, 6

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993)...............................................................................................8, 11

*Davenport v. Goodyear Dunlop Tires N. Am., Ltd.*,
   2018 WL 1616415
   (D. S.C. Apr. 14, 2018)............................................................................................11

*Employers Reinsurance Corp. v. Mid-Continent Cas. Co.*,
   202 F. Supp. 2d 1212 (D. Kan. 2002).......................................................................8

*Fla. Auto. Joint Underwriting Ass'n v. Milliman, Inc.*,
   2007 WL 9735052
   (N.D. Fla. July 3, 2007) ............................................................................................4

*Haskins v. 3M Co.*,
   2017 WL 3118017
   (D. S.C. July 21, 2017) ............................................................................................11

*Herndon v. Huntington Ingalls Indus., Inc.*,
   2020 WL 5809965
   (E.D. Va. Aug. 28, 2020) ..........................................................................................9

*In re Anthem-Cigna Merger Litigation*,
   2019 WL 979167
   (Del. Ch. Feb. 28, 2019) ...........................................................................................8

*In re Walterman Implement, Inc.*,
   2007 WL 2935451
   (Bankr. N.D. Iowa Oct. 4, 2007)...............................................................................4

**Page**

*Kumho Tire Co. Ltd. v. Carmichael*,
    526 U.S. 137 (1999)........................................................................................................9

*McCune v. Xerox Corp.*,
    2000 WL 1012962
    (4th Cir. July 24, 2000) ...............................................................................................10

*Ohio Pub. Employees Ret. Sys. v. Fed. Home Loan Mortgage Corp.*,
    2018 WL 3861840
    (N.D. Ohio Aug. 14, 2018) ...........................................................................................8

*Peters v. Balt. City Bd. of Sch. Comm'rs*,
    2014 WL 4187307
    (D. Md. Aug. 21, 2014)................................................................................................10

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*,
    318 F.3d 592 (4th Cir. 2003) ........................................................................................5

*United States v. Chapman*,
    209 F. App'x 253 (4th Cir. 2006) ...............................................................................10

*United States v. Dorsey*,
    45 F.3d 809 (4th Cir. 1995) ........................................................................................11

*United States v. Howard*,
    2005 WL 6521290
    (S.D. Tex. June 14, 2005) .............................................................................................8

*United States v. Moreland*,
    437 F. 3d 424 (4th Cir. 2006) .......................................................................................8

*United States v. Offill*,
    666 F.3d 168 (4th Cir. 2011) ......................................................................................10

*Watkins v. Cook, Inc.*,
    2015 WL 1395773
    (S.D. W. Va. Mar. 25, 2015)........................................................................................2

*Westberry v. Gislaved Gummi AB*,
    178 F.3d 257 (4th Cir. 1999) ......................................................................................11

**Page**

## STATUTES, RULES AND REGULATIONS

Federal Rules of Civil Procedure
    Rule 26 ................................................................................................................... *passim*
    Rule 26(a) ..................................................................................................................... 4
    Rule 37 ....................................................................................................................... 11
    Rule 37(c)(1) ................................................................................................................ 6

Federal Rules of Evidence
    Rule 403 ................................................................................................................ 10, 11
    Rule 702 ..................................................................................................................... 11

Private Securities Litigation Reform Act of 1995 ("PSLRA")
    Pub L. No. 104-67, 109 Stat. 737 (1995) .................................................................... 7

## I.    INTRODUCTION

Defendants' response to Plaintiffs' pointed and measured motion to exclude Mr. Fischel's opinions and testimony (ECF No. 160) points fingers at everyone they can to distract from their failure to address Plaintiffs' actual arguments, including making nonsensical arguments that Plaintiffs' economic expert, Dr. Steven Feinstein's opinions, should be excluded – arguments which were not included in Defendants' motion to exclude Dr. Feinstein's opinions.  ECF No. 170.

