UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Richmond Division)

| | | |
|---|---|---|
| In re JELD-WEN HOLDING, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 3:20-cv-00112-JAG |
| | | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) | **<u>REDACTED</u>** |
| ALL ACTIONS. | ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS
WITHHELD BY THE JELD-WEN DEFENDANTS AS PRIVILEGED**

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ..........................................................................................................1

II.    ARGUMENT................................................................................................................4

       A.     Documents For Public Disclosure Are Not Privileged............................................6

       B.     Business Documents Are Not Privileged.................................................................12

III.   CONCLUSION...........................................................................................................17

# TABLE OF AUTHORITIES

**Page**

## CASES

*ABB Kent-Taylor, Inc. v. Stallings & Co.*,
   172 F.R.D. 53 (W.D.N.Y. 1996)........................................................................................12

*Am. Silver LLC v. Gen. Resonance LLC*,
   2010 WL 11549408
   (D. Md. May 14, 2010) .......................................................................................................6

*Burroughs Wellcome Co. v. Barr Labs., Inc.*,
   143 F.R.D. 611 (E.D.N.C. 1992) ......................................................................................11

*Chaudhry v. Gallerizzo*,
   174 F.3d 394 (4th Cir. 1999) ..............................................................................................5

*Feinberg v. T. Rowe Price Grp., Inc.*,
   2019 WL 6895580
   (D. Md. Dec. 17, 2019) .......................................................................................................5

*Great Plains Mut. Ins. Co. v. Mut. Reinsurance Bureau*,
   150 F.R.D. 193 (D. Kan. 1993)..........................................................................................12

*In re Grand Jury Procs. #5 Empaneled Jan. 28, 2004 v. Under Seal*,
   401 F.3d 247 (4th Cir. 2005) ............................................................................................13

*In re Grand Jury Procs.*,
   727 F.2d 1352 (4th Cir. 1984) .......................................................................................5, 7

*In re Grand Jury Procs. v. Under Seal*,
   33 F.3d 342 (4th Cir. 1994) ................................................................................................6

*In re Grand Jury Subpoena No. 2013r00691-009*,
   201 F. Supp. 3d 767 (W.D.N.C. 2016) ...............................................................................6

*In re N.Y. Renu with Moistureloc Prod. Liab. Litig.*,
   2008 WL 2338552
   (D.S.C. May 8, 2008).........................................................................................................11

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
   230 F.R.D. 433 (D. Md. 2005)........................................................................................7, 8

*John Doe #1 v. Wachovia Corp.*,
   268 F. Supp. 2d 627 (W.D.N.C. 2003) ............................................................................7, 8

*Koch v. Specialized Servs., Inc.*,
   437 F. Supp. 2d 362 (D. Md. 2005) ..................................................................................13

**Page**

*Ledo Pizza Sys., Inc. v. Ledo Rest., Inc.*,
2007 WL 9780683
(D. Md. Apr. 26, 2007) ...................................................................................................12

*Maxtena, Inc. v. Marks*,
2014 WL 11462793
(D. Md. July 15, 2014).....................................................................................................4

*McCaugherty v. Siffermann*,
132 F.R.D. 234 (N.D. Cal. 1990).....................................................................................5

*Neuberger Berman Real Est. Income Fund, Inc. v. Lola Brown Tr. No. 1B*,
230 F.R.D. 398 (D. Md. 2005).............................................................................4, 5, 8, 12

*Neuder v. Battelle Pac. Nw. Nat'l Lab.*,
194 F.R.D. 289 (D.D.C. 2000).......................................................................................12

*Oppenheimer v. Episcopal Communicators, Inc.*,
2020 WL 4732238
(W.D.N.C. Aug. 14, 2020)................................................................................................4

*Rambus, Inc. v. Infineon Techs. AG*,
220 F.R.D. 264 (E.D. Va. 2004) .....................................................................................14

*Scott & Stringfellow, LLC v. AIG Com. Equip. Fin., Inc.*,
2011 WL 1827900
(E.D. Va. May 12, 2011)..............................................................................................5, 12

*Solis v. Food Emps. Lab. Rels. Ass'n*,
644 F.3d 221 (4th Cir. 2011) ...........................................................................................4

*United States ex rel. Thomas v. Duke Univ.*,
2018 WL 4211375
(M.D.N.C. Sept. 4, 2018)................................................................................................10

