# Exhibit 1

EXECUTION VERSION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Richmond Division)

| | | |
|---|---|---|
| In re JELD-WEN HOLDING, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 3:20-cv-00112-JAG |
| This Document Relates To: | ) ) | CLASS ACTION |
| ALL ACTIONS. | ) ) ) ) | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement Agreement") is made and entered into by and between Lead Plaintiffs Public Employees' Retirement System of Mississippi ("MPERS") and the Plumbers and Pipefitters National Pension Fund ("PPNPF," and with MPERS, "Lead Plaintiffs"), and additional plaintiff Wisconsin Laborers' Pension Fund (collectively with Lead Plaintiffs, "Plaintiffs" or "Class Representatives"), on behalf of themselves and all other members of the certified Class (defined below), on the one hand, and defendants JELD-WEN Holding, Inc. ("JELD-WEN" or the "Company"), and Mark A. Beck, L. Brooks Mallard, Kirk S. Hachigian, Gary S. Michel (collectively, the "Individual Defendants" and with JELD-WEN, the "Jeld-Wen Defendants"), and Onex Corporation ("Onex") and its affiliated funds and entities, specifically Onex Partners Manager LP, Onex Partners III LP, Onex Partners III GP LP, Onex US Principals LP,  Onex Partners III PV LP, Onex Partners III Select LP, Onex BP Co-Invest LP, Onex Advisor Subco III

LLC, Onex American Holdings II LLC, OAH Wind LLC, BP EI LLC and BP EI II LLC (together, the "Onex Defendants", and collectively with the Jeld-Wen Defendants, the "Defendants"), on the other, by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the Eastern District of Virginia (the "Court"). This Stipulation is intended by the Parties (defined below) to fully, finally, and forever resolve, discharge, and settle the Released Claims as against the Released Defendant Parties and the Released Defendants' Claims as against the Released Plaintiff Parties (each of these capitalized terms is defined below), upon and subject to the terms and conditions hereof and subject to the Court's approval.

**WHEREAS:**

A.     All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms herein and in ¶1 hereof entitled "Definitions."

B.     On February 19, 2020, a class action complaint was filed in the Court, styled *Cambridge Retirement System v. Jeld-Wen holding Inc., et al.*, No. 3:20-cv-00112.

C.     By Order dated May 8, 2020, the Court ordered that the case be recaptioned as *In re JELD-WEN Holding Inc. Securities Litigation,* Civil Action No. No. 3:20-cv-00112-JAG (the "Action") and that Plaintiffs' counsel notify the Court of any other class actions on behalf of purchasers of JELD-WEN securities arising out of the same or substantially similar subject matter subsequently filed in, or transferred to, the Eastern District of Virginia; appointed MPERS and PPNPF as Lead Plaintiffs; and appointed Labaton Sucharow LLP and Robbins Geller Rudman and Dowd as co-lead counsel for the Class (collectively "Co-Lead Counsel" or "Class Counsel").

D.      On June 22, 2020, Plaintiffs filed and served their Consolidated Class Action Complaint (the "Complaint") asserting claims against the Jeld-Wen Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants and the Onex Defendants under Section 20(a) of the Exchange Act.  Among other things, the Complaint alleges that Defendants made materially false and misleading statements and omissions concerning JELD-WEN's allegedly anticompetitive conduct and financial results in the doorskins and interior molded door markets and the merit of a lawsuit filed against JELD-WEN by an interior door manufacturer.  The Complaint alleges that the price of JELD-WEN publicly traded common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was allegedly revealed.

E.      On July 29, 2020, Defendants filed and served their motions to dismiss the Complaint.  On August 28, 2020, Plaintiffs filed and served their omnibus memorandum of law in opposition to the motions to dismiss and, on September 11, 2020, Defendants filed and served their reply papers.  Oral argument on Defendants' motions to dismiss was held on September 25, 2020, and on October 26, 2020, the Court entered its Opinion and Order denying Defendants' motions in full.  Discovery in the Action commenced promptly after the Court issued the order denying Defendants' motion to dismiss and continued until March 29, 2021.

F.      Before reaching the agreement in principle to settle the Action, Plaintiffs and Defendants conducted extensive class, fact and expert discovery relating to the claims, defenses, and underlying events and transactions that are the subject of the Action.  Plaintiffs, Defendants, and third parties collectively produced over three million pages of documents, and the Parties

- 3 -

took 31 party, non-party, and expert depositions. The Parties also exchanged nine expert reports addressing topics relevant to the claims and defenses asserted in this Action.

G.      During the pendency of discovery, the Parties concurrently briefed Plaintiffs' motion for class certification. On January 18, 2021, Plaintiffs filed their motion to certify the Action as a class action. On February 2, 2021, JELD-WEN Defendants filed their opposition to the motion to certify the Action as a class action, and on February 8, 2021, Plaintiffs filed their reply. A hearing was held on March 4, 2021 and on March 29, 2021, the Court granted Plaintiffs' motion, certifying a Class consisting of all persons and entities that, during the period from January 26, 2017 through October 15, 2018, inclusive, purchased or otherwise acquired shares of the publicly traded common stock of JELD-WEN. The Court also appointed Plaintiffs as "Class Representatives" and Co-Lead Counsel as "Class Counsel."

H.      On April 12, 2021, JELD-WEN Defendants filed a petition with the United States Court of Appeals for the Fourth Circuit, pursuant to Federal Rule of Civil Procedure 23(f), seeking leave to appeal the Court's certification of the Class. That appeal was captioned *In re JELD-WEN Holding, Inc. Securities Litigation*, No. 21-159 (4th Cir.). On April 23, 2021, Plaintiffs filed their opposition to that petition.

I.      Trial of the Action was scheduled by the Court to begin in July of 2021.

J.      On April 20, 2021, Class Counsel and Defendants' Counsel (defined below) participated in a full-day mediation session before Robert Meyer, Esq. of JAMS (the "Mediator"). In advance of that session, the Parties provided detailed mediation statements and exhibits to the Mediator, which addressed issues of both liability and damages. At the end of the mediation, following extensive arm's-length negotiations, as well as additional efforts by the Mediator, the Parties reached an agreement in principle to settle the Action for $40,000,000,

- 4 -

subject to the execution of a customary "long form" stipulation and agreement of settlement and related papers. This Stipulation (together with the exhibits hereto) constitutes the final and binding agreement between the Parties.

K.    Class Representatives believe that the claims and allegations in the Action have merit and that the information developed to date supports the claims and allegations asserted. However, Class Representatives and Class Counsel have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Class Counsel also are mindful of the inherent problems of proof and the defenses to the claims alleged in the Action. Based upon their investigation, prosecution, and mediation of the case, Class Representatives and Class Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Class Representatives and the other members of the Class, and in their best interests. Based on Class Representatives' direct oversight of the prosecution of this matter, and with the advice of their counsel, Class Representatives have agreed to settle, release and dismiss with prejudice all claims asserted in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Class Representatives and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

L.    Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Each Defendant has expressly denied and continues to deny all allegations of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action, including, but not limited to, all contentions

- 5 -

concerning Defendants' business, conduct and public statements, as well as contentions that any such conduct or events constitute wrongdoing or give rise to legal liability.  Defendants also have denied and continue to deny, *inter alia*, the allegations that Class Representatives or Class Members have suffered damages or were otherwise harmed in any way by any of the Defendants or by the conduct alleged in the Action.  Defendants further have asserted and continue to assert that, at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with applicable rules, regulations, and laws.  Nonetheless, Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation to avoid the further expense, inconvenience, and burden of this Action, the distraction and diversion of personnel and resources, and to obtain the conclusive and final dismissal and/or release of this Action, as to them, and the Released Claims.  Further, this Stipulation, whether or not consummated, together with any proceedings related to settlement, whether or not consummated, shall in no event be construed as or deemed to be evidence supporting, or an admission or concession on the part of any Defendant with respect to, any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in any of the defense that any of the Defendants have or could have asserted.  Defendants state that they are entering into this Stipulation (as defined below) solely in order to eliminate the burden, expense, uncertainty, and risk of further litigation, and to avoid the business disruptions associated therewith.

NOW THEREFORE, without any concession by Class Representatives that the Action lacks merit, and without any concession by the Defendants of any liability or wrongdoing or lack of merit in their defenses, it is hereby **STIPULATED AND AGREED**, by and among the parties to this Stipulation (the "Parties" and each, a "Party"), through their respective attorneys,

- 6 -

subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties hereto, all Released Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

<b><u>DEFINITIONS</u></b>

1.  As used in this Stipulation, the following terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)  "Action" or "Litigation" means the civil action captioned *In re JELD-WEN Holding, Inc. Sec. Litig.*, Case No. 3:20-cv-00112-JAG, pending in the United States District Court for the Eastern District of Virginia before the Honorable John A. Gibney, Jr., United States District Judge.

(b)  "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of Judgment provided for in this Stipulation and where none of the Parties hereto elects to terminate this Settlement by reason of such variance.

(c)  "Authorized Claimant" means a Class Member who submits a valid Proof of Claim to the Claims Administrator that is accepted for payment.

(d)  "Claims Administrator" means the firm to be retained by Class Counsel, subject to Court approval, to provide all notices approved by the Court to Class Members, to process Proofs of Claim, and to administer the Settlement.

(e)    "Class" or "Class Member" means all persons and entities who or which, during the period from January 26, 2017 through October 15, 2018, inclusive, purchased the publicly traded common stock of JELD-WEN Holding, Inc.  Excluded from the Class are: (1) the Defendants; (2) members of the immediate family of any Defendant who is an individual; (3) any person who was an officer or director of JELD-WEN, Onex, or any Onex affiliated fund during the Class Period; (4) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (5) JELD-WEN's or Onex's employee retirement and benefit plan(s), if any, and their participants or beneficiaries, to the extent they made purchases through such plan(s); (6) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity; and (7) those who timely and validly request exclusion from the Class in accordance with the requirements set forth in the Notice, or who are otherwise excluded by the Court.

(f)    "Class Counsel" means Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP.

(g)    "Class Period" means the period from January 26, 2017 through October 15, 2018, inclusive.

(h)    "Court" means the United States District Court for the Eastern District of Virginia.

(i)    "Defendants" means JELD-WEN Holding, Inc., Mark A. Beck, L. Brooks Mallard, Kirk S. Hachigian, Gary S. Michel, and Onex Corporation and its affiliated funds and entities, specifically Onex Partners Manager LP, Onex Partners III LP, Onex Partners III GP LP, Onex US Principals LP,  Onex Partners III PV LP, Onex Partners III Select LP, Onex BP Co-

- 8 -

Invest LP, Onex Advisor Subco III LLC, Onex American Holdings II LLC, OAH Wind LLC, BP EI LLC and BP EI II LLC.

(j)     "Defendants' Counsel" means the law firms of Kirkland & Ellis LLP, McGuireWoods LLP, Christian & Barton LLP, and Fried, Frank, Harris, Shriver & Jacobson LLP.

(k)     "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶37 below.

(l)     "Escrow Account" means the separate escrow account at Citibank, N.A. (Private Bank) that is established to receive the Settlement Amount for the benefit of the Class pursuant to this Stipulation and subject to the jurisdiction of the Court.

(m)     "Escrow Agent" means Labaton Sucharow LLP, Robbins Geller Rudman & Dowd LLP, and their respective successor(s).

(n)     "Fee and Expense Application" means Class Counsel's application, on behalf of all Plaintiffs' Counsel (defined below), for an award of attorneys' fees and payment of litigation expenses incurred in prosecuting the case, including any award to Class Representatives pursuant to 15 U.S.C. § 78u-4(a)(4) of the Private Securities Litigation Reform Act of 1995.

(o)     "Final," with respect to a court order, including the proposed Judgment or Alternative Judgment, means the later of: (i) if there is an appeal from a court order, the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration, or a petition for a *writ of certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on *certiorari*

to review the order; (iii) the expiration of the time to file a motion to alter or amend the Judgment or Alternative Judgment under Federal Rule of Civil Procedure 59(e); (iv) if there is a motion to alter or amend the Judgment or Alternative Judgment under Federal Rule of Civil Procedure 59(e), the determination of that motion, and the resolution of any appeal of that determination in accordance with subparagraphs (i), (ii), or (v) of this Paragraph; or (v) the expiration of the time for the filing or noticing of any appeal or petition for *certiorari* from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation, or to the Court's award of attorneys' fees or expenses to Plaintiffs' Counsel, shall not in any way delay or affect the time set forth above for the Judgment or Alternative Judgment to become Final or otherwise preclude the Judgment or Alternative Judgment from becoming Final.

