UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Richmond Division)

|  |  |  |
|---|---|---|
| In re JELD-WEN HOLDING, INC. SECURITIES LITIGATION | ) ) ) | Civil Action No. 3:20-cv-00112-JAG |
| This Document Relates To: | ) ) ) | CLASS ACTION |
| ALL ACTIONS. | ) ) ) ) | |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, as of June 4, 2021, Class Representatives Public Employees' Retirement System of Mississippi, the Plumbers and Pipefitters National Pension Fund, and Wisconsin Laborers' Pension Fund (collectively, "Class Representatives"), on behalf of themselves and all other members of the certified Class (defined below), on the one hand, and defendants JELD-WEN Holding, Inc. ("JELD-WEN" or the "Company"), and Mark A. Beck, L. Brooks Mallard, Kirk S. Hachigian, Gary S. Michel (collectively with JELD-WEN, the "Jeld-Wen Defendants"), and Onex Corporation ("Onex") and its affiliated funds and entities, specifically Onex Partners Manager LP, Onex Partners III LP, Onex Partners III GP LP, Onex US Principals LP,  Onex Partners III PV LP, Onex Partners III Select LP, Onex BP Co-Invest LP, Onex Advisor Subco III LLC, Onex American Holdings II LLC, OAH Wind LLC, BP EI LLC and BP EI II LLC (together, the "Onex Defendants", and collectively with the Jeld-Wen Defendants, the "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the

"Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Consolidated Class Action Complaint, filed on June 22, 2020, on the merits and with prejudice (the "Settlement"); and

WHEREAS, the Court has reviewed and considered the Stipulation and the accompanying exhibits; and

WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 28th day of July, 2021, that:

1.      The Court has reviewed the Stipulation and preliminarily finds, pursuant to Fed. R. Civ. P. 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, by order dated March 29, 2021, the Court previously certified a class of:  all persons and entities who or which, during the period from January 26, 2017 through October 15, 2018, inclusive, (the "Class Period") purchased the publicly traded common stock of JELD-WEN Holding, Inc. (the "Class").  Excluded from the Class are: (1) the Defendants; (2) members of the immediate family of any Defendant who is an individual; (3) any person who was an officer or director of JELD-WEN, Onex, or any Onex affiliated fund during the Class Period; (4) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (5) JELD-WEN's or

2

Onex's employee retirement and benefit plan(s), if any, and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (6) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity. Also excluded from the Class will be any Person who would otherwise be a member of the Class and who timely and validly submits a request for exclusion in accordance with the requirements set forth below and in the Notice.

3.       Also by the order dated March 29, 2021, the Court previously appointed Public Employees' Retirement System of Mississippi, the Plumbers and Pipefitters National Pension Fund, and Wisconsin Laborers' Pension Fund as Class Representatives, the law firms of Robbins Geller Rudman & Dowd LLP and Labaton Sucharow LLP as Class Counsel, and the law firm of Cohen Milstein Sellers & Toll LLP as Liaison Counsel.

4.       A hearing (the "Settlement Hearing"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, is hereby scheduled to be held before the Court, either in-person or remotely at the Court's discretion, at the United States District Court, Eastern District of Virginia (Richmond Division), Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219, in Courtroom 6000, on November 22, 2021, at 1:30 p.m. for the following purposes:

(a)       to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)       to determine whether the proposed Final Order and Judgment Approving Settlement ("Judgment"), as provided for under the Stipulation should be entered, and to determine whether the release by the Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

3

(c)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)     to consider Class Counsel's application for an award of attorneys' fees and expenses (which may include an application for awards to Class Representatives for reimbursement of their reasonable costs and expenses directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(e)     to rule upon such other matters as the Court may deem appropriate.

5.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it will approve the proposed Plan of Allocation or award attorneys' fees and expenses. The Court may also adjourn or continue the Settlement Hearing or modify any of the dates herein without further individual notice to members of the Class.

6.     The Court approves the form, substance and requirements of the Notice of Pendency and  Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Proof of Claim," and together with the Notice, the "Notice Packet"), substantially in the forms annexed hereto as Exhibits 1 and 2.

