# Exhibit 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Richmond Division)

|  |  |  |
|---|---|---|
| In re JELD-WEN HOLDING, INC. SECURITIES LITIGATION | ) ) ) ) ) | Civil Action No. 3:20-cv-00112-JAG <br><br> CLASS ACTION |
| This Document Relates To: <br><br> ALL ACTIONS. | ) ) ) ) ) ) | |

DECLARATION OF TA'SHIA S. GORDON ON BEHALF OF
PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI
IN SUPPORT OF MOTION FOR APPROVAL OF
CLASS ACTION SETTLEMENT AND APPLICATION FOR
ATTORNEYS' FEES AND EXPENSES

I, Ta'Shia S. Gordon, declare as follows, under penalty of perjury:

1.      I respectfully submit this declaration, on behalf of the Public Employees' Retirement System of Mississippi ("MPERS"), in support of lead plaintiffs' motion for approval of the proposed settlement of the above-captioned class action (the "Action") and Class Counsel's application for an award of attorneys' fees and expenses, including an award to MPERS commensurate with the time it dedicated to this litigation.[1]

2.      I am a Special Assistant Attorney General in the Office of the Attorney General of the State of Mississippi ("OAG"), legal counsel to MPERS, and am authorized to make this declaration on behalf of MPERS.  The matters testified to herein are based on my personal knowledge and discussions with my predecessor Jacqueline H. Ray, who originally had primary oversight of this matter, other members of the Office of the Attorney General and MPERS' employees, and outside counsel Labaton Sucharow LLP.

3.      MPERS is a governmental defined-benefit pension plan qualified under Section 401(a) of the Internal Revenue Code for the benefit of current and retired employees of the State of Mississippi.  MPERS is responsible for the retirement income of employees of the State, including current and retired employees of the state, public school districts, municipalities, counties, community colleges, state universities and other public entities, such as libraries and water districts.

**MPERS' Oversight of the Litigation on Behalf of the Class**

4.      From the outset of the litigation, MPERS, an institutional investor, has been committed to vigorously prosecuting this case and to maximizing the recovery for the certified

---

[1] All capitalized terms that are not defined herein have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated as of June 4, 2021 (the "Stipulation"), previously filed with the Court.

1

Class. Further, MPERS has understood that, as a class representative, it owed a fiduciary duty to all members of the Class to provide fair and adequate representation and worked with counsel to prosecute the case vigorously, consistent with good faith and meritorious advocacy.

5.    On behalf of MPERS, I and my colleagues at the OAG have monitored the progress of this litigation and the prosecution of the litigation by counsel. My colleagues and I have received, reviewed, and responded to periodic updates and other correspondence from counsel regarding the case. We reviewed court filings and other material documents throughout the case. We also participated in discussions with counsel regarding litigation strategy and significant developments in the litigation. We worked with counsel to respond to discovery requests, including producing documents and providing the deposition testimony of myself and L. Robert Clark (Chief Investment Officer). I also participated in the mediation session that preceded the proposed Settlement.

## MPERS Endorses Approval of the Settlement

6.    Based on its involvement throughout the prosecution and resolution of the Action, MPERS believes that the proposed Settlement is fair, reasonable, and adequate and in the best interest of the Class. MPERS believes that the proposed Settlement represents an excellent recovery for the Class, particularly given the risks in continued litigation, and it endorses approval of the Settlement by the Court.

## MPERS Supports Class Counsel's Motion for an
## Award of Attorneys' Fees and Payment of Expenses

7.    MPERS also believes that Class Counsel's request for an award of attorneys' fees in the amount of 25% of the Settlement Fund is fair and reasonable. MPERS has evaluated Class Counsel's fee request in light of the work performed, the risks and challenges in the litigation, as well as the recovery obtained for the Class. MPERS understands that Class Counsel will also

devote additional time in the future to administering the Settlement. MPERS further believes that the litigation expenses requested by counsel are reasonable, and represent the costs and expenses that were necessary for the successful prosecution and resolution of this case. Based on the foregoing, MPERS fully supports Class Counsel's motion for attorneys' fees and payment of litigation expenses.

8.    In connection with Class Counsel's request for litigation expenses, MPERS seeks reimbursement for the time that it dedicated to the representation of the Class, which was time that ordinarily would have been dedicated to the work of MPERS and the OAG.

9.    My, and my predecessor's, primary responsibility at the OAG involves work on outside litigation to recover monies for state agencies that the OAG represents. As discussed above, my colleagues and I diligently oversaw the prosecution of the Action, including producing documents, providing deposition testimony, and attending the mediation. Below is a table listing the MPERS and OAG personnel who contributed to the litigation, together with a conservative estimate of the time that they spent and their effective hourly rates (which are based on the annual salaries of the respective personnel):

| Personnel | Hours | Rate | Total |
|---|---|---|---|
| Ta'Shia Gordon – Special Asst. Attorney General | 48 | $250 | $12,000 |
| S. Martin Millette III. – Special Asst. Attorney General | 36 | $225 | $8,100 |
| L. Robert Clark – Chief Investment Officer | 13 | $250 | $3,250 |
| **TOTALS** | **97** | | **$23,350** |

10.    Accordingly, MPERS seeks a total of $23,350 for the 97 hours it dedicated to representing the Class throughout the litigation.

3

## Conclusion

11.    In conclusion, MPERS was closely involved throughout the prosecution and settlement of the claims in the Action and strongly endorses the Settlement as fair, reasonable, and adequate, and believes it represents an excellent recovery for the Class. MPERS further supports Class Counsel's attorneys' fee and expense request, in light of the work performed, the recovery obtained for the Class, and the attendant litigation risks.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of October, 2021.

Ta'Shia S. Gordon

*Special Assistant Attorney General in the Office of the*
*Attorney General of the State of Mississippi on behalf of the*
*Public Employees' Retirement System of Mississippi*

4