# Exhibit 2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Richmond Division)

| | | |
|---|---|---|
| In re JELD-WEN HOLDING, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 3:20-cv-00112-JAG |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) ) | |

**DECLARATION OF JOHN J. SCHMITT ON BEHALF OF
WISCONSIN LABORERS' PENSION FUND
IN SUPPORT OF MOTION FOR APPROVAL OF
CLASS ACTION SETTLEMENT AND APPLICATION FOR
ATTORNEYS' FEES AND EXPENSES**

I, John J. Schmitt, declare as follows:

1.    I am the President and Business Manager of Wisconsin Laborers' Pension Fund (the "Fund"), a class representative and named plaintiff in the above-captioned case (the "Litigation").   The Fund oversees more than $800 million in assets for the benefit of its members.  It has its headquarters in DeForest, Wisconsin.  I respectfully submit this declaration in support of: (a) plaintiffs' motion for final approval of the $40,000,000 settlement (the "Settlement") reached between the Fund (on behalf of itself and Class Members) and the defendants; (b) Class Counsel's application for an award of attorneys' fees and expenses; and (c) the Fund's request of $5,910 for its time incurred in representing the Class.

2.    The Fund understands that the Private Securities Litigation Reform Act of 1995 was intended to encourage institutional investors with large losses to manage and direct securities fraud class actions.  In seeking to participate in the Litigation as a plaintiff, the Fund understood its duty to serve the interests of Class Members by supervising the management and prosecution of the Litigation.  We vigorously prosecuted this case on behalf of the Class. Ultimately, we agreed to settle the case only after balancing the risks of a trial and appeal, if we prevailed, against the immediate benefit of a $40,000,000 recovery.

3.    As a plaintiff, the Fund, through its Administrative Manager, Tracy Suber, and myself, kept fully informed regarding case developments and procedural matters over the course of the Litigation, including engagement with Robbins Geller Rudman & Dowd LLP ("Robbins Geller") concerning the Litigation strategy in connection with discovery, class certification and the potential resolution of the Litigation.   In its capacity as a plaintiff, the Fund also: (a) reviewed pleadings and briefs and detailed correspondence concerning the status of the Litigation; (b) identified and provided relevant information during the discovery process; and (c) consulted with another class representative regarding the prosecution of the action.

- 1 -

4851-3142-5534.v1

4.    In addition to the above, I, on behalf of the Fund, worked closely with Robbins Geller to prepare for and provide deposition testimony on behalf of the Fund and Class Members in connection with Plaintiffs' motion for class certification. In that regard, I spoke with several Robbins Geller attorneys both before and after my deposition. I also discussed with Robbins Geller attorneys the potential for a settlement of the case and considered and analyzed the ranges of potential recoveries depending upon the outcome of various scenarios. I reviewed materials submitted by the parties to the mediator and engaged in discussions with Robbins Geller attorneys in connection with settlement negotiations.

5.    The Fund has evaluated the significant risks and uncertainties of continuing litigation, including the possibility of a nominal recovery or even no recovery at all, and has authorized Class Counsel to settle this Litigation for $40,000,000. The Fund is conscious of the possibility of losing at trial and that, even were it to prevail, the defendants likely would appeal, rendering any ultimate recovery for Class Members still years away. The Fund believes this Settlement is fair and reasonable, represents a very good recovery, and is in the best interests of Class Members.

6.    While the Fund recognizes that any determination of attorneys' fees and expenses is left to the Court, the Fund believes that Class Counsel's request for fees of 25% of the Settlement Amount and expenses not to exceed $1,500,000, plus interest on both amounts, is fair and reasonable, as this Settlement would not have been possible without Class Counsel's diligent and aggressive prosecutorial efforts.

7.    I have expended at least 31 hours on the prosecution of this Litigation, which would otherwise have been focused on daily business activities of the Fund, and based upon my overall level of compensation and benefits believe a rate of $110 per hour is reasonable and appropriate.

- 2 -

- 3 -

8.  Additionally, I am advised that Tracy Suber, the Fund's Administrative Manager expended at least 20 hours on the prosecution of this Litigation, which would otherwise have been focused on daily business activities of the Fund, and based upon her overall level of compensation and benefits believe a rate of $125 per hour is reasonable and appropriate.

9.  The Fund respectfully requests that the Court grant final approval of the Settlement, approve Class Counsel's application for an award of attorneys' fees and expenses, and award the Fund $5,910.00 for its time expended in representing the Class in this Litigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 12th day of October, 2021, in Deforest, Wisconsin.

_____
JOHN J. SCHMITT

4851-3142-5534.v1