# Exhibit 3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Richmond Division)

| | | |
|---|---|---|
| In re JELD-WEN HOLDING, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 3:20-cv-00112-JAG |
| | | CLASS ACTION |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) ) | |

DECLARATION OF TONI INSCOE IN SUPPORT OF: (A) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND (B) CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

4852-0049-9966.v1

I, Toni Inscoe, declare as follows:

1.       I am the Fund Administrator for United Association National Pension Fund (formerly known as Plumbers and Pipefitters National Pension Fund) (the "Fund"), one of the Lead Plaintiffs in the above-captioned case (the "Litigation").  The Fund was established more than 50 years ago and oversees more than $7 billion in assets for the benefit of participants and beneficiaries.  It has a Board of Trustees, composed of an equal number of representatives of labor and management and amongst the Board of Trustees there is a labor and management co-chairmen.  The Fund has its headquarters in Alexandria, Virginia.

2.       I respectfully submit this declaration in support of: (a) plaintiffs' motion for final approval of the $40,000,000 settlement (the "Settlement") reached between the Fund (on behalf of itself and Class Members) and the defendants; and (b) Class Counsel's application for an award of attorneys' fees and expenses.

3.       The Fund understands that the Private Securities Litigation Reform Act of 1995 was intended to encourage institutional investors with large losses to manage and direct securities fraud class actions.  In seeking appointment as Lead Plaintiff, the Fund understood its duty to serve the interests of Class Members by supervising the management and prosecution of the Litigation.  We vigorously prosecuted this case on behalf of the Class.  Ultimately, the Trustees  agreed to settle the case only after balancing the risks of a trial and appeal, , against the immediate benefit of a $40,000,000 recovery.

4.       Following appointment as Lead Plaintiff, the Fund kept fully informed regarding case developments and procedural matters over the course of the Litigation, including engagement with Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and O'Donoghue & O'Donoghue ("O'Donoghue") concerning the Litigation strategy in connection with discovery, class certification and the potential resolution of the Litigation.  In its capacity as Lead Plaintiff, the Fund also:

- 1 -

(a) reviewed pleadings and briefs and detailed correspondence concerning the status of the Litigation; and (b) identified and provided relevant information during the discovery process.

5.      In addition to the above, I, on behalf of the Fund, worked closely with Robbins Geller and O'Donoghue to prepare for and provide deposition testimony on behalf of the Fund and Class Members in connection with Lead Plaintiff's motion for class certification.  In that regard, I spoke several times with Robbins Geller attorneys, Robert Rothman, Debra Wyman and William Geddish, and O'Donoghue attorney Louis Malone in preparation for my deposition.  Over the course of the Litigation, aside from deposition related discussions with counsel, I met and talked with Robert Rothman and Louis Malone regularly to discuss the status of the case and Class Counsel's strategy for the prosecution of the case, including consideration of issues relating to causation and damages. I also discussed with attorneys from Robbins Geller and O'Donoghue the potential for a settlement of the case and considered and analyzed the ranges of potential recoveries depending upon the outcome of various scenarios.  I reviewed materials submitted by the parties to the mediator and consulted with Robbins Geller and O'Donoghue attorneys in connection with settlement negotiations.

6.      The Fund has evaluated the significant risks and uncertainties of continuing litigation, including the possibility of a nominal recovery or even no recovery at all, and through the Chairman and Co-Chairman of the Fund's Board of Trustees, has authorized Robbins Geller to settle this Litigation for $40,000,000.  The Fund is conscious of the possibility of losing at trial and that, even were it to prevail, the defendants likely would appeal, rendering any ultimate recovery for Class Members still years away.  The Fund believes this Settlement is fair and reasonable, represents a very good recovery, and is in the best interests of Class Members.

7.      While the Fund recognizes that any determination of attorneys' fees and expenses is left to the Court, the Fund believes that Class Counsel's request for fees of 25% of the Settlement Amount and expenses not to exceed $1,500,000, plus interest on both amounts, is fair and reasonable, as this

- 2 -

4852-0049-9966.v1

- 3 -

Settlement would not have been possible without Class Counsel's diligent and aggressive prosecutorial efforts.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 18th day of October, 2021, in Alexandria, VA .

*Toni C Inscoe*
TONI INSCOE

- 3 -

4852-0049-9966.v1