UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Richmond Division)

| | | |
|---|---|---|
| In re JELD-WEN HOLDING, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 3:20-cv-00112-JAG |
| This Document Relates To: | ) ) | CLASS ACTION |
| ALL ACTIONS. | ) ) ) ) | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
CLASS REPRESENTATIVES' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION AND CLASS
COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARDS TO CLASS REPRESENTATIVES
PURSUANT TO 15 U.S.C. §78u-(4)(a)(4)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT AND HISTORY OF THE NOTICE PROGRAM ..................... 1

LEGAL ARGUMENT................................................................................................................ 2

I.    THE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE
      SETTLEMENT AND THE PLAN OF ALLOCATION ...................................................... 2

II.   THE REACTION OF THE CLASS STRONGLY SUPPORTS APPROVAL OF
      THE REQUESTED ATTORNEYS' FEES AND EXPENSES.......................................... 4

CONCLUSION.......................................................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Citigroup Inc. Sec. Litig.*,
965 F. Supp. 2d 369 (S.D.N.Y. 2013)...................................................................................3, 4

*Galloway v. Williams*,
No. 3:19-cv-470, 2020 WL 7482191 (E.D. Va. Dec. 18, 2020)................................................3

*In re Genworth Fin. Sec. Litig.*,
210 F. Supp. 3d 837 (E.D. Va. 2016) ...................................................................................3, 4

*In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg. Sales
Practices*, No. 1:15-md-2627, 2018 WL 11203065 (E.D. Va. Oct. 9, 2018),
*aff'd*, 952 F.3d 471 (4th Cir. 2000)........................................................................................2, 3

*In re MicroStrategy*, *Inc. Sec. Litig.*
148 F. Supp. 2d 654 (E.D. Va. 2001) .......................................................................................3

*Phillips v. Triad Guar., Inc.*,
No. 1:09CV71, 2016 U.S. Dist. LEXIS 37607 (M.D.N.C. Mar. 23, 2016)..............................4

*In re The Mills Corp. Sec. Litig.*,
265 F.R.D. 246 (E.D. Va. 2009) ........................................................................................2, 3, 4

ii

Class Representatives Public Employees' Retirement System of Mississippi, the Plumbers and Pipefitters National Pension Fund, and Wisconsin Laborers' Pension Fund (collectively, "Class Representatives")[1] on behalf of themselves and all other members of the certified Class, and Class Counsel respectfully submit this reply memorandum of law in further support of (i) Class Representatives' motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation (ECF No. 290); and (ii) Class Counsel's motion for an award of attorneys' fees and payment of litigation expenses (ECF No. 292) (the "Motions").

**PRELIMINARY STATEMENT AND HISTORY OF THE NOTICE PROGRAM**

On July 28, 2021, the Court entered an order preliminarily approving the Settlement and approving the proposed forms and methods of providing notice to the Class (the "Preliminary Approval Order"). ECF No. 286.  Pursuant to and in compliance with the Preliminary Approval Order, through records maintained by JELD-WEN's transfer agent and information provided by brokerage firms and other nominees, the Court-appointed Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), caused, among other things, the Notice and Claim Form (together, the "Notice Packet") to be mailed by first-class mail to potential Class Members.  To date, a total of 30,763 Notice Packets have been mailed to potential members of the Class.  *See* Supplemental Declaration of Michael McGuinness Regarding: (A) Mailing of the Notice and Claim Form; and (B) Requests for Exclusion and Objections, dated November 12, 2021, at ¶3, filed herewith ("Supplemental Decl."), Exhibit 1 attached hereto.

On August 31, 2021, the Summary Notice was published in *The Wall Street Journal* and was disseminated over the internet using *PR Newswire*.  *See* Declaration of Matthew Mulvihill

---

[1]  All capitalized terms used and not otherwise defined in this Memorandum have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated June 4, 2021(the "Stipulation"), previously filed with the Court (ECF No. 270-1).