For instance, Defendants provide no explanation for Mr. Fischel's failure to comply with the disclosure requirements set forth in Federal Rule of Civil Procedure 26.  Instead, rebranding this failure as a "minor discovery dispute," Defendants urge the Court to ignore Mr. Fischel's failings and argue they should be excused because Plaintiffs failed to "meet and confer" prior to bringing their motion.  This is not a "minor discovery issue" but a fundamental failure to abide by Rule 26's clear requirements.  Moreover, Defendants ignore Mr. Fischel's deposition testimony concerning the scope of the materials he disclosed which makes it clear his intention was to not provide Plaintiffs with the required materials "considered" but only that which he "relied" upon, and that he had no record of all the materials he considered that could be requested by Plaintiffs.  Defendants seek to cure this Rule 26 disclosure failing by offering a Declaration from Mr. Fischel that contradicts his deposition testimony.  ECF No. 193-1.  This Declaration provides no cover for Mr. Fischel's violation of Rule 26's disclosure requirements and indeed injects more uncertainty into the situation.

Defendants also appear to misunderstand Plaintiffs' motion.  Plaintiffs do not argue that Mr. Fischel be excluded from testifying *at all*, should the Court find that his Rule 26 violations did not cause prejudice to Plaintiffs, but that Mr. Fischel not be permitted to testify that his loss causation and damages opinions were the "most" or "more" plausible – a remedy Defendants appear to agree with.  The bottom line is that Dr. Feinstein opines the market moved in response to disclosures of the alleged materially false misstatements and omissions Plaintiffs allege Defendants made during the

Class Period; Mr. Fischel disagrees. However, it is the *jury* who decides who offers the "most" or "more" plausible explanation – not Mr. Fischel.

Plaintiffs' motion should be granted.

## II.     ARGUMENT

### A.     Mr. Fischel's Failure to Comply with Rule 26 Is Not A "Minor Discovery Dispute"

Defendants try their level best to distract the Court from the issue at hand – Mr. Fischel's failure to comply with Rule 26's disclosure requirements. Def. Brf. at 5-6, 8-9. Dismissing the importance of compliance with Rule 26's disclosure obligations as a "minor discovery dispute," Defendants fail entirely to address Plaintiffs' arguments. Instead, they point the finger of blame at Plaintiffs for "failing to meet and confer," and claim that a declaration from Mr. Fischel, that contradicts his deposition testimony, cures any violation. *Id.* at 8-11. But they are wrong.

Mr. Fischel's compliance with Rule 26's disclosure requirements is not a "discovery" matter, and the case Defendants cite does not hold otherwise. Def. Brf. at 8 citing *Watkins v. Cook, Inc.*, 2015 WL 1395773 (S.D. W. Va. Mar. 25, 2015). And that the parties were mutually responsive to requests for materials *actually listed* in their respective expert's reports also does not carry the day for them in blaming Plaintiffs for "failing" to meet and confer. Mr. Fischel was very clear in his deposition about the scope of the materials contained in his Report's Appendix B – Materials Relied Upon:

> Q. Okay. So Appendix B is entitled Materials Relied Upon. And does it list all the materials upon which your opinions rely in the report?
>
> A. It should. That's the intention.
>
> Q. And did you consider materials that you didn't rely on in forming the opinions in your report?
>
> A. That's very possible.
>
> MS. HARRIS: Objection.

Q.  Are all the materials that you considered, but maybe didn't rely on, listed in Appendix B?

A.  I don't believe –

MS. HARRIS:  Objection.

A.  I'm sorry.  I'm answering too quickly. I don't believe so.

Q.  Okay.  What other materials did you consider in forming your opinions that aren't listed on Exhibit B?

A.  I can't think of anything specific but just by virtue of the title of Exhibit B, it's limited to materials relied upon.

Q.  Is there any reason why you didn't list all the materials that you considered?

MS. HARRIS:  Objection.

A.  I think the only reason is I wanted to list materials relied upon.

Fischel Tr. 33:22-35:4 (ECF No. 161-2).  There is no doubt from Mr. Fischel's testimony that the intention of Appendix B to his Report was to limit the materials listed to those he relied upon.  Later in the deposition, Mr. Fischel confirmed that he did not keep a list of all the materials he considered in forming his opinions:

Q.  Mr. Fischel, have you kept a list of the documents that you considered but didn't rely on in this case in forming your opinions?

A.  No.

MS. HARRIS:  Objection.