*United States v. Cassidy*,
48 F. App'x 428 (4th Cir. 2002) .......................................................................................4

*United States v. Cohn*,
303 F. Supp. 2d 672 (D. Md. 2003) ..............................................................................5, 12

*United States v. Elbaz*,
396 F. Supp. 3d 583 (D. Md. 2019) ...............................................................................15

**Page**

*Williams v. Big Picture Loans, LLC*,
2019 WL 1983048
(E.D. Va. May 3, 2019)..........................................................................................................14

**STATUTES, RULES AND REGULATIONS**

Federal Rule of Civil Procedure
Rule 26(b)(5)(A) ..................................................................................................................4

**TABLE OF AUTHORITIES**

**Page**

## I.    INTRODUCTION

Lead Plaintiffs Public Employees' Retirement System of Mississippi and Plumbers & Pipefitters National Pension Fund, along with Additional Plaintiff Wisconsin Laborers' Pension Fund (collectively, "Plaintiffs"), by their counsel, respectfully submit this memorandum of law in support of their motion to require the Jeld-Wen Defendants[1] to produce documents that they contend to be privileged, but are not, as shown below.

On March 17, 2021, the parties appeared before this Court to discuss the Jeld-Wen Defendants' designation of certain documents as privileged, which concerned the Company's decision to book a litigation contingency for the *Steves* litigation.[2]   The Court ultimately determined that the documents in question should not be withheld in their entirety, but rather, should be redacted to exclude only portions of the documents which contain legal advice related to a potential settlement of the *Steves* litigation.  ECF No. 190.  Also at that hearing, the Court ordered the Jeld-Wen Defendants to produce a privilege log that complies with the Federal Rules of Civil Procedure (the "Federal Rules"), for all redacted and withheld documents by March 19, 2021 at 5:00 p.m.

On March 19, 2021, ten days prior to the close of fact discovery in this Action, the Jeld-Wen Defendants produced a 262-page privilege log containing 4,457 individual entries.[3]  Plaintiffs

---

[1]   The "Jeld-Wen Defendants" are: Jeld-Wen Holding, Inc. ("Jeld-Wen"), former President and Chief Executive Officer Mark A. Beck, former Executive Vice President and Chief Financial Officer L. Brooks Mallard, former Interim Chief Executive Officer Kirk S. Hachigian, and current President and Chief Executive Officer Gary S. Michel.

[2]   The "*Steves*" litigation refers to *Steves and Sons, Inc. v. Jeld-Wen, Inc.*, No. 3:16-cv-545 (E.D. Va.).

[3]   To date, Plaintiffs have only received a privilege log from the Jeld-Wen Defendants; the Onex Defendants have not provided a single privilege log entry, despite producing redacted documents on the stated basis of privilege. *See, e.g.*, ONEX-SEC-LIT0029969 and ONEX-SEC-LIT0031754.

immediately began reviewing the privilege log. That review uncovered that the Jeld-Wen Defendants used vague and ambiguous "Privilege Descriptions" to identify why certain documents were being withheld. Even worse, the Jeld-Wen Defendants often used the same repetitive descriptions to describe what appear to be altogether different documents. *Compare* VINISCO_11450_00178883 ███████████████████████████████████

████████████████████████████████████████████████████████

██████ *with* LINKJOH_11450_00247415 ████████████████████████████████. The Jeld-Wen Defendants are required by the Federal Rules to provide a detailed enough description to allow the opposing party to challenge any entries that they perceive to be improper, and the Court to rule on them. Because of the Jeld-Wen Defendants' repetitive and generic descriptions, this will be no easy task, and forced the Plaintiffs to group like-documents together, rather than challenge them entry by entry.

Based upon the descriptions that were provided on the privilege log, however, Plaintiffs believe that the Jeld-Wen Defendants are improperly withholding entire categories of documents that are not privileged. In broad terms, these categories of documents include: 1) documents where the sum and substance of the advice was ultimately revealed to the public, over which no privilege applies; and 2) documents where business advice was requested from or provided by an attorney, again, over which no privilege applies.