(p)    "Individual Defendants" means Mark A. Beck, L. Brooks Mallard, Kirk S. Hachigian, and Gary S. Michel.

(q)    "Judgment" means the proposed judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

(r)    "Lead Plaintiffs" means Public Employees' Retirement System of Mississippi and the Plumbers and Pipefitters National Pension Fund.

(s)    "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses to Plaintiffs' Counsel; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court.

(t)    "Notice" means the long-form Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses to be sent to Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

(u)    "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

(v)    "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(w)    "Plaintiffs' Counsel" means Labaton Sucharow LLP, Robbins Geller Rudman & Dowd LLP, Cohen Milstein Sellers & Toll LLP, O'Donoghue & O'Donoghue LLP, Phelan Petty, and Neville Law LLC.

(x)    "Plan of Allocation" means the proposed Plan of Allocation for the distribution of the Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Notice.

- 11 -

(y)     "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

(z)     "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit A-2.

(aa)     "Released Claims" means any and all claims, rights, liabilities, suits, debts, obligations, demands, damages, losses, judgments, matters, issues, including both known claims and Unknown Claims (as defined below), and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, direct or indirect, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, and whether class and/or individual in nature, concerning, based on, arising out of, or in connection with both: (i) the purchase, or other acquisition of, JELD-WEN publicly traded common stock by Plaintiffs or any other Class Member during the period from January 26, 2017 through October 15, 2018, inclusive; and (ii) the allegations, transactions, acts, facts, matters, occurrences, disclosures, statements, filings, representations, omissions, or events that were or could have been alleged or asserted in the Action.  Released Claims do not include: (1) claims to enforce the Settlement; (2) claims asserted in any actions arising under The Employee Retirement Income Security Act of 1974 pending, or the subject of an appeal, as of the date of disclosure of the Settlement; or (3) claims asserted in any purported derivative actions pending, or the subject of an appeal, as of the date of disclosure of the Settlement.

(bb)    "Released Defendant Parties" means Defendants and each of their respective predecessors, successors, parent corporations, sister corporations, past, present, or future subsidiaries, affiliates, principals, assigns, assignors, legatees, devisees, executors, administrators, estates, heirs, spouses, immediate family members, receivers and trustees, settlors, beneficiaries, officers, directors, members, shareholders, employees, independent contractors, servants, agents, partners, insurers, reinsurers, representatives, attorneys, legal representatives, auditors, accountants, and successors-in-interest, in their capacities as such.

(cc)    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action. Released Defendants' Claims do not include: (1) claims to enforce the Settlement; (2) Defendants' claims against their insurers, if any; (3) claims asserted in any actions arising under The Employee Retirement Income Security Act of 1974 pending, or the subject of an appeal, as of the date of disclosure of the Settlement; (4) claims asserted in any purported derivative actions pending, or the subject of an appeal, as of the date of disclosure of the Settlement; or (5) claims asserted in the pending matters captioned *In re Interior Molded Doors Antitrust Litigation*, 3:18-cv-00718-JAG (E.D. Va.) and/or *In re Interior Molded Doors Indirect Purchaser Antitrust Litigation*, 3:18-cv-00850-JAG (E.D. Va.).

(dd)    "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

- 13 -

(ee)    "Released Plaintiff Parties" means each and every Class Member, Class Representatives, Plaintiffs' Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, immediate family members, representatives, and heirs of any Released Plaintiff Party who is an individual, in their capacities as such, as well as any trust of which any Released Plaintiff Party is the settlor or that is for the benefit of any of their immediate family members.  Released Plaintiff Parties does not include any Person excluded from the definition of Class or Class Member, including any Person who timely and validly seeks exclusion from the Class.

(ff)    "Releasing Defendants" means each and all of the following: Defendants; their respective current and former direct and indirect parents, owners, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and shareholders, in their capacities as such; their respective current and former officers, directors, principals, partners, members, heirs, trustees, estates, administrators, attorneys, legal representatives, agents, and employees of each of the foregoing, in their capacities as such; and assignees of any claim that is a Released Defendants' Claim.

(gg)    "Releasing Plaintiffs" means each and all of the following: Class Representatives and the other Class Members; their respective current and former direct and indirect parents, owners, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and shareholders, in their capacities as such; their respective current and former officers, directors, principals, partners, members, heirs, trustees, estates, administrators, attorneys, legal representatives, agents, and employees of each of the foregoing, in their capacities as such; and

- 14 -

assignees of any claim that is a Released Claim.  Releasing Plaintiffs does not include any

Person excluded from the definition of the Class, including any Person who timely and validly

seeks exclusion from the Class.

(hh)    "Settlement" means the resolution of the Action in accordance with the

terms and provisions of this Stipulation.

(ii)    "Settlement Amount" means the total principal amount of forty million

U.S. dollars ($40,000,000) in cash.

(jj)    "Settlement Fund" means the Settlement Amount and any interest or

income earned thereon.

(kk)    "Settlement Hearing" means the hearing to be held by the Court to

determine, *inter alia*, whether the proposed Settlement is fair, reasonable, and adequate and

should be approved.

(ll)    "Stipulation" means this Stipulation and Agreement of Settlement.

(mm)   "Summary Notice" means the Summary Notice of Pendency and Proposed

Settlement of Class Action and Motion for Attorneys' Fees and Expenses for publication, which,

subject to approval of the Court, shall be substantially in the form attached as Exhibit A-3.

(nn)    "Taxes" means all federal, state, or local taxes of any kind on any income

earned by the Settlement Fund and the expenses and costs incurred in connection with the

taxation of the Settlement Fund (including, without limitation, interest, penalties and the

reasonable expenses of tax attorneys and accountants).

(oo)    "Unknown Claims" means any and all Released Claims that Class

Representatives or any other Releasing Plaintiff do not know or suspect to exist in his, her, or its

favor at the time of the release of the Released Defendant Parties, and any and all Released

- 15 -

Defendants' Claims that any Defendant or any other Releasing Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Class Representatives and Defendants shall expressly, and each Releasing Plaintiff and Releasing Defendant shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Class Representatives, other Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows, suspects, or believes to be true with respect to the Action, the Released Claims, or the Released Defendants' Claims, but Class Representatives and Defendants shall expressly, fully, finally, and forever settle and release, and each Releasing Plaintiff and Releasing Defendant shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable,

- 16 -

without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Class Representatives and Defendants acknowledge, and all Releasing Plaintiff and Releasing Defendant by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

<strong><u>SCOPE AND EFFECT OF SETTLEMENT</u></strong>

2.     The obligations incurred pursuant to this Stipulation are (a) subject to approval by the Court and the Judgment, or Alternative Judgment, reflecting such approval becoming Final; and (b) in full and final disposition of the Action with respect to the Released Parties and any and all Released Claims and Released Defendants' Claims.

3.     By operation of the Judgment or Alternative Judgment, as of the Effective Date, each of the Class Representatives shall have, and each of the other Releasing Plaintiffs shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Claims against each of the Released Defendant Parties, and shall forever be barred and enjoined from prosecuting any and all of the Released Claims against any of the Released Defendant Parties, whether or not such Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

4.     By operation of the Judgment or Alternative Judgment, as of the Effective Date, each of the Defendants shall have, and each of the other Releasing Defendants shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Defendants' Claims against each of the Released Plaintiff Parties, and shall forever be barred and enjoined from

- 17 -

prosecuting any and all of the Released Defendants' Claims against any of the Released Plaintiff Parties.  Claims to enforce the terms of the Stipulation are not released.

## THE SETTLEMENT CONSIDERATION

5.       In full settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified in ¶¶3-4, above, all of which the Parties agree are good and valuable consideration, Defendants shall pay, or cause to be paid, the Settlement Amount, comprised of $39,500,000 to be paid by the Jeld-Wen Defendants and $500,000 to be paid by Onex, into the Escrow Account within fifteen (15) business days of the later of: (a) the Court's preliminary approval of the Settlement; and (b) Class Counsel's provision to Defendants' Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including, but not limited to, verifiable wire transfer instructions and a Form W-9 for the Settlement Fund.  In the event either the Jeld-Wen Defendants or Onex fail to cause the payment of their respective portions of the Settlement Amount, as provided for in this Paragraph, and do not cure that failure within two (2) business days, Class Representatives shall have the right to terminate and cancel the Settlement on behalf of themselves and the Class, as set forth below in ¶41, as to the Jeld-Wen and/or Onex Defendant(s) that failed to cause the payment of their respective portions of the Settlement Amount, as the case may be.

6.       Class Representatives and each of the Class Members shall look solely to the Settlement Fund as satisfaction of all claims that are released hereunder.  With the sole exception of Defendants' obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in ¶5, and Defendants' obligations under ¶¶20 and 35, Defendants and Defendants' Counsel shall have no obligation to pay any additional amounts, nor any responsibility for, interest in, or liability whatsoever with respect to: (i) fees, expenses, costs, Taxes, liability or damages whatsoever alleged or incurred by Class Representatives or any Class

Member, or by any of their attorneys, experts, advisors, agents or representatives with respect to the Action and Released Claims; (ii) any act, omission, or determination by Class Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (iii) the management, investment, distribution, or allocation of the Settlement Fund; (iv) the Plan of Allocation; (v) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (vi) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vii) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local tax returns.

7.      Other than the obligation of Defendants to cause the payment of their respective shares of the Settlement Amount pursuant to ¶5, Defendants shall have no obligation to make or cause to be made any other payments into the Escrow Account or to any Class Member or Plaintiffs' Counsel in settlement of the Action or pursuant to this Stipulation.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

8.      The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses of Plaintiffs' Counsel awarded by the Court and any awards to Class Representatives; (iv) to pay any other fees and expenses awarded by the Court; and (v) to pay the claims of Authorized Claimants.  The Escrow Agent shall not disburse the Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon Order of the Court.

9.      The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶21-33 hereof.  The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held in the Escrow Account, and all interest and earnings thereon,

- 19 -

shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court.  The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance. Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent.  All investment risks of the Settlement Fund shall be borne solely by the Settlement Fund.

10.      After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Fund being a "qualified settlement fund" within the meaning of Treasury Regulation §1.468B-1.  In addition, the Escrow Agent shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this ¶10, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur.  Consistent with the foregoing:

(a)      For the purposes of Section 468B of the Internal Revenue Code of 1986,

- 20 -

as amended, and Treas. Reg. §1.468B promulgated thereunder, the "administrator" shall be the

Escrow Agent or its successors, who shall timely and properly file, or cause to be filed, all

federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or

advisable with respect to the earnings on the funds deposited in the Escrow Account (including

without limitation the returns described in Treas. Reg. § 1.468B-2(k)).  Such Tax Returns (as

well as the election described above) shall be consistent with this subparagraph and in all events

shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income

earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided

in subparagraph (c) of this ¶10.

(b)     All Taxes shall be paid out of the Settlement Fund.  In all events,

Defendants and Defendants' Counsel shall have no liability or responsibility whatsoever for the

Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or

any other state or local taxing authority or any expenses associated therewith.  Defendants shall

have no liability or responsibility for the Taxes of the Escrow Account with respect to the

Settlement Amount nor the filing of any Tax Returns or other documents with the Internal

Revenue Service or any other taxing authority.  In the event any Taxes are owed by any of the

Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall

also be paid out of the Settlement Fund.

(c)     Taxes with respect to the Settlement Fund and the Escrow Account shall

be treated as, and considered to be, a cost of administration of the Settlement and shall be timely

paid, or caused to be paid, by the Escrow Agent out of the Settlement Fund without prior order

from the Court or approval by Defendants.  The Escrow Agent shall be obligated

(notwithstanding anything herein to the contrary) to withhold from distribution to Authorized

- 21 -

Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)). The Parties agree to cooperate with each other, and their tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this ¶10.

11. This is not a claims-made settlement. As of the Effective Date, Defendants, and/or any other Person funding the Settlement on a Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

**ATTORNEYS' FEES AND EXPENSES**

12. Class Counsel, on behalf of all Plaintiffs' Counsel, will apply to the Court for an award from the Settlement Fund of attorneys' fees and payment of expenses incurred in prosecuting the Action, including any earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund.