7.     The Court approves the retention of Epiq  Class  Action and Claims Solutions ("Epiq") as the Claims Administrator. The Claims Administrator shall cause the Notice Packet to be mailed, by first-class mail, postage prepaid, on or before fourteen (14) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Class Members who can be identified with reasonable effort.

4

8.    JELD-WEN, to the extent it has not already done so, shall use its best efforts to obtain and provide to Class Counsel, or the Claims Administrator, its transfer records in electronic searchable form containing the names and addresses of purchasers of JELD-WEN publicly traded common stock during the Class Period, no later than ten (10) calendar days after entry of this Preliminary Approval Order.

9.    The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased the publicly traded common stock of JELD-WEN during the Class Period as record owners but not as beneficial owners.

(a)    Such nominees SHALL EITHER: (i) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Notices Packets from the Claims Administrator forward them to all such beneficial owners; or (ii) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send Notice Packets promptly to such identified beneficial owners.

(b)    Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available, so that the Claims Administrator may also email the Notice Packets.

(c)    Nominees who elect to send Notice Packets to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was

made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.

        (d)     Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred in connection with complying with the above requirements by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  The Claims Administrator shall, if requested, reimburse nominees out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such notices, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

        10.     Contemporaneously with the mailing of the Notice Packets, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded.  Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of dissemination of the Notice and Proof of Claim.

        11.     The Court approves the form of the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Class Counsel shall cause the Summary Notice to be published once in *The Wall Street Journal* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

        12.     The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the

requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the

Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due

process, constitute the best notice practicable under the circumstances, and shall constitute due

and sufficient notice to all persons and entities entitled thereto.

13.     In order to be eligible to receive a distribution from the Net Settlement Fund, in

the event the Settlement is effected in accordance with the terms and conditions set forth in the

Stipulation, each claimant shall take the following actions and be subject to the following

conditions:

(a)     A properly executed Proof of Claim, substantially in the form annexed

hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in

the Proof of Claim, no later than ninety (90) calendar days after the Notice Date.  Such deadline

may be further extended by Court order or by Class Counsel in their discretion.  Each Proof of

Claim shall be deemed to have been submitted when postmarked (if properly addressed and

mailed by first-class or overnight mail, postage prepaid).  Any Proof of Claim submitted in any

other manner shall be deemed to have been submitted when it was actually received at the

address designated in the Proof of Claim.  Any Class Member who does not timely submit a

Proof of Claim within the time provided for shall be barred from sharing in the distribution of

the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all

determinations and judgments in this Action concerning the Settlement, as provided by ¶15 of

this order.

(b)     The Proof of Claim submitted by each claimant must satisfy the

following conditions, unless otherwise allowed, pursuant to the Stipulation: (i) it must be

properly completed, signed and submitted in a timely manner in accordance with the provisions

7

of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Class Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his or her current authority to act on behalf of the claimant must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.     Any Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Class Member does not enter an appearance, he, she or it will be represented by Class Counsel.

15.     Class Members shall be bound by all orders, determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A putative Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the Claims Administrator at the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Class in *In re JELD-WEN Holding Inc. Securities Litigation,* Civil Action No. No. 3:20-cv-00112-JAG (E.D.Va.)" and

8

must be signed by such Person. Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases and sales of shares of JELD-WEN common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.    Class Members requesting exclusion from the Class shall not be eligible to receive any payment out of the Net Settlement Fund.

17.    The Court will consider any Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Class Counsel: James W. Johnson, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; Robert M. Rothman, Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747; Jeld-Wen Defendants' Counsel: Lindsey Weiss Harris, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022; and Onex Defendants' Counsel: Peter Simmons, Fried Frank Harris Shriver & Jacobson LLP, 1 New York Plaza, New York, NY 10004, and has filed said objections and supporting papers with the Clerk of the Court, United States District Court for the Eastern District of Virginia (Richmond Division), Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219. Any Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the

Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the hearing is not necessary. However, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

18.    Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19.    Pending final determination of whether the Settlement should be approved, Class Representatives, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

20.    All papers in support of the Settlement, Plan of Allocation, and Class Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

10

21.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

22.     Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Class Counsel or Class Representatives, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

23.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of April 19, 2021.

DATED this 28th day of July, 2021

_____

HONORABLE JOHN A. GIBNEY, JR.
UNITED STATES DISTRICT JUDGE