Regarding: (A) Mailing of the Notice and Claim Form; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections, previously filed with the Court (ECF No. 294-4), at ¶14. The Notice and Claim Form were also posted, for review and easy downloading, on the website established by Epiq for purposes of this Settlement. *Id*. at ¶17.

The Notice described, *inter alia*, the terms of the Settlement, the maximum amounts that would be sought in attorneys' fees and expenses, the Plan of Allocation, the right to object to the Settlement, and the right to seek to be excluded from the Class. *See generally* ECF No. 294-4 at Ex. A. The Notice also gave the deadlines for objecting, seeking exclusion, submitting claims, and advised potential Class Members of the scheduled Settlement Hearing before this Court. *Id*. The deadline to object or request exclusion was November 1, 2021.

In response to the dissemination of 30,763 Notices to potential Class Members, there have been ***no objections*** to the Settlement or the Plan of Allocation and ***no objections*** to Class Counsel's motion for attorneys' fees and expenses. There are just two requests for exclusion from the Class, both of which are invalid. It is respectfully submitted that this reaction of the Class strongly supports approval of both Motions.

## LEGAL ARGUMENT

### I.    THE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE SETTLEMENT AND THE PLAN OF ALLOCATION

As set forth in Class Representatives' opening papers (*see* ECF No. 291), "the degree of opposition to the settlement" is a factor to be considered in connection with the adequacy of a proposed class action settlement. *See In re The Mills Corp. Sec. Litig*., 265 F.R.D. 246, 257 (E.D. Va. 2009) ("[t]he final *Jiffy Lube* 'adequacy' factor looks to the reaction of the Class to the proposed settlement"). Indeed, "[t]he opinion of class members concerning the settlement is perhaps the *most significant factor* to be weighed in considering its adequacy." *In re Lumber*

2

*Liquidators Chinese-Manufactured Flooring Prod. Mktg. Sales Practices*, No. 1:15-md-2627, 2018 WL 11203065, at *6 (E.D. Va. Oct. 9, 2018), *aff'd*, 952 F.3d 471 (4th Cir. 2000) (the opinion of class members concerning the settlement is perhaps the most significant factor to be weighed in considering its adequacy").[2]

The fact that the Class's reaction here is resoundingly positive (no objections to the Settlement and just two (invalid) requests for exclusion[3] from the Class) is strong evidence that the Settlement is fair, adequate, and in the best interests of the Class. *See, e.g., Galloway v. Williams*, No. 3:19-cv-470, 2020 WL 7482191, at *9 (E.D. Va. Dec. 18, 2020) ("A lack of objections suggests that the Settlement is indeed adequate."); *In re Genworth Fin. Sec. Litig.*, 210 F. Supp. 3d 837, 842 (E.D. Va. 2016) ("A lack of objections to settlement by class members and opt-outs from the class demonstrates low opposition and weighs in favor of approving a settlement."); *In re Mills Corp. Sec. Litig.*, 265 F.R.D. at 257 ("an absence of objections and a small number of opt-outs weighs significantly in favor of the settlement's adequacy"); *In re MicroStrategy*, *Inc. Sec. Litig.* 148 F. Supp. 2d 654, 668 (E.D. Va. 2001) ("the lack here of any objections to the partial settlement and the small number of class members choosing to opt-out of the case strongly compel a finding of adequacy").

The absence of objections is even more noteworthy because of the absence of objections from institutional investors or pension funds. The absence of objections by these sophisticated Class Members—who have the resources to carefully evaluate the Settlement and object if it were appropriate to do so—provides further evidence of the fairness of the Settlement. *See, e.g., In re*

---

[2]   Unless otherwise noted, all emphasis in quotations is added, and internal quotation marks, citations, and footnotes are omitted.

[3]   The requests for exclusion are invalid because the individuals did not purchase JELD-WEN common stock during the Class Period and are not members of the Class. *See* Supplemental Decl., Exhibit A thereto.

*Citigroup Inc. Sec. Litig.,* 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013*)* (that "not a single objection was received from any of the institutional investors" supported settlement).