Fischel Tr. 126:22-127:3 (ECF No. 161-2).  Mr. Fischel's testimony was clear about the scope of his Appendix B, leaving nothing to "confer" with Defendants' counsel about – even if there was an obligation to do so.[1]

---

[1]  Defendants' contention that Plaintiffs' failure to bring to their attention "this disclosure dispute" before Mr. Fischel's deposition prevented Mr. Fischel from being more precise in his deposition testimony is absurd. Def. Brf. at 11.  Mr. Fischel is a very experienced expert witness and should have anticipated questions about the scope of the materials he considered in reaching his opinions.  That Mr. Fischel "had not specifically reviewed his records," and was insufficiently prepared for his deposition, is no one's fault but his.  *Id.*

Defendants argue that Plaintiffs' real problem is with how Mr. Fischel chose to "style" his Appendix B, that Plaintiffs are "nitpicking [Mr. Fischel's] choice of words," and that Mr. Fischel has fully complied with Rule 26's disclosure requirements  *Id.* at 8, 10-11.  However, Defendants support their argument with case law interpreting Rule 26's disclosure requirements ***prior to the 2010 amendment explicitly requiring that an expert list all materials considered and not just relied upon in forming their opinions.*** *Id.* citing *Fla. Auto. Joint Underwriting Ass'n v. Milliman, Inc.*, 2007 WL 9735052, at *4 (N.D. Fla. July 3, 2007) and *In re Walterman Implement, Inc.*, 2007 WL 2935451, at *2 (Bankr. N.D. Iowa Oct. 4, 2007).  The operative version of Rule 26 ***requires*** that Plaintiffs be provided a listing of materials considered – something Defendants do not contest is required by the current version of Rule 26.  Def. Brf. at 9.  *See also Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 193 (4th Cir. 2017) (affirming district court's finding that expert witness violated Rule 26(a) disclosure requirement by failing to disclose a document "considered" in forming opinions).

Defendants next contend that Plaintiffs' motion is moot because Mr. Fischel's Declaration (ECF No. 193-1) "confirmed that every document he considered is listed in Appendix B to his report." Def. Brf. at 9.  But Mr. Fischel's Declaration contradicts his deposition testimony.  Fischel Tr. at 34:9-15 (ECF No. 161-2) ("Q. Are all the materials that you considered, but maybe didn't rely on, listed in Appendix B? A. I don't believe -- MS. HARRIS: Objection. A. I'm sorry. I'm answering too quickly. I don't believe so.").  And when asked whether he considered a specific document, namely Jeld-Wen's Form 10-Q for the second quarter of 2018, Mr. Fischel testified that he thought he had received and reviewed all of the Jeld-Wen's Form 10-Q and Form 10-K filings, but only one Form 10-K for fiscal year 2016 is listed on his Appendix B:

> Q. Mr. Fischel, Plaintiff's Exhibit 5 is a copy of the Jeld-Wen Form 10-Q that was filed for the second quarter of 2018.  Did you review this document in formulating your opinions in this case?
>
> A. Probably.  I mean, a lot of these documents look identical, so – but probably yes.
>
> Q. I notice it wasn't on your Appendix B.

A. Yes.  That's why I said "probably", because I don't recall relying on it but I think we received all these 10-Qs and 10-Ks.  So I probably looked at them, I guess that's what I would say.

Q.  So it may be a document that you considered but didn't rely on, is that right, that's why it's not on your  Appendix B?

A.  Yes.  That's possible.

Fischel Tr. at 100:13-101:11.[2]  Finally, when asked if he saw any documents breaking down Jeld-Wen's North America door business components in formulating his criticism of Dr. Feinstein's failure to do so, Mr. Fischel responded, "It's hard for me to say because I looked at so many documents, but if you showed it to me I might be able to tell you if I recall seeing it."  Fischel Tr. at 125:5-8 (Reply Decl. Ex. A).

Rule 26's disclosure requirements exist so a party does not have to guess what an opposing expert considered or not in forming the offered opinions, which can prejudice a party's ability to effectively cross examine the expert.  *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 598 (4th Cir. 2003) (the "rules of expert disclosure are designed to allow an opponent to examine an expert opinion for flaws and to develop counter-testimony through the party's own experts").  While Mr. Fischel has submitted a declaration claiming that everything he considered is listed on his Appendix B, his deposition testimony conflicts with it, and leaves Plaintiffs with a great deal of uncertainty.[3]

---

[2]    These excerpt pages from the transcript of the deposition of Daniel R. Fischel, taken on February 26, 2021, are attached as Exhibit A to the Declaration of Debra J. Wyman in Further Support of Plaintiffs' Motion to Exclude the Testimony and Opinions of Defendants' Expert Daniel R. Fischel filed herewith ("Reply Decl.").