Finally, and perhaps most compelling, Plaintiffs believe that they have uncovered in the Jeld-Wen Defendants' productions, duplicates of certain documents withheld and included on the privilege log. As shown below, a review of those documents clearly indicates that the Jeld-Wen

---

Plaintiffs inquired with the Onex Defendants on March 29, 2021, as to whether they were going to provide a privilege log. They responded on March 29, 2021 that Plaintiffs would "hopefully" receive it that afternoon. The Onex Defendants have not produced their privilege log as of the filing of this Motion.

Defendants are withholding documents from Plaintiffs that are not privileged.  The Jeld-Wen Defendants should be ordered to produce the requested documents immediately.

Following Plaintiffs' expedited review, on March 24, 2021, they requested a meet-and-confer with the Jeld-Wen Defendants, which was ultimately held on March 26, 2021.  During that meet-and-confer call, Plaintiffs raised their issues regarding the Jeld-Wen Defendants' privilege claims, as outlined below, and asked the Jeld-Wen Defendants if they would join in requesting a brief extension of the March 29, 2021 discovery deadline to continue the meet and confer process.[4] The Jeld-Wen Defendants explained that they would need time to consider the Plaintiffs' challenges, and asked the Plaintiffs to provide the case law supporting their positions mentioned during the discussions, and attempt to more specifically describe or categorize their challenges to the Jeld-Wen Defendants' privilege log.  Later that day, Plaintiffs shared the requested case law, and explained that "Plaintiffs cannot provide any information above and beyond what Defendants have provided on the Privilege Log.  Many documents bear the same rote 'Privilege Description,' despite the documents appearing to be entirely unrelated.  Plaintiffs have done their best in attempting to segregate the documents into like categories – we simply do not have the information required to further categorize or explain our challenges.  Again, only Defendants possess that information."  As of the filing of this Motion, the Jeld-Wen Defendants have not responded to Plaintiffs' request to jointly seek an extension of the fact discovery deadline for the limited purpose of continuing the meet and confer process regarding Plaintiffs' challenges to the Jeld-Wen Defendants' privilege log.  To protect their ability to challenge the Jeld-Wen Defendants' privilege log, Plaintiffs filed this motion without hearing a response.

---

[4]    Attached as Ex. A to the Declaration of Debra J. Wyman in Support of this Motion, dated March 29, 2021 (the "Wyman Decl.," submitted herewith), is an Excel Workbook that, for each category of documents, identifies each individual document being challenged.

For all the reasons discussed below, the Jeld-Wen Defendants should be required to produce all the documents that have been identified by Plaintiffs as being improperly withheld.

## II.    ARGUMENT

The Fourth Circuit, like all courts, recognizes that "the party claiming privilege . . . bear[s] the burden of demonstrating the applicability of the privilege to specific documents." *Solis v. Food Emps. Lab. Rels. Ass'n*, 644 F.3d 221, 233 (4th Cir. 2011); *see also United States v. Cassidy*, 48 F. App'x 428, 441 (4th Cir. 2002) (same).  Under Federal Rule of Civil Procedure 26(b)(5)(A), any party seeking to withhold discoverable information on the ground that the information is privileged "must (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." This detailed description, required by the Federal Rule, typically takes the form of a privilege log. *Oppenheimer v. Episcopal Communicators, Inc.*, 2020 WL 4732238, at \*5 (W.D.N.C. Aug. 14, 2020).

Courts in this Circuit, as well as the Federal Rules, require a party claiming a privilege to provide enough of a description for opposing counsel or the court to access "whether the basis for the assertion of privilege or protection is justified." *Maxtena, Inc. v. Marks*, 2014 WL 11462793, at \*3 (D. Md. July 15, 2014).  Indeed, it is not up to the court to "speculate as to the reasons the documents were created." *Neuberger Berman Real Est. Income Fund, Inc. v. Lola Brown Tr. No. 1B*, 230 F.R.D. 398, 418 (D. Md. 2005) (finding that "the proponent must provide specific factual support for its assertion").[5]

---

[5]    As shown below, the Jeld-Wen Defendants' "Privilege Description[s]" are entirely too repetitive and vague, making it difficult for Plaintiffs to understand exactly what is being withheld. In fact, the "Privilege Description[s]" that they use here are similar to the ones used in connection with Plaintiffs' Motion filed on March 15, 2021, when the Jeld-Wen Defendants clawed back