13. Any attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund to Class Counsel immediately after entry of the order awarding such attorneys' fees and expenses and entry of the Judgment or Alternative Judgment, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof. Class Counsel shall allocate any Court-awarded attorneys' fees and expenses among Plaintiffs' Counsel.

14. Any payment of attorneys' fees and expenses pursuant to ¶¶12-13 above shall be subject to Class Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same rate as is earned by the Settlement Fund, if any, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or

- 22 -

successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order.  Class Counsel shall make the appropriate refund or repayment no later than thirty (30) calendar days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.

15. With the sole exception of Defendants' obligation to cause the payment of the Settlement Amount into the Escrow Account as provided for in ¶5, Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Plaintiffs' Counsel in the Action that may occur at any time.

16. Defendants shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses among Plaintiffs' Counsel in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

17. Defendants shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Class Members, whether or not paid from the Escrow Account.  The Settlement Fund will be the sole source of payment from Defendants for any award of attorneys' fees and expenses ordered by the Court.

18. The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Class Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel

- 23 -

the Stipulation, or affect or delay the finality of the Judgment or Alternative Judgment approving the Stipulation and the Settlement set forth herein, including, but not limited to, the release, discharge, and relinquishment of the Released Claims against the Released Defendant Parties, or any other orders entered pursuant to the Stipulation.  Class Representatives and Class Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶38 or otherwise based on any objection or appeal with respect to fees or expenses awarded in the Action or the Court's or an appellate court's ruling with respect to fees and expenses awarded in the Action.

## NOTICE AND ADMINISTRATION EXPENSES

19.     Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

20.     Prior to the Effective Date, and after the Court enters the Preliminary Approval Order, without further approval from Defendants or further order of the Court, Class Counsel may pay from the Settlement Fund reasonable Notice and Administration Expenses actually incurred.  Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without approval of Defendants or further order of the Court.  After the Effective Date of the Settlement, without further approval of Defendants or further order of the Court, Notice and Administration Expenses may be paid as incurred.  Defendants shall have no responsibility for, and no liability whatsoever with respect to, notice to the Class or any Notice and Administrative Expenses, except that Defendants shall be responsible for providing any required notice under the Class Action Fairness Act of 2005 ("CAFA"), if any, at their own expense.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

21.     The Claims Administrator, subject to such supervision and direction of Class

Counsel and/or the Court as may be necessary or as circumstances may require, shall administer the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court. Defendants and Defendants' Counsel shall have no responsibility for (except as stated in ¶¶5 and 35 hereof), interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability to the Class in connection with such administration.

22.    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

23.    Defendants have no role in the development of, and will take no position with respect to, the Plan of Allocation. The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court. Class Representatives and Class Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶38 or otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action. Defendants and Defendants' Counsel shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

24.    Upon the Effective Date and thereafter, and in accordance with the terms of the

- 25 -

Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

25.     If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after a reasonable amount of time from the date of initial distribution of the Net Settlement Fund, and after payment of outstanding Notice and Administration Expenses, Taxes, attorneys' fees and expenses, and any awards to Class Representatives, the Claims Administrator shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  Thereafter, any *de minimis* balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses and any awards to Class Representatives, shall be donated to the Virginia Health Care Foundation and Central Virginia Legal Aid Society, or a non-profit and non-sectarian organization(s) chosen by the Court.

## ADMINISTRATION OF THE SETTLEMENT

26.     Any Class Member who fails to submit a valid Proof of Claim (substantially in the form of Exhibit A-2) will not be entitled to receive any of the proceeds from the Net Settlement Fund, except as otherwise ordered by the Court, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and all releases provided for herein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

27.     Class Counsel shall be responsible for supervising the administration of the

- 26 -

Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Class Counsel shall have the discretion, but not the obligation, to advise the Claims Administrator to waive what Class Counsel deem to be *de minimis* or formal or technical defects in any Proof of Claim submitted, or to accept untimely claims if distribution of the Net Settlement Fund will not be materially delayed thereby. Class Counsel shall bear no responsibility for the exercise or non-exercise of this discretion. Defendants and Defendants' Counsel shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging claims. Class Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

28.     For purposes of determining the extent, if any, to which a claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each claimant shall be required to submit a Proof of Claim, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem acceptable;

(b)     All Proofs of Claim must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the notices, unless such deadline is extended by Class Counsel in their discretion or by Order of the Court. Any Class Member who fails to submit a Proof of Claim by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Class Counsel, late-filed Proofs of Claim are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment and all releases provided for herein, and will be

permanently barred and enjoined from bringing any action, claim or other proceeding of any kind asserting any Released Claim against any Released Defendant Party. A Proof of Claim shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Class Counsel, which shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d)     Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under supervision of Class Counsel, shall notify, in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any claimant whose timely claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim

- 28 -

cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

29.     Each claimant who submits a Proof of Claim shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including but not limited to, all releases provided for herein and in the Judgment or Alternative Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of the claimant's claim.  In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Action or the Settlement.

30.     Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all claimants.  All Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and the releases provided for herein and therein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

31.     All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment or Alternative Judgment.

32.     No Person shall have any claim of any kind against the Released Defendant Parties or Defendants' Counsel with respect to the matters set forth in this section (*i.e.*, ¶¶26-33)

or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

33.    No Person shall have any claim against Class Representatives, Plaintiffs' Counsel, or the Claims Administrator, or other agent designated by Class Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

34.    Concurrently with their application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, Class Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A.  The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Class.

35.    JELD-WEN shall provide to Class Counsel or the Claims Administrator, at no cost to Class Representatives or the Class, within fourteen (14) business days of execution of this Stipulation, its transfer records in electronic searchable form (such as Excel) of the names and addresses of Persons who purchased JELD-WEN's common stock during the Class Period.

## TERMS OF THE JUDGMENT

36.    If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel and Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT

37.    The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)     entry of the Preliminary Approval Order;

(b)     payment of the Settlement Amount into the Escrow Account;

(c)     Defendants have not exercised their option to terminate the Settlement under ¶¶38-39;

(d)     approval by the Court of the Settlement, following notice to the Class, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(e)     a Judgment, substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final; or in the event that an Alternative Judgment has been entered, the Alternative Judgment has become Final.

## WAIVER OR TERMINATION

38.     Defendants and Class Representatives shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties hereto within fourteen (14) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's Final refusal to approve this Stipulation or any material part of it; (iii) the Court's Final refusal to enter (a) the Judgment in any material respect or (b) an Alternative Judgment that is acceptable to the Parties; or (iv) the date upon which the Judgment or Alternative Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals, or the Supreme Court of the United States.  For the avoidance of doubt, Class Representatives shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application or any plan of allocation.

39.     In addition to the foregoing, Defendants shall also have the right to withdraw from the Settlement in the event the Termination Threshold (defined below) has been reached.

- 31 -

(a)     Simultaneously herewith, Defendants' Counsel and Class Counsel are executing a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement").  The Supplemental Agreement sets forth certain conditions under which JELD-WEN shall have the right, which must be exercised collectively, to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Class exceed certain agreed-upon criteria (the "Termination Threshold").  The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Termination Threshold submitted to the Court *in camera* or under seal.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶45-47 which shall continue to apply.

40.     The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Upon receiving any request for exclusion, Class Counsel shall promptly, and certainly no later than five (5) calendar days after receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify Defendants' Counsel of such request for exclusion and provide copies of such request for exclusion and any documentation accompanying it by email.

41.     In addition to all of the rights and remedies that Class Representatives have under the terms of this Stipulation, Class Representatives shall also have the right to terminate the

- 32 -

Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶ 5 above, but only if Class Representatives have first provided written notice of the election to terminate to all other Parties and, thereafter, there is a failure to pay the Settlement Amount within two (2) business days of such written notice.

43. Defendants respectively warrant, as to themselves and the payments made on their respective behalves, that, at the time of such payment, each, respectively, will not be insolvent, nor will payment render each insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof.

43. If, before the Settlement becomes Final, (i) any of the Defendants files for protection under the Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, or any similar law; and (ii) a court of competent jurisdiction enters a final order determining that the transfer of money or any portion thereof to the Settlement Fund by or on behalf of said Defendant was a preference, voidable transfer, fraudulent transfer, or similar transaction; and (iii) any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Class Representatives, the Parties shall jointly move the Court to vacate and set aside the releases given and the Judgment or Alternative Judgment entered in favor of the Defendants and the Parties shall be restored to their litigation positions on April 19, 2021.

44. If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶38-43 above: (i) neither Defendants nor Class Representatives (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants or Class Representatives, as applicable.

- 33 -

45.     With the exception of the provisions of this paragraph and ¶46 which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action on April 19, 2021; and, except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any related order had not been entered.  In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Class Representatives, in any court filing, deposition, at trial, or otherwise.

46.     In the event the Settlement is terminated or fails to become effective for any reason, any portion of the Settlement Amount previously paid and any attorneys' fees and expenses that have been advanced or paid to Plaintiffs' Counsel in accordance with ¶¶12-14, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to those who funded the Settlement Amount within thirty (30) calendar days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Class Counsel.  At the request of Defendants' Counsel, the Escrow Agent or its designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to the Person(s) that made the deposits or as otherwise directed.

**<u>NO ADMISSION</u>**

47.     Except as set forth in ¶48 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or

agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)      do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Released Defendant Parties with respect to the truth of any allegation by Class Representatives and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever, or of any infirmity in any of the Defendants' defenses;

(b)      do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants, or against or to the prejudice of Class Representatives, or any other member of the Class, as evidence of any infirmity in the claims of Class Representatives, or the other members of the Class;

(c)      do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Class Representatives, any other member of the Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants

- 35 -

or the Released Defendant Parties, Class Representatives, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)    do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Class Representatives, or any other member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Class Representatives, or any other member of the Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

48.    Notwithstanding ¶47 above, the Parties, and their respective counsel, may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy.  The Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative Judgment.  All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

49.     All of the exhibits to the Stipulation, except any plan of allocation to the extent incorporated in those exhibits, and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

50.     The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Claims and Released Defendants' Claims.  Accordingly, the Parties agree not to make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action.  The Parties agree that the amount paid and the other terms of the Settlement, with the help of a mediator, were negotiated at arm's-length and in good faith by the Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

51.     This Stipulation, along with its exhibits and the Supplemental Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by counsel for the Parties hereto, or their successors.

52.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

53.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses, and implementing and enforcing the terms of this Stipulation.

54.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party, or a waiver by any Party of any other prior or subsequent breach of this Stipulation.

55. This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement as against the Defendants, and no representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

56. Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

57. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

58. All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.

59. This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or via email in pdf format shall be deemed originals.

60. This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment or Alternative Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

61. This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties and the Released Parties.

62. The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of Delaware without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

63.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

64.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

65.    The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement and Class Counsel's Fee and Expense Application, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

66.    Except as otherwise provided herein, each Party shall bear its own costs.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of June 4, 2021.