Similarly, the fact that there are no objections to the proposed Plan of Allocation provides strong support for the plan. *See Phillips v. Triad Guar., Inc.*, No. 1:09CV71, 2016 U.S. Dist. LEXIS 37607, at *14 (M.D.N.C. Mar. 23, 2016) ("The allocation of the settlement proceeds, as well as the lack of objection to the Plan of Allocation, lead the Court to find that the Plan of Allocation is fair and adequate."); *Mills*, 265 F.R.D. at 260 (approving plan of allocation as fair, reasonable, and adequate where there was one objection).

## II.    THE REACTION OF THE CLASS STRONGLY SUPPORTS APPROVAL OF THE REQUESTED ATTORNEYS' FEES AND EXPENSES

As is true with the Settlement, not a single Class Member has objected to Class Counsel's motion for an award of attorneys' fees and payment of litigation expenses. The fact that there have been no objections is strong evidence that the requested amount of fees and expenses is reasonable. *See, e.g., Genworth*, 210 F. Supp. 3d at 844 ("A lack of objections by class members as to fees requested by counsel weighs in favor of the reasonableness of the fees."); *Mills*, 265 F.R.D. at 261 ("Further indicating the Class' approval of the result realized by this Settlement, of the one hundred twenty eight thousand potential class members, only two filed objections to the proposed fee and expense awards.").

Accordingly, the overwhelmingly positive response of the Class here fully supports both the motion for approval of the Settlement and Plan of Allocation and the motion for an award of attorneys' fees and expenses.

## CONCLUSION

For the reasons set forth herein and the opening papers filed in support of the Motions, Class Representatives and Class Counsel respectfully request that the Court approve the proposed

4

Settlement and Plan of Allocation as fair, reasonable, and adequate, and approve the request for attorneys' fees and payment of expenses.  Three proposed Orders are being submitted herewith: a proposed Final Order and Judgment, negotiated by the Parties, attached as Exhibit 2; a proposed Order Approving Plan of Allocation, attached as Exhibit 3; and a proposed Order Awarding Attorneys' Fees and Expenses, attached as Exhibit 4.

DATED: November 15, 2021    Respectfully submitted,

COHEN MILSTEIN SELLERS & TOLL PLLC
STEVEN J. TOLL (VSB No. 15300)
JOSHUA HANDELSMAN (Admitted *pro hac vice*)

*/s/ Steven J. Toll*
Steven J. Toll

1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005
Telephone: 202/408-4600
202/408-4699 (fax)
stoll@cohenmilstien.com
jhandelsman@cohenmilstein.com

*Liaison Counsel for Lead Plaintiffs*

LABATON SUCHAROW LLP
JAMES W. JOHNSON (Admitted *pro hac vice*)
MICHAEL H. ROGERS (Admitted *pro hac vice*)
JAMES T. CHRISTIE (Admitted *pro hac vice*)
PHILIP J. LEGGIO (Admitted *pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
jjohnson@labaton.com
mrogers@labaton.com
jchristie@labaton.com
pleggio@labaton.com

*Counsel for Co-Lead Plaintiff Public Employees'*

5

*Retirement System of Mississippi and the Class*

ROBBINS GELLER RUDMAN &
   DOWD LLP
ROBERT M. ROTHMAN (Admitted *pro hac vice*)
MARK T. MILLKEY (Admitted *pro hac vice*)
WILLIAM J. GEDDISH (Admitted *pro hac vice*)
VINCENT M. SERRA (New York Bar only)
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
mmillkey@rgrdlaw.com
wgeddish@rgrdlaw.com
vserra@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
DEBRA J. WYMAN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com

*Counsel for Co-Lead Plaintiff Plumbers and
Pipefitters National Pension Fund and additional
Plaintiff Wisconsin Laborers' Pension Fund, and
the Class*

6

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2021, I caused a copy of the foregoing document to be filed with the Clerk of the Court via CM/ECF, which will send a notice of electronic filing to all registered users.

_/s/ Steven J. Toll_
Steven J. Toll
VA Bar No. 15300
stoll@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Suite 500
Washington, DC 20005

_Liaison Counsel for Lead Plaintiffs_

7