[3]    Defendants' arguments that Plaintiffs have somehow selectively targeted Mr. Fischel for Rule 26 violations because Plaintiffs are afraid of Mr. Fischel's opinions is nonsense.  Def. Brf. at 6, 10-11.  Defendants' anti-trust expert, as well as Plaintiffs' anti-trust expert, use the same "materials relied upon" nomenclature as Mr. Fischel *but* the difference with those experts is that there is no evidence – unlike with Mr. Fischel – that either considered materials not listed in their respective reports, that either intended by their "materials relied upon" to exclude materials they considered but did not rely upon, or that either failed to keep a list of materials considered but not relied upon, that could be provided to cure any claimed Rule 26 violation.

Plaintiffs agree that exclusion of Mr. Fischel's opinions and testimony is an "extraordinary" remedy (Def. Brf. at 11-12), but Federal Rule of Civil Procedure 37(c)(1) requires that remedy when the harm from failing to comply with Rule 26's disclosure requirements prejudices the opposing party, as it has in this case.  This is particularly true here because the evidence that both Dr. Feinstein, Plaintiffs' expert, and Mr. Fischel offer are on issues that are central to Plaintiffs' proof of loss causation and damages.  As the Fourth Circuit has recognized, "the more 'important' the evidence, the more important it is for the proponent to 'disclose [the evidence] in a timely manner' because it is more likely to prejudice the opposing party."  *Bresler*, 855 F.3d at 218; *Benjamin v. Sparks*, 986 F.3d 332, 343 (4th Cir. 2021) (same).

### B.    Mr. Fischel's "Most" or "More" Plausible Opinions Usurp the Jury's Fact Finding Role

Should the Court find that Mr. Fischel's violations of Rule 26's disclosure requirements do not require exclusion of his opinions, Plaintiffs have moved that Mr. Fischel be excluded from testifying that his conclusions regarding what information moved Jeld-Wen's stock price on October 16, 2018 are the "most" or "more plausible."  Motion at 6-8 (ECF No. 160).  This narrow basis for exclusion was met by: (1) inappropriate and irrelevant arguments regarding Dr. Feinstein's opinions not asserted in Defendants' motion to exclude Dr. Feinstein's opinions (ECF No. 170); (2) nonsensical assertions that Dr. Feinstein's opinions should be excluded due to a so-called "false pronouncement of absolute certainty" – again an argument missing from Defendants' motion concerning the admissibility of Dr. Feinstein's opinions; and (3) tacit agreement that the actual relief Plaintiffs seek here is appropriate.  Def. Brf. at 13-17.

Defendants devote much space in their opposition to Plaintiffs' Motion to exclude Mr. Fischel opinions to arguments urging the Court to exclude opinions offered by Dr. Feinstein.  Def. Brf. at 2, 14-15, 16-17.  Defendants filed an extensive brief seeking to exclude Dr. Feinstein's opinions and testimony and could have included these arguments, but did not.  ECF No. 170.

However, it is clear the reason they were not included in Defendants' motion is because they are baseless.

Defendants accuse Dr. Feinstein of offering legal opinions, which is simply untrue. Def. Brf. at 16-17. Dr. Feinstein does cite to case law outlining the definition of market efficiency and the factors courts consider in evaluating whether a market is efficient in a securities fraud case, to provide context to his opinions, ***and at the same time cites to and extensively quotes the academic articles in economics and finance that those decisions relied upon.*** *See e.g.* Feinstein Rpt. ¶¶151-153, 160-162, 214, 223-224, 230, 232-233 and 301 ( ECF No. 161-3). At no point does Dr. Feinstein apply any law to the facts of this case to render an opinion, and indeed, Defendants fail to point out a single instance where that is the case. Moreover, Dr. Feinstein did not "interpret" or "apply" the Private Securities Litigation Act. He simply notes that it provides for a damages mitigation input to be included when calculating damages for each class member, and that the mitigation input can be applied formulaically – clearly within his wheelhouse of expertise. *Id.* at ¶303 n. 302. Nor does Dr. Feinstein's Declaration offer legal opinions but simply corrects Defendants' assertions that he failed to analyze the factors outlined in the *Cammer* and *Krogman* cases as part of his market efficiency analysis. Feinstein Decl. ¶¶6, 11-12 (ECF No. 142-2). And, Dr. Feinstein's Reply Report does not offer any legal opinions but simply notes that his economic analysis assumes the truth of Plaintiffs' allegations. Feinstein Reply Rpt. ¶38 (ECF No. 170-12).[4] Finally, Defendants misleadingly quote Dr. Feinstein's deposition. He did not "admit" to offering legal opinions, but actually said: "I don't think my opinions are legal opinions. I guess, you know, we can flag that and think about it later as you ask additional questions, but I think all of my