When claiming a privilege, a party "cannot rest solely on the privilege log," because the party claiming the privilege "bear[s] the burden of establishing an evidentiary basis – via affidavit, deposition transcript, or other evidence – for the applicability of the attorney-client privilege as to each document." *Feinberg v. T. Rowe Price Grp., Inc.*, 2019 WL 6895580, at *4 (D. Md. Dec. 17, 2019); *see also Neuberger Berman*, 230 F.R.D. at 410 ("The party withholding the document, of course, must provide that context by way of evidence, not just argument."); *McCaugherty v. Siffermann*, 132 F.R.D. 234, 238 (N.D. Cal. 1990) ("the court should sustain an assertion of privilege only when there is a clear evidentiary predicate for concluding that each communication in question was made primarily for the purpose of generating legal advice").

Further, since a claim of privilege interferes with the truth-seeking process and "is in derogation of the public's right to every man's evidence," it is not favored by the federal courts and "is to be strictly confined within the narrowest possible limits consistent with the logic of its principle." *Neuberger Berman*, 230 F.R.D. at 409 (citing *In re Grand Jury Procs.*, 727 F.2d 1352, 1355 (4th Cir. 1984)). Courts in this Circuit require that, in order to be withheld as privileged, documents must contain "legal advice, opinions, or oversight," "opinion[s] on law, legal services, or to provide assistance in some legal context," reference to a "particular legal issue," *Scott & Stringfellow, LLC v. AIG Com. Equip. Fin., Inc.*, 2011 WL 1827900, at *3-*4 (E.D. Va. May 12, 2011), or revelations of "the motive of the client in seeking representation, litigation strategy." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999). Finally, "[c]ommunications are not privileged merely because one of the parties is an attorney or because an attorney was present when the communications were made." *United States v. Cohn*, 303 F. Supp. 2d 672, 683-84 (D. Md. 2003).

---

documents that the Court found were in whole or in part not privileged. ECF Nos. 183-185, 190, 192.

As shown below, there are two broad categories of documents, each with numerous subcategories, to which courts within this circuit have refused to apply any privilege. Both are discussed, individually, below.

## A.      Documents For Public Disclosure Are Not Privileged

The Fourth Circuit has held that if a client communicates information to his attorney with the understanding that the information will be revealed to others, that information as well as "the details underlying the data which was to be published" will not enjoy the privilege. *In re Grand Jury Procs. v. Under Seal*, 33 F.3d 342, 354 (4th Cir. 1994); *see also In re Grand Jury Subpoena No. 2013r00691-009*, 201 F. Supp. 3d 767, 775 (W.D.N.C. 2016) (client communications "made in contemplation of ultimate public disclosure" have "no intention of confidentiality, and thus no privilege, exists"); *Am. Silver LLC v. Gen. Resonance LLC*, 2010 WL 11549408, at *4 (D. Md. May 14, 2010) ("drafts of a document that is ultimately intended for public disclosure are not privileged"). Below, Plaintiffs have identified numerous categories of documents that appear to fall within the realm of documents that were prepared for public disclosure, which severs any claim of privilege over the documents:

1.      Documents described as relating to investor relations or investor communications, (*see* Ex. A pp. 1-68 at Spreadsheet "Investor Relations," 1,344 documents in total), including documents with the following "Privilege Description[s]":



The case law in the Fourth Circuit is clear – information shared with or provided by counsel related to documents intended to be ultimately shared with investors are not privileged. *See Grand Jury Procs.*, 727 F.2d at 1355-56 (finding that information given to the attorney to assist in preparing the prospectus for viewing by other private investors, was not intended to be kept confidential, and thus the privilege did not apply); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 230 F.R.D. 433, 437 (D. Md. 2005) ("to the extent that Royal Ahold offensively has disclosed information pertaining to its internal investigation in order to improve its position with investors, financial institutions, and the regulatory agencies, it also implicitly has waived its right to assert work product privilege as to the underlying memoranda supporting its disclosures"); *John Doe #1 v. Wachovia Corp.*, 268 F. Supp. 2d 627, 636 (W.D.N.C. 2003) (a "legal opinion which 'might have been privileged when given to the client' is then 'circulated to third parties, including investors (*e.g.*, in the case of opinions given to promoters),' it loses its privileged status").