**LABATON SUCHAROW LLP**

By: _____
James W. Johnson
Michael H. Rogers
James T. Christie
140 Broadway

- 39 -

New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
jjohnson@labaton.com
mrogers@labaton.com
jchristie@labaton.com

*Counsel for Class Representative Public Employees'*
*Retirement System of Mississippi and for the Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**

By: _____

Robert M. Rothman
Mark T. Millkey
William J. Geddish
58 South Service Road, Suite 200
Melville, NY 11747
New York, New York 10006
Telephone: (212) 363-7500
rrothman@rgrdlaw.com
mmillkey@rgrdlaw.com
wgeddish@rgrdlaw.com

Debra J. Wyman
Theodore Pintar
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
debraw@rgrdlaw.com
tedp@rgrdlaw.com

*Counsel for Class Representatives Plumbers and*
*Pipefitters National Pension Fund and Wisconsin*
*Laborers' Pension Fund and for the Class*

- 40 -

**MCGUIREWOODS LLP**

By: _____

Brian C. Riopelle
Brian E. Pumphrey
Brian D. Schmalzbach
Garrett H. Hooe
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-7745
briopelle@mcguirewoods.com
bpumphrey@mcguirewoods.com
bschmalzbach@mcguirewoods.com
ghooe@mcguirewoods.com

*Counsel for JELD-WEN Holding, Inc. Mark A. Beck, L.
Brooks Mallard, Kirk S. Hachigian, and Gary S. Michel*

**KIRKLAND & ELLIS LLP**

By: _____

Sandra C. Goldstein, P.C.
Rachel M. Fritzler
Lindsey Weiss Harris
Jacob M. Rae
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
sandra.goldstein@kirkland.com
rachel.fritzler@kirkland.com
lindsey.harris@kirkland.com
jacob.rae@kirkland.com

*Counsel for JELD-WEN Holding, Inc. Mark A. Beck, L.
Brooks Mallard, Kirk S. Hachigian, and Gary S. Michel*

- 41 -

**CHRISTIAN & BARTON LLP**

By: _Warren D. Harless_

Warren David Harless
Roman Lifson
Shannan M. Fitzgerald
909 E. Main St.
Richmond, VA 23219
Telephone: (804) 697-4158
wharless@cblaw.com
rlifson@cblaw.com
sfitzgerald@cblaw.com

*Counsel for Onex Corporation, Onex Partners Manager LP, Onex Partners III LP, Onex Partners III GP LP, Onex US Principals LP, Onex Partners III PV LP, Onex Partners III Select LP, Onex BP Co-Invest LP, Onex Advisor Subco III LLC, Onex American Holdings II LLC, OAH Wind LLC, BP EI LLC, and BP EI II LLC*

**FRIED FRANK HARRIS SHRIVER
& JACOBSON LLP**

By:_____

Peter L. Simmons
Michael C. Keats
1 New York Plaza
New York, NY 10004
Telephone: (212) 859-8455
peter.simmons@friedfrank.com
michael.keats@friedfrank.com

*Counsel for Onex Corporation, Onex Partners Manager LP, Onex Partners III LP, Onex Partners III GP LP, Onex US Principals LP, Onex Partners III PV LP, Onex Partners III Select LP, Onex BP Co-Invest LP, Onex Advisor Subco III LLC, Onex American Holdings II LLC, OAH Wind LLC, BP EI LLC, and BP EI II LLC*

**CHRISTIAN & BARTON LLP**


By:_____
Warren David Harless
Roman Lifson
Shannan M. Fitzgerald
909 E. Main St.
Richmond, VA 23219
Telephone: (804) 697-4158
wharless@cblaw.com
rlifson@cblaw.com
sfitzgerald@cblaw.com

*Counsel for Onex Corporation, Onex Partners Manager LP, Onex Partners III LP, Onex Partners III GP LP, Onex US Principals LP, Onex Partners III PV LP, Onex Partners III Select LP, Onex BP Co-Invest LP, Onex Advisor Subco III LLC, Onex American Holdings II LLC, OAH Wind LLC, BP EI LLC, and BP EI II LLC*


**FRIED FRANK HARRIS SHRIVER & JACOBSON LLP**


By:_____
Peter L. Simmons
Michael C. Keats
1 New York Plaza
New York, NY 10004
Telephone: (212) 859-8455
peter.simmons@friedfrank.com
michael.keats@friedfrank.com

*Counsel for Onex Corporation, Onex Partners Manager LP, Onex Partners III LP, Onex Partners III GP LP, Onex US Principals LP, Onex Partners III PV LP, Onex Partners III Select LP, Onex BP Co-Invest LP, Onex Advisor Subco III LLC, Onex American Holdings II LLC, OAH Wind LLC, BP EI LLC, and BP EI II LLC*

- 42 -

# Exhibit A

EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Richmond Division)

|  |  |  |
|---|---|---|
| In re JELD-WEN HOLDING, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 3:20-cv-00112-JAG |
|  | ) | CLASS ACTION |
| This Document Relates To: | ) ) |  |
| ALL ACTIONS. | ) ) ) |  |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

WHEREAS, as of June 4, 2021, Class Representatives Public Employees' Retirement System of Mississippi, the Plumbers and Pipefitters National Pension Fund, and Wisconsin Laborers' Pension Fund (collectively, "Class Representatives"), on behalf of themselves and all other members of the certified Class (defined below), on the one hand, and defendants JELD-WEN Holding, Inc. ("JELD-WEN" or the "Company"), and Mark A. Beck, L. Brooks Mallard, Kirk S. Hachigian, Gary S. Michel (collectively with JELD-WEN, the "Jeld-Wen Defendants"), and Onex Corporation ("Onex") and its affiliated funds and entities, specifically Onex Partners Manager LP, Onex Partners III LP, Onex Partners III GP LP, Onex US Principals LP, Onex Partners III PV LP, Onex Partners III Select LP, Onex BP Co-Invest LP, Onex Advisor Subco III LLC, Onex American Holdings II LLC, OAH Wind LLC, BP EI LLC and BP EI II LLC (together, the "Onex Defendants", and collectively with the Jeld-Wen Defendants, the "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the

"Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Consolidated Class Action Complaint, filed on June 22, 2020, on the merits and with prejudice (the "Settlement"); and

WHEREAS, the Court has reviewed and considered the Stipulation and the accompanying exhibits; and

WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2021, that:

1.      The Court has reviewed the Stipulation and preliminarily finds, pursuant to Fed. R. Civ. P. 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, by order dated March 29, 2021, the Court previously certified a class of:  all persons and entities who or which, during the period from January 26, 2017 through October 15, 2018, inclusive, (the "Class Period") purchased the publicly traded common stock of JELD-WEN Holding, Inc. (the "Class").  Excluded from the Class are: (1) the Defendants; (2) members of the immediate family of any Defendant who is an individual; (3) any person who was an officer or director of JELD-WEN, Onex, or any Onex affiliated fund during the Class Period; (4) any firm, trust, corporation,

2

or other entity in which any Defendant has or had a controlling interest; (5) JELD-WEN's or

Onex's employee retirement and benefit plan(s), if any, and their participants or beneficiaries, to

the extent they made purchases through such plan(s); and (6) the legal representatives, affiliates,

heirs, successors-in-interest, or assigns of any such excluded person or entity.  Also excluded

from the Class will be any Person who would otherwise be a member of the Class and who

timely and validly submits a request for exclusion in accordance with the requirements set forth

below and in the Notice.

3.        Also by the order dated March 29, 2021, the Court previously appointed Public

Employees' Retirement System of Mississippi, the Plumbers and Pipefitters National Pension

Fund, and Wisconsin Laborers' Pension Fund as Class Representatives, the law firms of Robbins

Geller Rudman & Dowd LLP and Labaton Sucharow LLP as Class Counsel, and the law firm of

Cohen Milstein Sellers & Toll LLP as Liaison Counsel.

4.        A hearing (the "Settlement Hearing"), pursuant to Rule 23(e) of the Federal Rules

of Civil Procedure, is hereby scheduled to be held before the Court, either in-person or remotely

at the Court's discretion, at the United States District Court, Eastern District of Virginia

(Richmond Division), Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal

Courthouse, 701 East Broad Street, Richmond, VA 23219, in Courtroom _____, on

_____, 2021, at _____ _.m. for the following purposes:

(a)        to determine whether the proposed Settlement is fair, reasonable and

adequate, and should be approved by the Court;

(b)        to determine whether the proposed Final Order and Judgment Approving

Settlement ("Judgment"), as provided for under the Stipulation should be entered, and to

determine whether the release by the Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)     to consider Class Counsel's application for an award of attorneys' fees and expenses (which may include an application for awards to Class Representatives for reimbursement of their reasonable costs and expenses directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(e)     to rule upon such other matters as the Court may deem appropriate.

5.      The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it will approve the proposed Plan of Allocation or award attorneys' fees and expenses.  The Court may also adjourn or continue the Settlement Hearing or modify any of the dates herein without further individual notice to members of the Class.

6.      The Court approves the form, substance and requirements of the Notice of Pendency and  Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Proof of Claim," and together with the Notice, the "Notice Packet"), substantially in the forms annexed hereto as Exhibits 1 and 2.

7.      The Court approves the retention of Epiq  Class  Action and Claims Solutions ("Epiq") as the Claims Administrator.  The Claims Administrator shall cause the Notice Packet to be mailed, by first-class mail, postage prepaid, on or before fourteen (14) business days after

4

entry of this Preliminary Approval Order ("Notice Date"), to all Class Members who can be identified with reasonable effort.

8.    JELD-WEN, to the extent it has not already done so, shall use its best efforts to obtain and provide to Class Counsel, or the Claims Administrator, its transfer records in electronic searchable form containing the names and addresses of purchasers of JELD-WEN publicly traded common stock during the Class Period, no later than ten (10) calendar days after entry of this Preliminary Approval Order.

9.    The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased the publicly traded common stock of JELD-WEN during the Class Period as record owners but not as beneficial owners.

(a)    Such nominees SHALL EITHER: (i) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Notices Packets from the Claims Administrator forward them to all such beneficial owners; or (ii) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send Notice Packets promptly to such identified beneficial owners.

(b)    Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available, so that the Claims Administrator may also email the Notice Packets.

5

(c)        Nominees who elect to send Notice Packets to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.

(d)        Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred in connection with complying with the above requirements by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  The Claims Administrator shall, if requested, reimburse nominees out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such notices, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

10.        Contemporaneously with the mailing of the Notice Packets, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded.  Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of dissemination of the Notice and Proof of Claim.

11.        The Court approves the form of the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Class Counsel shall cause the Summary Notice to be published once in *The Wall Street Journal* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12.     The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Proof of Claim, no later than ninety (90) calendar days after the Notice Date.  Such deadline may be further extended by Court order or by Class Counsel in their discretion.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Proof of Claim.  Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by ¶15 of this order.

7

(b)      The Proof of Claim submitted by each claimant must satisfy the following conditions, unless otherwise allowed, pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Class Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his or her current authority to act on behalf of the claimant must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)      As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.      Any Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Class Member does not enter an appearance, he, she or it will be represented by Class Counsel.

15.      Class Members shall be bound by all orders, determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A putative Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the Claims Administrator at the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such

8

request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Class in *In re JELD-WEN Holding Inc. Securities Litigation,* Civil Action No. No. 3:20-cv-00112-JAG (E.D.Va.)" and must be signed by such Person.  Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases and sales of shares of JELD-WEN common stock during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.     Class Members requesting exclusion from the Class shall not be eligible to receive any payment out of the Net Settlement Fund.

17.     The Court will consider any Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Class Counsel: James W. Johnson, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; Robert M. Rothman, Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747; Jeld-Wen Defendants' Counsel: Lindsey Weiss Harris, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022; and Onex Defendants' Counsel: Peter Simmons, Fried Frank Harris Shriver & Jacobson LLP, 1 New York Plaza, New York, NY 10004, and has filed said objections and supporting papers with the Clerk of the Court, United States District Court for the Eastern District of Virginia (Richmond Division), Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701

9

East Broad Street, Richmond, VA 23219.  Any Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.  Attendance at the hearing is not necessary.  However, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

18.    Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19.    Pending final determination of whether the Settlement should be approved, Class Representatives, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

20.    All papers in support of the Settlement, Plan of Allocation, and Class Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If

10

reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

21.    All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

22.    Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Class Counsel or Class Representatives, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

23.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of April 19, 2021.

DATED this ___ day of _____, 2021

_____
HONORABLE JOHN A. GIBNEY, JR.
UNITED STATES DISTRICT JUDGE

11

# Exhibit A-1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Richmond Division)

| | |
|---|---|
| In re JELD-WEN HOLDING, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 3:20-cv-00112-JAG<br><br>CLASS ACTION |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

If you purchased the publicly traded common stock of JELD-WEN Holding, Inc. ("JELD-WEN" or the "Company") during the period from January 26, 2017 through October 15, 2018, inclusive (the "Class Period"), you may be entitled to a payment from a class action settlement.

*A Federal Court authorized this Notice.  This is **not** a solicitation from a lawyer.*

- This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement of this securities class action, wish to object, or wish to be excluded from the Class.[1]

- If approved by the Court, the proposed Settlement will create a $40 million cash fund, plus earned interest, if any, for the benefit of eligible Class Members after the deduction of Court-approved fees, expenses, and Taxes.  This is an average recovery of approximately $0.55 per allegedly damaged share before deductions for awarded attorneys' fees and litigation expenses, and $0.39 per allegedly damaged share after deductions for awarded attorneys' fees and litigation expenses, as discussed more below.

- The Settlement resolves claims by Court-appointed Class Representatives Public Employees' Retirement System of Mississippi, the Plumbers and Pipefitters National

---

[1]    The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated as of June 4, 2021 (the "Stipulation"), which can be viewed at www._____.com.  All capitalized terms not defined in this Notice have the same meanings as in the Stipulation.