---

[4]     This paragraph in Dr. Feinstein's Reply Report is in direct response to an opinion Mr. Fischel has offered – that the October 15, 2018 press release is not a corrective disclosure because it "did not admit guilt," which, curiously, is exactly what the Company was concerned it would be doing by disclosing the *Steves* Litigation Contingency. Fischel Rpt., ¶¶17, 24 (ECF No. 161-1); Pls.' Ex. 215 (ECF No. 192-3).

opinions here are financial economics opinions, although, they may overlap with legal – with areas of law.  So someone might characterize some of them as being both, both economics opinions and legal opinion." Feinstein Tr. at 19:23-20:8 (ECF No. 198-2).[5]  Defendants' bluster is nothing more than an unavailing attempt to distract the Court from the real issue at hand – the inadmissible portions of Mr. Fischel's opinions.

Plaintiffs do not agree with Mr. Fischel's conclusions regarding loss causation and damages. Plaintiffs' believe that Mr. Fischel's analysis is wanting and incomplete.  Plaintiffs' issues with Mr. Fischel's opinions, however, go to the weight of his opinions, not to their admissibility as is clear from numerous controlling decisions.  *See e.g. Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."), *United States v. Moreland*, 437 F. 3d 424, 431 (4th Cir. 2006) (recognizing that "expert testimony is subject to testing by '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof'").  Plaintiffs exercised the restraint Defendants did not in seeking to avoid wasting the Court's and parties' time by instead narrowly focusing their motion on Mr. Fischel's clearly inadmissible pronouncement that his opinions are "the most" or "more plausible" – a decision even Defendants do not contest is exclusively reserved for the jury to

---

[5]      Defendants cite to the decision in *Ohio Pub. Employees Ret. Sys. v. Fed. Home Loan Mortgage Corp.*, 2018 WL 3861840, at *6 (N.D. Ohio Aug. 14, 2018) to support their contention that Dr. Feinstein has rendered legal opinions.  Def. Brf. at 15.  It does not help make their point as the court there provides no description of the supposed "legal opinions" Dr. Feinstein gave. *Ohio Pub.*, 2018 WL 3861840, at *6.  Furthermore, the court there recognized that an "expert may not apply law to facts of case to form legal conclusions, but expert may refer to law in expressing his opinion," which is what Dr. Feinstein has done here.  *Id.* citing *Employers Reinsurance Corp. v. Mid-Continent Cas. Co.*, 202 F. Supp. 2d 1212, 1216-17 (D. Kan. 2002).

And even Mr. Fischel's opinions have been excluded.  *See e.g. In re Anthem-Cigna Merger Litigation*, 2019 WL 979167 (Del. Ch. Feb. 28, 2019); *United States v. Howard*, 2005 WL 6521290 (S.D. Tex. June 14, 2005); *Abrams v. Van Kampen Funds, Inc.*, 2005 WL 88973 (N.D. Ill. Jan. 13, 2005).

determine. *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 153 (1999) (noting that it is the jury's function to weigh the credibility of witnesses and decide among the competing expert evidence which is the most credible).