Further, a review of documents produced by the Jeld-Wen Defendants reveals a pattern of improperly withholding documents related to investor relations. For example, the Jeld-Wen Defendants have withheld document LINKJOH_11450_00040361 from Plaintiffs –

- 7 -

████████████████████████████████████████████████████████

████████████████████████████████████  A search of the Jeld-Wen Defendants' production, however, reveals a very similar (and potentially identical) document that Defendants already produced. *See* Wyman Ex. B (JW-SEC-01361294). But the text of the produced email does not request or seek legal advice. ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████  Thus, no privilege protects this document.[6]

2.  Documents described as relating to Securities and Exchange Commission "SEC" Filings, (*see* Ex. A p. 69 at Spreadsheet "SEC Filings," 4 documents in total), including documents with the following "Privilege Description[s]": ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████  *See Royal Ahold*, 230 F.R.D. at 436 (holding that company waived attorney-client privilege for witness memoranda because company publicly disclosed it in forms filed with SEC and internal report released to investors); *Neuberger Berman*, 230 F.R.D. at 413-14 (requiring production of draft SEC filings with attorney input because "[i]f a client

---

[6]  Plaintiffs are not sure how many documents, in total, were withheld as privileged, while another version of the same document was simultaneously produced. Plaintiffs engaged in a random sampling to find this example, and the other examples provided below. But it is not the responsibility of Plaintiffs to test and validate each entry on the Jeld-Wen Defendants' privilege log. Rather, it is the responsibility of the Jeld-Wen Defendants to withhold only documents properly identified as privileged.

communicates information to his attorney with the understanding that the information will be revealed to others, that information as well as 'the details underlying the data which was to be published' will not enjoy the privilege").

3.    Documents described as relating to regulatory disclosures, (*see* Ex. A pp. 70-115 at Spreadsheet "Regulatory Disclosures," 983 documents in total),[7] including documents with the following "Privilege Description[s]": ███████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████

Again, a review of documents the Jeld-Wen Defendants produced calls into question the validity of withholding documents related to regulatory disclosures.  For example, the Jeld-Wen Defendants withheld document MALLBRO_11450_00002511 from Plaintiffs – ███████████

████████████████████████████████████████████

██████████████████████████████████████████ A search of the Jeld-Wen Defendants' production, however, appears to reveal that Defendants already produced a

---

7    Despite a "Privilege Description" that relates to ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████ Thus, the case law cited above (*see supra* pp. 8-9) regarding SEC filings is equally applicable here.

similar or identical document.  *See* Wyman Ex. C (JW-SEC-01395853).  Again the text of the email does not reflect any legal advice. ████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████  Thus, no privilege

protects this document.

4.      Documents described as relating to public relations, (*see* Ex. A p. 116 at Spreadsheet "Public Relations," 12 documents in total), including documents with the following "Privilege Description[s]": ████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████  *See United States ex rel. Thomas v. Duke Univ.*, 2018 WL 4211375, at *7 (M.D.N.C. Sept. 4, 2018) (collecting cases standing for the proposition that communications with lawyers about public relations documents are not privileged).  Indeed, the Court has already ruled that documents the Jeld-Wen Defendants attempted to claw-back that involved communications with a public relations firm were not privileged.  ECF No. 190.

5.      Documents described as relating to press releases, (*see* Ex. A p. 117 at Spreadsheet "Press Releases," 7 documents in total), including documents with the following "Privilege

Description[s]": ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

*See In re N.Y. Renu with Moistureloc Prod. Liab. Litig.*, 2008 WL 2338552, at \*13 (D.S.C. May 8, 2008) (press release not privileged); *Burroughs Wellcome Co. v. Barr Labs., Inc.*, 143 F.R.D. 611, 619 (E.D.N.C. 1992) (press release not privileged because "it was not intended to be confidential").