Pension Fund, and Wisconsin Laborers' Pension Fund (collectively, "Class Representatives" or "Plaintiffs") that have been asserted on behalf of the Class (defined below) against defendants JELD-WEN Holding, Inc. ("JELD-WEN" or the "Company"), and Mark A. Beck, L. Brooks Mallard, Kirk S. Hachigian, Gary S. Michel (collectively, the "Individual Defendants" and with JELD-WEN, the "Jeld-Wen Defendants"), and Onex Corporation ("Onex") and its affiliated funds and entities, specifically Onex Partners Manager LP, Onex Partners III LP, Onex Partners III GP LP, Onex US Principals LP, Onex Partners III PV LP, Onex Partners III Select LP, Onex BP Co-Invest LP, Onex Advisor Subco III LLC, Onex American Holdings II LLC, OAH Wind LLC, BP EI LLC and BP EI II LLC (together, the "Onex Defendants", and collectively with the Jeld-Wen Defendants, the "Defendants").  It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Class Member, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **SUBMIT A CLAIM FORM ON OR BEFORE _____, 2021** | The <u>only</u> way to get a payment.  *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE CLASS ON OR BEFORE _____, 2021** | Get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Claims.  *See* Question 10 for details. |
| **OBJECT ON OR BEFORE _____, 2021** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Class Counsel's Fee and Expense Application.  If you object, you will still be in the Class.  *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON _____, 2021 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2021** | Ask to speak in Court at the Settlement Hearing about the Settlement.  *See* Question 18 for details. |
| **DO NOTHING** | Get no payment.  Give up rights.  Still be bound by the terms of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement.  Payments will be made to all Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

## PSLRA SUMMARY OF THE NOTICE

**Statement of the Class's Recovery**

1.      Class Representatives have entered into the proposed Settlement with Defendants which, if approved by the Court, will resolve the Action in its entirety.  Subject to Court approval, Class Representatives, on behalf of the Class, have agreed to settle the Action in exchange for a payment of $40,000,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund").  Based on Class Representatives' damages expert's estimate of the number of shares of JELD-WEN publicly traded common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, litigation expenses, awards to Class Representatives pursuant to the PSLRA, Taxes, and Notice and Administration Expenses, would be approximately $0.55 per allegedly damaged share.[2]  If the Court approves Class Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.39 per allegedly damaged share.  **These average recovery amounts are only estimates and Class Members may recover more or less than these estimates.**  A Class Member's actual recovery will depend on, for example: (i) the number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when and how many shares of JELD-WEN publicly traded common stock the Class Member purchased during the Class Period; and (iv) whether and when the Class Member sold JELD-WEN publicly traded common stock.  *See* the Plan of Allocation beginning on page [__] for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

---

[2]     An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

- 3 -

2.      The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Class Representatives were to prevail on each claim.  The issues that the Parties disagree about include, for example: (i) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such statements or omissions were made with the requisite level of intent or recklessness; (iii) the amounts by which the price of JELD-WEN publicly traded common stock was allegedly artificially inflated, if at all, during the Class Period; and (iv) the extent to which factors unrelated to the alleged statements or omissions, such as general market, economic, and industry conditions, influenced the trading prices of JELD-WEN publicly traded common stock during the Class Period.

3.      Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Class Representatives and the Class have suffered any loss attributable to Defendants' actions or omissions.

**Statement of Attorneys' Fees and Expenses Sought**

4.      Class Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, *i.e.,* $10,000,000, plus accrued interest at the same rate earned by the Settlement Fund, if any.[3]  Class Counsel will also apply for payment of litigation expenses incurred in prosecuting the Action in an amount not to exceed $1,500,000, plus accrued interest at the same rate earned by the Settlement Fund, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses

---

[3] Plaintiffs' Counsel are Labaton Sucharow LLP, Robbins Geller Rudman & Dowd LLP, Cohen Milstein Sellers & Toll LLP, O'Donoghue & O'Donoghue LLP, Phelan Petty, and Neville Law LLC.

- 4 -

(including lost wages) of Class Representatives directly related to their representation of the Class. If the Court approves Class Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.16 per allegedly damaged share of JELD-WEN publicly traded common stock. A copy of the Fee and Expense Application will be posted on www. _____ after it has been filed with the Court.

**Reasons for the Settlement**

5.  For Class Representatives, the principal reason for the Settlement is the guaranteed cash benefit to the Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the anticipated summary judgment motions to be filed by Defendants; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and delays inherent in such litigation.

6.  For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

7.  Class Representatives and the Class are represented by Class Counsel: James W. Johnson, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, settlementquestions@labaton.com; and Robert M. Rothman, Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747, (631) 367-7100.

8.  Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: _____, (____) ____-____, www._____com.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

- 5 -

| 1.  Why did I get this Notice? |
|---|

9. The Court authorized that this Notice be sent to you because you or someone in your family may have purchased JELD-WEN publicly traded common stock during the period from January 26, 2017 through October 15, 2018, inclusive (the "Class Period"). **Receipt of this Notice does not mean that you are a Member of the Class or that you will be entitled to receive a payment. The Parties do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice. *See* Question 8 below.**

10. The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11. The Court in charge of the Action is the United States District Court for the Eastern District of Virginia, and the case is known as *In re JELD-WEN Holding Inc. Securities Litigation,* Civil Action No. 3:20-cv-00112-JAG. The Action is assigned to the Honorable John A. Gibney, Jr., United States District Judge.

| 2.  How do I know if I am part of the Class? |
|---|

12. By a March 29, 2021 Order, the Court certified the Action as a class action on behalf of the following Class. Everyone who fits the following description is a Class Member and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Class (*see* Question 10 below):

**All persons and entities who or which, during the period from January 26, 2017 through October 15, 2018, inclusive (the "Class Period"), purchased the publicly traded common stock of JELD-WEN Holding, Inc.**

13.     If one of your mutual funds purchased JELD-WEN publicly traded common stock during the Class Period, that does not make you a Class Member, although your mutual fund may be.  You are a Class Member only if you individually purchased JELD-WEN publicly traded common stock during the Class Period.  Check your investment records or contact your broker to see if you have any eligible purchases.  The Parties do not independently have access to your trading information.

**3.  Are there exceptions to being included?**

14.     Yes.  There are some individuals and entities who are excluded from the Class by definition.  Excluded from the Class are: (1) the Defendants; (2) members of the immediate family of any Defendant who is an individual; (3) any person who was an officer or director of JELD-WEN, Onex, or any Onex affiliated fund during the Class Period; (4) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (5) JELD-WEN's or Onex's employee retirement and benefit plan(s), if any, and their participants or beneficiaries, to the extent they made purchases through such plan(s); (6) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity.  Also excluded from the Class is anyone who timely and validly seeks exclusion from the Class in accordance with the procedures described in Question 10 below.

**4.  Why is this a class action?**

15.     In a class action, one or more persons or entities (in this case, Class Representatives), sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.  In this

Action, the Court has appointed the Public Employees' Retirement System of Mississippi, the Plumbers and Pipefitters National Pension Fund, and the Wisconsin Laborers' Pension Fund to serve as Class Representatives and has appointed Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP to serve as Class Counsel.

| 5. What is this case about and what has happened so far? |
| --- |

16.    JELD-WEN, one of the largest door and window manufacturers, makes and sells interior molded doors.    JELD-WEN also manufactures doorskins, which are the principal component of interior molded doors.

17.    On February 19, 2020, a securities class action complaint was filed, styled *Cambridge Retirement System v. Jeld-Wen holding Inc., et al.*, No. 3:20-cv-00112.  By Order dated May 8, 2020, the Court ordered that the case be recaptioned as *In re JELD-WEN Holding Inc. Securities Litigation*, Civil Action No. No. 3:20-cv-00112-JAG; appointed MPERS and PPNPF as "Lead Plaintiffs;" and appointed Labaton Sucharow and Robbins Geller as Co-Lead Counsel.

18.    On June 22, 2020, Class Representatives filed and served their Consolidated Class Action Complaint (the "Complaint") asserting claims against the Jeld-Wen Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants and the Onex Defendants under Section 20(a) of the Exchange Act.  Among  other things, the Complaint alleges that Defendants made materially false and misleading statements and omissions to investors concerning JELD-WEN's allegedly anticompetitive conduct and financial results in the doorskins and interior molded door markets and the merit of a lawsuit filed against JELD-WEN by an interior door manufacturer.  The Complaint alleges that the price of JELD-WEN publicly traded common stock

was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was allegedly revealed.

19.    Defendants have denied and continue to deny each and every one of the claims alleged by Class Representatives in the Action, including all claims in the Complaint, and specifically deny any wrongdoing and that they have committed any act or omission giving rise to any liability or violation of law.  On July 29, 2020, Defendants filed and served their motions to dismiss the Complaint.  On August 28, 2020, Class Representatives filed and served their omnibus memorandum of law in opposition to the motions to dismiss and, on September 11, 2020, Defendants filed and served their reply papers.  Oral argument on Defendants' motions to dismiss was held on September 25, 2020, and on October 26, 2020, the Court entered its Opinion and Order denying Defendants' motions in full.  Discovery in the Action commenced promptly after the Court issued the order denying Defendants' motion to dismiss and continued until March 29, 2021.

20.    Before reaching the agreement in principle to settle the Action, Plaintiffs and Defendants conducted extensive class, fact and expert discovery relating to the claims, defenses, and underlying events and transactions that are the subject of the Action.  Plaintiffs, Defendants, and third parties collectively produced over three million pages of documents, and the Parties took 31 party, non-party, and expert depositions.  The Parties also exchanged nine expert reports addressing topics relevant to the claims and defenses asserted in this Action.

21.    During the pendency of discovery, the Parties concurrently briefed Plaintiffs' motion for class certification.  On January 18, 2021, Plaintiffs filed their motion to certify the Action as a class action.  On February 2, 2021, JELD-WEN Defendants filed their opposition to the motion to certify the Action as a class action, and on February 8, 2021, Plaintiffs filed their reply.  A hearing was held on March 4, 2021 and on March 29, 2021, the Court granted Plaintiffs'

motion, certifying the Class and appointing Plaintiffs as "Class Representatives" and Co-Lead Counsel as "Class Counsel."

22.   On April 12, 2021, the JELD-WEN Defendants filed a petition with the United States Court of Appeals for the Fourth Circuit, pursuant to Federal Rule of Civil Procedure 23(f), seeking leave to appeal the Court's certification of the Class.  That appeal was captioned *In re JELD-WEN Holding, Inc. Securities Litigation*, No. 21-159 (4th Cir.).  On April 23, 2021, Class Representatives filed their opposition to that petition.

23.   Trial of the Action was scheduled by the Court to begin in July 2021.

24.   On April 20, 2021, Class Counsel and Defendants' Counsel participated in a full-day mediation session before Robert Meyer, Esq. of JAMS (the "Mediator").  In advance of that session, the Parties provided detailed mediation statements and exhibits to the Mediator, which addressed issues of both liability and damages.  At the end of the mediation, following extensive arm's-length negotiations, as well as additional efforts by the Mediator, the Parties reached an agreement in principle to settle the Action for $40,000,000, subject to the execution of a customary "long form" stipulation and agreement of settlement and related papers.

**6.  What are the reasons for the Settlement?**

25.   The Court did not finally decide in favor of Class Representatives or Defendants. Instead, both sides agreed to a settlement.  Class Representatives and Class Counsel believe that the claims asserted in the Action have merit.  They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability.  Assuming the claims proceeded to trial, the Parties would present factual and expert testimony on each of the disputed issues, and there is risk that the Court or jury would resolve these issues unfavorably against Class Representatives and the Class.  In light of the Settlement and the guaranteed cash recovery to the Class, Class Representatives and

- 10 -

Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

26. Defendants have denied and continue to deny each and every one of the claims alleged by Class Representatives in the Action, including all claims in the Complaint, and specifically deny any wrongdoing and that they have committed any act or omission giving rise to any liability or violation of law. Defendants deny the allegations that they knowingly, or otherwise, made any material misstatements or omissions; that any Member of the Class has suffered damages; that the prices of JELD-WEN's publicly traded common stock were artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that Members of the Class were harmed by the conduct alleged. Nonetheless, Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

## THE SETTLEMENT BENEFITS

### 7. What does the Settlement provide?

27. In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties (*see* Question 9 below), Defendants have agreed to cause a $40 million cash payment to be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

### 8. How can I receive a payment?

28. To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form. A Claim Form is included with this Notice. You may also obtain one from

the website dedicated to the Settlement: www._____.com, or submit a claim online at www._____.com.  You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (_____) ___-_____.