As is true in almost any case, the parties' experts have conflicting opinions. Plaintiffs' expert, Dr. Feinstein, has opined that disclosures made on October 5 and October 15, 2018 were corrective disclosures of the allegedly false and misleading statements, and material omissions, Plaintiffs allege Defendants made during the Class Period, and were the substantial cause of the loss suffered by investors when Jeld-Wen's stock price fell. Feinstein Rpt, ¶¶290-300 (ECF No. 161-3).[6] Dr. Feinstein has further opined, based upon information he learned for the first time as a result of this Court's order compelling Defendants to produce previously withheld documents (ECF No. 190), and through the March 9, 2021 testimony of John Linker, that an additional corrective disclosure occurred on August 8, 2018 that likewise was a substantial cause of the movement in Jeld-Wen's stock on that day. Feinstein Supp. Rpt. (ECF No. 199 – filed under seal as Ex. G), ¶¶11-12, 14-16, 33-41. Not surprisingly, Mr. Fischel disagrees and concludes that other information unrelated to Plaintiffs' allegations was responsible for the drop in Jeld-Wen's stock price on October 16, 2018. Fischel Rpt, ¶¶17, 24-46 (ECF No. 161-1).

This conflicting evidence presents a classic "battle of the experts." *Herndon v. Huntington Ingalls Indus., Inc.*, 2020 WL 5809965, at *9 (E.D. Va. Aug. 28, 2020) (noting that *Daubert* neither eliminates nor prohibits a "battle of the experts" and that the fact finder is the ultimate arbiter of which expert's opinion carries the most weight). Mr. Fischel, however, goes too far in pronouncing

---

[6]    Defendants' assertion that Dr. Feinstein's opinions should be excluded because he has presented them as "uncontestable" or "ironclad" facts borders on the ludicrous. Def. Brf. at 16. Dr. Feinstein stated his opinions, the methodology he used to arrive at them, and the basis for them in his Report.  He did not – unlike Mr. Fischel – anoint them as  the "more" or "most plausible" explanations for Jeld-Wen's stock price movements which smacks more of a presentation of an "uncontestable" or "ironclad" fact.  *Id.*

that ***his conclusions carry the most weight***.  *See* Fischel Rpt., ¶¶17, 23, 36, 46 (ECF No. 161-1);

Fischel Tr. at 72:4-20, 74:9-25, 84:6-23, 98:9-14, 116:14-118:16, 140:20-141:19 (ECF No. 161-2).

This is not a "quibble with Fischel's word choice" as Defendants' contend.  Def. Brf. at 16.  Indeed,

Defendants cite ***no authority that permits Mr. Fischel to proclaim his conclusions as the "most" or***

***"more plausible."***[7]   Instead, relying on authority that struck the offending portions of expert

testimony, Defendants seemingly ***agree with Plaintiffs*** that "the proper remedy would be to strike

the term 'plausible' from Fischel's opinions."  *Id.* at 16 n.5.  That is because it is an unassailable

truth that "[w]hen an expert undertakes to tell the jury what result to reach, this does not ***aid*** the jury

in making a decision, but rather attempts to substitute the expert's judgment for the jury's."  *United*

*States v. Chapman*, 209 F. App'x 253, 269 (4th Cir. 2006); *Adell Plastics, Inc. v. Mt. Hawley Ins.*

*Co.*, 2019 WL 2524916, at *3 (D. Md. June 19, 2019) (excluding expert opinion that "tells the jury

what result to reach"); *Peters v. Balt. City Bd. of Sch. Comm'rs*, 2014 WL 4187307, at *8 (D. Md.

Aug. 21, 2014) (same).  Because Mr. Fischel asserts that his conclusions are the "most" or "more

plausible," he impermissibly "'supplies the jury with no information other than [Mr. Fischel's] view

of how the verdict should read.'"  *United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011).  Those

assertions should be excluded from the opinion testimony Mr. Fischel is permitted to offer in this

case.

>    **C.    Mr. Fischel's Opinions and Testimony Violate Rule 403**

Defendants' overly narrow depiction of Federal Rule of Evidence 403 does not remove Mr.

Fischel's opinions and testimony from the type of evidence Rule 403 requires be excluded.  Def. Brf.

at 17-18.  Pursuant to Rule 403, otherwise relevant evidence is inadmissible "if its probative value is

---

[7]    Defendants cite to the Fourth Circuit's decision in *McCune v. Xerox Corp.*, 2000 WL 1012962 (4th Cir. July 24, 2000), but that decision does not permit Mr. Fischel to pronounce his opinion as the "most" or "more plausible."  It simply notes that the expert in that case gave evidence of damages to a "reasonable degree of economic certainty," just as Dr. Feinstein has done here.  *Id.* at *4.