6.      Documents described as relating to media relations, (*see* Ex. A p. 118 at Spreadsheet "Media Relations," 6 documents in total), including documents with the following "Privilege Description[s]": ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

7.      A document described as relating to a press interview, (*see* Ex. A p. 119 at Spreadsheet "Press Interview," 1 document in total), with the following "Privilege Description": 

██████████████████████████████

8.      Documents described as relating to analyst communications, (*see* Ex. A p. 120 at Spreadsheet "Analyst Communications," 7 documents in total), including documents with the following "Privilege Description[s]": ███████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

- 11 -

███████████████████████████████████████████████████

████████████

## B.      Business Documents Are Not Privileged

The incidental appearance of a lawyer's name in a "To" or "CC" line does not magically transform an email or memorandum into a "privileged" document.  Indeed, many courts in this Circuit and elsewhere consistently have held that when "legal advice is merely incidental to business advice, the privilege does not apply."  *Cohn*, 303 F. Supp. 2d at 683; *Ledo Pizza Sys., Inc. v. Ledo Rest., Inc*., 2007 WL 9780683, at *9 (D. Md. Apr. 26, 2007) (same); *Neuberger Berman*, 230 F.R.D. at 411 (same); *Neuder v. Battelle Pac. Nw. Nat'l Lab.*, 194 F.R.D. 289, 293-94 (D.D.C. 2000) (same); *see also Great Plains Mut. Ins. Co. v. Mut. Reinsurance Bureau*, 150 F.R.D. 193, 197 (D. Kan. 1993) ("communications by a corporation with its attorney, who at the time is acting solely in his capacity as a business advisor, would not be privileged").  "Nor does it apply to any communication 'as to which a business purpose would have served as a sufficient cause, *i.e.*, any communication that would have been made because of a business purpose even if there had been no perceived additional interest in securing legal advice.'''  *Ledo Pizza*, 2007 WL 9780683, at *4 (citing *Cohn*, 303 F. Supp. 2d at 683-84); *Neuberger Berman*, 230 F.R.D. at 411 (same); *see also Scott & Stringfellow*, 2011 WL 1827900, at *3-*4 (declining to apply the privilege to an in-house counsel communication because the attorney was "clarifying a business issue and scheduling a meeting," not giving legal advice).  Additionally, the context in which the statements are made matters.  *Cohn*, 303 F. Supp. 2d at 684.  Finally, communications containing both legal and business advice "must be primarily or predominantly of a legal character" to be privileged.  *ABB Kent-Taylor, Inc. v. Stallings & Co.*, 172 F.R.D. 53, 55 (W.D.N.Y. 1996).

- 12 -

Below, Plaintiffs have identified numerous categories of documents that appear to fall within the realm of business advice provided by, or sought from, an attorney, which is not protected by any privilege:

1.      Documents described as relating to pricing practices, (*see* Ex. A. pp. 121-147 at Spreadsheet "Pricing," 419 documents in total), including documents with the following "Privilege Description[s]": ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████

The documents related to pricing practices may also be subject to the crime fraud exception, under which a party who engages in criminal or fraudulent conduct involving a lawyer loses the right to any privilege it may otherwise be entitled to. *See In re Grand Jury Procs. #5 Empaneled Jan. 28, 2004 v. Under Seal*, 401 F.3d 247, 251 (4th Cir. 2005) (the exception provides that the attorney-client privilege may be lost "when a client gives information to an attorney for the purpose of committing or furthering a crime or fraud"); *Koch v. Specialized Servs., Inc.*, 437 F. Supp. 2d 362, 385 (D. Md. 2005) (documents constituting communications seeking advice or aid in furtherance of client's wrongful scheme to deprive employee of the full value of his stock

were discoverable under the crime fraud exception).[8]  Because a jury determined, and the Fourth Circuit affirmed, that the Jeld-Wen Defendants violated the Clayton Act, *see Steves*, ECF No. 1022, any discussions regarding Jeld-Wen's pricing are subject to the crime fraud exception, and are not independently protected by any privilege.[9]

Additionally, a review of documents that the Jeld-Wen Defendants actually produced underscores that those on their log relating to pricing are not privileged.  For example, the Jeld-Wen Defendants have withheld several documents identified as KIRKTIM_11450_00046648, KIRKTIM_11450_00046649,  MALLBRO_11450_00049989,  MALLBRO_11450_00049992 and MALLBRO_11450_00049993 from Plaintiffs – ███████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████  A search of the Jeld-Wen Defendants' production, however, appears to reveal that Defendants already produced an identical (or, at least, nearly identical) document.  *See* Wyman Ex. D (JW-SEC-01361439).  ████████████████████████████████████

██████████████████████████████████████████████████████  Thus, no privilege protects these documents.