29.    Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than _____, 2021.**

| 9.  What am I giving up to receive a payment and by staying in the Class? |
|---|

30.    If you are a Class Member and do not timely and validly exclude yourself from the Class, you will remain in the Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Claims" against the "Released Defendant Parties."  All of the Court's orders in the Action, whether favorable or unfavorable, will apply to you and legally bind you.

(a)    **"Released Claims"** means any and all claims, rights, liabilities, suits, debts, obligations, demands, damages, losses, judgments, matters, issues, including both known claims and Unknown Claims (as defined below), and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, direct or indirect, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, and whether class and/or individual in nature, concerning, based on, arising out of, or in connection with both: (i) the purchase, or other acquisition of, JELD-WEN publicly traded common stock by Plaintiffs or any other Class Member during the period from January 26, 2017 through October 15, 2018, inclusive; and (ii) the allegations, transactions, acts, facts, matters, occurrences, disclosures, statements, filings, representations, omissions, or events that were or could have been alleged or asserted in the Action.

- 12 -

Released Claims do not include: (1) claims to enforce the Settlement; (2) claims asserted in any actions arising under The Employee Retirement Income Security Act of 1974 pending, or the subject of an appeal, as of the date of disclosure of the Settlement; or (3) claims asserted in any purported derivative actions pending, or the subject of an appeal, as of the date of disclosure of the Settlement.

(b) **"Released Defendant Parties"** means Defendants and each of their respective predecessors, successors, parent corporations, sister corporations, past, present, or future subsidiaries, affiliates, principals, assigns, assignors, legatees, devisees, executors, administrators, estates, heirs, spouses, immediate family members, receivers and trustees, settlors, beneficiaries, officers, directors, members, shareholders, employees, independent contractors, servants, agents, partners, insurers, reinsurers, representatives, attorneys, legal representatives, auditors, accountants, and successors-in-interest, in their capacities as such.

(c) "**Unknown Claims**" means any and all Released Claims that Class Representatives or any other Releasing Plaintiff do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant or any other Releasing Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Class Representatives and Defendants shall expressly, and each Releasing Plaintiff and Releasing Defendant shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by

- 13 -

any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Class Representatives, other Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows, suspects, or believes to be true with respect to the Action, the Released Claims, or the Released Defendants' Claims, but Class Representatives and Defendants shall expressly, fully, finally, and forever settle and release, and each Releasing Plaintiff and Releasing Defendant shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Class Representatives and Defendants acknowledge, and all Releasing Plaintiff and Releasing Defendant by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

31.     The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal. Upon the "Effective Date," Defendants will also provide a release of any claims against Class Representatives and the Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

- 14 -

## EXCLUDING YOURSELF FROM THE CLASS

32.     If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Claims, then you must take steps to remove yourself from the Class.  This is called excluding yourself or "opting out."  **Please note:** If you decide to exclude yourself from the Class, there is a risk that any lawsuit you may file may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.  Defendants have the option to terminate the Settlement if a certain amount of Class Members request exclusion.

| **10.  How do I exclude myself from the Class?** |
|---|

33.     To exclude yourself from the Class, you must mail a signed letter stating that you request to be "excluded from the Class in *In re JELD-WEN Holding Inc. Securities Litigation*, Civil Action No. No. 3:20-cv-00112-JAG (E.D.Va.)"  You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of JELD-WEN publicly traded common stock the person or entity purchased and sold during the Class Period, as well as the dates and prices of each such purchase and sale; and (iii) be signed by the Person requesting exclusion or an authorized representative.  A request for exclusion must be mailed so that it is **received no later than _____, 2021** at:

> *JELD-WEN Securities Litigation*
> c/o _____
> P.O. Box _____
> _____

34.     This information is needed to determine whether you are a member of the Class.  Your exclusion request must comply with these requirements in order to be valid.

35.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because

you will not be a Class Member and the Settlement will not affect you.  If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

| 11. | If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later? |

36.    No.  Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Claims.  If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**.  You must exclude yourself from this Class to continue your own lawsuit, assuming that lawsuit was timely brought.    Remember, the exclusion deadline is _____, **2021.**

## THE LAWYERS REPRESENTING YOU

| 12. | Do I have a lawyer in this case? |

37.    Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP are Class Counsel in the Action and represent all Class Members.  You will not be separately charged for these lawyers.  The Court will determine the amount of attorneys' fees and litigation expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 13. | How will the lawyers be paid? |

38.    Class Counsel have been prosecuting the Action on a contingent basis and have not been paid for any of their work.  Class Counsel will seek, on behalf of all Plaintiffs' Counsel, an attorneys' fee award of no more than 25% of the Settlement Fund, *i.e.*, $10,000,000, plus accrued interest, if any.  Class Counsel will also seek payment of litigation expenses incurred in

the prosecution of the Action of no more than $1,500,000, plus accrued interest, if any, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of the Class Representatives directly related to their representation of the Class.  Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION**

**14.  How do I tell the Court that I do not like something about the proposed Settlement?**

39.    If you are a Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Class Counsel's Fee and Expense Application.  You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief.  If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

40.    To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in *"In re JELD-WEN Holding Inc. Securities Litigation*, Civil Action No. No. 3:20-cv-00112-JAG (E.D.Va.)"    The objection must also state: (i) the name, address, telephone number, and e-mail address of the objector and must be signed by the objector; (ii) contain a statement of the Class Member's objection or objections and the specific reasons for the objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and any legal and evidentiary support (including witnesses) the Class Member wishes to bring to the Court's attention; (iii) include documents sufficient to show the objector's membership in the Class, including the number of shares of JELD-WEN publicly traded common stock purchased and sold during the Class Period, as well as the dates and prices of each such purchase and sale; and (iv) identify all

- 17 -

other class action settlements the objector has previously objected to.  Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Class Counsel's Fee and Expense Application. Your objection must be filed with the Court **no later than** _____, **2021 and** be mailed or delivered to the following counsel so that it is **received no later than** _____, **2021:**

| Court | Class Counsel | JELD-WEN Defendants' Counsel |
|---|---|---|
| **Clerk of the Court** United States District Court Eastern District of Virginia (Richmond Division) Spottswood W. Robinson III and Robert R. Merhige, Jr. Federal Courthouse 701 East Broad Street Richmond, VA 23219 | **Labaton Sucharow LLP** James W. Johnson Esq. 140 Broadway New York, NY 10005 **Robbins Geller Rudman & Dowd LLP** Robert M. Rothman, Esq. 58 South Service Rd., Suite 200 Melville, NY 11747 | **Kirkland & Ellis LLP** Lindsey Weiss Harris 601 Lexington Avenue New York, NY 10022 **Onex Defendants' Counsel** **Fried Frank Harris Shriver & Jacobson LLP** Peter Simmons 1 New York Plaza New York, NY 10004 |

41.     You do not need to attend the Settlement Hearing to have your written objection considered by the Court.  However, any Class Member who has complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court.  An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

---

**15.  What is the difference between objecting and seeking exclusion?**

---

42.     Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Class Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself

- 18 -

from the Class, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

### 16. When and where will the Court decide whether to approve the Settlement?

43.     The Court will hold the Settlement Hearing on _____, 2021 at _____ _.m., either remotely or in person, in Courtroom ____ at the United States District Court for the Eastern District of Virginia, Richmond Division, Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219.

44.     At this hearing, the Honorable John A. Gibney, Jr. will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Class Counsel for an award of attorneys' fees and payment of litigation expenses is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above.  We do not know how long it will take the Court to make these decisions.

45.     The Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without another individual notice being sent to Class Members.  If you want to attend the hearing, you should check with Class Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement website at www._____.com to see if the Settlement Hearing stays as scheduled or is changed.

### 17. Do I have to come to the Settlement Hearing?

46.     No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she

- 19 -

must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than** _____, **2021**.

| **18.  May I speak at the Settlement Hearing?** |
|---|

47.    You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must, **no later than** _____ __, **2021,** submit a statement that you, or your attorney, intend to appear in "*In re JELD-WEN Holding Inc. Securities Litigation*, Civil Action No. No. 3:20-cv-00112-JAG (E.D.Va.)"  If you intend to present evidence at the Settlement Hearing, you must also include in your objection (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

### IF YOU DO NOTHING

| **19.  What happens if I do nothing at all?** |
|---|

48.    If you do nothing and you are a member of the Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).  To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims, you must exclude yourself from the Class (*see* Question 10 above).

**GETTING MORE INFORMATION**

| 20. Are there more details about the Settlement? |
| --- |

49.     This Notice summarizes the proposed Settlement.  More details are contained in the Stipulation.  You may review the Stipulation filed with the Court or other documents in the case during business hours at the office of the Clerk of the Court, United States District Court for the Eastern District of Virginia (Richmond Division), Spottswood W. Robinson III and Robert R. Merhige, Jr. Federal Courthouse, 701 East Broad Street, Richmond, VA 23219.  (Please check the Court's website, www.vaed.uscourts.gov, for information about Court closures before visiting.)  Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

50.     You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website dedicated to the Settlement, www._____.com.  You may also call the Claims Administrator toll free at (_____) ____-_____ or write to the Claims Administrator at *JELD-WEN Securities Litigation,* c/o_____.  **Please do not call the Court with questions about the Settlement.**

**PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

| 21. How will my claim be calculated? |
| --- |

51.     The Plan of Allocation set forth below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Class Representatives and Class Counsel to the Court for approval.  The Court may approve this Plan of Allocation or modify it without additional notice to the Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website at: _____.

- 21 -

52.     As noted above, the Settlement Amount and the interest it earns is the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  The Net Settlement Fund will be distributed to members of the Class who timely submit valid Claim Forms that show a "Recognized Claim" according to the Court-approved Plan of Allocation.  Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will still be bound by the Settlement.

53.     The objective of this Plan of Allocation is to distribute the Net Settlement Fund among those Class Members who allegedly suffered economic losses as a result of the alleged wrongdoing.  To design this Plan, Class Counsel conferred with Class Representatives' damages expert.  This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Class Representatives and Class Counsel believe were recoverable in the Action.  The Plan of Allocation, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  The calculations pursuant to the Plan of Allocation are also not estimates of the amounts that will be paid to Authorized Claimants.  An individual Class Member's recovery will depend on, for example: (i) the total number and value of claims submitted; (ii) when the claimant purchased JELD-WEN publicly traded common stock; and (iii) whether and when the claimant sold his, her, or its shares of JELD-WEN publicly traded common stock.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. The Claims Administrator will determine each Authorized

Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

54.    For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue.  In this case, Class Representatives allege that Defendants issued false statements and omitted material facts during the Class Period, which allegedly artificially inflated the price of JELD-WEN publicly traded common stock.  In developing the Plan of Allocation, Class Representatives' damages expert calculated the estimated amount of alleged artificial inflation in the per share prices of JELD-WEN common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions.

55.    In this Action, Class Representatives allege that corrective information allegedly impacting the price of JELD-WEN common stock (which is referred to as a "corrective disclosure") was released to the market on October 15, 2018. Class Representatives further allege that an analysis privately distributed by a stock analyst to certain investors caused the price of JELD-WEN common stock to decline on August 8, 2018.  In order to have a "Recognized Loss Amount" for a purchase under the Plan of Allocation, shares of JELD-WEN publicly traded common stock must have been purchased during the Class Period and held through at least August 8, 2018.[4]

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

56.    For purposes of determining whether a claimant has a "Recognized Claim," if a Class Member has more than one purchase or sale of JELD-WEN publicly traded common stock during the Class Period, all purchases and sales will be matched on a "First In First Out" (FIFO)

---

[4] Any transactions in JELD-WEN common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

- 23 -

basis.  Class Period sales will be matched against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

57.     Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase of JELD-WEN publicly traded common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that Recognized Loss Amount will be zero.