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." And the Fourth Circuit has warned that "given the potential persuasiveness of expert testimony, proffered evidence that has a greater potential to mislead than to enlighten should be excluded." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999); *see also Davenport v. Goodyear Dunlop Tires N. Am., Ltd.*, 2018 WL 1616415, at *5 (D. S.C. Apr.14, 2018) (same). As a result, "[e]xpert evidence can be both powerful and quite misleading because of the difficulty of evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 . . . exercise more control over experts than over lay witnesses. *United States v. Dorsey*, 45 F.3d 809, 813 (4th Cir. 1995) (quoting *Daubert*, 509 U.S. at 595).

Here, as described in detail in Plaintiffs' opening brief (ECF No. 160 at 2-6), because of Mr. Fischel's failure to comply with Rule 26's disclosure requirements, Plaintiffs are unfairly prejudiced in their ability to prepare an effective cross-examination of Mr. Fischel on important evidence concerning two elements of the claim Plaintiffs must prove. Consequently, Rule 403, in addition to Federal Rule of Civil Procedure 37, compel the exclusion of Mr. Fischel's opinions and testimony.

Furthermore, Mr. Fischel's assertion that his loss causation and damages opinions are "more" or "the most plausible" explanations for Jeld-Wen's stock price movement on October 16, 2018 unfairly prejudice Plaintiffs by essentially telling the jury what factual result they should reach, misleading the jury along the way. *Westberry*, 178 F.3d at 261 (stating evidence admissible under Rule 702 should be excluded under Rule 403 only if it "has a greater potential to mislead [or confuse] than to enlighten"). Because "the probative value of [Mr. Fischel's] testimony is outweighed by its tendency to confuse and mislead the jury," "it must be excluded under Rule 403." *Haskins v. 3M Co.*, 2017 WL 3118017, at *8 (D. S.C. July 21, 2017) (excluding expert testimony on causation).

**III.    CONCLUSION**

For these reasons, and those contained in Plaintiffs' Memorandum of Law In Support of Plaintiffs' Motion to Exclude the Testimony and Opinions of Defendants' Expert Daniel R. Fischel (ECF No. 160), the Court should exclude Mr. Fischel's opinions and testimony in this matter for failure to comply with Rule 26.  Alternatively, if the Court determines that Mr. Fischel's Rule 26 violations are harmless and do not prejudice Plaintiffs, the Court should exclude from Mr. Fischel's opinions and testimony that his conclusions offer the "most" or a "more plausible" explanation for the movement in Jeld-Wen's stock in response to the October 15, 2018 press release.

DATED:  March 26, 2021

COHEN MILSTEIN SELLERS & TOLL PLLC
STEVEN J. TOLL (VSB No. 15300)
JOSHUA HANDELSMAN (Admitted *pro hac vice*)


*/s/ Steven J. Toll*
Steven J. Toll

1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005
Telephone: 202/408-4600
202/408-4699 (fax)
stoll@cohenmilstein.com
jhandelsman@cohenmilstein.com

*Liaison Counsel for Lead Plaintiffs*

ROBBINS GELLER RUDMAN & DOWD LLP
DEBRA J. WYMAN (Admitted *pro hac vice*)
JOHN R. RIGBY (Admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
jrigby@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
ROBERT M. ROTHMAN (Admitted *pro hac vice*)
WILLIAM J. GEDDISH (Admitted *pro hac vice*)
FRANCIS P. KARAM (Admitted *pro hac vice*)
MAGDALENE ECONOMOU (Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
wgeddish@rgrdlaw.com
fkaram@rgrdlaw.com
meconomou@rgrdlaw.com

*Co-Lead Counsel for Plaintiff Plumbers and Pipefitters*
*National Pension Fund, Additional Plaintiff Wisconsin*
*Laborers' Pension Fund, and the Class*

LABATON SUCHAROW LLP
JAMES W. JOHNSON (Admitted *pro hac vice*)
MICHAEL H. ROGERS (Admitted *pro hac vice*)
JAMES T. CHRISTIE (Admitted *pro hac vice*)
PHILIP J. LEGGIO (Admitted *pro hac vice*)
140 Broadway
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)
jjohnson@labaton.com
mrogers@labaton.com
jchristie@labaton.com
pleggio@labaton.com

*Co-Lead Counsel for Plaintiff Public Employees'*
*Retirement System of Mississippi and the Class*

- 13 -