2.      Documents described as relating to financial or accounting matters, (*see* Ex. A p. 148 at Spreadsheet "Financial-Accounting," 13 documents in total), including documents with the

---

[8]  *See also Williams v. Big Picture Loans, LLC*, 2019 WL 1983048, at *12 (E.D. Va. May 3, 2019) ("the crime/fraud jurisprudence is better considered as 'an exclusion of certain activity from the reach of the [attorney-client] privilege[ ]'") (citing *Rambus, Inc. v. Infineon Techs. AG*, 220 F.R.D. 264, 281 (E.D. Va. 2004) (calling the crime fraud an exception a "misnomer" as "many courts have applied the exception to situations falling well outside of the definitions of crime or fraud")).

[9]  This would include documents with the following "Privilege Description[s]": ██████████

████████████████████████████████████████████████████████████████

following "Privilege Description[s]": ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████    Indeed, the

Court has already ruled that portions of documents related to the accounting of the litigation

contingency in the *Steves* litigation was not subject to any privilege.  ECF No. 190.

       3.     Documents described as relating to customer relations or customer

communications, (*see* Ex. A p. 149 at Spreadsheet "Customer Relations," 11 documents in total),

including documents with the following "Privilege Description[s]": ████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████    Indeed, "[a]ny privilege underlying these

communications would arguably have been waived when the information was shared with the

customer." *United States v. Elbaz*, 396 F. Supp. 3d 583, 599-600 (D. Md. 2019).

4.      Documents described as relating to business relationships, business matters, business issues, business plans, or other miscellaneous business documents (*see* Ex. A p. 150 at Spreadsheet "Business," 19 documents in total), including documents with the following "Privilege Description[s]": ████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████ For the reasons stated above, *see supra* p. 12, this material is not privileged.

5.      Documents described as relating to competition, (*see* Ex. A p. 151 at Spreadsheet "Competition," 2 documents in total), including documents with the following "Privilege Description[s]": ████████████████████████████

████████████████████████████████████████████

████████████████████████████

6.      Documents described as relating to contract negotiations or contractual obligations, (*see* Ex. A pp. 152-160 at Spreadsheet "Contract," 158 documents in total), including documents

with the following "Privilege Description[s]": ███████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: (i) hold a hearing to determine whether the Jeld-Wen Defendants' assertions of privilege are proper; (ii) deny the Jeld-Wen Defendants' assertions of privilege on the documents listed on Wyman Decl. Ex. A; and (iii) grant any other relief that is just and proper.

DATED:  March 29, 2021          COHEN MILSTEIN SELLERS & TOLL PLLC
                                STEVEN J. TOLL (VSB No. 15300)
                                JOSHUA HANDELSMAN (Admitted *pro hac vice*)


                                        */s/ Steven J. Toll*
                                        STEVEN J. TOLL

- 17 -

1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005
Telephone: 202/408-4600
202/408-4699 (fax)
stoll@cohenmilstein.com
jhandelsman@cohenmilstein.com

*Liaison Counsel for Lead Plaintiffs*

ROBBINS GELLER RUDMAN & DOWD LLP
DEBRA J. WYMAN (Admitted *pro hac vice*)
JOHN R. RIGBY (Admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
jrigby@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
ROBERT M. ROTHMAN (Admitted *pro hac vice*)
WILLIAM J. GEDDISH (Admitted *pro hac vice*)
FRANCIS P. KARAM (Admitted *pro hac vice*)
MAGDALENE ECONOMOU (Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
wgeddish@rgrdlaw.com
fkaram@rgrdlaw.com
meconomou@rgrdlaw.com

*Co-Lead Counsel for Plaintiff Plumbers and Pipefitters*
*National Pension Fund, Additional Plaintiff Wisconsin*
*Laborers' Pension Fund, and the Class*

- 18 -

LABATON SUCHAROW LLP
JAMES W. JOHNSON (Admitted *pro hac vice*)
MICHAEL H. ROGERS (Admitted *pro hac vice*)
JAMES T. CHRISTIE (Admitted *pro hac vice*)
PHILIP J. LEGGIO (Admitted *pro hac vice*)
140 Broadway
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)
jjohnson@labaton.com
mrogers@labaton.com
jchristie@labaton.com
pleggio@labaton.com

*Co-Lead Counsel for Plaintiff Public Employees'
Retirement System of Mississippi and the Class*

- 19 -

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 29, 2021, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.



*/s/ Steven J. Toll*
STEVEN J. TOLL