58.     **For each share of JELD-WEN publicly traded common stock purchased (i) in the JELD-WEN initial public offering on or about January 26, 2017; or (ii) via market transactions from January 27, 2017 through and including the close of trading on October 15, 2018, and:**

(a)     Sold prior to the close of trading on August 7, 2018, the Recognized Loss Amount per share will be $0.00;

(b)     Sold on August 8, 2018 at a price equal to or greater than $24.84 per share, the Recognized Loss Amount per share will be $0.00;[5]

(c)     Sold prior to the close of trading on August 8, 2018 at a price less than $24.84 per share, the Recognized Loss Amount per share will be *the lesser of*: (i) $2.38 per share, or (ii) the purchase price *minus* the sale price;

(d)     Sold from August 9, 2018 through and including the close of trading on October 15, 2018, the Recognized Loss Amount per share will be *the lesser of*: (i) the decline in

---

[5] Class Representatives allege that at approximately 2:47 PM Eastern Time on August 8, 2018, an analysis privately distributed by a stock analyst to certain investors caused the price of JELD-WEN common stock to decline. The average transaction price for all trades conducted at 2:47 PM Eastern Time on August 8, 2018 was $24.84 per share, according to data from the Trade-and-Quote database.

inflation during the holding period (as presented in **Table A** below), or (ii) the purchase price per share *minus* the sale price per share; and

(e)    Sold from October 16, 2018 through and including the close of trading on January 11, 2019, the Recognized Loss Amount per share will be ***the least of***: (i) the decline in inflation during the holding period (as presented in **Table A** below), (ii) the purchase price per share *minus* the sale price per share, or (iii) the purchase price per share *minus* the average closing price of JELD-WEN common stock between October 16, 2018 and the date of sale as stated in **Table B** at the end of this Notice; and

(f)    Held as of the close of trading on January 11, 2019, the Recognized Loss Amount per will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in **Table A** below), or (ii) the purchase price per share *minus* $16.47, the average closing price of JELD-WEN common stock between October 16, 2018 and January 11, 2019 (the last entry on **Table B** at the end of this Notice).[6]

### ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

59.    The sum of a claimant's Recognized Loss Amounts will be the claimant's "Recognized Claim."

60.    The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount"

---

[6] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of JELD-WEN common stock during the 90-day look-back period. The mean (average) closing price for JELD-WEN common stock during this 90-day look-back period was $16.47.

will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount is $10.00 or greater.

61.    Purchases and sales of JELD-WEN publicly traded common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant of shares of JELD-WEN publicly traded common stock by gift, inheritance, or operation of law during the Class Period will not be deemed an eligible purchase or sale of JELD-WEN publicly traded common stock for the calculation of a claimant's Recognized Claim, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase of JELD-WEN common stock unless (i) the donor or decedent purchased the shares during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

62.    The date of covering a "short sale" will be deemed to be the date of purchase of the JELD-WEN common stock. The date of a "short sale" will be deemed to be the date of sale of JELD-WEN common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in JELD-WEN common stock, his, her, or its earliest Class Period purchases of JELD-WEN common stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

63.    Option contracts are not securities eligible to participate in the Settlement. With respect to shares of JELD-WEN common stock purchased or sold through the exercise of an

- 26 -

option, the purchase/sale date of the JELD-WEN common stock is the exercise date of the option and the purchase/sale price of the JELD-WEN common stock is the exercise price of the option.

64.     If a claimant had a market gain with respect to his, her, or its overall transactions in JELD-WEN publicly traded common stock during the Class Period, the value of the claimant's Recognized Claim will be zero.  If a claimant suffered an overall market loss with respect to his, her, or its overall transactions in JELD-WEN common stock during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss.  For purposes of determining whether a claimant had a market gain with respect to his, her, or its overall transactions in JELD-WEN common stock during the Class Period or suffered a market loss, the Claims Administrator will determine the difference between (i) the Total Purchase Amount[7] and (ii) the sum of the Total Sales Proceeds[8] and Holding Value.[9]  This difference will be deemed a claimant's market gain or loss with respect to his, her, or its overall transactions in JELD-WEN common stock during the Class Period.

65.     Distributions will be made to eligible Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after a reasonable amount of time from the date of initial distribution of the Net Settlement Fund, and after payment of outstanding Notice and Administration Expenses, Taxes,

---

[7] The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for JELD-WEN common stock purchased during the Class Period.

[8] The total amount received (excluding commissions and other charges) for JELD-WEN common stock sold during the Class Period will be the "Total Sales Proceeds."

[9] The Claims Administrator will ascribe a value of $17.28 per share for JELD-WEN common stock purchased during the Class Period and still held as of the close of trading on October 16, 2018 (the "Holding Value").

attorneys' fees and expenses, and any awards to Class Representatives, the Claims Administrator shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Thereafter, any *de minimis* balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses and any awards to Class Representatives, shall be donated to the Virginia Health Care Foundation and Central Virginia Legal Aid Society, or a non-profit and non-sectarian organization(s) chosen by the Court.

66.     Payment pursuant to the Plan of Allocation or such other plan of allocation as may be approved by the Court will be conclusive against all claimants.  No person will have any claim against Class Representatives, Plaintiffs' Counsel, Class Representatives' damages expert, the Claims Administrator, or other agent designated by Class Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Class Representatives, Defendants, Defendants' Counsel, and all other Released Parties will have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

67.     Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Eastern District of Virginia with respect to his, her, or its claim.

### SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

68.     If you purchased JELD-WEN publicly traded common stock (CUSIP: 47580P103) during the Class Period for the beneficial interest of a person or entity other than yourself, the

Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners; or (b) request additional copies of this Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN TEN (10) CALENDAR DAYS** of receipt, mail the Notice and Claim Form directly to all the beneficial owners of those shares.  If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used.  Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*JELD-WEN Securities Litigation*
c/o _____
_____
_____

Dated: _____, 2021                              BY ORDER OF THE UNITED STATES
                                                  DISTRICT COURT
                                                  EASTERN DISTRICT OF VIRGINIA

**TABLE A**

**<u>Inflation Decline Per Date of Purchase and Date of Sale</u>**

| | DATE OF SALE | | |
|---|---|---|---|
| **PURCHASE DATE** | January 26, 2017 through August 7, 2018 | August 8, 2018 through October 15, 2018 | Sold on or Retained Beyond October 16, 2018 |
| January 26, 2017 through August 7, 2018 | $0.00 | $2.38 | $4.37 |
| August 8, 2018 through October 15, 2018 | | $0.00 | $1.99 |
| Purchased on or After October 16, 2018 | | | $0.00 |

- 30 -

**TABLE B**

**JELD-WEN Closing Price and Average Closing Price**
**October 16, 2018 –January 11, 2019**

| Date | Closing Price | Average Price Between October 16, 2018 and Date Shown | Date | Closing Price | Average Price Between October 16, 2018 and Date Shown |
|---|---|---|---|---|---|
| 10/16/2018 | $17.28 | $17.28 | 11/28/2018 | $19.05 | $17.26 |
| 10/17/2018 | $17.21 | $17.25 | 11/29/2018 | $19.09 | $17.31 |
| 10/18/2018 | $17.13 | $17.21 | 11/30/2018 | $19.06 | $17.37 |
| 10/19/2018 | $16.94 | $17.14 | 12/3/2018 | $19.10 | $17.42 |
| 10/22/2018 | $16.67 | $17.05 | 12/4/2018 | $18.03 | $17.43 |
| 10/23/2018 | $16.56 | $16.97 | 12/6/2018 | $17.48 | $17.44 |
| 10/24/2018 | $15.93 | $16.82 | 12/7/2018 | $16.88 | $17.42 |
| 10/25/2018 | $16.22 | $16.74 | 12/10/2018 | $15.53 | $17.37 |
| 10/26/2018 | $15.49 | $16.60 | 12/11/2018 | $15.35 | $17.32 |
| 10/29/2018 | $15.21 | $16.46 | 12/12/2018 | $15.30 | $17.27 |
| 10/30/2018 | $16.20 | $16.44 | 12/13/2018 | $14.72 | $17.21 |
| 10/31/2018 | $16.26 | $16.43 | 12/14/2018 | $14.27 | $17.14 |
| 11/1/2018 | $17.03 | $16.47 | 12/17/2018 | $14.17 | $17.07 |
| 11/2/2018 | $17.03 | $16.51 | 12/18/2018 | $14.31 | $17.00 |
| 11/5/2018 | $17.36 | $16.57 | 12/19/2018 | $14.41 | $16.95 |
| 11/6/2018 | $17.04 | $16.60 | 12/20/2018 | $14.12 | $16.89 |
| 11/7/2018 | $17.00 | $16.62 | 12/21/2018 | $14.02 | $16.82 |
| 11/8/2018 | $17.90 | $16.69 | 12/24/2018 | $13.47 | $16.75 |
| 11/9/2018 | $18.00 | $16.76 | 12/26/2018 | $14.32 | $16.70 |
| 11/12/2018 | $18.01 | $16.82 | 12/27/2018 | $14.17 | $16.65 |
| 11/13/2018 | $18.11 | $16.88 | 12/28/2018 | $14.43 | $16.61 |
| 11/14/2018 | $17.67 | $16.92 | 12/31/2018 | $14.21 | $16.56 |
| 11/15/2018 | $17.87 | $16.96 | 1/2/2019 | $14.66 | $16.53 |
| 11/16/2018 | $17.95 | $17.00 | 1/3/2019 | $14.78 | $16.50 |
| 11/19/2018 | $17.76 | $17.03 | 1/4/2019 | $15.63 | $16.48 |
| 11/20/2018 | $17.72 | $17.06 | 1/7/2019 | $16.05 | $16.47 |
| 11/21/2018 | $18.01 | $17.09 | 1/8/2019 | $16.45 | $16.47 |
| 11/23/2018 | $18.00 | $17.13 | 1/9/2019 | $16.52 | $16.47 |
| 11/26/2018 | $17.99 | $17.16 | 1/10/2019 | $16.40 | $16.47 |
| 11/27/2018 | $18.31 | $17.20 | 1/11/2019 | $16.37 | $16.47 |

# Exhibit A-2

EXHIBIT A-2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Richmond Division)

| | | |
|---|---|---|
| In re JELD-WEN HOLDING, INC. SECURITIES LITIGATION | ) ) ) | Civil Action No. 3:20-cv-00112-JAG |
| This Document Relates To: | ) ) ) | CLASS ACTION |
| ALL ACTIONS. | ) ) ) ) | |

**PROOF OF CLAIM AND RELEASE FORM**

**I.      GENERAL INSTRUCTIONS**

1.      To recover as a member of the Class based on your claims in the action entitled *In re JELD-WEN Holding Inc. Securities Litigation*, Civil Action No. No. 3:20-cv-00112-JAG (E.D.Va.) (the "Action"), you must complete and, on page _____ below, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.  Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

2.      **THIS   CLAIM   FORM   MUST   BE   SUBMITTED   ONLINE   AT WWW._____   NO   LATER   THAN  _____, 2021  OR,  IF  MAILED,  BE POSTMARKED NO LATER THAN _____, 2021, ADDRESSED AS FOLLOWS:**

*JELD-WEN Securities Litigation*

c/o _____<br>
P.O. Box ____<br>
___CITY, STATE  ZIP<br>
www._____

3.      If you are a member of the Class and you do not timely request exclusion in response to the Notice dated _____, 2021, you are bound by and subject to the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II.      CLAIMANT IDENTIFICATION

4.      If you purchased shares of the publicly traded common stock of JELD-WEN Holding, Inc. ("JELD-WEN" or the "Company") during the period from January 26, 2017 through October 15, 2018, inclusive (the "Class Period") and held the stock in your name, you are the beneficial owner as well as the record owner.  If, however, you purchased JELD-WEN publicly traded common stock during the Class Period through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

5.      Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of JELD-WEN publicly traded common stock that forms the basis of this claim, as well as the owner of record if different.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

6.      All joint owners must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

2

### III.    IDENTIFICATION OF TRANSACTIONS

7.    Use **Part II** of this form entitled "Schedule of Transactions in JELD-WEN Publicly Traded Common Stock" to supply all required details of your transaction(s) in JELD-WEN publicly traded common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

8.    On the schedules, provide all of the requested information with respect to your holdings, purchases, and sales of JELD-WEN publicly traded common stock, whether the transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

9.    The date of covering a "short sale" is deemed to be the date of purchase of JELD-WEN publicly traded common stock.  The date of a "short sale" is deemed to be the date of sale.

10.    Copies of broker confirmations or other documentation of your transactions must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN JELD-WEN PUBLICLY TRADED COMMON STOCK.**

11.    NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  (This is different than the online claim portal on the Settlement website.)  All such claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies.  If you wish to submit your claim electronically, you must contact the Claims Administrator at (___) ___-____ to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

3

## PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's First Name          MI          Beneficial Owner's Last Name

Co-Beneficial Owner's First Name       MI          Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City                                               State    ZIP/Postal Code

Foreign Country (only if not USA)                  Foreign County (only if not USA)

Social Security Number (last four digits only)    Taxpayer Identification Number (last four digits only)
          –    –              OR         –

Telephone Number (home)                Telephone Number (work)
     –    –                          –    –

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):
    Individual (includes joint owner accounts)        Pension Plan            Trust
    Corporation                                       Estate
    IRA/401K                                          Other _____ (please specify)

4

**PART II:   TRANSACTIONS IN JELD-WEN PUBLICLY TRADED COMMON STOCK**

**1.  PURCHASES DURING THE CLASS PERIOD** – Separately list each and every purchase of JELD-WEN common stock from after the opening of trading on January 26, 2017 through and including the close of trading on October 15, 2018.  (Must submit documentation.)

| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**2.  PURCHASES DURING 90-DAY LOOKBACK PERIOD** – State the total number of shares of JELD-WEN common stock purchased from after the opening of trading on October 16, 2018 through and including the close of trading on January 11, 2019.[1]  (Must submit documentation.)
_____

**3.  SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale of JELD-WEN common stock from after the opening of trading on January 26, 2017 through and including the close of trading on January 11, 2019. (Must submit documentation.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**4.  ENDING HOLDINGS** – State the total number of shares of JELD-WEN common stock held as of the close of trading on January 11, 2019.  If none, write "0" or "Zero." (Must submit documentation.) _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

---

[1] Information requested in this Claim Form with respect to your transactions after the opening of trading on October 16, 2018 through and including the close of trading on January 11, 2019, is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions.  Purchases during this period, however, are not eligible under the Settlement because these purchases are outside the Class Period and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

12.    By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation of Net Settlement Fund described in the accompanying Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of Virginia (the "Court") with respect to my (our) claim as a Class Member(s) and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I (we) will be bound by and subject to the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible publicly traded JELD-WEN common stock, if required to do so.  I (We) have not submitted any other claim covering the same transactions in publicly traded JELD-WEN common stock during the Class Period and know of no other person having done so on my (our) behalf.

**V.    RELEASES, WARRANTIES, AND CERTIFICATION**

13.    I (We) hereby warrant and represent that I am (we are) a Class Member as defined in the Notice, that I am (we are) not excluded from the Class, that I am (we are) not one of the "Released Defendant Parties" as defined in the accompanying Notice.

14.    As a Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Claims as to each and all of the Released Defendant Parties (as these terms are defined in the accompanying Notice).  This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

6

15.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

16.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of publicly traded JELD-WEN common stock that occurred during the Class Period and the number of securities held by me (us), to the extent requested.

17.      I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2021

_____
Signature of Claimant

_____
Type or print name of Claimant

_____
Signature of Joint Claimant, if any

_____
Type or print name of Joint Claimant

_____
Signature of person signing on behalf
of Claimant

_____
Type or print name of person signing
on behalf of Claimant

_____
Capacity of person signing on behalf of Claimant, if other than an individual (e.g., Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

7

## REMINDER CHECKLIST:

1.      Please sign this Claim Form.

2.      DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.      Attach only copies of supporting documentation as these documents will not be returned to you.

4.      Keep a copy of your Claim Form for your records.

5.      The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. **Your claim is not deemed submitted until you receive an acknowledgment postcard.** If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at XXX-XXX-XXXX.

6.      If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

8

# Exhibit A-3

EXHIBIT A-3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Richmond Division)

|  |  |
|---|---|
| In re JELD-WEN HOLDING, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Civil Action No. 3:20-cv-00112-JAG<br><br>CLASS ACTION |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To: All persons and entities who or which, during the period from January 26, 2017 through October 15, 2018, inclusive (the "Class Period"), purchased the publicly traded common stock of JELD-WEN Holding, Inc. (the "Class")**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Virginia, that Court-appointed Class Representatives, on behalf of themselves and all members of the certified Class, and defendants JELD-WEN Holding, Inc. ("JELD-WEN" or the "Company"), Mark A. Beck, L. Brooks Mallard, Kirk S. Hachigian, Gary S. Michel, Onex Corporation and its affiliated funds and entities, specifically Onex Partners Manager LP, Onex Partners III LP, Onex Partners III GP LP, Onex US Principals LP,  Onex Partners III PV LP, Onex Partners III Select LP, Onex BP Co-Invest LP, Onex Advisor Subco III LLC, Onex American Holdings II LLC, OAH Wind LLC, BP EI LLC and BP EI II LLC (collectively, "Defendants"), have reached a

proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $40,000,000 (the "Settlement").

A hearing will be held before the Honorable John A. Gibney, Jr., either in person or remotely in the Court's discretion, on _____, 2021, at _____ a.m. in Courtroom ___of the United States District Court for the Eastern District of Virginia, Richmond Division, at the Spottswood W. Robinson III and Robert R. Merhige, Jr. Federal Courthouse, 701 East Broad Street, Richmond, VA 23219 (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated June 4, 2021; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Class Members; and (iv) approve Class Counsel's Fee and Expense Application. The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a full Notice and Claim Form, you may obtain copies of these documents by visiting the website for the Settlement, www._____, or by contacting the Claims Administrator at:

*JELD-WEN Securities Litigation*
c/o _____
P.O. Box_____
_____
City, State Zipcode
www._____
_____ _____-_____

2

Inquiries, other than requests for information about the status of a claim, may also be made to Class Counsel:

<table>
<tr><td><strong>LABATON SUCHAROW LLP</strong><br>James W. Johnson, Esq.<br>140 Broadway<br>New York, NY 10005<br>settlementquestions@labaton.com<br>888-219-6877</td><td><strong>ROBBINS GELLER RUDMAN &<br>DOWD LLP</strong><br>Robert M. Rothman, Esq.<br>58 South Service Road, Suite 200<br>Melville, NY  11747<br>631-367-7100</td></tr>
</table>

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than _____ __, 2021.* If you are a Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court, whether favorable or unfavorable.

If you are a Class Member and wish to exclude yourself from the Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice so that it is *received no later than _____ __, 2021.* If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Class Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are *received no later than _____ __, 2021*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR
DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: _____, 2021       BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
                                       EASTERN DISTRICT OF VIRGINIA

**Exhibit B**

EXHIBIT B

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Richmond Division)

|  |  |  |
|---|---|---|
| In re JELD-WEN HOLDING, INC. SECURITIES LITIGATION | ) ) ) ) ) | Civil Action No. 3:20-cv-00112-JAG |
| This Document Relates To: | ) ) | CLASS ACTION |
| ALL ACTIONS. | ) ) ) ) |  |

**[PROPOSED] FINAL ORDER AND JUDGMENT**

**WHEREAS:**

A.    As of June 4, 2021, Class Representatives Public Employees' Retirement System of Mississippi, the Plumbers and Pipefitters National Pension Fund, and Wisconsin Laborers' Pension Fund (collectively, "Class Representatives"), on behalf of themselves and all other members of the certified Class (defined below), on the one hand, and defendants JELD-WEN Holding, Inc. ("JELD-WEN" or the "Company"), and Mark A. Beck, L. Brooks Mallard, Kirk S. Hachigian, Gary S. Michel (collectively with JELD-WEN, the "Jeld-Wen Defendants"), and Onex Corporation ("Onex") and its affiliated funds and entities, specifically Onex Partners Manager LP, Onex Partners III LP, Onex Partners III GP LP, Onex US Principals LP,  Onex Partners III PV LP, Onex Partners III Select LP, Onex BP Co-Invest LP, Onex Advisor Subco III LLC, Onex American Holdings II LLC, OAH Wind LLC, BP EI LLC and BP EI II LLC (together, the "Onex Defendants", and collectively with the Jeld-Wen Defendants, the

"Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action");

B.     Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, by order dated March 29, 2021, the Court previously certified a class of:  all persons and entities who or which, during the period from January 26, 2017 through October 15, 2018, inclusive, (the "Class Period") purchased the publicly traded common stock of JELD-WEN Holding, Inc. (the "Class").  Excluded from the Class are: (1) the Defendants; (2) members of the immediate family of any Defendant who is an individual; (3) any person who was an officer or director of JELD-WEN, Onex, or any Onex affiliated fund during the Class Period; (4) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (5) JELD-WEN's or Onex's employee retirement and benefit plan(s), if any, and their participants or beneficiaries, to the extent they made purchases through such plan(s); (6) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity; and (7) those who timely and validly request exclusion from the Class;

C.     Also by the order dated March 29, 2021, the Court previously appointed Public Employees' Retirement System of Mississippi, the Plumbers and Pipefitters National Pension Fund, and Wisconsin Laborers' Pension Fund as Class Representatives, the law firms of Robbins Geller Rudman & Dowd LLP and Labaton Sucharow LLP as Class Counsel, and the law firm of Cohen Milstein Sellers & Toll LLP as Liaison Counsel;

D.     Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, entered _____ _____, 2021 (the "Preliminary Approval Order"), the Court scheduled a hearing for _____ _____, 2021, at __:__ _.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions

2

provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Class Counsel's Fee and Expense Application;

E.      The Court ordered that the Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before fourteen (14) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Class Members who could be identified through reasonable effort, and that the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

F.      The Notice and the Summary Notice advised potential Class Members of the date, time, place, and purpose of the Settlement Hearing.  The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by _____ _____, 2021;

G.      The provisions of the Preliminary Approval Order as to notice were complied with;

H.      On _____, 2021, Class Representatives moved for final approval of the Settlement, as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court on _____ ____, 2021, at which time all interested Persons were afforded the opportunity to be heard; and

3

I.      This Court has duly considered Class Representatives' motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates and makes a part hereof:  (i) the Stipulation filed with the Court on _____ _____, 2021; and (ii) the Notice, which was filed with the Court on _____ ____, 2021.  Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Class Members.

3.      The Court finds that the dissemination of the Notice, Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Class Counsel's request for payment of attorneys' fees and expenses incurred in connection with the prosecution of the Action, of Class Members' rights to object thereto or seek exclusion from the Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process

4

Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

4.      [There have been no objections to the Settlement.]

5.      [The investors listed on the attached Exhibit A have timely and validly requested exclusion from the Class in accordance with the requirements set forth in the Notice.]

6.      Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Class Representatives and Class Counsel have adequately represented the Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Class Members equitably relative to each other.  Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation.

7.      The Consolidated Class Action Complaint (the "Complaint"), filed on June 22, 2020, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

8. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

9. Upon the Effective Date of the Settlement, each of the Class Representatives shall have, and each of the other Releasing Plaintiffs shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Claims against each of the Released Defendant Parties, and shall forever be barred and enjoined from prosecuting any and all of the Released Claims against any of the Released Defendant Parties, whether or not such Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

10. Upon the Effective Date of the Settlement, each of the Defendants shall have, and each of the other Releasing Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Defendants' Claims against each of the Released Plaintiff Parties, and shall forever be barred and enjoined from prosecuting any and all of the Released Defendants' Claims against any of the Released Plaintiff Parties. Claims to enforce the terms of the Stipulation are not released.

11. Notwithstanding paragraphs 9 to 10 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12. Each Class Member, whether or not such Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

6

13.    This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Released Defendant Parties with respect to the truth of any allegation by Class Representatives and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever, or of any infirmity in any of the Defendants' defenses;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Class Representatives, or any other member of the Class as evidence of any infirmity in the claims of Class Representatives, or the other members of the Class;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Class Representatives, any other member of the Class, or their respective counsel, as evidence of a presumption, concession,

7

or admission with respect to any liability, damages, negligence, fault, infirmity, or other wrongdoing of any kind, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Class Representatives, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d)     do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Class Representatives, or any other member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Class Representatives, or any other member of the Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

14.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

15.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 46 of the Stipulation.

8

16.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17.     The Parties are hereby directed to consummate the Stipulation and to perform its terms.

18.     A separate order shall be entered regarding Class Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

19.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

/
/
DATED this _____ day of _____, 2021

9

_____
HONORABLE JOHN A. GIBNEY, JR.
UNITED STATES DISTRICT JUDGE

EXHIBIT B

**Exhibit A**